# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **NO. 1:20-cv-05233-MLB** |
| **NORTHBROOK INDUSTRIES,** | : | |
| **INC., D/B/A UNITED INN AND** | : | |
| **SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

## PLAINTIFF'S FIRST SET OF CONTINUING INTERROGATORIES TO DEFENDANT NORTHBROOK INDUSTRIES INC., D/B/A UNITED INN AND SUITES

Pursuant to Federal Rule of Civil Procedure 26(b) and 33, Plaintiff hereby serves the following interrogatories upon Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites ("Defendant"). These interrogatories are made subject to and are deemed to include and incorporate the following instructions and definitions.

## DEFINITIONS AND INSTRUCTIONS

a. "And" as well as "or" shall be construed disjunctively or conjunctively to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

1

b.  The use herein of the singular form of any noun or pronoun shall include, where appropriate, the plural thereof; the use herein of the masculine gender shall include, where appropriate, the feminine.

c.  The terms "record," "reflect," "relate," "regard," and "concern," and derivations and synonyms thereof, are intended to have the broadest possible scope so that all Documents, including drafts, are included if they in any way constitute, contain, pertain to, or mention the indicated subject or Document.Whenever a Document provides part, but less than all, of the information requested, such Document should be produced along with all other related Documents.

d.  "Communication," whether singular or plural, includes but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephone conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or written intercourse, however transmitted.    Any transmission of information between or among persons, whether oral or written, constitutes a "Communication."

e.  "Identify" or the "identity" of, when used in reference to a ***Person*** means: (i) to state the applicable date(s); (ii) to state the person's full name, and any and all assumed names or former names; (iii) to state the person's last known principal

2

business address and telephone number, and, if no business address is available, residence address and phone number; and (iv) if an individual, to state the name and address of the person's employer, the person's job title and job description at all times pertinent to the pending action, including any changes therein and dates thereof.

f.  "Identify" or the "identity" of, when used in reference to *events* means: (i) to state the date, time and location of the event; (ii) to state all participants and observers; and (iii) to describe the event.

g.  "Identify" or the "identity" of, when used in reference to ***Documents*** means: (i) to state the Bates Number range of the document, if available; or if not, (ii) to state sufficient information to identify the document based on its date, title, author, recipients, or other identifying information.

h.  "Document" or "Documents" is used in the broadest and most expansive sense permissible under Federal Rule of Civil Procedure 34 and includes and refers to, without limitation: all writings and things of any nature by which information may be stored or communicated, including originals and all non-identical copies and drafts thereof, in your possession, custody, or control, regardless of where located, including without limitation contracts, agreements, memoranda, notes, correspondence, letters, e-mails, communications, telegrams, teletypes,

telecopies, transmissions, messages (including, but not limited to, records, reports, or memoranda of telephone calls and conversations), reports, studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda, bulletins, notices, circulars, announcements, instructions, charts, tables, manuals, brochures, schedules, price lists, records, orders, invoices, statements, bills, books of account, ledgers, statistical, accounting, and financial statements, forecasts, work papers, notebooks, data sheets, translations, photographs, drawings, tape recordings, computer-stored information which can be retrieved or placed into reasonably usable form, written communications and written evidence of oral communications, and any other "document" from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

i.  "Person(s)" means any natural person or any business, legal, or government entity or association.

j.  "Complaint" refers to the Complaint for Damages filed in the instant action, *J.G. v. Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites*, No. 1:20-cv-05233-MLB, ECF. No. 1 (Dec. 28, 2020).

4

k. "Criminal Activity" means any activity in violation of criminal laws, whether federal, state, or local.  This would include but not be limited to Sex Trafficking (18 U.S.C. § 1591 and/or O.C.G.A. § 16-5-46), Prostitution (O.C.G.A. § 16-6-9), False Imprisonment (O.C.G.A. § 16-5-41), Battery (O.C.G.A. § 16-5-23.1), Pimping (O.C.G.A. § 16-6-11), Pandering (O.C.G.A. § 16-6-12), and Keeping a Place of Prostitution (O.C.G.A. § 16-6-10).

l. "Hotel/s" means any commercial establishment, business, and/or location that provides lodging for members of the public in exchange for a fee, including, but not limited to, inns and motels.  For example, the Property.

m. "Property" refers to the United Inn & Suites, located at 4649 Memorial Dr., Decatur, GA 30032.

n. "Prostitution" means any conduct in violation of O.C.G.A. § 16-6-9.

o. "Sex Trafficking" means any conduct in violation of 18 U.S.C. § 1591 and/or O.C.G.A. § 16-5-46.

p. "You" and "Your" means Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites, individually, or any person(s) acting or purporting to act in any manner on its behalf, including but not limited to employees, agents, representatives, managers, owners, officers, directors, investors, and the like (excluding attorneys).

5

q. Unless otherwise explicitly stated, the period applicable to these requests is January 1, 2014, to December 28, 2020.

r. The present tense shall be construed to include the past tense and vice versa.

s. Please copy each interrogatory and set forth your response beneath each interrogatory or sub-part thereof.

t. If, while responding to these Interrogatories, you encounter any ambiguity in an Interrogatory, a definition, or an instruction relevant to an Interrogatory, please explain what you find to be ambiguous and what construction you used in providing your answer.

u. If you object to any part of an Interrogatory, please set forth the basis for your objection and respond to all parts of the Interrogatory to which you do not object.

v. These Interrogatories are continuing in nature, up to and during the course of trial. In the event that you obtain any additional information that is responsive to these Interrogatories, please timely supplement your response to each such Interrogatory.

If you withhold any information based on attorney-client privilege, attorney work-product, or any other privilege or protection, please provide a privilege log that provides specific reasons for the withholding of the same information and describes whether that reason applies to the entire document or only a portion of the document.

## INTERROGATORIES

### 1.

Identify all Person(s) involved with the management and/or operation of the Property, including but not limited to owners, managers, employees, and independent contractors (*e.g.*, front desk clerks, housekeeping staff, cleaning staff, maintenance staff, safety and security personnel, etc.). For each Person identified, please provide his/her full name, address(es), telephone number(s), place(s) of employment, job title(s), present whereabouts, and state the nature of their involvement with the management and/or operation of the Property.

### 2.

Identify all other Persons ***not*** identified in response to Interrogatory No. 1 who have or may have knowledge or information relating to any issue in this matter. For each Person identified, please provide his/her full name, address(es), telephone number(s), place(s) of employment, job title(s), and present whereabouts. Additionally, for each Person identified, please state what you believe to be the substance of that Person's knowledge or information relating to any issue in this matter.

### 3.

Identify all experts whom you expect to call as a witness at the trial of this

case.  For each, please provide his/her full name, current address(es), and telephone number(s).  For each, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which said expert is expected to testify, and a summary of the grounds for each opinion.

4.

Please identify all applicable liability insurance policies that extended coverage to you at any time from June 1, 2016, to present.  For each such policy, please state:

(a)  the name of the named-insured in said policy;

(b)  the policy number in said policy;

(c)  the name of the insurance company who issued said policy;

(d)  the policy period in said policy;

(e)  the limits of liability for personal injury in said policy;

(f)  whether any reservation of rights and/or coverage denial letters have been issued.

5.

Identify by name and address any Person involved with monitoring, receiving, reviewing, responding to, addressing, auditing, and/or analyzing ratings, reviews, reports, tips, complaints, criticisms, concerns, surveys, feedback, messages, emails, and Communications from any Person (*e.g.*, Property guests,

Property customers, law enforcement, government officials, concerned citizens, local residents, or any other Person) about the Property.

6.

Identify and describe all plans, programs, policies, procedures, standards, guidelines, partnerships, and/or rules relating to the management and/or operation of the Property, including but not limited to those related to hotel safety and security, Criminal Activity, Prostitution, and/or Sex Trafficking. This answer should include, but not be limited to, whether the same were written or oral, when they went into effect, whether they changed over time, and how they were disseminated and enforced.

7.

Identify by name, title, position, and address all Persons involved with the safety and security of hotel guests and staff at the Property.

8.

Identify and describe all measures, steps, and/or actions implemented at the Property (whether by You or another Person/s acting on your behalf) relating to the security and safety of hotel guests and staff at the Property.

9.

Identify and describe each investigation, audit, review, assessment, or

analysis (or the like) of the Property, its operation, and/or its management, whether performed by You or another Person, and identify the Person/s involved in performing the same.

10.

Identify and describe any Communications, Documents, and/or information relating to the safety and security of Property guests and staff. The response should include, but not be limited to, identification and description of safety and security assessments, reviews, and/or analyses of the Property.

11.

Identify and describe all Communications, Documents, and/or information relating to Criminal Activity, Prostitution, and/or Sex Trafficking in Hotels generally and/or at the Property specifically. This response should include, but not be limited to, identification and description of training materials relating to indicators of Criminal Activity, Prostitution, and/or Sex Trafficking, as well as complaints, tips, and/or reports relating to Criminal Activity, Prostitution, and/or Sex Trafficking at the Property.

12.

Identify and describe any meetings, trainings, tutorials, curricula, materials, conversations, discussions, presentations, sessions, courses, seminars, conferences,

task forces, working groups, and Communications relating to the safety of guests and/or staff at Hotels, Prostitution at Hotels, and/or Sex Trafficking at Hotels, that You attended, prepared, provided, distributed, paid for, ordered, organized, participated in, required, recommended, and/or through which you received or distributed information, including but not limited to the dates thereof as well as the Persons involved.

13.

Identify and describe any meetings, trainings, tutorials, curricula, materials, conversations, discussions, presentations, sessions, courses, seminars, conferences, task forces, working groups, and Communications relating to the safety of guests and/or staff at the Property, Prostitution at the Property, and/or Sex Trafficking at the Property, that You attended, prepared, provided, distributed, paid for, ordered, organized, participated in, required, recommended, and/or through which you received or distributed information, including but not limited to the dates thereof as well as the Persons involved.

14.

Please describe how You obtain or obtained revenue, income, profit, or money from or related to the Property, and whether and how You are or were obligated to share or pay some portion of that revenue, income, profit, or money with any other

11

Person.  If You are or were so obligated, explain why.

15.

Please identify and describe all contracts and/or agreements relating to the Property, including the names of the contracts and/or agreements, the signatories to the contracts and/or agreements, the subject matter of the contracts and/or agreements, and the purpose of the contracts and/or agreements.  This answer should include but not be limited to any operating agreement, franchise agreement, management agreement, and so forth.

16.

Please identify any Person who held any ownership interest in the Property at any time from January 1, 2014, to December 28, 2020, and describe the interest.

17.

Please identify all documentary or other tangible evidence that you believe demonstrates and/or supports facts relevant to Plaintiff's claims, any relevant fact, liability or damages, and any defenses in this case.  If such evidence is not available or no longer in existence for any reason, please explain why.

18.

Identify and describe the specific factual basis for each defense or denial in your Answer, including each fact, law, rule, standard, or any other reason

whatsoever, that you, your expert, or other witness may rely upon in support of your

defenses in this lawsuit.

This 22nd day of September, 2022.

/s/ David H. Bouchard
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

/s/ Patrick J. McDonough
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on today's date I electronically served the foregoing document, PLAINTIFF'S FIRST SET OF CONTINUING INTERROGATORIES TO DEFENDANT NORTHBROOK INDUSTRIES, INC. D/B/A UNITED INN & SUITES, to the following counsel of record via email based on the parties' prior agreement to accept service of written discovery via email:

**Attorney for Defendant Northbrook Industries, Inc.,**
**d/b/a United Inn and Suites**
Dana M. Richens
Smith, Gambrell & Russell, LLP
1105 W. Peachtree St. N.E.
Suite 1000
Atlanta, Georgia 30309

Dated: This 22nd day of September, 2022.

/s/ David H. Bouchard
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

Attorneys for Plaintiff

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| J.G., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **NO. 1:20-cv-05233-MLB** |
| **NORTHBROOK INDUSTRIES,** | : | |
| **INC., D/B/A UNITED INN AND** | : | |
| **SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

---

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS TO DEFENDANT NORTHBROOK INDUSTRIES INC., D/B/A**
**UNITED INN AND SUITES**

Pursuant to Federal Rule of Civil Procedure 26(b) and 34, Plaintiff serves the following requests for production of documents upon Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites ("Defendant"). These requests are made subject to and are deemed to include and incorporate the following instructions and definitions.

**DEFINITIONS AND INSTRUCTIONS**

a. "And" as well as "or" shall be construed disjunctively or conjunctively to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

b.  The use herein of the singular form of any noun or pronoun shall include, where appropriate, the plural thereof; the use herein of the masculine gender shall include, where appropriate, the feminine.

c.  The terms "record," "reflect," "relate," "regard," and "concern," and derivations and synonyms thereof, are intended to have the broadest possible scope so that all Documents, including drafts, are included if they in any way constitute, contain, pertain to, or mention the indicated subject or Document.Whenever a Document provides part, but less than all, of the information requested, such Document should be produced along with all other related Documents.

d.  "Communication," whether singular or plural, includes but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephone conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or writtenintercourse, however transmitted.   Any transmission of information between or among persons, whether oral or written, constitutes a "Communication."

e.  "Identify" or the "identity" of, when used in reference to a ***person*** means: (i) the applicable date(s); (ii) to state the person's full name, and any and all assumed names or former names; (iii) to state the person's last known principal business

2

address and telephone number, and, if no business address is available, residence address and phone number; and (iv) if an individual, to state the name and address of the person's employer, the person's job title and job description at all times pertinent to the pending action, including any changes therein and dates thereof.

f.  "Identify" or the "identity" of, when used in reference to *events* means: (i) to state the date, time and location of the event; (ii) to state all participants and observers; and (iii) to describe the event.

g.  "Identify" or the "identity" of, when used in reference to **Documents** means: (i) the Bates Number range of the document, if available; or if not, (ii) sufficient information to identify the document based on its date, title, author, recipients, or other identifying information.

h.  "Document" or "Documents" is used in the broadest and most expansive sense permissible under Federal Rule of Civil Procedure 34 and includes and refers to, without limitation: all writings and things of any nature by which information may be stored or communicated, including originals and all non-identical copies and drafts thereof, in your possession, custody, or control, regardless of where located, including without limitation contracts, agreements, memoranda, notes, correspondence, letters, e-mails, communications, telegrams, teletypes, telecopies, transmissions, messages (including, but not limited to, records,

reports, or memoranda of telephone calls and conversations), reports, studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda, bulletins, notices, circulars, announcements, instructions, charts, tables, manuals, brochures, schedules, price lists, records, orders, invoices, statements, bills, books of account, ledgers, statistical, accounting, and financial statements, forecasts, work papers, notebooks, data sheets, translations, photographs, drawings, tape recordings, computer-stored information which can be retrieved or placed into reasonably usable form, written communications and written evidence of oral communications, and any other "document" from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form.  In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

i. "Person(s)" means any natural person or any business, legal, or government entity or association.

j. "Complaint" refers to the Complaint for Damages filed in the instant action, *J.G. v. Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites*, No. 1:20-cv-05233-MLB, ECF. No. 1 (Dec. 28, 2020).

k.  "Criminal Activity" means any activity in violation of criminal laws, whether federal, state, or local.  This would include but not be limited to Sex Trafficking (18 U.S.C. § 1591 and/or O.C.G.A. § 16-5-46), Prostitution (O.C.G.A. § 16-6-9), False Imprisonment (O.C.G.A. § 16-5-41), Battery (O.C.G.A. § 16-5-23.1), Pimping (O.C.G.A. § 16-6-11), Pandering (O.C.G.A. § 16-6-12), and Keeping a Place of Prostitution (O.C.G.A. § 16-6-10).

l.  "Hotel/s" means any commercial establishment, business, and/or location that provides lodging for members of the public in exchange for a fee, including, but not limited to, inns and motels.  For example, the Property.

m. "Property" refers to the United Inn & Suites, located at 4649 Memorial Dr., Decatur, GA 30032.

n.  "Prostitution" means any conduct in violation of O.C.G.A. § 16-6-9.

o.  "Sex Trafficking" means any conduct in violation of 18 U.S.C. § 1591 and/or O.C.G.A. § 16-5-46.

p.  "You" and "Your" means Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites, individually, or any person(s) acting or purporting to act in any manner on its behalf, including but not limited to employees, agents, representatives, managers, owners, officers, directors, investors, and the like (excluding attorneys).

q.  Unless otherwise explicitly stated, the period applicable to these requests is January 1, 2014, to December 28, 2020.

r.  The present tense shall be construed to include the past tense and vice versa.

s.  Please copy each Request and set forth your response beneath each Request or sub-part thereof.

t.  If, while responding to these Requests, you encounter any ambiguity in a Request, a definition, or an instruction relevant to a Request, please explain what you find to be ambiguous and what construction you used in providing your answer.

u.  These Requests seek electronic records, including, but not limited to, email, texts, instant messages, voicemails or voice recordings, word processing documents, PowerPoint files and Excel spreadsheets. You shall produce all such records regardless of whether they are maintained or stored on an active, storage, or archived system. Thus, these requests specifically include, but are not limited to, active, near-line and off-line electronic records, as well as electronic records stored on back-up tapes, floppy disc, compact disc, disaster tapes, magnetic tapes or any other medium used to store or archive email. These requests also specifically include "deleted" emails that can be retrieved.  Finally, these requests seek metadata.  Please produce all electronic records in their native form.

v. If any document or information sought by any Request herein is withheld because you claim that such document or information is protected from discovery by the attorney work product doctrine or by any privilege, state the following with respect to such information: (i) the applicable date(s); (ii) the identity(ies) of the author(s) or maker(s), including the business or legal title(s) or position(s); (iii) the identity(ies) of the recipient(s), including business or legal title or position; (iv) the subject matter(s); (v) the identity(ies) of all other persons who received copies or otherwise learned of the communication; and (vi) the specific factual basis of the claimed privilege or other protection from discovery.

w. If any Document, Electronically Stored Information, and/or Tangible Thing, *see* Fed. R. Civ. P. 34, which you would have produced in response to a Request was, but is no longer, in your present possession or subject to your control or is no longer in existence, please state whether any such Document, Electronically Stored Information, and/or Tangible Thing is: (a) missing or lost; (b) destroyed; (c) transferred to others; or (d) otherwise disposed of. In any such instance set forth the surrounding circumstances and any authorization for such disposition and state the approximate date of any such disposition, and, if known, state the present location and custodian of such Document, Electronically Stored Information, and/or Tangible Thing.

x.  All documents produced in response to these Requests shall be Bates numbered or given a unique production identifier ("UPI") for identification purposes and produced with a load file with OCR and paginated on a document level (*e.g.*, multi-page .TIFFs).

y.  Any request for "e-mails" means both the e-mail and the documents attached to that e-mail.

z.  If you object to any part of a Request, please set forth the basis for your objection and respond to all parts of the Request to which you do not object.

aa. These Requests are continuing in nature, up to and during the course of trial.  In the event that you obtain any additional information that is responsive to these Requests, please timely supplement your response to each such Request.

If you withhold any information based on attorney-client privilege, attorney work-product, or any other privilege or protection, please provide a privilege log that provides specific reasons for the withholding of the same information and describes whether that reason applies to the entire document or only a portion of the document.

## REQUESTS FOR PRODUCTION

1.

Please produce all Documents and/or Communications which You relied upon or referred to in answering Plaintiff's First Interrogatories to You.

2.

Please produce Documents sufficient to identify all Persons involved with the management and/or operation of the Property from January 1, 2014, to December 28, 2020.

3.

Please produce Documents sufficient to identify the positions and job titles held by the Persons identified in response to Request No. 2.

4.

Please produce Documents sufficient to identify Your employees from January 1, 2014, to present, including but not limited to Form W-2s.

5.

Please produce all Documents and/or Communications relating to or reflecting management or operation of the Property, including but not limited to plans, policies, manuals, guidelines, protocols, and/or procedures relating to or reflecting management or operation of the Property, as well as any operating agreement, management agreement, franchise agreement, license agreement,

marketing agreement, and so forth relating to or reflecting management or operation of the Property.

6.

Please produce all Documents and/or Communications relating to or reflecting Your plans, policies, procedures, protocols, guidelines, rules, and/or partnerships regarding Criminal Activity, Prostitution, Sex Trafficking, and/or guest and staff safety on the Property.  This answer should include but not be limited to Your "security plan" with "all implemented security measures" as well as "documentation for approved alternative security measures." *See, e.g.*, Dekalb County Code of Ordinances, Sec. 18-138(d) ("All hotels, motels, or extended-stay hotels must maintain a security plan which shall include all implemented security measures. Security plans and documentation for approved alternative security measures shall be kept on file and made available to the county within a reasonable time upon request.").

7.

Please produce all Documents and/or Communications that You (or someone acting on Your behalf) provided to Persons working on the Property (whether Your employees or not) about Your plans, policies, procedures, protocols, guidelines, rules, and/or partnerships regarding Criminal Activity, Prostitution, Sex Trafficking,

and/or guest and staff safety on the Property.  This answer should include but not be limited to employee agreements, handbooks, pamphlets, announcements, newsletters, manuals, and training materials.

8.

Please produce all Documents and/or Communications relating to or reflecting enforcement on the Property of Your plans, policies, procedures, protocols, guidelines, and/or rules regarding Criminal Activity, Prostitution, Sex Trafficking, and/or guest and staff safety.

9.

Please produce a floorplan and/or diagram of the Property that includes room numbers, the locations of video cameras, locations of exits, and the location of the lobby.

10.

Please produce all Documents and/or Communications relating to video surveillance of the Property, including but not limited to the locations of video cameras and a "logbook wherein all digital recordings of Hard Drive backups, CD/DVD and USB copies and backups are recorded with time, date, name and signature of the operator," *see* Dekalb County Code of Ordinances Sec. 18-141; *see also* https://www.dekalbcountyga.gov/sites/default/files/user701/

VSS%20Specifications%2010-30-2017.pdf.

11.

Please produce all Documents and/or Communications relating to or reflecting Criminal Activity, Prostitution, and/or Sex Trafficking at the Property. This includes, but is not limited to, Documents and/or Communications relating to or reflecting allegations of such activities at the Property, complaints of such activities at the Property, and reports regarding the occurrence of such activities at the Property.

12.

Please produce all Documents and/or Communications relating to or reflecting information You (or another Person acting on Your behalf) provided to any Person concerning safety and security plans, policies, manuals, guidelines, protocols, and/or procedures at the Property.

13.

Please produce all Documents and/or Communications related to any investigation, inspection, analysis, audit, review, report, and/or assessment of the Property, its operation, and/or management, performed by You or another Person, including but not limited to any investigation, inspection, analysis, audit, review, report, and/or assessment pertaining to safety and security of Property guests and staff.

14.

Please produce a copy of the Complaint in each lawsuit in which it was alleged You or another Person failed to keep the Property safe and/or it was alleged a Person was the victim of a crime at the Property.

15.

Please produce all Communications relating to or reflecting information from any Person who alleged You (or another Person acting on your behalf) failed to keep the Property safe and/or alleged a Person was the victim of a crime at the Property.

16.

Please produce all Documents and/or Communications relating to or reflecting ratings, reviews, reports, tips, complaints, criticisms, concerns, surveys, feedback, messages, emails, and other Communications about safety, security, Criminal Activity, Prostitution, and/or Sex Trafficking at the Property.

17.

Please produce Documents and/or Communications relating to or reflecting meetings, trainings, conversations, discussions, presentations, sessions, courses, seminars, conferences, task forces, working groups, and so forth concerning the safety of guests and/or staff at Hotels, Prostitution at Hotels, and/or Sex Trafficking at Hotels.

18.

Please produce Documents and/or Communications relating to or reflecting meetings, trainings, conversations, discussions, presentations, sessions, courses, seminars, conferences, task forces, working groups, and so forth concerning the safety of guests and/or staff at the Property, Prostitution at the Property, and/or Sex Trafficking at the Property.

19.

Please produce all Documents and/or Communications relating to or reflecting Dekalb County Code of Ordinances Code Sec. 18-136(g): "Annually, the county shall provide every owner, operator, keeper or proprietor of any hotel, motel, or extended-stay hotel with a list of crimes and ordinance violations that occurred on the property in the previous year." This answer should include but not be limited to any "list of crimes and ordinance violations" You have received from "the county" about the Property.

20.

Please produce all Documents and/or Communications relating to or reflecting Dekalb County Code of Ordinances Sec. 18-136(a): "Every owner, operator, keeper or proprietor of any hotel, motel, or extended-stay hotel shall, without delay, report violations of law to the DeKalb County Police Department that were either witnessed or made known to them by an employee, patron, guest, visitor

or other person on the premises." This answer should include but not be limited to any "violations of law" You "report[ed] … to the DeKalb County Police Department" about the Property.

21.

Please produce any and all Documents and/or Communications involving any law enforcement agency (Federal, state, or local) that relate to Criminal Activity, Prostitution, and/or Sex Trafficking at the Property.

22.

Please produce Documents relating to or reflecting any Persons who are not permitted to visit and/or stay at the Property and the reasons for the prohibition.

23.

Please produce any and all policies of professional liability insurance, general liability insurance, self-insurance plans, premises liability insurance, and/or excess/umbrella insurance issued to You and/or to any entity which may provide coverage for the incident at issue in this lawsuit, including but not limited to any policies of insurance that you contend cover the incident described in the Complaint in this action, and any insurance policies identified in response to Plaintiff's Interrogatories or used or relied upon by You to answer such Interrogatory.

24.

Please produce certified, full, and complete copies of every policy produced in response to Request No. 23.

25.

Please produce copies of all reservation of rights letters and/or coverage denial letters issued by any insurance companies identified in Request No. #23 related to the incident at issue in the case.

26.

Please produce copies of all Documents and/or Communications involving You and Brook North Industries, Inc. that relate to or reflect information about the Property.

27.

Please produce copies of all Documents and/or Communications regarding the Property involving Tahir Shareef, Ashar Islam, Harsimran Sabharwal, and/or any other owners and/or officers of Defendant.

28.

Please produce Documents and/or Communications sufficient to show the Persons with an ownership interest in the Property at any time from January 1, 2014, to December 28, 2020.

29.

Please produce Documents sufficient to identify Your owners and officers.

30.

Please produce Documents sufficient to identify the members of Your Board of Directors.

31.

Please produce Your corporate Documents and records, including but not limited to Your (i) bylaws, (ii) charter, (iii) Documents from meetings of Your Board of Directors, owners, and/or officers (*e.g.*, meeting agenda, meeting minutes), and (iv) records from elections for Your Board of Directors.

32.

Please produce all of Your annual consolidated financial statements and annual financial reports.

33.

Please produce Documents sufficient to identify Your bank accounts.

34.

Please produce Documents and/or Communications relating to or reflecting the nature of Your relationship (legal, financial, and otherwise) with AS&TS Investments, Inc.

35.

Please produce Documents and/or Communications relating to or reflecting the nature of Your relationship (legal, financial, and otherwise) with Harsimran S. Sabharwal, the CEO of North Brook Industries, Inc.

36.

Please produce Documents sufficient to show loans from Harsimran S. Sabharwal to You, the terms of those loans, and Your repayment of those loans.

37.

Please produce all Documents and/or Communications relating to or reflecting contracts and/or agreements between you and Harsimran S. Sabharwal, the CEO of North Brook Industries, Inc. (regardless of whether any other Persons are also part of the contract and/or agreement).

38.

Please produce any and all Documents and/or Communications relating to the allocation or portion of revenue, profit, income, or money generated from operation of the Property that You received (or were entitled to receive). Your response should include but not be limited to Documents showing what allocation or portion of revenue, profit, or income You received from room rentals and any other economic activity at the Property, as well as any applicable agreements/contracts prescribing

the same allocation or portion and/or financial documents reflecting the same allocation or portion.

39.

Please produce all Documents and/or Communications relating to or referring to Kikia Anderson, including but not limited to records of her transactions at the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Anderson and her guests.

40.

Please produce all Documents and/or Communications relating to or referring to Zaccheus Obie, including but not limited to records of his transactions at the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Obie and his guests.

41.

Please produce all Documents and/or Communications relating to or referring to Quintavious Obie, including but not limited to records of his transactions at the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Obie and his guests.

42.

Please produce all Documents and/or Communications relating to or referring to Alyssa Griffin, including but not limited to records of her transactions at the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Griffin and her guests.

43.

Please produce all Documents and/or Communications relating to or referring to Genesis Wilson, including but not limited to records of her transactions at the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Wilson and her guests.

44.

Please produce all Documents and/or Communications relating to or referring to Dontavis Carr, Dontavius Carr, Dontavious Carr, and anyone with the last name Carr, including but not limited to records of his transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Carr and his guests.

45.

Please produce all Documents and/or Communications relating to or referring to anyone who reserved or is affiliated with a reservation for the following rooms 117, 118, 119, 120, 220, 221, 222, 134, 135, 136, 234, 235, 236 from June 1, 2017 – July 31, 2017.

46.

Please produce all Documents and/or Communications relating to or referring to anyone who reserved or is affiliated with a reservation for Room 117 in November 2018.  This answer should include but not be limited to room receipts for Room 117, customer profiles, credit card authorization form/s, and identification cards associated with anyone reserving Room 117 and their guests.

47.

Please produce all Documents and/or Communications relating to or referring to Quinton Bush, including but not limited to records of his transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Bush and his guests.

48.

Please produce all Documents and/or Communications relating to or referring to Endco Corey Forest, including but not limited to records of his transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Forest and his guests.

49.

Please produce all Documents and/or Communications relating to or referring to Keiron Penny, including but not limited to records of his transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Penny and his guests.

50.

Please produce all Documents and/or Communications relating to or referring to Raevyn Rustemeyer-Broncheau, including but not limited to records of her transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Rustemeyer-Broncheau and her guests.

51.

Please produce all Documents and/or Communications relating to or referring to Victoria Thomas, including but not limited to records of her transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Thomas and her guests.

52.

Please produce all Documents and/or Communications relating to or referring to James Ruffin, including but not limited to records of his transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Ruffin and his guests.

53.

Please produce all Documents and/or Communications relating to or referring to Lyndon Smith, including but not limited to records of his transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Smith and his guests.

54.

Please produce all Documents and/or Communications relating to or referring to Chelsie Williams and/or Chelsea Williams, including but not limited to records of her transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Williams and her guests.

55.

Please produce all Documents and/or Communications relating to or referring to Rebecca Faulks, including but not limited to records of her transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Faulks and her guests.

56.

Please produce all Documents and/or Communications relating to or referring to Bobby Spence and/or Robert Spence, including but not limited to records of his transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Spence and his guests.

57.

Please produce all Documents and/or Communications relating to or reflecting the employee schedule in October 2018, November 2018, and January 2019 at the Property.  Responsive Documents should include but not be limited to the names of the individuals at work during each shift over that period.

58.

Please produce all surveillance footage, video footage, images, or photographs of the Property in October 2018, November 2018, and January 2019, including but not limited to footage of the lobby, common areas, and footage of the hallways.

59.

Please produce all Documents and/or Communications relating to or reflecting housekeeping, cleaning, and/or maid services performed in the guest rooms on the Property in October 2018, November 2018, and January 2019, including but not limited to room-cleaning logs. *See, e.g.*, Dekalb County Municipal Code Sec. 18-138(d) ("Each hotel, motel, and extended-stay hotel must maintain a log that documents when each room is cleaned.").

60.

Please produce all Documents and/or Communications relating to or reflecting room rentals on the Property in October 2018, November 2018, and

January 2019, including but not limited to room receipts, customer profiles, customer names, credit card authorization form/s, and/or identification cards associated with the individual/s renting the room and their guests.

61.

Please produce all Documents sufficient to reflect the services provided to You by owners, employees, and/or agents of AS&TS Investments, Inc., including but not limited to Tahir Shareef.

62.

Please produce all Documents received from, sent to, or prepared by any experts who have investigated any issue relevant to the Complaint and relevant to this lawsuit, including all materials relied upon by such expert(s) in formulating their opinions and conclusions and all records created by any expert.

63.

Please produce any and all Documents You identified in Your Initial Disclosures.

64.

Please produce any and all Documents and/or Communications between You and any organizations regarding Prostitution and Sex trafficking (e.g., AHLA, AAHOA, GHLA, DHS, Polaris, ECPAT International, etc.).

65.

Please produce any and all Documents and/or Communications relating to or

reflecting red flags and/or indicators of Prostitution and/or Sex Trafficking.

Respectfully submitted this 22nd day of September, 2022.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*/s/ Patrick J. McDonough*
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Tyler Dillard
tdillard@atclawfirm.com
Georgia Bar No. 115229

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on today's date I electronically served the foregoing document, PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NORTHBROOK INDUSTRIES, INC. D/B/A UNITED INN & SUITES, to the following counsel of record via email based on the parties' prior agreement to accept service of written discovery via email:

**Attorneys for Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites**
Dana M. Richens
Smith, Gambrell & Russell, LLP
1105 W. Peachtree St. N.E.
Suite 1000
Atlanta, Georgia 30309

Dated: This 22nd day of September, 2022.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorneys for Plaintiff*