# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.G.,                                          )
                                               )
          Plaintiff,                           )
                                               )        Civil Action File
v.                                             )        No. 1:20-cv-05233-MLB
                                               )
NORTHBROOK INDUSTRIES, INC.,                   )
d/b/a UNITED INN AND SUITES,                   )
                                               )
          Defendant.                           )

**DEFENDANT NORTHBROOK INDUSTRIES, INC.,
d/b/a UNITED INN AND SUITES' RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR
<u>PRODUCTION OF DOCUMENTS</u>**

Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites

("Northbrook") hereby serves its response to the First Set of Requests for Production

of Documents served by Plaintiff J.G. (the "Requests").

<u>GENERAL OBJECTIONS</u>

1.      Northbrook objects to the Requests in their entirety, including the

Definitions and Instructions contained therein, to the extent the Requests seek to

impose obligations on Northbrook greater than those imposed by applicable law.

2.    Northbrook objects to the Requests in their entirety, including the Definitions and Instructions contained therein, to the extent the Requests seek the production of information or materials that are protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative.

RESPONSES

Subject to the foregoing General Objections, and expressly without waiving the same, Northbrook responds to the individual requests as follows:

REQUEST FOR PRODUCTION NO. 1:

Please produce all Documents and/or Communications which You relied upon or referred to in answering Plaintiff's First Interrogatories to You.

RESPONSE:

Northbrook will produce responsive documents.

REQUEST FOR PRODUCTION NO. 2:

Please produce Documents sufficient to identify all Persons involved with the management and/or operation of the Property from January 1, 2014, to December 28, 2020.

2

RESPONSE:

Northbrook refers Plaintiff to its response to Interrogatory No. 1.


REQUEST FOR PRODUCTION NO. 3:

Please produce Documents sufficient to identify the positions and job titles held by the Persons identified in response to Request No. 2.

RESPONSE:

Northbrook refers Plaintiff to its Initial Disclosures and Interrogatory responses that identify the positions and job titles of the aforementioned individuals.


REQUEST FOR PRODUCTION NO. 4:

Please produce Documents sufficient to identify Your employees from January 1, 2014 to present, including but not limited to Form W-2s.

RESPONSE:

Northbrook objects to Request No. 4 to the extent it purports to require Northbrook to produce more information than is required to be disclosed by the Federal Rules of Civil Procedure. Northbrook states that it has provided Plaintiff with a list of its employees from January 1, 2014 to the present in its Initial Disclosures and in its response to Plaintiff's interrogatories.

3

REQUEST FOR PRODUCTION NO. 5:

Please produce all Documents and/or Communications relating to or reflecting management or operation of the Property, including but not limited to plans, policies, manuals, guidelines, protocols, and/or procedures relating to or reflecting management or operation of the Property, as well as any operating agreement, management agreement, franchise agreement, license agreement, marketing agreement, and so forth relating to or reflecting management or operation of the Property.

RESPONSE:

Northbrook refers Plaintiff to its "Rules of Conduct, United Inn & Suites, Decatur, GA" and its "United Inn & Suites Decatur Management Policies," which are being produced.


REQUEST FOR PRODUCTION NO. 6:

Please produce all Documents and/or Communications relating to or reflecting Your plans, policies, procedures, protocols, guidelines, rules, and/or partnerships regarding Criminal Activity, Prostitution, Sex Trafficking, and/or guest and staff safety on the Property. This answer should include but not be limited to Your "security plan" with "all implemented security measures" as well as

4

"documentation for approved alternative security measures." *See, e.g.*, Dekalb County Code of Ordinances, Sec. 18-138(d) ("All hotels, motels, or extended-stay hotels must maintain a security plan which shall include all implemented security measures. Security plans and documentation for approved alternative security measures shall be kept on file and made available to the county within a reasonable time upon request.").

RESPONSE:

Northbrook refers Plaintiff to its response to Interrogatories Nos. 6, 7, 8, 10, 11 and 12 and the responsive documents identified in the responses to those Interrogatories that are being produced.

REQUEST FOR PRODUCTION NO. 7:

Please produce all Documents and/or Communications that You (or someone acting on Your behalf) provided to Persons working on the Property (whether Your employees or not) about Your plans, policies, procedures, protocols, guidelines, rules, and/or partnerships regarding Criminal Activity, Prostitution, Sex Trafficking, and/or guest and staff safety on the Property. This answer should include but not be limited to employee agreements, handbooks, pamphlets, announcements, newsletters, manuals, and training materials.

5

RESPONSE:

Northbrook states that the policies identified in its response to Interrogatory No. 6 were provided to Persons working on the Property.  Additionally, Northbrook refers Plaintiff to its responses to Interrogatories Nos. 7, 10, 11 and 12.


REQUEST FOR PRODUCTION NO. 8:

Please produce all Documents and/or Communications relating to or reflecting enforcement on the Property of Your plans, policies, procedures, protocols, guidelines, and/or rules regarding Criminal Activity, Prostitution, Sex Trafficking, and/or guest and staff safety.

RESPONSE:

Northbrook refers Plaintiff to its response to Interrogatories Nos. 6, 7, 8, 10, 11 and 12, and the responsive documents identified in the responses to those Interrogatories that are being produced.

REQUEST FOR PRODUCTION NO. 9:

Please produce a floorplan and/or diagram of the Property that includes room numbers, the locations of video cameras, locations of exits, and the location of the lobby.

RESPONSE:

Northbrook will produce a floorplan and diagram of the Property.

REQUEST FOR PRODUCTION NO. 10:

Please produce all Documents and/or Communications relating to video surveillance of the Property, including but not limited to the locations of video cameras and a "logbook wherein all digital recordings of Hard Drive backups, CD/DVD and USB copies and backups are recorded with time, date, name and signature of the operator," *see* Dekalb County Code of Ordinances Sec. 18-141; *see also* https://www.dekalbcountyga.gov/sites/default/files/user701/VSS%20 Specifications%2010-30-2017.pdf.

RESPONSE:

Northbrook objects to this Request on grounds that this Request seeks information pursuant to an ordinance that may not have been in effect at the time period relevant to Plaintiff's claims.   Subject to the foregoing objection, and

7

expressly without waiving the same, Northbrook will produce a diagram of the property.  Northbrook has no further documents responsive to this Request in its possession.


REQUEST FOR PRODUCTION NO. 11:

Please produce all Documents and/or Communications relating to or reflecting Criminal Activity, Prostitution, and/or Sex Trafficking at the Property. This includes, but is not limited to, Documents and/or Communications relating to or reflecting allegations of such activities at the Property, complaints of such activities at the Property, and reports regarding the occurrence of such activities at the Property.

RESPONSE:

Northbrook refers Plaintiff to the criminal trespass forms that are being produced.  Additionally, Northbrook refers Plaintiff to her production of the police reports regarding events that occurred at the Property.  Northbrook further states that all communications with the DeKalb County Police sergeants who have performed security services at the Property were verbal conversations in person or by phone.

<u>REQUEST FOR PRODUCTION NO. 12:</u>

Please produce all Documents and/or Communications relating to or reflecting information You (or another Person acting on Your behalf) provided to any Person concerning safety and security plans, policies, manuals, guidelines, protocols, and/or procedures at the Property.

<u>RESPONSE</u>:

Northbrook refers Plaintiff to its response to Interrogatory No. 6. Northbrook further states that all communications with the DeKalb County Police sergeants who have performed security services at the Property were verbal conversations in person or by phone.

<u>REQUEST FOR PRODUCTION NO. 13:</u>

Please produce all Documents and/or Communications related to any investigation, inspection, analysis, audit, review, report, and/or assessment of the Property, its operation, and/or management, performed by You or another Person, including but not limited to any investigation, inspection, analysis, audit, review, report, and/or assessment pertaining to safety and security of Property guests and staff.

9

RESPONSE:

Northbrook refers Plaintiff to the criminal trespass forms that will be produced. Northbrook further states that all communications with the DeKalb County Police sergeants who performed security services at the Property were verbal conversations in person or by phone.

REQUEST FOR PRODUCTION NO. 14:

Please produce a copy of the Complaint in each lawsuit in which it was alleged You or another Person failed to keep the Property safe and/or it was alleged a Person was the victim of a crime at the Property.

RESPONSE:

Northbrook objects to Request No. 14 on grounds that such information is public information and equally available to Plaintiff. Northbrook further objects that the Request is overbroad and seeks information not relevant to any claim or defense in this litigation. Subject to this objection, and expressly without waiving the same, the only lawsuits that Northbrook is aware of outside of the instant litigation are the following two cases:

   <u>G.W. v. Northbrook Industries, Inc., d/b/a United Inn and Suites</u>, Civil Action

File No. 1:20-CV-05232-JPB, United States District Court for the Northern District

of Georgia, Atlanta Division.

   <u>A.G. v. Northbrook Industries, Inc., d/b/a United Inn and Suites</u>, Civil Action

File No. 1:20-CV-05231-JPB, United States District Court for the Northern District

of Georgia, Atlanta Division.


<u>REQUEST FOR PRODUCTION NO. 15:</u>

   Please produce all Communications relating to or reflecting information from

any Person who alleged You (or another Person acting on your behalf) failed to keep

the Property safe and/or alleged a Person was the victim of a crime at the Property.

<u>RESPONSE</u>:

   Northbrook states that it does not have documents responsive to this Request.


<u>REQUEST FOR PRODUCTION NO. 16:</u>

   Please produce all Documents and/or Communications relating to or

reflecting ratings, reviews, reports, tips, complaints, criticisms, concerns, surveys,

feedback, messages, emails, and other Communications about safety, security,

Criminal Activity, Prostitution, and/or Sex Trafficking at the Property.

11

RESPONSE:

Northbrook reviews, but does not maintain copies of, online reviews.

REQUEST FOR PRODUCTION NO. 17:

Please produce Documents and/or Communications relating to or reflecting meetings, trainings, conversations, discussions, presentations, sessions, courses, seminars, conferences, task forces, working groups, and so forth concerning the safety of guests and/or staff at Hotels, Prostitution at Hotels, and/or Sex Trafficking at Hotels.

RESPONSE:

Northbrook refers Plaintiff to its responses to Interrogatory Nos. 6, 7, 8, 9, 10, 11, 12 and 13. The documents identified in those Interrogatory responses will be produced.

REQUEST FOR PRODUCTION NO. 18:

Please produce Documents and/or Communications relating to or reflecting meetings, trainings, conversations, discussions, presentations, sessions, courses, seminars, conferences, task forces, working groups, and so forth concerning the

safety of guests and/or staff at the Property, Prostitution at the Property and/or Sex Trafficking at the Property.

RESPONSE:

Northbrook refers Plaintiff to its responses to Interrogatory Nos. 6, 7, 8, 9, 10, 11, 12 and 13. The documents identified in those Interrogatory responses will be produced.


REQUEST FOR PRODUCTION NO. 19:

Please produce all Documents and/or Communications relating to or reflecting Dekalb County Code of Ordinances Code Sec. 18-136(g): "Annually, the county shall provide every owner, operator, keeper or proprietor of any hotel, motel, or extended-stay hotel with a list of crimes and ordinance violations that occurred on the property in the previous year." This answer should include but not be limited to any "list of crimes and ordinance violations" You have received from "the county" about the Property.

RESPONSE:

Northbrook will produce non-privileged responsive documents.

13

REQUEST FOR PRODUCTION NO. 20:

Please produce all Documents and/or Communications relating to or reflecting Dekalb County Code of Ordinances Sec. 18-136(a): "Every owner, operator, keeper or proprietor of any hotel, motel, or extended-stay hotel shall, without delay, report violations of law to the DeKalb County Police Department that were either witnessed or made known to them by an employee, patron, guest, visitor or other person on the premises." This answer should include but not be limited to any "violations of law" You "report[ed] … to the DeKalb County Police Department" about the Property.

RESPONSE:

Northbrook does not have documents in its possession that show when it called the DeKalb County Police Department to report violations of law, as such communications took place verbally over the phone. Northbrook states that if its employees witnessed violations of law, or violations of law were reported to them that could be verified, that Northbrook employee would call the DeKalb County Police Department and report it.

REQUEST FOR PRODUCTION NO. 21:

Please produce any and all Documents and/or Communications involving any law enforcement agency (Federal, state, or local) that relate to Criminal Activity, Prostitution, and/or Sex Trafficking at the Property.

RESPONSE:

Northbrook does not have documents in its possession that show it communicating with a law enforcement agency because such communications were conducted verbally in person or by phone. Northbrook refers Plaintiff to the criminal trespass forms that will be produced.

REQUEST FOR PRODUCTION NO. 22:

Please produce Documents relating to or reflecting any Persons who are not permitted to visit and/or stay at the Property and the reasons for the prohibition.

RESPONSE:

Northbrook refers Plaintiff to the criminal trespass forms that will be produced.

REQUEST FOR PRODUCTION NO. 23:

Please produce any and all policies of professional liability insurance, general liability insurance, self-insurance plans, premises liability insurance, and/or excess/umbrella insurance issued to You and/or to any entity which may provide coverage for the incident at issue in this lawsuit, including but not limited to any policies of insurance that you contend cover the incident described in the Complaint in this action, and any insurance policies identified in response to Plaintiff's Interrogatories or used or relied upon by You to answer such Interrogatory.

RESPONSE:

Northbrook refers Plaintiff to its response to Interrogatory No. 4.

REQUEST FOR PRODUCTION NO. 24:

Please produce certified, full, and complete copies of every policy produced in response to Request No. 23.

RESPONSE:

Northbrook refers Plaintiff to its response to Interrogatory No. 4.

REQUEST FOR PRODUCTION NO. 25:

Please produce copies of all reservation of rights letters and/or coverage denial letters issued by any insurance companies identified in Request No. #23 related to the incident at issue in the case.

RESPONSE:

Northbrook objects to Request No. 25 on grounds that it seeks the production of documents not relevant to any claim or defense in this litigation.

REQUEST FOR PRODUCTION NO. 26:

Please produce copies of all Documents and/or Communications involving You and Brook North Industries, Inc. that relate to or reflect information about the Property.

RESPONSE:

Not applicable.

REQUEST FOR PRODUCTION NO. 27:

Please produce copies of all Documents and/or Communications regarding the Property involving Tahir Shareef, Ashar Islam, Harsimran Sabharwal, and/or any other owners and/or officers of Defendant.

17

RESPONSE:

Northbrook objects to Request No. 27 on grounds that it is vague and ambiguous and overbroad.  Subject to the foregoing objections, Northbrook states that communications between and among the three individuals identified above were conducted in person or over the phone.

REQUEST FOR PRODUCTION NO. 28:

Please produce Documents and/or Communications sufficient to show the Persons with an ownership interest in the Property at any time from January 1, 2014, to December 28, 2020.

RESPONSE:

Northbrook refers Plaintiff to its response to Interrogatory No. 16.

REQUEST FOR PRODUCTION NO. 29:

Please produce Documents sufficient to identify Your owners and officers.

RESPONSE:

Northbrook refers Plaintiff to its response to Interrogatory No. 16.

REQUEST FOR PRODUCTION NO. 30:

Please produce Documents sufficient to identify the members of Your Board of Directors.

RESPONSE:

Northbrook states that the members of its Board of Directors are Tahir Shareef and Harsimran Sabharwal.

REQUEST FOR PRODUCTION NO. 31:

Please produce Your corporate Documents and records, including but not limited to Your (i) bylaws, (ii) charter, (iii) Documents from meetings of Your Board of Directors, owners, and/or officers (*e.g.*, meeting agenda, meeting minutes), and (iv) records from elections for Your Board of Directors.

RESPONSE:

Northbrook will produce its by-laws. Northbrook is not in possession of its charter, documents from meetings of its Board of Directors, owners and/or officers, or its records from elections of its Board of Directors.

REQUEST FOR PRODUCTION NO. 32:

Please produce all of Your annual consolidated financial statements and annual financial reports.

RESPONSE:

Northbrook objects to Request No. 32 on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Northbrook further objects to the Request on grounds that it seeks proprietary commercial information. Northbrook further objects to the Request on grounds that it is overly broad in time.

REQUEST FOR PRODUCTION NO. 33:

Please produce Documents sufficient to identify Your bank accounts.

RESPONSE:

Northbrook objects to Request No. 33 on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Northbrook further objects to the Request on grounds that it seeks proprietary commercial information. Subject to the foregoing objections, and expressly without waiving the same, Northbrook states that it has a single bank account with Truist.

20

REQUEST FOR PRODUCTION NO. 34:

Please produce Documents and/or Communications relating to or reflecting the nature of Your relationship (legal, financial, and otherwise) with AS&TS Investments, Inc.

RESPONSE:

Northbrook states that it has no relationship with AS&TS Investments, Inc.


REQUEST FOR PRODUCTION NO. 35:

Please produce Documents and/or Communications relating to or reflecting the nature of Your relationship (legal, financial, and otherwise) with Harsimran S. Sabharwal, the CEO of North Brook Industries, Inc.

RESPONSE:

Northbrook refers Plaintiff to its response to Interrogatory No. 16. Northbrook will produce its Articles of Incorporation and by-laws.


REQUEST FOR PRODUCTION NO. 36:

Please produce Documents sufficient to show loans from Harsimran S. Sabharwal to You, the terms of those loans, and Your repayment of those loans.

RESPONSE:

Not applicable.

REQUEST FOR PRODUCTION NO. 37:

Please produce all Documents and/or Communications relating to or reflecting contracts and/or agreements between you and Harsimran S. Sabharwal, the CEO of North Brook Industries, Inc. (regardless of whether any other Persons are also part of the contract and/or agreement).

RESPONSE:

Northbrook will produce its Articles of Incorporation and by-laws.

REQUEST FOR PRODUCTION NO. 38:

Please produce any and all Documents and/or Communications relating to the allocation or portion of revenue, profit, income, or money generated from operation of the Property that You received (or were entitled to receive).  Your response should include but not be limited to Documents showing what allocation or portion of revenue, profit, or income You received from room rentals and any other economic activity at the Property, as well as any applicable agreements/contracts prescribing

22

the same allocation or portion and/or financial documents reflecting the same allocation or portion.

RESPONSE:

Northbrook objects to Request No. 38 on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Northbrook further objects to the Request on grounds that it seeks proprietary commercial information. Subject to the foregoing objections, and expressly without waiving the same, Northbrook refers Plaintiff to its response to Interrogatory No. 14.

REQUEST FOR PRODUCTION NO. 39:

Please produce all Documents and/or Communications relating or referring to Kikia Anderson, including but not limited to records of her transactions at the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Anderson and her guests.

RESPONSE:

Northbrook objects to Request No. 39 on grounds that it seeks documents not relevant to any claim or defense in this matter. Subject to the foregoing objection,

and expressly without waiving the same, Northbrook will produce non-privileged responsive documents.

REQUEST FOR PRODUCTION NO. 40:

Please produce all Documents and/or Communications relating to or referring to Zaccheus Obie, including but not limited to records of his transactions at the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Obie and his guests.

RESPONSE:

Northbrook objects to Request No. 40 on grounds that it seeks documents not relevant to any claim or defense in this matter.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook states that it has no responsive documents.

REQUEST FOR PRODUCTION NO. 41:

Please produce all Documents and/or Communications relating to or referring to Quintavious Obie, including but not limited to records of his transactions at the Property.  This answer should include but not be limited to room receipts, customer

profiles, credit card authorization form/s, and identification cards associated with Mr. Obie and his guests.

RESPONSE:

Northbrook objects to Request No. 41 on grounds that it seeks documents not relevant to any claim or defense in this matter. Subject to the foregoing objection, and expressly without waiving the same, Northbrook states that it has no responsive documents.

REQUEST FOR PRODUCTION NO. 42:

Please produce all Documents and/or Communications relating to or referring to Alyssa Griffin, including but not limited to records of her transactions at the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Griffin and her guests.

RESPONSE:

Northbrook objects to Request No. 42 on grounds that it seeks documents not relevant to any claim or defense in this matter. Subject to the foregoing objection, and expressly without waiving the same, Northbrook states that it has no responsive documents.

REQUEST FOR PRODUCTION NO. 43:

Please produce all Documents and/or Communications relating to or referring to Genesis Wilson, including but not limited to records of her transactions at the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Wilson and her guests.

RESPONSE:

Northbrook objects to Request No. 43 on grounds that it seeks documents not relevant to any claim or defense in this matter. Subject to the foregoing objection, and expressly without waiving the same, Northbrook states that it has no responsive documents.

REQUEST FOR PRODUCTION NO. 44:

Please produce all Documents and/or Communications relating to or referring to Dontavis Carr, Dontavius Carr, Dontavious Carr, and anyone with the last name Carr, including but not limited to records of his transactions on the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Carr and his guests.

RESPONSE:

Northbrook objects to Request No. 44 on grounds that it seeks documents not relevant to any claim or defense in this matter.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook will produce non-privileged responsive documents.

REQUEST FOR PRODUCTION NO. 45:

Please produce all Documents and/or Communications relating to or referring to anyone who reserved or is affiliated with a reservation for the following rooms 117, 118, 119, 120, 220, 221, 222, 134, 135, 136, 234, 235, 236 from June 1, 2017 – July 31, 2017.

RESPONSE:

Northbrook objects to Request No. 45 as overbroad and unduly burdensome. Northbrook further objects to this Request as seeking information not relevant to any claim or defense in this litigation.  Subject to the foregoing objections, and expressly without waiving the same, Northbrook responds that its system does not allow it to perform a search by room number(s) for a time period this long ago.

REQUEST FOR PRODUCTION NO. 46:

Please produce all Documents and/or Communications relating to or referring to anyone who reserved or is affiliated with a reservation for Room 117 in November 2018.  This answer should include but not be limited to room receipts for Room 117, customer profiles, credit card authorization form/s, and identification cards associated with anyone reserving Room 117 and their guests.

RESPONSE:

Northbrook objects to Request No. 46 as overbroad and unduly burdensome. Northbrook further objects to this Request as seeking information not relevant to any claim or defense in this litigation.  Subject to the foregoing objections, and expressly without waiving the same, Northbrook responds that its system does not allow it to perform a search by room number(s) for a time period this long ago.

REQUEST FOR PRODUCTION NO. 47:

Please produce all Documents and/or Communications relating to or referring to Quinton Bush, including but not limited to records of his transactions on the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Bush and his guests.

28

RESPONSE:

Northbrook objects to Request No. 47 on grounds that it seeks documents not relevant to any claim or defense in this matter.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook states that it has no responsive documents.

REQUEST FOR PRODUCTION NO. 48:

Please produce all Documents and/or Communications relating to or referring to Endco Corey Forest, including but not limited to records of his transactions on the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Forest and his guests.

RESPONSE:

Northbrook objects to Request No. 48 on grounds that it seeks documents not relevant to any claim or defense in this matter.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook states that it has no responsive documents.

REQUEST FOR PRODUCTION NO. 49:

Please produce all Documents and/or Communications relating to or referring to Keiron Penny, including but not limited to records of his transactions on the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Penny and his guests.

RESPONSE:

Northbrook objects to Request No. 49 on grounds that it seeks documents not relevant to any claim or defense in this matter.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook states that it has no responsive documents.

REQUEST FOR PRODUCTION NO. 50:

Please produce all Documents and/or Communications relating to or referring to Raevyn Rustemeyer-Broncheau, including but not limited to records of her transactions on the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. [sic] Rustemeyer-Broncheau and her guests.

RESPONSE:

Northbrook objects to Request No. 50 on grounds that it seeks documents not relevant to any claim or defense in this matter. Subject to the foregoing objection, and expressly without waiving the same, Northbrook will produce non-privileged responsive documents.

REQUEST FOR PRODUCTION NO. 51:

Please produce all Documents and/or Communications relating or referring to Victoria Thomas, including but not limited to records of her transactions at the Property. This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Thomas and her guests.

RESPONSE:

Northbrook objects to Request No. 51 on grounds that it seeks documents not relevant to any claim or defense in this matter. Subject to the foregoing objection, and expressly without waiving the same, Northbrook will produce non-privileged responsive documents.

REQUEST FOR PRODUCTION NO. 52:

Please produce all Documents and/or Communications relating to or referring to James Ruffin, including but not limited to records of his transactions on the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Ruffin and his guests.

RESPONSE:

Northbrook objects to Request No. 52 on grounds that it seeks documents not relevant to any claim or defense in this matter.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook will produce non-privileged responsive documents.

REQUEST FOR PRODUCTION NO. 53:

Please produce all Documents and/or Communications relating to or referring to Lyndon Smith, including but not limited to records of his transactions on the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Smith and his guests.

RESPONSE:

Northbrook objects to Request No. 53 on grounds that it seeks documents not relevant to any claim or defense in this matter.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook states that it has no responsive documents.

REQUEST FOR PRODUCTION NO. 54:

Please produce all Documents and/or Communications relating to or referring to Chelsie Williams and/or Chelsea Williams, including but not limited to records of her transactions on the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Williams and her guests.

RESPONSE:

Northbrook objects to Request No. 54 on grounds that it seeks documents not relevant to any claim or defense in this matter.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook will produce non-privileged responsive documents.

REQUEST FOR PRODUCTION NO. 55:

Please produce all Documents and/or Communications relating to or referring to Rebecca Faulks, including but not limited to records of her transactions at the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Faulks and her guests.

RESPONSE:

Northbrook objects to Request No. 55 on grounds that it seeks documents not relevant to any claim or defense in this matter.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook will produce non-privileged responsive documents.


REQUEST FOR PRODUCTION NO. 56:

Please produce all Documents and/or Communications relating to or referring to Bobby Spence and/or Robert Spence, including but not limited to records of his transactions at the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Mr. Spence and his guests.

RESPONSE:

Northbrook objects to Request No. 56 on grounds that it seeks documents not relevant to any claim or defense in this matter.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook will produce responsive documents.

REQUEST FOR PRODUCTION NO. 57:

Please produce all Documents and/or Communications relating to or reflecting the employee schedule in October 2018, November 2018, and January 2019 at the Property.  Responsive Documents should include but not be limited to the names of the individuals at work during each shift over that period.

RESPONSE:

Northbrook will produce non-privileged responsive documents.

REQUEST FOR PRODUCTION NO. 58:

Please produce all surveillance footage, video footage, images, or photographs of the Property in October 2018, November 2018, and January 2019, including but not limited to footage of the lobby, common areas, and footage of the hallways.

RESPONSE:

Northbrook states that it does not have responsive documents.

REQUEST FOR PRODUCTION NO. 59:

Please produce all Documents and/or Communications relating to or reflecting housekeeping, cleaning, and/or maid services performed in the guest rooms on the Property in October 2018, November 2018, and January 2019, including but not limited to room-cleaning logs. *See, e.g.*, Dekalb County Municipal Code Sec. 18-138(d) ("Each hotel, motel, and extended-stay hotel must maintain a log that documents when each room is cleaned.").

RESPONSE:

Northbrook will produce non-privileged responsive documents.

REQUEST FOR PRODUCTION NO. 60:

Please produce all Documents and/or Communications relating to or reflecting room rentals on the Property in October, 2018, November, 2018, and January 2019, including but not limited to room receipts, customer profiles, customer names, credit card authorization form/s, and/or identification cards associated with the individual/s renting the room and their guests.

36

RESPONSE:

Northbrook objects to Request No. 60 as overbroad and unduly burdensome. Northbrook further objects to this Request as seeking information not relevant to any claim or defense in this litigation. Subject to the foregoing objections, and expressly without waiving the same, Northbrook responds that its system does not allow it to perform a search by room number(s) for a time period this long ago.

REQUEST FOR PRODUCTION NO. 61:

Please produce all Documents sufficient to reflect the services provided to You by owners, employees, and/or agents of AS&TS Investments, Inc., including but not limited to Tahir Shareef.

RESPONSE:

Northbrook states that it has no documents responsive to this Request.

REQUEST FOR PRODUCTION NO. 62:

Please produce all Documents received from, sent to, or prepared by any experts who have investigated any issue relevant to the Complaint and relevant to this lawsuit, including all materials relied upon by such expert(s) in formulating their opinions and conclusions and all records created by any expert.

37

RESPONSE:

Northbrook objects to Request No. 62 to the extent it purports to require Northbrook to disclose more information than is required to be disclosed by the Federal Rules of Civil Procedure. Northbrook further objects to the Request to the extent it calls for information or materials protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative. Subject to the foregoing objections, and expressly without waiving the same, Northbrook states that it will supplement this response in accordance with the Federal Rules of Civil Procedure at the appropriate time during discovery.

REQUEST FOR PRODUCTION NO. 63:

Please produce any and all Documents You identified in Your Initial Disclosures.

RESPONSE:

Northbrook will produce responsive documents.

REQUEST FOR PRODUCTION NO. 64:

Please produce any and all Documents and/or Communications between You and any organizations regarding Prostitution and Sex trafficking (e.g., AHLA, AAHOA, GHLA, DHS, Polaris, ECPAT International, etc.).

RESPONSE:

Northbrook states that it has no documents responsive to this Request.

REQUEST FOR PRODUCTION NO. 65:

Please produce any and all Documents and/or Communications relating to or reflecting red flags and/or indicators of Prostitution and/or Sex Trafficking.

RESPONSE:

Northbrook objects to Request No. 65 on grounds that the language "red flags and/or indicators of Prostitution and/or Sex Trafficking" is undefined, vague and ambiguous, such that Northbrook cannot respond to the Request.

_/s/ Dana M. Richens_
Dana M. Richens
Georgia Bar No. 604429

39

SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia  30309
Telephone:  (404) 815-3659
Facsimile:  (404) 685-6959
drichens@sgrlaw.com

Attorney for Defendant
Northbrook Industries, Inc.
d/b/a United Inn and Suites

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this date served all parties with the within and foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** via electronic mail to the following:

Richard W. Hendrix, Esq.
rhendrix@finchmccranie.com

David H. Bouchard, Esq.
david@finchmccranie.com

Jonathan S. Tonge, Esq.
jtonge@atclawfirm.com

Patrick J. McDonough, Esq.
pmcdonough@atclawfirm.com

This 11th day of November, 2022.


/s/ Dana M. Richens

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.G.,                                          )
                                               )
     Plaintiff,                          )
                                               )         Civil Action File
v.                                             )         No. 1:20-cv-05233-MLB
                                               )
NORTHBROOK INDUSTRIES, INC.,                   )
d/b/a UNITED INN AND SUITES,                   )
                                               )
     Defendant.                          )

### DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES' RESPONSES TO PLAINTIFF'S FIRST SET OF CONTINUING INTERROGATORIES

Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites ("Northbrook") hereby serves its objections and answers to the First Set of Continuing Interrogatories served by Plaintiff J.G. (the "Interrogatories").

### GENERAL OBJECTIONS

1.    Northbrook objects to the Interrogatories in their entirety, including the Definitions and Instructions contained therein, to the extent the Interrogatories seek to impose obligations on Northbrook greater than those imposed by applicable law.

2.    Northbrook objects to the Interrogatories in their entirety, including the Definitions and Instructions contained therein, to the extent the Interrogatories seek

the production of information or materials that are protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative.

RESPONSES

Subject to the foregoing General Objections, and expressly without waiving the same, Northbrook responds to the individual interrogatories as follows:

INTERROGATORY NO. 1:

Identify all Person(s) involved with the management and/or operation of the Property, including but not limited to owners, managers, employees, and independent contractors (*e.g.*, front desk clerks, housekeeping staff, cleaning staff, maintenance staff, safety and security personnel, etc.). For each Person identified, please provide his/her full name, address(es), telephone number(s), place(s) of employment, job title(s), present whereabouts, and state the nature of their involvement with the management and/or operation of the Property.

RESPONSE:

Northbrook refers Plaintiff to its Initial Disclosures. Additionally, Northbrook states that Ashar Islam is the manager and front desk attendant. Nazia Islam is a front desk attendant. Raz Shareef is a front desk attendant. Corita Gram is a front desk attendant. Ketan Patel is a front desk attendant. Nabella Shareef is a

2

housekeeping attendant. Saad Iqbal is a housekeeping attendant. Asma Iqbal is a housekeeping attendant. Rossa Mandosa is a housekeeping attendant. Maria Olivia is a housekeeping attendant. Jassie Gram is a general maintenance employee. Sheakh Muhammad is the janitor. Alejandra Leon is a housekeeping attendant. Abdulla Ahmed was a front desk attendant, but left in 2019 because he moved to Texas. Rafiuzaman Biswas was a front desk attendant but left in 2018. Rashid Iqbal was a front desk attendant but left in 2019. Additionally, Northbrook paid DeKalb County Police officers to provide security services on the Property every night. Those officers are Sergeant W. McClelland and Sergeant R. Weber. These DeKalb County sergeants are responsible for providing security services on the Property.

The manager of the Property (Ashar Islam) is responsible for making Northbrook's employee schedule, overseeing the maintenance of the Property and managing the front desk attendants, and is responsible for monitoring the Property.

The front desk attendants greet customers, and are responsible for the check-in/check-out process and for monitoring the Property.

Housekeeping attendants are responsible for overseeing the maintenance of the Property and rooms at the Property.

3

INTERROGATORY NO. 2:

Identify all other Persons ***not*** identified in response to Interrogatory No. 1 who have or may have knowledge or information relating to any issue in this matter. For each Person identified, please provide his/her full name, address(es), telephone number(s), place(s) of employment, job title(s), and present whereabouts. Additionally, for each Person identified, please state what you believe to be the substance of that Peron's knowledge or information relating to any issue in this matter.

RESPONSE:

Northbrook refers Plaintiff to its Initial Disclosures.

INTERROGATORY NO. 3:

Identify all experts whom you expect to call as a witness at the trial of this case. For each, please provide his/her full name, current address(es), and telephone number(s). For each, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which said expert is expected to testify, and a summary of the grounds for each opinion.

4

RESPONSE:

Northbrook objects to Interrogatory No. 3 to the extent it purports to require disclosure of information that is not required to be disclosed by the Federal Rules of Civil Procedure.  Northbrook further objects to the Interrogatory to the extent it calls for the production of information or materials that are protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative.  Subject to the foregoing objections, and expressly without waiving the same, Northbrook states that it has not yet determined whether it will call any specially retained experts at trial.  Northbrook will supplement this response to the extent necessary under the Federal Rules of Civil Procedure upon making these determinations.

INTERROGATORY NO. 4:

Please identify all applicable liability insurance policies that extended coverage to you at any time from June 1, 2016, to present.  For each such policy, please state:

(a)    the name of the named-insured in said policy;

(b)    the policy number in said policy;

(c)    the name of the insurance company who issued said policy;

5

(d)    the policy period in said policy;

(e)    the limits of liability for personal injury in said policy;

(f)    whether any reservation of rights and/or coverage denial letters have been issued.

RESPONSE:

Northbrook states that it previously disclosed policy information to Plaintiff's counsel through initial disclosures and by email of a shared folder from Cathy Ellington to David Bouchard and Melissa Millen on June 10, 2021.

INTERROGATORY NO. 5:

Identify by name and address any Person involved with monitoring, receiving, reviewing, responding to, addressing, auditing, and/or analyzing ratings, reviews, reports, tips, complaints, criticisms, concerns, surveys, feedback, messages, emails, and Communications from any Person (*e.g.*, Property guests, Property customers, law enforcement, government officials, concerned citizens, local residents, or any other Person) about the Property.

RESPONSE:

Northbrook identifies its owner, Tahir Shareef; its manager, Ashar Islam; and the front desk attendants identified in response to Interrogatory No. 1 above.

INTERROGATORY NO. 6:

Identify and describe all plans, programs, policies, procedures, standards, guidelines, partnerships, and/or rules relating to the management and/or operation of the Property, including but not limited to those related to hotel safety and security, Criminal Activity, Prostitution, and/or Sex Trafficking. This answer should include, but not be limited to, whether the same were written or oral, when they went into effect, whether they changed over time, and how they were disseminated and enforced.

RESPONSE:

Northbrook identifies its "Rules of Conduct, United Inn & Suites, Decatur, GA." (the "Rules of Conduct"). The Rules of Conduct is a written policy and will be produced. The Rules of Conduct were in effect in 2018 and 2019, and were posted in the lobby. Northbrook's employees were trained on the Rules of Conduct and enforced them.

7

Northbrook also identifies the "United Inn & Suites Decatur Management Policies." (the "Management Policies"). The Management Policies are a written policy and will be produced. The Management Policies were in effect in 2018 and 2019. The Management Policies were reviewed with Northbrook's employees and enforced by Northbrook's employees.

INTERROGATORY NO. 7:

Identify by name, title, position, and address all Persons involved with the safety and security of hotel guests and staff at the Property.

RESPONSE:

All of Northbrook's employees identified in its Initial Disclosures and in response to Interrogatory No. 1 were involved with the safety and security of hotel guests and staff at the Property. They can be contacted through Northbrook's counsel. Additionally, Northbrook identifies Sergeant W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property.

INTERROGATORY NO. 8:

Identify and describe all measures, steps, and/or actions implemented at the Property (whether by You or another Person/s acting on your behalf) relating to the security and safety of hotel guests and staff at the Property.

RESPONSE:

Northbrook hired off-duty DeKalb County Police officers to provide security services at the Property from 10 p.m. to 2 a.m. every day.  Additionally, Northbrook utilized its security cameras as a security measure at the Property.  Northbrook also used street lights in its parking lot as a security measure.  Northbrook actively reported to DeKalb County Police any knowledge or suspicion of criminal activity on the Property.  And finally, Northbrook's employees oversaw the Property for security and safety purposes.


INTERROGATORY NO. 9:

Identify and describe each investigation, audit, review, assessment, or analysis (or the like) of the Property, its operation, and/or its management, whether performed by You or another Person, and identify the Person/s involved in performing the same.

RESPONSE:

Northbrook identifies the criminal trespasses that are being produced. Northbrook also refers Plaintiff to the policies identified in its response to Interrogatory No. 6 above.

INTERROGATORY NO. 10:

Identify and describe any Communications, Documents, and/or information relating to the safety and security of Property guests and staff. The response should include, but not be limited to, identification and description of safety and security assessments, reviews, and/or analyses of the Property.

RESPONSE:

Northbrook states that it consistently had phone conversations with Sergeant W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property. Additionally, Northbrook states that its employees would communicate with one another verbally regarding events that occurred during a shift to the employees working the next shift. Northbrook also refers Plaintiff to the policies identified in its response to Interrogatory No. 6 above.

INTERROGATORY NO. 11:

Identify and describe all Communications, Documents, and/or information relating to Criminal Activity, Prostitution, and/or Sex Trafficking in Hotels generally and/or at the Property specifically.  This response should include, but not be limited to, identification and description of training materials relating to indicators of Criminal Activity, Prostitution, and/or Sex Trafficking, as well as complaints, tips, and/or reports relating to Criminal Activity, Prostitution, and/or Sex Trafficking at the Property.

RESPONSE:

Northbrook identifies the criminal trespasses that are being produced. Additionally, Northbrook refers Plaintiff to the policies identified in its response to Interrogatory No. 6 above.  Further, Northbrook states that it consistently had phone conversations regarding the Property with Sergeant W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property.  Northbrook's employees would also have face-to-face conversations with DeKalb County Police officers relating to Criminal Activity.  Northbrook states that its owner, Tahir Shareef, attended meetings held for the hotel industry by the DeKalb County Police Department, but cannot recall when those meetings took place.  Finally, Northbrook states that its employees were trained on signs to look

11

for relating to Criminal Activity, Prostitution and/or Sex Trafficking. That training was provided verbally by Mr. Shareef and/or Ashar Islam. There are no documents or communications memorialized on paper regarding the aforementioned employee training.

INTERROGATORY NO. 12:

Identify and describe any meetings, trainings, tutorials, curricula, materials, conversations, discussions, presentations, sessions, courses, seminars, conferences, task forces, working groups, and Communications relating to the safety of guests and/or staff at Hotels, Prostitution at Hotels, and/or Sex Trafficking at Hotels, that You attended, prepared, provided, distributed, paid for, ordered, organized, participated in, required, recommended, and/or through which you received or distributed information, including but not limited to the dates thereof as well as the Persons involved.

RESPONSE:

Northbrook states that it consistently had phone conversations regarding the Property with Sergeant W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property. Northbrook's employees would also have face-to-face conversations with DeKalb

12

County Police officers relating to Criminal Activity. Northbrook states that its owner, Tahir Shareef, attended meetings held for the hotel industry by the DeKalb County Police Department, but cannot recall when those meetings took place. Finally, Northbrook states that its employees were trained on signs to look for relating to Criminal Activity, Prostitution and/or Sex Trafficking. That training was provided verbally by Mr. Shareef and/or Ashar Islam. There are no documents or communications memorialized on paper regarding the aforementioned employee training.

INTERROGATORY NO. 13:

Identify and describe any meetings, trainings, tutorials, curricula, materials, conversations, discussions, presentations, sessions, courses, seminars, conferences, task forces, working groups, and Communications relating to the safety of guests and/or staff at the Property, Prostitution at the Property, and/or Sex Trafficking at the Property, that You attended, prepared, provided, distributed, paid for, ordered, organized, participated in, required, recommended, and/or through which you received or distributed information, including but not limited to the dates thereof as well as the Persons involved.

RESPONSE:

Northbrook states that it consistently had phone conversations regarding the Property with Sergeant W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property. Northbrook's employees would also have face-to-face conversations with DeKalb County Police officers relating to Criminal Activity. Northbrook states that its owner, Tahir Shareef, attended meetings held for the hotel industry by the DeKalb County Police Department, but cannot recall when those meetings took place. Finally, Northbrook states that its employees were trained on signs to look for relating to Criminal Activity, Prostitution and/or Sex Trafficking. That training was provided verbally by Mr. Shareef and/or Ashar Islam. There are no documents or communications memorialized on paper regarding the aforementioned employee training.

INTERROGATORY NO. 14:

Please describe how You obtain or obtained revenue, income, profit, or money from or related to the Property, and whether and you are or were obligated to share or pay some portion of that revenue, income, profit, or money with any other Person. If You are or were so obligated, explain why.

14

RESPONSE:

Northbrook objects to Interrogatory No. 14 on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Northbrook further objects to the Interrogatory on grounds that it seeks proprietary commercial information. Subject to the foregoing objections, and expressly without waiving the same, Northbrook states that the revenue from operation of the Property is deposited into Northbrook's bank account. That revenue is used to pay Northbrook's employees. At the end of the fiscal year, if there is any remaining revenue after costs of operation have been accounted for, the remaining revenue is disbursed to Northbrook's owners based on their respective ownership percentage.

INTERROGATORY NO. 15:

Please identify and describe all contracts and/or agreements relating to the Property, including the names of the contracts and/or agreements, the signatories to the contracts and/or agreements, the subject matter of the contracts and/or agreements, and the purpose of the contracts and/or agreements. This answer should include but not be limited to any operating agreement, franchise agreement, management agreement, and so forth.

15

RESPONSE:

Northbrook states that it does not have an operating agreement, franchise agreement or management agreement. Northbrook will produce its corporate by-laws and Articles of Incorporation.

INTERROGATORY NO. 16:

Please identify any Person who held any ownership interest in the Property at any time from January 1, 2014, to December 28, 2020, and describe the interest.

RESPONSE:

Hasimran Sabharwal owns a 19% share of Northbrook Industries, Inc., which owns the Property. Tahir Shareef owns the remaining interest of Northbrook Industries, Inc.

INTERROGATORY NO. 17:

Please identify all documentary or other tangible evidence that you believe demonstrates and/or supports facts relevant to Plaintiff's claims, any relevant fact, liability or damages, and any defenses in this case. If such evidence is not available or no longer in existence for any reason, please explain why.

16

RESPONSE:

Northbrook objects to Interrogatory No. 17 on grounds that it seeks the production of information or materials that are protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative. Subject to the foregoing objections, and expressly without waiving the same, Northbrook refers Plaintiff to its document production, as well as to Plaintiff's document production in this case.

INTERROGATORY NO. 18:

Identify and describe the specific factual basis for each defense or denial in your Answer, including each fact, law, rule, standard, or any other reason whatsoever, that you, your expert, or other witness may rely upon in support of your defenses in this lawsuit.

RESPONSE:

Northbrook objects to Interrogatory No. 18 on grounds that it seeks the production of information or materials that are protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative. Northbrook further objects to the Interrogatory to the extent that it is unduly burdensome, and purports to require

17

disclosure of information that is not required to be disclosed pursuant to the Federal Rules of Civil Procedure.  Northbrook further objects to the Interrogatory because it includes, incorporates or suggests discrete subparts that, along with other interrogatories served by Plaintiff, surpass the maximum number of interrogatories a party may serve under the Federal Rules of Civil Procedure.  Northbrook further objects to the Interrogatory on grounds that it calls for information that is in the sole possession, custody or control of laws enforcement agencies or some other individual or other entity.

Subject to the foregoing objections, and expressly without waiving the same, Northbrook refers Plaintiff to its document production, as well as to Plaintiff's document production in this case.

 /s/ Dana M. Richens
Dana M. Richens
Georgia Bar No. 604429
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia  30309
Telephone:  (404) 815-3659
Facsimile:  (404) 685-6959
drichens@sgrlaw.com

Attorney for Defendant
Northbrook Industries, Inc.
d/b/a United Inn and Suites

18

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this date served all parties with the within and

foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED

INN AND SUITES' RESPONSES TO PLAINTIFF'S FIRST SET OF

CONTINUING INTERROGATORIES** via electronic mail to the following:

> Richard W. Hendrix, Esq.
> rhendrix@finchmccranie.com
>
> David H. Bouchard, Esq.
> david@finchmccranie.com
>
> Jonathan S. Tonge, Esq.
> jtonge@atclasfirm.com
>
> Patrick J. McDonough, Esq.
> pmcdonough@atclawfirm.com

This 11th day of November, 2022.


    */s/ Dana M. Richens*