# Exhibit 3

| | |
|---|---|
| **From:** | David Bouchard |
| **To:** | Will Story; Richens, Dana; Ward, Emily |
| **Subject:** | United Inn & Suites --- 30(b)(6) Deposition and Depositions of Tahir Shareef and Ashar Islam |
| **Date:** | Thursday, February 23, 2023 9:17:00 AM |

Good morning –

I'm following up to memorialize an issue that Will and I briefly discussed yesterday off the record.  Mr. Shareef and Mr. Islam both testified yesterday to the existence of documents that are very likely to be probative of key issues in the lawsuits filed by JG, GW, and AG, but that have not been produced despite discovery requests from each of the plaintiffs seeking such documents.  For purposes of illustration only, both Mr. Shareef and Mr. Islam testified under oath that as of 2017 – 2019 the United Inn & Suites used a Gmail account to send and receive emails relating to the hotel's operations.  No emails from that account have been produced to date despite plaintiffs' respective requests for production that encompass such emails.  To give another example, both Mr. Shareef and Mr. Islam testified to text messages with the officers who provided security at the property for 4 hours per day from 2017 – 2019.  None of those messages have been produced despite plaintiffs' respective requests for production that encompass such texts.  There are other categories of documents that came up yesterday, but the foregoing examples should suffice to make the point.

To avoid any confusion or doubt about what plaintiffs are requesting in discovery (and have previously requested), plaintiffs will serve supplemental discovery requests in each of the three cases related to the new categories of documents disclosed for the first time yesterday.

Based on yesterday's testimony revealing the existence of several new categories of documents that plaintiffs requested months ago but that have not been produced, plaintiffs in each of the three lawsuits against UI&S reserve the right to re-open each of the depositions taken yesterday.  I recognize it may take some time to produce the documents newly disclosed yesterday and plaintiffs will obviously then need time to review them before deciding whether to re-open the depositions.  Depending on the volume of documents that are encompassed by the supplemental requests, we may need to go back to the court to request further extensions of the discovery period.  I think that depends on the volume, which I'll need to hear from you about.

Thanks, and let me know if you'd like to discuss further.

Best regards,

David

**David Bouchard** (Bio)

*Partner*

229 Peachtree Street N.E., Suite 2500

Atlanta, Georgia 30303 **|** T: (404) 658-9070

david@finchmccranie.com