# Exhibit 4a

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| J.G., | : |
| | : |
| **Plaintiff,** | : |
| | : CIVIL ACTION FILE |
| vs. | : |
| | : NO. 1:20-cv-05233-SEG |
| NORTHBROOK INDUSTRIES, | : |
| INC., D/B/A UNITED INN AND | : |
| SUITES, | : |
| | : |
| **Defendant.** | : |

## PLAINTIFF'S FIRST SUPPLEMENTAL SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NORTHBROOK INDUSTRIES INC., D/B/A UNITED INN AND SUITES

Pursuant to Federal Rule of Civil Procedure 26(b) and 34, Plaintiff serves the following First Supplemental Requests for Production of documents upon Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites ("Defendant"). These requests are made subject to and are deemed to include and incorporate the following instructions and definitions.

## DEFINITIONS AND INSTRUCTIONS

a. "And" as well as "or" shall be construed disjunctively or conjunctively to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

b. The use herein of the singular form of any noun or pronoun shall include, where appropriate, the plural thereof; the use herein of the masculine gender shall include, where appropriate, the feminine.

c. The terms "record," "reflect," "relate," "regard," and "concern," and derivations and synonyms thereof, are intended to have the broadest possible scope so that all Documents, including drafts, are included if they in any way constitute, contain, pertain to, or mention the indicated subject or Document. Whenever a Document provides part, but less than all, of the information requested, such Document should be produced along with all other related Documents.

d. "Communication," whether singular or plural, includes but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephone conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or written intercourse, however transmitted. Any transmission of information between or among persons, whether oral or written, constitutes a "Communication."

e. "Identify" or the "identity" of, when used in reference to a *person* means: (i) the applicable date(s); (ii) to state the person's full name, and any and all

assumed names or former names; (iii) to state the person's last known principal business address and telephone number, and, if no business address is available, residence address and phone number; and (iv) if an individual, to state the name and address of the person's employer, the person's job title and job description at all times pertinent to the pending action, including any changes therein and dates thereof.

f. "Identify" or the "identity" of, when used in reference to *events* means: (i) to state the date, time and location of the event; (ii) to state all participants and observers; and (iii) to describe the event.

g. "Identify" or the "identity" of, when used in reference to **Documents** means: (i) the Bates Number range of the document, if available; or if not, (ii) sufficient information to identify the document based on its date, title, author, recipients, or other identifying information.

h. "Document" or "Documents" is used in the broadest and most expansive sense permissible under Federal Rule of Civil Procedure 34 and includes and refers to, without limitation: all writings and things of any nature by which information may be stored or communicated, including originals and all non-identical copies and drafts thereof, in your possession, custody, or control, regardless of where located, including without limitation contracts,

agreements, memoranda, notes, correspondence, letters, e-mails, communications, telegrams, teletypes, telecopies, transmissions, messages (including, but not limited to, records, reports, or memoranda of telephone calls and conversations), reports, studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda, bulletins, notices, circulars, announcements, instructions, charts, tables, manuals, brochures, schedules, price lists, records, orders, invoices, statements, bills, books of account, ledgers, statistical, accounting, and financial statements, forecasts, work papers, notebooks, data sheets, translations, photographs, drawings, tape recordings, computer-stored information which can be retrieved or placed into reasonably usable form, written communications and written evidence of oral communications, and any other "document" from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

i. "Person(s)" means any natural person or any business, legal, or government entity or association.

j. "Complaint" refers to the Complaint for Damages filed in the instant action, *J.G. v. Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites*, No. 1:20-cv-05233-MLB, ECF. No. 1 (Dec. 28, 2020).

k. "Criminal Activity" means any activity in violation of criminal laws, whether federal, state, or local.  This would include but not be limited to Sex Trafficking (18 U.S.C. § 1591 and/or O.C.G.A. § 16-5-46), Prostitution (O.C.G.A. § 16-6-9), False Imprisonment (O.C.G.A. § 16-5-41), Battery (O.C.G.A. § 16-5-23.1), Pimping (O.C.G.A. § 16-6-11), Pandering (O.C.G.A. § 16-6-12), and Keeping a Place of Prostitution (O.C.G.A. § 16-6-10).

l. "Hotel/s" means any commercial establishment, business, and/or location that provides lodging for members of the public in exchange for a fee, including, but not limited to, inns and motels.  For example, the Property.

m. "Property" refers to the United Inn & Suites, located at 4649 Memorial Dr., Decatur, GA 30032.

n. "Prostitution" means any conduct in violation of O.C.G.A. § 16-6-9.

o. "Sex Trafficking" means any conduct in violation of 18 U.S.C. § 1591 and/or O.C.G.A. § 16-5-46.

p. "You" and "Your" means Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites, individually, or any person(s) acting or purporting to act in any manner on its behalf, including but not limited to employees, agents, representatives, managers, owners, officers, directors, investors, and the like (excluding attorneys).

q. Unless otherwise explicitly stated, the period applicable to these requests is January 1, 2014, to December 28, 2020.

r. The present tense shall be construed to include the past tense and vice versa.

s. Please copy each Request and set forth your response beneath each Request or sub-part thereof.

t. If, while responding to these Requests, you encounter any ambiguity in a Request, a definition, or an instruction relevant to a Request, please explain what you find to be ambiguous and what construction you used in providing your answer.

u. These Requests seek electronic records, including, but not limited to, email, texts, instant messages, voicemails or voice recordings, word processing documents, PowerPoint files and Excel spreadsheets. You shall produce all such records regardless of whether they are maintained or stored on an active, storage, or archived system. Thus, these requests specifically include, but are

not limited to, active, near-line and off-line electronic records, as well as electronic records stored on back-up tapes, floppy disc, compact disc, disaster tapes, magnetic tapes or any other mediumused to store or archive email. These requests also specifically include "deleted" emails that can be retrieved. Finally, these requests seek metadata. Please produce all electronic records in their native form.

v. If any document or information sought by any Request herein is withheld because you claim that such document or information is protected from discovery by the attorney work product doctrine or by any privilege, state the following with respect to such information: (i) the applicable date(s); (ii) the identity(ies) of the author(s) or maker(s), including the business or legal title(s) or position(s); (iii) the identity(ies) of the recipient(s), including business or legal title or position; (iv) the subject matter(s); (v) the identity(ies) of all other persons who received copies or otherwise learned of the communication; and (vi) the specific factual basis of the claimed privilege or other protection from discovery.

w. If any Document, Electronically Stored Information, and/or Tangible Thing, *see* Fed. R. Civ. P. 34, which you would have produced in response to a Request was, but is no longer, in your present possession or subject to your

7

control or is no longer in existence, please state whether any such Document, Electronically Stored Information, and/or Tangible Thing is: (a) missing or lost; (b) destroyed; (c) transferred to others; or (d) otherwise disposed of. In any such instance set forth the surrounding circumstances and any authorization for such disposition and state the approximate date of any such disposition, and, if known, state the present location and custodian of such Document, Electronically Stored Information, and/or Tangible Thing.

x. All documents produced in response to these Requests shall be Bates numbered or given a unique production identifier ("UPI") for identification purposes and produced with a load file with OCR and paginated on a document level (*e.g.*, multi-page .TIFFs).

y. Any request for "e-mails" means both the e-mail and the documents attached to that e-mail.

z. If you object to any part of a Request, please set forth the basis for your objection and respond to all parts of the Request to which you do not object.

aa. These Requests are continuing in nature, up to and during the course of trial. In the event that you obtain any additional information that is responsive to these Requests, please timely supplement your response to each such Request.

If you withhold any information based on attorney-client privilege, attorney work-product, or any other privilege or protection, please provide a privilege log that provides specific reasons for the withholding of the same information and describes whether that reason applies to the entire document or only a portion of the document.

# FIRST SUPPLEMENTAL REQUESTS FOR PRODUCTION

1.

Please produce all Documents and information You and/or Your owners, agents, employees, or representatives received at any hospitality trainings, hospitality conferences, or hospitality meetings, including but not limited to Documents and information received at meetings with Dekalb County authorities.

2.

Please produce all text messages that You and/or Your owners, agents, employees, or representatives sent to or received from Officer Webber, Officer McClelland, and/or any other officers or guards who provided security services at the Property at any point during the period January 1, 2017 - December 31, 2019.

3.

Please produce all text messages that You and/or Your owners, agents, employees, or representatives sent or received during the period January 1, 2017 - December 31, 2019 relating to the Property.

4.

Please produce all emails and attachments sent from or sent to Your email address that refer or relate to safety, security, crime, commercial sex, prostitution, sex trafficking, law enforcement, code requirements, code violations, customer

10

reviews, hospitality standards, hospitality associations, and/or training. *[The response to this Request should include emails and attachments sent from or sent to <u>unitedinn4649@gmail.com</u> as well as any other email addresses You or Your owners, agents, employees, or representatives used to conduct Your business.]*

5.

Please produce all payroll Documents and information relating or referring to persons who worked at the Property for any portion of the period January 1, 2017 through December 31, 2019, regardless of whether those persons were employees, independent contractors, or otherwise. *[The response to this Request should include but not be limited to K-1s, W-2s, 1099s, and other formal payroll documentation.]*

6.

Please produce all Documents and information relating to reviews performed prior to hiring any of the persons who worked at the Property for any portion of the period January 1, 2017 through December 31, 2019, regardless of whether those persons were employees, independent contractors, or otherwise. *[The response to this Request should include but not be limited to criminal history checks, background checks, and the like.]*

11

7.

Please produce all Documents and information relating or referring to any of the following names, Quinton Antwan Bush, Quinton Bush, Quinton Antwan, Antwan Bush, and/or Bush, including but not limited to Documents and information relating to rooms reserved at the Property.

8.

Please produce all Documents and information relating or referring to any of the following names, Raevyn Rustemeyer-Broncheau, Raevyn Rustemeyer, Raevyn Broncheau, Rustemeyer-Broncheau, Rustemeyer, and/or Broncheau, including but not limited to Documents and information relating to rooms reserved at the Property.

9.

Please produce all Documents and information relating or referring to any of the following names, Endco Corey Forrest, Endco Corey, Endco Forrest, Corey Forrest, Endco, and/or Forrest, including but not limited to Documents and information relating to rooms reserved at the Property.

10.

Please produce all Documents and information relating or referring to Victoria Thomas, including but not limited to Documents and information relating to rooms reserved at the Property.

11.

Please produce all Documents and information relating or referring to Keiron Perry, including but not limited to Documents and information relating to rooms reserved at the Property.

12.

Please produce all Documents and information relating or referring to rental of room 117 in 2018, including but not limited to room reservation Documents and information.

13.

Please produce all Documents and information relating or referring to rental of room 145 in 2018, including but not limited to room reservation Documents and information.

14.

Please produce all Documents and information relating or referring to Your business licenses with any government entity (e.g., state, city, county, etc.) for the years 2017 – 2019.

15.

Please produce all Documents You and/or Your owners, agents, employees, or representatives provided to and/or received from banks, lenders, and/or financial institutions in an effort to obtain financing, loans, and/or monetary funds in connection with the Property.

16.

Please produce all Documents referring or relating to loans made to You and/or Your owners, agents, employees, or representatives for the benefit of the Property, including but not limited to loan agreements, promissory notes, credit statements, and statements of debt.

17.

Please produce all Your financial statements for 2017 – 2019.

18.

Please produce all Your check register/s for 2017 – 2019.

19.

Please produce the partnership agreement between Your owners, Mr. Shareef and Mr. Sabharwal.

20.

Please produce AS&TS's bylaws.

Respectfully submitted this 24th day of February, 2023.

                                                    */s/ David H. Bouchard*
                                                    Richard W. Hendrix
                                                    rhendrix@finchmccranie.com
                                                    Georgia Bar No. 346750
                                                    David H. Bouchard
                                                    david@finchmccranie.com
                                                    Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

                                                    */s/ Patrick J. McDonough*
                                                    Patrick J. McDonough
                                                    pmcdonough@atclawfirm.com
                                                    Georgia Bar No. 489855
                                                    Jonathan S. Tonge
                                                    jtonge@atclawfirm.com
                                                    Georgia Bar No. 303999

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on today's date I electronically served the foregoing document, PLAINTIFF'S FIRST SUPPLEMENTAL SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NORTHBROOK INDUSTRIES, INC. D/B/A UNITED INN & SUITES, to the following counsel of record via email based on the parties' prior agreement to accept service of written discovery via email:

**Attorneys for Defendant Northbrook Industries, Inc.,
d/b/a United Inn and Suites**
Dana M. Richens
Smith, Gambrell & Russell, LLP
1105 W. Peachtree St. N.E., Suite 1000
Atlanta, Georgia 30309

Dated: This 24th day of February, 2023.

/s/ David H. Bouchard
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorneys for Plaintiff*

17