# Exhibit 7

**From:** David Bouchard
**Sent time:** 03/28/2023 09:18:32 AM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Good morning, Dana—

The deadline for your client to respond to the discovery requests served on February 24, 2023 (see below) was yesterday.  I have not received documents responsive to the requests, and you did not ask me for an extension of time for your client to respond.  In other words, the deadline has passed and your client has not produced the required documents.  Making matters worse, your written responses to the first supplemental requests for production of documents say, as your clients admitted in February 2023, that the requested documents exist and are in your client's possession.  Indeed, you say that your client "will produce" various categories of documents but do not say when such production/s will occur.

As I've conveyed on multiple occasions in writing, the documents requested in JG's first supplemental requests for production in February 2023 were requested in discovery requests served in August 2022.  When your client did not produce the requested documents in response to those August 2022 requests, I understood they did not exist.  But in February 2023 your client and your client's owner and manager testified in their respective depositions that the requested documents do exist and are in their possession.  Based on that testimony, and to avoid confusion about what documents Plaintiff was still seeking, I served supplemental requests for production in February 2023, and explicitly stated that the supplemental requests were duplicative of the requests served in August 2022.

At this point numerous categories of relevant documents requested in August 2022 have not been produced without explanation and are long overdue.  My patience is wearing thin and I will move forward promptly with the court's procedure for handling noncompliance with discovery obligations if you do not update me forthwith on your client's plan to produce the documents requested in August 2022 and then again in February 2023 after your client and your client's owner and manager disclosed for the first time in their depositions in February 2023 that certain documents existed that had been requested in August 2022 but not produced.

Best regards,

David

**David Bouchard** (Bio)
*Partner*



229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

---

**From:** Melissa Millen <mmillen@finchmccranie.com>
**Sent:** Friday, February 24, 2023 5:50 PM
**To:** Richens, Dana <drichens@sgrlaw.com>
**Cc:** David Bouchard <david@finchmccranie.com>; Richard Hendrix <rhendrix@finchmccranie.com>; Pat McDonough <pmcdonough@atclawfirm.com>; jtonge@atclawfirm.com; Alexis O. Digiorgio <adigiorgio@atclawfirm.com>; Rebecca Osborn <bwebb@atclawfirm.com>; Teresa Scarberry <tscarber@atclawfirm.com>
**Subject:** J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Good afternoon Ms. Richens:

On behalf of Plaintiff J.G., please see the attached service copies of **Plaintiff's First Supplemental Set of Continuing Interrogatories to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites and Plaintiff's First Supplemental Set of Requests for Production of Documents to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites**.

Thank you,

*PLEASE NOTE OUR NEW ADDRESS!*

Melissa Millen
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500, International Tower
Atlanta, Georgia 30303
(o) 404-658-9070

(f) 404-688-0649
mmillen@finchmccranie.com