# Exhibit 8

**From:** David Bouchard
**Sent time:** 03/29/2023 06:11:22 PM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Good evening, Dana—My email below mistakenly references Judge Brown's standing order. I should have referenced Judge Geraghty's standing order, since she is now presiding over the case. Her standing order does not explicitly require a telephonic or in-person conference prior to asking the court to intervene in a discovery dispute. I believe we have conferred in good faith at this point. Nonetheless, please let me know when you're available tomorrow to talk by phone about the issues I have raised in my prior emails. I'm planning to reach out to the court on Friday at the latest to address these discovery matters, barring some fundamental change in your client's position. Thanks.

Best regards,

David

**David Bouchard** (Bio)
*Partner*



229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** David Bouchard
**Sent:** Wednesday, March 29, 2023 3:07 PM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Good afternoon, Dana—

I do not agree with your conclusion that Court intervention is not needed.

Your email indicates that your client is continuing to, at best, drag its feet in discovery, and at worst, simply ignore its discovery obligations. The documents that are the subject matter of JG's February 2023 supplemental requests (and that were due on Monday) were originally requested in August 2022. In other words, they were due more than 6 months ago. When they weren't produced in response to the August 2022 discovery requests, I understood they didn't exist. I presumed good faith. I presumed appropriate diligence—i.e., I understood your client had exercised the requisite diligence with the assistance of its counsel to respond fully and completely to Plaintiff's properly served discovery requests. When your client and client's owner and manager testified in February 2023 that many categories of requested documents in August 2022 do exist notwithstanding the fact that they had not been produced, your client (at your direction) should have undertaken prompt efforts to produce the documents previously requested in August 2022 as expeditiously as possible. I sent an email to that effect the day after the February 2023 depositions. The day after that, I sent supplemental requests for production of documents requesting (again) all the documents previously requested in August 2022 that were not produced as they should have been in 2022. And yet, here we are, two days after the documents were due again (this time in response to the February 2023 supplemental requests) and three days before discovery is set to close, and they are still not produced.

Your email says the "current plan" is to "extract" information "responsive to the outstanding requests" "next week," and that you "will produce documents as soon as possible thereafter." Based on the foregoing timeline, I have little confidence in your client's good faith in discovery or attention to court-imposed deadlines. I have seen, time and again, evidence of your client's disregard of plain, unambiguous discovery requirements. I am not asking for much here, just that documents we've requested pursuant to properly served requests for production be produced in a timely fashion. There is no explanation in your email for why the "current plan" was not set in motion in August 2022 when the original requests for production were received. Or on the day of your client's depositions in February 2023 based on their testimony. Or the day after when I emailed about the documents. Or the day after that when I sent supplemental requests for production. Or in the following weeks when I've sent repeated emails about overdue documents. The "current plan" is not even scheduled to go into motion until more than a week after the documents are due, and after discovery closes. More worrying, I received no advance notice of this plan until I emailed you about your client's failure to properly respond to the supplemental discovery requests, and I never received a request for my consent to this "plan," as if the rules in the FRCP and the Court's discovery deadlines are not enforceable and real. Your email also ignores that many of the documents requested in August 2022 and again in February 2023 that have still not been produced have nothing to do with your client's emails and text messages. For example only, payroll records, records from Dekalb County trainings, and so forth and so on (there are other categories of documents that I am not going to itemize again here, but that are laid out in both sets of prior requests for production of documents).

In light of the foregoing, I do not agree that Court intervention is not needed. It is needed. It is evident from your response

that your clients still not taking its discovery obligations seriously, which is consistent with your client's lack of seriousness in responding to the original discovery requests in August 2022 and in the months thereafter.

To comply with Judge Brown's procedure for addressing discovery conflicts, we need to confer by phone. Please let me know your availability to talk tomorrow morning. Thank you.

Best regards,

David

**David Bouchard** (Bio)
*Partner*



229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

---

**From:** Richens, Dana <DRICHENS@sgrlaw.com>
**Sent:** Wednesday, March 29, 2023 7:59 AM
**To:** David Bouchard <david@finchmccranie.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

David,

Good morning, and thank you for your email.

I realize I owe you an email on the subject matter of your email, so my apologies for that. By way of update, I have made arrangements to extract from my clients' devices the emails and text messages that are responsive to the outstanding requests. The current plan is for that to happen next week. We will produce documents as soon as possible thereafter, although without knowing the volume of documents I can't give you a date certain for production. I will plan to check back in with you on timing once we've done the extraction and have a sense of the volume of materials to be produced.

In any event, I'll plan to check in with you again next week with an update. Court intervention will not be needed.

Let me know if you need anything else at this time.

Dana

**Dana M. Richens**
*Partner*



**p** | 404-815-3659
**f** | 404-685-6959
**e** | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
https://link.edgepilot.com/s/0152fe68/HUrBIh5TAk_cJD9LOwwktA? | vCard
u=http://www.sgrlaw.com/

---

**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Tuesday, March 28, 2023 9:19 AM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning, Dana—

The deadline for your client to respond to the discovery requests served on February 24, 2023 (see below) was yesterday. I have not received documents responsive to the requests, and you did not ask me for an extension of time for your client to respond. In other words, the deadline has passed and your client has not produced the required documents. Making matters

worse, your written responses to the first supplemental requests for production of documents say, as your client admitted in February 2023, that the requested documents exist and are in your client's possession. Indeed, you say that your client "will produce" various categories of documents but do not say when such production/s will occur.

As I've conveyed on multiple occasions in writing, the documents requested in JG's first supplemental requests for production in February 2023 were requested in discovery requests served in August 2022. When your client did not produce the requested documents in response to those August 2022 requests, I understood they did not exist. But in February 2023 your client and your client's owner and manager testified in their respective depositions that the requested documents do exist and are in their possession. Based on that testimony, and to avoid confusion about what documents Plaintiff was still seeking, I served supplemental requests for production in February 2023, and explicitly stated that the supplemental requests were duplicative of the requests served in August 2022.

At this point numerous categories of relevant documents requested in August 2022 have not been produced without explanation and are long overdue. My patience is wearing thin and I will move forward promptly with the court's procedure for handling noncompliance with discovery obligations if you do not update me forthwith on your client's plan to produce the documents requested in August 2022 and then again in February 2023 after your client and your client's owner and manager disclosed for the first time in their depositions in February 2023 that certain documents existed that had been requested in August 2022 but not produced.

Best regards,

David

**David Bouchard** (Bio)
*Partner*



229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

---

**From:** Melissa Millen <mmillen@finchmccranie.com>
**Sent:** Friday, February 24, 2023 5:50 PM
**To:** Richens, Dana <drichens@sgrlaw.com>
**Cc:** David Bouchard <david@finchmccranie.com>; Richard Hendrix <rhendrix@finchmccranie.com>; Pat McDonough <pmcdonough@atclawfirm.com>; jtonge@atclawfirm.com; Alexis O. Digiorgio <adigiorgio@atclawfirm.com>; Rebecca Osborn <bwebb@atclawfirm.com>; Teresa Scarberry <tscarber@atclawfirm.com>
**Subject:** J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Good afternoon Ms. Richens:

On behalf of Plaintiff J.G., please see the attached service copies of **Plaintiff's First Supplemental Set of Continuing Interrogatories to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites and Plaintiff's First Supplemental Set of Requests for Production of Documents to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites**.

Thank you,

*PLEASE NOTE OUR NEW ADDRESS!*

Melissa Millen
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500, International Tower
Atlanta, Georgia 30303
(o) 404-658-9070
(f) 404-688-0649
mmillen@finchmccranie.com


Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.