# Exhibit 9

| | |
|---|---|
| **From:** | David Bouchard |
| **Sent time:** | 03/31/2023 12:16:43 PM |
| **To:** | Richens, Dana <DRICHENS@sgrlaw.com> |
| **Subject:** | RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents |
| **Attachments:** | 2023-03-31 (JG Draft Proposed Scheduling Order).docx    2023-03-31 (JG Draft Motion for Discovery Extension and Proposed Scheduling Order).docx |

Good afternoon, Dana—

Thank you for talking with me yesterday afternoon by phone. Further to that conversation, I agree to give United Inn & Suites until April 21, 2023 to respond fully and completely to all previously served discovery requests, which of course includes producing all documents responsive to those requests. That is the final deadline by which United Inn & Suites must fully and completely produce responsive documents. As I indicated, if United & Suites does not meet the April 21st deadline, then I will proceed with seeking court intervention. As I detailed in my emails below, and in our phone call yesterday, we have faced ongoing problems with United Inn & Suites during discovery. This final extension to April 21, 2023 is my last effort to accommodate United Inn & Suites in discovery.

I have attached a motion to extend the fact discovery period for the Plaintiff and the expert discovery period for the parties that needs to be filed today. Please let me know if I can file this as an unopposed motion. Thanks, Dana.

Best regards,

David

**David Bouchard** (Bio)
*Partner*



229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

---

**From:** Richens, Dana <DRICHENS@sgrlaw.com>
**Sent:** Thursday, March 30, 2023 5:24 AM
**To:** David Bouchard <david@finchmccranie.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Will do, David. Have a good day.

Dana

---

**Dana M. Richens**
*Partner*

p | 404-815-3659
f | 404-685-6959
e | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
https://link.edgepilot.com/s/bffa755a/OERkpU_hA0aojS6UoSpJXw? | vCard
u=http://www.sgrlaw.com/



---

**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Wednesday, March 29, 2023 9:41 PM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** Re: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dana—I should be available at 4:30pm tomorrow. Please call my cell: 917.886.5185. Thanks.

Best regards,

David H. Bouchard
Partner
Finch McCranie LLP
https://link.edgepilot.com/s/d2b03c73/IyCnKs-whUu87T5tSFR_fA?u=https://www.finchmccranie.com/amp/david-bouchard.html

On Mar 29, 2023, at 6:48 PM, Richens, Dana <DRICHENS@sgrlaw.com> wrote:

David, I'm happy to talk to you. Indeed, I think it is a good idea, as I think you have misconstrued my email of this morning. Intended to tell you exactly what I'm doing to address your outstanding discovery—including your recent list of search terms that you want run, which I'm happy to do, but which takes time—you instead have come away with the conclusion that either my client or I is stonewalling. That is simply not the case. So, yes, I think a conversation is very much in order.

I've got a morning appointment that will run through early afternoon, then I have a 2:30 call. So, I'd be happy to speak with you at 8:30 a.m., or at 3:30 p.m. or thereafter. Please let me know what time to call and where to reach you, as I'll be calling from my cell phone.

Thanks very much.

Dana

**Dana M. Richens**
*Partner*

| | |
|---|---|
| p | 404-815-3659 |
| f | 404-685-6959 |
| e | DRICHENS@sgrlaw.com |
| 1105 W. Peachtree St. NE \| Suite 1000 \| Atlanta, GA 30309 | |
| https://link.edgepilot.com/s/2e744d23/n7ChofB7EE6cTONMInzlNA?u=http://www.sgrlaw.com/ | \| vCard |

**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Wednesday, March 29, 2023 6:11 PM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good evening, Dana—My email below mistakenly references Judge Brown's standing order. I should have referenced Judge Geraghty's standing order, since she is now presiding over the case. Her standing order does not explicitly require a telephonic or in-person conference prior to asking the court to intervene in a discovery dispute. I believe we have conferred in good faith at this point. Nonetheless, please let me know when you're available tomorrow to talk by phone about the issues I have raised in my prior emails. I'm planning to reach out to the court on Friday at the latest to address these discovery matters, barring some fundamental change in your client's position. Thanks.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
<image004.png>

229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303  |  T: (404) 658-9070
david@finchmccranie.com

**From:** David Bouchard
**Sent:** Wednesday, March 29, 2023 3:07 PM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Good afternoon, Dana—

I do not agree with your conclusion that Court intervention is not needed.

Your email indicates that your client is continuing to, at best, drag its feet in discovery, and at worst, simply ignore its discovery obligations. The documents that are the subject matter of JG's February 2023 supplemental requests (and that were due on Monday) were originally requested in August 2022. In other words, they were due more than 6 months ago. When they weren't produced in response to the August 2022 discovery requests, I understood they didn't exist. I presumed good faith. I presumed appropriate diligence—i.e., I understood your client had exercised the requisite diligence with the assistance of its counsel to respond fully and completely to Plaintiff's properly served discovery requests. When your client and client's owner and manager testified in February 2023 that many categories of requested documents in August 2022 do exist notwithstanding the fact that they had not been produced, your client (at your direction) should have undertaken prompt efforts to produce the documents previously requested in August 2022 as expeditiously as possible. I sent an email to that effect the day after the February 2023 depositions. The day after that, I sent supplemental requests for production of documents requesting (again) all the documents previously requested in August 2022 that were not produced as they should have been in 2022. And yet, here we are, two days after the documents were due again (this time in response to the February 2023 supplemental requests) and three days before discovery is set to close, and they are still not produced.

Your email says the "current plan" is to "extract" information "responsive to the outstanding requests" "next week," and that you "will produce documents as soon as possible thereafter." Based on the foregoing timeline, I have little confidence in your client's good faith in discovery or attention to court-imposed deadlines. I have seen, time and again, evidence of your client's disregard of plain, unambiguous discovery requirements. I am not asking for much here, just that documents we've requested pursuant to properly served requests for production be produced in a timely fashion. There is no explanation in your email for why the "current plan" was not set in motion in August 2022 when the original requests for production were received. Or on the day of your client's depositions in February 2023 based on their testimony. Or the day after when I emailed about the documents. Or the day after that when I sent supplemental requests for production. Or in the following weeks when I've sent repeated emails about overdue documents. The "current plan" is not even scheduled to go into motion until more than a week after the documents are due, and after discovery closes. More worrying, I received no advance notice of this plan until I emailed you about your client's failure to properly respond to the supplemental discovery requests, and I never received a request for my consent to this "plan," as if the rules in the FRCP and the Court's discovery deadlines are not enforceable and real. Your email also ignores that many of the documents requested in August 2022 and again in February 2023 that have still not been produced have nothing to do with your client's emails and text messages. For example only, payroll records, records from Dekalb County trainings, and so forth and so on (there are other categories of documents that I am not going to itemize again here, but that are laid out in both sets of prior requests for production of documents).

In light of the foregoing, I do not agree that Court intervention is not needed. It is needed. It is evident from your response that your client is still not taking its discovery obligations seriously, which is consistent with your client's lack of seriousness in responding to the original discovery requests in August 2022 and in the months thereafter.

To comply with Judge Brown's procedure for addressing discovery conflicts, we need to confer by phone. Please let me know your availability to talk tomorrow morning. Thank you.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
<image004.png>

229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** Richens, Dana <DRICHENS@sgrlaw.com>

**Sent:** Wednesday, March 29, 2023 9:59 AM
**To:** David Bouchard <david@finchmccranie.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

David,

Good morning, and thank you for your email.

I realize I owe you an email on the subject matter of your email, so my apologies for that. By way of update, I have made arrangements to extract from my clients' devices the emails and text messages that are responsive to the outstanding requests. The current plan is for that to happen next week. We will produce documents as soon as possible thereafter, although without knowing the volume of documents I can't give you a date certain for production. I will plan to check back in with you on timing once we've done the extraction and have a sense of the volume of materials to be produced.

In any event, I'll plan to check in with you again next week with an update. Court intervention will not be needed.

Let me know if you need anything else at this time.

Dana


**Dana M. Richens**
*Partner*

p | 404-815-3659
f | 404-685-6959
e | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
https://link.edgepilot.com/s/0152fe68/HUrBIh5TAk_cJD9LOwwktA?u=http://www.sgrlaw.com/    | vCard

---

**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Tuesday, March 28, 2023 9:19 AM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning, Dana—

The deadline for your client to respond to the discovery requests served on February 24, 2023 (see below) was yesterday. I have not received documents responsive to the requests, and you did not ask me for an extension of time for your client to respond. In other words, the deadline has passed and your client has not produced the required documents. Making matters worse, your written responses to the first supplemental requests for production of documents say, as your clients admitted in February 2023, that the requested documents exist and are in your client's possession. Indeed, you say that your client "will produce" various categories of documents but do not say when such production/s will occur.

As I've conveyed on multiple occasions in writing, the documents requested in JG's first supplemental requests for production in February 2023 were requested in discovery requests served in August 2022. When your client did not produce the requested documents in response to those August 2022 requests, I understood they did not exist. But in February 2023 your client and your client's owner and manager testified in their respective depositions that the requested documents do exist and are in their possession. Based on that testimony, and to avoid confusion about what documents Plaintiff was still seeking, I served supplemental requests for production in February 2023, and explicitly stated that the supplemental requests were duplicative of the requests served in August 2022.

At this point numerous categories of relevant documents requested in August 2022 have not been produced without explanation and are long overdue. My patience is wearing thin and I will move forward promptly with the court's procedure for handling noncompliance with discovery obligations if you do not update me forthwith on your client's plan to produce the documents requested in August 2022 and then again in February 2023 after your client and your client's owner and manager disclosed for the first time in their depositions in February 2023 that certain documents existed that had been requested in August 2022 but not produced.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
<image007.png>

229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 **|** T: (404) 658-9070
david@finchmccranie.com

---

**From:** Melissa Millen <mmillen@finchmccranie.com>
**Sent:** Friday, February 24, 2023 5:50 PM
**To:** Richens, Dana <drichens@sgrlaw.com>
**Cc:** David Bouchard <david@finchmccranie.com>; Richard Hendrix <rhendrix@finchmccranie.com>; Pat McDonough <pmcdonough@atclawfirm.com>; jtonge@atclawfirm.com; Alexis O. Digiorgio <adigiorgio@atclawfirm.com>; Rebecca Osborn <bwebb@atclawfirm.com>; Teresa Scarberry <tscarber@atclawfirm.com>
**Subject:** J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Good afternoon Ms. Richens:

On behalf of Plaintiff J.G., please see the attached service copies of **Plaintiff's First Supplemental Set of Continuing Interrogatories to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites and Plaintiff's First Supplemental Set of Requests for Production of Documents to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites**.

Thank you,

*PLEASE NOTE OUR NEW ADDRESS!*

Melissa Millen
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500, International Tower
Atlanta, Georgia 30303
(o) 404-658-9070
(f) 404-688-0649
mmillen@finchmccranie.com


Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.


Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.


Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **J.G.,**  **Plaintiff,**  v.  **NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES**  **Defendants.** | **Civil Action File No. 1:20-cv-05233-SEG** |

## PLAINTIFF J.G.'S UNOPPOSED MOTION FOR PROPOSED SECOND MODIFIED SCHEDULING ORDER

Plaintiff J.G. hereby files this motion asking this Court to adopt the proposed second modified scheduling order attached as Exhibit A, which order Defendant does not oppose. In support, Plaintiff shows the following:

1. On December 16, 2022, this Court entered an Amended Scheduling Order ("Order"). (Doc. 51). That Order provides, among other things, that the fact discovery period in this case shall end on March 31, 2023, and that expert discovery shall end on June 16, 2023.

2. To understand Plaintiff's request for a second modified scheduling order, some brief background on the discovery to date is important. On September

22, 2022, Plaintiff served her initial written discovery requests on Defendant United Inn & Suites, including requests for production of documents, requests for admissions, and interrogatories. Those requests sought various categories of documents, including documents related to hotel security, crime, training, and payroll records, among others.

3. Defendant responded to those discovery requests by, among other things, producing certain documents.

4. On February 22, 2023, Plaintiff took the depositions of Defendant United Inn & Suites's 30(b)(6) representative, owner, and manager pursuant to properly served deposition notices. During those depositions, Plaintiff's undersigned counsel learned that various categories of relevant documents that Plaintiff had requested in her September 22, 2022, written discovery requests were in Defendant's possession but had not been produced despite Plaintiff's properly served requests. For example, Plaintiff learned that Defendant possessed numerous documents related to hotel security, crime, training, and payroll records, among others, that had not been produced to Plaintiff.

5. On February 23, 2023, Plaintiff emailed Defendant's counsel requesting production of those newly disclosed documents responsive to Plaintiff's September 22, 2022, requests.

6. On February 24, 2023, Plaintiff served Defendant with supplemental requests for production of documents and supplemental interrogatories asking Defendant (for a second time) to produce the documents and information newly disclosed during the February 23, 2023, depositions that had also been requested through the earlier September 22, 2022, discovery requests.

7. On March 27, 2023, which was Defendant's deadline to respond to Plaintiff's supplemental discovery requests, Defendant served Plaintiff with written discovery responses saying in relevant part that it "will produce" the relevant documents that were originally requested through the September 22, 2022, written discovery requests.

8. From March 28 through March 30, 2023, Plaintiff's undersigned counsel and Defendant's undersigned counsel conferred via email and telephone about Defendant's failure to produce the requested documents in response to Plaintiff's repeated discovery requests. The parties also conferred about the challenges Plaintiff has faced obtaining discoverable information from Defendant.

9. During a telephonic discovery conference on March 30, 2023, Plaintiff agreed to give Defendant until April 21, 2023, to respond fully and completely to all of Plaintiff's previously served discovery requests, which of course includes producing all responsive documents not yet produced.

10. Considering the foregoing, Plaintiff respectfully requests that the Court adopt the proposed second modified scheduling order that is attached hereto as "Exhibit A." As outlined in Exhibit A, Plaintiff would have until May 31, 2023, to complete fact discovery, and the parties will have until July 14, 2023, to complete expert discovery.

11. The requested extension of the fact discovery period is appropriate because Defendant has agreed to produce the outstanding documents previously requested by Plaintiff by April 21, 2023, and Plaintiff will need additional time to review the same documents after they are produced, to prepare for necessary additional depositions and/or to serve additional written discovery, and to schedule and conduct additional depositions of Defendant's employees and third parties (or to re-open depositions Plaintiff previously took).

12. The requested extension of the expert discovery period is warranted because the parties expect that discussions relating to the possibility of resolving the case will be greatly furthered by fact discovery alone, which may render the time and expense associated with expert discovery unnecessary and wasteful. Consequently, the parties support tiered discovery (a fact discovery period to be followed by an expert discovery period), which means shifting the fact discovery deadline should proportionately shift the expert discovery deadline.

13. Rule 26(d) gives the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d); *see e.g. Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Here, the modified discovery period set forth in Exhibit A will provide Plaintiff with the opportunity to complete necessary fact discovery and for the parties to complete necessary fact discovery.

14. Plaintiff's undersigned counsel has conferred with Defendant's counsel and understands that Defendant's counsel does not oppose the proposed second modified scheduling order.

Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Proposed Second Modified Scheduling Order. A Proposed Order is attached hereto as "Exhibit A."

Respectfully submitted this 31st day of March, 2023.

                              **FINCH McCRANIE, LLP**

                              */s/ David H. Bouchard*
                              Richard W. Hendrix
                              rhendrix@finchmccranie.com
                              Georgia Bar No. 346750
                              David H. Bouchard
                              david@finchmccranie.com
                              Georgia Bar No. 712859

FINCH McCRANIE, LLP
225 Peachtree Street NE
1700 South Tower
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

                                    **ANDERSON, TATE, & CARR, P.C.**

                                    */s/ Patrick J. McDonough*
                                    Jonathan S. Tonge
                                    jtonge@atclawfirm.com
                                    Georgia Bar No. 303999
                                    Patrick J. McDonough
                                    pmcdonough@atclawfirm.com
                                    Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

                                    ***Attorneys for the Plaintiff***

6

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing **MOTION FOR SECOND PROPOSED SCHEDULING ORDER** has been prepared with one of the following font and point selections approved by the Court in LR 5.1, NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted this 31st day of March, 2023.

**FINCH McCRANIE, LLP**

*/s/ David H. Bouchard*
David H. Bouchard
Georgia Bar No. 712859

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Motion for Second Proposed Scheduling Order** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Dana M. Richens
Georgia Bar No. 604429
Smith Gambrell & Russell
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia 30309-3592
Tel: (404) 815-3500
Facsimile: (404) 685-6959

Respectfully submitted this 31st day of March, 2023.

                                                          **FINCH McCRANIE, LLP**

                                                          */s/ David H. Bouchard*
                                                          David H. Bouchard
                                                          Georgia Bar No. 712859

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **J.G.,**  **Plaintiff,**  v.  **NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES**  **Defendants.** | **Civil Action File No. 1:20-CV-05233-SEG** |

## PROPOSED SECOND MODIFIED SCHEDULING ORDER

The Court, upon considering Plaintiff's Unopposed Motion for Proposed Second Modified Scheduling Order, finds that good cause has been shown and hereby enters the following Scheduling Order which shall govern this case unless otherwise amended by Order of the Court upon motion by a party.

1. Plaintiff shall have through May 31, 2023, to complete fact discovery. The fact discovery period for Defendant concluded on March 31, 2023, as indicated in the Court's Modified Scheduling Order. (Doc. 51).

2. By June 16, 2023, the Parties shall identify their experts and disclose their respective experts' reports. The parties shall work together in good faith to

schedule expert depositions in a timely fashion and shall provide at least three dates that their respective experts are available for depositions.

3. The Parties shall have until July 14, 2023, to conduct depositions of experts and to complete expert discovery.

4. All dispositive motions and partially dispositive motions, including but not limited to *Daubert* motions, must be filed no later than August 4, 2023.

5. All motions *in limine* must be filed at least three weeks in advance of trial.

6. The consolidated pretrial order must be filed at least one week in advance of trial.

So ORDERED, this ___ day of March, 2022.

_____
The Honorable Sarah E. Geraghty
United States District Judge

Prepared by:

**FINCH MCCRRANIE LLP**
David H. Bouchard
Ga Bar No. 340477

*Attorney for Plaintiff*

2

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **Proposed Second Modified Scheduling Order** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Dana M. Richens
Georgia Bar No. 604429
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia 30309-3592
Tel: (404) 815-3500
Facsimile: (404) 685-6959

Respectfully submitted this 31st day of March, 2023.

                                                  **FINCH McCRANIE, LLP**

                                                  */s/ David H. Bouchard*
                                                  David H. Bouchard
                                                  Georgia Bar No. 712859