# Exhibit 12

| | |
|---|---|
| **From:** | David Bouchard |
| **Sent time:** | 04/11/2023 12:51:14 PM |
| **To:** | Richens, Dana <DRICHENS@sgrlaw.com> |
| **Subject:** | RE: United Inn & Suites --- 30(b)(6) Deposition and Depositions of Tahir Shareef and Ashar Islam |

Good afternoon, Dana—

I disagree that the name of one of the two owners of the defendant hotel is not a "key term" to use in reviewing documents in that hotel's possession.  It is a key term.  As to your concern that his name "may yield a large number of hits," why don't you run Mr. Sabharwal's name across the relevant data to determine the volume of hits it yields?  That is a reasonable first step.  If it does not yield a "large number of hits," then your concern is a non-issue.  According to the testimony of Mr. Shareef and Mr. Islam, there should not be "a large number of hits" for Mr. Sabharwal's name.  If his name does generate a large number of hits, then I'm certainly willing to discuss ways to refine the search further to avoid you having to "cull[] for responsiveness" through a "large number of hits."

Best regards,

David

**David Bouchard** (Bio)
*Partner*



229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** Richens, Dana <DRICHENS@sgrlaw.com>
**Sent:** Tuesday, April 11, 2023 8:01 AM
**To:** David Bouchard <david@finchmccranie.com>
**Subject:** RE: United Inn & Suites --- 30(b)(6) Deposition and Depositions of Tahir Shareef and Ashar Islam

David, thank you for your email.

Regarding running Mr. Sabharwal's name as a search term, I have several concerns about it.  First, I suspect it may yield a large number of hits, which will have to be culled for responsiveness.  More importantly, though, the purpose of using search terms is to narrow the universe of potentially responsive documents by using key terms.  Mr. Sabharwal's name, without more, is not a term that would serve that purpose.  Instead, to the extent any communications with him are responsive, I expect that those same documents would be captured through the use of one or more of the myriad search terms we are using.

Dana

**Dana M. Richens**
*Partner*

p | 404-815-3659
f | 404-685-6959
e | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
https://link.edgepilot.com/s/52da075a/fg1xxlsUsk6VRHu22J5IQA?   |   My Bio   |   vCard
u=http://www.sgrlaw.com/



**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Friday, April 7, 2023 12:13 AM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: United Inn & Suites --- 30(b)(6) Deposition and Depositions of Tahir Shareef and Ashar Islam

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good evening, Dana—

Thanks for your emails.  I'll respond to both of them here.

1. The search terms I sent are my best effort to list search terms likely to capture the electronic data in your client's possession that is responsive to the requests contained in JG's supplemental requests (and in her original requests, since your client did not run search terms in response to those requests). As you know, your client has an obligation to produce documents responsive to JG's requests for production. I view the search terms that I sent as at least a starting point in discharging that obligation. I do not know what other terms (though your client should) might capture documents and information responsive to JG's properly served discovery requests. Perhaps your client would not have any terms to add to the terms I sent. But I am not in a position to say that your client can perform a "sufficient search" by simply relying upon the terms I sent without any additional diligence or consideration. To put it differently, the onus is not on JG, as the party serving discovery requests, to guess perfectly what search terms need to be run across documents and information in the possession of United Inn to capture the documents responsive to JG's discovery requests. I expect that your client will exercise good faith in evaluating JG's discovery requests and in evaluating the comprehensiveness and sufficiency of the search terms I sent to capture documents responsive to those requests (considering your client's superior knowledge of its electronic data), and then will add any new terms that may be necessary to respond to JG's requests properly and in compliance with its discovery obligations.

2. Based on the deposition testimony, it is clear that your client ran limited if any electronic searches in response to JG's initial discovery requests. If there are additional terms that need to be run to capture responsive documents encompassed by the initial requests, then those terms should be added to the search term list I sent on March 20th.

3. I interpret your email to mean you are refusing to run the terms listed below. We can take up with the Court at a later time the propriety of the terms bank* through advance*. But the remaining terms ("Sabharwal" and "Harsimran") are categorically different and should be run. What is your basis for refusing to run those terms? It is undisputed that during all relevant times Sabharwal was a co-owner of the property that is the sole defendant in the case. There is testimony that he visited the property, and received information about the operations and finances of the property, though that is not necessary to establish his name is a valid search term under the broad statement of what is discoverable in Fed. R. Civ. P. 26. His name is an appropriate search term and should be run. Please let me know your basis for refusing to run his name as a search term.

   bank*
   loan*
   lend*
   advance*
   sabharwal
   harsimran

4. The ~ symbol means within. So, for example, the search term "American Hotel"~3 means "American" within three words of "Hotel."

I think this addresses all the questions you asked, but if not please let me know. Thanks, Dana.

Best regards,

David

**David Bouchard** (Bio)
*Partner*



229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

---

**From:** Richens, Dana <DRICHENS@sgrlaw.com>
**Sent:** Thursday, April 6, 2023 9:14 AM
**To:** David Bouchard <david@finchmccranie.com>
**Subject:** RE: United Inn & Suites --- 30(b)(6) Deposition and Depositions of Tahir Shareef and Ashar Islam

David, good morning.

I write regarding your proposed search terms, as I want to ensure that we are on the same page.

First, I am assuming that you intended these search terms to be used to capture emails responsive to all of the requests contained within your first supplemental set of requests. Put another way, do I need to add additional terms to search for documents responsive to, for example, supplemental request no. 4, or did you design your list of search terms to be inclusive of that? I just don't want to get into a situation where I run your search terms and then there's a disagreement as to whether that constitutes a sufficient search.

Second, I do not plan to run the terms that appear to relate to requests to which we've objected. These are:

bank*
loan*
lend*
advance*
sabharwal
harsimran

Thank you,
Dana

**Dana M. Richens**
*Partner*

p | 404-815-3659
f | 404-685-6959
e | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
https://link.edgepilot.com/s/0bd80d2f/mcQ1pbNFgk_c3KhaL20Vgw?  | vCard
u=http://www.sgrlaw.com/



**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Monday, March 20, 2023 10:20 AM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: United Inn & Suites --- 30(b)(6) Deposition and Depositions of Tahir Shareef and Ashar Islam

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning, Dana—

Further to my email below, I'm writing in regards to certain documents that came up during the depositions on February 22, 2023 of Mr. Islam, Mr. Shareef, and Northbrook's 30(b)(6) representative that we have requested but not received. I will not enumerate all those documents here, but they include business emails, business text messages, payroll records, and other critically relevant documents. We have not yet received the same documents, even though the depositions at issue occurred nearly one month ago and our original requests for production of documents served in September 2022 asked for such documents. To avoid any confusion about which documents we are still waiting to receive, we served supplemental requests for production of documents on February 24, 2023. Those supplemental requests essentially duplicate many of the requests we previously served in 2022. That is, the documents disclosed in depositions on February 22nd should have already been produced in response to the requests for production we served in September 2022.

I'm not sure how your client is going about reviewing its emails to identify the emails that should have been produced last year in response to Plaintiffs' outstanding discovery requests. I'd suggest that your client run search terms across its relevant email accounts and produce documents that hit on the search terms. I've attached a proposed list of search terms for your client to use. These terms should be run across the email accounts that your client used in connection with the hotel's business activities and operations. Any documents hitting on these terms should be produced. In my experience it is necessary to engage an e-discovery vendor to assist with collecting a client's relevant emails, running search terms, and producing the hits.

If you have any concerns with these terms, I trust that you'll promptly let me know so we can discuss and address your concerns. These documents are significantly past due in the litigation given we requested them last year, so let's please resolve efficiently any concerns you have about the search terms. Additionally, please let me know your plan to produce the documents hitting on these search terms in the near future. Thank you.

Best regards,

David

**David Bouchard** (Bio)
*Partner*



229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070

david@finchmccranie.com

**From:** Will Story <WStory@hallboothsmith.com>
**Sent:** Thursday, February 23, 2023 9:36 AM
**To:** David Bouchard <david@finchmccranie.com>; Richens, Dana <drichens@sgrlaw.com>; Ward, Emily <eward@sgrlaw.com>
**Subject:** RE: United Inn & Suites --- 30(b)(6) Deposition and Depositions of Tahir Shareef and Ashar Islam

David,

Thanks for your email. I agree with you that there were several subject areas that came up yesterday where Mr. Shareef and/or Mr. Islam represented that they may have responsive documents (including the gmail account and text messages). If you could provide us supplemental discovery requests that would be great, but I will go ahead and start working on the responsive material.

Furthermore, in these cases, I find it extremely helpful to both sides when the request for communications via email have "key terms" provided that we can use in searching the communications.

Also, and I'm not sure if we ever said it on the record, but I agree with you (and agreed with you yesterday) that you have the right to re-depose Mr. Shareef and Mr. Islam to the extent that these supplemental documents contain new information that was not covered yesterday. We might need to do a discovery extension. Honestly, I will be in a better position to know that by midweek next week.

Thanks for your email David, and as always, for your professionalism throughout this litigation. I'll be in touch soon.

Emily – Hope Tina Turner crushed it!!!

**Will Story**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 404.954.5000
**D:** 404.954.5008

191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303

hallboothsmith.com



HBS ATTORNEYS AT LAW | ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA | MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA | NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Thursday, February 23, 2023 9:18 AM
**To:** Will Story <WStory@hallboothsmith.com>; Richens, Dana <drichens@sgrlaw.com>; Ward, Emily <eward@sgrlaw.com>
**Subject:** United Inn & Suites --- 30(b)(6) Deposition and Depositions of Tahir Shareef and Ashar Islam

Good morning –

I'm following up to memorialize an issue that Will and I briefly discussed yesterday off the record. Mr. Shareef and Mr. Islam both testified yesterday to the existence of documents that are very likely to be probative of key issues in the lawsuits filed by JG, GW, and AG, but that have not been produced despite discovery requests from each of the plaintiffs seeking such documents. For purposes of illustration only, both Mr. Shareef and Mr. Islam testified under oath that as of 2017 – 2019 the United Inn & Suites used a Gmail account to send and receive emails relating to the hotel's operations. No emails from that account have been produced to date despite plaintiffs' respective requests for production that encompass such emails. To give another example, both Mr. Shareef and Mr. Islam testified to text messages with the officers who provided security at the property for 4 hours per day from 2017 – 2019. None of those messages have been produced despite plaintiffs' respective requests for production that encompass such texts. There are other categories of documents that came up yesterday, but the foregoing examples should suffice to make the point.

To avoid any confusion or doubt about what plaintiffs are requesting in discovery (and have previously requested), plaintiffs will serve supplemental discovery requests in each of the three cases related to the new categories of documents disclosed for the first time yesterday.

Based on yesterday's testimony revealing the existence of several new categories of documents that plaintiffs requested months ago but that have not been produced, plaintiffs in each of the three lawsuits against UI&S reserve the right to re-open each of the depositions taken yesterday. I recognize it may take some time to produce the documents newly disclosed

yesterday and plaintiffs will obviously then need time to review them before deciding whether to re-open the depositions. Depending on the volume of documents that are encompassed by the supplemental requests, we may need to go back to the court to request further extensions of the discovery period. I think that depends on the volume, which I'll need to hear from you about.

Thanks, and let me know if you'd like to discuss further.

Best regards,

David

**David Bouchard** (Bio)
*Partner*



229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 **|** T: (404) 658-9070
david@finchmccranie.com

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.