# Exhibit 15

**From:**        David Bouchard
**To:**          Richens, Dana
**Subject:**     JG -- United Inn & Suites
**Date:**        Friday, May 19, 2023 11:12:00 AM

Good morning, Dana—

Thank you for talking to me last week regarding the JG matter.

In my view, and as I understand the local rules, parties are always encouraged to explore the possibility of settlement.  In that regard, I sent you a settlement demand and offer a couple weeks ago.  During our call last week, I wanted to start talking about that demand and offer.  We had not discussed potential resolution of the case for months, and I thought it made sense to do so with the demand and offer on the table, not to mention a series of significant case deadlines on the near horizon.  I think it was helpful for us to begin discussing our perceptions of the strengths and weaknesses of our respective positions.  I don't think all cases should settle.  Some cases need to go to trial.  But many cases do not need not to go trial, and I believe much time and effort can be saved when lawyers talk candidly where possible and address the issues at hand.  I don't think letter-writing campaigns are always productive in that regard, and phone calls can help cut to the issues much faster.  While I'm not sure if we'll be able to work out JG's case, I hope we can continue to have an open dialogue about our clients' positions going forward.

Of course, JG must continue to prosecute her claims while the parties may explore possible resolution.  In parallel to discussions about a possible resolution, I have an ethical obligation to JG to zealously represent her.  As you know, the FRCP provides avenues for relief for parties who believe an opposing party has violated discovery rules.  As discussed, I intend to seek such relief here because I believe the circumstances warrant it.  I understand you disagree.  I will note that I've never filed a motion for sanctions, but this is a unique set of circumstances where my colleagues and I believe it is warranted.  To discharge my duties under Judge Geraghty's standing order, I conferred with you about my plans to file a motion for sanctions against United Inn, not against SGR or you.  Separate and apart from that standing order, I would've conferred with you anyway.  It's a basic courtesy.  Indeed, that's why I told you about my plan to move to amend and add parties.  I'm under no obligation to share that, but did so as a professional courtesy.

Judge Geraghty's standing order says the following:

> The movant, after conferring with the respondent in a good-faith effort to resolve the dispute by agreement, must contact the Courtroom Deputy Clerk,  Ms. Pittman, by email, copying opposing counsel, to notify her that there is a discovery dispute. The Court will then likely schedule a conference call. Prior to the call, the Court will typically request that each side submit a brief statement by

email of no more than 3 pages setting forth the issues in advance of the conference call. If the statements refer to specific discovery requests, those requests should be provided in their entirety with the parties' response. Ms. Pittman will then schedule a conference call in which the Court will attempt to resolve the matter without the necessity of a formal motion, and a court reporter will be provided by the Court to take down the conference call.  Please note that any motions to compel, to quash a subpoena, or for sanctions will be denied without prejudice if this procedure is not followed by any party.

In accordance with that procedure, I plan to email Ms. Pittman today to notify her that the parties have conferred in good faith and that there is a discovery dispute.  Thanks.

Best regards,

David

**David Bouchard** ([Bio](Bio))

*Partner*


229 Peachtree Street N.E., Suite 2500

Atlanta, Georgia 30303 **|** T: (404) 658-9070

[david@finchmccranie.com](mailto:david@finchmccranie.com)