Exhibit 16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **J.G.,** | |
| **Plaintiff,** | **Civil Action File No.** |
| **v.** | **1:20-cv-05233-SEG** |
| **NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES** | |
| **Defendants.** | |

## PLAINTIFF J.G.'S DISCOVERY DISPUTE STATEMENT

Defendant should be sanctioned, and attorneys' fees should be awarded, under the Court's inherent powers, Fed. R. Civ. P. 26, and/or Fed. R. Civ. P. 37, because Defendant defied the discovery rules and the Court's December 16th Order by inexplicably producing 1,200 documents (many critical) in late April 2023.

For discovery context, Plaintiff directs the Court to Doc. 60, paragraphs 1-10. In sum: In September 2022, Plaintiff served Defendant with written discovery (Doc. 47); in November, Defendant responded (Doc. 49); in February 2023, Plaintiff deposed Defendant's 30(b)(6) representative, owner, and manager (Docs. 53, 55) and learned numerous requested documents had not been produced; in the days and weeks after, Plaintiff's counsel served supplemental requests (Doc. 57), sent many emails, and made many calls to get the previously requested documents; in late April 2023, Defendant produced 1,200 documents, including many hot documents due in November 2022; in May 2023, Defendant reopened certain depositions to inquire about the April documents (Doc. 62) and learned they had been available for years.[1]

Plaintiff's September requests sought Defendant's documents concerning sex trafficking, Plaintiff and other minor victims, security, crime, staff training, employees, and more.  (Ex. 1).  In late April 2023, weeks after the March 31st

---

[1] On March 31st Plaintiff moved to extend Plaintiff's discovery deadline because on March 27th Defendant said it "will produce" documents due in November 2022. (Doc. 60).  Plaintiff did not know that meant hot documents available for years.

discovery deadline, Defendant suddenly produced critical documents requested in September 2022—*e.g.*, a multi-page document listing sex trafficking indicators; emails with law enforcement stating J.G. was a 16-year-old believed to be at United Inn; text messages with Defendant's security guards about crime at the hotel; a letter from law enforcement about taking measures to prevent crime; complete employee lists; correspondence with the FBI about a sex trafficking investigation.

Instead of producing such key documents in November 2022, Defendant produced other documents as the responsive documents in its possession, custody, or control.  In reliance, Plaintiff proceeded with pivotal depositions in February 2023 of Defendant's 30(b)(6) representative, owner, and manager.  The new April 2023 documents would have materially impacted Plaintiff's prior discovery strategy. Because Plaintiff's counsel did not have the April 2023 documents in November 2022, Plaintiff was prejudiced in discovery, including during the February 2023 depositions, and now unfairly shoulders the burden of duplicating discovery work in a compressed period because of Defendant's disregard of discovery rules and the discovery deadline in the December 16th Order.  Also, the hot documents produced in April 2023 call into question the reliability of Defendant's responses to date.

Making matters worse, several of the new April 2023 documents conflict (at best) with Defendant's earlier discovery responses.  Plaintiff gives two examples

here. *First*, in April 2023 Defendant inexplicably produced for the first time email notices from law enforcement including **Plaintiff's name**, age, photo, and description, and stating she was a runaway minor likely at the hotel. In its November discovery responses, Defendant denied it knew J.G. and denied that J.G. was its invitee. (Ex. 1). And in February depositions, United Inn's 30(b)(6) representative testified the entity had "never seen [Plaintiff J.G.] before" and did not "recognize" her. *Second*, in its November interrogatory responses Defendant claimed it had "no documents or communications memorialized on paper" relating to "signs to look for relating to Criminal Activity, Prostitution, and/or Sex Trafficking." (*Id.*). But in April Defendant produced an undated document with sex trafficking indicators. Defendant's 30(b)(6) representative testified in a reopened May deposition that the document was in a "sex trafficking file" at the hotel for years, and its manager testified the document was on a breakroom table.[2]

Because of Defendant's misconduct in discovery, Plaintiff has incurred unnecessary costs and suffered prejudice. Plaintiff asks the Court to award reasonable attorneys' fees and appropriate sanctions under the Court's inherent powers, Fed. R. Civ. P. 26, and/or Fed. R. Civ. P. 37.

---

[2] Assuming it is legitimate, there is no excuse for such a key document being produced so late.

This 24th day of May, 2023.

/s/ David H. Bouchard
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*

4

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing ***Discovery Dispute Statement*** has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted,

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing ***Discovery Dispute Statement*** by sending it via email to Ms. Pittman, Courtroom Deputy to the Honorable Sarah E. Geraghty, and to counsel of record in this matter.

This 24th day of May, 2023

Respectfully submitted,

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

# EXHIBIT 1

**Relevant Excerpts of Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites's Responses to Plaintiff's First Interrogatories (Doc. 49)**

1.

Identify all Person(s) involved with the management and/or operation of the Property, including but not limited to owners, managers, employees, and independent contractors (*e.g.*, front desk clerks, housekeeping staff, cleaning staff, maintenance staff, safety and security personnel, etc.).  For each Person identified, please provide his/her full name, address(es), telephone number(s), place(s) of employment, job title(s), present whereabouts, and state the nature of their involvement with the management and/or operation of the Property.

RESPONSE:

Northbrook refers Plaintiff to its Initial Disclosures. Additionally, Northbrook states that Ashar Islam is the manager and front desk attendant. Nazia Islam is a front desk attendant. Raz Shareef is a front desk attendant. Corita Gram is a front desk attendant. Ketan Patel is a front desk attendant. Nabella Shareef is a housekeeping attendant. Saad Iqbal is a housekeeping attendant. Asma Iqbal is a housekeeping attendant. Rossa Mandosa is a housekeeping attendant. Maria Olivia is a housekeeping attendant. Jassie Gram is a general maintenance employee. Sheakh Muhammad is the janitor. Alejandra Leon is a housekeeping attendant. Abdulla Ahmed was a front desk attendant, but left in 2019 because he moved to Texas. Rafiuzaman Biswas was a front desk attendant but left in 2018. Rashid Iqbal was a

1

front desk attendant but left in 2019. Additionally, Northbrook paid DeKalb County Police officers to provide security services on the Property every night. Those officers are Sergeant W. McClelland and Sergeant R. Weber. These DeKalb County sergeants are responsible for providing security services on the Property.

The manager of the Property (Ashar Islam) is responsible for making Northbrook's employee schedule, overseeing the maintenance of the Property and managing the front desk attendants, and is responsible for monitoring the Property.

The front desk attendants greet customers, and are responsible for the check-in/check-out process and for monitoring the Property.

Housekeeping attendants are responsible for overseeing the maintenance of the Property and rooms at the Property.

2.

Identify all other Persons ***not*** identified in response to Interrogatory No. 1 who have or may have knowledge or information relating to any issue in this matter. For each Person identified, please provide his/her full name, address(es), telephone number(s), place(s) of employment, job title(s), and present whereabouts. Additionally, for each Person identified, please state what you believe to be the substance of that Person's knowledge or information relating to any issue in this matter.

2

RESPONSE:

Northbrook refers Plaintiff to its Initial Disclosures.

6.

Identify and describe all plans, programs, policies, procedures, standards, guidelines, partnerships, and/or rules relating to the management and/or operation of the Property, including but not limited to those related to hotel safety and security, Criminal Activity, Prostitution, and/or Sex Trafficking. This answer should include, but not be limited to, whether the same were written or oral, when they went into effect, whether they changed over time, and how they were disseminated and enforced.

RESPONSE:

Northbrook identifies its "Rules of Conduct, United Inn & Suites, Decatur, GA." (the "Rules of Conduct"). The Rules of Conduct is a written policy and will be produced. The Rules of Conduct were in effect in 2018 and 2019, and were posted in the lobby. Northbrook's employees were trained on the Rules of Conduct and enforced them.

Northbrook also identifies the "United Inn & Suites Decatur Management Policies." (the "Management Policies"). The Management Policies are a written policy and will be produced. The Management Policies were in effect in 2018 and 2019. The Management Policies were reviewed with Northbrook's employees and

enforced by Northbrook's employees.

8.

Identify and describe all measures, steps, and/or actions implemented at the Property (whether by You or another Person/s acting on your behalf) relating to the security and safety of hotel guests and staff at the Property.

RESPONSE:

Northbrook hired off-duty DeKalb County Police officers to provide security services at the Property from 10 p.m. to 2 a.m. every day. Additionally, Northbrook utilized its security cameras as a security measure at the Property. Northbrook also used street lights in its parking lot as a security measure. Northbrook actively reported to DeKalb County Police any knowledge or suspicion of criminal activity on the Property. And finally, Northbrook's employees oversaw the Property for security and safety purposes.

10.

Identify and describe any Communications, Documents, and/or information relating to the safety and security of Property guests and staff. The response should include, but not be limited to, identification and description of safety and security assessments, reviews, and/or analyses of the Property.

RESPONSE:

Northbrook states that it consistently had phone conversations with Sergeant

W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property. Additionally, Northbrook states that its employees would communicate with one another verbally regarding events that occurred during a shift to the employees working the next shift. Northbrook also refers Plaintiff to the policies identified in its response to Interrogatory No. 6 above.

11.

Identify and describe all Communications, Documents, and/or information relating to Criminal Activity, Prostitution, and/or Sex Trafficking in Hotels generally and/or at the Property specifically. This response should include, but not be limited to, identification and description of training materials relating to indicators of Criminal Activity, Prostitution, and/or Sex Trafficking, as well as complaints, tips, and/or reports relating to Criminal Activity, Prostitution, and/or Sex Trafficking at the Property.

RESPONSE:

Northbrook identifies the criminal trespasses that are being produced. Additionally, Northbrook refers Plaintiff to the policies identified in its response to Interrogatory No. 6 above. Further, Northbrook states that it consistently had phone conversations regarding the Property with Sergeant W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property. Northbrook's employees would also have face-to-face conversations

with DeKalb County Police officers relating to Criminal Activity. Northbrook states that its owner, Tahir Shareef, attended meetings held for the hotel industry by the DeKalb County Police Department, but cannot recall when those meetings took place. Finally, ***Northbrook states that its employees were trained on signs to look for relating to Criminal Activity, Prostitution and/or Sex Trafficking***. That training was provided verbally by Mr. Shareef and/or Ashar Islam. ***There are no documents or communications memorialized on paper regarding the aforementioned employee training***. (emphasis added).

17.

Please identify all documentary or other tangible evidence that you believe demonstrates and/or supports facts relevant to Plaintiff's claims, any relevant fact, liability or damages, and any defenses in this case. If such evidence is not available or no longer in existence for any reason, please explain why.

RESPONSE:

Northbrook objects to Interrogatory No. 17 on grounds that it seeks the production of information or materials that are protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative. Subject to the foregoing objections, and expressly without waiving the same, ***Northbrook refers Plaintiff to***

6

***its document production, as well as to Plaintiff's document production in this case***.

(emphasis added).

**Relevant Excerpts of Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites's Responses to Plaintiff's First Requests for Production of Documents (Doc. 49)**

2.

Please produce Documents sufficient to identify all Persons involved with the management and/or operation of the Property from January 1, 2014, to December 28, 2020.

RESPONSE:

Northbrook refers Plaintiff to its response to Interrogatory No. 1.

3.

Please produce Documents sufficient to identify the positions and job titles held by the Persons identified in response to Request No. 2.

RESPONSE:

Northbrook refers Plaintiff to its Initial Disclosures and Interrogatory responses that identify the positions and job titles of the aforementioned individuals.

4.

Please produce Documents sufficient to identify Your employees from January 1, 2014, to present, including but not limited to Form W-2s.

RESPONSE:

Northbrook objects to Request No. 4 to the extent it purports to require Northbrook to produce more information than is required to be disclosed by the Federal Rules of Civil Procedure. ***Northbrook states that it has provided Plaintiff***

8

***with a list of its employees from January 1, 2014 to the present in its Initial***

***Disclosures and in its response to Plaintiff's interrogatories***. (emphasis added).

6.

Please produce all Documents and/or Communications relating to or reflecting Your plans, policies, procedures, protocols, guidelines, rules, and/or partnerships regarding Criminal Activity, Prostitution, Sex Trafficking, and/or guest and staff safety on the Property.  This answer should include but not be limited to Your "security plan" with "all implemented security measures" as well as "documentation for approved alternative security measures." *See, e.g.*, Dekalb County Code of Ordinances, Sec. 18-138(d) ("All hotels, motels, or extended-stay hotels must maintain a security plan which shall include all implemented security measures. Security plans and documentation for approved alternative security measures shall be kept on file and made available to the county within a reasonable time upon request.").

RESPONSE:

Northbrook refers Plaintiff to its response to Interrogatories Nos. 6, 7, 8, 10, 11 and 12 and the responsive documents identified in the responses to those Interrogatories that are being produced.

7.

Please produce all Documents and/or Communications that You (or someone acting on Your behalf) provided to Persons working on the Property (whether Your

employees or not) about Your plans, policies, procedures, protocols, guidelines, rules, and/or partnerships regarding Criminal Activity, Prostitution, Sex Trafficking, and/or guest and staff safety on the Property. This answer should include but not be limited to employee agreements, handbooks, pamphlets, announcements, newsletters, manuals, and training materials.

RESPONSE:

Northbrook states that the policies identified in its response to Interrogatory No. 6 were provided to Persons working on the Property. Additionally, Northbrook refers Plaintiff to its responses to Interrogatories Nos. 7, 10, 11 and 12.

11.

Please produce all Documents and/or Communications relating to or reflecting Criminal Activity, Prostitution, and/or Sex Trafficking at the Property. This includes, but is not limited to, Documents and/or Communications relating to or reflecting allegations of such activities at the Property, complaints of such activities at the Property, and reports regarding the occurrence of such activities at the Property.

RESPONSE:

Northbrook refers Plaintiff to the criminal trespass forms that are being produced. Additionally, Northbrook refers Plaintiff to her production of the police reports regarding events that occurred at the Property. Northbrook further states that

all communications with the DeKalb County Police sergeants who have performed

security services at the Property were verbal conversations in person or by phone.

12.

Please produce all Documents and/or Communications relating to or

reflecting information You (or another Person acting on Your behalf) provided to any

Person concerning safety and security plans, policies, manuals, guidelines,

protocols, and/or procedures at the Property.

RESPONSE:

Northbrook refers Plaintiff to its response to Interrogatory No. 6. Northbrook

further states that all communications with the DeKalb County Police sergeants who

have performed security services at the Property were verbal conversations in person

or by phone.

18.

Please produce Documents and/or Communications relating to or reflecting

meetings, trainings, conversations, discussions, presentations, sessions, courses,

seminars, conferences, task forces, working groups, and so forth concerning the

safety of guests and/or staff at the Property, Prostitution at the Property, and/or Sex

Trafficking at the Property.

RESPONSE:

Northbrook refers Plaintiff to its responses to Interrogatory Nos. 6, 7, 8, 9, 10, 11, 12 and 13. The documents identified in those Interrogatory responses will be produced.

21.

Please produce any and all Documents and/or Communications involving any law enforcement agency (Federal, state, or local) that relate to Criminal Activity, Prostitution, and/or Sex Trafficking at the Property.

RESPONSE:

***Northbrook does not have documents in its possession that show it communicating with a law enforcement agency because such communications were conducted verbally in person or by phone***. (emphasis added).  Northbrook refers Plaintiff to the criminal trespass forms that will be produced.

39.

Please produce all Documents and/or Communications relating to or referring to Kikia Anderson, including but not limited to records of her transactions at the Property.  This answer should include but not be limited to room receipts, customer profiles, credit card authorization form/s, and identification cards associated with Ms. Anderson and her guests.

RESPONSE:

Northbrook objects to Request No. 39 on grounds that it seeks documents not relevant to any claim or defense in this matter. Subject to the foregoing objection,

and expressly without waiving the same, Northbrook will produce non-privileged responsive documents.

65.

Please produce any and all Documents and/or Communications relating to or reflecting red flags and/or indicators of Prostitution and/or Sex Trafficking.

<u>RESPONSE</u>:

***Northbrook objects to Request No. 65 on grounds that the language "red flags and/or indicators of Prostitution and/or Sex Trafficking" is undefined, vague and ambiguous, such that Northbrook cannot respond to the Request***. (emphasis added).

**Relevant Excerpts of Defendant Northbrook Industries, Inc. d/b/a United Inn
& Suites's Responses to Plaintiff's First Requests for Admissions (Doc. 49)**

### 81.

Admit that Plaintiff was an invitee at the Property.

<u>Response</u>: Denied.

### 83.

Admit that You knew Plaintiff.

<u>Response</u>: Denied.

14

**Relevant Excerpt of Notice of 30(b)(6) Videotaped Deposition for Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites and Notice to Produce (Doc. 53, 55)**

If Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites has documents responsive to the topics set forth in Exhibit A that have not been produced previously in this litigation, then Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites is required to produce those documents before or at the deposition pursuant to Fed. R. Civ. P. 34.

## <u>EXHIBIT A (Relevant Excerpts)</u>

For the years 2014 - 2020:

3) United Inn & Suites' security

4) United Inn & Suites' managers and employees

6) Training of managers and employees at United Inn & Suites

7) Communications with law enforcement regarding the United Inn & Suites

8) Communications with public officials, including but not limited to officials in Dekalb County, regarding United Inn & Suites

17) Northbrook Industries, Inc.'s responses to Plaintiff's discovery requests

18) Anti-trafficking training materials for hospitality participants, including but not limited to DHS Blue Campaign

15

**Relevant Excerpts of Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites's Responses to Plaintiff's Supplemental Requests for Production of Documents (Doc. 57)**

1.

Please produce all Documents and information You and/or Your owners, agents, employees, or representatives received at any hospitality trainings, hospitality conferences, or hospitality meetings, including but not limited to Documents and information received at meetings with Dekalb County authorities.

RESPONSE:

Northbrook will produce responsive documents.

2.

Please produce all text messages that You and/or Your owners, agents, employees, or representatives sent to or received from Officer Webber, Officer McClelland, and/or any other officers or guards who provided security services at the Property at any point during the period January 1, 2017 - December 31, 2019.

RESPONSE:

Northbrook will produce responsive documents.

4.

Please produce all emails and attachments sent from or sent to Your email address that refer or relate to safety, security, crime, commercial sex, prostitution, sex trafficking, law enforcement, code requirements, code violations, customer

reviews, hospitality standards, hospitality associations, and/or training. [*The response to this Request should include emails and attachments sent from or sent to unitedinn4649@gmail.com as well as any other email addresses You or Your owners, agents, employees, or representatives used to conduct Your business.*]

RESPONSE:

Northbrook objects to Request No. 4 as vague, overbroad and unlimited in time and scope. Subject to the foregoing objection, and expressly without waiving the same, ***Northbrook will conduct a search for the requested documents*** for the time period from January 1, 2017 to December 31, 2019.  (emphasis added).

5.

Please produce all payroll Documents and information relating or referring to persons who worked at the Property for any portion of the period January 1, 2017 through December 31, 2019, regardless of whether those persons were employees, independent contractors, or otherwise. [*The response to this Request should include but not be limited to K-1s, W-2s, 1099s, and other formal payroll documentation*.]

RESPONSE: Northbrook objects to this Request as overbroad and as seeking documents not relevant to any claim or defense in the litigation. Subject to the foregoing objection, and expressly without waiving the same, ***Northbrook will produce requested payroll information***.  (emphasis added).