# Exhibit 19

| | |
|---|---|
| **From:** | David Bouchard |
| **Sent time:** | 06/12/2023 05:08:56 PM |
| **To:** | Richens, Dana <DRICHENS@sgrlaw.com> |
| **Subject:** | RE: j.g. v. northbrook |

Good afternoon, Dana—

Thanks for getting back to me.

During our May 31st call, I explained the sanctions that my client believes are warranted under the rules and caselaw as a result of your client's discovery misconduct. I said that the sanctions that we intend to seek are contemplated and encouraged by the FRCP under the circumstances at issue. That is, we do not intend to ask for novel sanctions, but instead to follow the guidance of the FRCP and caselaw on what sanctions are appropriate for the sort of discovery misconduct that occurred here. I also said that I am open to entertaining proposals your client may have regarding how to address and rectify its discovery misconduct. Your client's proposal below shows that we are on different pages as to your client's discovery misconduct and the sanctions appropriate for such misconduct under FRCP 26 and 37. The sanctions available under FRCP 26 and 37 for your client's discovery misconduct far surpass what you are proposing, which is essentially duplicative of what the Court has already granted without considering a motion for sanctions. While additional discovery time and additional depositions may prove necessary, depending on what your client may produce in the future, neither is sufficient to address the misconduct here.

I do not agree with your statement that we are not interested in "additional documents." We are interested in (and have always been interested in) receiving all documents that are due to be produced under FRCP 26 and 34. We've arrived at this intersection in the litigation in part because your client failed to produce responsive documents and information as required by the FRCP. We have served several additional Rule 34 requests and Rule 45 subpoenas based on responsive information that your client disclosed late in discovery. I also disagree with your statement that I am "determined to file a motion for sanctions." What I am determined to do is zealously represent my client. That includes ensuring that the discovery rules are followed, which of course includes your client's timely production of discoverable information. If your client were willing to talk seriously about the sanctions outlined under the FRCP (and related caselaw) for the sort of discovery misconduct at issue here, then I would be happy to participate in further discussions about a compromise resolution of this discovery dispute. That is the offer I made on the May 31st call. But, from our perspective, it is clear that your client is not taking seriously its discovery misconduct and the applicable sanctions regime under FRCP 26 and 37. As such, we will move forward with a motion for sanctions as authorized by the Court.

Best regards,

David

**David Bouchard** (Bio)
*Partner*



229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** Richens, Dana <DRICHENS@sgrlaw.com>
**Sent:** Friday, June 9, 2023 6:01 PM
**To:** David Bouchard <david@finchmccranie.com>
**Subject:** j.g. v. northbrook

David,

I write in furtherance of our meet-and-confer of May 31, 2023. As you know, the Court instructed us to confer in an attempt to further rectify any harm you contend is attributable to the deficiency in United Inn's initial document production.

During our meet and confer, you identified for me the nature of the sanctions you intend to seek, which include attorneys' fees and exclusion orders regarding certain defenses, documents and witnesses. I asked that in the spirit of what the Court had instructed us to do, you consider instead what other relief might actually make you "whole" in terms of your preparation of the case for trial. I offered additional discovery time, additional depositions, additional documents. You indicated that you did not have any interest in any of those concessions.

I sincerely believe that with the unopposed unilateral two-month discovery extension you received, your redeposing of Northbrook's agents, and the Court's authorizing you to serve additional written discovery that otherwise would be untimely even under the two-month extension, the initial deficiency has been addressed and rectified time and time again. Nevertheless, you seem determined to file a motion for sanctions.

My offer to negotiate further regarding additional discovery and whatever else you might actually need to prepare your case for trial, remains open. But we will not negotiate your threatened sanctions, which we believe are unwarranted.

Dana

**Dana M. Richens**
*Partner*

p | 404-815-3659
f | 404-685-6959
e | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
https://link.edgepilot.com/s/ab5d232f/D0rQuI2FZEi6GQLBbVznkw?u=http://www.sgrlaw.com/ | My Bio | vCard

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.