IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | No. 1:20-cv-05233-SEG |
| | ) | |
| NORTHBROOK INDUSTRIES, INC., | ) | |
| d/b/a UNITED INN AND SUITES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT NORTHBROOK INDUSTRIES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites ("Northbrook") hereby responds to the motion for sanctions filed by Plaintiff J.G. ("Plaintiff").

Plaintiff seeks sanctions pursuant to Federal Rules of Civil Procedure 26(g)(3) and 37(c)(1), and the Court's inherent powers, for Northbrook's initial failure to make a complete production of all documents responsive to Plaintiff's requests.

Northbrook readily acknowledges, and regrets, the deficiency in its initial production in response to Plaintiff's requests. However, as explained below, the

Court has already sanctioned Northbrook for the deficiency, and Northbrook should not be sanctioned twice for the same omission. Moreover, the deficiency was corrected months ago, and Plaintiff has since taken additional discovery in conjunction with Northbrook's supplemental production. As a result, Plaintiff has suffered no prejudice, and additional sanctions are not warranted.

## I. STATEMENT OF RELEVANT FACTS

This is a hotel sex-trafficking case. Plaintiff, proceeding under the pseudonym "J.G.," alleges that she was trafficked for sex at United Inn, owned and operated by Northbrook, on separate occasions in late 2018 and early 2019.

This is one of three cases involving trafficking claims at United Inn; the other two cases[1] are pending before Judge Boulee. The plaintiffs in all three cases are represented by the same counsel, including Mr. Bouchard.

The three cases were all filed on December 28, 2020. Initially, Northbrook was represented by the same law firm, Hall Booth Smith, P.C. ("Hall Booth"), in all three cases. Hall Booth filed motions to dismiss in all three cases. While the motions

[1] A.G. v. Northbrook Industries, Inc., d/b/a United Inn and Suites, Case No. 1:20-cv-05231-JPB; G.W. v. Northbrook Industries, Inc., d/b/a United Inn and Suites, Case No. 1:20 cv-05232-JPB.

to dismiss were pending, due to different insurers of Northbrook covering the different time periods of the three plaintiffs' claims, the undersigned counsel substituted in as counsel for Northbrook in the present action by Plaintiff J.G., while Hall Booth continued to represent Northbrook in the other two actions brought by Plaintiffs A.G. and G.W.

On May 24, 2022, Judge Boulee denied Northbrook's motions to dismiss in the A.G. and G.W. matters, and Northbrook answered those complaints and discovery commenced in those actions, including Northbrook producing documents in response to document requests.

On August 2, 2022, this Court similarly denied Northbrook's motion to dismiss in this action. Thereafter, Northbrook answered the complaint, and discovery commenced. Among other things, Plaintiff J.G. served document requests on Northbrook. After determining that the document requests served in this case were identical to the document requests previously served and responded to in the A.G. and G.W. cases, the undersigned counsel made the same document production in this matter as had been made in the A.G. and G.W. cases, supplemented by a number of additional responsive documents that the undersigned counsel had compiled after consultation with Northbrook. Declaration of Dana M. Richens, ("Richens Decl.), ¶ 8.

On February 22, 2023, Plaintiff took the depositions of Northbrook's owner and 30(b)(6) representative, Tahir Shareef, and United Inn's manager, Ashar Islam, for use in all three cases. During the depositions, it became apparent that Northbrook had not completed an exhaustive search for potentially responsive documents. The undersigned counsel was not personally present at these depositions, as she was in California for depositions in a different matter. However, she became aware of the discovery issue via emails among Plaintiff's counsel, Hall Booth and herself. Id. at ¶ 9 and Exhibit 1 thereto.

Thereafter, and with the full cooperation of Northbrook, the undersigned counsel set about compiling a supplemental production, primarily from extracting data from Northbrook's gmail account and from two cellphones belonging to Northbrook representatives. Richens Decl., ¶ 10. Among other things, more than 150 search terms proposed by Plaintiff's counsel were run across the data, with the resulting subset of documents subjected to review and culling for responsiveness and privilege. Id. The undersigned counsel remained in contact with Plaintiff's counsel regarding the status of the ediscovery project. Id. and Exhibit 2 thereto.

On March 30, 2023, Plaintiff's counsel and the undersigned counsel conferred by phone on the status of the production, and the undersigned counsel committed to a supplemental production by April 21, 2023. Richens Decl., ¶ 11. Because fact

discovery was set to close on March 31, 2023, Plaintiff's counsel proposed seeking leave of court for an additional two months of unilateral discovery – *i.e.*, that only Plaintiff would receive two additional months of discovery. Further, Plaintiff's counsel stated that "if United [Inn] & Suites does not meet the April 21st deadline, then I will proceed with seeking court intervention." Id. and Exhibit 3 thereto. The undersigned counsel agreed to the proposal.

Thus, on March 31, 2023, Plaintiff filed her Unopposed Motion for Proposed Second Modified Scheduling Order. Richens Decl., ¶ 12 and Exhibit 4 thereto. The motion detailed Northbrook's incomplete document production; noted that Northbrook had agreed to supplement its production by April 21, 2023; and requested a two-month unilateral discovery extension in favor of Plaintiff because "Plaintiff will need additional time to review the same documents after they are produced, to prepare for necessary additional depositions and/or to serve additional written discovery, and to schedule and conduct additional depositions of Defendant's employees and third parties (or to re-open depositions Plaintiff previously took)." The Court granted the unopposed motion on April 3, 2023. Richens Decl., ¶ 12 and Exhibit 5 thereto.

As agreed, Northbrook made its supplemental production, on April 20, 2023.[2]

During her two-month unilateral discovery extension, Plaintiff availed herself of the benefit of additional discovery. On May 2, 2023, Plaintiff redeposed Messrs. Shareef and Islam, including asking questions about 32 of the documents from the supplemental production. Richens Decl., ¶ 14. On May 12, 2023, Plaintiff served additional written discovery (interrogatories, document requests and requests for admission) on Northbrook, to which Northbrook responded. Id.

On May 4, 2023, Plaintiff's counsel, Mr. Bouchard, tendered a settlement demand in the case, and asked for a call to discuss "where things stand in the litigation." Id. at ¶ 15 and Exhibit 6 thereto.

A few days later, on May 9, 2023, the undersigned counsel conferred with Mr. Bouchard by telephone. During the call, Mr. Bouchard first asked whether the case was going to settle, and then announced his intention to seek leave to file a motion for sanctions. Richens Decl., ¶ 16.

---

[2] While Plaintiff accuses Northbrook of "dragg[ing] its feet" in making the supplemental production, the foregoing statement of facts recounts the multi-step, time-consuming process undertaken by Northbrook to correct the initial deficiency. The deficiency was identified in late February; Northbrook made the supplemental production in mid-April. Thus, it did not take Northbrook "8 months" to correct the deficiency, as Plaintiff implies in her briefing. And Plaintiff's counsel was kept fully apprised of the status of the preparation of the supplemental production.

Mr. Bouchard subsequently notified the Court of the discovery dispute, and the Court held a telephone conference with counsel on May 26, 2023. After hearing from counsel for each side, the Court instructed counsel to confer to attempt to further rectify any harm that Plaintiff contended was attributable to the deficiency in Northbrook's first document production, and authorized the filing of a motion for sanctions in the absence of the parties reaching agreement. Id., ¶ 17. The Court also gave Plaintiff until May 31, 2023 to serve even more additional discovery requests, which Plaintiff did on May 31, 2023, and to which Northbrook responded. Plaintiff also served subpoenas on a number of third parties. Id. and Exhibit 7 thereto.

On May 31, 2023, counsel also conferred as instructed by the Court, with the undersigned counsel offering to Plaintiff's counsel additional discovery time, additional depositions and additional documents as might be needed to make Plaintiff "whole" in preparing her case for trial. Richens Decl., ¶ 18 and Exhibit 8 thereto. Plaintiff's counsel declined the offer.

On October 12, 2023 – more than four months later – Plaintiff filed the pending motion for sanctions.

## II. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff seeks sanctions against Northbrook stemming from Northbrook's failure to make a complete initial production of documents in response to Plaintiff's requests. Plaintiff moves for sanctions under Federal Rules of Civil Procedure 26(g)(3) and 37(c)(1), and also as an exercise of the Court's inherent powers.

For the reasons explained below, Northbrook respectfully submits that additional sanctions are not warranted.

**A. Fed. R. Civ. P. 26(g)(3).**

Plaintiff moves for sanctions against Northbrook pursuant to, inter alia, Fed. R. Civ. P. 26(g)(3), on the theory that the incomplete production of documents made counsel's certification of the written response to the document requests improper. See generally Fed. R. Civ. P. 26(g)(3).

Northbrook has never contested the general premise that its first production of documents was incomplete, and thus does not argue here that the certification was proper. Northbrook also acknowledges that the Court's decision to impose sanctions for an improper certification is not discretionary – *i.e.*, the Court "must impose an appropriate sanction . . . ." Fed. R. Civ. P. 26(g)(3). "The decision of what sanction is appropriate, however, is committed to the district court's discretion." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1372 (11th Cir. 1997); see also Fed. R. Civ.

P. 26(g) advisory committee's note to 1983 amendment ("The nature of the sanction is a matter of judicial discretion to be exercised in light of the particular circumstances.").

Here, Northbrook respectfully submits that it has already been sanctioned by the Court for the incomplete first document production. Specifically, on April 3, 2023, the Court granted Plaintiff's unopposed motion for a unilateral two-month additional discovery period, of which Plaintiff fully availed herself. This was the sanction that Plaintiff's counsel crafted, which was unopposed by Northbrook and imposed by the Court.

Plaintiff is now effectively asking the Court to sanction Northbrook *again* for the same conduct for which Northbrook was already sanctioned in the form of a two-month unilateral discovery extension benefiting Plaintiff. Other courts have rejected the notion that a party could be sanctioned twice for the same discovery deficiency. See, e.g., FactorTrust, Inc. v. Evanston Ins. Co., Civil Action No. 1:16-CV-02711-LMM, 2018 WL 11350386, at *4 (N.D. Ga. Apr. 9, 2018)(declining to impose sanctions under Rule 37, Rule 26 or the Court's inherent power, where "lesser remedies," including limited re-depositions of defendant's Rule 30(b)(6) witnesses due to the late production of documents, "are sufficient in this case.").

Moreover, the Court's Standing Order states that "[d]irect and informal communication between counsel is encouraged to facilitate discovery and resolve disputes." See Standing Order Regarding Civil Litigation, p. 16. This is precisely the process that the undersigned counsel undertook to address and resolve the discovery deficiency when she agreed to Plaintiff's proposal for a unilateral discovery extension for Plaintiff. Plaintiff's counsel represented that Plaintiff would not seek Court intervention if the supplemental production was made by April 21, 2023, which it was. To allow an offended party to come back and seek additional sanctions for the same conduct undermines the whole process by which counsel are expected to address and rectify discovery disputes. In the future, why would counsel ever agree to a remedy intended to resolve a discovery issue if opposing counsel could thereafter simply run to the court for additional sanctions, as occurred here?

Also, "[a]lthough prejudice plays no role in assessing whether a Rule 26(g) violation exists, it is relevant in determining the 'appropriate sanction.'" Venator v. Interstate Res., Inc., Case No. CV415-086, 2016 WL1574090, at *12 (S.D. Ga. Apr. 15, 2016). Here, Plaintiff has not suffered any prejudice as a result of Northbrook's failure to make a complete initial production of documents. Northbrook made a supplemental production of documents, and Plaintiff then deposed Northbrook's representatives on the supplemental production. Once Northbrook's representatives

were redeposed and answered questions about the supplemental production, Plaintiff was in the very same position as if the documents had been produced in the first instance.[3]

In sum, the Court has already sanctioned Northbrook for the same deficiency that is now the subject of Plaintiff's pending motion for sanctions. Northbrook should not be punished twice for the same deficiency, particularly where, as here, Plaintiff suffered no prejudice, having received the documents at issue in a supplemental production, and having then taken the depositions of Northbrook's representatives to ask them about the documents and availing herself of other additional discovery during a unilateral discovery extension.

[3] One example is particularly illustrative of the lack of claimed prejudice: In their initial depositions, Messrs. Shareef and Islam testified that they had not seen J.G. and did not know her. Later, in its supplemental production, Northbrook produced a "be on the lookout," or "BOLO," flyer for J.G. found in Northbrook's gmail account. Plaintiff now argues that the existence of the BOLO flyer is "inconsistent" with the prior deposition testimony. Northbrook does not deny receiving the BOLO flyer, but that does not change the fact that neither Mr. Shareef nor Mr. Islam ever saw J.G., and do not know her.

**B. Inherent powers**

Plaintiff also seeks a sanctions award under the Court's inherent powers.

Northbrook respectfully submits that such no such sanction is appropriate here.

"Federal courts possess an inherent power to 'police those appearing before them,' and to punish bad faith conduct that affects proceedings pending before the Court." Cutlass Collieries, LLC v. Jones, Case No. 20-CV-80001-RLR, 2021 WL 6135152, at *2 (S.D. Fla. Dec. 7, 2021)(quoting Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017)). "This power must be exercised with restraint and discretion and used to fashion an appropriate sanction for conduct which abuses the judicial process." Purchasing Power, 851 F.3d at 1223 (internal quotation marks omitted). "The key to unlocking a court's inherent power is a finding of bad faith." Id.

Here, Northbrook failed to initially make a complete production of responsive documents. That is undisputed. However, there is nothing to suggest that this deficiency is the product of any bad faith or sinister motive. It appears to have been the product of an inadequate and incomplete search for responsive documents, which was remedied as soon as the deficiency was identified during the initial depositions of Northbrook's representatives.

As a result, while the deficiency in the initial production is certainly regrettable, it does not warrant the invocation of this Court's inherent powers.

**C. Fed. R. Civ. P. 37(c)(1).**

Plaintiff also seeks sanctions under Fed. R. Civ. P. 37(c)(1), in the form of exclusion of certain testimony, documents and arguments.

Fed. R. Civ. P. 37(c)(1) contemplates the imposition of sanctions for failure to provide information in initial disclosures (Rule 26(a)), or failure to supplement discovery responses (Rule 26(e)). See Fed. R. Civ. P. 37(c)(1). As such, it is not readily apparent why this rule is applicable to Northbrook's initial failure to respond fully to Plaintiff's requests for the production of documents.

Moreover, even if Rule 37(c) were applicable in this case, the exclusion of evidence under the rule is not an appropriate sanction if the failure to provide information is "harmless." Fed. R. Civ. P. 37(c)(1). "Harmless" in the context of this rule means "there is no prejudice to the party entitled to the disclosure." Chapple v. Ala., 174 F.R.D. 698, 701 (M.D. Ala. 1997).

Here, as previously discussed, Plaintiff has not suffered any prejudice as a result of the supplemental disclosure of documents. The parties have accommodated the supplemental disclosure by, at Plaintiff's own request and with the Court's

approval, providing Plaintiff with two months of additional, unilateral, discovery, of which Plaintiff availed herself. Plaintiff has thus been able to do everything in discovery, and more, that she could have done if the supplemental production had been made as part of the first document production.

**D. Plaintiff's proposed monetary sanctions are unreasonable.**

In addition to proposing the exclusion of certain evidence, which Northbrook has addressed above, Plaintiff has also requested monetary sanctions in the form of attorneys' fees purportedly attributable to "Defendant's Discovery Negligence." Northbrook respectfully submits that the fees requested are unreasonable and not tied to the underlying discovery deficiency.

First, Plaintiff seeks $36,075 for 55.5 hours of attorney time. However, 40.5 hours (73%) of the fees that Plaintiff has itemized are not fees "caused by the violation," see Fed. R. Civ. P. 26(g)(3), but, rather, fees for Plaintiff's attorneys to tee up and file the pending motion for sanctions. In other words, Plaintiff's counsel spent far more on the pending motion for sanctions than on any supposed extra work directly associated with the discovery deficiency.

Northbrook respectfully submits that this is an unreasonable expenditure of resources, perhaps intended more to pressure Northbrook into settlement than

anything else. The prospect that such an unreasonable amount of fees would be divided by three, to account for the work being spread across the three pending cases in which Plaintiffs' counsel is pursuing sanctions against Northbrook, does not make the total workload, or amount sought, any less unreasonable.

Northbrook further questions why attorneys' fees (5.0 hours) and court reporter and videographer fees ($1,025.16) for a second round of depositions would be imposed as a sanction. Here again, such expenses were not "caused by the violation." Fed. R. Civ. P. 26(g)(3). Put another way, if the supplemental documents had instead been produced in the first instance, the result would have been longer first depositions for the Northbrook representatives, which would have increased the attorneys' fees and court reporter and videographer fees for those first depositions. That the questions asked were spread over two depositions of each witness, instead of one, does not result in a net increase in the fees themselves.

## CONCLUSION

Northbrook concedes that it failed to produce all responsive documents in its first production. Northbrook (as does its undersigned counsel) takes seriously its obligation to comply with applicable rules, regrets the deficiency, and worked diligently to cure the deficiency as quickly as possible once it was identified.

That being said, Northbrook has already been sanctioned for the deficiency. The sanction was proposed by Plaintiff's counsel, agreed to by Northbrook's counsel, and entered by the Court. The goals of both punishment and deterrence have been served. To impose further sanctions would be to punish Northbrook twice for the same deficiency.

And finally, Plaintiff has suffered no prejudice. Plaintiff was afforded, and took advantage of, an additional, and unilateral, discovery period to account for the deficiency. Plaintiff is now in the same position she would be in if the supplemental production had been made in the first instance.

For the foregoing reasons, Northbrook respectfully requests that Plaintiff's motion for sanctions be denied.

Respectfully submitted,

*/s/ Dana M. Richens*

Dana M. Richens
Georgia Bar No. 604429
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 815-3659
Facsimile: (404) 685-6959
drichens@sgrlaw.com

Attorney for Defendant
Northbrook Industries, Inc.
d/b/a United Inn and Suites

**LR 7.1(D) CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing Response was prepared with Times New Roman, 14 Point, which are font and point selections approved by the Court in LR 5.1(B).

*/s/ Dana M. Richens*

Dana M. Richens
Georgia Bar No. 604429
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 815-3659
Facsimile: (404) 685-6959
drichens@sgrlaw.com

Attorney for Defendant
Northbrook Industries, Inc.
d/b/a United Inn and Suites

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this date filed the within and foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** via the Court's CM/ECF electronic filing system, which will automatically provide notice of filing constituting service to all counsel of record.

This 26th day of October, 2023.

*/s/ Dana M. Richens*