IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | No. 1:20-cv-05233-SEG |
| | ) | |
| NORTHBROOK INDUSTRIES, INC., | ) | |
| d/b/a UNITED INN AND SUITES, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF DANA M. RICHENS**

Dana M. Richens declares and states as follows:

1. My name is Dana M. Richens. I am over 18 years of age and competent to give this Declaration. I have personal knowledge of the facts set forth herein.

2. I give this Declaration in support of Northbrook Industries, Inc.'s response to Plaintiff J.G.'s motion for sanctions.

3. I am a partner in the law firm of Smith, Gambrell & Russell, LLP and am counsel of record to Defendant Northbrook Industries, Inc. ("Northbrook") in the above-captioned action.

4. This is a hotel sex-trafficking case. Plaintiff, proceeding under the pseudonym "J.G.," alleges that she was trafficked for sex at United Inn, owned and operated by Northbrook, on separate occasions in late 2018 and early 2019.

5. This is one of three cases involving trafficking claims at United Inn; the other two cases[1] are pending before Judge Boulee. The plaintiffs in all three cases are represented by the same counsel, including Mr. Bouchard.

6. The three cases were all filed on December 28, 2020. Initially, Northbrook was represented by the same law firm, Hall Booth Smith, P.C. ("Hall Booth"), in all three cases. Hall Booth filed motions to dismiss in all three cases. While the motions to dismiss were pending, due to different insurers of Northbrook covering the different time periods of the three plaintiffs' claims, I substituted in as counsel for Northbrook in the present action by Plaintiff J.G., while Hall Booth continued to represent Northbrook in the other two actions brought by Plaintiffs A.G. and G.W.

7. On May 24, 2022, Judge Boulee denied Northbrook's motions to dismiss in the A.G. and G.W. matters, and Northbrook answered those complaints

---

[1] A.G. v. Northbrook Industries, Inc., d/b/a United Inn and Suites, Case No. 1:20-cv-05231-JPB; G.W. v. Northbrook Industries, Inc., d/b/a United Inn and Suites, Case No. 1:20 cv-05232-JPB.

and discovery commenced in those actions, including Northbrook producing documents in response to document requests.

8. On August 2, 2022, this Court similarly denied Northbrook's motion to dismiss in this action. Thereafter, Northbrook answered the complaint, and discovery commenced. Among other things, Plaintiff J.G. served document requests on Northbrook. After determining that the document requests served in this case were identical to the document requests previously served and responded to in the A.G. and G.W. cases, I made the same document production in this matter as had been made in the A.G. and G.W. cases, supplemented by a number of additional responsive documents that I had compiled after consultation with Northbrook.

9. On February 22, 2023, Plaintiff took the depositions of Northbrook's owner and 30(b)(6) representative, Tahir Shareef, and United Inn's manager, Ashar Islam, for use in all three cases. During the depositions, it became apparent that Northbrook had not completed an exhaustive search for potentially responsive documents. I was not personally present at these depositions, as I was in California for depositions in a different matter. However, I became aware of the discovery issue via emails among Plaintiff's counsel, Hall Booth and me. See Exhibit 1 hereto.

10. Thereafter, and with the full cooperation of Northbrook, I set about compiling a supplemental production, primarily from extracting data from

Northbrook's gmail account and from two cellphones belonging to Northbrook representatives. Among other things, more than 150 search terms proposed by Plaintiff's counsel were run across the data, with the resulting subset of documents subjected to review and culling for responsiveness and privilege. I remained in contact with Plaintiff's counsel regarding the status of the ediscovery project. See Exhibit 2 hereto.

11. On March 30, 2023, Plaintiff's counsel and I conferred by phone on the status of the production, and I committed to a supplemental production by April 21, 2023. Because fact discovery was set to close on March 31, 2023, Plaintiff's counsel proposed seeking leave of court for an additional two months of unilateral discovery – *i.e.*, that only Plaintiff would receive two additional months of discovery. Further, Plaintiff's counsel stated that "if United [Inn] & Suites does not meet the April 21st deadline, then I will proceed with seeking court intervention." See Exhibit 3 hereto. I agreed to the proposal.

12. Thus, on March 31, 2023, Plaintiff filed her Unopposed Motion for Proposed Second Modified Scheduling Order. See Exhibit 4 hereto. The motion detailed Northbrook's incomplete document production; noted that Northbrook had agreed to supplement its production by April 21, 2023; and requested a two-month unilateral discovery extension in favor of Plaintiff because "Plaintiff will need

additional time to review the same documents after they are produced, to prepare for necessary additional depositions and/or to serve additional written discovery, and to schedule and conduct additional depositions of Defendant's employees and third parties (or to re-open depositions Plaintiff previously took)." The Court granted the unopposed motion on April 3, 2023. See Exhibit 5 hereto.

13. As agreed, Northbrook made its supplemental production, on April 20, 2023.

14. During her two-month unilateral discovery extension, Plaintiff availed herself of the benefit of additional discovery. On May 2, 2023, Plaintiff redeposed Messrs. Shareef and Islam, including asking questions about 32 of the documents from the supplemental production. On May 12, 2023, Plaintiff served additional written discovery (interrogatories, document requests and requests for admission) on Northbrook, to which Northbrook responded.

15. On May 4, 2023, Plaintiff's counsel, Mr. Bouchard, tendered a settlement demand in the case, and asked for a call to discuss "where things stand in the litigation." See Exhibit 6 hereto.

16. A few days later, on May 9, 2023, I conferred with Mr. Bouchard by telephone. During the call, Mr. Bouchard first asked whether the case was going to settle, and then announced his intention to seek leave to file a motion for sanctions.

17. Mr. Bouchard subsequently notified the Court of the discovery dispute, and the Court held a telephone conference with counsel on May 26, 2023. After hearing from counsel for each side, the Court instructed counsel to confer to attempt to further rectify any harm that Plaintiff contended was attributable to the deficiency in Northbrook's first document production, and authorized the filing of a motion for sanctions in the absence of the parties reaching agreement. The Court also gave Plaintiff until May 31, 2023 to serve even more additional discovery requests, which Plaintiff did on May 31, 2023, and to which Northbrook responded. On May 31, 2023, Plaintiff also served subpoenas on a number of third parties. See Exhibit 7 hereto.

18. On May 31, 2023, counsel also conferred as instructed by the Court. I offered to Plaintiff's counsel additional discovery time, additional depositions and additional documents as might be needed to make Plaintiff "whole" in preparing her case for trial. See Exhibit 8 hereto. Plaintiff's counsel declined the offer.

19. On October 12, 2023 – more than four months later – Plaintiff filed the pending motion for sanctions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of October, 2023.

Dana M. Richens

# Exhibit 1

**Richens, Dana**

| | |
|---|---|
| **From:** | David Bouchard <david@finchmccranie.com> |
| **Sent:** | Monday, March 20, 2023 10:20 AM |
| **To:** | Richens, Dana |
| **Subject:** | RE: United Inn & Suites --- 30(b)(6) Deposition and Depositions of Tahir Shareef and Ashar Islam |
| **Attachments:** | 2023 - 03 - 20. Search Terms.xlsx |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning, Dana—

Further to my email below, I'm writing in regards to certain documents that came up during the depositions on February 22, 2023 of Mr. Islam, Mr. Shareef, and Northbrook's 30(b)(6) representative that we have requested but not received. I will not enumerate all those documents here, but they include business emails, business text messages, payroll records, and other critically relevant documents. We have not yet received the same documents, even though the depositions at issue occurred nearly one month ago and our original requests for production of documents served in September 2022 asked for such documents. To avoid any confusion about which documents we are still waiting to receive, we served supplemental requests for production of documents on February 24, 2023. Those supplemental requests essentially duplicate many of the requests we previously served in 2022. That is, the documents disclosed in depositions on February 22nd should have already been produced in response to the requests for production we served in September 2022.

I'm not sure how your client is going about reviewing its emails to identify the emails that should have been produced last year in response to Plaintiffs' outstanding discovery requests. I'd suggest that your client run search terms across its relevant email accounts and produce documents that hit on the search terms. I've attached a proposed list of search terms for your client to use. These terms should be run across the email accounts that your client used in connection with the hotel's business activities and operations. Any documents hitting on these terms should be produced. In my experience it is necessary to engage an e-discovery vendor to assist with collecting a client's relevant emails, running search terms, and producing the hits.

If you have any concerns with these terms, I trust that you'll promptly let me know so we can discuss and address your concerns. These documents are significantly past due in the litigation given we requested them last year, so let's please resolve efficiently any concerns you have about the search terms. Additionally, please let me know your plan to produce the documents hitting on these search terms in the near future. Thank you.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
FINCH MCCRANIE LLP
TRIAL LAWYERS
229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** Will Story <WStory@hallboothsmith.com>
**Sent:** Thursday, February 23, 2023 9:36 AM
**To:** David Bouchard <david@finchmccranie.com>; Richens, Dana <drichens@sgrlaw.com>; Ward, Emily <eward@sgrlaw.com>
**Subject:** RE: United Inn & Suites --- 30(b)(6) Deposition and Depositions of Tahir Shareef and Ashar Islam

David,

Thanks for your email. I agree with you that there were several subject areas that came up yesterday where Mr. Shareef and/or Mr. Islam represented that they may have responsive documents (including the gmail account and text messages). If you could provide us supplemental discovery requests that would be great, but I will go ahead and start working on the responsive material.

Furthermore, in these cases, I find it extremely helpful to both sides when the request for communications via email have "key terms" provided that we can use in searching the communications.

Also, and I'm not sure if we ever said it on the record, but I agree with you (and agreed with you yesterday) that you have the right to re-depose Mr. Shareef and Mr. Islam to the extent that these supplemental documents contain new information that was not covered yesterday. We might need to do a discovery extension. Honestly, I will be in a better position to know that by midweek next week.

Thanks for your email David, and as always, for your professionalism throughout this litigation. I'll be in touch soon.

Emily – Hope Tina Turner crushed it!!!

**Will Story**
Attorney at Law | Hall Booth Smith, P.C.

O: 404.954.5000
D: 404.954.5008

191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
hallboothsmith.com

H|B|S ATTORNEYS AT LAW

ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Thursday, February 23, 2023 9:18 AM
**To:** Will Story <WStory@hallboothsmith.com>; Richens, Dana <drichens@sgrlaw.com>; Ward, Emily <eward@sgrlaw.com>
**Subject:** United Inn & Suites --- 30(b)(6) Deposition and Depositions of Tahir Shareef and Ashar Islam

Good morning –

I'm following up to memorialize an issue that Will and I briefly discussed yesterday off the record. Mr. Shareef and Mr. Islam both testified yesterday to the existence of documents that are very likely to be probative of key issues in the

lawsuits filed by JG, GW, and AG, but that have not been produced despite discovery requests from each of the plaintiffs seeking such documents. For purposes of illustration only, both Mr. Shareef and Mr. Islam testified under oath that as of 2017 – 2019 the United Inn & Suites used a Gmail account to send and receive emails relating to the hotel's operations. No emails from that account have been produced to date despite plaintiffs' respective requests for production that encompass such emails. To give another example, both Mr. Shareef and Mr. Islam testified to text messages with the officers who provided security at the property for 4 hours per day from 2017 – 2019. None of those messages have been produced despite plaintiffs' respective requests for production that encompass such texts. There are other categories of documents that came up yesterday, but the foregoing examples should suffice to make the point.

To avoid any confusion or doubt about what plaintiffs are requesting in discovery (and have previously requested), plaintiffs will serve supplemental discovery requests in each of the three cases related to the new categories of documents disclosed for the first time yesterday.

Based on yesterday's testimony revealing the existence of several new categories of documents that plaintiffs requested months ago but that have not been produced, plaintiffs in each of the three lawsuits against UI&S reserve the right to re-open each of the depositions taken yesterday. I recognize it may take some time to produce the documents newly disclosed yesterday and plaintiffs will obviously then need time to review them before deciding whether to re-open the depositions. Depending on the volume of documents that are encompassed by the supplemental requests, we may need to go back to the court to request further extensions of the discovery period. I think that depends on the volume, which I'll need to hear from you about.

Thanks, and let me know if you'd like to discuss further.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
FINCH MCCRANIE LLP
TRIAL LAWYERS

229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

# Exhibit 2

**Richens, Dana**

| | |
|---|---|
| **From:** | Richens, Dana |
| **Sent:** | Wednesday, March 29, 2023 6:48 PM |
| **To:** | David Bouchard |
| **Subject:** | RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents |

David, I'm happy to talk to you. Indeed, I think it is a good idea, as I think you have misconstrued my email of this morning. Intended to tell you exactly what I'm doing to address your outstanding discovery—including your recent list of search terms that you want run, which I'm happy to do, but which takes time--you instead have come away with the conclusion that either my client or I is stonewalling. That is simply not the case. So, yes, I think a conversation is very much in order.

I've got a morning appointment that will run through early afternoon, then I have a 2:30 call. So, I'd be happy to speak with you at 8:30 a.m., or at 3:30 p.m. or thereafter. Please let me know what time to call and where to reach you, as I'll be calling from my cell phone.

Thanks very much.

Dana

**Dana M. Richens**
*Partner*

p | 404-815-3659
f | 404-685-6959
e | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
www.sgrlaw.com | vCard

Smith Gambrell Russell

**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Wednesday, March 29, 2023 6:11 PM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good evening, Dana—My email below mistakenly references Judge Brown's standing order. I should have referenced Judge Geraghty's standing order, since she is now presiding over the case. Her standing order does not explicitly require a telephonic or in-person conference prior to asking the court to intervene in a discovery dispute. I believe we have conferred in good faith at this point. Nonetheless, please let me know when you're available tomorrow to talk by phone about the issues I have raised in my prior emails. I'm planning to reach out to the court on Friday at the latest to address these discovery matters, barring some fundamental change in your client's position. Thanks.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
FINCH MCCRANIE LLP
TRIAL LAWYERS
229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** David Bouchard
**Sent:** Wednesday, March 29, 2023 3:07 PM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Good afternoon, Dana—

I do not agree with your conclusion that Court intervention is not needed.

Your email indicates that your client is continuing to, at best, drag its feet in discovery, and at worst, simply ignore its discovery obligations. The documents that are the subject matter of JG's February 2023 supplemental requests (and that were due on Monday) were originally requested in August 2022. In other words, they were due more than 6 months ago. When they weren't produced in response to the August 2022 discovery requests, I understood they didn't exist. I presumed good faith. I presumed appropriate diligence—i.e., I understood your client had exercised the requisite diligence with the assistance of its counsel to respond fully and completely to Plaintiff's properly served discovery requests. When your client and client's owner and manager testified in February 2023 that many categories of requested documents in August 2022 do exist notwithstanding the fact that they had not been produced, your client (at your direction) should have undertaken prompt efforts to produce the documents previously requested in August 2022 as expeditiously as possible. I sent an email to that effect the day after the February 2023 depositions. The day after that, I sent supplemental requests for production of documents requesting (again) all the documents previously requested in August 2022 that were not produced as they should have been in 2022. And yet, here we are, two days after the documents were due again (this time in response to the February 2023 supplemental requests) and three days before discovery is set to close, and they are still not produced.

Your email says the "current plan" is to "extract" information "responsive to the outstanding requests" "next week," and that you "will produce documents as soon as possible thereafter." Based on the foregoing timeline, I have little confidence in your client's good faith in discovery or attention to court-imposed deadlines. I have seen, time and again, evidence of your client's disregard of plain, unambiguous discovery requirements. I am not asking for much here, just that documents we've requested pursuant to properly served requests for production be produced in a timely fashion. There is no explanation in your email for why the "current plan" was not set in motion in August 2022 when the original requests for production were received. Or on the day of your client's depositions in February 2023 based on their testimony. Or the day after when I emailed about the documents. Or the day after that when I sent supplemental requests for production. Or in the following weeks when I've sent repeated emails about overdue documents. The "current plan" is not even scheduled to go into motion until more than a week after the documents are due, and after discovery closes. More worrying, I received no advance notice of this plan until I emailed you about your client's failure to properly respond to the supplemental discovery requests, and I never received a request for my consent to this "plan," as if the rules in the FRCP and the Court's discovery deadlines are not enforceable and real. Your email also ignores that many of the documents requested in August 2022 and again in February 2023 that have still not been produced have nothing to do with your client's emails and text messages. For example only, payroll records, records

from Dekalb County trainings, and so forth and so on (there are other categories of documents that I am not going to itemize again here, but that are laid out in both sets of prior requests for production of documents).

In light of the foregoing, I do not agree that Court intervention is not needed. It is needed. It is evident from your response that your client is still not taking its discovery obligations seriously, which is consistent with your client's lack of seriousness in responding to the original discovery requests in August 2022 and in the months thereafter.

To comply with Judge Brown's procedure for addressing discovery conflicts, we need to confer by phone. Please let me know your availability to talk tomorrow morning. Thank you.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
FINCH MCCRANIE LLP
TRIAL LAWYERS
229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** Richens, Dana <DRICHENS@sgrlaw.com>
**Sent:** Wednesday, March 29, 2023 7:59 AM
**To:** David Bouchard <david@finchmccranie.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

David,

Good morning, and thank you for your email.

I realize I owe you an email on the subject matter of your email, so my apologies for that. By way of update, I have made arrangements to extract from my clients' devices the emails and text messages that are responsive to the outstanding requests. The current plan is for that to happen next week. We will produce documents as soon as possible thereafter, although without knowing the volume of documents I can't give you a date certain for production. I will plan to check back in with you on timing once we've done the extraction and have a sense of the volume of materials to be produced.

In any event, I'll plan to check in with you again next week with an update. Court intervention will not be needed.

Let me know if you need anything else at this time.

Dana

**Dana M. Richens**
*Partner*

p | 404-815-3659
f | 404-685-6959
e | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
https://link.edgepilot.com/s/0152fe68/HUrBlh5TAk_cJD9LOwwktA?u=http://www.sgrlaw.com/ | vCard

Smith Gambrell Russell

**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Tuesday, March 28, 2023 9:19 AM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning, Dana—

The deadline for your client to respond to the discovery requests served on February 24, 2023 (see below) was yesterday. I have not received documents responsive to the requests, and you did not ask me for an extension of time for your client to respond. In other words, the deadline has passed and your client has not produced the required documents. Making matters worse, your written responses to the first supplemental requests for production of documents say, as your clients admitted in February 2023, that the requested documents exist and are in your client's possession. Indeed, you say that your client "will produce" various categories of documents but do not say when such production/s will occur.

As I've conveyed on multiple occasions in writing, the documents requested in JG's first supplemental requests for production in February 2023 were requested in discovery requests served in August 2022. When your client did not produce the requested documents in response to those August 2022 requests, I understood they did not exist. But in February 2023 your client and your client's owner and manager testified in their respective depositions that the requested documents do exist and are in their possession. Based on that testimony, and to avoid confusion about what documents Plaintiff was still seeking, I served supplemental requests for production in February 2023, and explicitly stated that the supplemental requests were duplicative of the requests served in August 2022.

At this point numerous categories of relevant documents requested in August 2022 have not been produced without explanation and are long overdue. My patience is wearing thin and I will move forward promptly with the court's procedure for handling noncompliance with discovery obligations if you do not update me forthwith on your client's plan to produce the documents requested in August 2022 and then again in February 2023 after your client and your client's owner and manager disclosed for the first time in their depositions in February 2023 that certain documents existed that had been requested in August 2022 but not produced.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
FINCH MCCRANIE LLP
TRIAL LAWYERS

229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** Melissa Millen <mmillen@finchmccranie.com>
**Sent:** Friday, February 24, 2023 5:50 PM
**To:** Richens, Dana <drichens@sgrlaw.com>
**Cc:** David Bouchard <david@finchmccranie.com>; Richard Hendrix <rhendrix@finchmccranie.com>; Pat McDonough <pmcdonough@atclawfirm.com>; jtonge@atclawfirm.com; Alexis O. Digiorgio <adigiorgio@atclawfirm.com>; Rebecca Osborn <bwebb@atclawfirm.com>; Teresa Scarberry <tscarber@atclawfirm.com>
**Subject:** J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Good afternoon Ms. Richens:

On behalf of Plaintiff J.G., please see the attached service copies of **Plaintiff's First Supplemental Set of Continuing Interrogatories to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites and Plaintiff's First Supplemental Set of Requests for Production of Documents to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites**.

Thank you,

*PLEASE NOTE OUR NEW ADDRESS!*

Melissa Millen
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500, International Tower
Atlanta, Georgia 30303
(o) 404-658-9070
(f) 404-688-0649
mmillen@finchmccranie.com

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

# Exhibit 3

**Richens, Dana**

| | |
|---|---|
| **From:** | David Bouchard <david@finchmccranie.com> |
| **Sent:** | Friday, March 31, 2023 12:17 PM |
| **To:** | Richens, Dana |
| **Subject:** | RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents |
| **Attachments:** | 2023-03-31 (JG Draft Proposed Scheduling Order).docx; 2023-03-31 (JG Draft Motion for Discovery Extension and Proposed Scheduling Order).docx |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon, Dana—

Thank you for talking with me yesterday afternoon by phone. Further to that conversation, I agree to give United Inn & Suites until April 21, 2023 to respond fully and completely to all previously served discovery requests, which of course includes producing all documents responsive to those requests. That is the final deadline by which United Inn & Suites must fully and completely produce responsive documents. As I indicated, if United & Suites does not meet the April 21st deadline, then I will proceed with seeking court intervention. As I detailed in my emails below, and in our phone call yesterday, we have faced ongoing problems with United Inn & Suites during discovery. This final extension to April 21, 2023 is my last effort to accommodate United Inn & Suites in discovery.

I have attached a motion to extend the fact discovery period for the Plaintiff and the expert discovery period for the parties that needs to be filed today. Please let me know if I can file this as an unopposed motion. Thanks, Dana.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
FINCH MCCRANIE LLP
TRIAL LAWYERS
229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** Richens, Dana <DRICHENS@sgrlaw.com>
**Sent:** Thursday, March 30, 2023 5:24 AM
**To:** David Bouchard <david@finchmccranie.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Will do, David. Have a good day.

Dana

**Dana M. Richens**
*Partner*

p | 404-815-3659
f | 404-685-6959
e | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
https://link.edgepilot.com/s/bffa755a/OERkpU_hA0aojS6UoSpJXw?u=http://www.sgrlaw.com/ | vCard

Smith Gambrell Russell

**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Wednesday, March 29, 2023 9:41 PM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** Re: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dana—I should be available at 4:30pm tomorrow. Please call my cell: 917.886.5185. Thanks.

Best regards,

David H. Bouchard
Partner
Finch McCranie LLP
https://link.edgepilot.com/s/d2b03c73/IyCnKs-whUu87T5tSFR_fA?u=https://www.finchmccranie.com/amp/david-bouchard.html

On Mar 29, 2023, at 6:48 PM, Richens, Dana <DRICHENS@sgrlaw.com> wrote:

David, I'm happy to talk to you. Indeed, I think it is a good idea, as I think you have misconstrued my email of this morning. Intended to tell you exactly what I'm doing to address your outstanding discovery—including your recent list of search terms that you want run, which I'm happy to do, but which takes time—you instead have come away with the conclusion that either my client or I is stonewalling. That is simply not the case. So, yes, I think a conversation is very much in order.

I've got a morning appointment that will run through early afternoon, then I have a 2:30 call. So, I'd be happy to speak with you at 8:30 a.m., or at 3:30 p.m. or thereafter. Please let me know what time to call and where to reach you, as I'll be calling from my cell phone.

Thanks very much.

Dana

**Dana M. Richens**
*Partner*

p | 404-815-3659
f | 404-685-6959
e | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
https://link.edgepilot.com/s/2e744d23/n7ChofB7EE6cTONMInzINA?u=http://www.sgrlaw.com/ | vCard

**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Wednesday, March 29, 2023 6:11 PM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good evening, Dana—My email below mistakenly references Judge Brown's standing order. I should have referenced Judge Geraghty's standing order, since she is now presiding over the case. Her standing order does not explicitly require a telephonic or in-person conference prior to asking the court to intervene in a discovery dispute. I believe we have conferred in good faith at this point. Nonetheless, please let me know when you're available tomorrow to talk by phone about the issues I have raised in my prior emails. I'm planning to reach out to the court on Friday at the latest to address these discovery matters, barring some fundamental change in your client's position. Thanks.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
<image004.png>

229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** David Bouchard
**Sent:** Wednesday, March 29, 2023 3:07 PM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Good afternoon, Dana—

I do not agree with your conclusion that Court intervention is not needed.

Your email indicates that your client is continuing to, at best, drag its feet in discovery, and at worst, simply ignore its discovery obligations. The documents that are the subject matter of JG's February 2023 supplemental requests (and that were due on Monday) were originally requested in August

2022. In other words, they were due more than 6 months ago. When they weren't produced in response to the August 2022 discovery requests, I understood they didn't exist. I presumed good faith. I presumed appropriate diligence—i.e., I understood your client had exercised the requisite diligence with the assistance of its counsel to respond fully and completely to Plaintiff's properly served discovery requests. When your client and client's owner and manager testified in February 2023 that many categories of requested documents in August 2022 do exist notwithstanding the fact that they had not been produced, your client (at your direction) should have undertaken prompt efforts to produce the documents previously requested in August 2022 as expeditiously as possible. I sent an email to that effect the day after the February 2023 depositions. The day after that, I sent supplemental requests for production of documents requesting (again) all the documents previously requested in August 2022 that were not produced as they should have been in 2022. And yet, here we are, two days after the documents were due again (this time in response to the February 2023 supplemental requests) and three days before discovery is set to close, and they are still not produced.

Your email says the "current plan" is to "extract" information "responsive to the outstanding requests" "next week," and that you "will produce documents as soon as possible thereafter." Based on the foregoing timeline, I have little confidence in your client's good faith in discovery or attention to court-imposed deadlines. I have seen, time and again, evidence of your client's disregard of plain, unambiguous discovery requirements. I am not asking for much here, just that documents we've requested pursuant to properly served requests for production be produced in a timely fashion. There is no explanation in your email for why the "current plan" was not set in motion in August 2022 when the original requests for production were received. Or on the day of your client's depositions in February 2023 based on their testimony. Or the day after when I emailed about the documents. Or the day after that when I sent supplemental requests for production. Or in the following weeks when I've sent repeated emails about overdue documents. The "current plan" is not even scheduled to go into motion until more than a week after the documents are due, and after discovery closes. More worrying, I received no advance notice of this plan until I emailed you about your client's failure to properly respond to the supplemental discovery requests, and I never received a request for my consent to this "plan," as if the rules in the FRCP and the Court's discovery deadlines are not enforceable and real. Your email also ignores that many of the documents requested in August 2022 and again in February 2023 that have still not been produced have nothing to do with your client's emails and text messages. For example only, payroll records, records from Dekalb County trainings, and so forth and so on (there are other categories of documents that I am not going to itemize again here, but that are laid out in both sets of prior requests for production of documents).

In light of the foregoing, I do not agree that Court intervention is not needed. It is needed. It is evident from your response that your client is still not taking its discovery obligations seriously, which is consistent with your client's lack of seriousness in responding to the original discovery requests in August 2022 and in the months thereafter.

To comply with Judge Brown's procedure for addressing discovery conflicts, we need to confer by phone. Please let me know your availability to talk tomorrow morning. Thank you.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
<image004.png>

229 Peachtree Street N.E., Suite 2500

Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** Richens, Dana <DRICHENS@sgrlaw.com>
**Sent:** Wednesday, March 29, 2023 7:59 AM
**To:** David Bouchard <david@finchmccranie.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

David,

Good morning, and thank you for your email.

I realize I owe you an email on the subject matter of your email, so my apologies for that. By way of update, I have made arrangements to extract from my clients' devices the emails and text messages that are responsive to the outstanding requests. The current plan is for that to happen next week. We will produce documents as soon as possible thereafter, although without knowing the volume of documents I can't give you a date certain for production. I will plan to check back in with you on timing once we've done the extraction and have a sense of the volume of materials to be produced.

In any event, I'll plan to check in with you again next week with an update. Court intervention will not be needed.

Let me know if you need anything else at this time.

Dana

**Dana M. Richens**
*Partner*

p | 404-815-3659
f | 404-685-6959
e | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
https://link.edgepilot.com/s/0152fe68/HUrBIh5TAk_cJD9LOwwktA?u=http://www.sgrlaw.com/ | vCard

**From:** David Bouchard <david@finchmccranie.com>
**Sent:** Tuesday, March 28, 2023 9:19 AM
**To:** Richens, Dana <DRICHENS@sgrlaw.com>
**Subject:** RE: J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning, Dana—

The deadline for your client to respond to the discovery requests served on February 24, 2023 (see below) was yesterday. I have not received documents responsive to the requests, and you did not ask me for an extension of time for your client to respond. In other words, the deadline has passed and

your client has not produced the required documents. Making matters worse, your written responses to the first supplemental requests for production of documents say, as your clients admitted in February 2023, that the requested documents exist and are in your client's possession. Indeed, you say that your client "will produce" various categories of documents but do not say when such production/s will occur.

As I've conveyed on multiple occasions in writing, the documents requested in JG's first supplemental requests for production in February 2023 were requested in discovery requests served in August 2022. When your client did not produce the requested documents in response to those August 2022 requests, I understood they did not exist. But in February 2023 your client and your client's owner and manager testified in their respective depositions that the requested documents do exist and are in their possession. Based on that testimony, and to avoid confusion about what documents Plaintiff was still seeking, I served supplemental requests for production in February 2023, and explicitly stated that the supplemental requests were duplicative of the requests served in August 2022.

At this point numerous categories of relevant documents requested in August 2022 have not been produced without explanation and are long overdue. My patience is wearing thin and I will move forward promptly with the court's procedure for handling noncompliance with discovery obligations if you do not update me forthwith on your client's plan to produce the documents requested in August 2022 and then again in February 2023 after your client and your client's owner and manager disclosed for the first time in their depositions in February 2023 that certain documents existed that had been requested in August 2022 but not produced.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
<image007.png>

229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

**From:** Melissa Millen <mmillen@finchmccranie.com>
**Sent:** Friday, February 24, 2023 5:50 PM
**To:** Richens, Dana <drichens@sgrlaw.com>
**Cc:** David Bouchard <david@finchmccranie.com>; Richard Hendrix <rhendrix@finchmccranie.com>; Pat McDonough <pmcdonough@atclawfirm.com>; jtonge@atclawfirm.com; Alexis O. Digiorgio <adigiorgio@atclawfirm.com>; Rebecca Osborn <bwebb@atclawfirm.com>; Teresa Scarberry <tscarber@atclawfirm.com>
**Subject:** J.G. v. United Inn - First Supplemental Set of Continuing Interrogatories and First Supplemental Set of Requests for Production of Documents

Good afternoon Ms. Richens:

On behalf of Plaintiff J.G., please see the attached service copies of **Plaintiff's First Supplemental Set of Continuing Interrogatories to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites and Plaintiff's First Supplemental Set of Requests for Production of Documents to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites**.

Thank you,

*PLEASE NOTE OUR NEW ADDRESS!*

Melissa Millen
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500, International Tower
Atlanta, Georgia 30303
(o) 404-658-9070
(f) 404-688-0649
mmillen@finchmccranie.com

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**J.G.,**

**Plaintiff,**

**v.**

**NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES**

**Defendants.**

**Civil Action File No. 1:20-cv-05233-SEG**

**PLAINTIFF J.G.'S UNOPPOSED MOTION FOR PROPOSED SECOND MODIFIED SCHEDULING ORDER**

Plaintiff J.G. hereby files this motion asking this Court to adopt the proposed second modified scheduling order attached as Exhibit A, which order Defendant does not oppose. In support, Plaintiff shows the following:

1. On December 16, 2022, this Court entered an Amended Scheduling Order ("Order"). (Doc. 51). That Order provides, among other things, that the fact discovery period in this case shall end on March 31, 2023, and that expert discovery shall end on June 16, 2023.

2. To understand Plaintiff's request for a second modified scheduling order, some brief background on the discovery to date is important. On September

22, 2022, Plaintiff served her initial written discovery requests on Defendant United Inn & Suites, including requests for production of documents, requests for admissions, and interrogatories. Those requests sought various categories of documents, including documents related to hotel security, crime, training, and payroll records, among others, that are relevant to Plaintiff's claim that she was sex trafficked as a minor at Defendant's hotel.

3. Defendant responded to those discovery requests by, among other things, producing certain documents.
4. On February 22, 2023, Plaintiff took the depositions of Defendant United Inn & Suites's 30(b)(6) representative, owner, and manager pursuant to properly served deposition notices. During those depositions, Plaintiff's undersigned counsel learned that various categories of relevant documents that Plaintiff had requested in her September 22, 2022, written discovery requests were in Defendant's possession but had not been produced despite Plaintiff's properly served requests. For example, Plaintiff learned that Defendant possessed numerous documents related to hotel security, crime, training, and payroll records, among others, that had not been produced to Plaintiff.
5. On February 23, 2023, Plaintiff emailed Defendant's counsel requesting production of those newly disclosed documents responsive to Plaintiff's September 22, 2022, requests.

6. On February 24, 2023, Plaintiff served Defendant with supplemental requests for production of documents and supplemental interrogatories asking Defendant (for a second time) to produce the documents and information newly disclosed during the February 23, 2023, depositions that had also been requested through the earlier September 22, 2022, discovery requests.

7. On March 27, 2023, which was Defendant's deadline to respond to Plaintiff's supplemental discovery requests, Defendant served Plaintiff with written discovery responses saying in relevant part that it "will produce" the relevant documents that were originally requested through the September 22, 2022, written discovery requests.

8. From March 28 through March 30, 2023, Plaintiff's undersigned counsel and Defendant's counsel conferred via email and telephone about Defendant's failure to produce the requested documents in response to Plaintiff's repeated discovery requests. The parties also conferred about the challenges Plaintiff has faced obtaining discoverable information from Defendant.

9. During a telephonic discovery conference on March 30, 2023, Plaintiff agreed to give Defendant until April 21, 2023, to respond fully and completely to all of Plaintiff's previously served discovery requests (reserving all previously asserted objections), which of course includes producing all responsive documents not yet produced.

10. Considering the foregoing, Plaintiff respectfully requests that the Court adopt the proposed second modified scheduling order that is attached hereto as "Exhibit A." As outlined in Exhibit A, Plaintiff would have until May 31, 2023, to complete fact discovery, and the parties will have until July 14, 2023, to complete expert discovery.

11. The requested extension of the fact discovery period is appropriate because Defendant has agreed to produce the outstanding documents previously requested by Plaintiff by April 21, 2023, and Plaintiff will need additional time to review the same documents after they are produced, to prepare for necessary additional depositions and/or to serve additional written discovery, and to schedule and conduct additional depositions of Defendant's employees and third parties (or to re-open depositions Plaintiff previously took).

12. The requested extension of the expert discovery period is warranted because the parties expect that discussions relating to the possibility of resolving the case will be greatly furthered by fact discovery alone, which may render the time and expense associated with expert discovery unnecessary and wasteful. Consequently, the parties support tiered discovery (a fact discovery period to be followed by an expert discovery period), which means shifting the fact discovery deadline should proportionately shift the expert discovery deadline.

13. Rule 26(d) gives the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d); *see e.g. Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Here, the modified discovery period set forth in Exhibit A will provide Plaintiff with the opportunity to complete necessary fact discovery and for the parties to complete necessary fact discovery.

14. Plaintiff's undersigned counsel has conferred with Defendant's counsel and understands that Defendant's counsel does not oppose the proposed second modified scheduling order.

Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Proposed Second Modified Scheduling Order. A Proposed Order is attached hereto as "Exhibit A."

Respectfully submitted this 31st day of March, 2023.

**FINCH McCRANIE, LLP**

*<u>/s/ David H. Bouchard</u>*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

Case 1:20-cv-05233-SEG Document 60 Filed 03/31/23 Page 6 of 8

FINCH McCRANIE, LLP
225 Peachtree Street NE
1700 South Tower
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

**ANDERSON, TATE, & CARR, P.C.**

*/s/ Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

***Attorneys for the Plaintiff***

**CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing **MOTION FOR SECOND PROPOSED SCHEDULING ORDER** has been prepared with one of the following font and point selections approved by the Court in LR 5.1, NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted this 31st day of March, 2023.

**FINCH McCRANIE, LLP**

*/s/ David H. Bouchard*
David H. Bouchard
Georgia Bar No. 712859

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Motion for Second Proposed Scheduling Order** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Dana M. Richens
Georgia Bar No. 604429
Smith Gambrell & Russell
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia 30309-3592
Tel: (404) 815-3500
Facsimile: (404) 685-6959

Respectfully submitted this 31st day of March, 2023.

**FINCH McCRANIE, LLP**

*/s/ David H. Bouchard*
David H. Bouchard
Georgia Bar No. 712859

# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**J.G.,**

**Plaintiff,**

**v.**

**NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES**

**Defendants.**

**Civil Action No. 1:20-CV-05233-SEG**

## SECOND MODIFIED SCHEDULING ORDER

This case is before the Court on Plaintiff's unopposed motion to modify the scheduling order. (Doc. 60.) For good cause shown, the motion is GRANTED/ The Court hereby enters the following scheduling order which shall govern this case:

1. Plaintiff shall have through May 31, 2023, to complete any additional fact discovery necessitated by Defendant's production of documents after March 31, 2023. The fact discovery period for Defendant concluded on March 31, 2023, as indicated in the Court's Modified Scheduling Order. (Doc. 51).
2. By June 16, 2023, the Parties shall identify their experts and disclose their respective experts' reports. The parties shall work together in good

faith to schedule expert depositions in a timely fashion and shall provide at least three dates that their respective experts are available for depositions.

3. The Parties shall have until July 14, 2023, to conduct depositions of experts and to complete expert discovery.
4. All dispositive motions and partially dispositive motions, including but not limited to *Daubert* motions, must be filed no later than August 4, 2023.
5. All motions *in limine* must be filed at least three weeks in advance of trial.
6. The consolidated pretrial order must be filed at least one week in advance of trial.

So ORDERED, this 3rd day of April, 2022.

Sarah E. Geraghty
United States District Judge

# Exhibit 6

**Richens, Dana**

| | |
|---|---|
| **From:** | David Bouchard <david@finchmccranie.com> |
| **Sent:** | Thursday, May 4, 2023 3:49 PM |
| **To:** | Richens, Dana |
| **Subject:** | JG v. United Inn & Suites |
| **Attachments:** | 2023-05-04 - Settlement Demand JG.pdf |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon, Dana—

I'm attaching a courtesy copy of a combined unliquidated damages demand and offer of settlement that we sent out this afternoon via statutory overnight delivery by FedEx.

I'd like to get on the phone and talk about where things stand in the litigation and next steps. I'm in meetings for the rest of the afternoon. Can you talk tomorrow morning? Thanks.

Best regards,

David

**David Bouchard** (Bio)
*Partner*
FINCH MCCRANIE LLP
TRIAL LAWYERS
229 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30303 | T: (404) 658-9070
david@finchmccranie.com

# Exhibit 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **J.G.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| **NORTHBROOK INDUSTRIES, INC., D/B/A UNITED INN AND SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

**NOTICE OF INTENT TO SERVE SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45(a)(4), Plaintiff J.G. hereby provides notice of intent to serve the following subpoenas:

1. Attached as "Exhibit A" for Subpoena for production of documents, electronically stored information, or objects directed to Bulldog Insurance, Inc.

2. Attached as "Exhibit B" for Subpoena for production of documents, electronically stored information, or objects directed to Midland Loan Services, L.P.

3. Attached as "Exhibit C" for Subpoena for production of documents, electronically stored information, or objects directed to Kitchens Kelley Gaynes, P.C.

4. Attached as "Exhibit D" for Subpoena for production of documents, electronically stored information, or objects directed to Morgan & Chakales, P.C.

5. Attached as "Exhibit E" for Subpoena for production of documents, electronically stored information, or objects directed to Alischild Tax and Accounting Inc.

Respectfully submitted this 31st day of May, 2023.

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070
(404) 688-0649 (fax)

*<u>/s/ David H. Bouchard</u>*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing filing into the District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Respectfully submitted this 31st day of May, 2023.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070
(404) 688-0649 (fax)

*Co-Counsel for Plaintiff*

# Exhibit 8

**Richens, Dana**

**From:** Richens, Dana
**Sent:** Friday, June 9, 2023 6:01 PM
**To:** David Bouchard
**Subject:** j.g. v. northbrook

David,

I write in furtherance of our meet-and-confer of May 31, 2023. As you know, the Court instructed us to confer in an attempt to further rectify any harm you contend is attributable to the deficiency in United Inn's initial document production.

During our meet and confer, you identified for me the nature of the sanctions you intend to seek, which include attorneys' fees and exclusion orders regarding certain defenses, documents and witnesses. I asked that in the spirit of what the Court had instructed us to do, you consider instead what other relief might actually make you "whole" in terms of your preparation of the case for trial. I offered additional discovery time, additional depositions, additional documents. You indicated that you did not have any interest in any of those concessions.

I sincerely believe that with the unopposed unilateral two-month discovery extension you received, your redeposing of Northbrook's agents, and the Court's authorizing you to serve additional written discovery that otherwise would be untimely even under the two-month extension, the initial deficiency has been addressed and rectified time and time again. Nevertheless, you seem determined to file a motion for sanctions.

My offer to negotiate further regarding additional discovery, and whatever else you might actually need to prepare your case for trial, remains open. But we will not negotiate your threatened sanctions, which we believe are unwarranted.

Dana

**Dana M. Richens**
*Partner*

**p** | 404-815-3659
**f** | 404-685-6959
**e** | DRICHENS@sgrlaw.com
1105 W. Peachtree St. NE | Suite 1000 | Atlanta, GA 30309
www.sgrlaw.com | My Bio | vCard

Smith Gambrell Russell