IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | No. 1:20-cv-05233-SEG |
| | ) | |
| NORTHBROOK INDUSTRIES, INC., | ) | |
| d/b/a UNITED INN AND SUITES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT NAESHIA MCDOWELL**

This Memorandum of Law is submitted by Defendant Northbrook Industries, Inc., d/b/a United Inn & Suites ("Northbrook"), in support of its motion to exclude from the trial of this case the testimony of Plaintiff's purported expert Naeshia McDowell.

This is a hotel sex-trafficking case. The plaintiff, proceeding under the initials "J.G." to protect her identity ("Plaintiff"), alleges that as a minor she was trafficked for sex at United Inn and Suites ("United Inn"), an independent hotel owned and operated by Northbrook, in 2018 and 2019. She has asserted a claim against Northbrook under the federal Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1591, et seq. – specifically, the

"beneficiary" provision, 18 U.S.C. § 1595(a), and under Georgia premises liability law, see O.C.G.A. § 51-3-1.

Plaintiff has disclosed that she intends to call Naeshia McDowell as an expert witness at trial. Ms. McDowell is presently the director of the Commercial Sexual Exploitation of Children (CSEC) Response Team of the Children's Advocacy Centers of Georgia.

In her expert report, tendered pursuant to Fed. R. Civ. P. 26(a)(2)(B), Ms. McDowell summarizes the opinions that she apparently intends to offer at trial:

1. "Sex traffickers manipulate, control, and coerce minor victims through recruitment, entrapment, and enmeshment. As a result of recruitment, entrapment, and enmeshment, minor victims rarely flee exploitative relationships."

2. "Based on my review of the discovery, and my conversations with . . . JG, I conclude that … JG's … traffickers manipulated, controlled, and coerced [her] through recruitment, entrapment, and enmeshment. It is more likely than not that . . . JG did not flee the exploitative relationship[] with [her] traffickers based on recruitment, entrapment, and enmeshment."

As further explained hereinbelow, Ms. McDowell should be precluded from offering these opinions at trial because they are irrelevant and not helpful, and may

even mislead or confuse the jury. In addition, Ms. McDowell should be precluded from giving any opinions as to whether Plaintiff was actually a victim of sex trafficking, including any opinion that Plaintiff's experiences were "consistent with the experiences of child sex trafficking victims."

## ARGUMENT AND CITATION OF AUTHORITY

### A. Legal Standard

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The admissibility inquiry under Rule 702 thus requires district courts to consider three basic factors: (1) qualifications, (2) reliability and (3) relevance. Moore v. Intuitive Surgical, Inc., 995 F.3d 839, 850-51 (11th Cir. 2021). The

burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592 n.10 (1993).

The role of the Court in this regard is to provide a gatekeeping function, "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." U.S. v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004). "The district court's role is especially significant since the expert's opinion can be both powerful and quite misleading because of the difficulty in evaluating it." Id. (internal quotation marks omitted).

A trial court may also strike even relevant expert testimony "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. See also U.S. v. Than Quoc Hoang, 891 F. Supp. 2d 1355, 1363 (M.D. Ga. 2012) ("A trial court may strike opinion testimony both when it is not helpful under Rule 702 and also under Rule 403 when it may cause undue prejudice."). "Simply put, expert testimony may be assigned talismanic significance in the eyes of lay jurors, and,

therefore, the district courts must take care to weigh the value of such evidence against its potential to mislead or confuse." Frazier, 387 F.3d at 1263.

### A. Ms. McDowell's testimony should be excluded as irrelevant.

In order to be helpful to the jury, the expert's testimony must be relevant. See Daubert, 509 U.S. at 591 (requirement that testimony "assist the trier of fact to understand the evidence or to determine a fact in issue . . . goes primarily to relevance."). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1347 (11th Cir. 2003).

Here, Ms. McDowell's testimony does not relate to any issue in the case. The general subject matter of Ms. McDowell's proposed testimony is to explain why, as a matter of social science, Plaintiff did not flee her relationship with the individuals who trafficked her at United Inn. But whether Plaintiff fled, or did not flee, or even tried to flee, her relationship with her traffickers is not a component of sex trafficking or an element of liability under the TVPRA, or pertinent to Plaintiff's premises liability claim.[1] Put another way, Northbrook could be found

[1] In other contexts, the question of whether a victim had, but ignored, an opportunity to flee could be relevant. See, e.g., U.S. v. Torres, 20cr608 (DLC), 2021 WL 1947503, at *7 (S.D.N.Y. May 13, 2021) (in kidnapping case, expert testimony as to why victim did not use opportunity to flee was likely to assist the jury, since victim's being held against her will was "an element of the kidnapping

liable, or not liable, on Plaintiff's TVPRA and premises liability claims regardless of whether Plaintiff fled, or attempted to flee, her traffickers. The testimony on this point is therefore irrelevant and will not aid the jury in its liability determination.

**B. Ms. McDowell's testimony should be excluded because it may confuse the issues or mislead the jury.**

Even if Ms. McDowell's proposed testimony were relevant, it should be excluded because of the potential that her testimony could mislead or confuse the jury. Ms. McDowell's testimony explaining why Plaintiff did not flee from her traffickers could incorrectly lead the jury to believe that because Plaintiff was "unable" to help herself by fleeing, Northbrook therefore had a heightened duty to protect her, or an affirmative duty to rescue her. Neither of these conclusions is an appropriate statement of the duty of care, if any, owed by Northbrook to Plaintiff under either the TVPRA or Georgia law. See, e.g., C.C. v. H.K. Group of Co., Inc., Civil Action File No. 1:21-cv-1345-TCB, 2022 WL 467813, at *4 (N.D. Ga. Feb. 9, 2022) (rejecting theory that failing to assist plaintiff or alert authorities supported a TVPRA claim).

---

statute"). Being held against one's will is not similarly a component of liability in this matter.

"[E]vidence that is only slightly probative is more susceptible to exclusion under rule 403." Jones v. Wiseman, 838 F.App'x 942, 949 (6th Cir. 2020). Having already established that Ms. McDowell's testimony as to why Plaintiff did not flee her traffickers is not relevant to any issue in the case, and given the legitimate concern for misleading or confusing the jury with such testimony, Ms. McDowell's opinions should be excluded.

### C. Ms. McDowell should not be permitted to testify that Plaintiff's experiences were "consistent with the experiences of child sex trafficking victims."

Although no such opinion is stated in her report, during her deposition it became apparent that Ms. McDowell had formed an opinion that Plaintiff's experiences were "consistent with the experiences of child sex trafficking victims."

Ms. McDowell should be precluded from offering any such opinion at trial. First, the opinion was not disclosed in her expert report. Second, the opinion would be misleading and confusing to a jury. It is not clear what the opinion even means. Most likely, it is Ms. McDowell's indirect way of stating that she believes that Plaintiff was sex trafficked. However, Ms. McDowell is not a law enforcement investigator, or a medical doctor, or otherwise suitably credentialed as an expert to appropriately offer the opinion that Plaintiff was sex trafficked.

Ms. McDowell thus should be precluded from offering any opinion that Plaintiff was sex trafficked, or that Plaintiff's experiences were "consistent with the experiences of child sex trafficking victims."

For the foregoing reasons, Northbrook respectfully requests that Ms. McDowell's testimony be excluded from the trial of this case.

## L.R. 7(D) CERTIFICATION

The undersigned counsel hereby certifies that this Memorandum has been prepared in Times New Roman (14 point), which are font and point selections approved by the Court in L.R. 5.1(C).

Respectfully submitted,

*/s/ Dana M. Richens*

Dana M. Richens
Georgia Bar No. 604429
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 815-3659
Facsimile: (404) 685-6959
drichens@sgrlaw.com

Attorney for Defendant
Northbrook Industries, Inc.
d/b/a United Inn and Suites

# CERTIFICATE OF SERVICE

I hereby certify that I have on this date served all parties with the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT NAESHIA MCDOWELL** via the Court's CM/ECF electronic filing system, which will automatically provide notice of filing constituting service to all counsel of record.

This 21st day of December, 2023.

*/s/ Dana M. Richens*