**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **J.G.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| **NORTHBROOK INDUSTRIES, INC., D/B/A UNITED INN AND SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S MOTION TO EXCLUDE AND PRECLUDE SELECT OPINIONS AND TESTIMONY FROM DEFENDANT'S EXPERT KARIM VELLANI AND MEMORANDUM OF LAW IN SUPPORT**

# INTRODUCTION

The Federal Rules of Evidence and Civil Procedure, as well as applicable case law, require the exclusion and preclusion of live opinion testimony from Defendant's proposed security expert, Karim Vellani, on the following: (1) any and all rebuttal opinions to Plaintiff's security expert, Darrell Chaneyfield, (2) opinions as to the effectiveness of sex trafficking indicators in healthcare settings, (3) opinions that sex trafficking is "clandestine," and (4) opinions as to scientific research on the efficacy of sex trafficking indicators published by the United States Department of Homeland Security for the hospitality industry.

Vellani's rebuttal opinions should be excluded, and he should be precluded from offering them, because Defendant did not timely notice Vellani as a rebuttal expert and did not provide a rebuttal report as required by this Court's Scheduling Order (Doc. 51) and Federal Rule of Civil Procedure 26. Further, Vellani's opinions on detection of sex trafficking in healthcare settings, the allegedly "clandestine" nature of sex trafficking, and scientific research on the efficacy of Homeland Security's sex trafficking indicators for the hospitality industry should also be excluded pursuant to *Daubert* and Federal Rule of Evidence 702, because they are not relevant. Also, Vellani does not "hold [himself] out as an expert in sex trafficking," (Exhibit 1 at p. 18), and he is not qualified to render such opinions.

## RELEVANT LEGAL AUTHORITY

"Expert testimony which does not relate to any issue in the case is not relevant and, *ergo*, non-helpful," and must be excluded. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993). Evidence is only relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

If the testimony is relevant, then the standard for the admissibility of expert witness testimony is measured by Fed. R. Evid. 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In making admissibility determinations, district courts must act as a gatekeeper to ensure testimony is "not only relevant, but reliable." *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137, 147 (1999).

The Eleventh Circuit has distilled the expert admissibility inquiry into a three-factor test. The district court must determine whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address;
> (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and
> (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*See United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (quoting *City of Tuscaloosa v. Harcros Chems. Inc.*, 158 F.3d 548, 562 (11th Cir. 1998).) While there is overlap between these requirements, "they remain distinct concepts," and courts "must take care not to conflate them." *Frazier*, 387 F.3d at 1260. Each of these three analytical prongs must be connected to the "task at hand," *i.e.*, the matter to which the expert seeks to testify. *Daubert*, 509 U.S. at 597.

## ARGUMENT

Vellani's rebuttal opinions should be excluded because Defendant did not timely notice Vellani as a rebuttal expert, serve a rebuttal expert report, or otherwise comply with the requirements of this Court's Scheduling Order (Doc. 51) or Fed. R. Civ. P. 26(a)(2)(D)(ii). Because Defendant cannot show that its untimeliness and failure to comply with the Rules and the Court's Order was substantially justified or

harmless under Rule 37(c)(1), Vellani's rebuttal opinions should be excluded. *Josendis v. Wall to Wall Repairs, Inc.*, 662 F.3d 292, 1307 (11th Cir. 2011). Further, Vellani's opinions on detection of sex trafficking in healthcare settings, the "clandestine" nature of sex trafficking, and scientific evidence on the efficacy of Homeland Security's sex trafficking indicators should also be excluded under *Daubert*, Fed. R. Evid. 702, and Fed. R. Evid. 401, because they are not relevant, and, moreover, he is not qualified to offer such opinions because he does not "hold [himself] out as an expert in sex trafficking," (Exhibit 1 at p. 18). As such, Vellani's foregoing opinions on sex trafficking should be excluded.

## I. Vellani's Rebuttal Opinions Should Be Excluded, and He Should Be Precluded from Testifying to Them at Trial, Because They Are Untimely and He Has Never Produced a Rebuttal Report, All in Violation of the Rules.

Even though this Court set a deadline to disclose rebuttal expert witnesses, and it is well understood that "the disclosure of expert testimony" is required "'at the times and in the sequence that the court orders,'" Defendant failed to disclose to Plaintiff that Vellani would be providing rebuttal opinions until the day of his deposition, November 28, 2023, one-hundred and ninety-three (193) days after the disclosure deadline. (Doc. 51.) *Knight through Kerr v. Miami-Dade County*¸856 F.3d 795, 811 (11th Cir. 2017) (quoting Fed. R. Civ. P. 26(a)(2)(D)). Worse, Defendant's late disclosure was not accompanied by a written report as required by

Fed. R. Civ. P. 26(a)(2)(B), and otherwise failed to comply with the requirements of this Court's Order (Doc. 51) and Fed. R. Civ. P. 26. To date, Defendant has not served a rebuttal expert report from Vellani. Under these circumstances, Rule 26 mandates exclusion of Vellani's rebuttal expert opinions unless their untimely disclosure was "substantially justified or is harmless." *Knight*, 856 F.3d at 812 (citing Fed. R. Civ. P. 37(c)(1).) Defendant cannot meet that burden.

Under the Scheduling Order, the deadline to identify rebuttal experts and disclose their respective reports was May 19, 2023. (Doc. 51.) While several additional Scheduling Orders (Docs. 61, 81, 84 & 94) have since been entered, none of those Scheduling Orders changed the deadline to identify rebuttal experts. (Doc. 51.) The only subsequent order that adjusted expert witness deadlines was this Court's April 3, 2023, Order, which changed the deadline to identify experts and disclose their respective reports to June 16, 2023.[1] (Doc. 61.) Accordingly, even if the Court intended to change the rebuttal expert deadline when it adjusted the deadline to identify experts on April 3rd, then the default deadline to notice Plaintiff of a rebuttal expert would have been July 16, 2023. Fed. R. Civ. P. 26(a)(2)(D)(ii).[2]

[1] The Court did not explicitly adjust the rebuttal expert deadline in its April 3, 2023, Order. (Doc. 61.)

[2] If the Court does not set its own schedule for the disclosure of rebuttal experts, the default deadline is "within 30 days after the other party's disclosures." Fed. R. Civ. P. 26(a)(2)(D)(ii).

Defendant did not follow the Court's Orders and the Rules on rebuttal expert disclosures and reports. The evening before Vellani's deposition, Defendant forwarded an excerpt from Darrell Chaneyfield's deposition transcript as part of Vellani's expert file. When Plaintiff inquired into the excerpt during Vellani's deposition the next day, Vellani expressed his intention to rebut Mr. Chaneyfield's expert opinions. (Exhibit 1 at p. 222, 226 – 231.) Thus, Plaintiff did not learn that Vellani planned to provide rebuttal opinions to Plaintiff's expert, Darrell Chaneyfield, until Vellani's deposition. During the deposition, Vellani claimed to be "intimately familiar with" the excerpt from Darrell Chaneyfield's deposition transcript, and he pronounced his opinion that "Mr. Chaneyfield does not understand what allowed him to be a member" of the International Association of Professional Security Consultants ("IAPSC") and that none of the related testimony rendered by Mr. Chaneyfield was true. (*Id.* at p. 222.) Vellani also shared additional rebuttal opinions to Mr. Chaneyfield and left the door open to forming still more rebuttal opinions based on his plan to read the transcript of Mr. Chaneyfield's "second deposition in order to fully flesh this out." (*Id.* at p. 227 - 231.) To date, Defendant has not provided Plaintiff with a written rebuttal expert witness report and Vellani had not prepared one as of November 28, 2023. (*Id.* at p. 222.) The copy of Mr. Vellani's report that was provided to Plaintiff's Counsel on June 14, 2023, also does

not contain any rebuttal opinions and it does not mention Darrell Chaneyfield.[3] (Exhibit 2).

Defendant's failure to comply with this Court's scheduling orders was neither substantially justified nor harmless. Not substantially justified because Defendant has not provided any reason why it failed to disclose Vellani as a rebuttal expert within 30 days of Plaintiff's disclosure of Darrell Chaneyfield and his report, or at any point prior to Vellani's deposition, which took place one-hundred and ninety-three (193) days after the deadline to disclose rebuttal experts.[4] Not harmless because: (1) Plaintiff has never received a rebuttal expert report from Vellani, had no notice of Defendant's intent to use Vellani as a rebuttal expert witness before Vellani's deposition, and was not prepared to depose Vellani on Defendant's apparent eleventh-hour plan to proffer Vellani as a rebuttal expert; (2) Vellani's not yet "flesh[ed] out" rebuttal experts opinions are likely to ambush and surprise Plaintiff at trial. Additionally, Defendant could try to use Vellani's still unknown rebuttal opinions to form an improper, untimely basis for subsequent challenges to Mr. Chaneyfield's timely and properly noticed expert opinion.

[3] In the weeks since notifying Plaintiff that Vellani would be providing rebuttal opinions, Defendant has not requested this Court's or Plaintiff's leave.

[4] Even if the deadline to notice rebuttal experts was July 16, 2023, Defendant's disclosure would still be 135 days late.

Because Defendant failed to notice Vellani as a rebuttal expert witness and to provide a rebuttal expert report in accordance with the Court's Scheduling Order and the Rules, and those failures were neither substantially justified nor harmless, this Court should preclude Defendant from introducing any testimony from Vellani to rebut Plaintiff's properly noticed expert witness, Darrell Chaneyfield.

## II. Vellani's Improper Opinions on Sex Trafficking Should Be Excluded, and He Should Be Precluded From Testifying to Them, Because They Are Not Relevant and He Is Not Qualified to Render Them.

Even though Vellani does not "hold [himself] out as an expert in sex trafficking," has never worked in law enforcement, does not consider himself an expert in law enforcement, and has never investigated a sex trafficking case, (Exhibit 1 at pp. 14, 18), Vellani's expert report hazards numerous irrelevant and sweeping opinions on sex trafficking, (*see, e.g.,* Exhibit 2 at pp. 7-13). For example, he opines that (1) sex trafficking is difficult to detect in healthcare settings, (2) sex trafficking is necessarily "clandestine," and (3) "the clandestine nature of the exploitation phase of sex trafficking makes it difficult to detect and prevent." (Exhibit 2 at pp. 8-12.) In support of his opinion that sex trafficking is always "clandestine," Vellani cites one source: Merriam-Webster's dictionary definition of the term "clandestine." (*Id.* at p. 8.)

An expert's qualifications and methodology, and the relevancy of the expert's opinions, must be assessed in reference to the "task at hand," *i.e.*, the matter to which the expert seeks to testify. *Daubert*, 509 U.S. at 597. Here, Vellani has been offered by Defendant as an expert in security consulting, specifically security operations at hotels. (*See, e.g.*, Exhibit 1 at pp. 11, 21-22.) In that limited role, Vellani allegedly performed a security risk assessment to ascertain whether the security measures in place at United Inn and Suites were adequate considering the crime risks. (Exhibit 2 at p. 36.) His opinions should be so limited at trial.

Because Vellani is not qualified to offer opinions on sex trafficking, given he has admitted he is not an expert in sex trafficking, and his sweeping sex trafficking opinions are not relevant to the "task at hand," his opinions on the same should be excluded.

**a. Vellani's Opinions on Sex Trafficking Victim Identification in Healthcare Settings Should Be Excluded as Irrelevant**.

Vellani acknowledges that "[Plaintiff] was trafficked at United Inn and Suites," and that United Inn is not a healthcare setting, (Exhibit 1 at p. 107 - 108), and yet devotes four pages of his report to a discussion of the difficulties of identifying sex trafficking victims in healthcare settings, (Exhibit 2 at pp. 9 - 12). Plaintiff has not alleged that a healthcare system failed to properly identify her as trafficking victim. (Doc. 1). She has alleged that United Inn & Suites—a hotel—

knew or should have known that she was a trafficking victim based on a litany of red flags and yet failed to take appropriate action in response. (Doc. 1.) Because Vellani's opinions about human trafficking indicators in healthcare settings do "not relate to any issue in the case," they are "not relevant and, *ergo*, non-helpful," and must be excluded. *Daubert*, 509 U.S. at 591.

This Court should follow other courts in this district handling hotel sex trafficking cases and exclude and preclude expert testimony about indicators of sex trafficking in non-hospitality environments. (*See, e.g.*, *Jane Does -4 v. Red Roof Inns, Inc., et al*., No. 1:21-cv-04278-WMR, Doc. 369 at 55:3-14). In *Red Roof*, the court excluded expert testimony on indicators of sex trafficking in an airport setting "on relevancy grounds" because that case was not about "what may happen at airports" and "no one could have really ever thought [testimony about sex trafficking indicators in the airport setting] was going to be admissible in this case" about Red Roof Inns. (*Id.*) Likewise, this case is about a hotel, not a healthcare setting, and for that reason this Court should exclude Vellani's opinions on identification of sex trafficking in healthcare settings under Rule 401.

**b. Vellani's Opinions on the Alleged "Clandestine" Nature of Sex Trafficking Should be Excluded Because He is Not Qualified to Offer Them, and, Further, They Violate *Daubert*'s Reliable Methodology Requirement.**

This Court should exclude Vellani's opinions about the allegedly "clandestine" nature of sex trafficking because, by his own admissions, he is not an expert in sex trafficking, has never worked in law enforcement, is not an expert in law enforcement, and has never investigated sex trafficking. (Exhibit 1 at pp. 14, 18.)[5]

Vellani has been proffered by Defendant as an expert in conducting security risk assessments of a hotel, like United Inn, and then determining whether the security measures in place were adequate. (Exhibit 2 at p. 36; Exhibit 1 at pp. 21-22.) Vellani's risk assessment of the United Inn is the "task at hand"—the matter Vellani seeks to testify about. *Daubert*, 509 U.S. at 597. While testimony about the alleged "clandestine" nature of sex trafficking could be relevant in assessing the adequacy of United Inn and Suite's security measures, the Court cannot blindly accept Vellani's opinions on that topic as "expert" opinions because he has admitted that he is not a sex trafficking expert. (Exhibit 1 at pp. 14, 18.) Further, he lacks the

[5] Vellani's report repeatedly says sex trafficking is "clandestine." And yet, it also says it occurs "on the street (public places)." (Exhibit 2 at p. 8.) Plaintiff has alleged she was exploited openly and obviously in United Inn and Suites common areas, including when she had commercial sex in cars parked in the parking lot.

requisite experience and background to be qualified as an expert on sex trafficking because he does not have relevant experience in law enforcement, investigating sex trafficking, or working with victims and survivors.[6]

In sum, Vellani's general opinions about the nature of sex trafficking are disconnected from the task at hand, are not relevant, and he is not qualified to offer them.

Additionally, Vellani's characterization of trafficking as "clandestine" is not methodologically sound, as required by *Daubert*, and Vellani does not explain the basis for that conclusion. What reliable principles and methods did he apply to conclude that sex trafficking is "clandestine"? He only provides a citation to Merriam-Webster's dictionary definition of the term "clandestine." (*Id.* at p. 8.) That fails under *Daubert*.

**c. Vellani's Opinions Regarding Scientific Evidence on the Efficacy of Sex Trafficking Indicators Should be Excluded under Rules 401 and 403.**

Even though Vellani believes that certain untested sex trafficking indicators "just make practical sense" for the hospitality industry, (Exhibit 1 at p. 125), and

[6] Vellani claims to have practical experience in the mitigation of sex trafficking based on a consulting engagement with the City of Houston fourteen years ago. (Exhibit 2 at p. 3.) Vellani's role was limited to conducting security risk assessments to identify security vulnerabilities at lodging facilities that may have been hubs for vice crimes. (*Id.* at pp. 14-15.)

concedes that he would refer a hospitality industry client intent on addressing the risk of sex trafficking to published guidance "out there in the industry," (*id.* at pp. 137), he opines that there is no scientific evidence to support the efficacy of the sex trafficking indicators published by the United States Department of Homeland Security for the hospitality industry, (*see, e.g.*, Exhibit 2 at p. 12). More confusing, Vellani does not believe that only anti-trafficking interventions that are evidence-based should be used by the hospitality industry. (Exhibit 1 at p. 117). In short, Vellani believes the Homeland Security sex trafficking indicators for the hospitality industry are not evidence based, but he would refer his own clients to the same indicators if asked, and he does not believe only evidence-based indicators should be used by hotels.

Whether Homeland Security's indicators have been empirically tested is irrelevant to the ultimate questions of whether Plaintiff was trafficked, whether she was trafficked at United Inn & Suites, and whether Defendant knew or should have known about Plaintiff's trafficking at its hotel. Vellani would refer his own clients to the same indicators if his clients asked. Therefore, Vellani's opinion that the indicators have not been empirically tested is irrelevant, because it has no tendency to make a fact more or less probable and is therefore of no consequence in determining this action. Fed. R. Evid. 401. Even if the opinion were relevant, its

probative value is substantially outweighed by a danger of confusing the issues and misleading the jury. Fed. R. Evid. 403.

## CONCLUSION

This Court should grant Plaintiff's instant motion because Defendant did not properly disclose Vellani as a rebuttal expert and provide a rebuttal expert report as required by this Court's Order and Fed. R. Civ. P. 26(a)(2)(D)(ii), and Defendant's failure to do so was not substantially justified or harmless. Further, this Court should also exclude Vellani's sweeping sex trafficking opinions because Vellani is not qualified to offer them and because his sex trafficking opinions have no tendency to make a fact more or less probable and are therefore of no consequence in determining this action.

Respectfully submitted this 21st day of December, 2023.

**FINCH McCRANIE, LLP**

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303

(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

**ANDERSON, TATE, & CARR, P.C.**

*/s/ Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

***Attorneys for the Plaintiff***

SMITH, GAMBRELL & RUSSELL, LLP

*/s/ Dana M. Richens*
Dana M. Richens
Georgia Bar No. 604429
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia 30309-3592
Tel: (404) 815-3500
Facsimile: (404) 685-6959

***Attorney for Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites***

**CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing **MOTION** has been prepared with one of the following font and point selections approved by the Court in LR 5.1, NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted this 21st day of December, 2023.

**FINCH McCRANIE, LLP**

*/s/ David H. Bouchard*
David H. Bouchard
Georgia Bar No. 712859

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day served a copy of the within and foregoing **Motion** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Dana M. Richens
Georgia Bar No. 604429
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia 30309-3592
Tel: (404) 815-3500
Facsimile: (404) 685-6959

Respectfully submitted this 21st day of December, 2023.

**FINCH McCRANIE, LLP**

<u>*/s/ David H. Bouchard*</u>
David H. Bouchard
Georgia Bar No. 712859