**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **J.G.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| **NORTHBROOK INDUSTRIES, INC., D/B/A UNITED INN AND SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF J.G.'S RESPONSE TO DEFENDANT, NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES' STATEMENT OF THE MATERIAL FACTS AS TO WHICH IT CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED**

COMES NOW, Plaintiff J.G., and respectfully submits the following Response to Defendant's Statement of Material Facts.

**PLAINTIFF'S RESPONSES**

1.

The unnamed hotel employee whom Plaintiff contends was "in on" her sex trafficking worked at the front desk of the hotel. Plaintiff saw this woman buy drugs from Plaintiff's trafficker. The same woman warned Plaintiff's trafficker when there was too much foot traffic in and out of his hotel room. (Deposition of J.G. ("J.G. Depo."), pp. 94, 99-107.)

**<u>RESPONSE:</u> J.G. did not use the phrase "in on," United Inn's counsel did. J.G. Dep. at 117:13-22. J.G. does not know where the woman referenced was assigned to work at United Inn, or all the places where she may have worked on the property. J.G. recalls seeing her at the front desk and in a room in which J.G. was sex trafficked to buy drugs from one of J.G.'s traffickers. J.G. Dep. at 94:14-20, 99:10-100:15, 107:15-108:3. Also, the referenced woman allowed J.G.'s traffickers to check into rooms early. J.G. Dep. at 107:15-108:3. Subject to and without waiving the foregoing clarifying statements, J.G. admits No. 1 to the extent it does not conflict with the foregoing statements.**

2.

Tahir Shareef, the owner of the property, does not recall talking to Plaintiff on the property. (Deposition of Tahir Shareef, ("Shareef Depo."), pp. 328-29.)

**<u>RESPONSE:</u> J.G. admits that Tahir Shareef, an owner of United Inn, claims not to recall talking to J.G. at the United Inn. J.G. is not able to admit or deny whether Mr. Shareef's claim about what he recalls is true or not true. J.G. notes that she was sex trafficked at United Inn for approximately 40 days as a 16-year-old by two men she met at United Inn, that she repeatedly talked with hotel staff during the period she was trafficked, and hotel staff repeatedly came**

**in her room, which she was in with other women and minors. J.G. Dep. at 14:16-17, 20:2-9, 28:1-29:11, 29:22-30:6, 32:6-9, 33:20-34:02, 35:16-23, 36:15-18, 37:4-16, 40:9-14, 82:9-18, 93:3-94:13, 95:20-96:17; N.S. Affidavit. Further, Cash, one of J.G.'s traffickers at United Inn for approximately four weeks, required her to "stroll" around the hotel's common areas every day looking for customers. J.G. Dep. at 60:25-61:7, 84:18-85:4, 86:7-13. United Inn had 36 surveillance cameras at the hotel which included cameras angled at the parking lots and Memorial Drive. United Inn 30(b)(6) Depo., Feb. 22, 2023 at 158:13-15, 214:4-10. In addition, United Inn has admitted receiving a Be On the Lookout notice advising United Inn on October 29, 2018 that J.G. was a missing 16-year-old suspected of being at the hotel since October 9, 2018. United Inn 30(b)(6) Dep., May 2, 2023 at 312:4-24, 313:2-316:7; 321:15-323:3; NBI 003097-8; NBI 003106-7; NBI 003099.**

3.

Plaintiff never told anyone at United Inn that she was being trafficked, and never asked for help. (J.G. Depo., pp. 92, 98-99.)

**RESPONSE**: **J.G. admits that she did not tell anyone at United Inn, "I am being sex trafficked. I need help." That said, J.G., a 16-year-old child at the time she was trafficked, displayed a litany of common-sense sex trafficking red**

**flags and indicators that conveyed she was a minor victim of sex trafficking in need of help. For example: loitering in common areas as a minor girl in scant clothing during all hours of day and night in the middle of the school year to attract sex buyers; meeting with roughly 12 sex buyers per day and over 400 across the weeks she was at United Inn for short-term visits in cars parked in United Inn's parking lot and in United Inn hotel rooms; walking around United Inn common areas under the supervision of armed adult men who had been at the property for an extended period and were known to rent multiple rooms at the hotel with multiple women in the rooms; repeatedly purchasing condoms from United Inn staff; drugs and drug paraphernalia, guns, condoms, and extra linens in the rooms in which J.G. was trafficked; J.G.'s payment for a United Inn room in cash while with three other minors in the room. These, among other common-sense sex trafficking red flags and indicators, conveyed J.G. was a minor victim of sex trafficking in need of help. J.G. Dep. at 14:16-17, 20:2-9, 29:22-30:6, 31:5-8, 32:6-9, 33:20-34:02, 35:16-23, 36:7-13, 38:8-19, 40:9-14, 48:18-25, 52:16-22, 55:22-56:1, 56:15-16, 58:10-12, 60:25-61:7, 62:19–63:13, 79:19-20, 82:19-83:8, 83:20-21, 84:7-84:14, 84:18-85:4, 86:7-15, 93:3-94:13, 95:20-96:17, 113:6-10; N.S. Affidavit.**

4.

Plaintiff was trafficked out of multiple rooms at United Inn. (J.G. Depo., p. 31.)

**<u>RESPONSE:</u> Admitted.**

5.

Plaintiff did not reserve or pay for any of the rooms where she was trafficked. (J.G. Depo., pp. 31-32, 59.)

**<u>RESPONSE</u>: Denied. In January 2019, J.G. and three minors with whom she was trafficked at United Inn paid a United Inn staff member for the room in which they were trafficked when the staff member came to the door asking for payment. N.S. Affidavit.**

6.

Other girls were being trafficked along with Plaintiff in the same rooms. (J.G. Depo. pp. 52-53).

**<u>RESPONSE:</u> Admitted.**

7.

Plaintiff and other victims being trafficked with her were rotated in and out of rooms. (J.G. Depo., pp. 52-53.)

**<u>RESPONSE:</u> Admitted that J.G. was not trafficked out of only one room at United Inn. Further, J.G. admits that she was trafficked in rooms that other women and girls were trafficked out of. J.G. does not know what United Inn means by "rotated in and out of rooms" and denies that characterization. J.G. denies number 7 except as expressly admitted previously.**

8.

The only reason Plaintiff was at the United Inn was for sex trafficking. (J.G. Depo., p. 27.)

**<u>RESPONSE:</u> Denied. J.G. had never been to the United Inn prior to her arrival on October 7 or 8, 2018, and was not familiar with the hotel. J.G. Dep. at 20:2-9, 27:23-25. J.G. did not choose to go to the United Inn. She was brought to United Inn by Kevy, an associate of one of J.G.'s traffickers at a prior hotel, because that trafficker "wanted us to go to" United Inn, and J.G. was "listening to what they're saying."** ***Id.*** **at 27:21-22, 29:12-17. After arriving at United Inn, J.G. was abandoned by Kevy.** ***Id.*** **at 28:21-29:9. J.G. was trafficked at United Inn by men she met at United Inn, who went by the names "Cash" and "King."** ***Id.*** **at 28:1-29:11, 36:15-18, 37:4-16. The morning after Kevy abandoned J.G. at the United Inn, after checkout, J.G. met King at the United Inn while**

**loitering around the hotel without a place to go. *Id.* at 28:21-29:9, 45:23-48:25. King offered J.G. a place to stay and invited her to stay in a room he had rented at the hotel. *Id.* at 48:18-51:8. After J.G. met King, he gave her drugs. *Id.* at 55:4-13, 73:9-20. King carried a gun and he hit J.G. *Id.* at 76:9-77:11. King began sex trafficking J.G. at United Inn. *Id.* at 50:1-51:8, 52:6-22, 55:4-13. After approximately one week of being trafficked by King at United Inn, King fought with J.G. about money and he kicked her out. *Id.* at 54:17-20, 60:1-6. After J.G. was kicked out of King's room, she was loitering in a hallway at the United Inn when she met a man named "Cash" and his "girlfriend." They invited J.G. to come stay in one of their rooms. *Id.* at 60:16-19. Cash and other men in his room carried guns. J.G. saw Cash beat up another woman at the United Inn, and Cash's associates threatened J.G. *Id.* at 76:12-77:7. Cash gave J.G. drugs and trafficked J.G. at United Inn. *Id.* at 61:19-62:24, 73:14-20, 74:18-22.**

**During the approximately 40-day period J.G. was trafficked at United Inn, she lived at the United Inn, bought goods at the United Inn, slept at the United Inn, ate at the United Inn, and talked with people at the United Inn. J.G. did not only engage in commercial sex acts during the time she was at United Inn.**

9.

The hotel owner and manager were not aware of prostitution at the property. (Shareef Depo., pp. 64-65; Deposition of Ashar Islam, p. 62.)

**RESPONSE: Denied. The Dekalb County Police Department notified the United Inn about prostitution at the hotel. United Inn's Response to RFA No. 45; United Inn 30(b)(6) Dep., Feb. 22, 2023 at 110:16-111:24. The United Inn manager admitted to being aware of 5-6 instances of prostitution at the United Inn. Ashar Islam Dep., Feb. 22, 2023 at 57:12-59:7. In May 2017, the United Inn owner texted with a security guard at the hotel about a prostitution-related shooting at the hotel. United Inn 30(b)(6) May 2, 2023, 370:21-25. The United Inn owner testified that he talked with the Dekalb County Police Department about how to reduce prostitution on the property. United Inn 30(b)(6) Dep., Feb. 22, 2023 at 110:16-111:24, 121:2-9. Additionally, the United Inn owner believes that signs of sex trafficking and prostitution are the same and include traffic in and out of a hotel room. United Inn 30(b)(6) Dep., Feb. 22, 2023 at 53:25-55:7; Ashar Islam Dep., Feb. 22, 2023 at 58:9-14, 185:18-25. United Inn has called the Dekalb County Police Department "many times" about rooms with "too much traffic going on." United Inn 30(b)(6) Dep., Feb. 22, 2023 at 110:24, 121:2-21, 185:18-25.**

**Further, Detective King, a former Dekalb County Police Department Vice Unit officer, testified that commercial sex activity, like prostitution and sex trafficking, was "common" and a "problem" at the United Inn from at least 2015 through 2021 (which period is before, during, and after J.G.'s trafficking). Detective King Dep. at 52:18-53:4. Detective King testified that, by 2015, the Dekalb County Police Department had identified the United Inn as a "problem hotel[] that we had in Dekalb County for drug[s] and prostitution … it was like a radar hotel that we knew about." Detective King Dep. at 18:25-19:10. Detective King testified that there were a "number of women" "working at the [United Inn]" "doing commercial sex activities." Detective King Dep. at 20:24-21:7. Detective King testified that from 2015 – 2018, the most popular online site for commercial sex ads—Backpage—had a publicly-available tool to filter search results to a certain area, including Memorial Drive. Detective King Dep. at 66:9-67:10. When law enforcement used that tool, "9 out of 10" ads on Memorial Drive were from United Inn. Detective King Dep. at 33:22-34:10, 47:11-15. Detective King testified that some of the ads for sex at United Inn involved minors. Detective King Dep. at 54:9-55:6. Detective King testified that he was involved in numerous operations at the United Inn related to commercial sex activities at the hotel, including a 2017 joint FBI-Dekalb County**

**"operation regarding child and adult prostitution at United Inn" that resulted from ads on Backpage.com. Detective King Dep. at 33:14-21.**

**Further, numerous police reports detail violent crime and commercial sex activity at the United Inn from 2012 – 2018. *See* PLAINTIFF-024272(UI&S)-24273(UI&S), PLAINTIFF-024274(UI&S)-24275(UI&S),PLAINTIFF-024276(UI&S)-24277(UI&S), PLAINTIFF-024278(UI&S)-24280(UI&S), PLAINTIFF-024281(UI&S)-24282(UI&S), PLAINTIFF-024283(UI&S)-24302(UI&S), PLAINTIFF-024303(UI&S)-24304(UI&S), PLAINTIFF-024305(UI&S)-24319(UI&S), PLAINTIFF-024320(UI&S)-24323(UI&S), PLAINTIFF-024324(UI&S)-24325(UI&S), PLAINTIFF-024326(UI&S)-24340(UI&S), PLAINTIFF-024341(UI&S)-24345(UI&S), PLAINTIFF-024346(UI&S)-24349(UI&S), PLAINTIFF-002978(UI&S)-2985(UI&S), PLAINTIFF-024350(UI&S)-24355(UI&S), PLAINTIFF-024356(UI&S)-24358(UI&S), PLAINTIFF-024359(UI&S)-24370(UI&S), PLAINTIFF-024371(UI&S)-24375(UI&S), PLAINTIFF-31060(UI&S).**

10.

Plaintiff first arrived at United Inn in early October of 2018, for the very purpose of being trafficked by the same man who had previously trafficked her at another hotel. (J.G. Depo., pp. 25-27.)

**<u>RESPONSE:</u> Denied. J.G. had never been to the United Inn prior to her arrival on October 7 or 8, 2018, and was not familiar with the hotel. J.G. Dep. at 20:2-9, 27:23-25. J.G. did not choose to go to the United Inn. She was brought to United Inn by Kevy, an associate of Shaq, one of J.G.'s traffickers at a prior hotel who was incarcerated, because Shaq "wanted us to go to" United Inn, and J.G. was "listening to what they're saying."** ***Id.*** **at 27:21-22, 29:12-17. After arriving at United Inn, J.G. was abandoned by Kevy and Shaq was still incarcerated.** ***Id.*** **at 28:21-29:9. J.G. was trafficked at United Inn by men she met at United Inn, who went by the names "Cash" and "King."** ***Id.*** **at 28:1-29:11, 36:15-18, 37:4-16. The morning after Kevy abandoned J.G. at the United Inn, after checkout, J.G. met King at the United Inn while loitering around the hotel without a place to go.** ***Id.*** **at 28:21-29:9, 45:23-48:25. King offered J.G. a place to stay and invited her to stay in a room he had rented at the hotel.** ***Id.*** **at 48:18-51:8. After J.G. met King, he gave her drugs.** ***Id.*** **at 55:4-13, 73:9-20. King carried a gun and he hit J.G.** ***Id.*** **at 76:9-77:11. King began sex trafficking J.G. at United Inn.** ***Id.*** **at 50:1-51:8, 52:6-22, 55:4-13. After approximately one week of being trafficked by King at United Inn, King fought with J.G. about money and he kicked her out.** ***Id.*** **at 54:17-20, 60:1-6. After J.G. was kicked out of King's room, she was loitering in a hallway at the United Inn**

**when she met a man named "Cash" and his "girlfriend." They invited J.G. to come stay in one of their rooms. *Id.* at 60:16-19. Cash and other men in his room carried guns. J.G. saw Cash beat up another woman at the United Inn, and Cash's associates threatened J.G. *Id.* at 76:12-77:7. Cash gave J.G. drugs and trafficked J.G. at United Inn. *Id.* at 61:19-62:24, 73:14-20, 74:18-22.**

**During the approximately 40-day period J.G. was trafficked at United Inn, she lived at the United Inn, bought goods at the United Inn, slept at the United Inn, ate at the United Inn, and talked with people at the United Inn. J.G. did not only engage in commercial sex acts during the time she was at United Inn.**

11.

When Plaintiff returned to United Inn in January of 2019, she was trafficked there again by one of the same traffickers who had trafficked her at the hotel in late 2018. (J.G. Depo., p. 37.)

**<u>RESPONSE</u>: A man named Kimani brought J.G. and other minors to the United Inn in January 2019. J.G. Dep. at 35:25:-36:13; N.S. Affidavit. After J.G. arrived at the United Inn in January 2019, she was trafficked at United Inn by King, who had trafficked her in October – November 2018 at United**

**Inn. J.G. Dep. at 37:13-20; N.S. Affidavit. Subject to and without waiving the foregoing clarifying statements, J.G. admits No. 11 to the extent it does not conflict with the foregoing statements.**

Respectfully submitted this 18th day of January, 2024.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*/s/ Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone

## CERTIFICATION

This is to certify that the foregoing has been prepared with one of the following font and point selections approved by the court in LR 5.1, NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman, 14-point font.

Respectfully submitted this 18th day of January, 2024.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*/s/ Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Respectfully submitted this 18th day of January, 2024.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*/s/ Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile