Exhibit 13

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | No. 1:20-cv-05233-MLB |
| | ) | |
| NORTHBROOK INDUSTRIES, INC., | ) | |
| d/b/a UNITED INN AND SUITES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT NORTHBROOK INDUSTRIES, INC.,
## d/b/a UNITED INN AND SUITES' RESPONSES TO
## <u>PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS</u>

Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites ("Northbrook") hereby serves its responses to the First Requests for Admissions served by Plaintiff J.G.

## <u>GENERAL OBJECTION</u>

Northbrook objects to each and every Request set forth herein to the extent any such request concerns information not relevant to any claim or defense in this litigation.

## RESPONSES TO INDIVIDUAL REQUESTS

Subject to the foregoing General Objection, and expressly without waiving the same, Northbrook responds to the individual Requests as follows:

## REQUEST FOR ADMISSION NO. 1:

Admit that Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites ("You") has been correctly named in the present case insofar as the legal designation of names is concerned.

## RESPONSE:

Admitted, although the entity name is actually North Brook Industries, Inc.

## REQUEST FOR ADMISSION NO. 2:

Admit that You were properly served as a party defendant.

## RESPONSE:

Admitted.

## REQUEST FOR ADMISSION NO. 3:

Admit that process is sufficient with regard to You in this case.

## RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 4:

Admit that service of process is sufficient with regard to You in this case.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 5:

Admit that the United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction over the subject matter of this action.

RESPONSE:

Admitted, so long as Plaintiff's claim under the TVPRA is not dismissed from the case.

REQUEST FOR ADMISSION NO. 6:

Admit that the United States District Court for the Northern District of Georgia, Atlanta Division, has personal jurisdiction over You as a party defendant in this case.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 7:

Admit that venue is proper for this lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division.

RESPONSE:

Admitted, so long as Plaintiff's claim under the TVPRA is not dismissed from the case.

REQUEST FOR ADMISSION NO. 8:

Admit that Plaintiff states a claim upon which relief can be granted.

RESPONSE:

Northbrook objects to Request No. 8 on grounds that it calls for a legal conclusion. To the extent further response is required, denied.

REQUEST FOR ADMISSION NO. 9:

Admit that Plaintiff has not failed to join a party in this action under Federal Rule of Civil Procedure 19.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 10:

Admit that You employed one or more Persons who worked at the Property.

RESPONSE:

Admitted.


REQUEST FOR ADMISSION NO. 11:

Admit that You issued Form W-2s for one or more Persons who worked at the Property.

RESPONSE:

Admitted.


REQUEST FOR ADMISSION NO. 12:

Admit that You trained one or more Persons who worked at the Property.

RESPONSE:

Northbrook objects to Request No. 12 to the extent the word "trained" is undefined and vague.  Subject to the foregoing objection, and expressly without waiving the same, admitted.

REQUEST FOR ADMISSION NO. 13:

Admit that You managed one or more Persons who worked at the Property.

RESPONSE:

Northbrook objects to Request No. 13 to the extent the word "managed" is undefined and vague. Subject to the foregoing objection, and expressly without waiving the same, admitted.

REQUEST FOR ADMISSION NO. 14:

Admit that You set policies governing the Property.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 15:

Admit that You had a duty to manage the Property.

RESPONSE:

Northbrook objects to the allegations contained in Request No. 15, as they assert incomplete and improper statements of law. Northbrook admits that the laws related to duties of property owners in Georgia speak for themselves but denies that

6

Northbrook breached any alleged duty pertaining to this matter.  Northbrook further denies any duty owed to Plaintiff.

REQUEST FOR ADMISSION NO. 16:

Admit that You had a duty to inspect the Property.

RESPONSE:

Northbrook objects to the allegations contained in Request No. 16, as they assert incomplete and improper statements of law.  Northbrook further objects that the term "inspect" as used in this Request is vague and undefined.  Subject to the foregoing objections, and expressly without waiving the same, Northbrook admits that the laws related to duties of property owners in Georgia speak for themselves but denies that Northbrook breached any alleged duty pertaining to this matter. Northbrook further denies any duty owed to Plaintiff.

REQUEST FOR ADMISSION NO. 17:

Admit that You had a duty to keep the Property safe for invitees at the Property.

RESPONSE:

Northbrook objects to the allegations contained in Request No. 17, as they assert incomplete and improper statements of law.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that the laws related to duties of property owners in Georgia speak for themselves but denies that Northbrook breached any alleged duty pertaining to this matter.  Northbrook further denies that Plaintiff was an invitee, and denies any duty owed to Plaintiff.

REQUEST FOR ADMISSION NO. 18:

Admit that You had a duty to keep the Property safe from unnecessary dangers at the Property.

RESPONSE:

Northbrook objects to the allegations contained in Request No. 18, as they assert incomplete and improper statements of law.  Northbrook further objects that the term "unnecessary dangers" as used in this Request is vague and undefined. Subject to the foregoing objections, Northbrook admits that the laws related to duties of property owners in Georgia speak for themselves but denies that Northbrook breached any alleged duty pertaining to this matter.  Northbrook further denies any duty owed to Plaintiff.

8

REQUEST FOR ADMISSION NO. 19:

Admit that Your employees inspected the Property.

RESPONSE:

Northbrook objects to Request No. 19 on grounds that the term "inspected" as used in this Request is vague and undefined.  Subject to the foregoing objection, and expressly without waiving the same, admitted.


REQUEST FOR ADMISSION NO. 20:

Admit that You maintained electronic records of room reservations at the Property.

RESPONSE:

Admitted.


REQUEST FOR ADMISSION NO. 21:

Admit that Your electronic records relating to room reservations include the name/s of the customer/s associated with a reservation.

RESPONSE:

Denied as stated, insofar as the person who ultimately checks into the room may not be the same person/entity associated with a reservation.

9

REQUEST FOR ADMISSION NO. 22:

Admit that Your electronic records relating to room reservations include the customer's name, address, and driver's license number, among other information.

RESPONSE:

Denied as stated, insofar as the person who ultimately checks into the room may not be the same person/entity associated with a reservation.


REQUEST FOR ADMISSION NO. 23:

Admit that You had "Rules of Conduct" for the Property.

RESPONSE:

Admitted.


REQUEST FOR ADMISSION NO. 24:

Admit that Your "Rules of Conduct" for the Property stated that the "hotel shall require each patron to provide proper identification prior to renting a room when registering in person."

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 25:

Admit that Your "Rules of Conduct" for the Property provided that only individuals 18-years of age or older shall be allowed to rent a room at the Property.

RESPONSE:

Admitted.


REQUEST FOR ADMISSION NO. 26:

Admit that Your "Rules of Conduct" for the Property provided that persons under the age of 18 are not permitted to rent a room at the Property.

RESPONSE:

Admitted.


REQUEST FOR ADMISSION NO. 27:

Admit that Your "Rules of Conduct" for the Property stated that "Management has the right to vacate the room without previous notice and without assigning any reason whatsoever."

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 28:

Admit that Your "Rules of Conduct" for the Property said: "Management should never give keys, room numbers, or mail to any person without first requiring appropriate identification."

RESPONSE:

Admitted.


REQUEST FOR ADMISSION NO. 29:

Admit that You sell condoms on the Property for money.

RESPONSE:

Northbrook objects to Request No. 29 in that it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, admitted.


REQUEST FOR ADMISSION NO. 30:

Admit that You do not check a customer's identification before selling condoms on the Property.

RESPONSE:

Northbrook objects to Request No. 30 in that it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, admitted.


REQUEST FOR ADMISSION NO. 31:

Admit that You did not enforce the "Rules of Conduct" for the Property.

RESPONSE:

Denied.


REQUEST FOR ADMISSION NO. 32:

Admit that You did not evict anyone from the Property for violation of the "Rules of Conduct."

RESPONSE:

Denied.


REQUEST FOR ADMISSION NO. 33:

Admit that You allowed people to remain on the Property who had violated the "Rules of Conduct" for the Property.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 34:

Admit that You maintained a list of people who are not allowed on the Property.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 35:

Admit that Dekalb County "[a]nnually" provided You with "a list of crimes and ordinance violations that occurred" on the Property "in the previous year." Dekalb County Code of Ordinances Sec. 18-136(g).

RESPONSE:

Upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request.  Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 36:

Admit that You were required to "report violations of law to the DeKalb County Police Department that were either witnessed or made known to [you] by an employee, patron, guest, visitor or other person on" the Property.  Dekalb County Code of Ordinances Sec. 18-136(a).

RESPONSE:

Northbrook objects to Request No. 36 on grounds that it calls for a legal conclusion.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that Request No. 36 is a citation of Dekalb County Code of Ordinances Sec. 18-136(a).  To the extent a further response is required, Northbrook admits that it reported violations of law that it witnessed or of which it was made aware.  Except as stated, Northbrook denies the remainder of this Request.

REQUEST FOR ADMISSION NO. 37:

Admit that You were required to make the aforementioned "report[s]" "without delay."  Dekalb County Code of Ordinances Sec. 18-136(a).

RESPONSE:

Northbrook states that Dekalb County Code of Ordinances Sec. 18-136(a) speaks for itself.  To the extent a further response is required, Northbrook admits

15

that it reported violations of law that it witnessed or of which it was made aware. Except as stated, Northbrook denies the remainder of this Request.


REQUEST FOR ADMISSION NO. 38:

Admit that You did not make all reports required by Dekalb County Code of Ordinances Sec. 18-136(a).

RESPONSE:

Denied.


REQUEST FOR ADMISSION NO. 39:

Admit that You did not "report" all instances of Prostitution that "were either witnessed or made known to [you] by an employee, patron, guest, visitor or other person on" the Property. Dekalb County Code of Ordinances Sec. 18-136(a).

RESPONSE:

Northbrook objects to Request No. 39 on grounds that it is vague and ambiguous. Subject to the foregoing objection, and expressly without waiving the same, upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 40:

Admit that You did not "report" all instances of Sex Trafficking that "were either witnessed or made known to [you] by an employee, patron, guest, visitor or other person on" the Property.  Dekalb County Code of Ordinances Sec. 18-136(a).

RESPONSE:

Northbrook objects to Request No. 40 to the extent it implies, incorrectly, that Northbrook was aware, prior to the occurrence(s) that are the subject of this litigation, that Sex Trafficking was occurring at the Property.  Subject to the foregoing objection, and expressly without waiving the same, denied.

REQUEST FOR ADMISSION NO. 41:

Admit that You knew that Prostitution occurred on the Property.

RESPONSE:

Northbrook admits that if at any time it was made aware of alleged Prostitution occurring on the Property, Northbrook would call the police and report it.  Except as stated, Northbrook denies the remaining portions of the Request.

REQUEST FOR ADMISSION NO. 42:

Admit that You knew that Sex Trafficking occurred on the Property.

17

RESPONSE:

Denied.


REQUEST FOR ADMISSION NO. 43:

Admit that Your employees received complaints of Prostitution on the Property.

RESPONSE:

Upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.


REQUEST FOR ADMISSION NO. 44:

Admit that Your employees received complaints of Sex Trafficking on the Property.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 45:

Admit that law enforcement officials from the Dekalb County Police Department notified You of Prostitution on the Property.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 46:

Admit that law enforcement officials from the Dekalb County Police Department notified You of Sex Trafficking on the Property.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 47:

Admit that Property customers complained to You of Prostitution on the Property.

RESPONSE:

Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.

19

REQUEST FOR ADMISSION NO. 48:

Admit that Property customers complained to You of Sex Trafficking on the Property.

RESPONSE:

Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 49:

Admit that residents of the area around the Property complained to You about Prostitution on the Property.

RESPONSE:

Northbrook objects to this Request on grounds that the term "residents of the area" is vague and undefined such that Northbrook cannot respond to this Request. Subject to the foregoing objection, and expressly without waiving the same, upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 50:

Admit that residents of the area around the Property complained to You about Sex Trafficking on the Property.

RESPONSE:

Northbrook objects to this Request on grounds that the term "residents of the area" is vague and undefined such that Northbrook cannot respond to this Request. Subject to the foregoing objection, and expressly without waiving the same, upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 51:

Admit that You talked to government employees, including but not limited to members of the Dekalb County Police Department, about Prostitution at the Property.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 52:

Admit that You talked to government employees, including but not limited to members of the Dekalb County Police Department, about Sex Trafficking at the Property.

RESPONSE:

Upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request.  Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 53:

Admit that You knew that on or around September 2011, a man smothered and then strangled a woman to death at the Property before having sex with her body over the course of two days at the hotel.

RESPONSE:

Northbrook objects to Request No. 53 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred.  Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 54:

Admit that You knew that on or around on [sic] May 30, 2012, a woman staying in room 320 at the Property reported that she was being harassed by written messages left on her door and phone calls requesting sexual acts in exchange for money at the hotel.

RESPONSE:

Northbrook objects to Request No. 54 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred.  Except as stated, Northbrook denies the remaining portions of this Request.


REQUEST FOR ADMISSION NO. 55:

Admit that You knew that on or around August 7, 2012, a woman was arrested at the Property on a prostitution warrant.

RESPONSE:

Northbrook objects to Request No. 55 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that it learned of the

23

described event only after it occurred. Except as stated, Northbrook denies the remaining portions of this Request.

## REQUEST FOR ADMISSION NO. 56:

Admit that You knew that on or around July 16, 2014, a woman was arrested for prostitution in room 326 of the Property.

## RESPONSE:

Northbrook objects to Request No. 56 as it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred. Except as stated, Northbrook denies the remaining portions of this Request.

## REQUEST FOR ADMISSION NO. 57:

Admit that You knew that on or around on [sic] July 23, 2014, a woman reported being raped by a man in room 239 of the Property when a man forcibly had sex with her and did not pay her afterwards.

RESPONSE:

Northbrook objects to Request No. 57 as it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred. Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 58:

Admit that You knew that on or around August 12, 2015, a woman was arrested for prostitution at the Property after meeting two undercover police officers in the parking lot and walking to room 101 of the hotel. The woman did not have a key to the room and left the officers waiting at the room while she went back to the front desk to get a key to the room for the encounter.

RESPONSE:

Northbrook objects to Request No. 58 as it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred. Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 59:

Admit that You knew that on or around August 26, 2015, two armed men attempted to sexually assault a woman, who they also robbed, in room 120 of the Property.

RESPONSE:

Northbrook objects to Request No. 59 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred.  Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 60:

Admit that You knew that on or around December 24, 2016, a woman staying in room number 40 at the Property reported she was sexually assaulted by a man staying in room 116.

RESPONSE:

Northbrook objects to Request No. 60 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that it learned of the

26

described event only after it occurred.  Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 61:

Admit that You knew that on or around June 3, 2017, a man was arrested after beating a woman in room 345 of the Property over monies owed for sexual favors.

RESPONSE:

Northbrook objects to Request No. 61 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred.  Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 62:

Admit that You knew that on or around June 20, 2017, police responded to a fight between a prostitute and her pimp in room 101 at the United Inn.  The pimp left this prostitute's room after the fight to go stay in another woman's room at the hotel.

27

RESPONSE:

Northbrook objects to Request No. 62 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred.  Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 63:

Admit that You knew that on or around July 20, 2017, the Metro Atlanta Child Exploitation Task Force conducted an operation "in reference [to] child and adult prostitution" at the Property.  Police arrested a woman for prostitution in room 132 of the Property and found a toddler was also in the room.

RESPONSE:

Northbrook admits that it learned of the described event only after it occurred. Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 64:

Admit that You knew that on or around April 2018, a man was beaten to death standing in front of room 320 at the Property.

28

RESPONSE:

Northbrook objects to Request No. 64 as it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred. Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 65:

Admit that You knew that on or around March 24, 2019, a man at the Property reported that a prostitute at the Property had stolen his car.

RESPONSE:

Northbrook objects to Request No. 65 as it concerns information not relevant to any claim or defense in this litigation. Northbrook further objects to the Request to the extent the reported incident occurred after the time period relevant to the instant litigation. Subject to the foregoing objections, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred. Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 66:

Admit that You knew that on April 8, 2019, a woman reported that she was raped in room 126 of the Property after witnessing a man get shot at the Property.

RESPONSE:

Northbrook objects to Request No. 66 as it concerns information not relevant to any claim or defense in this litigation.  Northbrook further objects to the Request to the extent the reported incident occurred after the time period relevant to the instant litigation.  Subject to the foregoing objections, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred.   Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 67:

Admit that You knew that on September 27, 2019, a man was arrested for kidnapping two minor girls, and he has since been charged by the Dekalb County District Attorney's office for sex trafficking those girls at UI&S.

RESPONSE:

Northbrook objects to Request No. 67 as it concerns information not relevant to any claim or defense in this litigation.  Northbrook further objects to the Request

to the extent the reported incident occurred after the time period relevant to the instant litigation. Subject to the foregoing objections, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred. Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 68:

Admit that You knew that on October 22, 2019, two women and one man were arrested in room 118 of the Property for prostitution, pimping, and keeping a place of prostitution at the Property.

RESPONSE:

Northbrook objects to Request No. 68 as it concerns information not relevant to any claim or defense in this litigation. Northbrook further objects to the Request to the extent the reported incident occurred after the time period relevant to the instant litigation. Subject to the foregoing objections, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred. Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 69:

Admit that You knew that on November 27, 2019, a woman reported that a man attempted to rape her in room 117 of the Property.

RESPONSE:

Northbrook objects to Request No. 69 as it concerns information not relevant to any claim or defense in this litigation. Northbrook further objects to the Request to the extent the reported incident occurred after the time period relevant to the instant litigation. Subject to the foregoing objections, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred. Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 70:

Admit that You knew that on January 8, 2020, a woman was arrested for prostitution in room 141 of the Property.

RESPONSE:

Northbrook objects to Request No. 70 as it concerns information not relevant to any claim or defense in this litigation. Northbrook further objects to the Request to the extent the reported incident occurred after the time period relevant to the

instant litigation.  Subject to the foregoing objections, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred.  Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 71:

Admit that You knew that the Dekalb County Police Department learned in the course of investigating the above January 8th incident that the sister of the woman who was arrested on or around January 8, 2020, was also staying at the Property, in room 139; that both rooms were registered to one man, who was trafficking several women; that the woman made several calls to this man from jail and discussed staying quiet, moving other victims to a different hotel, and recruiting other women while the woman was in jail; and that warrants were then issued for the man for pimping and keeping a place of prostitution at the Property.

RESPONSE:

Northbrook objects to Request No. 71 as it concerns information not relevant to any claim or defense in this litigation.  Northbrook further objects to the Request to the extent the reported incident occurred after the time period relevant to the instant litigation.  Subject to the foregoing objections, and expressly without waiving

the same, upon reasonably inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request.  Therefore, by operation of law, denied.


REQUEST FOR ADMISSION NO. 72:

Admit that You knew that on January 10, 2020, a man was arrested at the Property on a keeping a place of prostitution warrant.

RESPONSE:

Northbrook objects to Request No. 72 as it concerns information not relevant to any claim or defense in this litigation.  Northbrook further objects to the Request to the extent the reported incident occurred after the time period relevant to the instant litigation.  Subject to the foregoing objections, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred.   Except as stated, Northbrook denies the remaining portions of this Request.


REQUEST FOR ADMISSION NO. 73:

Admit that You knew that on February 10, 2020, a man reported he was sexually assaulted multiple times at the Property.

34

RESPONSE:

Northbrook objects to Request No. 73 as it concerns information not relevant to any claim or defense in this litigation. Northbrook further objects to the Request to the extent the reported incident occurred after the time period relevant to the instant litigation. Subject to the foregoing objections, and expressly without waiving the same, Northbrook admits that it learned of the described event only after it occurred. Except as stated, Northbrook denies the remaining portions of this Request.

REQUEST FOR ADMISSION NO. 74:

Admit that You monitored online reviews regarding the Property.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 75:

Admit that You knew of a 2018 review of the Property on Google.com stating: "[T]hey cook drugs here … Been coming around here for 9 months to visit family who stay there and this is horrific."

RESPONSE:

Northbrook objects to Request No. 75 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, admitted; however, Northbrook does not admit the veracity of the online review.

REQUEST FOR ADMISSION NO. 76:

Admit that You knew of another 2018 review of the Property on Google.com stating:  "[L]ots of hustlers stand out front of the hotel during the night; not to mention a hot spot for prostitution."

RESPONSE:

Northbrook objects to Request No. 76 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, admitted; however, Northbrook does not admit the veracity of the online review.

REQUEST FOR ADMISSION NO. 77:

Admit that You knew of a 2019 review of the Property on Google.com stating: "Full of … drugs."

RESPONSE:

Northbrook objects to Request No. 77 as it concerns information not relevant to any claim or defense in this litigation. Northbrook further objects to the Request to the extent the review posted after the time period relevant to the instant litigation. Subject to the foregoing objection, and expressly without waiving the same, admitted; however, Northbrook does not admit the veracity of the online review.

REQUEST FOR ADMISSION NO. 78:

Admit that You knew of another 2019 review of the Property on Google.com stating: "[L]oitering all around the building."

RESPONSE:

Northbrook objects to Request No. 78 as it concerns information not relevant to any claim or defense in this litigation. Northbrook further objects to the Request to the extent the review posted after the time period relevant to the instant litigation. Subject to the foregoing objection, and expressly without waiving the same, admitted; however, Northbrook does not admit the veracity of the online review.

37

REQUEST FOR ADMISSION NO. 79:

Admit that in 2018, the Dekalb County Commission cited the Property for 447 violations county fire, health, and building codes.

RESPONSE:

Northbrook objects to Request No. 79 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, admitted.

REQUEST FOR ADMISSION NO. 80:

Admit that You paid $60,345 to Dekalb County in 2018 because of the violations referenced in the foregoing paragraph.

RESPONSE:

Northbrook objects to Request No. 80 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, admitted.

REQUEST FOR ADMISSION NO. 81:

Admit that Plaintiff was an invitee at the Property.

RESPONSE:

    Denied.


REQUEST FOR ADMISSION NO. 82:

    Admit that You did not take any action to warn Plaintiff of any danger at the Property.

RESPONSE:

    Northbrook objects to Request No. 82 as vague.  Northbrook further objects to the Request to the extent it misstates the extent and/or nature of a legal obligation, if any, owed to Plaintiff.  Subject to the foregoing objections, and expressly without waiving the same, denied.


REQUEST FOR ADMISSION NO. 83:

    Admit that You knew Plaintiff.

RESPONSE:

    Denied.


REQUEST FOR ADMISSION NO. 84:

    Admit that You talked to Plaintiff.

39

RESPONSE:

Upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request.  Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 85:

Admit that You talked to Plaintiff more than once.

RESPONSE:

Upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request.  Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 86:

Admit that You talked to Zaccheus Obie.

RESPONSE:

Northbrook objects to Request No. 86 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or

deny the allegations contained in this Request. Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 87:

Admit that You knew Zaccheus Obie.

RESPONSE:

Northbrook objects to Request No. 87 as it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, denied.

REQUEST FOR ADMISSION NO. 88:

Admit that You talked to Quintavious Obie.

RESPONSE:

Northbrook objects to Request No. 88 as it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 89:

Admit that You knew Quintavious Obie.

RESPONSE:

Northbrook objects to Request No. 89 as it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, denied.

REQUEST FOR ADMISSION NO. 90:

Admit that You talked to Kikia Anderson.

RESPONSE:

Northbrook objects to Request No. 90 as it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 91:

Admit that You knew Kikia Anderson.

RESPONSE:

Northbrook objects to Request No. 91 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, denied.


REQUEST FOR ADMISSION NO. 92:

Admit that You rented a room on the Property to Kikia Anderson on or around July 20, 2017.

RESPONSE:

Northbrook objects to Request No. 92 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, admitted.


REQUEST FOR ADMISSION NO. 93:

Admit that Kikia Anderson paid You money for the room she rented on the Property on or around July 20, 2017.

RESPONSE:

Northbrook objects to Request No. 93 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, admitted.


REQUEST FOR ADMISSION NO. 94:

Admit that You rented a room on the Property to Kikia Anderson prior to July 20, 2017.

RESPONSE:

Northbrook objects to Request No. 94 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request.  Therefore, by operation of law, denied.


REQUEST FOR ADMISSION NO. 95:

Admit that You rented a room on the property to Kikia Anderson in June 2017.

RESPONSE:

Northbrook objects to Request No. 95 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, denied.

REQUEST FOR ADMISSION NO. 96:

Admit that a law enforcement officer talked to You about Zaccheus Obie.

RESPONSE:

Northbrook objects to Request No. 96 as vague and ambiguous.  Northbrook further objects to this Request as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request.  Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 97:

Admit that a law enforcement officer talked to You about Quintavious Obie.

RESPONSE:

Northbrook objects to Request No. 97 as vague and ambiguous.  Northbrook further objects to this Request as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request.  Therefore, by operation of law, denied.


REQUEST FOR ADMISSION NO. 98:

Admit that a law enforcement officer talked to You about Kikia Anderson.

RESPONSE:

Northbrook objects to Request No. 98 as vague and ambiguous.  Northbrook further objects to this Request as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, upon reasonable inquiry, the information known or readily obtainable by Northbrook is insufficient to enable it to admit or deny the allegations contained in this Request.  Therefore, by operation of law, denied.

REQUEST FOR ADMISSION NO. 99:

Admit that Zaccheus Obie pled guilty in the United States District Court for the Northern District of Georgia to sex trafficking minors at UI&S in violation of 18 U.S.C. § 1591.

RESPONSE:

Northbrook objects to Request No. 99 as it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, Northbrook states that Mr. Obie's plea of guilty speaks for itself.

REQUEST FOR ADMISSION NO. 100:

Admit that Zaccheus Obie pled guilty in the United States District Court for the Northern District of Georgia to sex trafficking Plaintiff A.G. when she was a minor in violation of 18 U.S.C. § 1591.

RESPONSE:

Northbrook objects to Request No. 100 as it concerns information not relevant to any claim or defense in this litigation. Subject to the foregoing objection, and expressly without waiving the same, Northbrook states that Mr. Obie's plea of guilty speaks for itself.

REQUEST FOR ADMISSION NO. 101:

Admit that Zaccheus Obie pled guilty in the United States District Court for the Northern District of Georgia to sex trafficking Plaintiff G.W. when she was a minor in violation of 18 U.S.C. § 1591.

RESPONSE:

Northbrook objects to Request No. 101 as it concerns information not relevant to any claim or defense in this litigation.  Subject to the foregoing objection, and expressly without waiving the same, Northbrook states that Mr. Obie's plea of guilty speaks for itself.


REQUEST FOR ADMISSION NO. 102:

Admit that You were required to "maintain a log that documents when each room is cleaned."  *See, e.g.*, Dekalb County Code of Ordinances Sec. 18-138(d) ("Each hotel, motel, and extended-stay hotel must maintain a log that documents when each room is cleaned.")

RESPONSE:

Northbrook states that Dekalb County Code of Ordinances Sec. 18-138(d) speaks for itself.

48

REQUEST FOR ADMISSION NO. 103:

Admit that You did not "maintain a log that documents when each room [was] cleaned." *See, e.g.*, Dekalb County Code of Ordinances Sec. 18-138(d) ("Each hotel, motel, and extended-stay hotel must maintain a log that documents when each room is cleaned.").

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 104:

Admit that You had a duty to "maintain a security plan" with "all implemented security measures" as well as "documentation for approved alternative security measures." Dekalb County Code of Ordinances Sec. 18-138(d).

RESPONSE:

Northbrook objects to Request No. 104 on ground that it does not accurately cite Dekalb County Ordinance Sec. 18-138(d). Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that the laws related to duties of property owners in Georgia speak for themselves but denies that Northbrook breached any alleged duty pertaining to this matter. Northbrook further denies any duty owed to Plaintiff.

49

REQUEST FOR ADMISSION NO. 105:

Admit that You did not "maintain a security plan" with "all implemented security measures" as well as "documentation for approved alternative security measures."  Dekalb County Code of Ordinances Sec. 13-138(d).

RESPONSE:

Northbrook objects to Request No. 105 on ground that it does not accurately cite Dekalb County Ordinance Sec. 18-138(d).  Subject to the foregoing objection, and expressly without waiving the same, Northbrook admits that the laws related to duties of property owners in Georgia speak for themselves but denies that Northbrook breached any alleged duty pertaining to this matter.  Northbrook further denies any duty owed to Plaintiff.


REQUEST FOR ADMISSION NO. 106:

Admit that You had a duty to install a video surveillance system of the Property.  *See* Dekalb County Code of Ordinances Sec. 18-141 (defining video surveillance system and imposing duty to install the same).

RESPONSE:

Northbrook objects to the allegations contained in Request No. 106, as they assert improper statements of law.  Subject to the foregoing objection, and expressly

without waiving the same, Northbrook admits that the laws related to duties of property owners in Georgia speak for themselves but denies that Northbrook breached any alleged duty pertaining to this matter. Northbrook further denies any duty owed to Plaintiff.

REQUEST FOR ADMISSION NO. 107:

Admit that You installed a video surveillance system of the Property.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 108:

Admit that Your installation of a video surveillance system of the Property meant You had "continuous digital surveillance system including cameras, cabling, monitors, and digital video records (DVR)." *See* Dekalb County Code of Ordinances Sec. 18-141(a).

RESPONSE:

Northbrook objects to the allegations contained in Request No. 108, as they assert improper statements of law.  Subject to the foregoing objection, and expressly without waiving the same, admitted.

REQUEST FOR ADMISSION NO. 109:

Admit that Your video surveillance system was in "continuous operations [sic] twenty-four (24) hours a day, seven (7) days a week."  *See* Dekalb County Code of Ordinances Sec. 18-141(c).

RESPONSE:

Northbrook objects to the allegations contained in Request No. 109, as they assert improper statements of law.  Subject to the foregoing objection, and expressly without waiving the same, admitted.

REQUEST FOR ADMISSION NO. 110:

Admit that You had a duty to "retain" the "continuous digital images recorded by" the video surveillance system.  *See* Dekalb County Code of Ordinances Sec. 18-141(c).

RESPONSE:

Northbrook objects to the allegations contained in Request No. 110, as they assert improper statements of law. Northbrook further objects to the Request as providing an incomplete, and therefore, misleading, synopsis of the referenced ordinance. Subject to the foregoing objections, and expressly without waiving the same, denied as stated. Responding further, Northbrook states that the DeKalb County Code of Ordinances speaks for itself. Northbrook further denies any duty owed to Plaintiff.

REQUEST FOR ADMISSION NO. 111:

Admit that You had a duty to install a video surveillance system with "no less than one (1) camera dedicated to each register or check-out stand, entrance/exit, interior hallway and lobby, swimming pool area, exercise facility, loading dock, and parking lots or areas designated for customer and/or employee parking use." Dekalb County Code of Ordinances Sec. 18-141(d).

RESPONSE:

Northbrook objects to the allegations contained in Request No. 111, as they assert improper statements of law. Subject to the foregoing objection, and expressly without waiving the same, denied as stated. Responding further, Northbrook states

that the Dekalb County Code of Ordinances speaks for itself.  Northbrook further denies any duty owed to Plaintiff.

REQUEST FOR ADMISSION NO. 112:

Admit that You had a duty to review footage from the video surveillance system of the Property.

RESPONSE:

Northbrook objects to the allegations contained in Request No. 112, as they assert improper statements of law.  Subject to the foregoing objection, and expressly without waiving the same, denied as stated.  Northbrook further denies any duty owed to Plaintiff.

REQUEST FOR ADMISSION NO. 113:

Admit that Your employees did not review the video surveillance of the Property.

RESPONSE:

Northbrook objects to Request No. 113 on grounds that it is vague and ambiguous, and does not identify any date or circumstance as to which information is sought.  To the extent that a further response is required, denied as stated.

REQUEST FOR ADMISSION NO. 114:

Admit that You had a duty to maintain a "logbook wherein all digital recordings of Hard Drive backups, CD/DVD and USB copies and backups are recorded with time, date, name and signature of the operator," *see* Dekalb County Code of Ordinances Sec. 18-141; *see also* https://www.dekalbcountyga.gov/sites/default/files/user701/vss%20Specifications%2010-30-2017.pdf.

RESPONSE:

Northbrook objects to the allegations contained in Request No. 114, as they assert improper statements of law.  Subject to the foregoing objection, and expressly without waiving the same, denied as stated.  Northbrook further denies any duty owed to Plaintiff.  Responding further, Northbrook states that the Dekalb County Code of Ordinances and other referenced materials speak for themselves.

REQUEST FOR ADMISSION NO. 115:

Admit that You did not train Persons working at the Property on indicators of Sex Trafficking.

RESPONSE:

Northbrook objects to Request No. 115 on grounds that "indicators of Sex Trafficking" is vague, undefined and ambiguous. To the extent a further response is required, denied as stated.


REQUEST FOR ADMISSION NO. 116:

Admit that You did not train Persons working at the Property on indicators of Prostitution.

RESPONSE:

Northbrook objects to Request No. 116 on grounds that "indicators of Prostitution" is vague, undefined and ambiguous. Northbrook further objects to this Request as it concerns information not relevant to any claim or defense in this litigation. To the extent a further response is required, denied as stated.


REQUEST FOR ADMISSION NO. 117:

Admit that You received financial compensation from operation of the Property.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 118:

Admit that You received financial compensation from rental of rooms on the Property.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 119:

Admit that You shared financial compensation from operation of the Property with AS&TS Investments, Inc.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 120:

Admit that You shared financial compensation from rental of rooms on the Property with AS&TS Investments, Inc.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 121:

Admit that You benefitted financially from renting rooms at the Property to customers.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 122:

Admit that You do not have corporate bylaws.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 123:

Admit that You do not have a Board of Directors.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 124:

Admit that You have not held elections for a Board of Directors.

RESPONSE:

    Admitted.

REQUEST FOR ADMISSION NO. 125:

    Admit that Your Board of Directors does not meet on a regular schedule.

RESPONSE:

    Denied.

REQUEST FOR ADMISSION NO. 126:

    Admit that there are no written minutes from meetings of Your Board of Directors.

RESPONSE:

    Admitted.

REQUEST FOR ADMISSION NO. 127:

    Admit that there are no written agenda from meetings of Your Board of Directors.

RESPONSE:

    Admitted.

REQUEST FOR ADMISSION NO. 128:

Admit that You share certain bank accounts with Harsimran Sabharwal.

RESPONSE:

Denied.


REQUEST FOR ADMISSION NO. 129:

Admit that You share certain bank accounts with Tahir Shareef.

RESPONSE:

Denied.


REQUEST FOR ADMISSION NO. 130:

Admit that You share certain bank accounts with Ashar M. Islam.

RESPONSE:

Denied.


REQUEST FOR ADMISSION NO. 131:

Admit that Harsimran Sabharwal has lent You money.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 132:

Admit that Harsimran Sabharwal has lent You money that You have not paid back to Harsimran Sabharwal.

RESPONSE:

Denied.


REQUEST FOR ADMISSION NO. 133:

Admit that Plaintiff was [a] victim of minor sex trafficking at the Property.

RESPONSE:

Denied.

                                    /s/ Dana M. Richens
                                   Dana M. Richens
                                   Georgia Bar No. 604429
                                   SMITH, GAMBRELL & RUSSELL, LLP
                                   1105 W. Peachtree NE, Suite 1000
                                   Atlanta, Georgia  30309
                                   Telephone:  (404) 815-3659
                                   Facsimile:  (404) 685-6959

                                   Attorney for Defendant
                                   Northbrook Industries, Inc.
                                   d/b/a United Inn and Suites

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this date served all parties with the within and

foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED**

**INN AND SUITES' RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR**

**ADMISSIONS** via electronic mail to the following:

> Richard W. Hendrix, Esq.
> rhendrix@finchmccranie.com
>
> David H. Bouchard, Esq.
> david@finchmccranie.com
>
> Jonathan S. Tonge, Esq.
> jtonge@atclasfirm.com
>
> Patrick J. McDonough, Esq.
> pmcdonough@atclawfirm.com

This 11th day of November, 2022.


 */s/ Dana M. Richens*