IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. 1:20-cv-05233-SEG |
| ) | |
| NORTHBROOK INDUSTRIES, INC., ) | |
| d/b/a UNITED INN AND SUITES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT NORTHBROOK INDUSTRIES, INC.,
d/b/a UNITED INN AND SUITES' RESPONSE TO
PLAINTIFF'S THIRD SUPPLEMENTAL SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites ("Northbrook") hereby serves its response to the Third Supplemental Set of Requests for Production of Documents served by Plaintiff J.G. (the "Requests").

GENERAL OBJECTIONS

1. Northbrook objects to the Requests in their entirety, including the Definitions and Instructions contained therein, to the extent the Requests seek to impose obligations on Northbrook greater than those imposed by applicable law.

2. Northbrook objects to the Requests in their entirety, including the Definitions and Instructions contained therein, to the extent the Requests seek the production of information or materials that are protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative.

3. Northbrook objects to the stated time period applicable to the requests as overbroad.

## RESPONSES

Subject to the foregoing General Objections, and expressly without waiving the same, Northbrook responds to the individual requests as follows:

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 1:

Please produce Your training materials, which Your manager referenced in his May 2, 2023 deposition. (Islam, 149:21-25, "Q. And it would be on one of the shelves, is that what you're saying? A. Yeah, on the shelf and maybe we have that in a cabinet also, the file cabinet where we put all those like training material.")

RESPONSE:

Northbrook has previously produced these documents, Bates-stamped NBI 000625 – 631.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 2:

Please produce all Documents and/or Communications relating or referring to a loan (or loans) to the entity North Brook Industries, Inc. d/b/a United Inn & Suites made by Tahir Shareef and/or Harsimran Sabharwal. This response should include but not be limited to letters, emails, text messages, notes, and any other written communications about the $1,037,401.00 "loan from shareholder" discussed in the May 2, 2023 deposition of Your 30(b)(6) representative and owner, as well as Documents concerning the amount of the loans, the terms of the loans, proof of repayment of the loans, and any other loan related documents.

RESPONSE:

Northbrook objects to this Request as not relevant to any claim or defense in this litigation. Northbrook further objects to the extent the Request seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 3:

Produce all Documents and/or Communications relating or referring to the cash used to pay laborers, independent contractors, employees, and anyone else who worked at the hotel from 2017 – 2019, as testified by Your 30(b)(6) representative

3

and owner on May 2, 2023. (Shareef, 395:23 – 396:7, "A. I looked through the discovery for W-2s and 1099s and that sort of thing. Is it possible that some people on this list didn't get W-2s or 1099s? A: Right. Q. And do you know why that would be? A: They just get cash. Q. They . . .would just get cash? A. Right."). This response should include but not be limited to (i) documents showing the identities of the people You paid in cash, (ii) bank account statements showing where the money was obtained that was used to pay people in cash, the amount of the withdrawals, and the accounts from which cash was withdrawn, (iii) cashier check records, and (iv) any and all other Documents in Your possession, custody or control regarding cash payments You made to those who worked at the hotel from 2017 - 2019.

RESPONSE:

Northbrook objects to this Request as overbroad and not relevant to any claim or defense in this litigation. Northbrook further objects to the extent the Request seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative. Subject to the foregoing objections, and expressly without waiting the same, Northbrook will produce names and contact information for Northbrook employees during the relevant time period.

4

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 4:

Please produce any and all Documents in Your possession, custody or control regarding the identity of each and every person who worked for You from 2017-2019, including their full names, addresses, and telephone numbers. This response should include Documents and the requested information for all persons paid with cash that worked for You at any point from 2017 – 2019 as testified by Your 30(b)(6) representative and owner on May 2, 2023. (Shareef, 395:23 – 396:7, "A. I looked through the discovery for W-2s and 1099s and that sort of thing. Is it possible that some people on this list didn't get W-2s or 1099s? A: Right. Q. And do you know why that would be? A.: They just get cash. Q. They . . . would just get cash? A. Right.")

RESPONSE:

Northbrook objects to this Request as overbroad and not relevant to any claim or defense in this litigation. Northbrook further objects to the extent the Request seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative. Subject to the foregoing objections, and expressly without waiving the same, Northbrook will produce names and contact information for Northbrook employees during the relevant time period.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 5:

Please produce any and all Documents and/or Communications involving your CPA and referring or relating to people who worked at the Property from 2017 – 2019, whether as independent contractors, employees, or otherwise.

RESPONSE:

Northbrook objects to this Request as vague and overbroad and not relevant to any claim or defense in this litigation. Northbrook further objects to the Request as seeking documents protected by the accountant/client privilege.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 6:

Please produce a photo of the hard copy "human trafficking file" and of the room in which the file was stored, as testified by Your 30(b)(6) representative and owner on May 2, 2023. (Shareef, 388:22 – 389:9, "Q. Where would you keep the copies, in your filing cabinet? A. No. It is one of the file at the front desk. I don't know. But on of the file it says, you know, human trafficking. Q. One of the files says – A. Yeah. Q. – human trafficking? A. Yeah. Q. When did you create that file? A. You know, when we are there for the meetings. I think that could be the timing. I don't know.") If you refuse to provide a photo, please specify a date and time when Your property is available for inspection and photographing.

RESPONSE:

Northbrook will produce the requested documents.  See NBI004145 – 46.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 7:

Please produce a photo of the filing cabinet in which Your training materials are saved and of the room in which the filing cabinet is located.  (Islam, 149:21-25, "Q. And it would be on one of the shelves, is that what you're saying?  A. Yeah, on the shelf and maybe we have that in a cabinet also, **the file cabinet where we put all those like training material**.")  If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

RESPONSE:

Northbrook will produce the requested document.  See NBI004133 – 34.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 8:

Please produce a photo of Your computer and of the room where it is located.  If there are multiple computers, please photograph each computer and their locations.  If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

RESPONSE:

Northbrook will produce the requested documents.  See NBI4135 – 36, 4138 – 39.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 9:

Please produce a photo of the room in which the surveillance cameras are located.  If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and copying.

RESPONSE:

Northbrook will produce the requested document.  See NBI004137.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 10:

Please produce a photo of the room used at night to check-in guests.  If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

RESPONSE:

Northbrook will produce the requested document.  NBI004138 – 39.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 11:

Please produce a photo of the wall where You may have posted the photo of Plaintiff J.G. that You received in October 2018 identifying her as a 16-year-old runaway, according to the testimonies of your 30(b)(6) representative, owner, and manager. If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

RESPONSE:

Northbrook objects to this Request as it mischaracterizes the photo in question. Subject to the foregoing objection, and expressly without waiving the same, Northbrook will produce the requested document. See NBI004140 – 44.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 12:

Please produce a photo of the room with the wall referenced in the foregoing request. If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

RESPONSE:

Northbrook objects to this Request as the previous Request mischaracterizes the photo in question. Subject to the foregoing objection, and expressly without

waiving the same, Northbrook will produce the requested document. See NBI004140 – 44.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 13:

Please produce photos of all locations at Your Property where copies of the sex trafficking indicators document (NBI 000626 – NBI 000631) were located at your Property from 2017 – 2019. (Shareef, 388:14-15, "A. No. Bunch of copy of these, I have these copies, maybe four or five of them, you know.")), Islam, 148:16-17 (saying the sex trafficking indicators document was "on a table in the back office."). If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

RESPONSE:

Northbrook will produce the requested document. See NBI004145 – 46.

SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 14:

Please produce a photo of where the trafficking notice required by O.C.G.A. § 16-5-47 was posted at the Property from 2017 – 2019. If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

RESPONSE:

There were no trafficking notices posted onsite during the relevant time period.

                                                                     */s/ Dana M. Richens*
                                                           Dana M. Richens
                                                           Georgia Bar No. 604429
                                                           SMITH, GAMBRELL & RUSSELL, LLP
                                                           1105 W. Peachtree NE, Suite 1000
                                                           Atlanta, Georgia  30309
                                                           Telephone:  (404) 815-3659
                                                           Facsimile:  (404) 685-6959
                                                           drichens@sgrlaw.com

                                                           Attorney for Defendant
                                                           Northbrook Industries, Inc.
                                                           d/b/a United Inn and Suites

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this date served all parties with the within and foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES' RESPONSE TO PLAINTIFF'S THIRD SUPPLEMENTAL SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** via electronic mail to the following:

> David H. Bouchard, Esq.
> david@finchmccranie.com

This 30th day of June, 2023.

                                                  /s/ Dana M. Richens