**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **J.G.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| **NORTHBROOK INDUSTRIES, INC., D/B/A UNITED INN AND SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE NAESHIA MCDOWELL</u>**

In this minor sex trafficking case, Defendant moves to exclude J.G.'s expert in minor sex trafficking, Naeshia McDowell. Defendant does not argue with Ms. McDowell's *bona fides*. The parties agree that she is, in fact, a minor sex trafficking expert. Instead, Defendant makes a counterintuitive argument: That the opinions of a qualified expert in minor sex trafficking about how minor sex trafficking works, and how it worked with J.G., are "irrelevant," "not helpful," and "may even mislead or confuse the jury" in J.G.'s minor sex trafficking case. Defendant's position is backwards, and its motion to exclude should be rejected.

Qualified expert opinion testimony is admissible if it helps the factfinder "understand the evidence or determine a fact in issue." *United States v. Frazier*, 387

F.3d 1244, 1260 (11th Cir. 2004). One of the issues at the heart of this trial will be Defendant's argument that J.G. "never asked for help." (Doc. 104 at 8). Defendant probably will argue that it is not liable for that reason. This sort of argument raises a host of questions. If J.G. didn't ask United Inn for help, does that mean she wasn't sex trafficked? That she wasn't a victim? Or that it wasn't that bad? Is she partly to blame, or at fault, if she didn't ask for help?

To "understand the evidence or to determine a fact in issue" in this minor sex trafficking case, *Frazier*, 387 F.3d at 1260, the jury will need to hear from a minor sex trafficking expert about: (1) how sex traffickers use recruitment, entrapment, and enmeshment to manipulate, control, and coerce victims, and how victims rarely flee or ask for help as a result, and (2) how those principles apply to J.G.'s case (*i.e.*, the two expert opinions Ms. McDowell proposes to offer). (Ex. 2, McDowell Report). As Defendant's concede, Ms. McDowell has the expertise. Defendant's efforts to exclude Ms. McDowell's testimony clarifying minor sex trafficking on the grounds that it is "irrelevant" and "not helpful" are also curious given its own security expert explained that there are "all these myths that exist about sex trafficking or human trafficking in general." (Ex. 4, Vellani Dep. at 136:17-20).

Further, Ms. McDowell should be allowed to opine that J.G.'s experiences were consistent with those of other minor victims because she is qualified to do so based on her interview and testing of J.G. and the opinion is part of her report.

## RELEVANT LEGAL AUTHORITY

If the testimony is relevant, then the standard for the admissibility of expert witness testimony is measured by Fed. R. Evid. 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993).

The Eleventh Circuit has distilled the expert admissibility inquiry into a three-factor test. The district court must determine whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address;
> (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and
> (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*See United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (quoting *City of Tuscaloosa v. Harcros Chems. Inc.*, 158 F.3d 548, 562 (11th Cir. 1998).) Each of

these three analytical prongs must be connected to the "task at hand," *i.e.*, the matter to which the expert seeks to testify. *Daubert*, 509 U.S. at 597.

## I. Ms. McDowell is Qualified as an Expert in Minor Sex Trafficking and Her Testimony Will Help the Jury "Understand the Evidence or Determine a Fact in Issue."

Defendant does not challenge, and therefore concedes, that Ms. McDowell is a minor sex trafficking expert. She is the Director of the Commercial Sexual Exploitation of Children Response Team, a program of the Children's Advocacy Centers of Georgia. (Ex. 2, McDowell Report at 3.) In this role, Ms. McDowell regularly interviews, consults with, and counsels sex trafficking survivors to address the trauma and effects of sex trafficking. (Ex. 2, McDowell Report at 4.) To date, Ms. McDowell has counseled or supervised at least 500 minor sex trafficking survivors and at least 700 youth at-risk of commercial sexual exploitation. (Ex. 2, McDowell Report at 4.)

Even though Defendant admits that Ms. McDowell is a sex trafficking expert, it takes the position that her testimony is "irrelevant," "unhelpful," and "may even mislead or confuse the jury." But when Defendant argues at trial that J.G. "never asked for help," and, therefore, there is nothing the hotel could have done, and it should not be liable under 18 U.S.C. § 1595(a), it will bring to the forefront questions about how minor sex trafficking works that Ms. McDowell's opinions will help to answer. Defendant has already made such arguments. *See,*

*e.g.*, Doc. 104 at 8 ("Plaintiff concedes that she never told anyone at United Inn that she was being trafficked and never asked for help.").

In its motion, Defendant ignores that experts may be used to help jurors "understand the evidence ***or*** to determine a fact in issue." *Frazier*, 387 F.3d at 1260 (emphasis added). Both conditions apply here. "Understand the evidence" fits because of "all these myths … about sex trafficking or human trafficking in general." (Ex. 4, Vellani Dep. at 136:17-20). Hollywood's depiction of sex trafficking in movies like *Taken* causes many people to associate sex trafficking with international criminal cartels, kidnapping, blindfolds, handcuffs, and dungeons. While those circumstances may apply in some cases, they are not typical in minor sex trafficking cases at Dekalb County hotels. More to the point: they are not necessary to establish minor sex trafficking under the law. The jury will need to hear from a minor sex trafficking expert, Ms. McDowell, to understand fundamental factual issues, like how minor sex trafficking can happen at a Dekalb County hotel without kidnapping, blindfolds, handcuffs, and dungeons, and why minor victims rarely flee or call the police. Does that mean they are not victims? Or that they are to blame? These are issues the jury likely will be forced to consider. Ms. McDowell's specialized knowledge on minor sex trafficking will help the jury "understand the evidence" and give the jury tools to analyze questions they will encounter during the trial.

As for "fact in issue," Defendant argues: "Ms. McDowell's testimony does not relate to any issue in the case." (Doc. 99-1 at 6). It goes on: "whether Plaintiff fled, or did not flee, or even tried to flee, her relationship with her traffickers is not a component of sex trafficking, or an element of liability under the TVPRA or pertinent to Plaintiff's premises liability claim." (*Id.*) That must be wrong. How is any aspect of J.G.'s "relationship with her traffickers … not a component of sex trafficking or an element of liability under the TVPRA?" Ms. McDowell's testimony about the recruitment, entrapment, and enmeshment processes in general, and in J.G.'s case specifically, relate to the jury's assessment of fault (e.g., is J.G. at fault if she did not flee or ask for help?), damages (e.g., was she really a victim if she did not flee or ask for help?),[1] and elements of the TVPRA claim. Indeed, a plaintiff bringing a civil beneficiary TVPRA claim under § 1595(a) must be a victim of sex trafficking under § 1591. Section 1591 defines trafficking broadly to include "harboring," "providing," "maintaining," among other verbs, a minor, while knowing that the minor will be caused to engage in commercial sex acts. Thus, evidence explaining why J.G. remained with her trafficker, and did not run, is relevant to elements of the underlying criminal violation.

---

[1] Defendant says the testimony "will not aid the jury in its *liability* determination," but Rule 702 and *Frazier* are broader than that. It concerns, in relevant part, expert testimony that helps the jury "to understand the evidence or to determine a fact in issue." Ms. McDowell's proposed testimony is not only relevant to liability issues, but also to damages issues.

## II. Ms. McDowell's Testimony Will Not Confuse or Mislead the Jury.

Defendant's argument that Ms. McDowell's testimony "*could* mislead or confuse the jury" because it "*could* lead the jury incorrectly to believe that because Plaintiff was 'unable' to help herself by fleeing, Northbrook therefore had a heightened duty to protect her, or an affirmative duty to rescue her," is speculative and does not meet the dictates of Rule 403. (Doc. 99-1 at 6). First, J.G. does not know where Defendant's concern originates. Ms. McDowell's opinions have nothing to do with the duty Defendant owed to Plaintiff. Rather, Ms. McDowell's opinions clarify the complex relationship between traffickers and victims of trafficking. Defendant's concern about what "could" happen is not a proper basis for exclusion, but rather a targeted motion *in limine*. Second, Rule 403 is not about what could, maybe, possibly happen. It applies only where the probative value of relevant evidence is "substantially outweighed by a danger of … confusing the issues, [or] misleading the jury[.]" Fed. R. Evid. 403. Because J.G. has already shown why Ms. McDowell's proposed expert opinions are relevant, the question is whether the dangers Defendant fears "could" happen "substantially outweigh[]" the relevant evidence. They do not.

## III. Ms. McDowell Is Qualified to Opine on Whether Plaintiff's Experiences Were Consistent With The Experiences of Child Sex Trafficking Victims.

Defendant's challenge to Ms. McDowell's opinion that Plaintiff's experiences were "consistent with the experiences of child sex trafficking victims" also comes up short. (Doc. 99-1 at 7.)

Ms. McDowell is qualified to opine on whether Plaintiff's experiences were "consistent with the experiences of child sex trafficking victims," by virtue of her position as the Director of the CSEC Response Team. In that role, she has interviewed, consulted with, and counseled hundreds of sex trafficking victims and survivors. (Ex. 2, McDowell Report at 4.) Further, Ms. McDowell is qualified to render the opinion because she interviewed J.G., and during the interview, used the verified Commercial Sexual Exploitation Identification Tool, which she has administered over 100 times to assess whether a minor's experiences are consistent with sex trafficking. (Ex. 1, McDowell Dep. at 17:9-11; 36:21-37:1 ("The screening tool can assist in the overall assessment of whether or not the youth is a victim of sex trafficking.")). In other words, Ms. McDowell reached this opinion by using the same methodology that she has employed while interviewing roughly 100 survivors of sex trafficking. Finally, even though Ms. McDowell is qualified to opine on whether Plaintiff was sex trafficked, Defendant misrepresents the opinion that Ms. McDowell might offer, which is that Plaintiff's experiences were "consistent with the experiences of child sex trafficking victims." That is distinct from saying Plaintiff was in fact sex trafficked.

Next, the challenged opinion would not confuse the jury, because the premise of this case is that Plaintiff was in fact sex trafficked at Defendant's hotel, something which Defendant's security expert agreed to. (Ex. 3, Vellani Rep. at 16.) As such, Defendant's contention that this opinion would confuse the jurors is illogical.

Additionally, J.G. did disclose the opinion. It is part of her second opinion that "J.G.'s traffickers manipulated, controlled, and coerced her through recruitment, entrapment, and enmeshment." Regardless, even if J.G. did not properly disclose the opinion under Rule 26, that failure is harmless because Defendant's security expert acknowledges that J.G. was sex trafficked at United Inn. (Ex. 3, Vellani Rep. at 16.)

## CONCLUSION

For these reasons, Defendant's motion to exclude Ms. McDowell should be denied.

This 19th day of January, 2024.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*/s/ Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing pleading has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted,

*/s/ David H. Bouchard*

Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that Plaintiff, through her attorneys, has served a true and correct copy of the foregoing pleading into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 19th day of January, 2024.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*/s/ Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*