IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | No. 1:20-cv-05233-SEG |
| | ) | |
| NORTHBROOK INDUSTRIES, INC., | ) | |
| d/b/a UNITED INN AND SUITES, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT NAESHIA MCDOWELL**

This Reply is submitted by Defendant Northbrook Industries, Inc., d/b/a United Inn & Suites ("Northbrook"), in further support of its motion to exclude from the trial of this case the testimony of Plaintiff's purported expert Naeshia McDowell.

**A. Ms. McDowell's proposed testimony as to why Plaintiff did not attempt to flee is irrelevant, confusing and prejudicial.**

Plaintiff intends to call Ms. McDowell as an expert witness to testify at trial as to why, as a matter of social science, Plaintiff did not attempt to flee from her traffickers. This evidence is irrelevant because whether Plaintiff attempted to flee is not an element of either of the claims (TVPRA and negligence) asserted in the lawsuit. Northbrook recognizes that there *could* be situations in which a victim's

inability to flee is relevant to the claims in the case. See, e.g., U.S. v. Torres, 20cr608 (DLC), 2021 WL 1947503, at *7 (S.D.N.Y. May 13, 2021) (in kidnapping case, expert testimony as to why victim did not use opportunity to flee was likely to assist the jury, since victim's being held against her will was "an element of the kidnapping statute."). Such is not the case here.

Plaintiff's response is that Northbrook "must be wrong." [Plaintiff's Response, p. 6.] But Plaintiff does not identify any other sex trafficking case where such evidence has been found to be admissible. Further, Plaintiff's suggestion that terms such as "harbor[ing]," "maintain[ing]" and "provid[ing]" as they appear in the TVPRA make the testimony relevant, is misguided. As used in the TVPRA, *e.g.*, 18 U.S.C. § 1591, such words refer to the conduct of the trafficker, not the conduct of the victim, which is what Ms. McDowell's proposed testimony is intended to address.

Plaintiff's overriding concern appears to be that if Northbrook asks Plaintiff at trial why she did not attempt to flee from her traffickers, Ms. McDowell's testimony would be relevant to her response. If that is so, then the admissibility of Ms. McDowell's testimony should be conditioned on whether Northbrook ever raises this issue at trial. If it does not, then Ms. McDowell's testimony, without context, would improperly give jurors the mistaken impression that because Plaintiff was psychologically unable to escape her traffickers, Northbrook

somehow had a heightened obligation to affirmatively help her. That is not the applicable duty of care. See C.C. v. H.K. Group of Co., Inc., Civil Action File No. 1:21-cv-1345-TCB, 2022 WL 467813, at *4 (N.D. Ga. Feb. 9, 2022) (rejecting theory that failing to assist plaintiff or alert authorities supported a TVPRA claim).

Allowing Plaintiff to leave the jury with a false impression as to the relevant legal standards – which permitting Ms. McDowell's testimony in a vacuum would do – would be confusing to the jury and thus highly prejudicial.

**B. Ms. McDowell should not be permitted to testify that Plaintiff's experiences were "consistent with the experiences of child sex trafficking victims."**

Northbrook seeks to preclude Ms. McDowell from offering an opinion that Plaintiff's experiences were "consistent with the experiences of child sex trafficking victims."

Plaintiff does not deny that Ms. McDowell's testimony is designed to get in through the back door testimony that Plaintiff was sex trafficked. But Ms. McDowell is not qualified – as a medical professional, or law enforcement investigator, or otherwise – to testify that Plaintiff was sex trafficked. Therefore, Plaintiff attempts to have Ms. McDowell testify – as a proxy for the testimony that she is not qualified to give – that Plaintiff presented *as though* she had been sex

trafficked. Ms. McDowell should not be permitted to do indirectly what she is not qualified to do directly.

Plaintiff further contends that Ms. McDowell's testimony would not mislead the jury because, according to Plaintiff, "Defendant's security expert acknowledges that J.G. was sex trafficked at United Inn." [Plaintiff's Response, p. 9.] This assertion is disingenuous and desperate. Northbrook's security expert, Karim Vellani, simply recounted in his report what Plaintiff herself testified to, specifically citing her deposition in the process. See Vellani Report [Dkt. #109-2], p. 16 n.32 (citing to "Deposition and Exhibits of JG"). Whether Plaintiff was sex trafficked at United Inn remains an issue of fact on which Plaintiff bears the burden of proof at trial.

## CONCLUSION

"Simply put, expert testimony may be assigned talismanic significance in the eyes of lay jurors, and, therefore, the district courts must take care to weigh the value of such evidence against its potential to mislead or confuse." U.S. v. Frazier, 387 F.3d 1244, 1263 (11th Cir. 2004). For the reasons explained above, Ms. McDowell's testimony will not assist the jury in assessing the merits of this case, but instead will mislead and confuse the jury as to the sufficiency of Plaintiff's proof and the duty of care applicable to Northbrook.

For the foregoing reasons, Northbrook respectfully requests that Ms. McDowell's testimony be excluded from the trial of this case.

**L.R. 7.1(D) CERTIFICATION**

The undersigned counsel hereby certifies that this Repl has been prepared in Times New Roman (14 point), which are font and point selections approved by the Court in L.R. 5.1(C).

Respectfully submitted,

*/s/ Dana M. Richens*

Dana M. Richens
Georgia Bar No. 604429
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 815-3659
Facsimile: (404) 685-6959
drichens@sgrlaw.com

Attorney for Defendant
Northbrook Industries, Inc.
d/b/a United Inn and Suites

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this date served all parties with the within and foregoing **REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT NAESHIA MCDOWELL** via the Court's CM/ECF electronic filing system, which will automatically provide notice of filing constituting service to all counsel of record.

This 16th day of February, 2024.

*/s/ Dana M. Richens*