# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| J.G., | : |
| | : |
|     Plaintiff, | : |
| | :   CIVIL ACTION FILE |
| vs. | : |
| | :   NO. 1:20-cv-05233-SEG |
| NORTHBROOK INDUSTRIES, | : |
| INC., D/B/A UNITED INN AND | : |
| SUITES, | : |
| | : |
|     Defendant. | : |

## PLAINTIFF J.G.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE AND PRECLUDE SELECT OPINIONS AND TESTIMONY FROM DEFENDANT'S EXPERT KARIM VELLANI

Plaintiff moved to exclude testimony from Defendant's proposed security expert, Karim Vellani, on four issues: (1) any and all rebuttal opinions to Plaintiff's security expert, Darrell Chaneyfield, (2) opinions as to the effectiveness of sex trafficking indicators in healthcare settings, (3) opinions that sex trafficking is "clandestine," and (4) opinions as to scientific research on the efficacy of sex trafficking indicators published by the United States Department of Homeland Security for the hospitality industry. (Doc. 109).  This Court should grant Plaintiff's motion.

*First*, Defendant concedes that Mr. Vellani's rebuttal opinions are untimely. It is beyond dispute that Mr. Vellani first disclosed that he had rebuttal opinions in his deposition.  Thus, Defendant does not argue that it complied with the Court's deadline for rebuttal expert disclosures.  *See* Doc. 109 at 6 (summarizing scheduling orders).  Defendant has not provided—and makes no mention of any plan to provide—a rebuttal expert report from Mr. Vellani.  Nor does Defendant say it will seek leave from Plaintiff and this Court to provide an untimely rebuttal expert report after the close of discovery and the submission of Rule 56 briefing.  This Court should hold both parties to its scheduling orders and preclude Mr. Vellani's untimely rebuttal opinions.  "[W]e have often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion."

1

*See, e.g.*, *Josendis v. Wall to Wall Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

Further, the late disclosure of Mr. Vellani's rebuttal expert opinions is neither substantially justified nor harmless. *Knight through Kerr v. Miami-Dade County*, 856 F.3d 795, 811-813 (11th Cir. 2017) (quoting Fed. R. Civ. P. 26(a)(2)(D)); Fed. R. Civ. P. 37(c)(1). Notably, Defendant does not attempt to justify its late disclosure of Mr. Vellani's rebuttal opinions. Instead, Defendant misconstrues the record to argue its unjustifiably tardy disclosure was harmless. According to Defendant, Plaintiff "opened the door" and "invited" Mr. Vellani's rebuttal opinions and "now knows exactly what Mr. Vellani's testimony will be and can prepare accordingly for trial." (Doc. 117 at 3). Defendant's argument misses the mark. The night before Mr. Vellani's deposition, Defendant produced Mr. Vellani's expert file. It included an excerpt from Mr. Chaneyfield's deposition. The next day, Plaintiff asked Mr. Vellani in his deposition why his file included the excerpt. Plaintiff learned for the first time that Mr. Vellani intended to offer rebuttal opinions to Mr. Chaneyfield, even though Defendant had never disclosed Mr. Vellani as a rebuttal expert or provided a rebuttal expert report. More problematic, Mr. Vellani testified that his rebuttal opinions were evolving. He reserved the right to "fully flesh" them out after he had a chance to review Mr. Chaneyfield's "second deposition." (*Id.* at p. 227 -

2

231.)  Expert discovery closed more than 60 days ago.  Thus, Defendant wrongly claims that Plaintiff "knows exactly what Mr. Vellani's testimony will be and can prepare accordingly for trial."  In fact, Plaintiff does not know what Mr. Vellani intends to say at trial in rebuttal to Mr. Chaneyfield.  She has received no rebuttal expert disclosure, no rebuttal expert report, and no "flesh[ed] out" rebuttal opinions, even though discovery has closed and Rule 56 briefing has been submitted.  For these reasons, Mr. Vellani's rebuttal opinions (whatever they may be) should be excluded.[1]

***Second***, challenges healthcare settings may have identifying sex trafficking victims are not relevant in this hotel sex trafficking case.  Fed. R. Evid. 401.  Evidence about healthcare settings will waste time, at best, and confuse and mislead the jury, at worst.  Fed. R. Evid. 403.  Defendant can use Mr. Vellani to try to argue that "it is so difficult for management and staff at a hotel to identify a sex-trafficking victim" without asking Mr. Vellani to explain how it can be hard to do so in a healthcare setting.  (Doc. 117 at 4).  The jury will not need an expert to tell it that a

---

[1] Defendant suggests that by asking questions in a discovery deposition, Plaintiff invited Mr. Vellani's rebuttal opinions and now those opinions must be admissible.  (Doc. 117 at 3).  It is appropriate to use a discovery deposition to conduct discovery.  That is what Plaintiff attempted to do.  That an expert witness announces in a deposition an intention to provide certain opinions at trial does not establish the admissibility of those opinions or that the opinions were timely disclosed.

hotel has a different relationship with a child trafficked at the hotel than a doctor's office treating the same child. That is self-evident. Whatever challenges a doctor's office may face in identifying a child as a sex trafficking victim are not relevant in this hotel trafficking case. Therefore, Mr. Vellani's opinions about difficulties healthcare setting face identifying sex trafficking victims should be excluded.

***Third***, Plaintiff does not dispute that minor sex trafficking may, in some hotel cases, be "clandestine." Instead, Plaintiff takes issue with Mr. Vellani offering that opinion in this case, and, further, disagrees that it is "fairly obvious" that sex trafficking is always "clandestine" and that it was "clandestine" here.[2] (Doc. 117 at 7).

If the "clandestine" nature of trafficking is "obvious," as Defendant says, then Mr. Vellani's expert testimony on the point is neither necessary nor admissible under Rule 702. Expert testimony is limited to that which "assists the trier of fact, through

---

[2] Plaintiff has alleged, and the evidence shows, that her trafficking was not "clandestine." Indeed, United Inn staff: received a notice from law enforcement stating that Plaintiff was a suspected "missing" 16-year-old at the hotel for weeks; acted as lookouts for Plaintiff's traffickers; warned Plaintiff's traffickers of too much traffic to the rooms in which Plaintiff was victimized; bought drugs from her traffickers; were "cool" with her traffickers; entered the rooms in which Plaintiff was trafficked and saw the openly visible drugs, condoms, guns, and other paraphernalia; and observed her loitering in common areas for hours scantily clad to meet approximately twelve buyers per day, approximately half of whom she performed commercial sex acts for in cars parked in the parking lot.

4

the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). Where the jury already "understands" the "evidence" or the "issue" because it is "obvious," expert testimony is unneeded. Here, if Defendant thinks the "clandestine" nature of trafficking is "obvious," then expert testimony on the point is unwarranted.

Further, Mr. Vellani is not qualified to opine about the "clandestine" nature of trafficking, and he did not apply an appropriate methodology to form that opinion here. Plaintiff did not "derisively" state that Mr. Vellani's methodology was based only on a citation to the dictionary definition of "clandestine;" Plaintiff referenced what Mr. Vellani's report says. Mr. Vellani's only referenced support for the "clandestine" nature of trafficking is a dictionary citation. Mr. Vellani's dated and limited experience on a consulting engagement with the City of Houston fourteen years ago does not establish Mr. Vellani's *methodology* for opining that sex trafficking is always "clandestine" in hotels or that it was clandestine here. He needed to explain his methodology for that opinion in his report, and he did not. That failure also renders the opinion inadmissible. Fed. R. Evid. 702.

Finally, Defendant's citations to testimony in other cases about the "clandestine" nature of sex trafficking are unavailing. Plaintiff is not challenging

5

testimony in other cases and does not know what facts were at issue in those cases; she is challenging Mr. Vellani's opinion in this case under the facts at hand. For these reasons, Mr. Vellani's opinions about the "clandestine" nature of sex trafficking should be excluded from trial.[3]

***Fourth***, Mr. Vellani's opinions about whether sex trafficking indicators published by the United States Department of Homeland Security, and other authoritative bodies, have been academically tested, should not be admissible under Rules 401 and 403. Mr. Vellani concedes that he would recommend interventions that make "practical sense" even though they are not academically tested, (Vellani Dep. at p. 125), that he would be willing to refer his clients to anti-trafficking interventions "out there in the industry" that are not empirically tested, (*id.* at p. 137), and that hotels can and should use anti-trafficking interventions that have not been empirically tested:

> Q: Is it your opinion, Mr. Vellani, that anti-trafficking intervention should not be used at hotels unless there's evidence-based research showing they are effective?
>
> A: I wouldn't say that. What I would say is that, you know, there are some organizations that will implement things that they have seen work at other

---

[3] Defendant suggests that Plaintiff made the "clandestine" nature of trafficking "relevant" because she filed a premises liability claim and cannot now object to Mr. Vellani opining about the "clandestine" nature of trafficking. (Doc. 117 at 8). Plaintiff's objection is that Mr. Vellani is not qualified to offer that opinion and did not follow an appropriate methodology to arrive at that opinion.

locations.  And they can try and see if it will work at, you know, a potential other location. In which case they've got anecdotal information, anecdotal evidence that something works. So it doesn't have to be only, you know, evidence-based research.· We can still try things that work in one location and see if it works in another location.  That's, obviously, not always the case but, you know, ideally it would work at another location.  But there's no way to know until you try it.  (Vellani Dep. at pp. 117-118).

Given these concessions, whether Homeland Security's sex trafficking indicators have been empirically tested is not probative under Rule 401 and will waste time and mislead the jury under Rule 403.

*          *          *

For these reasons, this Court should preclude Mr. Vellani from offering the foregoing opinions at trial.

This 16th day of February, 2024.

                                    */s/ David H. Bouchard*
                                    Richard W. Hendrix
                                    rhendrix@finchmccranie.com
                                    Georgia Bar No. 346750
                                    David H. Bouchard
                                    david@finchmccranie.com
                                    Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

                    */s/ Patrick J. McDonough*
                    Jonathan S. Tonge
                    jtonge@atclawfirm.com
                    Georgia Bar No. 303999
                    Patrick J. McDonough
                    pmcdonough@atclawfirm.com
                    Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

                    *Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing pleading has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

                                      Respectfully submitted,

                                      */s/ David H. Bouchard*
                                      Richard W. Hendrix
                                      rhendrix@finchmccranie.com
                                      Georgia Bar No. 346750
                                      David H. Bouchard
                                      david@finchmccranie.com
                                      Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

                                      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certify that Plaintiff, through her attorneys, has served a true and correct copy of the foregoing pleading into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 16th day of February, 2024.

/s/ David H. Bouchard
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

/s/ Patrick J. McDonough
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*