IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., <br><br> Plaintiff, <br><br> v. <br><br> NORTHBROOK INDUSTRIES, INC., <br> d/b/a UNITED INN AND SUITES, <br><br> Defendant. | Civil Action File <br> No. 1:20-cv-05233-SEG |

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
### IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites ("Northbrook"), respectfully submits the following materials as supplemental authority in support of its Motion for Summary Judgment [Dkt. #103]:

1. June 14, 2024 Order granting Northbrook's motion for summary judgment in A.G. v. Northbrook Industries, Inc., d/b/a United Inn and Suites, 1:20-cv-05231-JPB ("A.G."), Exhibit 1 hereto; and

2. June 14, 2024 Order granting Northbrook's motion for summary judgment in G.W. v. Northbrook Industries, Inc., d/b/a United Inn and Suites ("G.W."), 1:20-cv-05232-JPB, Exhibit 2 hereto.

In the above-referenced Orders, Judge Boulee granted Northbrook's motions for summary judgment on Plaintiffs A.G.'s and G.W.'s claims against Northbrook for violation of the TVPRA and for common-law negligence – the same claims asserted against Northbrook in the present case.

As to A.G.'s and G.W.'s claims under the TVPRA, Judge Boulee held that these Plaintiffs' allegations against Northbrook failed to satisfy the "participation" element of the Eleventh Circuit's test for a § 1595(a) beneficiary claim first articulated in Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714 (11th Cir. 2021).  In so finding, Judge Boulee relied heavily on the Eleventh Circuit's recent opinion in K.H. v. Riti, Inc., No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024), in which the Eleventh Circuit reiterated that "allegations of financial benefit alone are not sufficient to establish that the defendant participated in a sex trafficking venture and observing signs of sex trafficking 'is not the same as participating in it.'" 2024 WL 505063, at *4.[1]

As to A.G.'s and G.W.'s claims of negligence, Judge Boulee ruled that these Plaintiffs did not occupy the status of invitees as to Northbrook but were mere licensees.  As such, Northbrook owed them a duty only to avoid wilful or wanton injury – a duty that these Plaintiffs did not allege had been breached.

---

[1] Northbrook has attached the Eleventh Circuit's K.H. opinion as Exhibit 3 hereto and offers it as supplemental authority as well.

A.G. and G.W. concerned the same claims under the TVPRA and of common-law negligence involving the same Northbrook-owned property, United Inn and Suites, as the instant case.  The three cases brought by Plaintiffs A.G., G.W. and J.G. were all filed on the same day by the same Plaintiffs' counsel.  The same depositions of Northbrook's owner, United Inn's manager and both sides' expert witnesses were taken for use in all three cases.  This Court has previously acknowledged the overlap among the cases.  For example, in denying Northbrook's motion to dismiss the instant case, this Court referenced Judge Boulee's prior denial of motions to dismiss in A.G. and G.W., noting the "substantially similar facts" and "substantially similar allegations" between J.G. and the A.G./G.W. matters.  See Order (denying Northbrook's second motion to dismiss) [Dkt. #44], pp. 17 n.2 and 18.

While Judge Boulee's orders granting Northbrook's motion for summary judgment in the A.G. and G.W. matters are not strictly binding on this Court, the doctrine of *stare decisis* favors consistency among decisions by sister courts within the same judicial district.  See, e.g., Peterson v. BASF Corp., 12 F. Supp. 2d 964, 970 (D. Minn. 1998) ("We add that the doctrine of *stare decisis,* when applied to a prior ruling, on an identical question of law, by a coordinate Court in the same District, serves the considerable interests of consistency, and predictability of result.").

3

Northbrook respectfully requests that this Court consider Judge Boulee's disposition of the A.G. and G.W. matters, and the Eleventh Circuit's opinion in K.H., in ruling on Northbrook's motion for summary judgment pending in this matter.

## L.R. 7(D) CERTIFICATION

The undersigned counsel hereby certifies that this Notice has been prepared in Times New Roman (14 point), which are font and point selections approved by the Court in L.R. 5.1(C).

Respectfully submitted,

 */s/ Dana M. Richens*
Dana M. Richens
Georgia Bar No. 604429
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia  30309
Telephone:  (404) 815-3659
Facsimile:  (404) 685-6959
drichens@sgrlaw.com

Attorney for Defendant
Northbrook Industries, Inc.
d/b/a United Inn and Suites

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served all parties with the within and foregoing **DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** via the Court's CM/ECF electronic filing system, which will automatically provide notice of filing constituting service to all counsel of record.

This 5th day of July, 2024.

                                                                   /s/ Dana M. Richens