IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE |
| v. : | |
| : | NO. 1:20-cv-05233-SEG |
| NORTHBROOK INDUSTRIES, INC., : | |
| d/b/a UNITED INN AND SUITES : | |
| : | |
| Defendants. : | |

**NOTICE OF PLAINTIFF'S RESPONSE TO
DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant notified this Court of three nonbinding, inapposite TVPRA-related decisions and used the notice to add legal argument to its motion for summary judgment. Doc. 131. That was improper. Neither the Federal Rules of Civil Procedure nor this Court's Local Rules permit the filing of supplemental authorities. Rather than moving to strike Defendant's improper notice, Plaintiff explains why Defendant's supplemental authorities do *not* support Defendant's request that this Court absolve it of all civil liability for the physical assault, rape, and sex trafficking of 16-year-old J.G. at the United Inn & Suites for weeks.

*First*, none of the cases that Defendant cites involves the direct lookout and facilitation evidence at issue here. In this case, J.G. observed a United Inn & Suites front desk clerk tell one of her traffickers on multiple occasions that the traffic into

1

his rooms was too high, and that he should move to another room at United Inn to sell J.G., other women, and drugs.[1] The same front desk clerk bought drugs from the same trafficker.[2] When United Inn staff entered the rooms in which Plaintiff was trafficked, Plaintiff's traffickers "didn't bother to hide nothing [including guns, drugs, and condoms out in the open]" because United Inn "didn't care" and her traffickers were "cool with everybody who worked up there."[3] Plaintiff watched one of her traffickers pay a front desk clerk extra cash to allow him to check into a room with Plaintiff early when the hotel had said no rooms were available.[4] Plaintiff's traffickers talked regularly with hotel staff, had multiple rooms reserved at the hotel to traffic drugs and girls, and stayed at the hotel for extended periods.[5] And, worse still, the hotel received warnings from the police about Plaintiff being a missing 16-year-old suspected to be on the property.[6] The cases that Defendant cites in its notice—*Riti, A.G.,* and *G.W.*—do not involve this type of lookout and facilitation evidence.

*Riti*, *A.G.*, and *G.W.* state that a hotel operator's assistance of a plaintiff's

---

[1] Doc. 115-1, Ex. 1, J.G. Dep. at 102:24-105:25.
[2] Doc. 115-1, Ex. 1, J.G. Dep. at 94:14-20, 99:10-100:15.
[3] Doc. 115-1, Ex. 1, J.G. Dep. at 93:3-94:13.
[4] Doc. 115-1, Ex. 1, J.G. Dep. at 102:6-17, 107:15-108:3.
[5] Doc. 115-1, Ex. 1, J.G. Dep. at 31:5-21, 32:1-9, 46:1-4, 52:6-14, 58:5 – 59:5, 60:25-62:8, 107:15-108:3; Ex. 2, N.S. Affidavit at ¶9.
[6] Doc. 115-1, Ex. 3, United Inn 30(b)(6) Dep., May 2, 2023 at 312:4-24, 313:2-316:7; 321:15-323:3; Ex. 4, NBI 003097-8; Ex. 5, NBI 003106-7; Ex. 6, NBI 003099.

2

trafficker "would support a finding that a hotel operator participated in a sex trafficking venture." *K. H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063, at *3, 4 (11th Cir. Feb. 9, 2024) (discussing *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017)); *A.G. v. Northbrook Industries, Inc. d/b/a United Inn and Suites*, No. 1:20-cv-05231, Doc. 151 at 16, n.5 (N.D. Ga. June 14, 2024) ("Plaintiff has not presented evidence showing that United did more than rent hotel rooms to the traffickers with the knowledge that sex trafficking occurred at its hotel. For example, Plaintiff has not presented evidence to support the allegation in the Complaint that United's employees served as lookouts for Plaintiff's traffickers."); *G.W. v. Northbrook Industries, Inc. d/b/a United Inn and Suites*, No. 1:20-cv-05232, Doc. 148 at 16, n.5 (N.D. Ga. June 14, 2024) (same). Here, Defendant's employees knowingly participated in J.G.'s trafficking and assisted her traffickers by acting as lookouts and accepting extra cash to open rooms earlier than hotel policy allowed.[7]

*Second*, *Riti* is an unpublished, nonbinding Eleventh Circuit decision that is wrong and should not be followed. *See, e.g.*, *McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060–61 (11th Cir. 2022) ("As a preliminary matter, we pause to

---

[7] Plaintiff has presented *direct* lookout and facilitation evidence. At summary judgment, the Court is of course required to draw all reasonable inferences in the non-movant's favor from *circumstantial* evidence. Here, that means drawing the reasonable inference that Plaintiff's traffickers lived and operated at the hotel and openly carried on their trafficking businesses there for extended periods because the hotel was agreeable and complicit in Plaintiff's trafficking.

reiterate an elemental point: While our unpublished opinions 'may be cited as persuasive authority,' they 'are not considered binding precedent.' 11th Cir. R. 36-2. We have said so again and again, but it bears repeating. Accordingly, a district court shouldn't simply cite to one of our unpublished opinions as the basis for its decision without separately determining that it is persuasive. Here, the district court did just that—it treated *Cawthorn [v. Auto-Owners Ins. Co.*, 791 F. App'x 60 (11th Cir. 2019),] as binding authority and failed to determine whether that decision correctly analyzed Florida law. For reasons we'll explain, *Cawthorn* didn't properly analyze Florida law, and the district court shouldn't have followed it." (cleaned up)).[8]

---

[8] *See also Cherry v. Dometic Corp.*, 986 F.3d 1296, 1302 (11th Cir. 2021) (rejecting conclusion of two unpublished opinions that relied on a "heightened standard for ascertainability" that Third Circuit applied to class certification as inconsistent with both circuit precedent and Rule 23's text); *United States v. Green*, 873 F.3d 846, 858–66 (11th Cir. 2017) (holding, contrary to unpublished decision in *United States v. Neufeld*, 154 F. App'x 813, 820–21 (11th Cir. 2005), that mere fact of criminal defendant's 2006 Florida conviction after *nolo contendere* plea was inadmissible under Fed. R. Evid. 404(b) to prove similar act); *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109–11 (11th Cir. 2016) (holding that unpublished table decision affirming without opinion district court's dismissal of Georgia garnishment action under Fair Debt Collection Practices Act's venue provision was not binding and rejecting view of FDCPA's venue's applicability to Georgia garnishment procedure previously affirmed); *United States v. Iguaran*, 821 F.3d 1335, 1336 & n.1 (11th Cir. 2016) (holding that government's argument—that criminal defendant's jurisdictional objection was reviewed for plain error based on two unpublished decisions so saying—was "wrong"); *Pellitteri v. Prine*, 776 F.3d 777, 781–82 (11th Cir. 2015) (holding that "conclusion" in unpublished decision "was mistaken on two fronts" and explaining why).

*Riti* is wrong because it misreads *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021). In *Doe #1*, the plaintiffs pleaded that the defendant franchisors participated in "sex trafficking ventures." *Id.* at 726 ("We begin with the venture the Does say that the franchisors participated in. Throughout their complaints, the Does alleged that the franchisors participated in 'sex trafficking ventures.'"); *see also id.* at 727 ("Again, every time the complaints refer to ventures, they refer to 'sex trafficking ventures.'"). Because the *Doe #1* plaintiffs alleged "sex trafficking ventures," the Eleventh Circuit held that the relevant question was "whether the Does plausibly alleged that the franchisors took part in the common undertaking of sex trafficking with hotel employees, management, owners, and sex traffickers." *Id.* at 726. But the Eleventh Circuit was clear that "participation in a venture" for TVPRA civil-liability purposes requires only that the defendant "take part in a common undertaking involving risk or profit." *Id.* at 727. The common undertaking need not be a sex trafficking venture. Judge Jordan emphasized this point in his concurrence. "[T]he participation element of a 'beneficiary' claim under § 1595(a) . . . requires only that a defendant take part in a common undertaking or enterprise involving risk and profit." *Id.* at 730 (Jordan, J., concurring).

Yet in *Riti*, even though the plaintiff did not allege that the defendant franchisee hotel was involved in a "sex trafficking venture" with the plaintiff's trafficker, the Court still rejected the plaintiff's TVPRA civil beneficiary claim

5

because "K.H. has not plausibly alleged that Riti took part in a common sex trafficking undertaking or enterprise with Laye," the trafficker. 2024 WL 505063, at *3. In doing so, *Riti* misapplied *Doe #1*, because allegations establishing a "sex trafficking venture" were not required. Instead, "[a]s the Eleventh Circuit established in [*Doe #1*], a person can be liable without participating in the sex trafficking act itself." *Does 1-4 v. Red Roof Inns, Inc.*, 1:21-CV-04278-WMR, 2023 WL 5444261, at *3 (N.D. Ga. Aug. 10, 2023).

*Riti* is also wrong because requiring allegations (and later proof) that the defendant "participated in a common sex trafficking undertaking or enterprise" with the plaintiff's sex trafficker to allege (and later prevail) on a TVPRA civil beneficiary claim erases the line between perpetrators and beneficiaries in 18 U.S.C. § 1595(a). *Contra* 2024 WL 505063, at *4. A "sex trafficking venture" is a "common undertaking of sex trafficking with hotel employees, management, owners, and sex traffickers." *Doe #1*, 21 F.4th at 726. Participating in a sex-trafficking undertaking or enterprise makes someone a sex-trafficking perpetrator. *See* 18 U.S.C. § 1591(a)(1) (direct violator), § 1591(a)(2) (knowing beneficiary), § 1593A (knowing beneficiary), § 1594(a) (attempting to violating § 1591), § 1594(c) (conspiring to violate § 1591). A sex-trafficking beneficiary, on the other hand, is someone who "knowingly benefits, or attempts or conspires to benefit," from "a common undertaking or enterprise involving risk and potential profit" (i.e.,

"participation in a venture") that the person "knew or should have known has engaged in an act in violation" of the TVPRA. § 1595(a); *Doe #1*, 21 F.4th at 725. While a § 1595(a) claim requires that the plaintiff be a "victim" of a "perpetrator," the plaintiff need not pursue a claim against the perpetrator to recover against a beneficiary, and a beneficiary need not have committed a crime under the TVPRA to be civilly liable.

*Riti* is further wrong because it held that the difference between franchisors and companies (like Defendants) who owned and operated the hotel was "immaterial." *Contra* 2024 WL 505063, at *3. This is a misreading of *Doe #1*, which involved "claims against franchisors which do not operate or manage the hotels at which sex trafficking allegedly occurred." 21 F.4th at 727 (Jordan, J., concurring).

*Third*, Judge Boulee's opinions in two other minor sex trafficking cases against United Inn (*A.G.* and *G.W.*) are not on point, *stare decisis* does not apply, and J.G.'s facts meet the TVPRA standard in Judge Boulee's orders in *A.G.* and *G.W.*, which do not align with *Doe #1* anyway.

Judge Boulee's opinions are not on point because J.G. was *not* trafficked with A.G. and G.W. and she was *not* trafficked by their traffickers.  While there is some common evidence in the three cases about United Inn's operations, procedures, and security, among other topics, there is substantial unique evidence in J.G.'s case relating to her separate experience being trafficked as a child at United Inn.  Judge

Boulee's orders in *A.G.* and *G.W.* do not address the facts at issue in J.G.'s case.

Because J.G.'s case presents different facts than A.G.'s and G.W.'s cases, and because the cases raise unique questions about the application of the law to the distinct facts, *stare decisis* does not apply here.

Finally, Judge Boulee's opinions in A.G. and G.W. err by following *Riti*, and in doing so, violate *Doe #1* and the plain language of § 1595(a).  In any event, J.G. has developed more than sufficient evidence to create a jury question under Judge Boulee's interpretation of the TVPRA after *Riti*.  *See* Ex. 1, *H.B. v. Red Roof Inns, Inc., et al.*, Case No. 1:22-cv-01181-JPB (June 17, 2024) (Boulee, J.) ("Applying the reasoning of the foregoing cases here, the Court is persuaded that a reasonable jury could find that the Red Roof Inn participated in a common venture with Plaintiff's traffickers. As in the *Does 1-4* and *I.R.* cases, there is evidence here that the Red Roof Inn did more than just rent rooms to sex traffickers and observe signs of trafficking on its premises. Plaintiff has offered evidence that Red Roof Inn employees directly facilitated the illicit activities of Plaintiff's traffickers by providing lookout services. These actions go beyond what would be expected in the normal course of operating a hotel business.").

None of the cases Defendant cites support its motion for summary judgment. This Court should deny that motion so that J.G.'s claims can proceed to trial.

This 8th day of July, 2024.

                              */s/ David H. Bouchard*
                              Richard W. Hendrix
                              rhendrix@finchmccranie.com
                              Georgia Bar No. 346750
                              David H. Bouchard
                              david@finchmccranie.com
                              Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone

                              */s/ Patrick J. McDonough*
                              Jonathan S. Tonge
                              jtonge@atclawfirm.com
                              Georgia Bar No. 303999
                              Patrick J. McDonough
                              pmcdonough@atclawfirm.com
                              Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone

                              *Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing pleading has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

    Respectfully submitted,

    */s/ David H. Bouchard*
    Richard W. Hendrix
    rhendrix@finchmccranie.com
    Georgia Bar No. 346750
    David H. Bouchard
    david@finchmccranie.com
    Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certify that Plaintiff, through her attorneys, has served a true and correct copy of the foregoing pleading into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 8th day of July, 2024.

/s/ *David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

/s/ *Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*