IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., | : |
| | : |
|    Plaintiff, | : |
| | :   CIVIL ACTION FILE |
| v. | : |
| | :   NO. 1:20-cv-05233-SEG |
| NORTHBROOK INDUSTRIES, INC., | : |
| d/b/a UNITED INN AND SUITES | : |
| | : |
|    Defendants. | : |

**NOTICE OF AUTHORITY RELATING TO PLAINTIFF'S**
**RESPONSE IN OPPOSITION TO DEFENDANT'S**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

During oral argument on July 11, 2024, regarding Defendant's Motion for Summary Judgment, the Court asked whether Plaintiff alleged in her Complaint that Plaintiff was a licensee at United Inn.  Plaintiff's Complaint does not specifically use the term licensee or call Plaintiff a licensee.  To be clear, at certain points Plaintiff's Complaint alleges that Plaintiff was an invitee.  *See*, *e.g.*, Doc. 1 at ¶12, 17.  But, Plaintiff also alleged in her Complaint that United Inn was negligent and failed to exercise ordinary care *without reference to Plaintiff's status* at United Inn.  *See*, *e.g.*, Doc. 1 at ¶¶87, 97, 98, 99, 105, 107, 108.  Plaintiff's allegations meet the notice pleading standard and encompass Plaintiff as a licensee at United Inn.

Under notice pleading rules, Plaintiff had to provide at the pleading stage "a short and plain statement of [her] claim showing that [she] is entitled to relief." Fed.

R. Civ. P.8(a)(2). Pleading in the alternative and pleading inconsistent claims is allowed. Fed. R. Civ. P.8(d)(2), (d)(3). "[T]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Beem v. Ferguson*, 713 F. App'x 974, 979 (11th Cir. 2018) (quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), abrogated in part by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In effect, notice pleading requires, "fair notice of what the claim is and the grounds upon which it rests." *Beem*, 713 F. App'x at 979.

By pleading that United Inn was negligent and/or failed to exercise ordinary care without regard to Plaintiff's status at United Inn, (Doc. 1 at ¶¶87, 97, 98, 99, 105, 107, 108), Plaintiff's allegations meet the notice pleading rules and encompass Plaintiff as a licensee at United Inn. Indeed, the *failure to exercise ordinary care* toward a known or anticipated licensee or trespasser *is willful or wanton* under Georgia law. *See*, *e.g.*, *Bethany Grp., LLC v. Grobman*, 315 Ga. App. 298, 299–301, 727 S.E.2d 147, 149–50 (2012) (duty owed to known or anticipated licensees); *see also* Ga. Law of Torts § 5:13 (duty owed to known or anticipated trespassers). Plaintiff alleged, and the evidence shows, that United Inn knew of Plaintiff's presence on the property. So long as there is a dispute of material fact as to the elements of Plaintiff's negligence claim, the claim should go to a jury.

This 17th day of July, 2024.

                                        */s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone

                                        */s/ Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone

                                        *Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing pleading has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

                                         Respectfully submitted,

                                         */s/ David H. Bouchard*
                                         Richard W. Hendrix
                                         rhendrix@finchmccranie.com
                                         Georgia Bar No. 346750
                                         David H. Bouchard
                                         david@finchmccranie.com
                                         Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

                                         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certify that Plaintiff, through her attorneys, has served a true and correct copy of the foregoing pleading into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 17th day of July, 2024.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*/s/ Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*