IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. 1:20-cv-05233-SEG |
| ) | |
| NORTHBROOK INDUSTRIES, INC., ) | |
| d/b/a UNITED INN AND SUITES, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S JULY 17, 2024 "NOTICE OF AUTHORITY"

After oral argument on Defendant Northbrook's motion for summary judgment, Plaintiff J.G. has now submitted a "Notice of Authority" [Dkt. #137] in which she argues for the first time that the allegations of the Complaint [Dkt. #1] encompass Plaintiff's purported status not only as an invitee, but also as a licensee.

This argument is wholly without merit. The Complaint repeatedly refers to Plaintiff as an invitee. See Complaint, ¶ 12 (referencing "business invitees— including the Plaintiff"); ¶ 17 ("Plaintiff was sex trafficked as a minor at the United Inn from 2018 to 2019, during which time she was an invitee of the United Inn."); ¶ 86 ("Northbrook owed a duty to invitees to the United Inn, including Plaintiff"); ¶ 92 (discussing Northbrook's alleged failure "to protect its invitees,

including Plaintiff"); ¶ 94 (alleging that Northbrook "created an unreasonable risk of injury to invitees, including Plaintiff"); ¶ 100 (alleging that "Northbrook negligently failed to protect invitees, including Plaintiff"); ¶ 101 (alleging that "Northbrook negligently failed to warn Plaintiff and other invitees"). See also Complaint, ¶¶ 12, 15, 104, 106(a), (o) and (p) (discussing duty owed to invitees generally). The Complaint never characterizes Plaintiff as a licensee (or a trespasser).[1]

The Federal Rules do contemplate pleading in the alternative. See Fed. R. Civ. P. 8(d)(2). But while a plaintiff "need not use any special words to properly plead in the alternative," it "must be reasonably inferred that this is what it was doing." Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC, No. 11-61577-CIV, 2011 WL 3843931, at *3 (S.D. Fla. Aug. 26 2011) (internal punctuation omitted). Here, there is nothing in the Complaint from which a reader might reasonably infer anything other than that Plaintiff has asserted a premises liability claim arising solely from her alleged status as an invitee.

Plaintiff's eleventh-hour attempt to recast herself as a licensee (or trespasser) should be rejected out of hand. If the Court determines as a matter of law that

---

[1] Indeed, as recently as her summary judgment opposition briefing, Plaintiff continued to insist that she was an invitee, offering no other status in the alternative. See Plaintiff J.G.'s Response in Opposition to Defendant's Motion for Summary Judgment and Memorandum of Law in Support [Dkt. #115], pp. 20-22.

2

Plaintiff was not an invitee as to Northbrook, then her negligence claim must be dismissed.

## L.R. 7.1(D) CERTIFICATION

The undersigned counsel hereby certifies that this Response has been prepared in Times New Roman (14 point), which are font and point selections approved by the Court in L.R. 5.1(C).

                                                    Respectfully submitted,

                                        */s/ Dana M. Richens*
                                        Dana M. Richens
                                        Georgia Bar No. 604429
                                        SMITH, GAMBRELL & RUSSELL, LLP
                                        1105 W. Peachtree NE, Suite 1000
                                        Atlanta, Georgia  30309
                                        Telephone:  (404) 815-3659
                                        Facsimile:  (404) 685-6959
                                        drichens@sgrlaw.com

                                        Attorney for Defendant
                                        Northbrook Industries, Inc.
                                        d/b/a United Inn and Suites

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this date served all parties with the within and foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S JULY 17, 2024 "NOTICE OF AUTHORITY"** via the Court's CM/ECF electronic filing system, which will automatically provide notice of filing constituting service to all counsel of record.

This 22nd day of July, 2024.

                                                 */s/ Dana M. Richens*