IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| v. | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| NORTHBROOK INDUSTRIES, | : | |
| INC., d/b/a UNITED INN AND | : | |
| SUITES, | : | |
| | : | |
| **Defendant.** | : | |

## PROPOSED CONSOLIDATED PRETRIAL ORDER

Plaintiff J.G. and Defendant Northbrook Industries, Inc., d/b/a United Inn &
Suites, by and through their undersigned counsel, submit this initial proposed
consolidated pretrial order in accordance with the Court's order dated August 15,
2024.   The parties reserve the right to supplement this pretrial order up to the pre-
trial conference as the parties continue trial preparations.

### 1.

**There are no motions or other matters pending for consideration by the
court except as noted:**

The parties' opposed *Daubert* motions are pending for consideration by the
Court.  The *Daubert* motions, and the experts to whom the motions relate, are on the
docket at the below locations:

1

- Naeshia McDowell (ECF Nos. 99, 119, 125)

- Darrell Chaneyfield (ECF Nos. 100, 118, 124)

- Karim Vellani (ECF No. 109, 117, 129)

Plaintiff intends to file a motion for protective order to permit Plaintiff to be referred to by her first name during trial.  Defendant does not intend to oppose this motion.

The parties intend to file motions *in limine* and any other trial briefs fourteen (14) days before the pretrial conference.

## 2.

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery.  (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

Pursuant to agreement, the parties will cooperate to schedule trial depositions, if any.

## 3.

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

The parties are correctly identified.

**4.**

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.  (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

This Court has subject matter jurisdiction over this lawsuit pursuant to 28

U.S.C. § 1331 because Plaintiff asserts a claim arising under 18 U.S.C. § 1595(a).

**5.**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

David H. Bouchard
Georgia Bar No. 712859
david@finchmccranie.com
Oto U. Ekpo
Georgia Bar No. 327088
oto@finchmccranie.com
Finch McCranie, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, GA 30303

**Defendant:**

Dana M. Richens
Georgia Bar No. 604429
drichens@sgrlaw.com
Smith, Gambrell & Russell, LLP
1105 West Peachtree Street N.E.
Suite 1000
Atlanta, Georgia  30309

**Other parties:**

None

**6.**

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

None.

**7.**

**The captioned case shall be tried ( X ) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.**

**8.**

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

Plaintiff does not request a bifurcated trial but is not opposed to a bifurcated trial on the issue of punitive damage in accordance with the procedure set forth in O.C.G.A. § 51-12-5.1(d).  Plaintiff defers to the sound discretion of the Court on the issue of whether a bifurcated trial on the issue of punitive damages is appropriate.

Defendant does not concede that Plaintiff is entitled to pursue a claim of punitive damages.  If the Court determines that Plaintiff may pursue such a claim, then Defendant requests that the Court follow the procedure set forth in O.C.G.A. § 51-12-5.1(d)—that is, the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made, as indicated in an appropriate form of verdict.  If it is found that punitive damages are to be awarded,

then the trial shall immediately be recommenced in order to receive evidence on that

issue.

**9.**

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

The parties do not request any additions to the Court's standard jury

qualification questions.

**10.**

**Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-3", "B-4," etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination. The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

**11.**

**State any objections to plaintiff's voir dire questions:** See below.

**State any objections to defendant's voir dire questions:** See below.

**State any objections to the voir dire questions of the other parties, if any:**

The parties are working in good faith to prepare their respective *voir dire* questions and objections, per the Court's instructions, in advance of the pre-trial conference.

## 12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. *See* Fed.R.Civ.P. 47(b).**

Given the potentially sensitive nature of the subject matter of the lawsuit, which may involve discussion of sex trafficking, including physical violence, sexual violence, and sexual trauma, the parties propose a larger panel of 30 potential jurors with each side being entitled to 4 peremptory strikes.

Furthermore, given the nature of the facts at issue, the parties also propose that the jurors complete a questionnaire in advance of voir dire. A questionnaire permits jurors to disclose sensitive information in a more discreet manner than if questions were posed in open court. The parties will confer with the goal of submitting a joint questionnaire in advance of the pre-trial conference.

## 13.

**State whether there is any pending related litigation. Describe briefly, including style and civil action number.**

**Plaintiffs' position**:

1. The matter *Northfield Insurance Company v. Northbrook Industries, Inc., d/b/a United Inn and Suites, and J.G.* (Case No. 1:23-cv-03596-SEG) is now pending before the Court.  The case concerns Northfield Insurance Company's Complaint for Declaratory Judgment relating to an insurance policy in effect at United Inn and Suites at the time J.G. was sex trafficked at the hotel.

2. The matters *A.G. v. Northbrook Industries, Inc., d/b/a United Inn and Suites* (Case No. 1:20-cv-05231-JPB) and *G.W. v. Northbrook Industries, Inc., d/b/a United Inn and Suites* (Case No. 1:20-cv-05232-JPB) are now pending before Judge Boulee.  The A.G. and G.W. cases involve legal claims arising from minor sex trafficking at United Inn & Suites in 2017, the year before J.G. was trafficked at United Inn & Suites.  Judge Boulee granted summary judgment, and there is a pending motion for reconsideration before the Court.

**Defendant's position**:

Defendant notes that Judge Boulee has granted summary judgment to Northbrook in the above-referenced <u>A.G.</u> and <u>G.W.</u> matters.  Further, Defendant does not concede that the facts relating to those matters are relevant here.

**14.**

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence.   All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be separately listed.  For each item of damage claimed, plaintiff shall separately provide the following information:  (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

**15.**

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.  For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

**16.**

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

The parties are in the process of meeting and conferring on stipulations of fact and will submit any fourteen (14) days in advance of the pre-trial conference.

**17.**

**The legal issues to be tried are as follows:**

**By Plaintiffs:**

(1) Whether Defendant United Inn & Suites is liable to Plaintiff under the TVPRA, 18 U.S.C. § 1595.

(2) Whether Defendant United Inn & Suites is liable to Plaintiff for damages, and the amount of such damages, including general damages, compensatory damages, economic damages, non-economic damages, consequential damages, and punitive damages.

(3) Whether Defendant United Inn & Suites is liable to Plaintiff for costs, expenses, and reasonable attorneys' fees, including fees pursuant to the TVPRA, O.C.G.A. § 13-6-11, and O.C.G.A. §9-11-68(e) and any other fee-shifting statute.

(4) Whether Defendant United Inn & Suites is entitled to apportion damages to non-parties for Plaintiff's claims under the TVPRA, 18 U.S.C. § 1595(a), a federal statute to which the default rule of joint and several liability applies.

(5) Whether Plaintiff is entitled to punitive damages against Defendant.

(6) Any additional legal issues raised by any affirmative defenses or counterclaims Defendant may assert.

**By Defendant:**

For Defendant:

(1) Whether Plaintiff is a victim of a violation of Chapter 77 of the United States Code Annotated.

(2) Whether Northbrook knowingly benefited, as such term is used in 18

9

U.S.C. § 1595(a).

(3) Whether Northbrook participated in a venture, as such term is used in 18 U.S.C. § 1595(a).

(4) Whether the alleged venture violated the TVPRA as to Plaintiff.

(5) Whether Northbrook knew or should have known that the alleged venture violated the TVPRA as to Plaintiff.

(6) Whether alleged knowledge, acts or omissions of Northbrook's employees are imputable to Northbrook.

(7) Whether Northbrook's acts or omissions were the proximate cause of Plaintiff's injuries or damages.

(8) Whether Plaintiff's injuries or damages were caused, in whole or in part, by pre-existing and subsequent conditions and events unrelated to the subject matter of this case.

(9) Whether the injury or damage to Plaintiff was caused by the intervening tortious or criminal conduct of persons other than Northbrook.

(10) Whether Plaintiff's own acts or omissions caused or contributed to her injury and damages.

(11) The amount of damages, if any, to which Plaintiff is entitled.

(12) Whether damages, if any, to which Plaintiff is entitled are subject to apportionment pursuant to O.C.G.A. § 51-12-33.

(13) Whether Plaintiff is entitled to an award of punitive damages, and, if so, the amount of such damages.

(14) Whether the amount of punitive damages to which Plaintiff is entitled, if any, is subject to a cap.

(15) Whether Plaintiff is entitled to an award of attorneys' fees and, if so, in what amount.

### 18.

**Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.**

The parties have prepared their initial respective witness lists, which the parties reserve the right to supplement up to the pre-trial conference as the parties continue to prepare for trial.

### 19.

**Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.**

**Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court**

**stamping purposes.  A courtesy copy of each party's list must be submitted for use by the judge.**

**Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits.  When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.  Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.  Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.  Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.**

**Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.**

The parties have prepared their initial respective exhibit lists, which the parties reserve the right to supplement up to the pre-trial conference as the parties continue to prepare for trial.

For the Court's convenience, the parties intend to set forth their respective objections, if any, to the other side's exhibits in an "Objections" column on each exhibit list, rather than on a separate page attached to the exhibit list.  The parties will confer to resolve and/or reduce the number of objections in advance of trial. Some of the objections may be resolved by this Court's rulings on motions *in limine*.

**20.**

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

The parties are conferring in good faith on deposition designations and will have any objections to deposition designations "filed in writing no later than the day the case is first scheduled for trial," in accordance with the Court's directions below.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

**21.**

**Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.**

The parties are working in good faith to prepare trial briefs, and will submit trial briefs, if any, to the Court at least fourteen (14) days before the start of the trial.

**22.**

**In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge**

**a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.**

**Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.**

The parties are working in good faith to prepare requests to charge and will submit them "no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial," as set forth above.

## 23.

**If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.**

The parties will submit proposed verdict forms to the Court pursuant to the Court's instructions.

## 24.

**Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

The parties request that they be permitted up to 30 minutes for opening statements and up to 40 minutes for closing arguments.

**25.**

     **If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.**

**26.**

     **Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on February 25, 2021, to discuss in good faith the possibility of settlement of this case. The court (\_\_\_\_\_) has or ( X ) has not discussed settlement of this case with counsel. It appears at this time that there is: (\_\_\_\_\_) A good possibility of settlement. (\_\_\_\_\_) Some possibility of settlement. ( X ) Little possibility of settlement. (\_\_\_\_\_) No possibility of settlement.**

**27.**

     **Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.**

     Given the length of trial and the number of witnesses involved, the parties

respectfully request a special setting.

**28.**

     The plaintiff estimates that she will need approximately 3 days to present her evidence. The defendant estimates that it will require approximately 2 days to present its evidence. It is estimated that the total trial time is 5-6 days.

**29.**

     **IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (\_\_\_\_\_) submitted by stipulation of the parties or (\_\_\_\_\_) approved by the court after conference with the parties.**

     **IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it**

**supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.  IT IS SO ORDERED this _____ day of _____, 20\_\_\_\_\_.**

_____
**UNITED STATES DISTRICT JUDGE**

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

*/s/*_____                          */s/*_____

David H. Bouchard                                    Dana M. Richens
**Counsel for Plaintiff**                              **Counsel for Defendant**

16

**Attachment C – Plaintiff J.G.'s Outline of the Case**

### I.   Brief Factual Summary

Plaintiff alleges that: (1) she was sex trafficked at the age of 16 years old at United Inn & Suites, 4649 Memorial Drive, Decatur, GA 30032; (2) during the relevant period Defendant owned, managed, and controlled United Inn & Suites and profited from her sex trafficking at the hotel; and (3) she suffered injuries and damages as a result of being trafficked at United Inn & Suites.

Based on evidence to be introduced at trial and not set forth herein, Plaintiff asserts that Defendant violated the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1595(a) ("TVPRA") by knowingly benefiting, or attempting or conspiring to benefit, financially or by receiving anything of value from taking part in a common undertaking or enterprise involving risk and potential profit which Defendant knew or should have known involved the sex trafficking of Plaintiff at United Inn & Suites. Plaintiff contends that she has suffered substantial harm, including but not limited to physical, emotional, and psychological harm, as a direct, cause-in-fact, foreseeable, and proximate result of Defendant's violation of section 1595(a). Plaintiff asserts that Defendant's actions or lack thereof directly contributed to and were interrelated in facilitating Plaintiff's sex trafficking from which she suffered irreparable harm. And Plaintiff contends that Defendant is liable to Plaintiff for her damages in an amount to be proven at trial, including but not limited to reasonable attorneys' fees and punitive damages under 18 U.S.C. § 1595(a).

Plaintiff brought this action to recover for the substantial and indivisible harm Defendant has caused her. Plaintiff will seek economic and non-economic damages under the TVPRA, which includes Plaintiff's past, present, and future physical and mental harm and pain and suffering, in an amount to be determined by the enlightened conscience of the jury.

Plaintiff also seeks punitive damages under the TVPRA in an amount to be determined by the jury.

Finally, Plaintiff will seek to recover her reasonable attorneys' fees, costs, and expenses under the TVPRA, O.C.G.A. § 13-6-11, O.C.G.A. § 9-11-68, and any other fee-shifting authority.

Plaintiff reserves the right to pursue all damages allowed under Georgia and Federal law for her injuries and Defendant's unlawful actions, including but not limited to all general, compensatory, economic, non-economic, special, consequential, general, punitive, and all other damages permissible under Georgia and federal law.

## II.    Relevant Rules, Regulations, Statutes, Ordinances, and Illustrative Caselaw.

Plaintiff incorporates the representative rules, regulations, statutes, ordinances, and caselaw contained in her response to Defendant's motion for summary judgement, including:

- 28 U.S.C. § 1331 (federal question)

- 28 U.S.C. § 1391 (venue generally)

- 18 U.S.C. § 1591 (TVPRA – criminal provision)

- 18 U.S.C. § 1595(a) (TVPRA – civil provision)

- *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021)

- *Jane Doe 1 v. Red Roof Inns, Inc., et al.*, Case 1:19-cv-03840-WMR (N.D. Ga. Feb. 3, 2021)

- *H.H. v. G6 Hosp.*, LLC, No. 2:19-CV-755, 2019 WL 6682152 (S.D. Ohio 2019)

- *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017)

- *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-CV-00155-WHO, 2020 WL 6318707 (N.D. Cal. Oct. 28, 2020)

- *Doe v. Rickey Patel, LLC*, No. 0:20-60683-WPD-CIV, 2020 WL 6121939 (S.D. Fla. Sept. 30, 2020)

- *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959 (S.D. Ohio 2019)

- *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171 (E.D. Pa. 2020)

- *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251 (M.D. Fla. 2020)

- *W.K. v. Red Roof Inns, Inc.*, 2024 WL 2892322 (N.D. Ga. 2024)

- *Arreguin v. Sanchez*, 398 F.Supp.3d 1314 (S.D. Ga. 2019)

- *Doe v. MG Freesites, LTD*, 707 F.Supp.3d 1157 (N.D. Al. 2023)

- *Georgia CVS Pharmacy v. Carmichael,* 362 Ga. App. 59 (2023)

- O.C.G.A. § 9-11-68 (written offers to settle tort claims; liability of refusing party for attorney's fees and expenses)

- O.C.G.A. § 13-6-11 (expenses of litigation)

- O.C.G.A. § 16-5-46 (trafficking a person for labor or sexual servitude)

- O.C.G.A. § 16-5-47 (posting model notice to enable persons who are subject of human trafficking to obtain help and services)

- O.C.G.A. § 51-12-5.1 (punitive damages)

- Plaintiff anticipates she will rely on common law negligence principles and case law pertaining to negligence, damages (including punitive damages), and attorneys' fees.

- Dekalb County Municipal Ordinances, including but not limited to Chapter 18 (Nuisances), Article III (Property Maintenance), and Article VI (Hotels, Motels, Extended Stays).

- Department of Homeland Security ("DHS") published guidelines for the hospitality industry on sex trafficking red flags.

- The Tourism Child-Protection Code of Conduct, ECPAT, published guidelines for the hospitality industry on sex trafficking red flags.

- All authorities relied on by Defendant.

## **Attachment D – Defendant Northbrook's Outline of the Case**

## I.      **Brief Factual Summary of Defenses**

Defendant Northbrook Industries, Inc. ("Northbrook") owns and operates the United Inn and Suites located at 4649 Memorial Drive, Decatur, Georgia, where Plaintiff J.G. alleges she was trafficked for sex in late 2018 and early 2019.

The sole substantive claim remaining in the case is Plaintiff's claim under the "beneficiary" provision of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).

On the question of liability, Northbrook intends to demonstrate that it is not liable to Plaintiff under the TVPRA because Northbrook did not (1) knowingly benefit (2) from participating in a venture, (3) which venture violated the TVPRA as to Plaintiff; and/or that (4) Northbrook did not have actual or constructive knowledge that any such venture violated the TVPRA as to Plaintiff.  Among other things, Northbrook will contend that alleged wrongful employee conduct (e.g., acting as a "lookout") and the knowledge of any such rogue employee is not imputable to Northbrook.

As to Plaintiff's claim for damages against Northbrook, Northbrook will argue that it is entitled to seek apportionment of such damages against other actors.

Northbrook will argue that its acts or omissions were not the proximate cause of damage to Plaintiff.  Instead, Plaintiff's injury and damage were caused, in whole

or in part, by pre-existing and subsequent conditions and events unrelated to the subject matter of this case, and/or the intervening tortious or criminal conduct of persons other than Northbrook, and/or Plaintiff's own acts or omissions.

On the question of punitive damages, Northbrook contends that the TVPRA does not contemplate the recovery of punitive damages; that state law does not provide a punitive damages remedy in this federal-question case; and that, even if state law provides such a remedy, Plaintiff has not made the showing required for the imposition of punitive damages.  Moreover, any such damages are subject to a statutory cap.

On the question of attorneys' fees, Plaintiff will argue that Plaintiff has not satisfied statutory requirements for recovery of attorney's fees.


## II.    Relevant Rules, Regulations, Statutes, Ordinances and Illustrative Case Law

18 U.S.C. § 1591 (sex trafficking)

18 U.S.C. § 1595(a) (TVPRA "beneficiary" provision)

O.C.G.A. § 51-12-33 (apportionment)


TVPRA cases:

Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714 (11th Cir. 2021)

K.H. v. Riti, No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024)

<u>C.C. v. H.K. Group of Co., Inc.</u>, Civil Action File No. 1:21-cv-1345-TCB, 2022 WL 467813 (N.D. Ga. Feb. 9, 2022)

<u>A.B. v. H.K. Group of Co., Inc.</u>, Civil Action File No. 1:21-cv-1344-TCB, 2022 WL 467786 (N.D. Ga. Feb. 9, 2022)

<u>A.G. v. Northbrook Indus., Inc.</u>, No. 1:20-CV-05231, Dkt. #151  (N.D. Ga. June 14, 2024)

<u>G.W. v. Northbrook Indus., Inc.</u>, No. 1:20-CV-05232-JPB, 2024 WL 3166083 (N.D. Ga. June 14, 2024)

<u>Ricchio v. McLean</u>, 853 F.3d 553 (1st Cir. 2017).


Vicarious liability/imputation of knowledge:

<u>Carter v. Riggins</u>, 748 S.E.2d 117 (Ga. App. 2013)

<u>Burlington Indus., Inc. v. Ellerth</u>, 524 U.S. 742 (1998)

<u>Estes v. Standard Fire Ins. Co.</u>, 66 Ga. App. 775 (1942)

<u>Am. Oil Co. v. McCluskey</u>, 119 Ga. App. 475 (1969)

<u>Cadet v. Fla. Dep't of Corr.</u>, 85 F.3d 1216 (11th Cir. 2017)

<u>Roylston v. Bank of Am., N.A.</u>, 660 S.E.2d 412 (Ga. App. 2008)


Caselaw addressing general principles of proximate causation

All authorities relied on by Plaintiff

**Attachment F-1 – Plaintiff J.G.'s Witness List**

| Witness Names | Address | Call Status |
|---|---|---|
| FBI Agent Kelly Strickler | FBI Atlanta, 2635 Century Pkwy NE #400, Atlanta, GA 30345 | Will call |
| Sargeant C.D. King | Henry County Sherriff's Office, 120 Henry Pkwy, McDonough, GA 30253 | Will call |
| Ashar Islam | Contact through defense counsel | May call |
| Tahir Shareef / United Inn 30(b)(6) | Contact through defense counsel | May call |
| C.C. | Contact through Plaintiff's counsel | May call |
| G.W. | Contact through Plaintiff's counsel | May call |
| A.G. | Contact through Plaintiff's counsel | May call |
| N.S. | Contact through Plaintiff's counsel | May call |
| J.G. | Contact through Plaintiff's counsel | Will call |
| Claudette Grimes | Contact through Plaintiff's counsel | May call |
| Shameka Grimes | Contact through Plaintiff's counsel | May call |
| Keisha Grimes | Contact through Plaintiff's counsel | May call |
| Sonya Madison | House of Hope, PO Box 21283 St. Simons Is, GA 31522, 912-223-8023 | May call |
| Naeshia McDowell | Contact through Plaintiff's counsel | May call |
| Darrell Chaneyfield | Contact through Plaintiff's counsel | May call |

## Summary of Expert Witness Testimony

The following is a summary of the expected testimony of both of Plaintiff's expert witnesses:

1. <u>Naeshia McDowell</u>: Ms. McDowell will testify about the relational, emotional, and psychological dynamics involved in minor sex trafficking that are likely unfamiliar to the jury, including trauma bonding and the psychology behind common behaviors displayed by minor victims of sex trafficking while being trafficked. She will also testify about how these dynamics have manifested in the Plaintiff's specific trafficking experience, as well as other issues addressed in her expert report.

2. <u>Darrell Chaneyfield</u>: Mr. Chaneyfield will testify about security measures a reasonable hotelier should exercise in the face of known signs of prostitution and sex trafficking, especially when the signs have been known in the hotel industry for years. He will also opine regarding the Defendant's failure to take sufficient steps to address prostitution and sex trafficking occurring at

the hotel. He will address other issues identified in his previously disclosed expert report. And he may serve to rebut the testimony of defense expert Karim Vellani.

Attachment F-2
<u>J.G. v Northbrook Industries, Inc., d/b/a United Inn and Suites</u>
Case 1:20-cv-05233-SEG
Defendant's Trial Witness List

**Witnesses whom Northbrook <u>will</u> have present at trial:**

1.   Tahir Shareef.  May be contacted through counsel for Northbrook.

2.   Ashar Islam.  May be contacted through counsel for Northbrook.

**Witnesses whom Northbrook <u>may</u> have present at trial:**

3.   Corita Gram.  May be contacted through counsel for Northbrook.

4.   Keten Patel.  May be contacted through counsel for Northbrook.

5.   Rossa Mandosa.  May be contacted through counsel for Northbrook.

6.   Jassie Gram.  May be contacted through counsel for Northbrook.

7.   Sheakh Muhammad.   May be contacted through counsel for Northbrook.

8.   Sergeant Willie McClelland.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

9.   Detective Royal Weber.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

10.  C.F. Salaam.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

11.  Y.C. Baron.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

12.  B.W. O'Brien.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

13.  T.D. Meason.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

14.  H.M. Belle.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

15.  N.D. Craft.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

16.  E. Hidanovic.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

17.  A.T. Shover.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

18.  D.A. Kitchen.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

19.  E.M. Zick.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

20.  Detective McCord.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

21.  Detective E.G. Perkins.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

22.  Officer G.E. Snide.  DeKalb County Police Department, 1960 W. Exchange Place, Tucker, Georgia  30084.

**Northbrook's expert witness:**

Karim Vellani.  Threat Analysis Group.  P.O. Box 16640, Sugar Land, Texas 77496

Mr. Vellani's expected testimony will include the subject matter of his June 14, 2023 expert report and November 28, 2023 deposition, including, but not limited to:  sex-trafficking victim identification, including comparison of sex-trafficking identification in the hotel setting to other settings, such as the healthcare setting; sex trafficking as a "clandestine" crime; the efficacy of sex-trafficking "indicators" as a means to reliably identify sex-trafficking activity; crime risk analysis of United Inn; description and assessment of the security features and measures at United Inn, including opinion as to adequacy of such features and measures; rebuttal of the testimony of Plaintiff's proffered security expert Darrell Chaneyfield.

**Attachment G-1 – Plaintiff J.G.'s Exhibit List with Defendant's Objections**

| Exhibit Number | Bates Number | Description | Defendant's Objections |
|---|---|---|---|
| | NBI 002286 – 002286.0257 | Receipt # 179349 from State Court of DeKalb County to United Inn & Suites | |
| | NBI 002288 – 002288.0257 | Receipt # 179349 from State Court of DeKalb County to United Inn & Suites | |
| | NBI 002451 - 002451.0001 | Deferred sentencing order from Magistrate Court of DeKalb County (May 22, 2018) | |
| | NBI 004119 – 0041120 | United Inn Business and Occupational Tax Certificate for 2018 - 2019 | |
| | NBI 000716 | United Inn Business and Occupational Tax Certificate for 2019 | |
| | NBI 000734 | Renewal Request for Information – 2019 (DeKalb County Department of Planning & Sustainability) | |

| | | |
|---|---|---|
| | NBI 000770 | 12/11/19 email from Tahir Shareef to Ashar Islam with subject, "Jenorris Letter" | |
| | NBI 000794 | 11/19/19 email from Tahir Shareef to Ashar Islam with subject, "Rules of Conduct" | |
| | NBI 000913 | 6/20/19 email from Tahir Shareef to blicense@dekalbcountyga.gov | |
| | NBI 000914 | Renewal Request for Information – 2019 (DeKalb County Department of Planning & Sustainability) | |
| | NBI 000928 | North Brook Industries, Inc. Balance Sheet (December 31, 2018) | |
| | NBI 000942 | 1099-Miscellaneous Income | |
| | NBI 000964 | DeKalb County Code Ordinance Citation, Summons, and Accusation (Citation Number 098091) | |

2

| | | |
|---|---|---|
| | NBI 000965 | DeKalb County Code Ordinance Citation, Summons, and Accusation (Citation Number 024174) | |
| | NBI 000966 | DeKalb County Code Ordinance Citation, Summons, and Accusation (Citation Number 024180) | |
| | NBI 001229 | DeKalb County Code Ordinance Citation, Summons, and Accusation (Citation Number 098092) | |
| | NBI 001230 | DeKalb County Code Ordinance Citation, Summons, and Accusation (Citation Number 098093) | |
| | NBI 001231 | DeKalb County Code Ordinance Citation, Summons, and Accusation (Citation Number 098108) | |
| | NBI 001232 | DeKalb County Code Ordinance Citation, Summons, and Accusation (Citation Number 098106) | |
| | NBI 002371 | DeKalb County Code Ordinance Citation, Summons, and Accusation (Citation Number 024177) | |

| | | | |
|---|---|---|---|
| | NBI 002443 - 002444 | 1/31/18 email from Todd Surden to Saskia Patterson re, "Schedule meeting per your request" | |
| | NBI 002456 | 5/16/18 email from Suzanne Bold to Tahir Shareef re "Claim #G10045009" | |
| | NBI 002459 | 5/14/18 email from Tahir Shareef to Azfar Haque re "United Inn" | |
| | NBI 002494 | 5/3/18 email from Todd Surden to Tahir Shareef | |
| | NBI 002564 | 8/15/17 email from Tahir Shareef to Kelly J. Strickler re "Mailing List for FBI" | |
| | NBI 002554 - 002555 | 8/17/17 email from Tahir Shareef to Kelly J. Strickler re "Mailing List for FBI" | |
| | NBI 002560 - 002561 | Attachment to NBI 002554 - 002555 | |

| | | | |
|---|---|---|---|
| | NBI 002566 - 002567 | Business Record Certifications to U.S. District Court for Northern District of Georgia | |
| | NBI 002568 - 002572 | Attachment to NBI 002566 - 002567 | |
| | NBI 002642 – 002643 | 5/21/17 email from Ahmad Bilal to Tahir Shareef re "Please check this" and attachment to email | |
| | NBI 002657 | Newspaper article entitled, "Discover DeKalb Meets with General Managers and Owners" | |
| | NBI 002659 – 002661 | 5/12/17 email from Muktar Ali to Tahir Shareef | |
| | NBI 002682 - 002683 | 1/3/18 email from Kathy Laity to Tahir Shareef re "Hotel Motel Signed Approved Ordinance" | |
| | NBI 002684 - 002697 | DeKalb County Hotel and Motel Ordinance (attached to  NBI 002682 – 002683) | |

| | | |
|---|---|---|
| | NBI 002700 – 002708 | 10/5/17 email from Zan to Tahir Shareer re Notice to Appear in Court and attached Notice | |
| | NBI 002709 - 002710 | 1/30/18 email from United Suites to Tahir Shareef re "Reminder: Code Enforcement and Fire Marshal Meeting" | |
| | NBI 002718 | United Inn & Suites Rules and Regulations | |
| | NBI 002778 - 002780 | 2/7/17 email from Tahir Shareef to Ashar Islam re "Hope Atlanta" with attachments | |
| | NBI 002828 - 002829 | 5/17/18 email from Tahir Shareef to Suzanne Bold re "Claim #: G10045010" | |
| | NBI 002846 | Rules of Conduct, United Inn & Suites | |
| | NBI 002848 – 002849 | 11/19/19 email from Ashar Islam to info@printsigns.com re "United Inn Decatur" and attachment | |

| | NBI 002880 | Discover DeKalb Flyer | |
|---|---|---|---|
| | NBI 002886 | 4/28/17 Letter from DeKalb County Police to United Inn | |
| | NBI 003097 - 003098 | 10/29/18 email from Tim Wade to UnitedInn4649@gmail.com re "bolo J.G." | |
| | NBI 003099 | 10/29/18 email from Tim Wade to UnitedInn4649@gmail.com re "MISSING JUVENILE MAYBE AT UNITED INN HOTEL ON MEMORIAL DRIVE" | |
| | NBI 003106 - 003107 | 10/29/18 email from Tim Wade to UnitedInn4649@gmail.com re "Missing Juvenile" | |
| | NBI 003214, 3215-3229 | 11/15/17 email from Kathy Laity re "Hotel Motel Extended Stay Ordinance" and attachment | |
| | NBI 003237 - NBI 003238 | 1/10/18 email from Kathy Laity re "MEETING TODAY! DeKalb Hotel Ordinance" | |

| | NBI 003328, NBI 003329 - NBI 003342 | 12/1/17 email from Kathy Laity re "Hotel Motel Signed Approved Ordinance" with attachments | |
|---|---|---|---|
| | NBI 003424, NBI 003425 - NBI 003438 | 8/30/17 email from Kathy Laity re "DeKalb County Hotel Motel Extended Stay Ordinance" with attachments | |
| | PLAINTIFF-031325(UI&S) - PLAINTIFF-031394(UI&S) | DeKalb County Code of Ordinances (Chapter 18) | |
| | NBI 003466 - NBI 003467, NBI 003468 - NBI 003481 | 9/15/17 email from Kathy Laity to unitedinn4649@gmail.com re "URGENT / Hotel Motel Extended Stay Ordinance" | |
| | NBI 003691 | 6/8/17 email from Kathy Laity to unitedinn4649@gmail.com | |
| | NBI 003760 | 1/25/18 email from Kathy Laity re "URGENT: Code Enforcement and Fire Marshal Meeting" | |

| | NBI 003765, NBI 003766 - NBI 003774 | 11/14/17 email from Chief Sumlin to unitedinn4649@gmail.com re "Security Proposal" with attachments | |
| | NBI 003825 | 1/30/18 email from Kathy Laity re "REMINDER: Code Enforcement and Fire Marshal Meeting" | |
| | NBI 003965 | 4/3/18 email from Kishan Bhakta re "DeKalb Hoteliers Meeting – April 2, 2018" | |
| | NBI 004060 - NBI 004081 | Text messages between Tahir Shareef and Officer Webber | |
| | NBI 004103 - NBI 004104 | Text messages between Tahir Shareef and Officer Webber | |
| | NBI 004105 - NBI 004110 | | |
| | DOC000001216 | Employee list in Excel spreadsheet | |

| | | | |
|---|---|---|---|
| | NBI 002403 | Employee list from August 2018 | |
| | NBI 000624 – NBI 000709 | Employee list, W-2s, and sex trafficking materials | |
| | NBI 004133 - NBI 004148 | Photos of United Inn lobby and front office, employee list | |
| | DOC000001251 | Photo of United Inn lobby | |
| | DOC000001252 | Photo of United Inn lobby | |
| | DOC000001253 | Photo of United Inn hallway | |
| | DOC000001254 | Photo of United Inn hallway | |

| | | | |
|---|---|---|---|
| | DOC000001255 | Photo of United Inn hallway | |
| | DOC000001256 | Photo of United Inn lobby | |
| | DOC000001257 | Photo of United Inn office | |
| | NBI 004150 - NBI 004152 | APD missing persons notice | |
| | NBI 004153 | APD missing/runaway juvenile | |
| | PLAINTIFF-024465(UI&S) - PLAINTIFF- 024474 (UI&S) | Zaccheus Obie indictments | |

| | PLAINTIFF-024251(UI&S) - PLAINTIFF-024267(UI&S) | Zaccheus Obie Plea Agreement | |
|---|---|---|---|
| | PLAINTIFF-024496(UI&S) - PLAINTIFF-024510(UI&S) | Zaccheus Obie sentencing memorandum from DOJ | |
| | PLAINTIFF-024511(UI&S) - PLAINTIFF-024517(UI&S) | Zaccheus Obie Judgment in a Criminal Case | |
| | PLAINTIFF-024274(UI&S) - PLAINTIFF-024275(UI&S) | 5/30/12 DeKalb PD police report | |
| | PLAINTIFF-024272(UI&S) - PLAINTIFF-024273(UI&S) | 8/7/12 DeKalb PD police report | |
| | PLAINTIFF-024276(UI&S) - | 7/16/14 DeKalb PD police report | |

| | | |
|---|---|---|
| | PLAINTIFF-024277(UI&S) | |
| | PLAINTIFF-024278(UI&S) - PLAINTIFF-024280(UI&S) | 7/23/14 DeKalb PD police report |
| | PLAINTIFF-024281(UI&S) - PLAINTIFF-024282(UI&S) | 8/12/15 DeKalb PD police report |
| | PLAINTIFF-024283(UI&S) - PLAINTIFF-024302(UI&S) | 8/26/15 DeKalb PD police report |
| | PLAINTIFF-024303(UI&S)- PLAINTIFF-024304(UI&S) | 12/26/15 DeKalb PD police report |
| | PLAINTIFF-024305(UI&S) - PLAINTIFF-024319(UI&S) | 6/2/17 DeKalb PD police report |

| | PLAINTIFF-024320(UI&S) - PLAINTIFF-024323(UI&S) | 6/20/17 DeKalb PD police report | |
|---|---|---|---|
| | PLAINTIFF-024324(UI&S) - PLAINTIFF-024325(UI&S) | 7/21/17 DeKalb PD police report | |
| | PLAINTIFF-024326(UI&S) - PLAINTIFF-024340(UI&S) | 4/19/18 DeKalb PD police report | |
| | PLAINTIFF-024341(UI&S) - PLAINTIFF-024345(UI&S) | 3/24/19 DeKalb PD police report | |
| | PLAINTIFF-024346(UI&S) - PLAINTIFF-024349(UI&S) | 4/8/19 DeKalb PD police report | |
| | PLAINTIFF-002978(UI&S) - | 9/27/19 DeKalb PD police report | |

| | | |
|---|---|---|
| | PLAINTIFF-002985(UI&S) | |
| | PLAINTIFF-024350(UI&S) - PLAINTIFF-024355(UI&S) | 10/22/19 DeKalb PD police report | |
| | PLAINTIFF-024356(UI&S) - PLAINTIFF-024358(UI&S) | 11/27/19 DeKalb PD police report | |
| | PLAINTIFF-024359(UI&S) - PLAINTIFF-024370(UI&S) | 1/8/20 DeKalb PD police report | |
| | PLAINTIFF-024371(UI&S) - PLAINTIFF-024375(UI&S) | 2/10/20 DeKalb PD police report | |
| | PLAINTIFF-024376(UI&S) - PLAINTIFF-024381(UI&S); PLAINTIFF- | Online reviews of United Inn | |

| | | | |
|---|---|---|---|
| | 024663(UI&S);<br>PLAINTIFF-<br>024664(UI&S);<br>PLAINTIFF-<br>024665(UI&S);<br>PLAINTIFF-<br>024666(UI&S) | | |
| | PLAINTIFF-<br>024382(UI&S) -<br>PLAINTIFF-<br>024385(UI&S) | AJC article re United Inn | |
| | PLAINTIFF-<br>024667(UI&S) -<br>PLAINTIFF-<br>024669(UI&S) | Fox5 article re United Inn | |
| | PLAINTIFF-<br>024670(UI&S) -<br>PLAINTIFF-<br>024671(UI&S) | AJC article re United Inn | |

| | | |
|---|---|---|
| | PLAINTIFF-024693(UI&S) - PLAINTIFF-024696(UI&S) | 2/20/19 AJC article re United Inn | |
| | PLAINTIFF-024697(UI&S) - PLAINTIFF-024698(UI&S) | 2/20/19 PRISM article re United Inn | |
| | PLAINTIFF-024699(UI&S) - PLAINTIFF-024701(UI&S) | 9/17/19 Decaturish article re United Inn | |
| | PLAINTIFF-024685(UI&S) - PLAINTIFF-024686(UI&S) | 11Alive article re United Inn | |
| | PLAINTIFF-024386(UI&S)- PLAINTIFF-024389(UI&S) | Polaris Sex Trafficking Document | |

| | | | |
|---|---|---|---|
| | PLAINTIFF-024390(UI&S) - PLAINTIFF-024403(UI&S) | BEST: Businesses Ending Slavery and Trafficking Report | |
| | PLAINTIFF-024404(UI&S) - PLAINTIFF-024425(UI&S) | Human Trafficking Presentation from AHIA Conference | |
| | PLAINTIFF-024426(UI&S) - PLAINTIFF-024429(UI&S) | ECPAT webpage | |
| | PLAINTIFF-024770(UI&S) - PLAINTIFF-024773(UI&S) | ECPAT Child Protection Code of Conduct | |
| | PLAINTIFF-024774(UI&S) - PLAINTIFF-024777(UI&S) | ECPAT Training for Hotel Associates | |

| | | | |
|---|---|---|---|
| | PLAINTIFF-024430(UI&S) - PLAINTIFF-024437(UI&S) | AHLA webpage on trafficking | |
| | PLAINTIFF-024778(UI&S) - PLAINTIFF-024781(UI&S) | GHLA trafficking webpages (consolidated) | |
| | PLAINTIFF-024438(UI&S) - PLAINTIFF-024441(UI&S) | ECPAT webpage on training hotel staff | |
| | PLAINTIFF-024442(UI&S) - PLAINTIFF-024445(UI&S) | Georgia Department of Law Announcement on AG Sam Olens' campaign against sex trafficking | |
| | PLAINTIFF-024714(UI&S) - PLAINTIFF-024716(UI&S) | AHLEI webpage | |
| | PLAINTIFF-024717 (UI&S) - | AAHOA webpage on trafficking | |

| | | | |
|---|---|---|---|
| | PLAINTIFF-024720(UI&S) | | |
| | PLAINTIFF-024721(UI&S) - PLAINTIFF-024722(UI&S) | DHS Blue campaign webpage on trafficking | |
| | PLAINTIFF-024723(UI&S) - PLAINTIFF-024725(UI&S) | AHLA webpage on trafficking | |
| | PLAINTIFF-024726(UI&S) - PLAINTIFF-024730(UI&S) | AHLA webpage on No Room for Trafficking | |
| | PLAINTIFF-024740(UI&S) - PLAINTIFF-024747(UI&S) | AHLA webpage on No Room for Trafficking | |

| | | | |
|---|---|---|---|
| | PLAINTIFF-024748(UI&S) | AHLA webpage on training staff on training | |
| | PLAINTIFF-024749(UI&S) | AHLA webpage on human trafficking signage | |
| | PLAINTIFF-024750(UI&S) | AHLA webpage on establishing companywide policy on trafficking | |
| | PLAINTIFF-024751(UI&S) | AHLA webpage regarding coordinating with law enforcement on trafficking | |
| | PLAINTIFF-024731(UI&S) - PLAINTIFF-024738(UI&S) | AAHOA webpage on raising awareness of trafficking prevention | |
| | PLAINTIFF-024753(UI&S) - | 10/1/19 AHLA article re Governor Kemp | |

| | | | |
|---|---|---|---|
| | PLAINTIFF-024756(UI&S) | | |
| | PLAINTIFF-024757(UI&S) - PLAINTIFF-024758(UI&S) | AHLEI trafficking training materials | |
| | PLAINTIFF-024760(UI&S) - PLAINTIFF-024769(UI&S) | DHS Blue Campaign materials (consolidated) | |
| | PLAINTIFF-024787(UI&S) | National Human Trafficking hotline flyer | |
| | PLAINTIFF-024455(UI&S) - PLAINTIFF-024457(UI&S) | GSU Article re homeless youth and sex trafficking | |
| | PLAINTIFF-024458(UI&S) | Sally Yates remarks re sex trafficking | |

| | | |
|---|---|---|
| | PLAINTIFF-024459(UI&S) - PLAINTIFF-024464(UI&S) | 5/18/17 AJC Article re DeKalb County PD rescuing ST victims | |
| | PLAINTIFF-031322(UI&S) - PLAINTIFF-031324(UI&S) | DeKalb County requirements on VSS system | |
| | PLAINTIFF-031395(UI&S) - PLAINTIFF-031409(UI&S) | 11/14/17 DeKalb County Government Agenda and ordinance to amend DeKalb County Hotel Motel Code | |
| | PLAINTIFF-031412(UI&S) | Georgia Secretary of State page on Northbrook Industries, Inc. | |
| | PLAINTIFF-031413(UI&S) | DeKalb County Tax Commissioner Property Tax Information Results | |
| | PLAINTIFF-031416(UI&S), PLAINTIFF-031420(UI&S) | Aerial photos of United Inn | |

| | | | |
|---|---|---|---|
| | PLAINTIFF-031421(UI&S), PLAINTIFF-031423(UI&S) | Photos of United Inn | |
| | PLAINTIFF-031417(UI&S) - PLAINTIFF-031419(UI&S) | DeKalb County qpublic.net page on United Inn | |
| | PLAINTIFF-031546(UI&S) - PLAINTIFF-031548(UI&S) | DeKalb County clerk certification of James Dionte Ruffin case information | |
| | PLAINTIFF-031551(UI&S) - PLAINTIFF-031553(UI&S) | 6/10/20 email from DeKalb Det. Phillip Lopez | |
| | DEF 000582 - DEF 000585 | License and room reservation information for Dontavis Lamar Carr | |

| | DEF 000510 | Room reservation information for Kikia Anderson | |
| --- | --- | --- | --- |
| | PLAINTIFF-031059(UI&S) - PLAINTIFF-031063(UI&S) | DeKalb PD Tucker Precinct Letter re Operation Safeguard | |
| | NBI004149 | Video walkthrough of United Inn lobby and front office | |
| | Defendant's discovery responses (including Defendant's Initial Disclosures, Responses to 1st RPDs, Responses to 1st ROGs, Responses to 1st RFAs, Defendant's Supplement to Initial Disclosures, Response to 1st Supplemental RFAs, Response to 2nd | | |

| | Supplemental RPDs, Response to 2nd Supplemental ROGs, Response to 3rd Supplemental RPDs. | | |
|---|---|---|---|

Attachment G-2
J.G. v Northbrook Industries, Inc., d/b/a United Inn and Suites
Case 1:20-cv-05233-SEG
Defendant's Trial Exhibit List

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiff's Objections |
|---|---|---|---|---|
| 001 | 1 page | Defendant's Ex 8 to the 11.16.23 deposition of D. Chaneyfield | Location of United Inn | |
| 002 | NBI000620 | | United Inn layout | |
| 003 | 1 page | Defendant's Ex 7 to the 11.16.23 deposition of D. Chaneyfield | Aerial view of United Inn | |
| 004 | NBI000581 | | United Inn Rules of Conduct | |
| 005 | NBI002718 | | United Inn Rules and Regulations | |
| 006 | NBI000584 | | Registration form | |
| 007 | NBI004133-004146 | | Photos of interior of United Inn | |
| 008 | NBI000559-000570 | | United Inn Management Policies | |
| 009 | NBI004147-004148 | | Employee list | |
| 010 | NBI000624 | Defendant's Ex 30-II to the 05.02.23 deposition of T. Shareef | Employee list | |
| 011 | NBI000073 | | Front desk schedules | |
| 012 | NBI000621-00623 | | Housekeeping schedules | |
| 013 | NBI002403 | Defendant's Ex 24-II to the 05.02.23 deposition of T. Shareef | Payroll information – August 2018 | |

1

| 014 | NBI002338-002340 | | Payroll information – November 2018 | |
|-----|------------------|---|-----------------------------------|---|
| 015 | NBI002982 | | Tourist Accommodation Inspection Report | |
| 016 | NBI000841-000842; NBI002807-002809; NBI002810-002812; NBI002815-002817; NBI002767-002769; NBI002623-002624; NBI002422-002424; NBI002514-002515; NBI002520-002521; NBI002698-002699; NBI002679 | | Guest reviews | |
| 017 | NBI004060-004081 | Defendant's Ex 27-II to the 05.02.23 deposition of T. Shareef | Text messages with Detective Weber | |
| 018 | NBI004105-004110 | Defendant's Ex 28-II to the 05.02.23 deposition of T. Shareef | Text messages with Detective Weber | |
| 019 | NBI004103-004104 | | Text messages with Detective Weber | |
| 020 | NBI002554-002555 | Defendant's Ex 5-II to the 05.02.23 deposition of T. Shareef | Email thread with Agent Strickler | |
| 021 | NBI000325 | | Criminal trespass warning (blank) | |
| 022 | NBI004153 | | Missing/runaway juvenile bulletin (N. Williams) | |
| 023 | NBI004150-004152 | | Missing person notice (Ashanti Walker) | |

| 024 | NBI002709-002710 | Defendant's Ex 33-II to the 05.02.23 deposition of T. Shareef | Email thread re: Discover DeKalb meeting | |
| 025 | NBI002682-002683 | Defendant's Ex 31-II to the 05.02.23 deposition of T. Shareef | Email thread re: Discover DeKalb meeting | |
| 026 | NBI002684-002697 | Defendant's Ex 32-II to the 05.02.23 deposition of T. Shareef | DeKalb County ordinance | |
| 027 | NBI000625-000631 | Defendant's Ex 29-II to the 05.02.23 deposition of T. Shareef | Trafficking literature | |
| 028 | PLAINTIFF-002718-002725 (UI&S) | | 11.14.18 incident report | |
| 029 | NBI000181 | | Criminal trespass warning (Victoria Thomas) | |
| 030 | NBI000182 | | Criminal trespass warning (Chimeko G.) | |
| 031 | NBI000178 | | Criminal trespass warning (Raevyn Rustenmeyer) | |
| 032 | NBI000122 | | Criminal trespass warning (Quinton Bush) | |
| 033 | NBI003099 | Defendant's Ex 7-II to the 05.02.23 deposition of T. Shareef | Email from Investigator Wade | |
| 034 | NBI003106 | Defendant's Ex 8-II to the 05.02.23 deposition of T. Shareef | Investigator Wade | |
| 035 | NBI003107 | Defendant's Ex 9-II to the 05.02.23 deposition of T. Shareef | J.G. BOLO | |

| 036 | NBI003097-003098 | Defendant's Ex 10-II to the 05.02.23 deposition of T. Shareef | Email from Investigator Wade with J.G. BOLO | |
| 037 | 1 page | Defendant's Ex 18 to the 02.22.23 deposition of T. Shareef | Photo of J.G. | |
| 038 | PLAINTIFF-JG-000069 (UI&S) | Defendant's Ex 1 to the 02.08.23 deposition of J.G. | J.G. screenshot | |
| 039 | PLAINTIFF-JG-001716 (UI&S) | Defendant's Ex 2 to the 02.08.23 deposition of J.G. | J.G. Screenshot | |
| 040 | PLAINTIFF-JG-001718 (UI&S) | Defendant's Ex 3 to the 02.08.23 deposition of J.G. | J.G. text thread | |
| 041 | PLAINTIFF-JG-001720 (UI&S) | Defendant's Ex 4 to the 02.08.23 deposition of J.G. | J.G. photo | |
| 042 | PLAINTIFF-JG-001721 (UI&S) | Defendant's Ex 5 to the 02.08.23 deposition of J.G. | J.G. photo | |
| 043 | PLAINTIFF-JG-001722 (UI&S) | Defendant's Ex 6 to the 02.08.23 deposition of J.G. | J.G. video | |
| 044 | 86 pages | Plaintiff's Ex 1 to the 11.28.23 deposition of K. Vellani | Vellani expert report | |
| 045 | 11 pages | Plaintiff's Ex 5 to the 11.28.23 deposition of K. Vellani | Polaris Comprehensive Human Trafficking Assessment | |
| 046 | 2 pages | Defendant's Ex 3 to the 11.16.23 deposition of D. Chaneyfield | Chaneyfield engagement letter | |

4

| 047 | 35 pages | Defendant's Ex 6 to the 11.16.23 deposition of D. Chaneyfield | Chaneyfield expert report | |
| 048 | 1 page | Defendant's Ex 9 to the 11.16.23 deposition of D. Chaneyfield | IHG hotel brands | |
| 049 | 4 pages | Defendant's Ex 10 to the 11.16.23 deposition of D. Chaneyfield | IHG sex trafficking lawsuits | |
| 050 | 5 pages | Defendant's Ex 11 to the 11.16.23 deposition of D. Chaneyfield | IHG job posting | |
| 051 | 3 pages | Defendant's Ex 12 to the 11.16.23 deposition of D. Chaneyfield | GHLA training notice | |
| 052 | 9 pages | Defendant's Ex 13 to the 11.16.23 deposition of D. Chaneyfield | IAPSC Forensic Methodology | |
| 053 | 15 pages | Defendant's Ex 14 to the 11.16.23 deposition of D. Chaneyfield | IAPSC Forensic Methodology (revised) | |
| 054 | 3 pages | Defendant's Ex 2 to the 11.10.23 deposition of N. McDowell | McDowell engagement letters | |
| 055 | 4 pages | Defendant's Ex 1 to the 11.10.23 deposition of N. McDowell | McDowell resume | |
| 056 | 21 pages | Defendant's Ex 5 to the 11.10.23 deposition of N. McDowell | McDowell expert report | |
| 057 | 3 pages | Defendant's Ex 3 to the 11.10.23 deposition of N. McDowell | CSE-IT form | |

| 058 | 62 pages | Defendant's Ex 4 to the 11.10.23 deposition of N. McDowell | CSE-IT validation report | |
|-----|----------|------------------------------------------------------------|--------------------------|--|
| 059 | 4 pages | Defendant's Ex 6 to the 11.10.23 deposition of N. McDowell | CSE-IT form (J.G.) | |
| 060 | 1 page | Defendant's Ex 7 to the 11.10.23 deposition of N. McDowell | Trafficking placard | |
| 061 | | | 03.15.21 Plaintiff's Initial Disclosures | |
| 062 | | | 11.02.22 Plaintiff's Responses to Defendant's First Continuing Interrogatories | |
| 063 | | | 11.02.22 Plaintiff's Responses to Defendant's First Request for Production of Documents | |
| 064 | | | 03.16.23 Plaintiff's Responses to Defendant's Second Continuing Interrogatories | |
| 065 | | | 03.16.23 Plaintiff's Responses to Defendant's Second Request for Production of Documents | |
| 066 | NBI004149 | | Video taken by counsel at United Inn | |
| 067 | | | Photo of lobby from office (produced 9.6.23) | |
| 068 | | | Photo of lobby from office (produced 9.6.23) | |

| 069 | | | Night window and camera (produced 9.6.23) | |
| 070 | | | Night window from inside (produced 9.6.23) | |
| 071 | | | Night window from outside (produced 9.6.23) | |
| 072 | | | Office from lobby (produced 9.6.23) | |
| 073 | | | Office from lobby (produced 9.6.23) | |
| 074 | | | Police body-cam videos of 11.14.2018 incident (x6) | |
| 075 | | | Settlement agreement with Stone Mountain Inn | |
| 076 | NBI02937-002938 | | Atlanta Center for Self-Sufficiency correspondence | |
| 077 | NBI003104-003105; NBI003133-003134; NBI003357-003360 | | Salvation Army correspondence | |
| 078 | NBI002915-002918 | | St. Vincent de Paul correspondence | |
| 079 | NBI003697-003701; NBI003922-003924 | | DeKalb County DFCS correspondence | |
| 080 | NBI002933-002934; NBI003811-003812 | | United Way of Greater Atlanta correspondence | |
| 081 | NBI003195-003199 | | Atlanta Cancer Care Foundation correspondence | |
| 082 | NBI002873-002875; NBI003256-003259; NBI003546-003547; NBI003548-003551; NBI003790-003791; NBI003561-003564 | | Women's Resource Center to End Domestic Violence correspondence | |

| 083 | NBI002960-002962 | | Decatur Cooperative Ministry correspondence | |
| 084 | NBI003230-003233; NBI003813-003814 | | Decatur Presbyterian Church correspondence | |
| 085 | NBI003189-003191 | | Wheat Street Baptist Church correspondence | |
| 086 | BI002912-002914 | | Georgia Cancer Center for Excellence correspondence | |
| 087 | NBI003399-003402 | | Berea Mennonite Church correspondence | |
| 088 | NBI003345-003347; NBI003925-003928 | | Buckhead Christian Ministry correspondence | |
| 089 | NBI003003-003005; NBI003092-003094 | | American Lung Association correspondence | |