UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G.,<br><br>        Plaintiff,<br><br>    v.<br><br>NORTHBROOK INDUSTRIES, INC., d/b/a United Inn and Suites,<br><br>        Defendant. | CIVIL ACTION NO.<br><br>1:20-CV-05233-SEG |

## ORDER

On August 16, 2024, the Court granted in part and denied in part Defendant's motion for summary judgment. (Doc. 138.)  On September 16, 2024, the parties filed their proposed consolidated pretrial order.  (Doc. 141.) This case is now ready for trial.

The jury trial is set to begin on April 14, 2025, at 1:30 PM in Courtroom 2307, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA. Motions in limine are due by February 26, 2025; responses are due by March 12, 2025; and replies, if any, are due by March 19, 2025. The parties' proposed requests to charge are due by March 26, 2025.  The pretrial conference is set for April 9, 2025, at 2:00 PM in Courtroom 2307, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA.

The parties should provide the courtroom deputy clerk with four (4) copies of their respective exhibit and witness lists at the start of trial for use by the Court, court reporter, law clerk, and courtroom deputy clerk. On or before the first day of trial, each party should also provide copies of all exhibits for the Court's use during trial, preferably in a labeled notebook. The parties are referred to Local Rule 16.4(B)(19)(b), NDGa, concerning the pre-marking of exhibits. The parties must provide a courtesy copy of any documents e-filed just prior to trial or on any day during the trial.

The parties should refer to the Court's Standing Order for information about the pretrial conference, voir dire, and courtroom technology. Any training or trial runs regarding courtroom technology must be scheduled in advance of trial via the courtroom deputy clerk. Out of respect for jurors' time, the Court will not allow time for training or trial runs regarding technology at the beginning of trial. Motions seeking leave to bring technology into the courtroom must be filed no later than three (3) days before trial, to allow time for notification to the US Marshals Service.

The proposed consolidated pretrial order represents that there is "some possibility" of settlement in this matter. (Doc. 141 at 15.) Pursuant to Local Rule 16.7(B)(1), NDGa, "[a] judge may in his or her discretion refer any civil case to a non-binding ADR process, e.g. early neutral evaluation, mediation, or

nonbinding arbitration." This case is REFERRED to the next available magistrate judge for the purpose of conducting mediation. The case shall be removed from the Court's active docket while the parties engage in the mediation process.[1] Should the parties be unable to reach a settlement, the case will be restored to the Court's active docket and will proceed to trial as scheduled on April 14, 2025.

SO ORDERED this 31st day of October, 2024.

SARAH E. GERAGHTY
United States District Judge

---

[1] The Clerk is directed to ADMINISTRATIVELY CLOSE this case while the parties engage in mediation. Administrative closure of a case is a docket control device used by the Court for statistical purposes. This order does not prejudice the rights of the parties to litigation in any manner.