**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **J.G.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION FILE** |
| | ) | **No. 1:20-cv-05233-SEG** |
| **NORTHBROOK INDUSTRIES,** | ) | |
| **INC. d/b/a UNITED INN AND** | ) | |
| **SUITES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MOTION BY NORTHFIELD INSURANCE COMPANY TO
INTERVENE TO SUBMIT SPECIAL INTERROGATORIES AT TRIAL**

Northfield Insurance Company ("Northfield"), as insurer of Northbrook

Industries, Inc. d/b/a United Inn and Suites ("Northbrook"), moves to intervene in

this case to submit special interrogatories at trial. As allowed by law, intervention is

warranted under the circumstances so that factual findings can inform the

determination of coverage for damages, if any, that are awarded against Northbrook

in this action. Accordingly, Northfield's motion should be granted.

**FACTS**

Plaintiff J.G. seeks damages from Northbrook based on her allegation that she

was trafficked for sex as a minor by individuals at Northbrook's hotel. Northfield is

providing a defense to Northbrook under a reservation of rights with respect to the

terms of policy number WS348486 that was issued for the period July 13, 2018 to

July 13, 2019 ("the Policy"). In pertinent part, the Policy grants coverage for "bodily injury" under Coverage A and "personal and advertising injury" under Coverage B. Both coverages are subject to an Abuse or Molestation exclusion. Additionally, an Assault or Battery Endorsement provides sub-limited coverage for injury arising out of "assault" or "battery," though this coverage is also subject to exclusions.

In addition to providing a defense, Northfield filed a declaratory judgment action, also in this Court, styled *Northfield Insurance Company v. Northbrook Industries, Inc. and J.G.*, Civil Action No. 1:23-cv-03596-SEG (Exhibit A – "Coverage Lawsuit"). Northfield seeks a declaration as to the existence of coverage for "bodily injury" under Coverage A and for "personal and advertising injury" under Coverage B. (*Id.*, ¶¶ 31-41.) Among other things, Northfield contends that even if J.G.'s claims fall within the grants of coverage they would fall within the Abuse or Molestation exclusion or else subject to the $50,000 sublimit of the Assault or Battery endorsement.

Northbrook, joined by J.G., moved to dismiss the Coverage Lawsuit for failure to state a claim under Rule 12(b)(6). The Court granted the motion in part, finding affirmatively that Northfield owed a defense but staying the Coverage Lawsuit with respect to a duty to indemnify. (Exhibit B – Order of September 16, 2024.) In so deciding, the Court recognized that "bodily injury" under Georgia law requires there to be a physical injury to the body. (*Id.*, p. 14.) The Court then found

2

that J.G.'s allegations that she sustained "physical deterioration" and "injuries" were sufficient to fall with the grant of coverage for "bodily injury" apart from physical contact from sex trafficking. (*Id.*) The Court further found that J.G.'s claim fell within the "offense" of false imprisonment committed "on behalf of" Northbrook based on the allegation that Northbrook benefitted from the sex trafficking. (*Id.*, pp. 17-19.)

In then examining the "abuse or molestation" exclusion in Northbrook's policy, the Court stated that "the question is whether, in the absence of abuse or molestation, there would be no claim against Northbrook at all." (Exhibit B., p. 21.) Although the Court acknowledged that being forced to engage in commercial sex acts constitutes "abuse or molestation" that would be excluded from coverage, the Court found that "[i]t is at least arguable that some of [her] injuries arose not from any act of abuse or molestation in particular, but rather from other aspects of J.G.'s experience as an underage victim of trafficking." (*Id.*, pp. 22-23.) The Court similarly concluded that J.G.'s claimed injuries from false imprisonment under Coverage B were not all traceable to "abuse or molestation" to be excluded under the "personal and advertising" provisions in Northbrook's policy.

Lastly, the Court examined the "assault or battery" endorsement that defines "assault" as "any attempt or threat to inflict injury to another, including any conduct that would reasonably place another in apprehension of such injury;" and "battery"

as "any intentional, reckless or offensive physical contact with, or any use of force against, a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected." (Exhibit B, pp. 26-27.) The Court then found that J.G. did not allege claims within the "assault or battery" endorsement because "the underlying complaint does not allege that physical force was used or threatened against her." (*Id*., p. 28.) Thus, the Court found that the allegations went beyond the $50,000 sublimit for "assault or battery" claims. (*Id*., pp. 28-29.)

In finding that Northfield had a duty to defend *on the allegations*, the Court recognized that "it is possible that an insurer could have a duty to defend an insured but, at the conclusion of the underlying lawsuit, have no duty to indemnify." (Exhibit B, p. 31.) Given the Court's analysis of a duty to defend, it is possible as well that Northfield could have a duty to indemnify some, *but not all*, of the damages that could be awarded. Accordingly, for the reasons provided below, Northfield should be granted leave to intervene to submit special interrogatories at trial of this action.

## II.    ARGUMENT AND CITATIONS OF AUTHORITY

Federal Rule of Civil Procedure 24 provides two ways to intervene in an action: intervention of right and permissive intervention.  For the reasons provided Northfield is entitled to intervene so the factfinder to make specific findings that bear on the coverage issues presented in the case.

## A.    <u>Northfield May Intervene As A Matter Of Right</u>

A party has a "right" to intervene if it "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). [1]

Quite plainly, Northfield has a direct interest in the liability case as it is providing a defense under a reservation of rights and the outcome of this case will inform the extent to which, if any, Northfield owes a duty to indemnify. Northfield thus has "a direct, substantial, legally protectable interest in the proceedings" to require intervention under Rule 24(a)(2). *See Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988). Further, a general verdict awarding damages would be wholly inadequate to define Northbrook's coverage rights and to protect Northfield's interests in the pending Coverage Lawsuit.

By way of example, although the Court found that J.G.'s allegations of "physical deterioration" was to require a defense under the "bodily injury"

---

[1] Intervention motions must also be timely made. Here, Northfield did not have the bases for seeking intervention until the Court ruled on the motion to dismiss in the Coverage Lawsuit and the present lawsuit is not set for trial until April 14, 2005 with request to charge not due until March 26, 2024. (Doc. 145.) Meanwhile this case has and has been removed from the Court's active docket pending the outcome of mediation set for December 17, 2024 (in which Northfield will be participating). (Docs. 145 and 146.)

provisions, it cannot be denied that J.G. also alleges that suffered *non-physical* injuries that would <u>not</u> be within the scope of Coverage A. It is conceivable that the factfinder could determine that J.G. did not suffer physical injuries that would not be reflected in a general verdict.

Conversely, if damages are awarded for physical harm, the amount would need to be differentiated from damages attributable to non-physical harm so that the Court can determine the extent of Northfield's duty to indemnify, if any, in the Coverage Lawsuit. Likewise, although J.G. has *alleged* that Northbrook benefited from her sex trafficking such that her false imprisonment was "on" Northbrook's behalf, the factfinder might find otherwise. Even then, it is conceivable that the factfinder could determine that J.G. would not have sustained injuries at all "but for" her "abuse or molestation" for the exclusion from coverage to apply. Similarly, it is conceivable that a factfinder could determine that her injuries were all caused by an "assault" or "battery" as those terms are defined in the policy for the $50,000 sublimit to apply.

A general verdict would not answer any of these questions that are critical to resolving the remaining issue of a duty to indemnify in the Coverage Lawsuit. Therefore, the failure to differentiate among covered and non-covered damages would substantially impede the parties' interests in the pending Coverage Lawsuit. The need for special interrogatories under these circumstances is underscored by

*Allstate Insurance Company v. Austin*, 120 Ga. App. 430, 170 S.E.2d 840 (1969), where the insurer argued that a portion of the liability judgment was for damage to an automobile that was excluded from coverage. The appeals court rejected that argument, however, because the insurer had retained defense counsel but did not seek special interrogatories to determine what proportion of the verdict was allocable to property damage. *See also Duke v. Hoch*, 468 F.2d 973, 978-83 (5th Cir. 1973) (explaining that when the insurer is controlling the defense, the insurer could see to it that the verdict is allocated between covered and non-covered claims). As the Eleventh Circuit noted in *Stone v. First Union Corp.*, 371 F.3d 1305, 1309-10 (11th Cir. 2004), "the potential for a negative stare decisis effect may supply that practical disadvantage which warrants intervention of right…"

For the same reasons, Northfield's interest is not adequately represented by the existing parties. Indeed, the parties to this lawsuit—J.G. and Northbrook—are *opposing* Northfield's interests and in fact joined together in moving to dismiss the Coverage Lawsuit in its entirety. Because the final prong for intervention as of right is met as well, Northfield must be allowed to submit special interrogatories to the factfinder at trial.

## B.     Alternatively, Northfield Should Be Permitted To Intervene

Even if Northfield did not have a "right" to intervene it should be permitted to do so. Under Federal Rule of Civil Procedure 24(b), a party should be allowed to

intervene if a "claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) (quoting *Ga. v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002)). Here, there are clearly common questions of fact in both this case and the pending Coverage Lawsuit. Allowing intervention for the limited purpose of submitting the special interrogatories would neither delay the trial of this case nor unduly prejudice the parties in this case. Indeed, doing so will not affect the current litigation at all, other than asking the factfinder to make certain findings *after* it returns a verdict on the liability claims.

## III.    CONCLUSION

For the reasons set forth above, Northfield's motion should be granted.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Rachael Slimmon
Georgia Bar No. 831661
rslimmon@fmglaw.com
*Counsel for Northfield Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, I hereby certify that the foregoing has been

prepared with one of the font and point selections approved by the Court in N.D.

Ga. L.R. 5.1(C).

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Counsel for Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(833) 330-3699 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

<table>
<tr><td>David H. Bouchard<br>FINCH McCRANIE, LLP<br>229 Peachtree Street NE, Suite 2500<br>Atlanta, Georgia 30303<br><i>Counsel for J.G.</i></td><td>John Moye<br>BARNES & THORNBURG LLP<br>3340 Peachtree Road, N.E., Suite 2900<br>Atlanta, Georgia 30326-1092<br><i>Counsel for Northbrook Industries, Inc. dba United Inn and Suites</i></td></tr>
</table>

This 9th day of December, 2024.

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
*Counsel for Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)