# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **J.G.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| **NORTHBROOK INDUSTRIES,** | : | |
| **INC., D/B/A UNITED INN AND** | : | |
| **SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

## PLAINTIFF J.G.'S RESPONSE IN OPPOSITION TO NORTHFIELD INSURANCE COMPANY'S MOTION TO INTERVENE (DOC. 147)

Northfield Insurance Company's motion to add special interrogatories about insurance coverage to the verdict form in this case—which concerns United Inn's liability for Plaintiff's minor sex trafficking—would impermissibly expand Plaintiff's burden of proof and persuasion at trial. Questions about insurance coverage are for the declaratory judgment action that Northfield initiated, not the trial in this matter scheduled for April 14, 2025. Northfield does not cite authority that supports its request to short circuit the declaratory judgment action and inject insurance issues into trial in this case. *See, e.g., Woods v. Heath*, 372 Ga. App 22, 29 (2024) (insurance evidence generally barred from tort trials because it raises a "substantial likelihood of prejudicial impact"). For the reasons set forth herein, Northfield's motion should be denied.

1

## PROCEDURAL HISTORY

Plaintiff brought two claims against Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites ("**United Inn**"): a beneficiary claim under 18 U.S.C. § 1595(a) ("**TVPRA**") and a negligence claim. (Doc. 1). The Court granted Defendant's motion for summary judgment as to Plaintiff's negligence claim and denied it as to Plaintiff's TVPRA beneficiary claim. (Doc. 138). Trial is scheduled for April 14, 2025 on Plaintiff's TVPRA claim. (Doc. 145).

United Inn's insurance company, Northfield Insurance Company ("**Northfield**"), filed a complaint for declaratory judgment in a separate case regarding the terms of its insurance contract with United Inn. *Northfield Insurance Company v. North Brook Industries, Inc. D/B/A United Inn and Suites; and JG*; Civil Action No. 1:23-cv-03596-SEG (Doc. 1). In its complaint, Northfield alleges that it has no duty to defend or indemnify United Inn in this case. *Id.* Defendants in the declaratory judgment action—United Inn and J.G.— filed motions to dismiss, (*id.* at Docs. 8, 9), which the Court granted in part, (*id.* at Doc. 28). Northfield has appealed the Court's Order but has not yet filed its opening brief. (Doc. 29).

**ARGUMENT**

I. **Northfield's Motion to Intervene Seeks to Expand Plaintiff's Burden of Proof and Persuasion Beyond What the Law Requires.**

Northfield's motion to add questions about insurance coverage to the verdict form at the trial in this case should be denied because it would expand impermissibly Plaintiff's burden of proof and persuasion beyond the elements of the TVPRA beneficiary claim that Plaintiff asserts.[1]

To prevail on her beneficiary claim, Plaintiff must introduce evidence at trial that United Inn: (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA as to the Plaintiff, and (4) that the defendant had construction or actual knowledge that the undertaking or enterprise violated the TVPRA as to Plaintiff.  *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021).  At trial, the jury will be instructed that if Plaintiff proves those elements by a preponderance of the evidence, then the jury "should award to the plaintiff such sums as you believe are reasonable and just

---

[1] Northfield does not enumerate the interrogatories it proposes to add to the verdict form.  Apparently, it would expect to appear at the jury charge conference—after not participating in any other phase of the case or trial—and have standing to argue about instructions and verdict form questions regarding evidence of abuse, molestation, assault, or battery.  (Doc. 147 at 5-7).

in this case." 66.001 Tort Damages; Preliminary Instructions, Ga. Suggested Pattern Jury Instr.  Under the law, that is Plaintiff's burden at trial.

Yet Northfield, a non-party, seeks to expand Plaintiff's burden beyond the elements of a TVPRA beneficiary claim.  It says that a general verdict form "would be wholly inadequate to define Northbrook's coverage rights and to protect Northfield's interests in the pending Coverage Lawsuit." (Doc. 147 at 5).  To cure this supposed problem, Northfield suggests that the jury in this case should be asked to decide whether any damages awarded arose from "assault," "battery," "abuse," or "molestation," as those terms are used in Northfield's insurance contract with United Inn.  (Doc. 147 at 5-7).  Granting Northfield's request—and asking the jury to make fact findings about assault, battery, abuse, or molestation—would be untenable.  *First*, assault, battery, abuse, and molestation are ***not*** elements of Plaintiff's TVPRA claim, and Plaintiff has ***not*** asserted claims for assault, battery, abuse, or molestation in this case. (Doc. 1). But, if Northfield's request were granted, Plaintiff would be forced to present evidence and argument about assault, battery, abuse, and molestation, even though those terms are not part of a TVPRA beneficiary claim, and Plaintiff has not alleged them.  *Second*, the jury would likely be confused about why it must make decisions about whether there was assault, battery, abuse, or molestation after it has been instructed as to the elements of a TVPRA beneficiary claim,

which do not include reference to assault, battery, abuse, or molestation. The jury could wrongly conclude that it needs to find *both* that the elements of the TVPRA were met *and* evidence of assault, battery, abuse, or molestation to find a violation of the TVPRA, but that is not the law.

Therefore, Northfield's request to add questions to the verdict form about insurance coverage should be denied because it will impermissibly increase Plaintiff's burden beyond the elements of the alleged TVPRA claim, and it will confuse the jury. As addressed later, the parallel declaratory judgment action is the proper vehicle to address insurance coverage questions.

## II.       The Law Does Not Support Northfield's Request.

Northfield's request to intervene also should be denied because it does not meet the elements for intervention as of right or for permissive intervention.

### a.   Northfield is Not Entitled to Intervene as of Right under Rule 24(a)(2).

Under Rule 24(a)(2), Northfield is not entitled to intervene as of right in this case. To do so, Northfield first must show "something more than [an] economic interest" in this case. *United States v. South Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991); *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). It also must show more than a "contingent" interest. *In re Hotel TVPRA Litig.*, No. 2:22-CV-1924, 2023 WL 8230011, at *2 (S.D. Ohio Nov. 28, 2023) (citing *Cascade Nat. Gas Corp.*

*v. El Paso Nat. Gas Co.*, 386 U.S. 129, 154 (1967).)  Northfield has not shown either.  Northfield may have an economic interest that is contingent on the outcome of the trial in this case—*i.e.*, it may have a duty to indemnify its insured (United Inn) if United Inn is found liable and damages are awarded at trial.  But that interest does not give Northfield a right to intervene under Rule 24(a)(2).

Even if Northfield had more than a contingent, economic interest in this case (it does not), then it would still need to show under Rule 24(a)(2) that it "is so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest, unless existing parties adequately represent that interest."  Northfield has not met this prong because trial in this case will not "impair or impede" Northfield's interest in whether it has a duty to indemnify United Inn—which is the subject of the separate declaratory judgment action that Northfield initiated.  Indeed, trial in this matter will not resolve questions about Northfield's insurance contract with United Inn.  Northfield will retain the "ability to protect its interest" in the declaratory judgment action.

None of the cases that Northfield cites regarding intervention as of right supports its request.  *First*, Northfield suggests that *Panola* holds that the duty to indemnify is a "direct, substantial, legally protectible interest in the proceedings" that meets Rule 24(a)(2).  (Doc. 147 at 5 (citing *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988).)  *Panola* does not say that.  It

6

addresses a question not at issue here—whether a fired attorney had a legally protectible interest in their attorney's fees under the Equal Access to Justice Act. *Panola*, 844 F.2d at 1509. *Second*, Northfield cites five pages from *Duke v. Hoch*, 468 F.2d 973, 978-83 (5th Cir. 1973), which do not help its cause. (Doc. 147 at 7). In *Duke*, which concerned an appeal from a garnishment action, the Court stated that it is the right of "the insureds, represented by their own retained counsel … to make the decision whether to seek an allocated verdict." 468 F.2d at 979. Here, United Inn (the insured) has counsel at Smith Gambrell that, to date, has not sought "an allocated verdict." *Duke* does not help Northfield, the insurer.[2] *Third*, Northfield's cite to *Allstate Ins. Co. v. Austin*, 120 Ga. App. 430, 170 S.E.2d 840 (1969) is unavailing. (Doc. 147 at 7). *AllState* dealt with the failure to present evidence to support the apportionment of damages, and it does not address whether a duty to indemnify provides a right to intervene. Finally, *Stone v. First Union Corp.*, 371 F.3d 1305, 1309-10 (11th Cir. 2004), is similarly distinguishable. (Doc. 147 at 7). In that case, several former employees of the same company moved to join another former employee's lawsuit on the basis

---

[2] *Duke* cites *American Fire & Cas. Co. v. Blaine*, 183 S0.2d 605 (Fla. Ct. App. 1966) with approval for the proposition that the appropriate place for insurers to resolve coverage disputes is a declaratory judgment or subsequent garnishment action. 468 F.2d at 981 ("[T]he carrier could not litigate the issue of intentional tort while defending the insured on a negligence charge, the damages for which would be covered.")

that one district court's analysis of whether the employer's policy violated the Age Discrimination in Employment Act would have a potentially negative *stare decisis* effect on the subsequent suits. *Id.* The Eleventh Circuit agreed with the plaintiffs, but also reiterated that a "negative *stare decisis* effect does not automatically grant plaintiffs the right to intervene." *Id.* This case does not present the same issues that *Stone* did, because the trial in this case will not address the coverage issues that can be taken up in the separate declaratory judgment action that Northfield initiated.

In persuasive opinions, the Chief Judge for the U.S. District Court for the Southern District of Ohio has repeatedly denied motions to intervene filed by insurance companies in similar TVPRA cases. *See, e.g., In re Hotel Tvpra Litig.*, 2:22-CV-1924, 2023 WL 8230011, at *3 (S.D. Ohio Nov. 28, 2023); *see also T.E. v. Wyndham Hotels & Resorts, Inc.*, 2:22-CV-3185, 2024 WL 474400, at *1 (S.D. Ohio Feb. 7, 2024); *S.R. v. Wyndham Hotels & Resorts, Inc.*, 2:23-CV-1731, 2024 WL 2795784, at *1 (S.D. Ohio May 31, 2024); *T.P. v. Red Roof Inns, Inc.*, 2:21-CV-4933, 2023 WL 5723373, at *1 (S.D. Ohio Sept. 5, 2023); *A.W. v. Red Roof Inns, Inc.*, 2:21-CV-4934, 2023 WL 5029174, at *1 (S.D. Ohio Aug. 8, 2023); *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2:19-CV-00849, 2023 WL 5011303, at *1 (S.D. Ohio Aug. 7, 2023); *G.P. v. Wyndham Hotels & Resorts, Inc.*, 2:22-CV-2682, 2023 WL 5018562, at *1 (S.D. Ohio Aug. 7, 2023); *K.C. v.*

*Choice Hotels Int'l, Inc.*, 22-CV-2683, 2023 WL 2265214, at *1 (S.D. Ohio Feb. 28, 2023); *M.A. v. Wyndham Hotels &, Resorts, Inc.*, 2:19-CV-00849, 2022 WL 18003288, at *1 (S.D. Ohio Dec. 30, 2022); *A.W. v. Red Roof Inns, Inc.*, 2:21-CV-4934, 2022 WL 17585249, at *1 (S.D. Ohio Dec. 12, 2022); *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2:19-CV-00849, 2022 WL 622124, at *1 (S.D. Ohio Mar. 3, 2022); *Doe S.W. v. Lorain-Elyria Motel, Inc.*, 2:19-CV-01194, 2020 WL 11885927, at *1 (S.D. Ohio Nov. 18, 2020); *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2:19-CV-755, 2020 WL 1853216, at *1 (S.D. Ohio Apr. 13, 2020); *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2:19-CV-849, 2019 WL 6698365, at *1 (S.D. Ohio Dec. 9, 2019).

For these reasons, Northfield's argument that it has a right to intervene under Rule 24(a)(2) should be denied.

### b. Northfield is Not Entitled to Permissive Intervention under Rule 24(b).

Northfield is also not entitled to permissive intervention under Rule 24(b). To start, this matter does not raise "a question of law or fact in common" with the declaratory judgment action. Fed. R. Civ. P. 24(b)(1)(B). Here, the issue is United Inn's liability for minor sex trafficking under 18 U.S.C. § 1595(a). The declaratory judgment action concerns United Inn's insurance contract with Northfield, the terms of that contract, and whether there is coverage thereunder. Thus, the two cases do not raise "common" questions of "law or fact."

Even if there were such commonalities, permissive intervention is still not appropriate because Northfield's request would cause prejudice and undue delay in "the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). As discussed, granting Northfield's request would prejudice Plaintiff by adding to her burden of proof and persuasion at trial in this matter. Plaintiff would be forced to introduce evidence and argument about insurance coverage issues (abuse, molestation, assault, and battery) that are not elements of her TVPRA claim. *See also Woods v. Heath*, 372 Ga. App 22, 29 (2024) (insurance evidence generally barred from tort trials because it raises a "substantial likelihood of prejudicial impact"); O.C.G.A. § 24-4-411. Further, granting Northfield's request would lead to delay. If Northfield's request were granted, then Plaintiff would seek discovery on a variety of insurance coverage issues—much like Plaintiff is entitled to do in the parallel declaratory judgment action. Northfield's motion seeks to short circuit the discovery process in the declaratory judgment action that it started. As such, Northfield's suggestion that its request will "will not affect the current litigation at all" ignores the landscape. (Doc. 147 at 8).[3]

---

[3] Northfield wants the jury to make a fact finding on insurance coverage issues without being a party to this case. It doesn't want to allow United to file a cross-claim for "bad faith" in this case, which could be decided by this jury. Northfield doesn't want to waive privilege and produce documents related to the coverage dispute. It doesn't want to be involved in the case as a party would be.

Therefore, Northfield's argument that permissive intervention is appropriate here should be rejected as well.

### III.  Northfield May Defend its Rights in the Declaratory Judgment Action that it Initiated.

Lastly, as discussed, Northfield has had and will have an adequate opportunity to defend its position on its duty to defend and its duty to indemnify United Inn in the declaratory judgment case that Northfield filed: *Northfield Insurance Company v. Northbrook Industries, Inc. and J.G.*, Civil Action No. 1:23-cv-03596-SEG. (Doc. 147-1).  That case is the proper vehicle for Northfield to defend its rights, like the Fifth Circuit acknowledged in *Duke*, 468 F.2d at 981.

### CONCLUSION

In sum, Northfield's Motion to Intervene (Doc. 147) should be denied, not only because it would impermissibly expand Plaintiff's burden and confuse the jury, but also because it is contrary to the law, and the appropriate legal mechanism through which Northfield can defend its contingent, economic interest is its declaratory judgment action.

This 6th day of January, 2025.

*/s/ David H. Bouchard*
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859
Gabe Knisely
gabe@finchmccranie.com
Georgia Bar No. 367407

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone

                              */s/ Patrick J. McDonough*
                              Jonathan S. Tonge
                              jtonge@atclawfirm.com
                              Georgia Bar No. 303999
                              Patrick J. McDonough
                              pmcdonough@atclawfirm.com
                              Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone

                              *Attorneys for Plaintiff*

12

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing pleading has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted,

*/s/ David H. Bouchard*
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certify that Plaintiff, through her attorneys, has served a true and correct copy of the foregoing pleading into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 6th day of January, 2025.

*/s/ David H. Bouchard*
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859
Gabe Knisely
gabe@finchmccranie.com
Georgia Bar No. 367407

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*/s/ Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*