**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **J.G.,** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**NORTHBROOK INDUSTRIES,** )<br>**INC. d/b/a UNITED INN AND** )<br>**SUITES,** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION FILE**<br>**No. 1:20-cv-05233-SEG** |

**REPLY BRIEF IN SUPPORT OF NORTHFIELD INSURANCE COMPANY'S MOTION TO INTERVENE TO SUBMIT SPECIAL INTERROGATORIES AT TRIAL**

Northfield Insurance Company ("Northfield"), in its capacity as insurer of Northbrook Industries, Inc. d/b/a United Inn and Suites ("Northbrook"), files this reply brief to support its motion to intervene to request special interrogatories as part of the verdict in this case. (Doc. 147.)

**ARGUMENT AND CITATIONS TO AUTHORITY**

As Northfield explained it its opening brief, intervention is sought based on the rulings in the Coverage Lawsuit that this liability lawsuit alleges both covered and non-covered claims. (Doc. 147.) J.G's opposition addresses the substance of the special interrogatories as opposed to Northfield's motion which simply requests a

seat at the table to formulate questions for the jury to answer. (Doc. 152.) As explained below, Northfield has that right for both legal and practical reasons.

## A. <u>Northfield Is Entitled To Intervene As A Matter of Right</u>

J.G. raises three arguments against granting Northfield's intervention as of right under Rule 24(a)(2): (1) intervention would expand her burden of proof or persuasion, (2) Northfield has a contingent interest in this lawsuit, and (3) Northfield can adequately protect its interests in the Coverage Lawsuit. None has merit.

### 1. *Potential Expansion of J.G.'s Burden is Irrelevant under Rule 24(a)(2)*

Nothing in Rule 24(a)(2) suggests that expansion of a party's burden is a valid ground to deny intervention. Instead, the intervenor must show that "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) disposition of the action may, as a practical matter, impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the litigation." *Gumm v. Jacobs*, 817 F. App'x 847, 850 (11th Cir. 2020) (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

In its opening brief, Northfield explained its motion is timely because it is based on the Court's rulings in the Coverage Lawsuit and trial is not set until April 14, 2025 with requests to charge not due until March 26, 2025. (Doc. 147, p. 5, fn.1 (*citing* Doc. 145.)) J.G. does not address this element in its response brief, which

implicitly acknowledges that Northfield's motion is timely. Notably, "[w]hen considering intervention as of right, prejudice to the existing parties—other than the would-be intervenor's failure to act promptly—is not a factor to be considered." *Loyd v. Alabama Dept. of Corrections*, 176 F.3d 1336, 1341 (11th Cir. 1999) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977)). Therefore, the appropriate inquiry in this case is whether *Northfield* would be prejudiced by *not* being allowed to intervene.

### 2. *Northfield Has a Direct Interest in This Lawsuit*

In the Eleventh Circuit, a party has a "right" to intervene "if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." *Georgia v. U.S. Army Corps of Eng'rs.*, 302 F.3d 1242, 1249 (11th Cir. 2002). That standard was met under Georgia to require the insurer's intervention in the liability case where there were coverage issues to resolve. *See Briggs & Stratton Corp. v. Concrete Sales & Services, Inc.*, 166 F.R.D. 43 (M.D. Ga. 1996). As in the present case, the insurer in *Briggs & Stratton* had filed a coverage action while the liability case was ongoing. The court in the coverage case granted summary judgment *in part* to the insurer, finding (as here) that questions of fact needed to be resolved to determine the remaining coverage issues. *Id.* at 45. Because the court in the coverage case found the defense duty was ongoing, the insurer was found to have a "direct interest" in the liability case to intervene as a matter of right. *Id.* at 46.

3

The Fifth Circuit applies this same analysis in *Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006), where the insurer (Allstate) defended the insured under a reservation of rights based on Fifth Circuit case law that had interpreted Texas law as holding "that the term 'occurrence' in an insurance policy did not cover the insured's negligence, when that negligence was premised on the intentional conduct of the insured's servant." *Id*. at 443-44. While the defense was ongoing, however, the Texas Supreme Court determined that the "occurrence" term *was* met under those circumstances, resulting in Allstate "accepting coverage for any negligent conduct while denying coverage for any intentional conduct." *Id*. at 444. The *Ross* court found Allstate had a right to intervene because the dispute over coverage for part of the lawsuit meant that it "had a direct interest in the liability lawsuit." *Id. Cf. Travelers Indemnity Company v. Burnette Construction & Development, Inc.*, 2020 WL 13441634, at *2 (M.D. Ga. Jan. 29, 2020) (finding the insurer did not have a "right" to intervene where the insurer was not defending under a "complete" reservation of rights but granting permission to intervene based on "common issues of law or fact with the main action.")

Northfield is in the same position as the insurers in both *Briggs & Stratton* and *Ross*, as its motion to intervene is premised on the finding in the Coverage Lawsuit that some of J.G.'s allegations would be covered. (Doc. 147-2, pp. 21, 24, 26, 29.) As in *Briggs & Stratton*, the coverage court ruled that some of the claims

4

were covered, and in *Ross* intervening precedent had the same effect. In both situations, the outcome of the coverage ruling depends on facts to be determined in the liability case. Northfield therefore has a direct interest in that proceeding for it to intervene as a matter of right.

### 3. *Northfield's Interests Will Be Impeded Absent Intervention*

J.G.'s contention that Northfield's interest in requesting special interrogatories at trial in this case would be adequately protected in the Coverage Lawsuit is devoid of legal substance as the cases she relies on are unpublished and distinguishable.[1] Moreover, her argument that Northfield's interests would be protected lack practical common sense.

Based on the ruling in the Coverage Lawsuit, the extent of Northfield's duty to indemnify will depend on facts found to support liability in this case. By way of example only, under the coverage ruling, the extent to which the Abuse or Molestation Exclusion applies depends on whether her physical injuries may have resulted "from other aspects of J.G.'s experience as an underage victim of

---

[1] (*See* Doc. 152, pp. 8-9.) The insurer in one of the cited cases purported to request intervention to propound jury interrogatories, but that insurer's intervention motion requested permission to file a declaratory judgment complaint on the duty to defend and did not address jury interrogatories at all. *Doe S.W. v. Lorain-Elyria Motel, Inc.*, 2:19-CV-01194, 2020 WL 11885927, at *3 (S.D. Ohio Nov. 18, 2020). The court noted that intervention was routinely denied when proposed intervenors seek to add new declaratory judgment claims unrelated to the underlying action. *Id.* at *4. Indeed, the court indicated that intervening for the limited purpose of submitting jury interrogatories may be valid if the motion were timely. *Id.* at *3.

trafficking." (Doc. 147-2, pp. 22-23.) The opportunity to make these distinctions will be lost without special interrogatories being requested of the jury. A general verdict without differentiations along the lines of the rulings in the Coverage Lawsuit would make those divisions difficult if not impossible to be made in the indemnity portion of the Coverage Lawsuit. For practical purposes if not legal ones as well, therefore, Northfield's interests would be impeded without being granted intervention to request special interrogatories for the jury.

### 4. *Northfield's Interests are not Adequately Represented by the Parties*

Lastly, Northfield's interest in intervening to request special interrogatories is not adequately represented by the existing parties. J.G., by opposing Northfield's motion, is plainly adverse and defense counsel's obligations as counsel retained by Northfield under a reservation of rights would be compromised by being drawn into the dispute over coverage matters. So viewed, it is plain that Northfield's interests as outlined above are not adequately protected absent intervention being granted.

### B. **Alternatively, Northfield Should Be Permitted To Intervene**

Under Rule 24(b)(1), a party may intervene if it "has a claim or defense that shares with the main action a common question of law or fact." Contrary to J.G.'s argument, there are clearly common questions of fact in this case and the pending Coverage Lawsuit because the court in the Coverage Lawsuit has ruled that some components—but not all-of J.G.'s claims in this lawsuit are covered.

Allowing Northfield the limited intervention it seeks would not require J.G. to make any showing beyond the elements of her claims if Northfield were permitted to intervene, as Northfield would propose that the jury answer proposed special interrogatories until after it returned a verdict on the liability claims. Nor would there be any discovery on coverage issues as J.G. knows the bases for the liability she asserts in this case. As recognized in the *Burnette* case in the reasoning below, allowing the insurer to intervene to request special interrogatories may actually assist the insured in obtaining coverage, and steps can be taken to prevent prejudice to the parties in this case:

> [A] record that shows the claims and damages awarded to Plaintiff would likely help Burnette enforce its rights under the policy by clearly identifying which portion of the award the policy covers. See Thomas v. Henderson, 297 F. Supp. 2d [1311,] 1325 n.15 (S.D. Ala. 2003)] … [A]ll parties will have an opportunity to object to the proposed interrogatories and special verdict form. *See Thomas*, 297 F. Supp. 2d at 1326. Finally, procedural safe-guards can minimize any potential conflict of interest between Southern-Owners and Burnette. *See id.* at 1327. For example, the Court may conceal Southern-Owners' intervention and policy from the jury because it finds "no conceivable reason for the jury to be appraised that [Southern-Owners rather than Burnette] was the animating force behind any particular special verdict form or interrogatories that they might receive." (*See* Doc. 17 at 11); *Thomas*, 297 F. Supp. 2d at 1325. Accordingly, the Court permits Southern-Owners to intervene.

The identical logic applies to the case at bar. Thus, if the Court determines that Northfield cannot intervene as of right under Rule 24(a) it should be permitted to intervene under Rule 24(b).

## CONCLUSION

For all the foregoing reasons, both legal and practical, Northfield's motion to intervene should be granted.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Rachael Slimmon
Georgia Bar No. 831661
rslimmon@fmglaw.com
*Counsel for Northfield Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## **CERTIFICATE OF COMPLIANCE**

As required by Local Rule 7.1D, I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C).

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Counsel for Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(833) 330-3699 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following parties who have appeared in this action.

This 3rd day of February, 2025.

                                                */s/ Philip W. Savrin*
                                                Philip W. Savrin
                                                Georgia Bar No. 627836
                                                psavrin@fmglaw.com
                                                *Counsel for Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)