IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | No. 1:20-cv-05233-SEG |
| | ) | |
| NORTHBROOK INDUSTRIES, INC., | ) | |
| d/b/a UNITED INN AND SUITES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S CONSOLIDATED MOTIONS *IN LIMINE* AND
MEMORANDA OF LAW IN SUPPORT**

# TABLE OF MOTIONS *IN LIMINE*

| **Motion #** | **Subject Matter** | **Page #** |
|---|---|---|
| 1. | Evidence of Northbrook's county code enforcement citations | 3 |
| 2. | Evidence concerning the trafficking of A.G. and G.W. and investigation and conviction of their trafficker | 6 |
| 3. | Evidence of other crimes or incidents at United Inn | 9 |
| 4. | Evidence postdating Plaintiff's last alleged trafficking at United Inn | 13 |
| 5. | Description or characterization of United Inn as a "high-crime" property or being in a "high-crime" area | 15 |
| 6. | Guest reviews of United Inn | 17 |
| 7. | Evidence of Northbrook's financial condition | 20 |
| 8. | Evidence regarding Plaintiff's medical or psychological conditions resulting from alleged trafficking at United Inn | 22 |
| 9. | Evidence or argument suggesting a specific amount of damages to be awarded | 23 |
| 10. | Sanctions award against Northbrook | 24 |
| 11. | "Reptile" statements or arguments | 25 |

COMES NOW Defendant Northbrook Industries, Inc., d/b/a United Inn & Suites ("Northbrook"), and, as contemplated in the Court's Order of October 31, 2024 [Dkt. #145], hereby files this set of consolidated motions *in limine* in advance of the trial of this action.

## Case Overview

This is a hotel sex-trafficking case. The plaintiff, proceeding under the initials "J.G." to protect her identity ("J.G." or "Plaintiff"), alleges that while a minor she was trafficked for sex at United Inn and Suites ("United Inn"), an independent hotel owned and operated by Northbrook, for five weeks in October and November 2018 and for two to three days in January of 2019.

The sole substantive claim remaining in the case is Plaintiff's claim under the "beneficiary" provision of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). To prevail on this claim, Plaintiff must prove by a preponderance of the evidence that Northbrook (1) knowingly benefited (2) from participating in a venture, (3) which venture violated the TVPRA as to Plaintiff; and (4) that Northbrook had actual or constructive knowledge that such venture violated the TVPRA as to Plaintiff. See Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021).

Importantly for purposes of several of the following motions, the Court previously dismissed Plaintiff's negligence/premises liability claim, finding that Plaintiff had failed to demonstrate that she was an invitee as to Northbrook. [Dkt. #138]  As will be discussed further herein, much of the evidence that might arguably have been relevant to a premises liability claim is <u>not</u> relevant to Plaintiff's TVPRA claim and thus should be excluded from the trial of this case, which can be done in wholesale fashion by way of an order on Northbrook's motions *in limine*.

## Legal Standard

The purpose of a motion in limine[1] is "to streamline the trial process by making advance rulings on evidentiary issues definitely set for trial to avoid interrupting the trial with lengthy argument."  <u>U.S. v. Williams</u>, Civil Action File No. 1:07-CR-0239-BBM, 2008 WL 11377742, at *2 (N.D. Ga. Aug. 28, 2008).  "The court has discretion to grant a motion in limine to exclude arguments and evidence in advance of trial."  <u>Id.</u>  Among other things, "a court may exclude evidence on a motion in limine where it would be overly prejudicial or confusing to the jury."  <u>Id.</u> (citing <u>U.S. v. Shelley</u>, 405 F.3d 1195, 1201 (11th Cir. 2005) ("It

---

[1] *in limine*:  on or at the threshold.  Black's Law Dictionary (5th ed. 1979).

is the province of the trial judge to weigh any materiality against any prejudice and, unless the judge's reading is 'off the scale,' his discretion is not abused.")).

Northbrook has raised in these motions those issues that implicate a relatively wide swath of potential evidence.  Northbrook reserves its objections to other admissibility issues not raised herein.

Northbrook also notes that some evidence may fall within the scope of more than one motion *in limine*, although it may not be specifically referenced in each applicable motion.

## **MOTIONS *IN LIMINE***

**Motion *in Limine* No. 1:  Evidence of Northbrook's county code enforcement citations**

Northbrook moves for an order excluding from the trial of this case testamentary and documentary evidence pertaining to Northbrook's receipt in 2017 of 447 DeKalb County code citations and payment in 2018 of $60,345 in fines resulting from the citations.

In 2017, Northbrook received citations for various DeKalb County health and building code violations.  The nature of the citations included such things as rubbish accumulation, bathroom plumbing issues and interior structural problems.

See, e.g., Exhibits 1-3 hereto.[2]  Northbrook was fined a total of $60,345.  By June

of 2018 – well before Plaintiff claims she was ever at the property – Northbrook

had remediated the problems and paid the fines.  See, e.g., Exhibits 4 and 5 hereto.

Plaintiff will seek to introduce at trial evidence of the citations, fines and

related court proceedings, and media coverage thereof, see, e.g., Exhibit 6 hereto.

Northbrook seeks an order excluding such evidence, for the following reasons.

First, the code violations and fines and related materials are not relevant to

the issues in this case.  "To be admissible, evidence must be relevant, and

resolution of the relevancy question lies firmly within the discretion of the trial

judge."  Pesaplastic, C.A. v. Cincinnati Milacron Co., 750 F.2d 1516, 1524 (11th

Cir. 1985).  Evidence is relevant only if (a) it has any tendency to make a fact more

or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action.  Fed. R. Evid. 401.

Here, the subject citations relate to violations of county health and building

codes.  None of the violations has anything to do with Plaintiff's sex trafficking at

United Inn.  The violations predate, and were remediated by hotel management

prior to, Plaintiff ever being on-site at United Inn.

---

[2] Exhibits attached to this consolidated submission are selected from Plaintiff's
proposed trial exhibit list and are offered as exemplars only.  Northbrook is not
suggesting that the attached exhibits are the only evidence that would be subject to
the Court's specific ruling on each admissibility issue raised herein.

Second, even if the code citations were relevant, the evidence of such would be excludable pursuant to Federal Rule of Evidence 403. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more or the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" in this context means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules.

Here, a jury is likely to have a negative emotional reaction to the fact that in 2017, Northbrook incurred a large number of health and building code violations. Such a reaction would unfairly prejudice Northbrook in the minds of the jurors as they consider the wholly unrelated issues around Plaintiff's alleged sex trafficking at United Inn. Such prejudice far outweighs any marginal relevance of the evidence. Accordingly, the evidence should be excluded.

Similarly, evidence of the 2017 ordinance violations and fines should be excluded as inadmissible character evidence. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Further, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's

character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Here, Plaintiff will attempt to use the fact of the 2017 citations and fines to suggest to the jury that United Inn is just a "bad" place, and that if hotel ownership and management allowed multiple violations of county health and building code ordinances to persist at the property, they likely allowed other wrongs, such as sex trafficking. This is an impermissible use of character evidence that should not be permitted at trial.

**Motion *in Limine* No. 2:  Evidence concerning the trafficking of A.G. and G.W. and investigation and conviction of their trafficker**

Northbrook moves for an order excluding from the trial of this case testamentary and documentary evidence concerning the trafficking of A.G. and G.W. at United Inn and the related investigation and conviction of their trafficker.

As the Court will recall, the present case is one of three cases filed simultaneously in 2020 concerning sex trafficking at United Inn. The <u>A.G.</u> and <u>G.W.</u> matters involved trafficking of two girls at United Inn in 2017. <u>See generally</u> <u>A.G. v. Northbrook Indus., Inc.</u>, Civil Action File No. 1:20-cv-05231-JPB (N.D. Ga., filed Dec. 28, 2020); <u>G.W. v. Northbrook Indus., Inc.</u>, Civil Action No. 1:20-cv-05232-JPB (N.D. Ga., filed Dec. 28, 2020).

Plaintiff has included A.G. and G.W. on her proposed witness list. Also appearing on the list is FBI agent Kelly Strickler, an investigator on the A.G. and

G.W. trafficking cases. Similarly, several documents pertaining to the FBI's investigation and the subsequent indictment, conviction and sentencing of A.G. and G.W.'s trafficker, Zaccheus Obie, appear on Plaintiff's proposed exhibit list. See, e.g., Exhibits 7-9 hereto. Importantly, J.G. does not contend that Mr. Obie was her trafficker.

Evidence of A.G.'s and G.W.'s trafficking at United Inn and the investigation and any conviction related thereto is not relevant to the present case. Evidence is relevant only if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. To prevail on a "beneficiary" claim under the TVPRA, a plaintiff must prove certain elements that are specific to her and her alleged trafficker. The plaintiff must prove, inter alia, a venture that violated the TVPRA as to that plaintiff, and that the defendant knew or should have known of the violation of TVPRA as to that plaintiff. Doe #1, 21 F.4th at 726.

In the instant case, J.G. is the plaintiff, and Mr. Obie was not J.G.'s trafficker. The trafficking of A.G. and G.W. at United Inn by Mr. Obie is irrelevant. It is wholly unrelated to, and tells us nothing at all about, a different victim (J.G.) allegedly being trafficked by other perpetrators.

In this way, introduction of evidence of A.G.'s and G.W.'s trafficking at United Inn, even if somehow marginally relevant, should be excluded as having a high propensity to confuse the issues and mislead the jury. See Fed. R. Evid. 403 (allowing even relevant evidence to be excluded if its probative value is substantially outweighed by a danger of, inter alia, unfair prejudice, confusing the issues or misleading the jury). Evidence of A.G.'s and G.W.'s trafficking at United Inn, and Mr. Obie's criminal conviction resulting therefrom, could mislead or confuse the jury into improperly concluding on that basis alone that J.G. must also have been trafficked at United Inn.

Finally, it would be especially misleading to the jury to allow the introduction of evidence of A.G. and G.W. being sex trafficked at United Inn when Judge Boulee dismissed both of their cases on summary judgment in June of 2024, finding, inter alia, that A.G. and G.W. had failed to show that Northbrook participated in a venture with their traffickers and thus Northbrook was not liable, as a matter of law, under the TVPRA. See A.G., Dkt. #151; G.W. v. Northbrook Indus., Inc., 739 F. Supp. 3d 1243, 1252 (N.D. Ga. 2024).

**Motion *in Limine* No. 3:  Evidence of other crimes or incidents at United Inn**

Northbrook moves for an order excluding from the trial of this case testamentary and documentary evidence of crimes or incidents at United Inn other than those involving Plaintiff.[3]  The documents that Plaintiff has identified as potential trial exhibits that fit into this category consist primarily of DeKalb County Police Department reports.  Some of the reports date as far back as 2012 – more than six years prior to the incidents at issue in this case.  See, e.g., Exhibit 10 hereto (police report of May 2012 harassing phone calls at United Inn).  Others postdate the time that Plaintiff contends she was trafficked at United Inn.  See, e.g., Exhibit 11 hereto (police report of March 2019 automobile theft at United Inn). The incidents described in the reports include everything from harassing phone calls, and theft of an automobile, to assault, and locating a person wanted for murder.  There are also reports pertaining to prostitution, including four that predate Plaintiff's trafficking at United Inn – three from as long ago as 2014 and 2015.  See Exhibits 12-14 hereto.  Other similar exhibits listed by Plaintiff include newspaper coverage of crimes or incidents unrelated to Plaintiff's trafficking.  See, e.g., Exhibit 15 hereto (April 20, 2018 *Atlanta Journal-Constitution* article entitled

---

[3] Such an order would not result in the exclusion of, for example, evidence relating to the trafficking of J.G., or to the November 14, 2018 arrest of J.G.'s trafficker for armed robbery committed at United Inn while J.G. was on-site.

"Police seek person of interest in beating death at DeKalb motel"). Such materials should be excluded from the trial of the case.

First, information concerning other crimes or incidents at United Inn is not relevant. Evidence is relevant only if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Here, the fact that other crimes have been reported at United Inn – crimes having nothing whatsoever to do with Plaintiff – does not make it more or less likely that Northbrook participated in a venture with J.G.'s traffickers, or that Northbrook knew or should have known that J.G. was a minor who was being sex trafficked at United Inn. This is especially true where the information pertains to incidents that occurred as long ago as six years prior to J.G.'s arrival at the property, or to incidents that occurred after she was gone.

The same holds true even as to evidence of acts of prostitution occurring at United Inn. As Judge Ray noted in Doe 1 v. Red Roof Inns, Inc., No. 1:19-cv-03840-WMR, 2020 WL 1872335 (N.D. Ga. Apr. 13, 2020), the TVPRA "does not address commercial sex activity generally." 2020 WL 1872335, at *3. Instead, the TVPRA provides a civil claim only for sex trafficking – that is, commercial sex activity involving a minor, or commercial sex activity involving force, fraud or coercion. 18 U.S.C. § 1591(a). As a result, several courts have dismissed TVPRA

claims on grounds that evidence of prostitution at a property was not sufficient to plausibly allege that the proprietor knew or should have known of sex trafficking on its premises.  See, e.g., Doe v. 42 Hotel Raleigh, LLC, 717 F. Supp. 3d 464, 470 (E.D.N.C. 2024) (noting that courts "have generally rejected arguments" that allegations "consistent with prostitution" equally impart constructive knowledge of sex trafficking to a hotel); J.B. v. G6 Hosp., LLC, Case No. 19-cv-07848-HSG, 2020 WL 4901196, at *11 (N.D. Cal. Aug. 20, 2020) (granting motel's motion to dismiss TVPRA claim, distinguishing between evidence of prostitution and evidence supporting constructive knowledge of sex trafficking); A.B. v. Wyndham Hotels & Resorts, Inc., 532 F. Supp. 3d 1018, 1027-28 (D. Ore. March 31, 2021) (rejecting use of reviews suggesting that prostitution was happening at hotels to state a TVPRA claim because, inter alia, reviews did not reference sex trafficking).

Instead, evidence of other crimes or incidents constitutes inadmissible character evidence.  "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."  Fed. R. Evid. 404(a).  Further, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b).

Here, Plaintiff will attempt to use police reports and other information about other crimes at United Inn to portray United Inn as a "seedy" hotel; to demonstrate that "bad" things happen at United Inn; and to ask the jury to conclude therefrom that Northbrook must be liable under the TVPRA for Plaintiff's sex trafficking. That is improper use of character evidence.

Similarly, the proffered evidence, even if marginally relevant, should also be excluded under Federal Rule of Evidence 403. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more or the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence of other crimes at the property is unfairly prejudicial, and carries great risk of confusing the issues and misleading the jury. Simply put, the jury could be swayed, unfairly, to view Northbrook unfavorably in its defense of Plaintiff's claim simply because other, unrelated crimes have occurred at United Inn over the years.

Evidence of other crimes on the property might be relevant in other contexts – for example, in a premises liability claim, where foreseeability is a component of the claim. See, e.g., Georgia CVS Pharmacy, LLC v. Carmichael, 316 Ga. 718, 721, 890 S.E.2d 209, 219 (2023) ("We hold that the reasonable foreseeability of third-party criminal conduct is properly considered as part of a proprietor's duty to

exercise ordinary care in keeping the premises and approaches safe under OCGA § 51-3-1 . . . .").  In such cases, "[t]he facts establishing foreseeability in a particular case may vary, but evidence of substantially similar prior criminal activity is typically central to the inquiry."  316 Ga. at 727, 890 S.E.2d at 223.  However, while J.G. initially brought a premises liability claim against Northbrook, this Court dismissed the premises liability claim on summary judgment.  [Dkt. #138]  Thus, while the listing of past crimes and incidents in an attempt to prove foreseeability is a familiar strategy in premises liability cases, it has no place in the trial of this matter, which now involves strictly a claim under the TVPRA.

**Motion *in Limine* No. 4:    Evidence postdating Plaintiff's last alleged trafficking at United Inn**

Northbrook moves for an order excluding from the trial of this case testamentary and documentary evidence postdating January 2019 – the last time period during which J.G. alleges she was trafficked at United Inn.

Plaintiff's proposed exhibit list includes a wide variety of materials that postdate January 2019, including police reports of incidents at United Inn, see, e.g., Exhibit 16 hereto; media coverage/blog posts concerning United Inn, see, e.g., Exhibit 17 hereto; sex-trafficking prevention materials, see, e.g., Exhibit 18 hereto; and a DeKalb County Police memorandum reporting on crime statistics through February 24, 2020, see Exhibit 19 hereto.

Evidence postdating January 2019 or pertaining to post-January 2019 events should be excluded from trial as irrelevant. Evidence is relevant only if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

The aforementioned evidence is irrelevant because it was all generated after January 2019 – *after* Plaintiff was allegedly trafficked at United Inn – and thus does not make more or less probable any fact of consequence in determining the action. By way of example, the fact that the United Inn was the site of a domestic battery incident in September of 2019, see Exhibit 16 hereto, tells us nothing about whether Northbrook engaged in a venture with Plaintiff's traffickers, or knew or should have known that J.G. was a minor who was being trafficked there in late 2018 and early 2019.

Second, evidence of post-January 2019 events should also be excluded under Federal Rule of Evidence 403. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more or the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Even if marginally relevant, the aforementioned documents pose a real danger of misleading the jury. For example, Plaintiff's proposed exhibit list includes several

14

items dating from post-January 2019 relating to trafficking prevention.  See, e.g., Exhibit 18 hereto (American Hotel and Lodging Association ("AHLA") June 26, 2019 press release announcing launch of new national "No Room for Trafficking" campaign to unite hotel industry in combatting sex trafficking); Exhibit 20 hereto (AHLA October 1, 2019 press release announcing involvement of Georgia governor and others in human trafficking prevention training session).  The introduction of such materials at trial would mislead the jury into believing that anti-trafficking programs and other resources must have been of the same type, and equally available, prior to the time that J.G. allegedly was trafficked at United Inn in late 2018 and early 2019.  As the documents demonstrate, that is not true and thus is misleading.

**Motion *in Limine* No. 5:  Description or characterization of United Inn as a "high-crime" property or being in a "high-crime" area**

Northbrook moves for an order excluding from the trial of this case testamentary and documentary evidence, or argument, comprising a description or characterization of United Inn as a "high-crime" property or location, or as being located in a "high-crime" neighborhood or area.  For example, Exhibit 19 hereto, included in Plaintiff's proposed trial exhibit list, is a police memorandum

describing United Inn as among "locations [that] have the highest crime rate without our business community."[4]

First, it is irrelevant whether United Inn can be fairly characterized as a "high crime" location or located in a "high crime" area. Evidence is relevant only if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

Here, the relevant crime is the sex trafficking of Plaintiff at United Inn. That the hotel property or surrounding area have been described by some as "high crime" does not make it more or less likely that Northbrook was involved in a venture with J.G.'s traffickers, or that Northbrook knew or should have known that J.G. was a minor who was being sex trafficked at the property. As discussed previously in the context of Motion *in Limine* No. 3 (evidence of other crimes and incidents at United Inn), supra at 12-13, the prevalence of prior criminal activity on or around the hotel might be relevant if this were a premises liability case and the foreseeability of criminal activity on-site were at issue. But given the dismissal of the negligence claim on summary judgment, this is no longer a premises liability case and such evidence is thus irrelevant.

---

[4] This document is also the subject of Northbrook's Motion *in Limine* No. 4, which addresses the exclusion of evidence postdating the time of Plaintiff's alleged trafficking at United Inn.

Characterizations of United Inn or the area where it is located as "high crime" should also be excluded under Federal Rule of Evidence 403. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more or the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, the jury could be misled, or the issues confused, by a characterization of United Inn or the surrounding area as "high crime." As with the improper introduction of other crimes or incidents at the property, a jury could improperly conclude that Plaintiff must have been trafficked at United Inn, and/or that Northbrook must have known about it, simply based on a characterization of the property or the surrounding area as "high crime."

**Motion *in Limine* No. 6: Guest reviews of United Inn**

Northbrook moves for an order excluding from the trial of this case testamentary and documentary evidence of on-line or other guest reviews of United Inn.

Plaintiff has identified as potential trial exhibits a number of on-line reviews of United Inn posted on Google, Tripadvisor and Yelp! websites. See, e.g., Exhibit 21 hereto. Some of the reviews are vague as to date (i.e., "2 years ago"); others are clearly dated subsequent to January 2019, the last time that J.G. alleges she was

trafficked at the hotel.  Many of the reviewers are identified only by first name and a last-name initial.  Plaintiff has not identified any of the reviewers as testifying witnesses.

As one would expect from exhibits offered by Plaintiff, the reviews cast United Inn in an unfavorable light.  The reviewers complain about everything from the smell of cigarettes in a guest room, and bugs, to loitering, drugs on-site, and the hotel being "a hot spot for prostitution."

The guest reviews should be excluded from trial.

First, the reviews are hearsay – out-of-court statements offered for the truth of the matter asserted – and thus are inadmissible.  Fed. R. Evid. 801.  That some of the reviews are essentially anonymous is additionally problematic, for "[u]nder the cloak of anonymity, people will make outrageous, offensive, and even nonsensical statements."  Mathew Enter., Inc. v. Chrysler Grp. LLC, Case No. 13-cv-04236-BLF, 2016 WL11432038, at *2 (N.D. Cal. Sept. 21, 2016) (granting motion *in limine* to exclude Yelp! pages and ratings as evidence of how car dealership treated customers).

Second, the reviews are not relevant.  Evidence is relevant only if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.

Here, the fact that hotel guests had various complaints about their experience at United Inn does not make it more or less probable that Northbrook participated in a venture with J.G.'s traffickers, or that Northbrook knew or should have known that J.G. was a minor being trafficked at United Inn.  None of the reviews has anything to do with Plaintiff, or with sex trafficking.  See, e.g., A.B. v. Wyndham, 532 F. Supp. 3d at 1027-28 (rejecting use of reviews suggesting that prostitution was happening at hotels to state a TVPRA claim; reviews did not reference sex trafficking, did not date from the time period of the plaintiff's claims and did not relate to plaintiff or her trafficker).

Instead, the proffered evidence constitutes inadmissible character evidence. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a).  Further, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b).

Here, Plaintiff will attempt to use unfavorable reviews of United Inn to suggest to the jury that if hotel ownership and management allowed bugs and drugs to persist at the property, they likely allowed other wrongs, such as sex trafficking.

In this way, the proffered evidence, even if marginally relevant, should also be excluded under Federal Rule of Evidence 403.  "The court may exclude relevant

evidence if its probative value is substantially outweighed by a danger of one or more or the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Evidence of complaints from hotel guests is unfairly prejudicial and carries great risk of confusing the issues and misleading the jury.  The jury could be unfairly swayed to view Northbrook unfavorably based on information in guest reviews having nothing whatsoever to do with Plaintiff or her alleged sex trafficking at United Inn.  This is especially true to the extent the guest reviews describe conditions that the jury might find "socially offensive."  See Aetna Cas. & Sur. Co. v. Gosdin, 803 F.2d 1153, 1158-59 (11th Cir. 1986) (vacating plaintiff's jury verdict in declaratory judgment action where plaintiff introduced evidence of, inter alia, defendant's pimping and drug charges unrelated to the case; court finds the charges "too inflammatory to present safely to the jury").


**Motion *in Limine* No. 7:  Evidence of Northbrook's financial condition**

Northbrook moves for an order excluding from the trial of this case testamentary and documentary evidence of Northbrook's financial condition.  By way of example, Plaintiff has included a copy of Northbrook's December 31, 2018 balance sheet in its proposed trial exhibit list.

But evidence of Northbrook's financial condition is not relevant.  Evidence is relevant only if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.

Here, Northbrook's financial condition does not make any consequential fact in the case more or less probable.  It is thus irrelevant and inadmissible.

Second, even if marginally relevant, evidence of Northbrook's financial condition should be excluded under Federal Rule of Evidence 403.  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Evidence of a corporate defendant's financial condition is often excluded as prejudicial.  See, e.g., Chesser v. Fifth Third Bank, N.A., Civil  Action No. 5:19-081-DCR, 2020 WL 3979586, at *7 (E.D. Ky. July 14, 2020) (evidence of defendant's financial condition excluded as unfairly prejudicial "because it could be used as an emotional appeal to the jury to find against a defendant who can afford to pay large damages to an individual plaintiff."); St. Cyr v. Flying J Inc., No. 3:06-cv-13-J-33TEM, 2007 WL 2696791, at *2 (M.D. Fla. Sept. 12, 2007) (granting motion in limine as to defendant's financial condition in view of "pre-existing prejudice against corporations.")

If a jury were to improperly draw conclusions from the evidence as to Northbrook's financial wherewithal to pay a judgment, that may unfairly influence the jury in its deliberations as to both liability and damages.

**Motion *in Limine* No. 8:    Evidence regarding Plaintiff's medical or psychological conditions resulting from alleged trafficking at United Inn**

Plaintiff states in the Proposed Consolidated Pretrial Order that as a result of being sex trafficked at United Inn she has suffered "physical, emotional, and psychological harm," and will seek damages to include "Plaintiff's past, present, and future physical and mental harm and pain and suffering."  Attachment C to Proposed Consolidated Pretrial Order [Dkt. #141].  However, Plaintiff has not identified any suitably credentialed, qualified expert to testify as to a diagnosis of any medical or psychological conditions of which Plaintiff complains and the purported causes thereof, as would be required by Federal Rule of Evidence 702.  Moreover, any such testimony would necessarily be based on scientific or other specialized knowledge and thus would not qualify as permissible opinion testimony by a lay witness pursuant to Federal Rule of Evidence 701.  See, e.g., Burdyn v. Borough, 3:12-CV-2236, 2017 WL 394326, at *1 (M.D. Pa. Jan. 26, 2017) (prohibiting lay witnesses from offering any lay or expert medical opinion with respect to diagnosis, treatment or cause of plaintiff's purported post-traumatic stress disorder).

Northbrook thus seeks an order precluding the admission of evidence, including testimony from Plaintiff herself, that she experiences or exhibits symptoms or signs of depression, anxiety, post-traumatic stress disorder or other similar clinical diagnoses, and/or that such conditions are caused by her alleged sex trafficking at United Inn.

**Motion *in Limine* No. 9:  Evidence or argument suggesting a specific amount of damages to be awarded**

Northbrook seeks an order precluding at trial any evidence or argument suggesting, either directly or by unit-of-time or other analogy, an amount of damages to be awarded, either in total or for a particular category or categories of damages.

During discovery, Plaintiff was presented with an interrogatory specifically asking Plaintiff to "state the amount of damages you claim in this matter, identifying each type of damage and the calculation thereof."  See Exhibit 22 hereto at 38.  In her response, Plaintiff failed to specify any dollar amounts or how any such dollar amounts would be calculated.  Accordingly, to allow Plaintiff to introduce specific dollar amounts and/or calculations of damages for the first time at trial would prejudice Northbrook.  See, e.g., Capital Inventory, Inc. v. Green, Civil Action No. 1:20-CV-3224-SEG, 2023 WL 2731897, at *1 (N.D. Ga. Jan. 9, 2023) (precluding defendant from requesting a specific dollar amount for category

of damages at trial when such information was requested, but not provided, in discovery).[5]

**Motion *in Limine* No. 10:  Sanctions award against Northbrook**

On August 16, 2024, this Court awarded attorneys' fees in response to Plaintiff's motion for sanctions as a result of Northbrook's initial failure to conduct a reasonable search for responsive documents. [Dkt. #138]  Plaintiff also requested non-monetary sanctions but the Court declined such request, finding "the requested non-monetary sanctions to be disproportionate." Id. at 49.  Nevertheless, out of an abundance of caution, Northbrook hereby moves the Court for an order prohibiting reference at trial to the sanctions award or to any of Northbrook's acts or omissions that were the subject of Plaintiff's motion for sanctions, such as the timing, manner or method of Northbrook's search for and production of documents.  Any such reference would amount to an additional, unwarranted non-monetary sanction against Northbrook, including because Northbrook has already been sanctioned by the Court with an attorneys' fee award to Plaintiff.

---

[5] Moreover, a plaintiff's trial strategy of suggesting a damages number to a jury, known as "anchoring," is prejudicial because it "anchors" the jury to a suggested (likely inflated) number in an attempt to move the jurors to a damages number that is higher than where they would have landed on their own.  See Griffin v. Pet Sense, LLC, Case No. 4:22-cv-00014 KGB, 2024 WL 1604605, at *7 (E.D. Ark. Apr. 12, 2024) (discussing "anchoring" generally).

**Motion *in Limine* No. 11: "Reptile" statements or arguments**

In the world of trial strategy, the "Reptile" strategy refers to a plaintiff's counsel's attempts to appeal to the survival instincts of jurors by portraying a defendant's conduct as a threat to the community at large.[6]  Sex trafficking, which has received significant media attention but is still not well understood, is subject matter that is thus naturally susceptible to use of a "Reptile" strategy.  However, such a strategy is, by definition, designed to appeal to the fears and other emotions of jurors and thus violates Federal Rule of Evidence 403.  See Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules (discussing impropriety of trial circumstances that "induc[e] decision on a purely emotional basis").  Northbrook thus seeks an order prohibiting statements or arguments (including during voir dire) characterizing sex trafficking, and/or Northbrook's alleged acts or omissions, as a threat or danger to the community or public at large.

**L.R. 7.1(D) CERTIFICATION**

The undersigned counsel hereby certifies that this filing has been prepared in Times New Roman (14 point), which are font and point selections approved by the Court in L.R. 5.1(C).

---

[6] The term "Reptile" in this context is derived from a 2009 book, Reptile: Manual of the Plaintiff's Revolution, by David Ball and Don Keenan.

Respectfully submitted,


 /s/ Dana M. Richens
Dana M. Richens
Georgia Bar No. 604429
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia  30309
Telephone:  (404) 815-3659
Facsimile:  (404) 685-6959
drichens@sgrlaw.com

Attorney for Defendant
Northbrook Industries, Inc.
d/b/a United Inn and Suites

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this date served all parties with the within and foregoing **DEFENDANT'S CONSOLIDATED MOTIONS *IN LIMINE* AND MEMORANDA OF LAW IN SUPPORT** via the Court's CM/ECF electronic filing system, which will automatically provide notice of filing constituting service to all counsel of record.

This 26th day of February, 2025.


*/s/ Dana M. Richens*