# Exhibit 8

ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

NOV - 6 2018

James N. Hatten, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZACCHEUS OBIE AND<br>QUINTAVIOUS OBIE | Criminal Indictment<br><br>No. 1 18-CR-424 |

THE GRAND JURY CHARGES THAT:

### Count One

*Conspiracy to Commit Sex Trafficking of a Minor*
18 U.S.C. § 1594(c)

Beginning in or about June 2017, and continuing until in or about July 2017, in the Northern District of Georgia, the defendants, ZACCHEUS OBIE and QUINTAVIOUS OBIE, did, in and affecting interstate commerce, combine, conspire, confederate, agree, and have a tacit understanding to willfully and intentionally recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means, G.W. and A.G., both minors then under the age of 18 years, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause G.W. and A.G.. to engage in a commercial sex act, and knowing and in reckless disregard of the fact that G.W. and A.G. had not yet attained the age of 18 years and would be caused to engage in a commercial sex

PLAINTIFF-024465(UI&S)

act, as defined in Title 18, United States Code, Section 1591(e), in violation of Title 18, United States Code, Sections 1591(a), (b)(1), and (b)(2).

## Overview of the Conspiracy

As a part of the conspiracy:

1. In June 2017, Quintavious Obie met with A.G. and G.W. in Atlanta, Georgia, in the Northern District of Georgia. A.G. and G.W. wanted to dance at strip clubs, and wanted Quintavious Obie to assist them in getting jobs at the strip clubs.

2. During this meeting, Quintavious Obie learned that A.G. and G.W. were under the age of 18. Quintavious Obie told A.G. and G.W. that they could not dance for him, but that he knew someone who would "get them in the game." Quintavious Obie provided A.G. and G.W. with Zaccheus Obie's phone number.

3. In or about June 2017, G.W. and A.G. contacted Zaccheus Obie. Zaccheus Obie sent a person known to the grand jury to pick up G.W. and A.G. from their hometown and drive them down to Atlanta, Georgia to meet him.

4. Upon meeting G.W. and A.G., Zaccheus Obie caused G.W. and A.G. to engage in commercial sex acts by meeting men while walking the streets and posting advertisements for sex on Backpage.com, a classified advertisement website, for the purpose of soliciting customers to engage in commercial sex acts. The advertisement falsely stated that G.W. was 22 years of age, when in fact she was 17 years old.

8. From in or about June 2017, and continuing through in or about July 2017, Zaccheus Obie utilized hotels involved in interstate commerce in the Atlanta,

2

PLAINTIFF-024466(UI&S)

Georgia area, to cause G.W. and A.G. to engage in commercial sex acts. Zaccheus Obie kept G.W. and A.G.'s earnings.

All in violation of Title 18, United States Code, Section 1594(c).

### Count Two

Between in or about June 2017 and continuing through in or about July 2017, in the Northern District of Georgia, the defendants, ZACCHEUS OBIE and QUINTAVIOUS OBIE, aided and abetted by each other, did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, and solicit by any means G.W., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause G.W. to engage in a commercial sex act, and knowing and in reckless disregard of the fact that G.W. had not yet attained the age of 18 years and would be caused to engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(e), all in violation of Title 18, United States Code, Sections 1591(a), (b)(1), and (b)(2), and Section 2.

### Count Three

Between in or about June 2017 and continuing through in or about July 2017, in the Northern District of Georgia, the defendants, ZACCHEUS OBIE and QUINTAVIOUS OBIE, aided and abetted by each other, did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide,

3

obtain, advertise, maintain, and solicit by any means A.G, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause A.G. to engage in a commercial sex act, and knowing and in reckless disregard of the fact that A.G. had not yet attained the age of 18 years and would be caused to engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(e), all in violation of Title 18, United States Code, Sections 1591(a), (b)(1), and (b)(2), and Section 2.

## Forfeiture Provision

As a result of committing one or more of the offenses alleged in Counts One and Two, the Defendant, ZACCHEUS OBIE, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 1594(d) and (e), any and all property, real or personal, constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of said violations, and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts One and Two, including but not limited to: a sum of money representing the amount of proceeds obtained as a result of the offense(s).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;

4

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A __True__ BILL

_____
FOREPERSON

BYUNG J. PAK
  *United States Attorney*

JENNIFER KEEN
  *Assistant United States Attorney*
Georgia Bar No. 231778

STEPHANIE GABAY-SMITH
  *Assistant United States Attorney*
Georgia Bar No. 663519

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

5

PLAINTIFF-024469(UI&S)

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



FILED IN CHAMBERS open court
U.S.D.C. Atlanta
MAR 26 2019
JAMES N. HATTEN, Clerk
By: [signature]

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Indictment |
| v. | No. 1:18-CR-424-MLB-JKL |
| ZACCHEUS OBIE AND KIKIA ANDERSON | Superseding |

THE GRAND JURY CHARGES THAT:

**Count One**
*Conspiracy to Commit Sex Trafficking of a Minor*
**18 U.S.C. § 1594(c)**

Beginning in or about June 2017, and continuing until in or about July 2017, in the Northern District of Georgia, the defendants, ZACCHEUS OBIE and KIKIA ANDERSON, and persons known to the grand jury, did, in and affecting interstate commerce, willfully and intentionally combine, conspire, confederate, agree, and have a tacit understanding with one another to knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit by any means, G.W., a minor then under the age of 18 years, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause G.W. to engage in a commercial sex act, and knowing and in reckless disregard of the fact that G.W. had not yet attained the age of 18 years and would be caused to engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(e), in violation of Title 18, United States Code, Sections 1591(a), (b)(1), and (b)(2).

PLAINTIFF-024470(UI&S)

## Overview of the Conspiracy

As a part of the conspiracy:

1. In or around June 2017, A.G. and G.W. reached out to Q.O., a person known to the grand jury, because they wanted to dance at strip clubs and asked Q.O. to assist them in getting jobs at strip clubs.

2. Q.O. told A.G. and G.W. that he knew someone who could "get them in the game." Q.O. then gave A.G. and G.W. the telephone number for Defendant Zaccheus Obie.

3. In or about June 2017, G.W. and A.G. contacted Defendant Zaccheus Obie. Zaccheus Obie directed a person whose identity is known to the grand jury, N.M., to pick up G.W. and A.G. and drive them to Atlanta, Georgia, to meet Zaccheus Obie.

4. G.W. and A.G. traveled to Atlanta, Georgia and met Defendant Zaccheus Obie. He caused G.W. and A.G. to commit commercial sex acts by soliciting customers on local streets and through advertisements posted on Backpage.com, a classified advertisement website. The Backpage.com advertisement for G.W. falsely stated that G.W. was 22 years old when, in fact, she was only 17 years old, as Defendant Zaccheus Obie knew at the time the advertisement was posted.

5. From in or about June 2017, and continuing through in or about July 2017, Defendant Zaccheus Obie utilized hotels involved in interstate commerce in the Atlanta, Georgia area, to cause G.W. and A.G. to engage in commercial sex acts. Defendant Zaccheus Obie kept G.W.'s and A.G.'s earnings.

6. From in or about June 2017, and continuing through in or about July 2017, Defendant Kikia Anderson rented the hotel rooms in which G.W. engaged in

2

PLAINTIFF-024471(UI&S)

prostitution. Anderson also transported G.W. to various hotels to engage in commercial sex acts for Defendant Zaccheus Obie.

All in violation of Title 18, United States Code, Section 1594(c).

## Count Two
### *Sex Trafficking of a Minor – G.W.*
### 18 U.S.C. § 1591(a)(1)

Between in or about June 2017, and continuing through in or about July 2017, in the Northern District of Georgia, the defendants, ZACCHEUS OBIE and KIKIA ANDERSON, aided and abetted by each other, did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, maintain, and solicit by any means G.W., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause G.W. to engage in a commercial sex act, and knowing and in reckless disregard of the fact that G.W. had not yet attained the age of 18 years and would be caused to engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(e), all in violation of Title 18, United States Code, Sections 1591(a), (b)(1), and (b)(2), and Section 2.

## Count Three
### *Sex Trafficking of a Minor – A.G.*
### 18 U.S.C. § 1591(a)(1)

Between in or about June 2017, and continuing through in or about July 2017, in the Northern District of Georgia, the defendant, ZACCHEUS OBIE, did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport,

3

PLAINTIFF-024472(UI&S)

provide, obtain, maintain, and solicit by any means A.G, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause A.G. to engage in a commercial sex act, and knowing and in reckless disregard of the fact that A.G. had not yet attained the age of 18 years and would be caused to engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(e), all in violation of Title 18, United States Code, Sections 1591(a), (b)(1), and (b)(2).

### Forfeiture Provision

As a result of committing any of the offenses alleged in the Superseding Indictment, the defendants, ZACCHEUS OBIE and KIKIA ANDERSON, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 1594(d) and (e), any and all property, real or personal, constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of said violations, and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts One, Two, or Three of the Superseding Indictment, including but not limited to: a sum of money representing the amount of proceeds obtained as a result of the offense(s).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or

4

PLAINTIFF-024473(UI&S)

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A  _True_  BILL

_____
FOREPERSON

BYUNG J. PAK
*United States Attorney*

_____
JENNIFER KEEN
*Assistant United States Attorney*
Georgia Bar No. 231778

_____
STEPHANIE GABAY-SMITH
*Assistant United States Attorney*
Georgia Bar No. 663519

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

5

PLAINTIFF-024474(UI&S)