# Exhibit 22

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| vs. | : | |
| | : | NO. 1:20-cv-05233-SEG |
| NORTHBROOK INDUSTRIES, | : | |
| INC., D/B/A UNITED INN AND | : | |
| SUITES, | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S RESPONSES TO DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES' FIRST SET OF CONTINUING INTERROGATORIES TO PLAINTIFF

COMES NOW, J.G., Plaintiff in the above-styled case, by and through the undersigned counsel and serves this, Plaintiff J.G.'s Responses to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites' ("UI&S") First Set of Continuing Interrogatories to Plaintiff and responds as follows:

## RESPONSES TO INTERROGATORIES

1.      Please state all dates or ranges of dates on which you were trafficked at United Inn.

**RESPONSE:**

**Plaintiff was sex trafficked at the United Inn & Suites on or around**

**October 2018, November 2018, and January 2019.**

2.    Please state the room number(s) of the room(s) in which you were trafficked at United Inn, stating for each room the date or dates on which you were trafficked there.

**RESPONSE:**

**Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity.  For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to room reservation records, transaction receipts, surveillance footage, room cleaning records, employee schedules, incident reports, customer complaints, and more.  Further, Plaintiff is a sex trafficking victim who was trafficked as a child by multiple traffickers. As part of their control, Plaintiff's traffickers rented the rooms in which Plaintiff was trafficked.  Therefore, responsive material is in the possession, custody, or control of Plaintiff's traffickers too.**

**Subject to and without waiver of the foregoing objections, Plaintiff states that she was sex trafficked at the United Inn & Suites as a 16-year-old.**

Plaintiff's sex traffickers did not give her room records or receipts for the rooms they rented to traffic her at the United Inn & Suites. Plaintiff does not have any such documents in her possession, custody, or control. Plaintiff expects that Defendant does have (or should have) such documents in its possession, custody, or control. Plaintiff was sex trafficked in multiple rooms at the hotel by her traffickers. She believes she was sex trafficked in room 117 at United Inn & Suites by her trafficker who went by the nickname Cash. She believes she was sex trafficked in a room in the front of the hotel to the left of the green awning with the word "Office" by her trafficker who went by the nickname King. And she believes that both Cash and King trafficked her in multiple rooms in the back of the hotel.

Discovery is ongoing; Plaintiff will supplement this response as appropriate during the course of this litigation.

3.     Please identify by name or any other Identifying Characteristics, last-known address, phone number and email address, each individual who trafficked you for sex at the United Inn and each associate thereof.

**RESPONSE:**

**Plaintiff objects to this Interrogatory because it calls for information in**

the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity. For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to room reservation records, transaction receipts, surveillance footage, incident reports, and more.

Subject to and without waiver of the foregoing objections, Plaintiff states that she does not know all persons in the network of people who participated in her trafficking, who were complicit in her trafficking, and/or who aided her traffickers. Plaintiff suspects that some (and perhaps all) of her traffickers were in criminal gangs. Further, Plaintiff states that her sex traffickers at the United Inn & Suites never provided her with their "last-known address" or "email address." Plaintiff expects that Defendant collected such information in the course of renting rooms to Plaintiff's traffickers. Plaintiff's sex traffickers at the United Inn & Suites told her to call them by the following street names: Cash and King. From reviewing Dekalb County Police Department records, Plaintiff has learned her traffickers included Keiron Perry, Quinton Antwan Bush, and/or Endco Corey Forest. Plaintiff does not have the phones she and her traffickers used at the time she was at

**United Inn & Suites to communicate with sex buyers.**

**Discovery is ongoing; Plaintiff will supplement this response as appropriate during the course of this litigation.**

4.    Do you contend that any of your traffickers or their associates are the same people as, or were in any way associated with, the trafficker(s) and associate(s) that were the subject of Case No. 1:18-00424-MLB-JKL in the United States District Court for the Northern District of Georgia (U.S. v. Obie, et al.)?  If so, please state all facts supporting this contention.

**RESPONSE:**

**Plaintiff objects to this Interrogatory because it is vague and ambiguous in its use of the terms "associates" and "associated with."  Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, the traffickers and "associates" in Case No. 1:18-00424-MLB-JKL, law enforcement agencies, or some other entity.**

**Subject to and without waiver of the foregoing objections, Plaintiff states that she does not know all persons in the network of people who participated in her trafficking, who were complicit in her trafficking, and/or**

who aided her traffickers. Plaintiff suspects that some (and perhaps all) of her traffickers were in criminal gangs. Further, Plaintiff observed that trafficking and commercial sex activity were common and prevalent at United Inn & Suites. She believes that the people involved in those activities may have been "associated" with each other via gangs or otherwise. If the traffickers in Case No. 1:18-00424-MLB-JKL who also trafficked minors at United Inn & Suites were in criminal gangs, it is certainly possible that those traffickers were "associated with" the men who sex trafficked Plaintiff as a minor at United Inn & Suites. Further, Defendant itself is "associated with" both the traffickers and their "associates" in Case No. 1:18-00424-MLB-JKL <u>and</u> Plaintiff's traffickers and their "associates" in the instant case, because Defendant rented rooms to and transacted business with all of them.

Discovery is ongoing; Plaintiff will supplement this response as appropriate during the course of this litigation.

5. Please state all facts on which you base your contention that you were an invitee of Northbrook.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it calls for an

6

improper legal conclusion and/or opinion.  Further, Plaintiff objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege, subject to the work-product doctrine, and/or obtained in anticipation of litigation.  An analysis and discussion of the meaning of the governing law is beyond the scope of these interrogatory responses, which are intended to illuminate facts at issue in the litigation, not to address disputed legal issues.

Subject to and without waiver of the foregoing objections, Plaintiff states that she was a guest, visitor, and customer at the United Inn & Suites in 2018 and 2019.  She stayed in various rooms at the hotel for days, repeatedly talked to hotel staff, and repeatedly purchased goods from hotel staff (e.g., condoms, food, drinks, etc.).  Plaintiff reserves the right to conduct further discovery of Defendant's documents, records, and employees on issues pertinent to this Interrogatory.

Discovery is ongoing; Plaintiff will supplement this response as appropriate during the course of this litigation.

6.    Please identify by name, address, phone number and email address, anyone to whom you were trafficked for sex at United Inn, and the date thereof.

**RESPONSE:**

Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity. For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to room reservation records, transaction receipts, surveillance footage, incident reports, and more.

Subject to and without waiver of the foregoing objections, the dozens and dozens of adult men who purchased sex from Plaintiff (a 16-year-old) at the United Inn & Suites, and who committed multiple felonies by doing so, did not provide Plaintiff (the victim) with their "name, address, phone number and email address." Further, Plaintiff does not have the phones she and her traffickers used at the time she was at United Inn & Suites to communicate with sex buyers.

Discovery is ongoing; Plaintiff will supplement this response as appropriate during the course of this litigation.

7.    For each date or date range on or during which you were trafficked at United Inn, please state who reserved the room in which you were trafficked and the

name in which the room was reserved.

**RESPONSE:**

**Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity. For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to room reservation records, transaction receipts, surveillance footage, room cleaning records, employee schedules, incident reports, customer complaints, and more. Further, Plaintiff is a sex trafficking victim who was trafficked as a child by multiple traffickers. As part of their control, Plaintiff's traffickers rented the rooms in which Plaintiff was trafficked. Therefore, responsive material is in the possession, custody, or control of Plaintiff's traffickers too.**

**Subject to and without waiver of the foregoing objections, Plaintiff responds by incorporating in full her responses to Interrogatories 1 and 3. Further, Plaintiff states that she was trafficked at the United Inn & Suites first by King, then by Cash.**

**Discovery is ongoing; Plaintiff will supplement this response as**

appropriate during the course of this litigation.

8.    Please state all facts on which you base your contention that "Plaintiff's traffickers (and their associates) had previously rented rooms and trafficked women for sex at the United Inn," as alleged at paragraph 37 of the Complaint for Damages.

**RESPONSE:**

**Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity.  For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to room reservation records, surveillance footage, incident reports, room cleaning records, and more. Likewise, Plaintiff's traffickers should have information in their possession, custody, or control that is responsive to this Interrogatory**

**Subject to and without waiver of the foregoing objections, Plaintiff states that she does not know all persons in the network of people who participated in her trafficking, who were complicit in her trafficking, and/or who aided her traffickers.  Plaintiff suspects that some (and perhaps all) of her traffickers were in criminal gangs.  When Plaintiff was trafficked at**

**United Inn & Suites, she observed multiple other young women who were trafficked at the hotel.  Further, Plaintiff observed that her trafficker King trafficked multiple women at the hotel and knew hotel staff based on historical interactions and business dealings with them.**

**Discovery is ongoing; Plaintiff will supplement this response as appropriate during the course of this litigation.**

9.      Further with respect to your allegation that your traffickers "had previously rented rooms and trafficked women for sex at the United Inn," please identify each such trafficker, the dates on which any such previous activity occurred at United Inn, the name in which the room or rooms was reserved, and the name of the victim(s).

**RESPONSE:**

**Plaintiff incorporates in full her response to Interrogatory No. 8.**

10.     Please state all facts supporting your contention at paragraph 77 of the Complaint for Damages that "[t]he venture in which Northbrook participated was in or affecting interstate commerce."

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it is vague,**

overbroad, and calls for an improper legal conclusion and/or opinion. An analysis and discussion of the meaning of the governing law is beyond the scope of these interrogatory responses, which are intended to illuminate facts at issue in the litigation, not to address disputed legal issues. Further, Plaintiff objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege, subject to the work-product doctrine, and/or obtained in anticipation of litigation. In addition, Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity. For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to telephone records, business receipts, bills, invoices, payment records, and more.

Subject to and without waiver of the foregoing objections, Plaintiff states that hotels, like Defendant, are instrumentalities of interstate commerce, and hotels, like Defendant, sell goods, like condoms, food, and drinks, that travel in interstate commerce. *See, e.g.*, *United States v. Pipkins*, 378 F.3d 1281, 1295 (11th Cir.2004); *see also United States v. Evans*, 476 F.3d

1176, 1179 (11th Cir. 2007); *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964).   **Plaintiff bought a variety of goods from Defendant over the period she was at the United Inn & Suites, including condoms, food, and drinks.**

**Discovery is ongoing; Plaintiff will supplement this response as appropriate during the course of this litigation.  Plaintiff reserves the right to conduct further discovery of Defendant's documents, records, and employees on issues pertinent to this Interrogatory.**

11.    Please identify, by name, address, telephone number, and email address, anyone else whom you contend was trafficked at United Inn with you or at the same time as you, and identify for each such person who their trafficker was.

**RESPONSE:**

**Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity.  For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to room reservation records, surveillance footage, room cleaning records, employee schedules, and more.**

13

Subject to and without waiver of the foregoing objections, Plaintiff states that she knows several other women who were sex trafficked at the hotel and she was aware of numerous other women engaged in commercial sex at the hotel. For example, King was trafficking at least Jhordyn, the mother of King's baby, the sister of that woman, and another woman who went by the nickname Promise at United Inn & Suites. Cash was trafficking at least Jhordyn and another woman named Raevyn Rustemeyer-Broncheau at United Inn & Suites. Plaintiff was aware of other girls and women at the hotel, including one who went by the nickname Mini, engaging in commercial sex activities who may have been trafficked too.

Discovery is ongoing; Plaintiff will supplement this response as appropriate during the course of this litigation.

12. Please describe all actions that you claim Northbrook voluntarily undertook that created additional duties to provide adequate safety and security at the United Inn, as alleged at paragraph 86 of the Complaint for Damages.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the grounds that it is vague, overbroad, and calls for an improper legal conclusion and/or opinion. An

analysis and discussion of the meaning of the governing law is beyond the scope of these interrogatory responses, which are intended to illuminate facts at issue in the litigation, not to address disputed legal issues. Further, Plaintiff objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege, subject to the work-product doctrine, and/or obtained in anticipation of litigation. In addition, Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity. For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to information concerning hotel policies, hotel practices, hotel trainings, hotel security, hotel surveillance, information provided to guests, and more.

Discovery is ongoing; Plaintiff will supplement this response as appropriate during the course of this litigation. Plaintiff reserves the right to conduct further discovery of Defendant's documents, records, and employees on issues pertinent to this Interrogatory.

13.    You contend at paragraph 31 of the Complaint for Damages that you

"talked to Northbrook employees, agents, and/or representatives during [your] stays at the United Inn." For each such encounter, please state the name or other Identifying Characteristics of the person to whom you spoke, where and when the conversation occurred, and what was said in the conversation.

**RESPONSE:**

**Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity. For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to transaction receipts, room reservation records, housekeeping records, employee time sheets, surveillance footage, incident reports, and more.**

**Subject to and without waiver of the foregoing objections, Plaintiff states that during the period at issue she was regularly in common areas of the United Inn & Suites—*e.g.*, parking lots, stairwells, breezeways, hallways, the front office area, and sidewalks. Plaintiff was frequently around and observed by hotel employees working at the hotel. Plaintiff recalls interacting with various United Inn & Suites staff on a daily basis (or nearly a daily basis) during the period she was trafficked at the United Inn & Suites. She talked to front desk**

16

staff, room cleaning staff, and maintenance staff about various issues, including purchasing condoms, food, drinks and getting more towels, sheets, and so forth. Plaintiff often went to the front office with her trafficker Cash when he went to pay for another night at the hotel.

Plaintiff does not recall the names of specific hotel employees. She does recall talking to a black woman who worked at the hotel and was approximately in her 30s or 40s. Plaintiff also recalls talking to men and women who worked at the hotel and who she believes were Indian.

As discovery is ongoing, Plaintiff will supplement this response as appropriate during the course of this litigation.

14. You contend at paragraph 27 of the Complaint for Damages that Northbrook employees, agents, and/or representatives entered the room(s) in which you were sex trafficked at the United Inn. For each such occasion, please state the name or other Identifying Characteristics of the Northbrook person who entered the room, the date of such entry, the purpose for such entry, which room was entered, who was in the room at the time, and whether there was any interaction with the Northbrook person and, if so, the nature of the interaction including what was said.

**RESPONSE:**

Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity.  For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to transaction receipts, room reservation records, housekeeping records, employee time sheets, surveillance footage, incident reports, and more.

On numerous occasions, United Inn's housekeeping staff entered the rooms in which Plaintiff was sex trafficked by Cash and King.  At the time of those visits, the rooms contained drugs, guns, cash, condoms, and other paraphernalia.  Often, Plaintiff, a 16-year-old, was in the room when the housekeepers entered the rooms. Plaintiff does not remember the "name[s]" of the housekeepers who entered the rooms at the hotel but believes they were Hispanic women.  Additionally, Plaintiff recalls a black female who worked for the United Inn entering one of the rooms in which she was trafficked to interact with one of her traffickers, Cash.

15.    Please identify all ways in which you contend "Northbrook negligently

represented to invitees that the United Inn was properly maintained and that the property was safe," as alleged at paragraph 106 of the Complaint for Damages.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it is vague, overbroad, and calls for an improper legal conclusion and/or opinion. An analysis and discussion of the meaning of the governing law is beyond the scope of these interrogatory responses, which are intended to illuminate facts at issue in the litigation, not to address disputed legal issues. Further, Plaintiff objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege, subject to the work-product doctrine, and/or obtained in anticipation of litigation. In addition, Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity. For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to information concerning hotel policies, hotel practices, hotel trainings, hotel security, customer complaints, incident reports, communications with law enforcement, observations of hotel guests**

**and visitors to the property, hotel surveillance, and more.**

**Subject to and without waiver of the foregoing objections, United Inn & Suites operated for profit and transacted business during the relevant period by, among other things, renting out rooms and selling goods (e.g., condoms, food, and drinks) in exchange for money, even though criminal activity, including commercial sexual activity, was rampant and pervasive at the property.  United Inn & Suites failed to maintain the property, secure the property, address criminal activity on the property, mitigate risks on the property, warn guests of dangers on the property, among the other bases for negligence outlined in Plaintiff's Complaint that Plaintiff incorporates in response to this overbroad Interrogatory.**

**Discovery is ongoing; Plaintiff will supplement this response as appropriate during the course of this litigation.**

16.    You contend at paragraph 38 of the Complaint for Damages that "at least one of Northbrook's employees, agents, and/or representatives who worked at the front desk at the United Inn bought drugs from at least one of [your] traffickers." Please state all facts supporting this contention, including whether you ever personally observed such a transaction and, if so, the name or other Identifying

Characteristics of the Northbrook person and of the trafficker involved in each such incident.

**RESPONSE:**

**Plaintiff observed a black female who worked for the United Inn & Suites purchase drugs from Cash, one of Plaintiff's sex traffickers, in a hotel room at United Inn & Suites.**

17.    You contend at paragraph 39 of the Complaint for Damages that Northbrook employees, agents and/or representatives "act[ed] as lookouts for Plaintiff's traffickers and inform[ed] the traffickers of police activity at the hotel as well as warn[ed] Plaintiff's traffickers about guest complaints and high visitor traffic drawing unwanted attention." Please state all facts supporting this contention, including whether you ever personally observed a Northbrook person acting in this manner and, if so, the name or other Identifying Characteristics of that person and the date of each such incident.

**RESPONSE:**

**Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity.  For example, Defendant should have information in its possession, custody, or control that is responsive to this**

Interrogatory, including but not limited to transaction receipts, room reservation records, housekeeping records, employee time sheets, surveillance footage, incident reports, customer complaints, and more.

Plaintiff incorporates here in full her responses to Interrogatories 4, 8, 11, 13, 14, 16.

18.    State by name or other Identifying Characteristics each employee, agent or representative of Northbrook you contend was involved in any way in the venture concerning your sex trafficking at United Inn and, for each such person, please describe the date and other circumstances of his or her involvement.

**RESPONSE:**

Plaintiff objects to this Interrogatory because it calls for information in the possession, custody, or control of Defendant, Plaintiff's traffickers, law enforcement agencies, or some other entity. For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to transaction receipts, room reservation records, housekeeping records, employee time sheets, surveillance footage, incident reports, customer complaints, and more.

Plaintiff incorporates here in full her responses to Interrogatories 13 and

**14.**

19.    Please identify by name, address, telephone number and email address each person known or believed by you to have knowledge or information concerning any fact relevant to any claim or defense asserted in this case. For each such person, please describe the knowledge or information possessed by him or her.

**RESPONSE:**

**Plaintiff objects to this Interrogatory because it is vague, ambiguous, and overbroad in its request for "knowledge or information possessed" by unnamed third parties "concerning any fact relevant to any claim or defense asserted in this case." Further, Plaintiff objects to this Interrogatory on the grounds that it asks for information that is not in Plaintiff's possession, custody, or control, but in the possession, custody, or control of third parties, including Defendant, Plaintiff's traffickers, sex buyers, law enforcement agencies, or other individuals and entities. For example, Defendant should have information in its possession, custody, or control that is responsive to this Interrogatory, including but not limited to room reservation records, surveillance footage,**

room cleaning records, employee schedules, incident reports, customer complaints, and more.

Subject to and without waiver of the foregoing objections, Plaintiff states that she is not able to "describe the knowledge or information possessed" by third parties. Plaintiff cannot read the minds of third parties, and Plaintiff cannot determine what "knowledge or information" they might "possess[.]" Nonetheless, Plaintiff states that she "know[s] or believe[s]" the following people "have knowledge or information concerning any fact relevant to any claim or defense asserted in this case":

| Name | Subject Matter | Contact Information |
|------|---------------|---------------------|
| Jhordyn Grimes | Plaintiff's sex trafficking and damages. | Undersigned counsel. |
| Claudette Grimes | Plaintiff's sex trafficking and damages. | Undersigned counsel. |
| Keisha Grimes | Plaintiff's sex trafficking and damages. | Undersigned counsel. |
| Shameka Grimes | Plaintiff's sex trafficking and damages. | Undersigned counsel. |
| Chonty Clarke | Plaintiff's sex trafficking and damages. | Undersigned counsel. |
| Deanshanaye Williams | Plaintiff's sex trafficking and damages. | Unknown. |

| | | |
|---|---|---|
| **Sonya Madison** | **Plaintiff's sex trafficking and damages.** | **Plaintiff's house mother at House of Hope (https://houseofhoperefugeoflove.com/).** |
| **House of Hope Staff** | **Plaintiff's sex trafficking and damages.** | **https://houseofhoperefugeoflove.com/about-us/house-of-hope-operations-team** |
| **Kevy** | **Plaintiff's sex trafficking and damages.** | **Unknown.** |
| **Kimani** | **Plaintiff's sex trafficking and damages.** | **Unknown.** |
| **King** | **Plaintiff's sex trafficking and damages.** | **Unknown.** |
| **Cash** | **Plaintiff's sex trafficking and damages.** | **Unknown.** |
| **Keiron Perry** | **Plaintiff's sex trafficking and damages.** | **Unknown.** |
| **Quinton Antwan Bush** | **Plaintiff's sex trafficking and damages.** | **Unknown.** |
| **Endco Corey Forest** | **Plaintiff's sex trafficking and damages.** | **Unknown.** |
| **Alyssa Griffin** | **Plaintiff's sex trafficking and damages.** | **Undersigned counsel.** |
| **Genesis Wilson** | **Plaintiff's sex trafficking and damages.** | **Undersigned counsel.** |
| **Zaccheus Obie** | **Plaintiff's sex trafficking and damages.** | **Federal prison. Unknown.** |

| | | |
|---|---|---|
| Quintavious Obie | Plaintiff's sex trafficking and damages. | Federal prison.  Unknown. |
| Kikia Anderson | Plaintiff's sex trafficking and damages. | Federal prison.  Unknown. |
| Dontavis Lamar Carr | Plaintiff's sex trafficking and damages. | Unknown. |
| Lisa Moultrie | Plaintiff's sex trafficking and damages. | Deputy Chief Assistant District Attorney, Dekalb County District Attorney's Office; lmoultrie@dekalbcountyga.gov (770) 543-9874 |
| KJ Strickler | Plaintiff's sex trafficking and damages. | FBI Agent at FBI-Atlanta. |
| Shannon Martucci | Plaintiff's sex trafficking and damages. | FBI Agent at FBI-Atlanta. |
| Stuart Reagan | Plaintiff's sex trafficking and damages. | HSI Agent at HSI-Atlanta. |
| Detective Sergeant Jessica Raley | Plaintiff's sex trafficking and damages. | Forest Park Police Department. |
| Jennifer Keen | Plaintiff's sex trafficking and damages. | Assistant United States Attorney at United States Attorney's Office for the Northern District of Georgia |
| Stephanie Gabay-Smith | Plaintiff's sex trafficking and damages. | Assistant United States Attorney at United States Attorney's Office for the Northern District of Georgia |

The police reports Plaintiff has produced to date PLAINTIFF-000001(UI&S)-3139(UI&S) (Police Reports) and PLAINTIFF-24272(UI&S)-24375(UI&S) (Police Reports identified in Plaintiff's Complaint) identify

various hotel staff, including managers on duty, front desk employees, housekeeping personnel, security, and other staff who observed criminal activity at United Inn & Suites, including, but not limited to, prostitution and sex trafficking. Those persons are identified below, and it is likely that at least some have "knowledge or information" "concerning any fact relevant to any claim or defense asserted in this case."

| Name | Subject Matter | Contact Information |
|------|----------------|---------------------|
| Tahir Shareef | Mr. Shareef likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property. | Contact information unknown. |
| Ahmad Abdullah | Mr. Abdullah likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property. | Contact information unknown. |
| Amber Banks | Ms. Banks likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property. | Contact information unknown. |

| | | |
|---|---|---|
| **Rafiuzzaman Biswas (also listed as Rafiuzzanan Biswis, Biswas Rafilizzaman, & Kafiuzzaman Biswas)** | **Mr. Biswas likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property.** | **Contact information unknown.** |
| **Sam Cole, Jr.** | **Mr. Cole likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property.** | **Contact information unknown.** |
| **Chaudhary Danial** | **Mr. Danial likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property.** | **Contact information unknown.** |
| **Ashar Islam (also listed as Asher Islam)** | **Mr. Islam likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property.** | **Contact information unknown.** |
| **Ketan Patel** | **Mr. Patel likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property.** | **Contact information unknown.** |
| **Jenorris N. Parker** | **Mr. Parker likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property.** | **Contact information unknown.** |

| Raza Shareef | Mr. Shareef likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property. | Contact information unknown. |
|---|---|---|
| (Laura) Carolina Suarez | Ms. Suarez likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property. | Contact information unknown. |
| Tofi Viswal | Mr. Viswal likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property. | Contact information unknown. |
| Corita Watts | Ms. Watts likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property. | Contact information unknown. |

No doubt the police reports produced by Plaintiff do **not** list all hotel staff, including managers on duty, front desk employees, housekeeping personnel, security, and other staff who observed criminal activity at United Inn & Suites, including, but not limited to, prostitution and sex trafficking. That is, it is likely that at least some of Defendant's employees who have "knowledge or information" "concerning any fact relevant to any claim or defense asserted in

this case" are not identified in police reports Plaintiff has produced. Defendant should have relevant employee records in its possession, custody, or control.

Additionally, some of the law enforcement officials identified in the police reports produced by Plaintiff to date, particularly those reports that relate to prostitution and/or sex trafficking, likely have "knowledge or information" "concerning any fact relevant to any claim or defense asserted in this case." These officials would include, but are not limited to, those identified below:

| Name | Subject Matter | Contact Information |
|------|----------------|---------------------|
| Det. C.D. King | Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel. | Dekalb County Police Department |
| Det. Benton | Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel. | Dekalb County Police Department |

| Officer Woody | Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel. | Dekalb County Police Department |
|---|---|---|
| Officer Conners | Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel. | Dekalb County Police Department |
| Officer Hill | Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel. | Dekalb County Police Department |
| Officer Johnson | Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel. | Dekalb County Police Department |

| | | |
|---|---|---|
| **Officer Matthews** | **Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel.** | **Dekalb County Police Department** |
| **Officer Terrell-Perica** | **Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel.** | **Dekalb County Police Department** |
| **Officer Brown** | **Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel.** | **Dekalb County Police Department** |
| **Officer Sotilleo** | **Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel.** | **Dekalb County Police Department** |

In addition to the law enforcement officials identified above, other officers identified in police reports produced by Plaintiff likely have "knowledge or information" "concerning any fact relevant to any claim or defense asserted in this case," including for example the following officers:

| Officer Estes (2987) | Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel. | Dekalb County Police Department |
|---|---|---|
| Officer Jackson (2863) | Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel. | Dekalb County Police Department |
| Officer McClelland (2486) | Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel. | Dekalb County Police Department |

| Officer McGill (3138) | Likely has knowledge and information regarding criminal activity at the United Inn & Suites. Further, likely has knowledge regarding notice provided to hotel's owners and/or managers of criminal activity at the hotel. | Dekalb County Police Department |
|---|---|---|
| Officer McMurry (3137) | Officer McMurry likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property. | Dekalb County Police Department |
| Officer Webber (2829) | Officer Webster likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property. | Dekalb County Police Department |

Plaintiff further responds that there are likely additional federal, state, and local law enforcement officials not identified in the produced police reports who have "knowledge or information" "concerning any fact relevant to any claim or defense asserted in this case" and whose identities Plaintiff does not currently know.

Additionally, Plaintiff states that certain hotel guests of United Inn & Suites, including those who submitted produced online reviews PLAINTIFF-

024660(UI&S)-24666(UI&S) likely have "knowledge or information" "concerning any fact relevant to any claim or defense asserted in this case."

Defendant likely has additional relevant information in its possession, custody, or control, including but not limited to customer reviews and complaints, incident reports, employee records, housekeeping records, room reservation information, hotel inspections, hotel surveillance footage, and more.

Finally, Plaintiff responds that the following persons likely have "knowledge or information" "concerning any fact relevant to any claim or defense asserted in this case":

- Doctors, nurses, and healthcare professionals identified in the medical and healthcare records that Plaintiff has produced and will produce in the future;

- Any witness identified in Defendant's Initial Disclosures and discovery responses.

- Any witness identified in Plaintiff's and Defendant's document productions, or any other document exchanged between the parties.

- Any witness identified during any deposition in this case.

- **Any person who witnessed, investigated, or responded to Plaintiff's sex trafficking.**

- **Harisman Sabharwal likely has knowledge and information about the operations and management of the United Inn & Suites, including but not limited to criminal activity at the property.**

- **Employees and/or agents of the DeKalb County Government with knowledge of the DeKalb County Code of Ordinances, including but not limited to the Code Enforcement Division**

20.    Please identify by name, address, telephone number and email address each person whom you intend to call as an expert witness at the trial of this case. For each such person, please state the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for each opinion.

**RESPONSE:**

**Plaintiff objects to this Interrogatory to the extent that it asks Plaintiff to disclose information not required to be disclosed under the Federal Rules of Civil Procedure. Further, Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, subject to**

the work-product doctrine, or information obtained in anticipation of litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds that at this time she has not determined whether she will call any specially retained experts at trial. Law enforcement officials, trafficking survivors, survivor advocates, medical professionals, and others by virtue of their experience and training (though not specifically retained) would be knowledgeable about a variety of relevant topics, including the United Inn & Suites, sex trafficking, how traffickers control and manipulate their victims, and the dangers and aftereffects of sex trafficking, among other topics.

Plaintiff will supplement this response to the extent required and necessary under the Federal Rules of Civil Procedure.

21.     Please identify by name, address, telephone number and email address each person from whom you have obtained a written statement regarding any fact relevant to this case.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege, subject to the work-

product doctrine, and/or obtained in anticipation of litigation.

Discovery is ongoing; Plaintiff will supplement this response as appropriate during the course of this litigation.

22.    Please state the amount of damages you claim in this matter, identifying each type of damage and the calculation thereof.

**RESPONSE:**

Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, subject to the work-product doctrine, and/or information obtained in anticipation of litigation.

Subject to and without waiver of the foregoing objections, as Plaintiff alleged in her Complaint, Defendant violated the TVPA and acted negligently, which caused Plaintiff to suffer indivisible injuries. Plaintiff suffers from a variety of medical, psychological, emotional, and other conditions as a result of her trafficking. Plaintiff directs Defendant to her document production to date. The answer to this Interrogatory may be determined at least in part by reviewing the same documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Fed. R. Civ. P. 33(d).

As a direct result of Defendant's acts and omissions, Plaintiff sustained the following injuries because of Defendant's negligence:

1. **Personal Injuries;**
2. **Past, present, and future conscious pain and suffering;**
3. **Loss of enjoyment of life;**
4. **Medical expenses;**
5. **Mental anguish and emotional distress;**
6. **Loss of past, present, and future wages;**
7. **Incidental expenses;**
8. **All special, compensatory, economic, punitive, and other damages permissible under Georgia and/or Federal law; and**
9. **Consequential damages to be proven at trial.**

**Plaintiff's counsel is continuing to gather records and calculating special damages. Discovery is ongoing. Plaintiff will supplement this response if appropriate during this litigation.**

Respectfully submitted this 2nd day of November, 2022.

/s/ David H. Bouchard
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

/s/ Patrick J. McDonough
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

39

Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on today's date I electronically served the foregoing document, **PLAINTIFF'S RESPONSES TO DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES' FIRST SET OF CONTINUING INTERROGATORIES TO PLAINTIFF**, to the following counsel of record via email based on the parties' prior agreement to accept service of written discovery via email:

**Attorney for Defendant Northbrook Industries, Inc.,**
**d/b/a United Inn & Suites**
Dana M. Richens
Smith, Gambrell & Russell, LLP
1105 W. Peachtree St. N.E., Suite 1000
Atlanta, Georgia 30309

Dated: This 2nd day of November, 2022.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorneys for Plaintiff*

41