# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., | : |
| | : |
| **Plaintiff,** | : |
| | : CIVIL ACTION FILE |
| vs. | : |
| | : NO. 1:20-cv-05233-MLB |
| NORTHBROOK INDUSTRIES, | : |
| INC., D/B/A UNITED INN AND | : |
| SUITES, | : |
| | : |
| **Defendant.** | : |

**PLAINTIFF'S FIRST SET OF CONTINUING INTERROGATORIES TO DEFENDANT NORTHBROOK INDUSTRIES INC., D/B/A UNITED INN AND SUITES**

Pursuant to Federal Rule of Civil Procedure 26(b) and 33, Plaintiff hereby serves the following interrogatories upon Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites ("Defendant"). These interrogatories are made subject to and are deemed to include and incorporate the following instructions and definitions.

**DEFINITIONS AND INSTRUCTIONS**

a. "And" as well as "or" shall be construed disjunctively or conjunctively to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

1

b. The use herein of the singular form of any noun or pronoun shall include, where appropriate, the plural thereof; the use herein of the masculine gender shall include, where appropriate, the feminine.

c. The terms "record," "reflect," "relate," "regard," and "concern," and derivations and synonyms thereof, are intended to have the broadest possible scope so that all Documents, including drafts, are included if they in any way constitute, contain, pertain to, or mention the indicated subject or Document. Whenever a Document provides part, but less than all, of the information requested, such Document should be produced along with all other related Documents.

d. "Communication," whether singular or plural, includes but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephone conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or written intercourse, however transmitted.  Any transmission of information between or among persons, whether oral or written, constitutes a "Communication."

e. "Identify" or the "identity" of, when used in reference to a **Person** means: (i) to state the applicable date(s); (ii) to state the person's full name, and any and all assumed names or former names; (iii) to state the person's last known principal

business address and telephone number, and, if no business address is available, residence address and phone number; and (iv) if an individual, to state the name and address of the person's employer, the person's job title and job description at all times pertinent to the pending action, including any changes therein and dates thereof.

f. "Identify" or the "identity" of, when used in reference to *events* means: (i) to state the date, time and location of the event; (ii) to state all participants and observers; and (iii) to describe the event.

g. "Identify" or the "identity" of, when used in reference to *Documents* means: (i) to state the Bates Number range of the document, if available; or if not, (ii) to state sufficient information to identify the document based on its date, title, author, recipients, or other identifying information.

h. "Document" or "Documents" is used in the broadest and most expansive sense permissible under Federal Rule of Civil Procedure 34 and includes and refers to, without limitation: all writings and things of any nature by which information may be stored or communicated, including originals and all non-identical copies and drafts thereof, in your possession, custody, or control, regardless of where located, including without limitation contracts, agreements, memoranda, notes, correspondence, letters, e-mails, communications, telegrams, teletypes,

3

telecopies, transmissions, messages (including, but not limited to, records, reports, or memoranda of telephone calls and conversations), reports, studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda, bulletins, notices, circulars, announcements, instructions, charts, tables, manuals, brochures, schedules, price lists, records, orders, invoices, statements, bills, books of account, ledgers, statistical, accounting, and financial statements, forecasts, work papers, notebooks, data sheets, translations, photographs, drawings, tape recordings, computer-stored information which can be retrieved or placed into reasonably usable form, written communications and written evidence of oral communications, and any other "document" from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

i. "Person(s)" means any natural person or any business, legal, or government entity or association.

j. "Complaint" refers to the Complaint for Damages filed in the instant action, *J.G. v. Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites*, No. 1:20-cv-05233-MLB, ECF. No. 1 (Dec. 28, 2020).

k. "Criminal Activity" means any activity in violation of criminal laws, whether federal, state, or local. This would include but not be limited to Sex Trafficking (18 U.S.C. § 1591 and/or O.C.G.A. § 16-5-46), Prostitution (O.C.G.A. § 16-6-9), False Imprisonment (O.C.G.A. § 16-5-41), Battery (O.C.G.A. § 16-5-23.1), Pimping (O.C.G.A. § 16-6-11), Pandering (O.C.G.A. § 16-6-12), and Keeping a Place of Prostitution (O.C.G.A. § 16-6-10).

l. "Hotel/s" means any commercial establishment, business, and/or location that provides lodging for members of the public in exchange for a fee, including, but not limited to, inns and motels. For example, the Property.

m. "Property" refers to the United Inn & Suites, located at 4649 Memorial Dr., Decatur, GA 30032.

n. "Prostitution" means any conduct in violation of O.C.G.A. § 16-6-9.

o. "Sex Trafficking" means any conduct in violation of 18 U.S.C. § 1591 and/or O.C.G.A. § 16-5-46.

p. "You" and "Your" means Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites, individually, or any person(s) acting or purporting to act in any manner on its behalf, including but not limited to employees, agents, representatives, managers, owners, officers, directors, investors, and the like (excluding attorneys).

q.  Unless otherwise explicitly stated, the period applicable to these requests is January 1, 2014, to December 28, 2020.

r.  The present tense shall be construed to include the past tense and vice versa.

s.  Please copy each interrogatory and set forth your response beneath each interrogatory or sub-part thereof.

t.  If, while responding to these Interrogatories, you encounter any ambiguity in an Interrogatory, a definition, or an instruction relevant to an Interrogatory, please explain what you find to be ambiguous and what construction you used in providing your answer.

u.  If you object to any part of an Interrogatory, please set forth the basis for your objection and respond to all parts of the Interrogatory to which you do not object.

v.  These Interrogatories are continuing in nature, up to and during the course of trial. In the event that you obtain any additional information that is responsive to these Interrogatories, please timely supplement your response to each such Interrogatory.

If you withhold any information based on attorney-client privilege, attorney work-product, or any other privilege or protection, please provide a privilege log that provides specific reasons for the withholding of the same information and describes whether that reason applies to the entire document or only a portion of the document.

## **INTERROGATORIES**

1.

Identify all Person(s) involved with the management and/or operation of the Property, including but not limited to owners, managers, employees, and independent contractors (*e.g.*, front desk clerks, housekeeping staff, cleaning staff, maintenance staff, safety and security personnel, etc.). For each Person identified, please provide his/her full name, address(es), telephone number(s), place(s) of employment, job title(s), present whereabouts, and state the nature of their involvement with the management and/or operation of the Property.

2.

Identify all other Persons *not* identified in response to Interrogatory No. 1 who have or may have knowledge or information relating to any issue in this matter. For each Person identified, please provide his/her full name, address(es), telephone number(s), place(s) of employment, job title(s), and present whereabouts. Additionally, for each Person identified, please state what you believe to be the substance of that Person's knowledge or information relating to any issue in this matter.

3.

Identify all experts whom you expect to call as a witness at the trial of this

case. For each, please provide his/her full name, current address(es), and telephone number(s). For each, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which said expert is expected to testify, and a summary of the grounds for each opinion.

4.

Please identify all applicable liability insurance policies that extended coverage to you at any time from June 1, 2016, to present. For each such policy, please state:

 (a) the name of the named-insured in said policy;

 (b) the policy number in said policy;

 (c) the name of the insurance company who issued said policy;

 (d) the policy period in said policy;

 (e) the limits of liability for personal injury in said policy;

 (f) whether any reservation of rights and/or coverage denial letters have been issued.

5.

Identify by name and address any Person involved with monitoring, receiving, reviewing, responding to, addressing, auditing, and/or analyzing ratings, reviews, reports, tips, complaints, criticisms, concerns, surveys, feedback, messages, emails, and Communications from any Person (*e.g.*, Property guests,

8

Property customers, law enforcement, government officials, concerned citizens, local residents, or any other Person) about the Property.

6.

Identify and describe all plans, programs, policies, procedures, standards, guidelines, partnerships, and/or rules relating to the management and/or operation of the Property, including but not limited to those related to hotel safety and security, Criminal Activity, Prostitution, and/or Sex Trafficking. This answer should include, but not be limited to, whether the same were written or oral, when they went into effect, whether they changed over time, and how they were disseminated and enforced.

7.

Identify by name, title, position, and address all Persons involved with the safety and security of hotel guests and staff at the Property.

8.

Identify and describe all measures, steps, and/or actions implemented at the Property (whether by You or another Person/s acting on your behalf) relating to the security and safety of hotel guests and staff at the Property.

9.

Identify and describe each investigation, audit, review, assessment, or

analysis (or the like) of the Property, its operation, and/or its management, whether performed by You or another Person, and identify the Person/s involved in performing the same.

10.

Identify and describe any Communications, Documents, and/or information relating to the safety and security of Property guests and staff.  The response should include, but not be limited to, identification and description of safety and security assessments, reviews, and/or analyses of the Property.

11.

Identify and describe all Communications, Documents, and/or information relating to Criminal Activity, Prostitution, and/or Sex Trafficking in Hotels generally and/or at the Property specifically.  This response should include, but not be limited to, identification and description of training materials relating to indicators of Criminal Activity, Prostitution, and/or Sex Trafficking, as well as complaints, tips, and/or reports relating to Criminal Activity, Prostitution, and/or Sex Trafficking at the Property.

12.

Identify and describe any meetings, trainings, tutorials, curricula, materials, conversations, discussions, presentations, sessions, courses, seminars, conferences,

task forces, working groups, and Communications relating to the safety of guests and/or staff at Hotels, Prostitution at Hotels, and/or Sex Trafficking at Hotels, that You attended, prepared, provided, distributed, paid for, ordered, organized, participated in, required, recommended, and/or through which you received or distributed information, including but not limited to the dates thereof as well as the Persons involved.

13.

Identify and describe any meetings, trainings, tutorials, curricula, materials, conversations, discussions, presentations, sessions, courses, seminars, conferences, task forces, working groups, and Communications relating to the safety of guests and/or staff at the Property, Prostitution at the Property, and/or Sex Trafficking at the Property, that You attended, prepared, provided, distributed, paid for, ordered, organized, participated in, required, recommended, and/or through which you received or distributed information, including but not limited to the dates thereof as well as the Persons involved.

14.

Please describe how You obtain or obtained revenue, income, profit, or money from or related to the Property, and whether and how You are or were obligated to share or pay some portion of that revenue, income, profit, or money with any other

11

Person. If You are or were so obligated, explain why.

15.

Please identify and describe all contracts and/or agreements relating to the Property, including the names of the contracts and/or agreements, the signatories to the contracts and/or agreements, the subject matter of the contracts and/or agreements, and the purpose of the contracts and/or agreements. This answer should include but not be limited to any operating agreement, franchise agreement, management agreement, and so forth.

16.

Please identify any Person who held any ownership interest in the Property at any time from January 1, 2014, to December 28, 2020, and describe the interest.

17.

Please identify all documentary or other tangible evidence that you believe demonstrates and/or supports facts relevant to Plaintiff's claims, any relevant fact, liability or damages, and any defenses in this case. If such evidence is not available or no longer in existence for any reason, please explain why.

18.

Identify and describe the specific factual basis for each defense or denial in your Answer, including each fact, law, rule, standard, or any other reason

whatsoever, that you, your expert, or other witness may rely upon in support of your defenses in this lawsuit.

This 22nd day of September, 2022.

/s/ David H. Bouchard
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

/s/ Patrick J. McDonough
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on today's date I electronically served the foregoing document, PLAINTIFF'S FIRST SET OF CONTINUING INTERROGATORIES TO DEFENDANT NORTHBROOK INDUSTRIES, INC. D/B/A UNITED INN & SUITES, to the following counsel of record via email based on the parties' prior agreement to accept service of written discovery via email:

**Attorney for Defendant Northbrook Industries, Inc.,
d/b/a United Inn and Suites**
Dana M. Richens
Smith, Gambrell & Russell, LLP
1105 W. Peachtree St. N.E.
Suite 1000
Atlanta, Georgia 30309

Dated: This 22nd day of September, 2022.

/s/ David H. Bouchard
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

Attorneys for Plaintiff