# Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **J.G.,** | |
|     **Plaintiff,** | **Civil Action File No. 1:20-CV-05233-MLB** |
| **v.** | |
| **NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES** | |
|     **Defendant.** | |

## DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1, Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites, by and through counsel, provides its initial disclosures as follows:

### Preliminary Statement

Discovery in this litigation has just begun. The initial disclosures set forth below are necessarily made without full knowledge of the facts, circumstances, and legal theories involved in this case and are made in a good faith effort to comply with applicable rules of procedure. Defendant makes these disclosures based on the information readily available to it at this time. Further discovery and investigation

may lead to substantial changes, additions to, and variations from these disclosures. Accordingly, Defendant reserves the right to amend or supplement its disclosures without prejudice to its rights to produce facts, witnesses, documents, and other evidence omitted from these disclosures.

Defendant further notes that the information set forth herein may include hearsay and other forms of information that are unreliable, irrelevant, or otherwise inadmissible as evidence. Therefore, Defendant reserves all objections relating to the admissibility of evidence. Specifically, Defendant reserves and asserts objections to the production of documents and things that are protected from discovery by the following privileges or protections: (i) trial preparation materials (Fed. R. Civ. P. 26(b)(3)); (ii) attorney work product (Fed. R. Civ. P. 26(b)(3) and (4)); (iii) consulting expert materials (Fed. R. Civ. P. 26(b)(4)(B)); and, (iv) attorney/client communications. Defendant also reserves and asserts objections to the disclosure of information that is not relevant to any party's claims or defenses in this litigation.

(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Response:  Not applicable.**

(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends

that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Response:  Necessary parties who have not been joined include the John Does who purportedly trafficked Plaintiff while she was a minor in 2018 - 2019.**

(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Response:    Defendant directs Plaintiff to the arguments contained in its (1) Brief in Support of its Motion to Dismiss Plaintiff's Complaint and Alternatively, its Motion to Strike Portions of Plaintiff's Complaint; and its (2) Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint and Alternatively, Defendant's Motion to Strike Portions of Plaintiff's Complaint. In addition to the arguments contained in the aforementioned pleadings, this Defendant states that it did not breach a duty of care to Plaintiff which proximately caused the damages alleged. Therefore, this Defendant is not liable to Plaintiffs.**

(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Response:  This case will be subject to the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Northern District of Georgia.**

Additionally, the Trafficking Victims Protection Reauthorization Act (18 U.S.C. §§ 1591, 1595) and all defenses contained within the Act will be applicable to Plaintiff's claims against Defendant. As it relates to Plaintiff's negligence claims, O.C.G.A. §§ 51-3-1, *et al* and 44-7-14 will be applicable to this action. Defendant refers Plaintiff to the case law cited in its (1) Brief in Support of its Motion to Dismiss Plaintiff's Complaint and Alternatively, its Motion to Strike Portions of Plaintiff's Complaint; and its (2) Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint and Alternatively, Defendant's Motion to Strike Portions of Plaintiff's Complaint.

(5)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures for Attachment A.)

Response:  Defendant directs Plaintiff to "Attachment A." All individuals identified may have information related to the parties' claims and defenses, and Plaintiff's alleged damages. Defendant reserves the right to supplement this response as additional witnesses are identified.

(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report

satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Response: Defendant has not yet decided which experts it intends to use at the trial of this matter. Defendant will supplement this response in accordance with the Federal Rules of Civil Procedure and the local rules of this Court.**

(7)    Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response: Defendant directs Plaintiff to "Attachment C."**

(8)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response:  Defendant is not currently seeking damages from Plaintiff. Defendant reserves the right to supplement this response.**

(9)     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Response: Other persons who, in whole or part, may be liable to the Plaintiff or Defendant in this matter include: John Does who purportedly trafficked Plaintiff while she was a minor from 2018 – 2019.**

(10)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response: Defendant will supplement its disclosure to include the declarations page of the insurance agreement may be liable to satisfy part of all of a judgment which may be entered in this action.**

The undersigned, in accordance with Local Rules 5.1 and 7.1, hereby certifies that the type font used herein is 14-point, Times New Roman.

Respectfully submitted this 15th day of March 2021.

|  | HALL BOOTH SMITH, P.C. |
|---|---|
| 191 Peachtree Street, NE<br>Suite 2900<br>Atlanta, GA 30303<br>(404) 954-5000<br>(404) 954-5020 (Facsimile)<br>dbrown@hallboothsmith.com<br>wstory@hallboothsmith.com | /s/ Don B. Brown<br>DON B. BROWN<br>Georgia Bar No. 496667<br>WILLIAM R. STORY<br>Georgia Bar No. 340477<br>*Counsel for Northbrook Industries, Inc.*<br>*d/b/a United Inn and Suites* |

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| J.G.,<br><br>     **Plaintiff,**<br><br>v.<br><br>**NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES**<br><br>     **Defendant.** | **Civil Action File No. 1:20-CV-05233-MLB** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT'S INITIAL DISCLOSURES** upon all parties to this matter by filing said document with CM/ECF E-filing system which will automatically send electronic notification to the following:

Richard W. Hendrix
W. Carl Lietz, III
David H. Bouchard
FINCH McCRANIE, LLP
225 Peachtree Street NE
1700 South Tower
Atlanta, Georgia 30303
*Attorneys for Plaintiff J.G.*


Jonathan S. Tonge
Patrick J. McDonough

ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia 30097
*Attorneys for Plaintiff J.G.*

Respectfully submitted this 15th day of March, 2021.

| | HALL BOOTH SMITH, P.C. |
|---|---|
| 191 Peachtree Street, NE<br>Suite 2900<br>Atlanta, GA 30303<br>(404) 954-5000<br>(404) 954-5020 (Facsimile)<br>dbrown@hallboothsmith.com<br>wstory@hallboothsmith.com | /s/ Don B. Brown<br>DON B. BROWN<br>Georgia Bar No. 496667<br>WILLIAM R. STORY<br>Georgia Bar No. 340477<br>*Counsel for Northbrook Industries, Inc.*<br>*d/b/a United Inn and Suites* |

# ATTACHMENT A

1. Tahir Shareef
   C/O Don B. Brown and Will Story
   Hall Booth Smith, P.C.
   191 Peachtree Street NE
   Atlanta, Georgia 30303
   404-954-5000

2. Harsimran Sabharwal
   C/O Don B. Brown and Will Story
   Hall Booth Smith, P.C.
   191 Peachtree Street NE
   Atlanta, Georgia 30303
   404-954-5000

3. Ashar Islam
   C/O Don B. Brown and Will Story
   Hall Booth Smith, P.C.
   191 Peachtree Street NE
   Atlanta, Georgia 30303
   404-954-5000

4. Nazia Islam
   C/O Don B. Brown and Will Story
   Hall Booth Smith, P.C.
   191 Peachtree Street NE
   Atlanta, Georgia 30303
   404-954-5000

5. Raza Shareef
   C/O Don B. Brown and Will Story
   Hall Booth Smith, P.C.
   191 Peachtree Street NE
   Atlanta, Georgia 30303
   404-954-5000

6. Corita Gram
   C/O Don B. Brown and Will Story

Hall Booth Smith, P.C.
191 Peachtree Street NE
Atlanta, Georgia 30303
404-954-5000

7. Keten Petal
   C/O Don B. Brown and Will Story
   Hall Booth Smith, P.C.
   191 Peachtree Street NE
   Atlanta, Georgia 30303
   404-954-5000

8. Nabeela Shareef
   C/O Don B. Brown and Will Story
   Hall Booth Smith, P.C.
   191 Peachtree Street NE
   Atlanta, Georgia 30303
   404-954-5000

9. Saad Iqbal
   C/O Don B. Brown and Will Story
   Hall Booth Smith, P.C.
   191 Peachtree Street NE
   Atlanta, Georgia 30303
   404-954-5000

10. Asma Iqbal
    C/O Don B. Brown and Will Story
    Hall Booth Smith, P.C.
    191 Peachtree Street NE
    Atlanta, Georgia 30303
    404-954-5000

11. Rossa Mandosa
    C/O Don B. Brown and Will Story
    Hall Booth Smith, P.C.
    191 Peachtree Street NE
    Atlanta, Georgia 30303
    404-954-5000

12. Maria Olivia
C/O Don B. Brown and Will Story
Hall Booth Smith, P.C.
191 Peachtree Street NE
Atlanta, Georgia 30303
404-954-5000

13. Jassie Gram
C/O Don B. Brown and Will Story
Hall Booth Smith, P.C.
191 Peachtree Street NE
Atlanta, Georgia 30303
404-954-5000

14. Sheakh Muhammad
C/O Don B. Brown and Will Story
Hall Booth Smith, P.C.
191 Peachtree Street NE
Atlanta, Georgia 30303
404-954-5000

15. Alejandra Leon
C/O Don B. Brown and Will Story
Hall Booth Smith, P.C.
191 Peachtree Street NE
Atlanta, Georgia 30303
404-954-5000

16. Abdullah Ahmed

17. Rafiuzaman Biswas

18. Rashid Iqbal

19. J.G.
C/O Plaintiff's Counsel

20. Sergeant W. McClelland
Dekalb County Police

21. Sergeant R. Weber
    Dekalb County Police

22. Any witness identified in Plaintiff's Initial Disclosures and discovery responses.

23. Any witness identified in Plaintiff's and Defendant's document productions or any other document exchanged between the parties.

24. Any witness identified during any deposition of this case.

25. All individuals identified in any pleadings or filings for *United States v. Obie*, Case No.: 1-18-cr-00424-MLB-JKL (N.D. Ga., Nov. 6, 2020)

**ATTACHMENT B**

[INTENTIONALLY LEFT BLANK]

## ATTACHMENT C

1. Incident Reports Generated from Defendant.

2. Guest information for dates in which the alleged trafficking occurred.

3. Defendant's Policies and Procedures.

4. Defendant's employee schedule for dates in which the alleged trafficking occurred.

5. Documents relating to *United States v. Obie*, Case No.: 1-18-cr-00424-MLB-JKL (N.D. Ga., Nov. 6, 2020)

6. Photographs of the United Inn & Suites.

**ATTACHMENT D**

[INTENTIONALLY LEFT BLANK]

**ATTACHMENT E**

Defendant's insurance policy's declaration page will be provided to Plaintiff.