# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.G.,                                      )
                                           )
          Plaintiff,                       )
                                           )          Civil Action File
v.                                         )          No. 1:20-cv-05233-MLB
                                           )
NORTHBROOK INDUSTRIES, INC.,               )
d/b/a UNITED INN AND SUITES,               )
                                           )
          Defendant.                       )

**DEFENDANT NORTHBROOK INDUSTRIES, INC.,
d/b/a UNITED INN AND SUITES' RESPONSES TO
<u>PLAINTIFF'S FIRST SET OF CONTINUING INTERROGATORIES</u>**

Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites

("Northbrook") hereby serves its objections and answers to the First Set of

Continuing Interrogatories served by Plaintiff J.G. (the "Interrogatories").

<u>GENERAL OBJECTIONS</u>

1.      Northbrook objects to the Interrogatories in their entirety, including the

Definitions and Instructions contained therein, to the extent the Interrogatories seek

to impose obligations on Northbrook greater than those imposed by applicable law.

2.      Northbrook objects to the Interrogatories in their entirety, including the

Definitions and Instructions contained therein, to the extent the Interrogatories seek

the production of information or materials that are protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative.

<u>RESPONSES</u>

Subject to the foregoing General Objections, and expressly without waiving the same, Northbrook responds to the individual interrogatories as follows:

<u>INTERROGATORY NO. 1:</u>

Identify all Person(s) involved with the management and/or operation of the Property, including but not limited to owners, managers, employees, and independent contractors (*e.g.*, front desk clerks, housekeeping staff, cleaning staff, maintenance staff, safety and security personnel, etc.). For each Person identified, please provide his/her full name, address(es), telephone number(s), place(s) of employment, job title(s), present whereabouts, and state the nature of their involvement with the management and/or operation of the Property.

<u>RESPONSE:</u>

Northbrook refers Plaintiff to its Initial Disclosures. Additionally, Northbrook states that Ashar Islam is the manager and front desk attendant. Nazia Islam is a front desk attendant. Raz Shareef is a front desk attendant. Corita Gram is a front desk attendant. Ketan Patel is a front desk attendant. Nabella Shareef is a

housekeeping attendant.  Saad Iqbal is a housekeeping attendant.  Asma Iqbal is a housekeeping attendant.  Rossa Mandosa is a housekeeping attendant.  Maria Olivia is a housekeeping attendant.   Jassie Gram is a general maintenance employee. Sheakh Muhammad is the janitor.  Alejandra Leon is a housekeeping attendant. Abdulla Ahmed was a front desk attendant, but left in 2019 because he moved to Texas.  Rafiuzaman Biswas was a front desk attendant but left in 2018.  Rashid Iqbal was a front desk attendant but left in 2019.  Additionally, Northbrook paid DeKalb County Police officers to provide security services on the Property every night. Those officers are Sergeant W. McClelland and Sergeant R. Weber.  These DeKalb County sergeants are responsible for providing security services on the Property.

The manager of the Property (Ashar Islam) is responsible for making Northbrook's employee schedule, overseeing the maintenance of the Property and managing the front desk attendants, and is responsible for monitoring the Property.

The front desk attendants greet customers, and are responsible for the check-in/check-out process and for monitoring the Property.

Housekeeping attendants are responsible for overseeing the maintenance of the Property and rooms at the Property.

3

INTERROGATORY NO. 2:

Identify all other Persons *not* identified in response to Interrogatory No. 1 who have or may have knowledge or information relating to any issue in this matter. For each Person identified, please provide his/her full name, address(es), telephone number(s), place(s) of employment, job title(s), and present whereabouts. Additionally, for each Person identified, please state what you believe to be the substance of that Peron's knowledge or information relating to any issue in this matter.

RESPONSE:

Northbrook refers Plaintiff to its Initial Disclosures.

INTERROGATORY NO. 3:

Identify all experts whom you expect to call as a witness at the trial of this case. For each, please provide his/her full name, current address(es), and telephone number(s). For each, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which said expert is expected to testify, and a summary of the grounds for each opinion.

4

RESPONSE:

Northbrook objects to Interrogatory No. 3 to the extent it purports to require disclosure of information that is not required to be disclosed by the Federal Rules of Civil Procedure. Northbrook further objects to the Interrogatory to the extent it calls for the production of information or materials that are protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative. Subject to the foregoing objections, and expressly without waiving the same, Northbrook states that it has not yet determined whether it will call any specially retained experts at trial. Northbrook will supplement this response to the extent necessary under the Federal Rules of Civil Procedure upon making these determinations.

INTERROGATORY NO. 4:

Please identify all applicable liability insurance policies that extended coverage to you at any time from June 1, 2016, to present. For each such policy, please state:

(a)    the name of the named-insured in said policy;

(b)    the policy number in said policy;

(c)    the name of the insurance company who issued said policy;

5

(d)     the policy period in said policy;

(e)     the limits of liability for personal injury in said policy;

(f)     whether any reservation of rights and/or coverage denial letters have

        been issued.

RESPONSE:

Northbrook states that it previously disclosed policy information to Plaintiff's

counsel through initial disclosures and by email of a shared folder from Cathy

Ellington to David Bouchard and Melissa Millen on June 10, 2021.


INTERROGATORY NO. 5:

Identify by name and address any Person involved with monitoring, receiving,

reviewing, responding to, addressing, auditing, and/or analyzing ratings, reviews,

reports, tips, complaints, criticisms, concerns, surveys, feedback, messages, emails,

and Communications from any Person (*e.g.*, Property guests, Property customers,

law enforcement, government officials, concerned citizens, local residents, or any

other Person) about the Property.

RESPONSE:

Northbrook identifies its owner, Tahir Shareef; its manager, Ashar Islam; and the front desk attendants identified in response to Interrogatory No. 1 above.

INTERROGATORY NO. 6:

Identify and describe all plans, programs, policies, procedures, standards, guidelines, partnerships, and/or rules relating to the management and/or operation of the Property, including but not limited to those related to hotel safety and security, Criminal Activity, Prostitution, and/or Sex Trafficking. This answer should include, but not be limited to, whether the same were written or oral, when they went into effect, whether they changed over time, and how they were disseminated and enforced.

RESPONSE:

Northbrook identifies its "Rules of Conduct, United Inn & Suites, Decatur, GA." (the "Rules of Conduct"). The Rules of Conduct is a written policy and will be produced. The Rules of Conduct were in effect in 2018 and 2019, and were posted in the lobby. Northbrook's employees were trained on the Rules of Conduct and enforced them.

7

Northbrook also identifies the "United Inn & Suites Decatur Management Policies." (the "Management Policies"). The Management Policies are a written policy and will be produced. The Management Policies were in effect in 2018 and 2019. The Management Policies were reviewed with Northbrook's employees and enforced by Northbrook's employees.

INTERROGATORY NO. 7:

Identify by name, title, position, and address all Persons involved with the safety and security of hotel guests and staff at the Property.

RESPONSE:

All of Northbrook's employees identified in its Initial Disclosures and in response to Interrogatory No. 1 were involved with the safety and security of hotel guests and staff at the Property. They can be contacted through Northbrook's counsel. Additionally, Northbrook identifies Sergeant W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property.

INTERROGATORY NO. 8:

Identify and describe all measures, steps, and/or actions implemented at the Property (whether by You or another Person/s acting on your behalf) relating to the security and safety of hotel guests and staff at the Property.

RESPONSE:

Northbrook hired off-duty DeKalb County Police officers to provide security services at the Property from 10 p.m. to 2 a.m. every day.  Additionally, Northbrook utilized its security cameras as a security measure at the Property.  Northbrook also used street lights in its parking lot as a security measure.  Northbrook actively reported to DeKalb County Police any knowledge or suspicion of criminal activity on the Property.  And finally, Northbrook's employees oversaw the Property for security and safety purposes.

INTERROGATORY NO. 9:

Identify and describe each investigation, audit, review, assessment, or analysis (or the like) of the Property, its operation, and/or its management, whether performed by You or another Person, and identify the Person/s involved in performing the same.

9

RESPONSE:

Northbrook identifies the criminal trespasses that are being produced. Northbrook also refers Plaintiff to the policies identified in its response to Interrogatory No. 6 above.

INTERROGATORY NO. 10:

Identify and describe any Communications, Documents, and/or information relating to the safety and security of Property guests and staff. The response should include, but not be limited to, identification and description of safety and security assessments, reviews, and/or analyses of the Property.

RESPONSE:

Northbrook states that it consistently had phone conversations with Sergeant W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property. Additionally, Northbrook states that its employees would communicate with one another verbally regarding events that occurred during a shift to the employees working the next shift. Northbrook also refers Plaintiff to the policies identified in its response to Interrogatory No. 6 above.

INTERROGATORY NO. 11:

Identify and describe all Communications, Documents, and/or information relating to Criminal Activity, Prostitution, and/or Sex Trafficking in Hotels generally and/or at the Property specifically. This response should include, but not be limited to, identification and description of training materials relating to indicators of Criminal Activity, Prostitution, and/or Sex Trafficking, as well as complaints, tips, and/or reports relating to Criminal Activity, Prostitution, and/or Sex Trafficking at the Property.

RESPONSE:

Northbrook identifies the criminal trespasses that are being produced. Additionally, Northbrook refers Plaintiff to the policies identified in its response to Interrogatory No. 6 above. Further, Northbrook states that it consistently had phone conversations regarding the Property with Sergeant W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property. Northbrook's employees would also have face-to-face conversations with DeKalb County Police officers relating to Criminal Activity. Northbrook states that its owner, Tahir Shareef, attended meetings held for the hotel industry by the DeKalb County Police Department, but cannot recall when those meetings took place. Finally, Northbrook states that its employees were trained on signs to look

11

for relating to Criminal Activity, Prostitution and/or Sex Trafficking. That training was provided verbally by Mr. Shareef and/or Ashar Islam. There are no documents or communications memorialized on paper regarding the aforementioned employee training.


INTERROGATORY NO. 12:

Identify and describe any meetings, trainings, tutorials, curricula, materials, conversations, discussions, presentations, sessions, courses, seminars, conferences, task forces, working groups, and Communications relating to the safety of guests and/or staff at Hotels, Prostitution at Hotels, and/or Sex Trafficking at Hotels, that You attended, prepared, provided, distributed, paid for, ordered, organized, participated in, required, recommended, and/or through which you received or distributed information, including but not limited to the dates thereof as well as the Persons involved.

RESPONSE:

Northbrook states that it consistently had phone conversations regarding the Property with Sergeant W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property. Northbrook's employees would also have face-to-face conversations with DeKalb

12

County Police officers relating to Criminal Activity.  Northbrook states that its owner, Tahir Shareef, attended meetings held for the hotel industry by the DeKalb County Police Department, but cannot recall when those meetings took place. Finally, Northbrook states that its employees were trained on signs to look for relating to Criminal Activity, Prostitution and/or Sex Trafficking.  That training was provided verbally by Mr. Shareef and/or Ashar Islam.  There are no documents or communications memorialized on paper regarding the aforementioned employee training.

INTERROGATORY NO. 13:

Identify and describe any meetings, trainings, tutorials, curricula, materials, conversations, discussions, presentations, sessions, courses, seminars, conferences, task forces, working groups, and Communications relating to the safety of guests and/or staff at the Property, Prostitution at the Property, and/or Sex Trafficking at the Property, that You attended, prepared, provided, distributed, paid for, ordered, organized, participated in, required, recommended, and/or through which you received or distributed information, including but not limited to the dates thereof as well as the Persons involved.

13

RESPONSE:

Northbrook states that it consistently had phone conversations regarding the Property with Sergeant W. McClelland and Sergeant R. Weber of the DeKalb County Police Department, who provide security services at the Property. Northbrook's employees would also have face-to-face conversations with DeKalb County Police officers relating to Criminal Activity. Northbrook states that its owner, Tahir Shareef, attended meetings held for the hotel industry by the DeKalb County Police Department, but cannot recall when those meetings took place. Finally, Northbrook states that its employees were trained on signs to look for relating to Criminal Activity, Prostitution and/or Sex Trafficking. That training was provided verbally by Mr. Shareef and/or Ashar Islam. There are no documents or communications memorialized on paper regarding the aforementioned employee training.

INTERROGATORY NO. 14:

Please describe how You obtain or obtained revenue, income, profit, or money from or related to the Property, and whether and you are or were obligated to share or pay some portion of that revenue, income, profit, or money with any other Person. If You are or were so obligated, explain why.

14

RESPONSE:

Northbrook objects to Interrogatory No. 14 on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Northbrook further objects to the Interrogatory on grounds that it seeks proprietary commercial information. Subject to the foregoing objections, and expressly without waiving the same, Northbrook states that the revenue from operation of the Property is deposited into Northbrook's bank account. That revenue is used to pay Northbrook's employees. At the end of the fiscal year, if there is any remaining revenue after costs of operation have been accounted for, the remaining revenue is disbursed to Northbrook's owners based on their respective ownership percentage.

INTERROGATORY NO. 15:

Please identify and describe all contracts and/or agreements relating to the Property, including the names of the contracts and/or agreements, the signatories to the contracts and/or agreements, the subject matter of the contracts and/or agreements, and the purpose of the contracts and/or agreements. This answer should include but not be limited to any operating agreement, franchise agreement, management agreement, and so forth.

RESPONSE:

Northbrook states that it does not have an operating agreement, franchise agreement or management agreement. Northbrook will produce its corporate by-laws and Articles of Incorporation.

INTERROGATORY NO. 16:

Please identify any Person who held any ownership interest in the Property at any time from January 1, 2014, to December 28, 2020, and describe the interest.

RESPONSE:

Hasimran Sabharwal owns a 19% share of Northbrook Industries, Inc., which owns the Property. Tahir Shareef owns the remaining interest of Northbrook Industries, Inc.

INTERROGATORY NO. 17:

Please identify all documentary or other tangible evidence that you believe demonstrates and/or supports facts relevant to Plaintiff's claims, any relevant fact, liability or damages, and any defenses in this case. If such evidence is not available or no longer in existence for any reason, please explain why.

16

RESPONSE:

Northbrook objects to Interrogatory No. 17 on grounds that it seeks the production of information or materials that are protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative. Subject to the foregoing objections, and expressly without waiving the same, Northbrook refers Plaintiff to its document production, as well as to Plaintiff's document production in this case.

INTERROGATORY NO. 18:

Identify and describe the specific factual basis for each defense or denial in your Answer, including each fact, law, rule, standard, or any other reason whatsoever, that you, your expert, or other witness may rely upon in support of your defenses in this lawsuit.

RESPONSE:

Northbrook objects to Interrogatory No. 18 on grounds that it seeks the production of information or materials that are protected by the attorney-client privilege and/or the work product doctrine and/or that were prepared in anticipation of litigation by or for a party or its representative. Northbrook further objects to the Interrogatory to the extent that it is unduly burdensome, and purports to require

disclosure of information that is not required to be disclosed pursuant to the Federal Rules of Civil Procedure.  Northbrook further objects to the Interrogatory because it includes, incorporates or suggests discrete subparts that, along with other interrogatories served by Plaintiff, surpass the maximum number of interrogatories a party may serve under the Federal Rules of Civil Procedure.  Northbrook further objects to the Interrogatory on grounds that it calls for information that is in the sole possession, custody or control of laws enforcement agencies or some other individual or other entity.

Subject to the foregoing objections, and expressly without waiving the same, Northbrook refers Plaintiff to its document production, as well as to Plaintiff's document production in this case.

_/s/ Dana M. Richens_
Dana M. Richens
Georgia Bar No. 604429
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia  30309
Telephone:  (404) 815-3659
Facsimile:  (404) 685-6959
drichens@sgrlaw.com

Attorney for Defendant
Northbrook Industries, Inc.
d/b/a United Inn and Suites

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this date served all parties with the within and foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES' RESPONSES TO PLAINTIFF'S FIRST SET OF CONTINUING INTERROGATORIES** via electronic mail to the following:

Richard W. Hendrix, Esq.
rhendrix@finchmccranie.com

David H. Bouchard, Esq.
david@finchmccranie.com

Jonathan S. Tonge, Esq.
jtonge@atclasfirm.com

Patrick J. McDonough, Esq.
pmcdonough@atclawfirm.com

This 11th day of November, 2022.


_/s/ Dana M. Richens_