# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | CIVIL ACTION FILE |
| vs. | : | |
| | : | NO. 1:20-cv-05233-SEG |
| NORTHBROOK INDUSTRIES, | : | |
| INC., D/B/A UNITED INN AND | : | |
| SUITES, | : | |
| | : | |
| **Defendant.** | : | |

## PLAINTIFF'S REPLY IN SUPPORT OF HER CONSOLIDATED MOTIONS *IN LIMINE*

Plaintiff hereby submits this reply in support of her consolidated motions *in limine*. Plaintiff incorporates the enclosed memorandum of law.

## I. REPLY IN SUPPORT OF PLAINTIFF'S MOTION IN *IN LIMINE* TO EXCLUDE ARGUMENT THAT THE JURY SHOULD APPORTION DAMAGES UNDER 18 U.S.C. § 1595(a).

The Court should find that liability under 18 U.S.C. § 1595(a) is joint and several, and bar Defendant from seeking apportionment of damages at trial. (Doc. 161 at 4-7 (citing opinions by Judge Calvert and Judge Thrash on joint and several liability under TVPRA)).[1]  Defendant's arguments in opposition are unavailing.

*First*, Defendant queries "whether Georgia's apportionment statute applies to Plaintiff's claim under the TVPRA." (Doc. 165 at 4).  Why would Georgia's law on apportionment apply to Plaintiff's federal claim under the TVPRA?  Defendant does not answer the question.  Naturally, Georgia's legislature has not passed a law saying that liability for *federal trafficking claims* should be apportioned.  It does not have the authority to do so.  Defendant cites O.C.G.A. § 51-12-33, Georgia's statutory section on apportionment, but Georgia's Code reflects the "*general laws of the State of Georgia*."  O.C.G.A. § 1-1-2 (emphasis added).  Because Georgia's law on apportionment *does not apply* to Plaintiff's sole remaining federal law claim under the TVPRA, and federal common law on joint-and-several liability *does apply* to it, the Court should find that liability under 18 U.S.C. § 1595(a) is joint and several for the reasons stated in Plaintiff's Motion. (Doc. 161 at 4-7).

---

[1] Page numbers herein are the CM-ECF page numbers stamped on the top of the as-filed document.

1

*Second*, Defendant argues that it "should be permitted to introduce evidence, present argument and obtain jury instructions on proximate cause and other common-law principles applicable to the claim and defense in this case." (Doc. 165 at 7). But that is a *non-sequitur*. The motion *in limine* at issue concerns J.G.'s request that the Court find that liability under 18 U.S.C. § 1595(a) is joint and several. That is a question of law, and it is separate and distinct from Defendant's argument relating to what evidence and argument it may present on "proximate cause" at trial. Liability under 18 U.S.C. § 1595(a) is either joint and several as a matter of law, or it is not. Defendant's right to present certain evidence and argument on "proximate cause" is an unrelated issue; it does not go to whether liability under 18 U.S.C. § 1595(a) is joint and several.

*Finally*, Plaintiff agrees that proximate cause will be an issue at trial; Plaintiff will prove at trial that Defendant facilitated her trafficking and aided and abetted her traffickers, and, by doing so, proximately caused her to suffer economic and non-economic damages. Plaintiff agrees that Defendant should be allowed to argue otherwise. To do so, Defendant may choose to point the finger at Plaintiff, (Doc. 165 at 7-8), her traffickers, her sex buyers (who are also traffickers under 18 U.S.C. § 1591 because Plaintiff was 16 years old), and others. But, again, arguments about proximate cause have nothing to do with whether liability under 18 U.S.C. § 1595(a)

is joint and several.² That is a question of law.

As noted, Plaintiff will file a trial brief at the appropriate time that addresses in full why liability under § 1595(a) is joint and several, and why Defendant should not be allowed to seek apportionment of damages.

## II. REPLY IN SUPPORT OF PLAINTIFF'S MOTION IN *IN LIMINE* TO EXCLUDE INADMISSIBLE TESTIMONY FROM OFFICER WEBER AND OFFICER MCCLELLAND.

Weber and McClelland should be barred from providing the expert opinions highlighted in their respective affidavits because they fall outside of Rule 701, Defendant did not comply with Rules 26(a)(2)(A) through (a)(2)(D), and the affidavits do not satisfy Rule 702. (Docs. 161 at 12-19, 161-2, 161-3). In addition, Weber and McClelland should be barred from talking about what unidentified hotel staff "will do" because it is improper speculation and bolstering.³ (Doc. 161 at 19-21).

Defendant does not contend that it properly disclosed Weber and McClelland as expert witnesses in accordance with the Court's schedule or the

---

² Plaintiff would agree to a stipulation that addresses her trafficking at Stone Mountain Inn without violating Rule 412. (Doc. 161 at 22, n.6). That issue also does not bear on the legal principle that liability under § 1595(a) is joint and several.

³ The parties agree that Weber and McClelland may testify as lay witnesses and offer opinion testimony subject to Rule 701. The dispute only concerns whether *select parts* of Weber's and McClelland's affidavits include inadmissible expert opinions.

Federal Rules of Civil Procedure. (Doc. 165). Nor does Defendant dispute Plaintiff's analysis of the relevant provisions of the Federal Rules of Civil Procedure on disclosure and sanctions for non-disclosure. (*Id.*) As such, the instant dispute concerns only whether the challenged opinions are expert opinions under Rule 702.

Plaintiff enumerated the inadmissible expert opinions in Weber's and McClelland's nearly identical affidavits. (Docs. 161 at 9-10, 161-2, 161-3). The challenged expert opinions concern the "general security profile of the property," the need for security enhancements "given the existing security posture at the property," the adequacy of security coverage at the property, what crime on the property is "attributable" to, and the like. (Doc. 161 at 9-10).

In response, Defendant says there was "no need" for Weber and McClelland to be disclosed as experts under Rule 26 because it "does not intend, and has never intended," to offer them as experts. (Doc. 165 at 9). But Defendant does not explain why the challenged opinions fall under Rule 701, which limits opinion testimony from lay witnesses to opinions "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." In fact, the challenged opinions fall under Rule 702, because they do rely on "scientific, technical, or other

specialized knowledge."[4]  Fed. R. Evid. 701(c).   As such, Defendant had to comply with Rule 26's expert disclosure requirements.  Because it did not, the challenged opinions are inadmissible.  (Doc. 161 at 12-17).

Alternatively, even if the challenged opinions are not expert opinions (they are), then they are not relevant and do not satisfy Rule 701.   That is, if Weber and McClelland are offering *Rule 701 opinions*—which would mean they are *not* basing their identical opinions about the hotel's "security profile" on their security "knowledge, skill, experience, training, or education" *under Rule 702*—then such opinions would not be "helpful" to the jury in "clearly understanding the witness's testimony or to determining a fact in issue," Fed R. Evid. 701(b).[5]

---

[4] *See, e.g.*, *Raines v. Maughan*, 312 Ga. App. 303, 308, 718 S.E.2d 135 (2011) (expert witness "was allowed to opine that the security measures at the complex were inadequate and deficient"); *Fields v. Rainbow Cmty. Ctr., Inc.*, 369 Ga. App. 620, 625, 894 S.E.2d 191, 196 (2023) (security expert offered opinion testimony about adequacy of security at shelter); *Birge v. Dollar Gen. Corp.*, No. 04–2531, 2006 WL 5179319, at *3 (W.D. Tenn. 2006) (excluding proffered expert testimony when witness did not "have any expertise or training that qualifie[d] him to provide expert testimony concerning the deterrent effect of security measures on criminal defendants"); *Bethea v. Bristol Lodge Corp.*, No. CIV.A. 01–612, 2002 WL 31859434, at *5 (E.D. Pa. 2002) (excluding expert testimony on security deficiencies because witness "cite[d] to no industry standard for his opinions on the requisite necessities for adequate security" and his explanation could not be "tested").

[5] The officers' challenged opinions would only potentially be relevant if the officers had "knowledge, skill, experience, training, or education" that would qualify them under Rule 702 to opine about the "security profile" of a hotel.  But Defendant has not followed the Court's schedule on expert disclosure or the federal expert disclosure rules.

5

Whether the Court finds that the challenged opinions are expert opinions, or not, the Court should rule that they are inadmissible. Either the challenged opinions are expert opinions, and Defendant violated the Court's schedule and Rule 26, and the affidavits violate Rule 702, *or* they are not expert opinions, and the opinions are irrelevant and do not meet 701(b)'s helpfulness threshold.

Defendant's response only addresses two statements in Weber's and McClelland's affidavits—regarding areas on the property "that would provide concealment for commercial sex or other criminal activity" and whether they have "ever observed any activity that caused" concern about potential sex trafficking. (Doc. 165 at 11). Plaintiff agrees that Weber and McClelland may testify to those topics under Rule 701.[6]

Finally, Plaintiff also challenged certain statements in the affidavits regarding what hotel staff "will do" as improper speculation and bolstering. (Doc. 161 at 19-21). In its response, Defendant does not address Plaintiff's arguments regarding foundation and speculation. (Doc. 161 at 19-20). Instead, Defendant says it will use the subject testimony to address "how security issues are typically or routinely handled at United Inn." (Doc. 165 at 13). Plaintiff agrees that Weber and McClelland can talk about what they saw or heard when

---

[6] If Defendant goes beyond what Weber and McClelland observed, and calls upon their "knowledge, skill, experience, training, or education" as police officers for opinion testimony, then Plaintiff reserves the right to object.

6

they were at United Inn under Rule 701(a).  But they may not discuss what hotel staff "will" do generally, including when Weber and McClelland were not at United Inn for roughly 20 hours per day.[7]  They should be precluded from offering such testimony.

### III. REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE OF MINOR SEXUAL HISTORY.

Contrary to Defendant's response brief, Plaintiff is not seeking "an order excluding all evidence of her sexual history other than being trafficked at United Inn," to include "evidence of the fact that J.G. was trafficked at another, unrelated property, Stone Mountain Inn[.]"  (Doc. 165 at 13).  Plaintiff has never requested that relief.  In her Motion, she said: "Plaintiff does not dispute that she was trafficked at Stone Mountain Inn," and Plaintiff is "willing to work with Defendant's counsel to develop an appropriate stipulation regarding the same without further delving into Plaintiff's sexual history as a minor in violation of Rule 412."  (Doc. 161 at 22, n.6).  That remains Plaintiff's position—*i.e.*, she

---

[7] Evidence constitutes improper bolstering "when the purpose of the evidence is to vouch for a witness's credibility." *United States v. Bernal-Benitez*, 594 F.3d 1303, 1313-1314 (11th Cir. 2010). Here, Defendant does not know (or will not disclose) who its employees were in the relevant period. By talking about what known and unknown employees "will do"—*i.e.*, allegedly the right and lawful thing in all circumstances—Weber and McClelland are vouching for the credibility of known and unknown staff.

agrees that the fact that she was trafficked at Stone Mountain Inn is admissible at trial subject to Rule 412 and other rules of evidence.

Judge Calvert's ruling in *W.K.* is consistent with Plaintiff's position here. In *W.K.*, the Court allowed "the admission of evidence regarding the other sexual trauma Plaintiffs suffered," but "cautioned" defendants that "the Court will not permit inquiry into unnecessary details regarding these traumatic events." *W.K. v. Red Roof Inns, Inc.*, No. 1:20-CV-05263-VMC, 2024 WL 5114059, at *4 (N.D. Ga. June 10, 2024). "The goal of Defendants' questioning should be related to contesting causation or damages, not Plaintiffs' credibility or victimization." *Id.* Because this case involves a minor trafficking victim—whereas *W.K.* involved adult sex trafficking victims—the concerns raised by Judge Calvert in *W.K.* apply with greater force here, and similar cautions must be given here.

Again, Plaintiff proposes to work with Defendant's counsel in advance of trial to develop an appropriate stipulation regarding Plaintiff's trafficking at Stone Mountain Inn. The purpose of the stipulation would be two-fold. First, to inform the jury of the fact that Plaintiff was sex trafficked as a minor at Stone Mountain Inn without unnecessarily delving into Plaintiff's sexual history as a minor in violation of Rule 412. Second, to guard against the foreseeable risk of Rule 412 violations at trial if Defendant's counsel is free to ask Plaintiff questions about her experience at Stone Mountain Inn. If the parties are unable

8

to agree on an appropriate stipulation, then they can request the Court's assistance.[8] Depending on what the Court rules, the parties can discuss Plaintiff's stated safety and privacy concerns with the Court at the pre-trial conference.

IV. **REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CRIMINAL RECORD EVIDENCE.**

Even though Plaintiff was wrongfully arrested and charged with minor sex trafficking at Stone Mountain Inn months after she was trafficked at United Inn, and the DeKalb County District Attorney's Office dropped the charges because Plaintiff was herself a minor trafficking victim, Defendant still seeks to introduce evidence about the charges. According to Defendant, the fact that "it was not obvious to law enforcement officers who encountered and arrested [Plaintiff] at Stone Mountain Inn" that she was a trafficking victim is relevant to whether it would have been "obvious to United Inn management and staff that Plaintiff was a sex-trafficking victim." (Doc. 165 at 18-19 ("Northbrook contends that it would not have been obvious to United Inn management and staff that Plaintiff was a sex-trafficking victim – just as it was not obvious to law enforcement officers who encountered and arrested her at Stone Mountain Inn two months later.")). This strained argument collapses under scrutiny.

---

[8] Plaintiff reserves the right to challenge the foregoing evidence under other evidentiary rules as well, not just Rule 412.

9

How Plaintiff appeared to police at Stone Mountain Inn months after she was trafficked at United Inn is not relevant in this case against United Inn, which is about what United Inn's management and staff knew or should have known. Whether it was "readily apparent to law enforcement officers" *at Stone Mountain Inn* that Plaintiff was a minor sex trafficking victim is not relevant to Plaintiff's TVPRA claim *against United Inn*. (Doc. 165 at 18). The hotels are different places, owned by different people. Plaintiff was trafficked at the hotels at different times. (Doc. 165 at 19). Plaintiff was trafficked by different people at the hotels. Evidence of what police could (or could not) discern about Plaintiff at Stone Mountain Inn at some other time when some other people were trafficking Plaintiff is not relevant to Plaintiff's burden of proof against United Inn.

Further, evidence that Plaintiff was (improperly) charged with minor sex trafficking, when she too was a victim of minor sex trafficking, is irrelevant because there is no evidence that the police who went to Stone Mountain Inn knew anything about the evidence at issue in this case against United Inn. For example, there is no evidence that the police who encountered Plaintiff at Stone Mountain Inn knew that: Plaintiff was at United Inn for approximately 40 days during the school year as a 16-year-old; Plaintiff's traffickers rented multiple rooms at United Inn each night for months on end to traffic drugs and girls; there

were drugs, guns, condoms, and multiple girls in the rooms when housekeeping entered to clean; dozens of people visited the rooms each day to buy sex or drugs; Plaintiff had sex for money with approximately twelve buyers per day for 40 days in rooms and in cars in the United Inn parking lot; J.G. loitered on the property scantily clad and regularly bought condoms at the front desk; United Inn received a notice advising the hotel that J.G. was a missing 16-year-old suspected of being at the hotel; front desk staff bought drugs from Plaintiff's traffickers; front desk staff aided and abetted Plaintiff's traffickers, and more. There is no evidence that the police who encountered Plaintiff at Stone Mountain Inn knew anything about the foregoing evidence at United Inn. Thus, whatever the officers concluded (or did not conclude) after encountering Plaintiff at Stone Mountain Inn is not relevant in this case about United Inn.

Even if the challenged evidence had some probative value, it is inadmissible under Rule 403 because of the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. (Doc. 161 at 26).[9]

---

[9] For the same reasons, Defendant's claim that "[t]the jury should also be permitted to consider whether being taken to jail for pimping and trafficking another girl is the cause of any of the psychological injury for which Plaintiff seeks compensation in this case" is inadmissible. (Doc. 165 at 20).

11

## V. REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE SETTLEMENT EVIDENCE

Defendant's argument that the one-satisfaction rule gives it license to introduce evidence about Plaintiff's confidential settlement agreement with Stone Mountain Inn fails for two reasons.

First, the rule does not apply. The rule "generally provides that a plaintiff is entitled to only one satisfaction for *a single injury*, such that amounts received in settlement from an alleged tortfeasor are credited against judgments *for the same injury* against non-settling tortfeasors." *BUC Intern. Corp. v. International Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008) (emphasis added). Here, Plaintiff suffered distinct injuries in her roughly 40 days at United Inn and in her separate time at Stone Mountain Inn. She was trafficked at the two different hotels over different periods, by different people, and experienced distinct traumas. She did not suffer a "single injury" or the "same injury" in her time at the two separate hotels. Because she suffered separate injuries, not "a single injury" or the "same injury," the one-satisfaction rule does not apply.[10]

---

[10] Defendant notes that "Plaintiff alleges that the same individuals who trafficked her at Stone Mountain Inn brought her to United Inn to traffic her there." (Doc. 165 at 22). Plaintiff's traffickers at Stone Mountain Inn brought her to United Inn. Shortly after, they left her at United Inn. New traffickers exploited Plaintiff at United Inn for approximately 40 days. That Plaintiff's traffickers at Stone Mountain brought her to United Inn does not show that she

12

Defendant cites *Wang* to say the "rule has specifically been applied in the context of the TVPRA." (Doc. 165 at 21). *Wang* is unhelpful. There, Chinese laborers sued the project manager of a worksite and their employers for alleged labor trafficking regarding their work at the worksite. Thus, the lawsuit alleged three defendants were liable for the same injuries at a single worksite. By contrast, here, Plaintiff did not sue multiple defendants relating to her sex trafficking at United Inn. She sued one defendant, the entity that owns and manages United Inn. Plaintiff has not settled with any entity relating to her trafficking *at United Inn*. For this reason, *Wang* is inapplicable, and the one-satisfaction rule does not apply to Plaintiff's prior settlement with Stone Mountain Inn.

Even if the rule applied (it does not), Defendant's argument on how the rule should be applied is incorrect. The rule does not provide, as Defendant contends, that Defendant may introduce evidence of other settlements *before* a judgment is rendered by the jury. Here, Defendant proposes to ask the jury to consider Plaintiff's settlement with Stone Mountain before rendering a verdict, in violation of Rule 408's prohibition against using evidence of a settlement "to prove or disprove the validity or amount of a disputed claim." If the one-satisfaction rule applies (it does not), then the appropriate procedural sequence

---

suffered "a single injury" or "the same injury" in her time at United Inn with one set of traffickers, and at Stone Mountain Inn with another set. She did not.

13

would be for the jury to return a verdict, and then for the Court to credit the prior settlement against any judgment.

VI. **REPLY IN SUPPORT OF PLAINTIFF J.G.'S NOTICE OF INTENT TO FILE MOTION FOR CURATIVE INSTRUCTION IF PARTIES ARE UNABLE TO AGREE ON STIPULATION OR INSTRUCTION.**

Plaintiff files this reply to reiterate three points. *First*, she filed a notice to indicate her intention to work with opposing counsel to fashion an appropriate curative instruction. If that effort is unsuccessful, then Plaintiff will file a motion requesting the same relief.

*Second*, Defendant has never claimed that it has produced complete and correct records of who worked at the hotel during the relevant period, or that it has identified all its employees. Because it has not. Its failure to do so is not inadvertent or accidental. It is a direct result of the hotel's persistent and continuing violation of numerous state and federal laws, including but not limited to tax and employment laws. Rules 26(a)(1) and (e) exist for a reason. Applied here, Plaintiff is entitled to know everyone who worked at a hotel during the relevant period. Not just the people Defendant recalls (mainly family members) or who it chooses to disclose.

*Third*, Defendant continues to argue that its admitted disregard of discovery rules was "harmless" because Plaintiff did not depose all the employees who Defendant did disclose—*e.g.*, the wife, nephew, son, and so forth

14

of the owner and manager. There can be more efficient, economical, and productive ways to investigate a minor sex trafficking case than taking depositions of close family members of the owner of the defendant-hotel, including independent investigation of the hotel and its staff outside of the formal discovery process. Rule 26(a)(1) and Rule 26(e) violations affect fact discovery *and* fact investigation, and Defendant's violations have materially prejudiced Plaintiff (and continue to do so). That prejudice cannot be cured through cross examination; to conduct a sifting and thorough cross examination, counsel needs complete information under Rules 26(a)(1) and (e). If the Court is not convinced as to the prejudice, then Plaintiff's counsel respectfully requests an opportunity to make an e*x parte* evidentiary showing to the Court to protect Plaintiff's counsel's attorney work product.[11]

## CONCLUSION

For these reasons, and those stated in Doc. 161, Plaintiff respectfully requests that the Court grant her consolidated motions *in limine*.

---

[11] As Plaintiff reads the Court's sanctions order, the Court did not rule on Plaintiff's requested curative instruction regarding Defendant's failure to produce complete and accurate staff records. (Doc. 86 at 28; Doc. 138 at 48-49). Regardless, trial is scheduled for July 7, 2025, and trial-related matters (like curative instructions) are now ripe for resolution.

15

This 26th day of March, 2025.

/s/ *David H. Bouchard*
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859
Gabriel E. Knisely
gabe@finchmccranie.com
Georgia Bar No. 367407
Oto U. Ekpo
oto@finchmccranie.com
Georgia Bar No. 327088

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone

*Attorneys for Plaintiff*

16

**CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing pleading has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted,

*/s/ David H. Bouchard*
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that Plaintiff, through her attorneys, has served a true and correct copy of the foregoing pleading into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 26th day of March, 2025.

/s/ *David H. Bouchard*
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859
Gabriel E. Knisely
gabe@finchmccranie.com
Georgia Bar No. 367407
Oto U. Ekpo
oto@finchmccranie.com
Georgia Bar No. 327088

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile