IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. 1:20-cv-05233-SEG |
| ) | |
| NORTHBROOK INDUSTRIES, INC., ) | |
| d/b/a UNITED INN AND SUITES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO FILE OUT-OF-TIME RESPONSE
IN OPPOSITION TO DEFENDANT'S RULE 412 MOTION**

Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites ("Northbrook") opposes Plaintiff's motion [Dkt. #176] to file an out-of-time opposition to Northbrook's Rule 412 Motion, for the reasons set forth herein.

This is a hotel sex-trafficking case. Plaintiff alleges that she was trafficked for sex at United Inn and Suites ("United Inn"), an independent hotel owned and operated by Northbrook, in late 2018 and early 2019.

On April 8, 2025, Northbrook filed its FRE 412 Motion and Memorandum of Law in Support (the "Rule 412 Motion"). [Dkt. #175] In its Rule 412 Motion, Northbrook seeks leave to offer at the trial of this case evidence of Plaintiff being trafficked for sex at properties other than United Inn. Northbrook intends to offer

such evidence to contest causation of Plaintiff's alleged psychological harm and the amount of damages Plaintiff is seeking in this case.

Plaintiff failed to file a timely response to Northbrook's Rule 412 Motion. As such, the Rule 412 Motion is deemed unopposed. See L.R. 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion.").

Plaintiff now seeks an out-of-time opportunity to oppose the Rule 412 Motion. Of course, Northbrook would be prejudiced if such leave were granted, since as it stands now the Rule 412 Motion is unopposed.

Plaintiff seeks to justify her motion for leave on grounds that she really shouldn't have to respond to the Rule 412 Motion anyway since she previously asserted her opposition to such a motion in the briefing surrounding Plaintiff's motions in limine. There are several problems with this argument. First, no party should be allowed to assert that it responded to a motion before the motion was even filed. To allow parties to take such a position in litigation would render L.R. 7.1(B) meaningless and create chaos. Any party could avoid the repercussions of L.R. 7.1 simply by recasting some earlier filing in the case as its response to the later-filed motion.

Moreover, the briefs that Plaintiff contends constitute her opposition-in-advance to the subsequently filed Rule 412 Motion do not clearly articulate opposition to the relief that Northbrook seeks in its Rule 412 Motion. Rather,

Plaintiff proposes in her briefing that the parties enter into some kind of stipulation regarding evidence of Plaintiff's trafficking at a second property, Stone Mountain Inn. See Dkt. #161 at 22 n.6; Dkt. #173 at 8-10. And Plaintiff's briefing does not specifically address Plaintiff's deposition testimony that she was trafficked at a *third* property – an unnamed hotel on Memorial Drive – which is an additional topic of Northbrook's Rule 412 Motion.

In opposing Plaintiff's motion to file an out-of-time response to its Rule 412 Motion, Northbrook does not concede that it was required to file a Rule 412 motion in the first instance. See Northbrook's Rule 412 Motion at 1 n.1 (explaining that Rule 412 does not govern the admissibility of the subject evidence, as it is not being offered "to prove that a victim engaged in other sexual behavior" or "to prove a victim's sexual predisposition," citing Fed. R. Evid. 412(a)(1) and (2) and relevant caselaw). But regardless of whether Rule 412 applies, and regardless of whether Plaintiff has duly opposed Northbrook's Rule 412 Motion, the jury should be permitted to hear evidence of Plaintiff's trafficking at other properties.

## L.R. 7.1(D) CERTIFICATION

The undersigned counsel hereby certifies that this Response has been prepared in Times New Roman (14 point), which are font and point selections approved by the Court in L.R. 5.1(C).

Respectfully submitted,

 */s/ Dana M. Richens*
Dana M. Richens
Georgia Bar No. 604429
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia  30309
Telephone:  (404) 815-3659
Facsimile:  (404) 685-6959
drichens@sgrlaw.com

Attorney for Defendant
Northbrook Industries, Inc.
d/b/a United Inn and Suites

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served all parties with the within and foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE OUT-OF-TIME RESPONSE IN OPPOSITION TO DEFENDANT'S RULE 412 MOTION** via electronic mail to the following:

> David H. Bouchard
> david@finchmccranie.com
>
> Counsel for Plaintiff

This 6th day of May, 2025.

   */s/ Dana M. Richens*