## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| vs. | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| NORTHBROOK INDUSTRIES, | : | |
| INC., D/B/A UNITED INN AND | : | |
| SUITES, | : | |
| | : | |
| **Defendant.** | : | |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO FILE OUT-OF-TIME RESPONSE IN OPPOSITION TO DEFENDANT'S RULE 412 MOTION AND RESPONSE IN OPPOSITION

In its response brief, Defendant United Inn & Suites ("United Inn") argues that allowing Plaintiff's out-of-time response in opposition to United Inn's Rule 412 Motion would "create chaos" and "render L.R. 7.1(B) meaningless." (Doc. 177 at 2). Not so.

Plaintiff briefed the application of Rule 412 to this case months ago—long before United Inn filed its Rule 412 Motion. On February 26, 2025, Plaintiff filed her consolidated motion *in limine* and stated: "Under Rule 412, Plaintiff moves the Court to limit the trial evidence regarding Plaintiff's sexual history to evidence of her sexual exploitation as a minor victim of sex trafficking at United Inn & Suites." (Doc. 161 at 22). She also said that she is "willing to work with

Defendant's counsel to develop an appropriate stipulation" about Plaintiff's trafficking at other hotels that does not run afoul of Rule 412.[1] (Doc. 161 at 22, n.6). In her opening and reply *in limine* briefs, Plaintiff outlined her arguments on Rule 412, (*id.* at 21–24; Doc. 173 at 8-10).

In response to Plaintiff's motion *in limine*, United Inn raised arguments that are substantially similar to the arguments it later raised in its Rule 412 motion. *Compare* Doc. 165 at 13-17 *with* Doc. 177. Plaintiff's position on Rule 412 remains unchanged. Because Plaintiff had already briefed her position on Rule 412 as part of her motions *in limine*, she did not respond initially to United Inn's Rule 412 Motion. She did not think it was necessary to repeat arguments already set forth in her pending motion *in limine*. "Nevertheless, out of an abundance of caution, and to reiterate her position," Plaintiff filed an out-of-time reply to United Inn's Rule 412 Motion in which she "adopt[ed] and incorporate[d] the arguments set forth" in Docs. 161 and 173. (Doc. 176 at 2).

Because Plaintiff's pending motion *in limine* briefing sets forth Plaintiff's position on Rule 412, and Plaintiff's out-of-time response to United Inn's Rule 412 motion merely incorporates and adopts that briefing, there is no risk of "chaos" or of L.R. 7.1(B) being rendered "meaningless" if Plaintiff's motion to

---

[1] Plaintiff's brief mentioned Stone Mountain Inn & Suites specifically, but Plaintiff is agreeable to the stipulation referencing the other unnamed hotel where Plaintiff was trafficked.

file out-of-time response is granted.  Plaintiff's position on Rule 412 has been set forth in publicly filed briefs for months now.  Likewise, United Inn will not be "prejudiced" by the Court's consideration of arguments Plaintiff made months ago on Rule 412 in pending briefs.  (Doc. 177 at 2).  If the Court were to accept United Inn's argument that its Rule 412 motion is "unopposed"—notwithstanding Plaintiff's prior *in limine* briefing—then Plaintiff would be prejudiced by the disregard of her pending motion *in limine*.  (*Id.*)  United Inn cites no rule to support that outcome.

For these reasons, Plaintiff respectfully requests that the Court grant her Motion to File Out-of-Time Response in Opposition to Defendant's Rule 412 Motion (Doc. 175) and Response in Opposition.[2]

This 7th day of May, 2025.

/s/ David H. Bouchard
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859
Oto U. Ekpo
oto@finchmccranie.com
Georgia Bar No. 327088

---

[2] Both parties agree that the jury may hear "of Plaintiff's trafficking at other properties."  (Doc. 177 at 3).  The disagreement appears to be over how the jury may hear it and what the jury should be permitted to hear.  As Plaintiff noted previously in her *in limine* briefing, she reserves the right to challenge the evidence at issue under other evidentiary rules, not just Rule 412.

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

                                              Jonathan S. Tonge
                                              jtonge@atclawfirm.com
                                              Georgia Bar No. 303999
                                              Patrick J. McDonough
                                              pmcdonough@atclawfirm.com
                                              Georgia Bar No. 489855

ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone

                                              *Attorneys for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing pleading has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted,

*/s/ David H. Bouchard*
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that Plaintiff, through her attorneys, has served a true and correct copy of the foregoing pleading into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 7th day of May, 2025.

*/s/ David H. Bouchard*
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

*Attorney for Plaintiff*
