UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., <br><br>     Plaintiff, <br><br> v. <br><br> NORTHBROOK INDUSTRIES, INC., D/B/A UNITED INN AND SUITES, <br><br>     Defendant. | CIVIL ACTION NO. <br><br> 1:20-CV-05233-SEG |

## O R D E R

The jury trial of this matter is set to begin on July 7, 2025.[1]  There are numerous pretrial motions before the Court.  This order addresses two of those motions (Doc. 147, 176) and sets a hearing to discuss a third (Doc. 175).

### I. Non-party Northfield Insurance Company's motion to intervene (Doc. 147)

Non-party Northfield Insurance Company has moved to intervene in this action to submit special interrogatories at trial.  (Doc. 147).  It seeks "a seat at the table to formulate questions for the jury to answer[ ]" (Doc. 156 at 1-2) regarding Northfield's alleged duty to indemnify Defendant Northbrook

---

[1] This case was administratively closed while the parties engaged in mediation. (Doc. 145.)  The Court **LIFTS** the stay and **DIRECTS** the Clerk to reopen this case on the docket.

Industries, Inc., for any damages that might be awarded to Plaintiff. Plaintiff opposes the motion. (Doc. 152.) Having carefully considered the parties' positions and the applicable law, the Court will **DENY** Northfield's motion. The Court finds that the requirements for intervention of right have not been satisfied, Fed. R. Civ. P. 24(a)(2), and it declines to allow permissive intervention, Fed. R. Civ. P. 24(b). The Court will provide its Rule 24 analysis in a separate memorandum opinion to follow.

## II.    Defendant's F.R.E. Rule 412 motion (Doc. 175)

Defendant has filed a motion pursuant to Rule 412 of the Federal Rules of Evidence, in which it seeks permission to offer at trial evidence of Plaintiff J.G. being trafficked for sex at properties other than United Inn. (Doc. 175.)[2] The parties appear to disagree about whether and to what extent evidence that J.G. was trafficked at other locations may be admissible at trial, (Doc. 161 at 22-24, Doc. 173 at 8-10, Doc. 175 at 2), but the scope of their disagreement is difficult to discern from the briefing. Plaintiff, moreover, has noted her

---

[2] Northbrook does not concede that Rule 412 governs the admissibility of the subject evidence. (Doc. 175 at 1 n.1.) It argues that the evidence it will seek to introduce is not being offered "to prove that a victim engaged in other sexual behavior" or "to prove a victim's sexual predisposition." *Id.* (quoting Fed. R. Evid. 412(a)(1) and (2)).

potential willingness to stipulate to certain facts regarding her trafficking at a different motel. (Doc. 161 at 22, n.6, Doc. 173 at 8.)

Under Rule 412 of the Federal Rules of Evidence, the following evidence is not admissible in a civil proceeding involving alleged sexual misconduct: "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." F.R.E. 412(a). There are, however, exceptions to this general rule. "In a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." F.R.E. 412(b)(2).

"If a party intends to offer evidence under Rule 412(b), the party must: (A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered; (B) do so at least 14 days before trial unless the court, for good cause, sets a different time; (C) serve the motion on all parties; and (D) notify the victim . . ." F.R.E. 412(c)(1). Finally, before admitting evidence under this rule, the court must conduct an *in camera* hearing and give the victim and parties a right to attend and be heard. *See* F.R.E. 412(c)(2).

The Court intends to resolve as many disputed evidentiary matters as possible before trial and finds it prudent to have in place clear parameters concerning the admissibility of any evidence of Plaintiff's alleged sexual

3

behavior. To that end, the Court will conduct a hearing on the Rule 412 motion on June 30, 2025, at 4:00 PM in Courtroom 2307. At the hearing, Defendant should be prepared to identify and discuss any evidence it seeks to admit at trial concerning Plaintiff's alleged sexual behavior, outside of what allegedly occurred at the United Inn. In the event the parties have reached a stipulated agreement regarding these matters, they may so inform the Court by filing a joint notice with the stipulation attached.

### III. Plaintiff's motion for leave to file out-of-time response (Doc. 176)

Plaintiff has filed a motion to file an out-of-time response in opposition to Defendant's Rule 412 motion. (Doc. 176.) Plaintiff explains that she "did not respond in opposition to [Defendant's] April 8th Motion because Plaintiff previously briefed her position on the application of Rule 412 in her briefing on her Consolidated Motions in Limine." (*Id.* at 2.) Defendant opposes the motion, pointing out, *inter alia*, that, under Local Rule 7.1(B), a party's failure to respond to a motion indicates there is no opposition to it. (Doc. 177.) Having considered the parties' positions and for good cause shown, the Court **GRANTS** Plaintiff's motion (Doc. 176) and will consider Plaintiff's response.

While Plaintiff should have filed a timely response to the Rule 412 motion, she made clear in her earlier-filed motion in limine her position that

she wanted to "limit the trial evidence regarding Plaintiff's sexual history to evidence of her sexual exploitation as a minor victim of sex trafficking at United Inn & Suites." (Doc. 161 at 22). Plaintiff's additional briefing further elucidates her position on the issues. (Doc. 173 at 8-10.) There is no risk of prejudice or unfair surprise to Defendant here, and the undersigned finds it prudent to decide the matter on the merits rather than based on Plaintiff's minor procedural misstep.

**SO ORDERED**, this 12th day of June, 2025.

SARAH E. GERAGHTY
United States District Judge