UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G.,<br><br>          Plaintiff,<br><br>     v.<br><br>NORTHBROOK INDUSTRIES,<br>INC., D/B/A UNITED INN AND<br>SUITES,<br><br>          Defendant. | CIVIL ACTION NO.<br><br>1:20-CV-05233-SEG |

## <u>MEMORANDUM OPINION</u>

This case is before the Court on non-party Northfield Insurance Company's motion to intervene in this action to submit special interrogatories at trial. (Doc. 147). On June 12, 2025, the Court denied the motion to intervene. (Doc. 181.) This memorandum explains the Court's reasoning.

### I.    Background

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).[1] Plaintiff, proceeding

---

[1] The TVPRA prohibits certain kinds of human trafficking, including sex trafficking. *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021). Under Section 1595 of the TVPRA, any "victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or

anonymously as J.G., alleges that in 2018 and 2019, she was trafficked for sex as a minor while residing at the United Inn, a hotel owned, operated, and managed by Defendant Northbrook Industries, Inc. ("Northbrook"). (Compl. ¶¶ 8-10, 20.) Plaintiff claims that Northbrook "knew or should have known" that she was trafficked on its premises and that Northbrook "participated in, facilitated, condoned, or ignored the sex trafficking of [J.G.]." (*Id.* ¶ 11.) She seeks to hold Northbrook liable for participating in and facilitating her trafficking, while receiving the profits of rooms rented by her traffickers.

The trial of this matter is set to begin on July 7, 2025. Non-party Northfield Insurance Company is providing a defense to Defendant Northbrook, its insured. (Doc. 147 at 1.) It is doing so under "a full and complete" reservation of all rights afforded to Northfield under the terms of commercial insurance Policy WS348486, with a policy period of July 13, 2028, to July 13, 2019 ("the Policy").[2]

---

should have known has engaged in an act in violation of this chapter)[.]" 18 U.S.C. § 1595(a).

[2] *See* Ltr. from Northfield to Northbrook Industries, April 1, 2021, *Northfield Insurance Company v. Northbrook Industries, Inc. and J.G.*, Civil Action No. 1:23-cv-3596-SEG (Doc. 7-2 at 12) (stating that Northfield's "agreement to defend Northbrook and to continue to investigate coverage for Plaintiff's claims is being made with a full and complete reservation of all the rights afforded to Northfield under the. . . Policies . . .").

Northfield disputes that it owes either a duty to defend or a duty to indemnify Northbrook as to the claims raised in this case. It thus filed a related, declaratory judgment action in this Court. *See Northfield Insurance Company v. Northbrook Industries, Inc. and J.G.*, Civil Action No. 1:23-cv-3596-SEG (Doc. 1). In the declaratory judgment action, Northfield seeks a declaration that it has no duty to defend or indemnify United Inn. *See id.* Northbrook and J.G. moved to dismiss the declaratory judgment action, and on September 16, 2024, the undersigned granted the motion in part, finding that Northfield owed a defense but staying the coverage lawsuit with respect to the duty to indemnify pending resolution of the jury trial in the instant case. *See id.,* Civil Action No. 1:23-cv-3596-SEG (Doc. 28). The Court's September 16, 2024, order in the declaratory judgment action is presently on appeal.

On December 9, 2024, Northfield moved to intervene in this case case for the purpose of submitting special interrogatories to the jury regarding its obligations, if any, to defend and indemnify Northbrook. (Doc. 147). Northfield argues it has a right to intervene, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, to protect adequately its interests in this case. (*Id.* at 5-7). Alternatively, Northfield argues that this Court should exercise its discretion to grant permissive intervention. (*Id.* at 7-8). Plaintiff opposes Northfield's motion, arguing, among other things, that Northfield's request to add

questions about coverage to the verdict form in this case would impermissibly expand Plaintiff's burden of proof at trial beyond the elements of the TVPRA claim that Plaintiff asserts. (Doc. 152 at 3-5.)  Defendant Northbrook has not responded to its insurer's motion.

## II.    Discussion

### A. Intervention as of Right

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention of right in a civil action.  Under Rule 24(a)(2), "anyone" who, "[o]n timely motion, . . . claims an interest relating to the property or transaction that is the subject of [an] action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," must be permitted to intervene in that action.  Fed. R. Civ. P. 24(a)(2).  An exception is made where "existing parties adequately represent that interest." *Id*.

The Eleventh Circuit has interpreted Rule 24(a)(2) to require a party seeking intervention as a right to demonstrate that:

> (1) [their] application to intervene is timely; (2) [they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit.

*Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 290 (11th Cir. 2020) (citing *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695-96 (11th Cir. 2017)).  A Rule 24(a) intervenor must have a "direct, substantial, legally protectable interest in the proceedings." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970) (internal quotations omitted).

### 1. Timeliness

The first issue this Court must address is timeliness.  Whether a motion to intervene is timely filed is a threshold factor that "is to be determined from all the circumstances."  *NAACP v. New York*, 413 U.S. 345, 365-66 (1973).  To determine whether a motion to intervene is timely, courts look to

> [1.] [t]he length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene[;] 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case[;] 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied[;] and 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Burke*, 833 F. App'x at 291 (quoting *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017)).

Turning first to the length of time during which Northfield knew of its interest in this case, the Court finds that Plaintiff initiated this action on

December 28, 2020, and that Northfield's motion to intervene was filed nearly four years later, on December 9, 2024. Although the motion before the Court does not contain any definitive indication of when Northfield became aware of this action, Northfield issued a reservation of rights letter pertaining to this action to its insured on April 1, 2021.[3] It filed its declaratory judgment action on August 14, 2023. Thus, there was a lengthy period between the date when Northfield learned of J.G.'s case and its intervention motion.

Northfield, however, argues that the need to intervene in this case did not become apparent until this Court issued its September 16, 2024, order granting in part the motion to dismiss in the related, declaratory judgment action. (Doc. 147 at 5, n.1.) It further points out that, at the time it sought intervention, the trial date in this case was four months away, and the date to file proposed jury charges had not yet passed. (*Id.*)

The Court finds Northfield's argument regarding timeliness to be unpersuasive. It is undisputed that Northfield knew as early as April 1, 2021, the scope of the claims in this action, the terms of the Policy, and the potential exclusions and limitations at play. It further knew that there was some

---

[3] *See* Ltr. from Northfield to Northbrook Industries, April 1, 2021 (Doc. 7-2), *Northfield Insurance Company v. Northbrook Industries, Inc. and J.G.*, Civil Action No. 1:23-cv-3596-SEG.

question about how the scope of coverage might apply. Indeed, Northfield filed a declaratory judgment action precisely because it sought clarity on its rights and obligations under the Policy. Northfield does not explain why it needed to await a ruling on the motion to dismiss in the coverage lawsuit before it knew that it had an interest in the instant case. The J.G. complaint itself alerted Northfield to the existence of thorny coverage issues that could turn on evidence presented at trial. The Court finds that Northfield knew or reasonably should have known of its interest in this case approximately three-and one-half years before it moved to intervene. This factor weighs against Northfield in the timeliness analysis.

The Court further finds that Plaintiff would experience prejudice if the Court permitted intervention at this late stage. Granted, Northfield seeks intervention for the limited purpose of submitting interrogatories to the jury, but the timing of Northfield's request has left Plaintiff unable meaningfully to prepare for such intervention. While Plaintiff had planned to put on a case proving the elements of the TVPRA, Northfield now wants to have the jury answer *different* questions that are *tangential* to the matters needed to show a TVPRA violation. At the time Northfield filed its motion, moreover, discovery had closed, and this Court had already adjudicated summary judgment and set a trial date. If Northfield were permitted to intervene, Plaintiff would be left

unable to develop evidence she may need to make her case on the insurance questions Northfield wants to inject here.[4]  Additionally, Northfield has not attached its proposed special interrogatories to its motion, so Plaintiff and the Court are in the dark as to what precise questions it wants the jury to answer. For these reasons, the Court finds that Plaintiff would be prejudiced by Northfield's failure to apply for intervention earlier in the case.  The prejudice-to-parties factor weighs against Northfield in the timeliness analysis.

As for the extent of the prejudice that Northfield may suffer if its petition for leave to intervene is denied, this factor cuts both ways.  If intervention is denied, Northfield will not have the opportunity directly to query the jury in this case about coverage-related matters.  That said, Northbrook, Northfield's insured, has every incentive to zealously defend against Plaintiff's allegations in the upcoming trial, and, indeed, Northfield has engaged counsel for its insured for this purpose.  Further, Northfield has a pending declaratory

---

[4] To give an example, the question of whether Plaintiff experienced physical deterioration during her stay at United Inn is relevant to the coverage dispute, but not pertinent to the elements of a TVPRA claim.  Had she known earlier about Northfield's desire to intervene, Plaintiff might have developed evidence, including expert evidence, to show such physical deterioration.  (*See* Pl's Resp. Brief, Doc. 152 at 10 (stating that if Northfield were permitted to intervene, she would seek discovery, and that such discovery would delay these proceedings)).

judgment action in which it is pursuing its coverage positions. On balance, the timeliness factors weigh against Northfield. Its motion was not timely.

### 2. Intervenor's Interest

Even if Northfield's motion had been timely, however, the Court finds it is due to be denied for Northfield's failure to satisfy the second prong of the Rule 24(a)(2) analysis.

"Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is *direct,* substantial and legally protectable." *Georgia v. United States Army Corps of Eng'rs,* 302 F.3d 1242, 1249 (11th Cir. 2002) (emphasis added). The Eleventh Circuit "has held that a legally protectable interest 'is something more than an economic interest.'" *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (quoting *United States v. South Fla. Water Mgmt. Dist.,* 922 F.2d 704, 710 (11th Cir.1991)). "What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant." *Id.* (quotation marks and citation omitted) (emphasis in original).

Northfield argues that since Northbrook has sought coverage under Northfield-issued policies, Northfield has a direct financial interest—and therefore, a substantial legal interest—in this matter. (Doc. 147 at 5-7). It

further argues that that "the outcome of this case will inform the extent to which, if any, Northfield owes a duty to indemnify." (*Id*. at 5.) Plaintiff responds that because Northbrook's liability has not yet been determined, Northfield's interest is only a contingent one. (Doc. 152 at 6.)

Plaintiff has the better argument. "The interest required to intervene as of right is a 'direct' interest. . . By definition, an interest is not direct when it is contingent on the outcome of a subsequent lawsuit." *Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006); *see also Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638-39 (1st Cir. 1989).[5] Further, where, as here, an insurer defends under a full reservation of rights, its "interest in the liability lawsuit is contingent upon the outcome of the coverage lawsuit." *Ross*, 456 F.3d at 443;

---

[5] Northfield cites to *Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006), in support of its position, but its argument is unpersuasive. In *Ross*, the Fifth Circuit found that an insurer had an interest sufficient to intervene in an appeal of an adverse liability judgment entered against its insured, where the insurer "defended [its insured] under a limited reservation of rights, accepting coverage for any negligent conduct while denying coverage for any intentional conduct." *Ross*, 456 F.3d at 444. As the Fifth Circuit explained, once the insurer accepted coverage over liability on the part of its insured, it had a direct interest in the liability lawsuit. *See id*. The Fifth Circuit, however, expressly distinguished circumstances like those present in this case, in which the insurer defends pursuant to *a full and complete reservation of rights*. *See id*. at 443. Under those circumstances, the court found, the insurer's interest in the liability lawsuit is contingent upon the outcome of the coverage lawsuit. *See id*. "That interest, without more, is insufficient for intervention." *Id*. Here, as noted above, the coverage lawsuit is ongoing.

*see also Dingwell*, 884 F.2d at 639; *Sanchez v. Clark*, No. CV 308-054, 2008 WL 11422525, at *2-3 (S.D. Ga. Nov. 18, 2008).

The Court thus finds that Northfield's interest in this litigation is "contingent and strictly economic," which is insufficient to satisfy the requirements of Rule 24(a)(2) intervention. *See, e.g., Sanchez*, 2008 WL 11422525, at *2-3; *see also Dorsett v. Negril Rest. ATL, LLC*, No. 1:23-CV-4255-MHC-JKL, 2024 WL 5700347, at *2 (N.D. Ga. Feb. 7, 2024), *report and recommendation adopted,* No. 1:23-CV-4255-MHC-JKL, 2024 WL 5699924 (N.D. Ga. Feb. 29, 2024) (finding that insurer's interest in minimizing its insured's liability was not sufficiently direct to permit intervention as of right when it was defending under reservations of rights); *S.R. v. Wyndham Hotels & Resorts, Inc.*, No. 2:23-CV-1731, 2024 WL 2795784, at *2 (S.D. Ohio May 31, 2024) (denying insurer's motion to intervene as of right in TVPRA litigation, and explaining that the insurer failed to allege a direct and substantial interest in the subject of the litigation); *Travelers Indem. Co. v. Burnette Constr. & Dev., Inc.*, No. 1:19-CV-96 (LAG), 2020 WL 13441634, at *2 (M.D. Ga. Jan. 29, 2020) (finding that an insurance company was not entitled to intervene as of right in a negligence action against the insurance company's insured because the insurer "d[id] not have a direct, significant, and legally protectable interest in the outcome of this matter"). Northfield has a contingent, economic interest in

the outcome of the trial in this case, but that interest does not support a right to intervene under Rule 24(a)(2).

### 3. Intervenor's Ability to Protect Its Interest

The Court further finds that Northfield has not established the possibility of impairment of its interests absent intervention. As noted, Northfield is separately litigating its coverage dispute through a declaratory judgment action. *See Burke*, 833 F. App'x at 292. And the Eleventh Circuit "has noted that the ability to separately litigate defeats the impairment element." *Id.* (citing *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 594 (11th Cir. 1991)). "Permitting this case to proceed without intervention does not impede or impair [Northfield's] ability to protect its interest through the more appropriate avenues." *Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-CV-1394-ORL-37DCI, 2019 WL 1976450, at *3 (M.D. Fla. Feb. 14, 2019) (rejecting insurer's argument that disallowing intervention would impede its ability to allocate the damages it may have a duty to indemnify, and reasoning that the insurer's "interest in the allocation of damages could be protected by way of a subsequent declaratory action.").

\*\*\*

12

Having found Northfield failed to satisfy the first three factors of the Rule 24(a) test, the Court need not analyze the remaining factor. *See In re Warrant*, No. 22-12791, 2023 WL 4995735, at *2 (11th Cir. Aug. 4, 2023); *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991). Northfield's request for intervention as of right under Rule 24(a)(2) is denied.

## B. Permissive Intervention

Rule 24(b) of the Federal Rules of Civil Procedure states that: "[o]n timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." The rule further requires that in exercising its discretion, a court must consider whether permitting intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). District courts enjoy substantial discretion to grant intervention under Rule 24(b). *See Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996). A court may deny intervention even if the requirements of Rule 24(b)(2) are met. *See, e.g., Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *Mathews v. Home Depot USA, Inc.*, No. 1:22-CV-02605-ELR, 2024 WL 4156416, at *10 (N.D. Ga. Sept. 5, 2024).

Courts considering whether to permit an insurance company to intervene in circumstances analogous to those present here have gone both

ways: some have permitted intervention, while others have declined to do so.[6] Having carefully considered Northfield's and Plaintiff's arguments, the Court declines to permit intervention here.

First, as stated above, the Court finds that Northfield's motion is untimely. Second, Northfield has not identified what the common questions of law or fact would be here. While its motion insists that "there are clearly common questions of fact in both this case and the pending Coverage Lawsuit[,]" (Doc. 147 at 8; *see also* Doc. 156 at 6), it does not say what those common questions are.

Moreover, as Plaintiff points out (Doc. 152 at 9), J.G.'s case will be about liability under the TVPRA, whereas the declaratory judgment action concerns Northbook's insurance contract with Northfield and whether there is coverage

---

[6] *Compare, e.g., Burnette Constr. & Dev., Inc.*, No. 1:19-CV-96 (LAG), 2020 WL 13441634, at *3 (M.D. Ga. Jan. 29, 2020) (permitting insurance company to intervene to serve special interrogatories at trial); *Sewell v. Barge, Waggoner, Sumner & Cannon, Inc.*, No. 5:07-CV-00447-HGD, 2009 WL 10688972, at *4 (N.D. Ala. May 14, 2009) (same) *with Restor-A-Dent Dental Lab'ys, Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871 (2d Cir. 1984) (finding that district court could have permitted insurance company to intervene to serve interrogatories, but that it did not abuse its broad discretion in declining to do so); *Dorsett*, 2024 WL 5700347, at *3 (N.D. Ga. Feb. 7, 2024) (declining to permit insurance company to intervene in Title VII case against its insured); *United States v. Hames*, No. 5:18-CV-1055-CLS, 2020 WL 4219885, at *3-4 (N.D. Ala. July 23, 2020) (denying motion for intervention made for the purpose of submitting a special verdict form or jury interrogatories).

under the Policy.  To prevail on her TVPRA beneficiary claim, Plaintiff must introduce evidence at trial that United Inn: (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA as to the Plaintiff, and (4) that the defendant had construction or actual knowledge that the undertaking or enterprise violated the TVPRA as to Plaintiff.  *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021).  In contrast, Northfield's interrogatories to the jury are likely to focus on matters tangential to the TVPRA case, like assault, battery, and whether Plaintiff experienced physical deterioration.  Those matters are relevant to the coverage dispute, but not to the TVPRA claim.  In sum, the special interrogatories requested by Northfield likely would "require[ ] a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action."  *S.R. v. Wyndham Hotels & Resorts, Inc.*, No. 2:23-CV-1731, 2024 WL 2795784, at *3 (S.D. Ohio May 31, 2024) (denying insurer's request for permissive intervention in TVPRA case).  Northfield has not shown that the two cases raise common questions of law or fact.

Even if there was some factual overlap between Plaintiff's case and Northfield's interrogatories, Plaintiff would suffer prejudice from Northfield's intervention at this stage in the litigation.  The Court agrees with Plaintiff that

15

she would be prejudiced by intervention because it would put her in the position of having to introduce evidence about insurance coverage issues (*e.g.* physical deterioration, abuse, molestation, assault, and battery) that are not elements of her TVPRA claim. And, unless she sought to reopen litigation deadlines and delay trial, she would have to educate the jury on the facts relevant to coverage without the benefit of discovery or expert testimony developed on these issues. Finally, the Court finds that Northfield has other adequate means of asserting its rights, namely, through its declaratory judgment action. Thus, the Court declines to exercise its discretion to allow Northfield to intervene.

## III.    Conclusion

Northfield Insurance Company's motion to intervene in this action to submit special interrogatories at trial (Doc. 147) is **DENIED**.

**SO ORDERED** this 16th day of June, 2025.

SARAH E. GERAGHTY
United States District Judge