IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., | : |
| | : |
| **Plaintiff,** | : |
| | : CIVIL ACTION FILE |
| vs. | : |
| | : NO. 1:20-cv-05233-SEG |
| NORTHBROOK INDUSTRIES, | : |
| INC., D/B/A UNITED INN AND | : |
| SUITES, | : |
| | : |
| **Defendant.** | : |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S TRIAL BRIEF

Plaintiff hereby submits the enclosed response in opposition to Defendant's trial brief regarding the following issues:

- Apportionment under 18 U.S.C. § 1595(a);
- Punitive damages under 18 U.S.C. § 1595(a);
- Plaintiff's claims for fees, costs and expenses.

1

**Plaintiff's Response in Opposition to Defendant's Trial Brief on Apportionment under 18 U.S.C. § 1595(a)**

In response to Defendant's trial brief on apportionment under 18 U.S.C. § 1595(a), plaintiff incorporates in full her trial brief on joint and several liability under 18 U.S.C. § 1595(a). (Doc. 188).

Defendant does not dispute that Supreme Court precedent establishes that "joint and several liability is the traditional rule" for torts. *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 163 (2003); Doc. 187 at 5. Nor does Defendant dispute that apportionment is a special rule. *Norfolk*, 538 U.S. at 164–65 (rejecting argument that "the modern trend is to apportion damages between multiple tortfeasors," and finding that "many States retain full joint and several liability," "even more retain it in certain circumstances," and "most of the recent changes away from the traditional rule have come through legislative enactments rather than judicial development of common-law principles."). Further, Defendant does not contest that Congress must speak directly to a common law rule to abrogate it. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991).

Here, Congress did not abrogate the "traditional rule" of joint-and-several liability under Section 1595(a). Congress's silence on apportionment in Section 1595(a) reveals its intent, because it *did* specifically provide for apportionment in another TVPRA section, 18 U.S.C. § 1593(b)(2). That should end the discussion, because it is a "fundamental canon of statutory construction that the words of a

2

statute must be read in their context and with a view to their place in the overall statutory scheme." *Util. Air Regulatory Grp. v. E.P.A.*, 573 U.S. 302, 320, 134 S. Ct. 2427, 2441 (2014). "When the meaning of the statute's terms is plain, our job is at an end." *Bostock v. Clayton County*, 590 U.S. 644, 674, 140 S. Ct. 1731, 1749 (2020); *see also Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) ("It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.").

Even though Defendant does not contest that joint and several liability is the "traditional rule" for torts at common law, or that Congress was silent as to abrogation of that rule in Section 1595(a) cases, Defendant's trial brief nonetheless argues that the Restatement (Second) of Torts § 433A shows that Section 1595(a) civil-beneficiary claims must be apportioned. There are multiple problems with Defendant's argument.

To start, comment (i) to § 433A says, "*[b]y far* the greater number of personal injuries … are thus normally single and indivisible. Where two or more causes combine to produce such a single result, incapable of division on any logical or reasonable basis, and each is a substantial factor in bringing about the harm, the courts have refused to make an arbitrary apportionment for its own sake, and each of the causes is charged with responsibility for the entire harm." By its own terms,

§ 433A affirms that in most personal injury cases the rule is joint-and-several liability.

Further, § 433A is limited to cases where there is "distinct harm" or "a reasonable basis for determining the contribution of each cause to a single harm." Neither ground applies. Plaintiff is a victim of child sex trafficking at United Inn. Parsing apart or apportioning Plaintiff's trauma from being sex trafficked at United Inn among the various tortfeasors (traffickers, sex buyers, and complicit hotel staff) is not feasible. As the Supreme Court has directed, "[w]hen two or more causes produce a single, indivisible harm," courts should "refuse[] to make an arbitrary apportionment for its own sake, and each of the causes is charged with responsibility for the entire harm." *Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 614–15 (2009).

Defendant overlooks § 875 of the Restatement (Second) of Torts, which does apply here. It provides, "[e]ach of two or more persons whose tortious conduct is a legal cause of a single and indivisible harm to the injured party is subject to liability to the injured party for the entire harm." Restatement (Second) of Torts § 875 (1977); *see also The Atlas*, 93 U.S. 302, 306 (1876) ("An innocent party, injured by the co-operative negligence of several persons, can sue them jointly or severally, and recover from either compensation for the injury done by all."). Likewise, § 879 of the Restatement (Second) of Torts says, "[i]f the tortious conduct of each of two or

more persons is a legal cause of harm that cannot be apportioned, each is subject to liability for the entire harm, irrespective of whether their conduct is concurring or consecutive."); *see also Watts v. Laurent*, 774 F.2d 168, 179 (7th Cir. 1985) ("It is axiomatic that where several independent actors concurrently or consecutively produce a single, indivisible injury, each actor will be held jointly and severally liable for the entire injury. In such a case the injured party may proceed to judgment against any or all of the responsible actors in a single or in several different actions." (citation omitted).)"

While at United Inn, J.G. suffered harm and trauma because of tortious conduct by United Inn, traffickers, and sex buyers. The conduct of each of those participants was necessary; without all three participants, Jhordyn would not have been injured at United Inn. In other words, the conduct of all three categories of people "is a legal cause of a single and indivisible harm" to J.G. Therefore, under § 875 and § 879 of the Restatement (Second) of Torts, joint-and-several liability applies.

United Inn's footnote citation to three Eleventh Circuit cases is not persuasive. None of the cited cases concern joint-and-several liability *or* Section 1595(a). Rather, they generally discuss Restatement. It is not controversial that "[t]he Eleventh Circuit looks to the Restatement for guidance on federal common law in a variety of contexts." As noted, the Restatement § 875 and § 879 (and binding

Supreme Court authority) support the application of joint-and-several liability to Plaintiff's Section 1595(a) claim.

Finally, United Inn's effort to distinguish *W.K.* falls short. *W.K.* involved multiple Georgia state law and TVPRA claims. Here, there is only a TVPRA claim. Thus, Georgia state law on apportionment had relevance in *W.K.*, but does not here. Further, in *W.K.* Judge Calvert found that the common-law rule of joint and several liability applied to the TVPRA. This Court should fine the same. In evaluating the Georgia law claims in *W.K.* (again, there are no Georgia law claims here), Judge Calvert said: "[u]nder Georgia law, the apportionment statute does not abrogate the common law of joint and several liability when tortfeasors engage in concerted action or a civil conspiracy" that results in indivisible fault. 2024 WL 2892322, at *2-3. The same considerations identified by Judge Calvert apply here. As part of Plaintiff's proof that Defendant violated Section 1595(a), Plaintiff will present evidence that United Inn "engage[d] in concerted action or a civil conspiracy" with other tortfeasors at the property, including Plaintiff's traffickers. *See* Restatement (Second) of Torts § 876 ("For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance

to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.")

For these reasons, and those set for in Plaintiff's trial brief, Plaintiff opposes Defendant's trial brief on apportionment under Section 1595(a) and asks the Court to find that Section 1595(a) provides for joint-and-several liability.

### Plaintiff's Response in Opposition to Defendant's Trial Brief on Punitive Damages

In response to Defendant's trial brief on punitive damages under 18 U.S.C. § 1595(a), plaintiff incorporates in full her trial brief on punitive damages under 18 U.S.C. § 1595(a). (Doc. 188).

Every single circuit that has considered whether Section 1595(a) permits punitive damages has concluded that it does. No circuit has said otherwise. That makes sense, because Section 1595(a) prohibits knowingly benefiting from participating in a venture that the beneficiary knew or should have known has engaged in an act in violation of Section 1591(a). Outrageous conduct. *See* Restatement (Second) of Torts § 908 (1979) ("(2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.")[1]

United Inn seems to argue that civil-beneficiary liability is not bad enough to

---

[1] Defendant cites to the Restatement (Second) of Torts in its apportionment argument but makes no mention of the Restatement in its punitive damages argument.

warrant punitive damages. It points to the facts of *Ditullio* and contends that its holding is inapposite because the defendant in that case committed the crime of sex trafficking. The distinction is not meaningful, however, because civil-beneficiary liability only attaches to outrageous conduct. If a person has actual knowledge that a venture in which they are participating—and from which they are benefiting—has engaged in an act in violation of Section 1591(a), then that person has engaged in outrageous, offensive, and reprehensible conduct in violation of Section 1595(a). In other words, conduct suited for punitive damages. Likewise, if a beneficiary has constructive knowledge of the same, that person has also engaged in outrageous, offensive, and reprehensible conduct suited for punitive damages.[2]

Finally, Defendant's citation to cases "reject[ing] claims for punitive damages for violation of a federal statute" (Doc. 187 at 8-9) does not address critical distinctions between the text of the cited statutes (e.g., Rehabilitation Act, ERISA, Title VII, FMLA, FLSA, RESPA, TILA, FDCPA) and Section 1595(a). In short, those are fundamentally different federal statutes with distinct language and

---

[2] In this Court's summary judgment order, it found that "[t]he common thread in the Eleventh Circuit's opinions is a requirement that the plaintiff (i) show at least some connection between the hotel operator's and the trafficker's actions (the *common venture*) and (ii) identify what actions the operator took to advance the object of the joint undertaking (*participation* in the common venture)." (Doc. 138 at 19). Under the Court's articulation, outrageous conduct is required—*i.e.*, evidence that the hotel operator's actions had "some connection" to the trafficker's and that the operator took steps to help the trafficker.

provisions that do not apply to Section 1595(a).

This Court should follow apply the common law of torts, as captured in the Restatement, and the holdings of every circuit to have considered the question,[3] and find that punitive damages are available under Section 1595(a).

### Plaintiff's Response in Opposition to Defendant's Trial Brief on Attorney's Fees and Costs

Plaintiff is not making a claim under O.C.G.A. § 13-6-11 or O.C.G.A. § 9-11-68 because her state law claim was dismissed.  She is, however, claiming costs and attorneys' fees under Federal Rule of Civil Procedure 54.  The parties have not yet submitted their final, signed pre-trial order. In any event, Plaintiff has listed in the working version of the pre-trial order provided to Defendant that the relevant authorities on which she is relying include the Federal Rules of Civil Procedure.

In relevant part, Rule 54(d)(1) provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Neither Section 1595(a), nor any other statute, rule, or court order provides that Plaintiff's costs are not recoverable. Further, Section 1595(a) allows for recovery of "damages and reasonable attorneys' fees."

Therefore, Plaintiff concedes that she is not making a claim under O.C.G.A.

---

[3] Judge Callahan's dissent, cited by Defendant, is a minority position that has been rejected by at least two circuits that have found the opposite.

§ 13-6-11 or O.C.G.A. § 9-11-68. But Plaintiff is asserting a claim for costs and attorneys' fees under Federal Rule of Civil Procedure 54.

This 2nd day of July, 2025.

/s/ *David H. Bouchard*
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859
Oto U. Ekpo
oto@finchmccranie.com
Georgia Bar No. 327088

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone

*Attorneys for Plaintiff*

10

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing pleading has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

    Respectfully submitted,

    */s/ David H. Bouchard*
    David H. Bouchard
    david@finchmccranie.com
    Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certify that Plaintiff, through her attorneys, has served a true and correct copy of the foregoing pleading into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 2nd day of July, 2025.

> */s/ David H. Bouchard*
> David H. Bouchard
> david@finchmccranie.com
> Georgia Bar No. 712859
>
> *Attorney for Plaintiff*