8months,APPEAL,LTDREF,REOPEN,SUBMDJ

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: <u>1:20–cv–05233–SEG</u>

J.G. v. Northbrook Industries, Inc.

Assigned to: Judge Sarah E. Geraghty

Cause: 18:1589 Forced Labor, Sex Trafficking

Date Filed: 12/28/2020

Jury Demand: Plaintiff

Nature of Suit: 360 P.I.: Other

Jurisdiction: Federal Question

**Plaintiff**

**J.G.**                                    represented by   **David Holmes Bouchard**
Finch McCranie, LLP
Georgia
229 Peachtree Street, N.E.
Suite 2500, International Tower
Atlanta, GA 30303
404–658–9070
Email: david@finchmccranie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Tonge**
Andersen, Tate & Carr, PC
One Sugarloaf Centre
1960 Satellite Blvd.
Suite 4000
Duluth, GA 30097
770–822–0900
Email: jtonge@atclawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick J. McDonough**
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 4000
Duluth, GA 30097
770–822–0900
Email: pmcdonough@atclawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Wayne Hendrix**
Finch McCranie, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, GA 30303
404–658–9070

1

Fax: 404–688–0649
Email: rhendrix@finchmccranie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Warren Carl Lietz , III**
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500, International Tower
Atlanta, GA 30303
404–658–9070
Fax: 404–688–0649
Email: carl@finchmccranie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gabe Knisely**
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, GA 30303
404–658–9070
Fax: 404–688–0649
Email: gabe@warlawgroup.com
*ATTORNEY TO BE NOTICED*

**Oto U. Ekpo**
Finch McCranie LLP
229 Peachtree St. NE
Suite 2500
Atlanta, GA 30303
404–658–9070
Email: oto@finchmccranie.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Northbrook Industries, Inc.**          represented by  **Audrey D Smith**
*doing business as*                      Smith, Gambrell & Russell, LLP
United Inn and Suites                    1105 W Peachtree St NE
                                         Suite 1000
                                         Atlanta, GA 30309
                                         404–815–3789
                                         Email: adsmith@sgrlaw.com
                                         *ATTORNEY TO BE NOTICED*

                                         **Dana M. Richens**
                                         Smith Gambrell & Russell, LLP – IL
                                         311 S. Wacker Dr.
                                         Suite 3000

Chicago, IL 60606
404–815–3659
Email: drichens@sgrlaw.com
*ATTORNEY TO BE NOTICED*

**Donald Brown**
Hall Booth Smith, P.C. – ATL
191 Peachtree Street Northeast
Suite 2900
Atlanta, GA 30303
404–954–5000
Email: dbrown@hallboothsmith.com
*TERMINATED: 06/03/2021*

**Philip Wade Savrin**
Freeman Mathis & Gary, LLP –Atl
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339–5948
770–818–0000
Fax: 770–937–9960
Email: psavrin@fmglaw.com
*ATTORNEY TO BE NOTICED*

**William Richard Story**
Hall Booth Smith, P.C. – ATL
191 Peachtree Street Northeast
Suite 2900
Atlanta, GA 30303
404–954–5000
Email: will@storylawllc.com
*TERMINATED: 06/03/2021*

**<u>Intervenor</u>**

| **Northfield Insurance Company** | represented by | **Philip Wade Savrin** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/28/2020 | 1 | COMPLAINT with Jury Demand filed by J.G.. (Filing fee $402.00, receipt number AGANDC–10538541) (Attachments: # 1 Civil Cover Sheet)(eop) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 12/29/2020) |
| 12/29/2020 | 2 | Electronic Summons Issued as to Northbrook Industries, Inc.. (eop) (Entered: 12/29/2020) |
| 12/29/2020 | 3 | NINTH AMENDMENT TO GENERAL ORDER 20–01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID–19 AND RELATED CORONA VIRUS. Signed by Judge Thomas W. |

| | | Thrash, Jr. on 12/8/20. (eop) (Entered: 12/29/2020) |
|---|---|---|
| 12/29/2020 | 4 | Certificate of Interested Persons by J.G.. (Bouchard, David) (Entered: 12/29/2020) |
| 12/29/2020 | 5 | MOTION for Protective Order *and Leave to Proceed Anonymously* with Brief In Support by J.G.. (Attachments: # 1 Text of Proposed Order Granting Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously)(Bouchard, David) . Added MOTION on 12/29/2020 (tcc). (Entered: 12/29/2020) |
| 12/30/2020 | 6 | ORDER REASSIGNING CASE. Case reassigned to Judge Michael L. Brown for all further proceedings. Judge Charles A. Pannell, Jr. no longer assigned to case. **NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 1:20–cv–05233–MLB.** Please make note of this change in order to facilitate the docketing of pleadings in this case. Signed by Judge Charles A. Pannell, Jr. on 12/30/2020. (tcc) (Entered: 12/30/2020) |
| 01/04/2021 | 7 | MOTION to Reassign Case by J.G.. (Attachments: # 1 Text of Proposed Order Granting Plaintiff's Motion to Reassign Related Case)(Bouchard, David) (Entered: 01/04/2021) |
| 01/15/2021 | 8 | Return of Service Executed by J.G.. Northbrook Industries, Inc. served on 1/8/2021, answer due 1/29/2021. (Attachments: # 1 Affidavit of Service)(Bouchard, David) (Entered: 01/15/2021) |
| 01/22/2021 | | Submission of 5 MOTION for Protective Order *and Leave to Proceed Anonymously*, to District Judge Michael L. Brown. (dob) (Entered: 01/22/2021) |
| 01/25/2021 | | Submission of 7 MOTION to Reassign Case , to District Judge Michael L. Brown. (dob) (Entered: 01/25/2021) |
| 01/28/2021 | 9 | TENTH AMENDMENT TO GENERAL ORDER 20–01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID–19 AND RELATED CORONAVIRUS. Signed by Judge Thomas W. Thrash, Jr. on 01/27/2021. (adg) (ADI) (Entered: 01/28/2021) |
| 01/28/2021 | 10 | NOTICE of Appearance by Donald Brown on behalf of Northbrook Industries, Inc. (Brown, Donald) (Entered: 01/28/2021) |
| 01/28/2021 | 11 | NOTICE of Appearance by William Richard Story on behalf of Northbrook Industries, Inc. (Story, William) (Entered: 01/28/2021) |
| 01/28/2021 | 12 | Consent MOTION for Extension of Time File Response to Plaintiff's Complaint by Northbrook Industries, Inc.. (Story, William) Modified on 1/29/2021 to edit event selected (dob). (Entered: 01/28/2021) |
| 01/29/2021 | 13 | ORDER granting 12 Motion for Extension of Time to Answer re 1 Complaint,, Northbrook Industries, Inc. Answer due 2/12/2021. Signed by Judge Michael L. Brown on 1/29/2021. (dob) (Entered: 01/29/2021) |
| 02/12/2021 | 14 | First Certificate of Interested Persons by Northbrook Industries, Inc.. (Brown, Donald) (Entered: 02/12/2021) |
| 02/12/2021 | 15 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively* Motion to Strike with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief Brief of Support in Motion to Dismiss, # 2 Exhibit Ex. A– Amended Complaint in Jane Doe4 v. Red Roof Inn)(Brown, Donald) . Added MOTION to |

| | | |
|---|---|---|
| | | Strike on 2/12/2021 (dob). Modified on 2/12/2021 (dob). (Entered: 02/12/2021) |
| 02/12/2021 | | Notification of Docket Correction re 15 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively* MOTION to Strike. Pleading filed as single part motion; should be multi part motion. Clerk made necessary changes. (dob) (Entered: 02/12/2021) |
| 02/16/2021 | 16 | Notice for Leave of Absence for the following date(s): 04/02,04/03,04/04,04/05,04/06,04/07,04/08,04/09, by Donald Brown. (Brown, Donald) (Entered: 02/16/2021) |
| 02/22/2021 | 17 | ORDER denying 7 Motion to Reassign Case. Signed by Judge Michael L. Brown on 2/22/2021. (dob) (Entered: 02/22/2021) |
| 02/22/2021 | 18 | RESPONSE in Opposition re 15 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively* MOTION to Strike filed by J.G.. (Bouchard, David) (Entered: 02/22/2021) |
| 03/01/2021 | 19 | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by J.G.. (Bouchard, David) (Entered: 03/01/2021) |
| 03/05/2021 | 20 | NOTICE of Appearance by Dana M. Richens on behalf of Northbrook Industries, Inc. (Richens, Dana) (Entered: 03/05/2021) |
| 03/08/2021 | 21 | REPLY to Response to Motion re 15 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively* MOTION to Strike filed by Northbrook Industries, Inc.. (Brown, Donald) (Entered: 03/08/2021) |
| 03/09/2021 | | Submission of 15 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively* MOTION to Strike, to District Judge Michael L. Brown. (dob) (Entered: 03/09/2021) |
| 03/10/2021 | 22 | ELEVENTH AMENDMENT TO GENERAL ORDER 20–01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID–19 AND RELATED CORONAVIRUS. Signed by Judge Thomas W. Thrash, Jr. on 03/09/2021 (adg) (ADI) (Entered: 03/10/2021) |
| 03/11/2021 | 23 | STANDING ORDER regarding civil litigation. Signed by Judge Michael L. Brown on 1/11/2021. (bgt) (Entered: 03/11/2021) |
| 03/11/2021 | 24 | SCHEDULING ORDER: re: 19 Joint Preliminary Report and Discovery Plan. This case is assigned to an eight–month discovery track. The parties shall file an amended joint preliminary report and discovery plan within fourteen (14) days after the Court issues its ruling on Defendants 15 Motion to Dismiss. Signed by Judge Michael L. Brown on 3/11/2021. (dob) (Entered: 03/11/2021) |
| 03/15/2021 | 25 | CERTIFICATE OF SERVICE *Rule 5.4 Certificate of Service of Discovery* by J.G..(Bouchard, David) (Entered: 03/15/2021) |
| 03/15/2021 | 26 | CERTIFICATE OF SERVICE *for Initial Disclosures* by Northbrook Industries, Inc..(Story, William) (Entered: 03/15/2021) |
| 06/03/2021 | 27 | Certification of Consent to Substitution of Counsel. Dana M. Richens replacing attorney Donald Brown and William Richard Story. (Attachments: # 1 Exhibit A: Acknowledgement Letter)(Richens, Dana) (Entered: 06/03/2021) |
| 06/07/2021 | 28 | |

| | | MOTION Leave of Absence *for Richard W. Hendrix* by J.G.. (Attachments: # 1 Text of Proposed Order Proposed Order (re Motion for Leave of Absence))(Hendrix, Richard) (Entered: 06/07/2021) |
|---|---|---|
| 06/07/2021 | 29 | ORDER granting 28 Motion for Leave of Absence. Signed by Judge Michael L. Brown on 6/7/2021. (dob) (Entered: 06/08/2021) |
| 07/30/2021 | 30 | ORDER granting 5 Motion for Protective Order; granting 5 Motion for Leave to Proceed Anonymously. The Court hereby ORDERS that all material, documents, pleadings, exhibits and evidence of any kind filed in this case shall refer to Plaintiff as J.G. and her immediate family members (siblings and parents) by pseudonymous initials with no other additional identifying information.. Signed by Judge Michael L. Brown on 7/30/2021. (dob) (Entered: 07/30/2021) |
| 07/30/2021 | 31 | ORDER Staying this action pending the 11th Circuit's resolution of Case Nos. 20–11764, 20–11769, 20–11770 and 20–11771. The Court DIRECTS the Clerk to ADMINISTRATIVELY CLOSE this case during the pendency of the stay. Signed by Judge Michael L. Brown on 7/30/2021. (dob) (Entered: 07/30/2021) |
| 07/30/2021 | | Civil Case Terminated. (dob) (Entered: 07/30/2021) |
| 08/02/2021 | 32 | CERTIFICATE OF SERVICE *of Plaintiff's Identity Disclosure* by J.G..(Bouchard, David) (Entered: 08/02/2021) |
| 08/26/2021 | 33 | NOTICE by Northbrook Industries, Inc. *of Change of Address for Counsel (Dana M. Richens)* (Richens, Dana) (Entered: 08/26/2021) |
| 09/13/2021 | 34 | NOTICE by Northbrook Industries, Inc. *Amended Notice of Change of Address of Counsel (Dana M. Richens)* (Richens, Dana) Modified on 9/14/2021 QC emails ent re changes through PACER(tmf). (Entered: 09/13/2021) |
| 12/29/2021 | 35 | NOTICE by J.G. re 31 Order, *(Notification of Eleventh Circuit Court of Appeals Decision and Proposed Briefing Schedule)* (Bouchard, David) (Entered: 12/29/2021) |
| 12/30/2021 | | Submission of 31 Order, 35 Notice (Other), to District Judge Michael L. Brown. (tmf) (Entered: 12/30/2021) |
| 12/30/2021 | 36 | ORDER REOPENING CASE: The Court stayed and administratively closed the case pending the Eleventh Circuit's resolution of Case Nos. 20–11764, 20–11769, 20–11770 and 20–11771. (Dkt. 31 .) In the light of the parties' Notice of Eleventh Circuit Court of Appeals Decision and Proposed Briefing Schedule (Dkt. 35 ), the Court LIFTS the stay and DIRECTS the Clerk to reopen this case on the docket. The Court DENIES WITHOUT PREJUDICE Defendant's Motion to Dismiss and alternatively, Motion to Strike Portions of Plaintiff's Complaint (Dkt. 15 ). The Court DIRECTS Defendant to re–file its Motion to Dismiss in consideration of the Eleventh Circuit's decision according to the following schedule: Defendant's Motion to Dismiss shall be due on or before January 12, 2022. Plaintiff's response to Defendant's Motion to Dismiss shall be due on or before January 26, 2022. Defendant's reply brief shall be due on or before February 9, 2022. Signed by Judge Michael L. Brown on 12/30/2021. (tmf) (Entered: 12/30/2021) |
| 01/12/2022 | 37 | Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief Memorandum of Law in Support of Defendant's Second Motion to Dismiss Plaintiff's Complaint for Damages, # 2 Exhibit 1 – 11th Circuit Opinion in Jane Doe, # 3 Exhibit 2 – Jane Doe 1 Amended Complaint)(Richens, Dana) (Entered: 01/12/2022) |

| 01/19/2022 | 38 | Notice for Leave of Absence for the following date(s): 04.21.2022–04.29.2022, 07.04.2022–07.15.2022, 12.22.2022–01.02.2023, by Donald Brown. (Brown, Donald) (Entered: 01/19/2022) |
|---|---|---|
| 01/26/2022 | 39 | RESPONSE in Opposition re 37 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by J.G.. (Bouchard, David) (Entered: 01/26/2022) |
| 02/02/2022 | 40 | Request for Leave of Absence for the following date(s): May 19, 2022 through and including May 20, 2022; June 18, 2022 through and including July 4, 2022; and July 25, 2022 through and including July 29, 2022, by Richard Wayne Hendrix. (Hendrix, Richard) (Entered: 02/02/2022) |
| 02/09/2022 | 41 | REPLY BRIEF re 37 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Reply In Further Support of Defendant's Second Motion to Dismiss Plaintiff's Complaint For Damages* filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 02/09/2022) |
| 02/10/2022 | | Submission of 37 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM to District Judge Michael L. Brown. (jpk) (Entered: 02/10/2022) |
| 04/18/2022 | | Case Reassigned to Judge Sarah E. Geraghty. Judge Michael L. Brown no longer assigned to case. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 20–5233–SEG. Please make note of this change in order to facilitate the docketing of pleadings in this case. (dob) (Entered: 04/18/2022) |
| 04/18/2022 | | Submission of 37 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , to District Judge Sarah E. Geraghty. (dob) (Entered: 04/18/2022) |
| 04/22/2022 | 42 | Notice for Leave of Absence for the following date(s): July 21–29, 2022, by Donald Brown. (Brown, Donald) (Entered: 04/22/2022) |
| 05/04/2022 | 43 | STANDING ORDER REGARDING CIVIL LITIGATION. Signed by Judge Sarah E. Geraghty on 5/4/2022. (sap) (Entered: 05/04/2022) |
| 08/02/2022 | 44 | ORDER denying 37 Second Motion to Dismiss for Failure to State a Claim. Signed by Judge Sarah E. Geraghty on 08/02/2022. (rsg) (Entered: 08/02/2022) |
| 08/15/2022 | 45 | ANSWER to 1 COMPLAINT by Northbrook Industries, Inc. Discovery ends on 1/12/2023.(Richens, Dana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. Modified on 8/16/2022 to edit text(ane). (Entered: 08/15/2022) |
| 09/15/2022 | 46 | CERTIFICATE OF SERVICE *of Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites First Set of Continuing Interrogatories and First Requests for Production to Plaintiff* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 09/15/2022) |
| 09/22/2022 | 47 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 09/22/2022) |
| 11/02/2022 | 48 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 11/02/2022) |
| 11/11/2022 | 49 | CERTIFICATE OF SERVICE *Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites' Responses to Plaintiff's First Interrogatories, Requests for Production of Documents and Requests for Admissions* by Northbrook Industries, Inc..(Richens, |

| | | |
|---|---|---|
| | | Dana) (Entered: 11/11/2022) |
| 12/16/2022 | 50 | Joint MOTION for Extension of Time to Complete Discovery *(Joint Motion for Proposed Modified Scheduling Order)* by J.G.. (Attachments: # 1 Text of Proposed Order Granting Joint Motion for Proposed Modified Scheduling Order)(Bouchard, David) (Entered: 12/16/2022) |
| 12/16/2022 | 51 | AMENDED SCHEDULING ORDER granting the parties' 50 Joint Motion for Proposed Modified Scheduling Order. The fact discovery period shall end on March 31, 2023. By April 21, 2023, the Parties shall identify their experts and disclose their respective experts reports. The parties shall work together in good faith to schedule expert depositions in a timely fashion and shall provide at least three dates that their respective experts are available for depositions. By May 19, 2023, the Parties shall designate any rebuttal experts (experts whose testimony is solely in rebuttal to an expert witness disclosure previously made) and provide rebuttal expert report disclosures. The Parties shall have until June 16, 2023, to conduct depositions of experts and to complete expert discovery. All dispositive motions and partially dispositive motions, including but not limited to Daubert motions, must be filed no later than July 28, 2023. All motions in limine must be filed at least three weeks in advance of trial. The consolidated pretrial order must be filed at least one week in advance of trial. Signed by Judge Sarah E. Geraghty on 12/16/2022. (bgt) (Entered: 12/16/2022) |
| 01/09/2023 | 52 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 01/09/2023) |
| 01/09/2023 | 53 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 01/09/2023) |
| 02/07/2023 | 54 | CERTIFICATE OF SERVICE by J.G..(Bouchard, David) (Entered: 02/07/2023) |
| 02/10/2023 | 55 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 02/10/2023) |
| 02/15/2023 | 56 | CERTIFICATE OF SERVICE *of Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites Second Set of Continuing Interrogatories and Second Requests for Production to Plaintiff* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 02/15/2023) |
| 02/24/2023 | 57 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 02/24/2023) |
| 03/16/2023 | 58 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 03/16/2023) |
| 03/27/2023 | 59 | CERTIFICATE OF SERVICE *of Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites Responses to Plaintiff's Supplemental Interrogatories and Requests for Production* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 03/27/2023) |
| 03/31/2023 | 60 | Unopposed MOTION for Proposed Second Modified Scheduling Order 51 Order on Motion for Extension of Time to Complete Discovery by J.G.. (Attachments: # 1 Text of Proposed Order Ex. A (proposed Order))(Bouchard, David). (Entered: 03/31/2023) |
| 04/03/2023 | 61 | SECOND MODIFIED SCHEDULING ORDER granting 60 Motion to Modify Scheduling Order. Plaintiff shall have through May 31, 2023, to complete any additional fact discovery. By June 16, 2023, the Parties shall identify their experts and |

| | | |
|---|---|---|
| | | disclose their respective experts' reports. The parties shall have until July 14, 2023 to complete expert discovery. All Dispositive motions must be filed no later than August 4, 2023. The consolidated pretrial order must be filed at least one week in advance of trial. Signed by Judge Sarah E. Geraghty on 4/3/2023. (ane) (Entered: 04/04/2023) |
| 04/28/2023 | 62 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 04/28/2023) |
| 05/12/2023 | 63 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 05/12/2023) |
| 05/12/2023 | 64 | NOTICE by J.G. *(Notice of Intent to Serve Subpoena)* (Attachments: # 1 Exhibit A – Subpoena)(Bouchard, David) (Entered: 05/12/2023) |
| 05/12/2023 | 65 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 05/12/2023) |
| 05/15/2023 | 66 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 05/15/2023) |
| 05/16/2023 | 67 | NOTICE by J.G. *(Notice of Service of Rule 45 Subpoena)* (Bouchard, David) (Entered: 05/16/2023) |
| 05/16/2023 | 68 | AFFIDAVIT of Service for Subpoena , as to HomeTrust Bank, Inc. c/o CT Corporation System. (Bouchard, David) (Entered: 05/16/2023) |
| 05/18/2023 | 69 | Notice for Leave of Absence for the following date(s): ~~May 22–25, 2023, May 30–June 2, 2023,~~ June 5–9, 2023, by David Holmes Bouchard. (Bouchard, David) Modified on 5/22/2023 to correct leave dates, per the 70 amended notice(sap). (Entered: 05/18/2023) |
| 05/22/2023 | | NOTICE OF HEARING: A Telephone Conference is SCHEDULED for 5/26/2023 at 10:30 AM before Judge Sarah E. Geraghty. (sap) (Entered: 05/22/2023) |
| 05/22/2023 | 70 | Amended Notice for Leave of Absence for the following date(s): June 5–9, 2023 by David Holmes Bouchard. (Bouchard, David) (Entered: 05/22/2023) |
| 05/25/2023 | 71 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 05/25/2023) |
| 05/26/2023 | 72 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Telephone Conference held on 5/26/2023. The Court authorized Plaintiff to file a motion for sanctions if the parties, after a further good faith attempt to confer, are unable to resolve the matter. Plaintiff's request to serve additional requests for discovery until May 31 was GRANTED. (Court Reporter Melissa Brock) (sap) (Entered: 05/30/2023) |
| 05/31/2023 | 73 | NOTICE by J.G. *(Notice of Intent to Serve Subpoenas)* (Attachments: # 1 Exhibit A – Bulldog Insurance, Inc. Subpoena, # 2 Exhibit B – Midland Loan Services, L.P. Subpoena, # 3 Exhibit C – Kitchens Kelley Gaynes, P.C. Subpoena, # 4 Exhibit D – Morgan & Chakales, P.C. Subpoena, # 5 Exhibit E – Alischild Tax and Accounting Inc. Subpoena)(Bouchard, David) (Entered: 05/31/2023) |
| 05/31/2023 | 74 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 05/31/2023) |
| 06/12/2023 | 75 | AFFIDAVIT of Service for Subpoena , as to Bulldog Insurance, Inc.. (Bouchard, David) (Entered: 06/12/2023) |

| 06/12/2023 | 76 | AFFIDAVIT of Service for Subpoena , as to Alischild Tax and Accounting, Inc.. (Bouchard, David) (Entered: 06/12/2023) |
|---|---|---|
| 06/16/2023 | 77 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 06/16/2023) |
| 06/26/2023 | 78 | CERTIFICATE OF SERVICE re 77 Certificate of Service *of Northbrook Industries Inc., d/b/a United Inn and Suites' Responses to Plaintiffs First Supplemental Requests for Admissions, Second Supplemental Continuing Interrogatories and Second Supplemental Requests for Production of Documents* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 06/26/2023) |
| 06/30/2023 | 79 | CERTIFICATE OF SERVICE *Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites' Response to Plaintiff's Third Supplemental Set of Requests for Production of Documents* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 06/30/2023) |
| 07/18/2023 | 80 | Joint MOTION for Order *Entry of Third Modified Scheduling Order* by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order)(Richens, Dana) (Entered: 07/18/2023) |
| 07/19/2023 | 81 | MODIFIED SCHEDULING ORDER granting 80 Joint Motion for Entry of Third Modified Scheduling Order. The Parties shall have until September 29, 2023, to complete all expert discovery. All dispositive motions and partially dispositive motions, including but not limited to Daubert motions, shall be filed no later than October 20, 2023. If no dispositive motions are filed, the consolidated pretrial order must be filed by October 26, 2023. Signed by Judge Sarah E. Geraghty on 7/19/2023. (ane) (Entered: 07/19/2023) |
| 07/27/2023 | 82 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 07/27/2023) |
| 09/27/2023 | 83 | Joint MOTION for Order *(Entry of Fourth Modified Scheduling Order)* by J.G.. (Attachments: # 1 Text of Proposed Order Granting Joint Motion for Entry of Fourth Modified Scheduling Order)(Bouchard, David) (Entered: 09/27/2023) |
| 10/04/2023 | 84 | MODIFIED SCHEDULING ORDER granting the Parties' 83 Joint Motion for Entry of Fourth Modified Scheduling Order. The Parties shall have until November 13, 2023, to complete all expert discovery. All dispositive motions shall be filed no later than December 13, 2023. If no motions for summary judgment are filed, the Parties' consolidated pretrial order must be filed by December 20, 2023. All motions in limine must be filed at least three weeks in advance of trial. Signed by Judge Sarah E. Geraghty on 10/4/2023. (ane) (Entered: 10/04/2023) |
| 10/11/2023 | 85 | NOTICE by Northbrook Industries, Inc. *Defendant's Notice of Intention to Seek Apportionment of Fault Against Non–Parties Pursuant to O.C.G.A. § 51–12–33* (Richens, Dana) (Entered: 10/11/2023) |
| 10/12/2023 | 86 | MOTION for Sanctions *Against Defendant* with Brief In Support by J.G.. (Attachments: # 1 Exhibit 1 – 9–22–22 P's ROGs & RPDs to UI&S, # 2 Exhibit 2 – 11–11–22 Def Resp to P's 1st RPDs & 1st ROGs to Def, # 3 Exhibit 2a – 3–15–21 Def Initial Disclosures, # 4 Exhibit 3 – 2–23–23 email re T. Shareef & A. Islam depos, # 5 Exhibit 4, 4a, 4b – 2–24–23 P's 1st Supp RPDs & 1st Supp ROGs to UI&S (Part 1 of 3), # 6 Exhibit 4, 4a, 4b – 2–24–23 P's 1st Supp RPDs & 1st Supp ROGs to UI&S (Part 2 of 3), # 7 Exhibit 4, 4a, 4b – 2–24–23 P's 1st Supp RPDs & 1st Supp |

| | | |
|---|---|---|
| | | ROGs to UI&S (Part 3 of 3), # 8 Exhibit 5 – 3–20–23 email re search terms, # 9 Exhibit 6, 6a – 3–27–23 Def Resp to P's 1st Supp RPDs and P's 1st ROGs to Def, # 10 Exhibit 7 – 3–28–23 email re deadline on 3/27, # 11 Exhibit 8 – 3–29–23 email re current plan and not taking discovery seriously, # 12 Exhibit 9 – 3–31–23 email re Motion to Extend Discovery, # 13 Exhibit 10 – 3–31–23 email re reopening depos, # 14 Exhibit 11 – 4–7–23 email re search terms, # 15 Exhibit 12 – 4–11–23 email re objection to search terms, # 16 Exhibit 13 – 4–14–23 email re producing docs not hitting on search terms, # 17 Exhibit 14 – 5–12–23 email re additional discovery in May, # 18 Exhibit 15 – 5–19–23 email re raising issue with Court, # 19 Exhibit 16 – 5–24–23 J.G.'s Discovery Dispute Statement, # 20 Exhibit 17 – 5–26–23 email re schedule conference as requested by Court, # 21 Exhibit 18 – 5–30–23 email re schedule conference as requested by Court, # 22 Exhibit 18a – 6–1–23 email re follow up on post hearing conference, # 23 Exhibit 19 – 6–12–23 second email re follow up on post hearing conference, # 24 Exhibit 20 – 8–6–23 email re no further docs, # 25 Exhibit 21 – 5–2–23 transcript of T. Shareef & 30(b)(6), # 26 Exhibit 22 – pay chart, # 27 Exhibit 22a – list of names, # 28 Exhibit 23 – 2–22–23 transcript of T. Shareef & 30(b)(6), # 29 Exhibit 24 – 5–2–23 transcript of A. Islam, # 30 Exhibit 25 – 10–29–18 email_BOLO, # 31 Exhibit 26 – 4–28–17 Letter re security, # 32 Exhibit 27 – list of names (inconsistent info), # 33 Exhibit 28 – attorneys fees calculated)(Bouchard, David) (Entered: 10/12/2023) |
| 10/13/2023 | 87 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 10/13/2023) |
| 10/23/2023 | | NOTICE OF HEARING: A Telephone Conference is SCHEDULED for 11/1/2023 at 04:00 PM before Judge Sarah E. Geraghty. (sap) (Entered: 10/23/2023) |
| 10/26/2023 | 88 | RESPONSE in Opposition re 86 MOTION for Sanctions *Against Defendant* filed by Northbrook Industries, Inc.. (Attachments: # 1 Declaration of Dana M. Richens with Exhibits 1 – 8)(Richens, Dana) (Entered: 10/26/2023) |
| 11/01/2023 | 90 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Telephone Conference held on 11/1/2023 about a discovery dispute involving Plaintiff's request for production of documents and communications related to, *inter alia,* BOLO ("Be on the Lockout") notices, missing person notices, and runaway person notices. (Court Reporter Melissa Brock) (sap) (Entered: 11/03/2023) |
| 11/03/2023 | 89 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 11/03/2023) |
| 11/09/2023 | 91 | REPLY BRIEF re 86 MOTION for Sanctions *Against Defendant (Reply in Support of Motion for Sanctions and Memorandum in Support)* filed by J.G.. (Attachments: # 1 Exhibit 1 – Email)(Bouchard, David) (Entered: 11/09/2023) |
| 11/13/2023 | 92 | Joint MOTION for Proposed Fifth Modified Scheduling Order by J.G.. (Attachments: # 1 Exhibit A – proposed Fifth Modified Scheduling Order)(Bouchard, David) (Entered: 11/13/2023) |
| 11/14/2023 | 93 | ORDER setting a Show Cause Hearing for 12/12/2023 at 10:00 AM in ATLA Courtroom 2307 before Judge Sarah E. Geraghty. At the hearing, Defendant shall show cause as to why sanctions should not be imposed for the discovery violations alleged in Plaintiff's motion. Signed by Judge Sarah E. Geraghty on 11/13/2023. (ane) (Entered: 11/14/2023) |
| 11/16/2023 | 94 | |

| | | |
|---|---|---|
| | | FIFTH MODIFIED SCHEDULING ORDER granting 92 Motion. The Parties shall have through November 30, 2023, to complete expert discovery. All dispositive motions, including Daubert motions, must be filed no later than December 21, 2023. All motions in limine must be filed at least three weeks in advance of trial. If no motions for summary judgment are filed, then the Parties' consolidated pretrial order must be filed by January 21, 2024. Signed by Judge Sarah E. Geraghty on 11/15/2023. (ane) (Entered: 11/16/2023) |
| 11/17/2023 | 95 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 11/17/2023) |
| 11/17/2023 | 96 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 11/17/2023) |
| 12/12/2023 | 97 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Show Cause Hearing held on 12/12/2023. Plaintiff was DIRECTED to supplement her fee request within 7 days. (Court Reporter Melissa Brock) (sap) (Entered: 12/14/2023) |
| 12/15/2023 | 98 | NOTICE OF FILING *Amended Exhibit 28* re 86 MOTION for Sanctions *Against Defendant* by J.G. (Attachments: # 1 Amended Exhibit 28 to Pl's Motion for Sanctions (Doc. 86−33))(Bouchard, David) Modified on 12/19/2023 (sap). (Entered: 12/15/2023) |
| 12/21/2023 | 99 | MOTION to Exclude Testimony of Plaintiff's Expert Naeshia McDowell with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief in Support)(Richens, Dana) Modified on 12/22/2023 to correct event (ane). (Entered: 12/21/2023) |
| 12/21/2023 | 100 | MOTION to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief in Support, # 2 Exhibit 1: Depositions of Darrell B. Chaneyfield, # 3 Exhibit 2: List of IHG Hotel Brands, # 4 Exhibit 3: Expert Report)(Richens, Dana) Modified on 12/22/2023 to correct event(ane). (Entered: 12/21/2023) |
| 12/21/2023 | 101 | NOTICE Of Filing Depositions by Northbrook Industries, Inc. (Attachments: # 1 Exhibit 1: Deposition of Darrell B. Chaneyfield, taken November 16, 2023, # 2 Exhibit 2: Deposition of Darrell B. Chaneyfield, taken December 4, 2023)(Richens, Dana) (Entered: 12/21/2023) |
| 12/21/2023 | 102 | MOTION for Summary Judgment with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief in Support, # 2 Exhibit 1: Deposition of J.G., taken February 8, 2023, # 3 Exhibit 2: Depositions of Tahir Shareef, taken February 22, 2023, # 4 Exhibit 3: Depositions of Ashar Islam, taken February 22, 2023 and May 2, 2023)(Richens, Dana) −−Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.−− (Entered: 12/21/2023) |
| 12/21/2023 | 103 | MOTION for Summary Judgment by Northbrook Industries, Inc.. (Richens, Dana) −−Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.−− (Entered: 12/21/2023) |
| 12/21/2023 | 104 | SEALED NOTICE Of Filing by Northbrook Industries, Inc. re 103 MOTION for Summary Judgment *Brief in Support* (Attachments: # 1 Exhibit 1: Deposition of J.G., taken February 8, 2023, # 2 Exhibit 2: Depositions of Tahir Shareef, taken February 22, 2023 and May 2, 2023, # 3 Exhibit 3: Depositions of Ashar Islam, taken February |

| | | |
|---|---|---|
| | | 22, 2023 and May 2, 2023, # <u>4</u> Statement of Material Facts)(Richens, Dana) Modified on 7/12/2024 (ane). (Entered: 12/21/2023) |
| 12/21/2023 | <u>105</u> | SEALED NOTICE Of Filing by Northbrook Industries, Inc. re <u>104</u> Notice of Filing, *Under Seal Deposition of J.G.* (Attachments: # <u>1</u> Exhibit 1: Deposition of J.G., taken February 8, 2023)(Richens, Dana) Modified on 7/12/2024 (ane). (Entered: 12/21/2023) |
| 12/21/2023 | <u>106</u> | SEALED NOTICE Of Filing by Northbrook Industries, Inc. re <u>104</u> Notice of Filing, *Under Seal Depositions of Tahir Shareef* (Attachments: # <u>1</u> Exhibit 1: Deposition of Tahir Shareef, taken February 22, 2023, # <u>2</u> Exhibit 2: Deposition of Tahir Shareef, taken May 2, 2023)(Richens, Dana) Modified on 7/12/2024 (ane). (Entered: 12/21/2023) |
| 12/21/2023 | <u>107</u> | SEALED NOTICE Of Filing by Northbrook Industries, Inc. re <u>104</u> Notice of Filing, *Under Seal Depositions of Ashar Islam* (Attachments: # <u>1</u> Exhibit 1: Deposition of Ashar Islam, taken February 22, 2023, # <u>2</u> Exhibit 2: Deposition of Ashar Islam, taken May 2, 2023)(Richens, Dana) Modified on 7/12/2024 (ane). (Entered: 12/21/2023) |
| 12/21/2023 | <u>108</u> | MOTION for Leave to File Matters Under Seal re: <u>107</u> Notice of Filing, <u>104</u> Notice of Filing, <u>106</u> Notice of Filing, <u>105</u> Notice of Filing, with Brief In Support by Northbrook Industries, Inc.. (Attachments: # <u>1</u> Brief in Support, # <u>2</u> Text of Proposed Order)(Richens, Dana) (Entered: 12/21/2023) |
| 12/21/2023 | <u>109</u> | MOTION to Exclude Testimony of Defendant's Expert Karim Vellani with Brief In Support by J.G.. (Attachments: # <u>1</u> Exhibit Exhibit 1 – Karim Vellani's Deposition Transcript, # <u>2</u> Exhibit Exhibit 2 – Karim Vellani's Expert Report)(Bouchard, David) (Entered: 12/21/2023) |
| 12/22/2023 | <u>110</u> | MOTION to Strike <u>102</u> MOTION for Summary Judgment by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 12/22/2023) |
| 12/22/2023 | | Submission of <u>86</u> MOTION for Sanctions *Against Defendant* to District Judge Sarah E. Geraghty. (sap) (Entered: 12/22/2023) |
| 01/03/2024 | <u>111</u> | Joint MOTION for Extension of Time to File Response to re: <u>103</u> MOTION for Summary Judgment , <u>99</u> Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell , <u>100</u> Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield , <u>104</u> Notice of Filing, <u>109</u> MOTION to Exclude Testimony of Defendant's Expert Karim Vellani by J.G.. (Attachments: # <u>1</u> Exhibit A – proposed Order)(Bouchard, David) (Entered: 01/03/2024) |
| 01/04/2024 | | MINUTE ORDER GRANTING the parties' <u>111</u> Joint Motion to Extend Deadlines. The deadline for the parties to respond to the following motions is extended up through and including January 19, 2024: Defendant's <u>103</u> Motion for Summary Judgment, Defendant's <u>99</u> , <u>100</u> , and <u>104</u> Motions to Exclude Testimony of Plaintiff's Experts; Plaintiff's <u>109</u> Motion to Exclude Testimony of Defendant's Expert. Entered by Judge Sarah E. Geraghty on 1/4/2024. (acm) (Entered: 01/04/2024) |
| 01/08/2024 | <u>112</u> | Withdrawal of Motion <u>110</u> MOTION to Strike <u>102</u> MOTION for Summary Judgment filed by Northbrook Industries, Inc., <u>102</u> MOTION for Summary Judgment filed by Northbrook Industries, Inc. filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 01/08/2024) |
| 01/11/2024 | <u>113</u> | Notice for Leave of Absence for the following date(s): March 28–April 12, 2024, June 3–7, 2024, June 10–14, 2024,June 17–21, 2024, June 24–28, 2024, July 1–5, |

| | | |
|---|---|---|
| | | 2024, by Patrick J. McDonough. (McDonough, Patrick) (Entered: 01/11/2024) |
| 01/16/2024 | | Submission of 108 MOTION for Leave to File Matters Under Seal to District Judge Sarah E. Geraghty. (sap) (Entered: 01/16/2024) |
| 01/18/2024 | 114 | Response to Statement of Material Facts re 103 MOTION for Summary Judgment *(Plaintiff J.G.'s Response to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites' Statement of the Material Facts as to which it Contends there is no Genuine Issue to be Tried)* filed by J.G.. (Bouchard, David) (Entered: 01/18/2024) |
| 01/18/2024 | 115 | RESPONSE in Opposition re 103 MOTION for Summary Judgment *and Memorandum of Law in Support* filed by J.G.. (Attachments: # 1 Statement of Material Facts in Support of J.G.'s Response in Opposition to United Inn's Motion for Summary Judgment, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16 (1 of 2), # 18 Exhibit 16 (2 of 2), # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22)(Bouchard, David) (Entered: 01/18/2024) |
| 01/18/2024 | 116 | NOTICE Of Filing by J.G. re 115 Response in Opposition to Motion,, *(J.G.'s Notice of Filing Deposition Transcripts in Support of J.G.'s Response in Opposition to United Inn's Motion for Summary Judgment)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 3, # 3 Exhibit 7, # 4 Exhibit 8, # 5 Exhibit 9, # 6 Exhibit 14, # 7 Exhibit 15, # 8 Exhibit 18, # 9 Exhibit 22)(Bouchard, David) (Entered: 01/18/2024) |
| 01/19/2024 | 117 | RESPONSE in Opposition re 109 MOTION to Exclude Testimony of Defendant's Expert Karim Vellani *Memorandum of Law in Response and Opposition to Plaintiff's Motion to Exclude and Preclude Select Opinions and Testimony From Defendant's Expert Karim Vellani* filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 01/19/2024) |
| 01/19/2024 | 118 | RESPONSE in Opposition re 100 Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield filed by J.G.. (Attachments: # 1 Exhibit Exhibit 1 – D. Chaneyfield Nov. Depo. Trans., # 2 Exhibit Exhibit 2 – D. Chaneyfield Dec. Depo. Trans., # 3 Exhibit Exhibit 3 – D. Chaneyfield Expert Report, # 4 Exhibit Exhibit 4 – K. Vellani Expert Report, # 5 Exhibit Exhibit 5 – K. Vellani Depo. Trans., # 6 Exhibit Exhibit 6 – IAPSC Forensic Methodology)(Bouchard, David) (Entered: 01/19/2024) |
| 01/19/2024 | 119 | RESPONSE in Opposition re 99 Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell filed by J.G.. (Attachments: # 1 Exhibit Exhibit 1 – Naeshia McDowell Deposition Transcript, # 2 Exhibit Exhibit 2 – Naeshia McDowell Expert Report, # 3 Exhibit Exhibit 3 – Karim Vellani Expert Report, # 4 Exhibit Exhibit 4 – Karim Vellani Deposition Transcript)(Bouchard, David) (Entered: 01/19/2024) |
| 01/22/2024 | 120 | NOTICE Of Filing by J.G. re 115 Response in Opposition to Motion,, *J.G.'s Notice of Filing Overlong Brief in Response to Defendant's Motion for Summary Judgment)* (Bouchard, David) (Entered: 01/22/2024) |
| 01/30/2024 | 121 | Joint MOTION for Extension of Time to Extend the Deadline for Parties to File Reply Briefs re: 103 MOTION for Summary Judgment , 99 Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell , 100 Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield , 109 MOTION to Exclude Testimony of Defendant's Expert Karim Vellani by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order)(Richens, Dana) (Entered: 01/30/2024) |

| 01/31/2024 | 122 | NOTICE of Appearance by Gabe Knisely on behalf of J.G. (Knisely, Gabe) (Entered: 01/31/2024) |
| 01/31/2024 | 123 | ORDER GRANTING 121 Motion for Extension of Time, up to and including 2/16/2024, for the parties to file reply briefs re 103 MOTION for Summary Judgment, 100 Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield, 99 Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell, and 109 MOTION to Exclude Testimony of Defendant's Expert Karim Vellani. Signed by Judge Sarah E. Geraghty on 1/31/2024. (adg) (Entered: 01/31/2024) |
| 02/16/2024 | 124 | REPLY to Response to Motion re 100 Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 02/16/2024) |
| 02/16/2024 | 125 | REPLY to Response to Motion re 99 Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 02/16/2024) |
| 02/16/2024 | 126 | SEALED REPLY to Response to Motion re 103 MOTION for Summary Judgment filed by Northbrook Industries, Inc.. (Richens, Dana) Modified on 7/12/2024 (ane). (Entered: 02/16/2024) |
| 02/16/2024 | 127 | Response to Statement of Material Facts re 103 MOTION for Summary Judgment filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 02/16/2024) |
| 02/16/2024 | 128 | MOTION for Leave to File Matters Under Seal re: 126 Reply to Response to Motion *for Summary Judgment* with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief in Support, # 2 Text of Proposed Order)(Richens, Dana) (Entered: 02/16/2024) |
| 02/16/2024 | 129 | REPLY BRIEF re 109 MOTION to Exclude Testimony of Defendant's Expert Karim Vellani filed by J.G.. (Bouchard, David) (Entered: 02/16/2024) |
| 02/20/2024 | | Submission of 99 Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell, 100 Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield, 103 MOTION for Summary Judgment, and 109 MOTION to Exclude Testimony of Defendant's Expert Karim Vellani to District Judge Sarah E. Geraghty. (sap) (Entered: 02/20/2024) |
| 02/21/2024 | 130 | ORDER GRANTING attorney Patrick McDonough's 113 Notice of Leave of Absence. See order for more details. Signed by Judge Sarah E. Geraghty on 2/20/2024. (sap) (Entered: 02/21/2024) |
| 03/05/2024 | | Submission of 128 MOTION for Leave to File Matters Under Seal re: 126 Reply to Response to Motion *for Summary Judgment* to District Judge Sarah E. Geraghty. (sap) (Entered: 03/05/2024) |
| 06/13/2024 | | NOTICE OF HEARING re Defendant's 103 Motion for Summary Judgment: Oral Argument is SCHEDULED for 7/11/2024 at 02:00 PM in ATLA Courtroom 2307 before Judge Sarah E. Geraghty. (sap) (Entered: 06/13/2024) |
| 07/05/2024 | 131 | NOTICE of Supplemental Authority in Support of 103 MOTION for Summary Judgment by Northbrook Industries, Inc. (Attachments: # 1 Exhibit 1: A.G. – Doc 151 Signed Order Granting Defendants MSJ and Plaintiff's Complaint is Dismissed, # 2 Exhibit 2: G.W. – Doc 148 Signed Order Granting Defendant's MSJ and Plaintiff's Complaint Dismissed, # 3 Exhibit 3: K H v Riti Inc 2024 WL 505063)(Richens, |

| | | |
|---|---|---|
| | | Dana) Modified docket text on 7/8/2024 (ane). (Entered: 07/05/2024) |
| 07/08/2024 | 132 | NOTICE by J.G. re 131 Notice (Other), *(Notice of Plaintiff's Response to Defendant's Notice of Supplemental Authority)* (Attachments: # 1 Exhibit 1 – H.B. MSJ Order)(Bouchard, David) (Entered: 07/08/2024) |
| 07/11/2024 | 133 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Oral Argument held on 7/11/2024 re Defendant's 103 Motion for Summary Judgment. The motion was TAKEN UNDER ADVISEMENT. (Court Reporter Melissa Brock) (sap) (Entered: 07/12/2024) |
| 07/12/2024 | 134 | ORDER GRANTING Defendant's 108 Motion for Leave to File Matters Under Seal. Signed by Judge Sarah E. Geraghty on 7/11/2024. (ane) (Entered: 07/12/2024) |
| 07/12/2024 | 135 | ORDER GRANTING Defendant's 128 Motion for Leave to File Matters Under Seal. Signed by Judge Sarah E. Geraghty on 7/11/2024. (ane) (Entered: 07/12/2024) |
| 07/17/2024 | 136 | NOTICE by J.G. *Notice of Authority Relating to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment* (Bouchard, David) (Entered: 07/17/2024) |
| 07/22/2024 | 137 | RESPONSE re 136 Notice (Other) *Defendant's Response to Plaintiff's Notice of Authority* filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 07/22/2024) |
| 08/16/2024 | 138 | ORDER GRANTING IN PART and DENYING IN PART Defendant's 103 Motion for Summary Judgment and GRANTING IN PART Plaintiff's 86 Motion for Sanctions. IT IS HEREBY ORDERED that Plaintiff is awarded $37,100.16 in attorneys fees and costs, which sum shall be paid within 30 days of the entry of this order. Northbrook's 99 and 100 Motions to Exclude and Plaintiff's 109 Motion to Exclude are STAYED and will be considered in advance of the pretrial conference. The parties are DIRECTED to submit a proposed consolidated pretrial order within 30 days of the entry of this order. Signed by Judge Sarah E. Geraghty on 8/15/2024. (ane) (Entered: 08/16/2024) |
| 08/16/2024 | 139 | CLERK'S ATTORNEY FEE JUDGMENT. It is Ordered that Plaintiff is awarded $37,100.16 in attorneys' fees and costs. (ane)––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– (Entered: 08/16/2024) |
| 09/10/2024 | 140 | NOTICE of Appearance by Oto U. Ekpo on behalf of J.G. (Ekpo, Oto) (Entered: 09/10/2024) |
| 09/16/2024 | 141 | Proposed Pretrial Order by J.G.. (Bouchard, David) (Entered: 09/16/2024) |
| 09/25/2024 | 142 | Request for Leave of Absence for the following date(s): May 5–19, 2025, by David Holmes Bouchard. (Bouchard, David) (Entered: 09/25/2024) |
| 09/25/2024 | 143 | MOTION for Leave of Absence by J.G.. (Attachments: # 1 Text of Proposed Order Granting Motion for Leave of Absence)(Bouchard, David) (Entered: 09/25/2024) |
| 10/10/2024 | 144 | ORDER GRANTING attorney David Bouchard's 143 Motion for Leave of Absence for the dates of January 21, 2025, through and including March 18, 2025 . Signed by Judge Sarah E. Geraghty on 10/10/2024. (ane) Modified docket text to include leave dates on 10/10/2024 (ane). (Entered: 10/10/2024) |
| 10/31/2024 | 145 | ORDER: The jury trial is for 4/14/2025 at 1:30 PM in ATLA Courtroom 2307 before Judge Sarah E. Geraghty. The pretrial conference is set for 4/9/2025 at 2:00 PM in ATLA Courtroom 2307. Motions in limine are due by February 26, 2025; responses |

| | | |
|---|---|---|
| | | are due by March 12, 2025; and replies, if any, are due by March 19, 2025. The parties' proposed requests to charge are due by March 26, 2025. Pursuant to Local Rule 16.7(B)(1), NDGa, the case is REFERRED to the next available magistrate judge for the purpose of conducting mediation. The case shall be removed from the Court's active docket while the parties engage in the mediation process. Should the parties be unable to reach a settlement, the case will be restored to the Court's active docket and will proceed to trial as scheduled on April 14, 2025. Signed by Judge Sarah E. Geraghty on 10/31/2024. (acm) (Entered: 10/31/2024) |
| 10/31/2024 | | CASE REFERRED to Magistrate Judge Magistrate Judge Christopher C. Bly for mediation. (acm) (Entered: 10/31/2024) |
| 10/31/2024 | | Civil case removed from Court's active docket, per 145 order. (acm) (Entered: 10/31/2024) |
| 11/15/2024 | 146 | ORDER scheduling Mediation. Mediation Hearing set for Tuesday, December 17, 2024 at 09:30 AM in ATLA Courtroom 1879 before Magistrate Judge Christopher C. Bly. Signed by Magistrate Judge Christopher C. Bly on 11/15/2024. (ane) (Entered: 11/15/2024) |
| 12/09/2024 | 147 | MOTION to Intervene by Northfield Insurance Company. (Attachments: # 1 Exhibit A – Coverage Lawsuit, # 2 Exhibit B – Order of September 16, 2024)(Savrin, Philip) Modified on 12/9/2024 to edit file text (tas). (Entered: 12/09/2024) |
| 12/13/2024 | 148 | ORDER ALLOWING AUDIO/VISUAL EQUIPMENT IN THE COURTROOM for the settlement conference on Tuesday, December 17, 2024 at 10:00 a.m. Signed by Magistrate Judge Christopher C. Bly on 12/13/2024. (ane) (Entered: 12/13/2024) |
| 12/16/2024 | | The settlement conference scheduled for Tuesday, 12/17/2024 at 10:00 AM will be held in Courtroom 2022 before Magistrate Judge Christopher C. Bly. (jtj) (Entered: 12/16/2024) |
| 12/17/2024 | 149 | Minute Entry for proceedings held before Magistrate Judge Christopher C. Bly: Settlement Conference held on 12/17/2024. The parties did not reach a resolution. (Tape #FTR)(ane) (Entered: 12/17/2024) |
| 12/18/2024 | 150 | Consent MOTION for Extension of Time to File Response re: 147 MOTION to Intervene by J.G.. (Attachments: # 1 Text of Proposed Order Granting Extension of Time to File a Response to Northfield Insurance Company's Motion To Intervene To Submit Special Interrogatories at Trial)(Bouchard, David) (Entered: 12/18/2024) |
| 12/19/2024 | 151 | ORDER GRANTING 150 Consent Motion for Extension of Time. The deadline for Plaintiff to file a Response to Northfield's 147 Motion to Intervene to Submit Special Interrogatories at Trial is extended to January 6, 2025. Signed by Judge Sarah E. Geraghty on 12/19/2024. (ane) (Entered: 12/19/2024) |
| 01/06/2025 | 152 | RESPONSE in Opposition re 147 MOTION to Intervene filed by J.G.. (Bouchard, David) (Entered: 01/06/2025) |
| 01/13/2025 | 153 | Consent MOTION for Extension of Time re: 147 MOTION to Intervene by Northfield Insurance Company. (Attachments: # 1 Text of Proposed Order)(Savrin, Philip) (Entered: 01/13/2025) |
| 01/13/2025 | 154 | NOTICE of Appearance by Audrey D Smith–Roetto on behalf of Northbrook Industries, Inc. (Smith–Roetto, Audrey) Modified docket text to reflect appearance for defendant on 1/14/2025 (ajw). (Entered: 01/13/2025) |

| 01/15/2025 | 155 | ORDER GRANTING Northfield Insurance Company's 153 Motion for Extension of Time to file a reply brief in support of 147 Motion to Intervene through and including February 3, 2025. Signed by Judge Sarah E. Geraghty on 1/14/2025. (ane) (Entered: 01/15/2025) |
| 02/03/2025 | 156 | REPLY to Response to Motion re 147 MOTION to Intervene filed by Northfield Insurance Company. (Savrin, Philip) (Entered: 02/03/2025) |
| 02/04/2025 |  | Submission of 147 MOTION to Intervene to District Judge Sarah E. Geraghty. (sap) (Entered: 02/04/2025) |
| 02/14/2025 | 157 | Notice for Leave of Absence for the following date(s): 2/28/2025 – 3/5/2025, by Oto U. Ekpo. (Ekpo, Oto) (Entered: 02/14/2025) |
| 02/20/2025 | 158 | Joint MOTION for Leave to File Excess Pages *With Respect to Consolidated Motions in Limine* with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order)(Richens, Dana) (Entered: 02/20/2025) |
| 02/21/2025 | 159 | ORDER GRANTING 158 Joint Motion for Extension of Page Limit with Respect to Consolidated Motions in Limine. Plaintiff and Defendant may each have up to 30 pages for their respective consolidated motions in limine and supporting briefing. Signed by Judge Sarah E. Geraghty on 2/21/2025. (ane) (Entered: 02/21/2025) |
| 02/26/2025 | 160 | MOTION in Limine *(Consolidated)* with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit 1 – Code Ordinance Citation, # 2 Exhibit 2 – Code Ordinance Citation, # 3 Exhibit 3 – Code Ordinance Citation, # 4 Exhibit 4 – E–Mail Thread with DeKalb County, # 5 Exhibit 5 – Excerpted Receipt from DeKalb County State Court, # 6 Exhibit 6 – AJC Article, # 7 Exhibit 7 – Tahir Shareef/Agent Strickler E–Mail, # 8 Exhibit 8 – Obie Criminal Indictments, # 9 Exhibit 9 – Obie Criminal Judgment and Sentencing, # 10 Exhibit 10 – DeKalb County Police Incident Report, # 11 Exhibit 11 – DeKalb County Police Incident Report, # 12 Exhibit 12 – DeKalb County Police Incident Report, # 13 Exhibit 13 – DeKalb County Police Incident Report, # 14 Exhibit 14 – DeKalb County Police Incident Report, # 15 Exhibit 15 – AJC Article, # 16 Exhibit 16 – DeKalb County Police Incident Report, # 17 Exhibit 17 – Decaturish.com Article, # 18 Exhibit 18 – AHLA Press Release, # 19 Exhibit 19 – DeKalb County Police Memorandum, # 20 Exhibit 20 – AHLA Press Release, # 21 Exhibit 21 – Online Reviews, # 22 Exhibit 22 – Plaintiff's Responses to Northbrook's First Continuing Interrogatories)(Richens, Dana) (Entered: 02/26/2025) |
| 02/26/2025 | 161 | MOTION in Limine *(Consolidated)* by J.G.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Bouchard, David) (Entered: 02/26/2025) |
| 03/10/2025 | 162 | Joint MOTION for Extension of Time to File their Respective Responses in Opposition to the Pending Motions in Limine by J.G.. (Attachments: # 1 Text of Proposed Order Granting Joint Motion to Extend the Deadline for the Parties to File their Respective Responses in Opposition to the Pending Motions in Limine)(Bouchard, David) (Entered: 03/10/2025) |
| 03/10/2025 | 163 | ORDER GRANTING 162 Joint Motion for Extension of Time. The deadline for the Parties to file their respective responses to the pending motions in limine is EXTENDED to March 14, 2025. Signed by Judge Sarah E. Geraghty on 3/10/2025. (ane) (Entered: 03/10/2025) |
| 03/14/2025 | 164 |  |

| | | |
|---|---|---|
| | | Joint MOTION for Extension of Page Limit (Attachments: # 1 Text of Proposed Order Proposed Order)(Bouchard, David) Modified on to correct event and docket text 3/14/2025 (ane). (Entered: 03/14/2025) |
| 03/14/2025 | | Notification of Docket Correction re 164 Motion to File Excess Pages. Docket text modified to accurately reflect document filed is a motion. (ane) (Entered: 03/14/2025) |
| 03/14/2025 | 165 | RESPONSE re 161 MOTION in Limine *(Consolidated)* filed by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit J.G. Deposition Excerpts, # 2 Exhibit Affidavit of Detective Weber, # 3 Exhibit Affidavit of Sergeant McClelland, # 4 Exhibit Plaintiffs Responses to Northbrooks Second Request for Production, # 5 Exhibit Northbrooks Initial Disclosures, # 6 Exhibit Northbrooks Responses to Plaintiffs First Interrogatories)(Richens, Dana) (Entered: 03/14/2025) |
| 03/14/2025 | 166 | MOTION for Leave to File Rule 412 Motion Under Seal with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion)(Richens, Dana) (Entered: 03/14/2025) |
| 03/14/2025 | 167 | RESPONSE in Opposition re 160 MOTION in Limine *(Consolidated)* filed by J.G.. (Attachments: # 1 Exhibit)(Bouchard, David) (Entered: 03/14/2025) |
| 03/18/2025 | | MINUTE ORDER: The parties' 164 Joint Motion for Extension of Page Limit is GRANTED nunc pro tunc. Entered by Judge Sarah E. Geraghty on 3/18/2025. (sap) (Entered: 03/18/2025) |
| 03/18/2025 | 168 | Joint MOTION for Extension of Time to File Replies in Support of Pending Consolidated Motions in Limine by J.G.. (Attachments: # 1 Text of Proposed Order)(Bouchard, David) (Entered: 03/18/2025) |
| 03/20/2025 | 169 | ORDER GRANTING 168 Joint Motion for Extension of Time. Plaintiff and Defendant shall each file any replies in support of their respective consolidated motions in limine by no later than March 26, 2025. Signed by Judge Sarah E. Geraghty on 3/19/2025. (ane) (Entered: 03/20/2025) |
| 03/25/2025 | 170 | Joint MOTION for Extension of Time to File Proposed Requests to Charge re: 145 Order by Northbrook Industries, Inc. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion for Extension of Time)(Richens, Dana) Modified on 3/25/2025 (ane). (Entered: 03/25/2025) |
| 03/25/2025 | 171 | ORDER GRANTING 170 Joint Motion for Extension of Time to File Proposed Requests to Charge. The parties shall have until June 18, 2025, to file their proposed requests to charge. Signed by Judge Sarah E. Geraghty on 3/25/2025. (ane) (Entered: 03/25/2025) |
| 03/25/2025 | | AMENDED NOTICE OF TRIAL: Trial is CONTINUED to July 7, 2025, at 9:30 AM in Courtroom 2307 and the pretrial conference is reset for July 2, 2025, at 2:00 PM in Courtroom 2307. Consolidated jury charges, Plaintiffs' proposed jury charges, Defendant's proposed jury charges, and any objections to the opposing side's jury charges shall be filed on CM/ECF and emailed to Ms. Pittman in Word format by June 18, 2025. (sap) (Entered: 03/25/2025) |
| 03/26/2025 | 172 | REPLY to Response to Motion re 160 MOTION in Limine *(Consolidated)* filed by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit J.G. Deposition Excerpts)(Richens, Dana) Event corrected on 3/27/2025 (sap). (Entered: 03/26/2025) |
| 03/26/2025 | 173 | |

| | | |
|---|---|---|
| | | REPLY to Response to Motion re 161 MOTION in Limine *(Consolidated)* filed by J.G.. (Bouchard, David) (Entered: 03/26/2025) |
| 03/27/2025 | | Submission of 160 and 161 MOTIONS in Limine *(Consolidated)* to District Judge Sarah E. Geraghty. (sap) (Entered: 03/27/2025) |
| 03/31/2025 | 174 | ORDER GRANTING Defendant's 166 Motion for Leave to File Rule 412 Motion Under Seal. Signed by Judge Sarah E. Geraghty on 3/31/2025. (ane) (Entered: 03/31/2025) |
| 04/08/2025 | 175 | SEALED Motion pursuant to Rule 412(c)(1) of the Federal Rules of Evidence by Northbrook Industries, Inc. (Richens, Dana) Modified on 4/8/2025 – Sealed per Dkt. 174 Order. Event changed to motion. (bgt). (Entered: 04/08/2025) |
| 05/05/2025 | 176 | MOTION to File Out–of–Time Response in Opposition to Defendant's Rule 412 Motion and Response in Opposition 175 Motion pursuant to Rule 412(c)(1) of the Federal Rules of Evidence by J.G.. (Bouchard, David) (Entered: 05/05/2025) |
| 05/06/2025 | 177 | RESPONSE in Opposition re 176 MOTION to File Out–of–Time Response in Opposition to Defendant's Rule 412 Motion and Response in Opposition 175 Motion pursuant to Rule 412(c)(1) of the Federal Rules of Evidence filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 05/06/2025) |
| 05/07/2025 | 178 | REPLY BRIEF re 176 MOTION to File Out–of–Time Response in Opposition to Defendant's Rule 412 Motion and Response in Opposition 175 Motion pursuant to Rule 412(c)(1) of the Federal Rules of Evidence filed by J.G.. (Bouchard, David) (Entered: 05/07/2025) |
| 05/08/2025 | | Submission of 176 MOTION to File Out–of–Time Response in Opposition to Defendant's Rule 412 Motion and Response in Opposition 175 Motion pursuant to Rule 412(c)(1) of the Federal Rules of Evidence to District Judge Sarah E. Geraghty. (sap) (Entered: 05/08/2025) |
| 06/11/2025 | 179 | NOTICE by Northbrook Industries, Inc. *of Intent to Serve Subpoenas* (Attachments: # 1 Exhibit A – O'Brien Subpoena, # 2 Exhibit B – Belle Subpoena, # 3 Exhibit C – Craft Subpoena, # 4 Exhibit D – Weber Subpoena, # 5 Exhibit E – McClelland Subpoena)(Smith, Audrey) (Entered: 06/11/2025) |
| 06/11/2025 | 180 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 06/11/2025) |
| 06/12/2025 | 181 | ORDER: Non–party Northfield Insurance Company's 147 Motion to Intervene is DENIED. The Court will provide its Rule 24 analysis in a separate memorandum opinion to follow. Plaintiff's 176 Motion to File Out–of–Time Response in Opposition to Defendant's 175 Rule 412 Motion is GRANTED. The Court will consider Plaintiff's 176 response and hold a hearing on the 175 Rule 412 Motion on 6/30/2025 at 04:00 PM in ATLA Courtroom 2307. At the hearing, Defendant should be prepared to identify and discuss any evidence it seeks to admit at trial. In the event the parties have reached a stipulated agreement regarding these matters, they shall file a joint notice with the stipulation attached. The Clerk is DIRECTED to reopen this case. Signed by Judge Sarah E. Geraghty on 6/12/2025. (sap) (Entered: 06/12/2025) |
| 06/12/2025 | 182 | NOTICE by J.G. *Notice of Intent to Serve Subpoenas* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bouchard, David) (Entered: 06/12/2025) |
| 06/13/2025 | 183 | |

| | | |
|---|---|---|
| | | NOTICE by J.G. *Notice of Intent to Serve Subpoenas* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Bouchard, David) (Entered: 06/13/2025) |
| 06/16/2025 | 184 | MEMORANDUM OPINION DENYING Northfield Insurance Company's 147 Motion to Intervene in this action to submit special interrogatories at trial. Signed by Judge Sarah E. Geraghty on 6/16/2025. (ane) (Entered: 06/16/2025) |
| 06/19/2025 | 185 | NOTICE by J.G. *Notice of Intent to Serve Subpoenas* (Bouchard, David) (Entered: 06/19/2025) |
| 06/23/2025 | 186 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 06/23/2025) |
| 06/23/2025 | 187 | TRIAL BRIEF by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 06/23/2025) |
| 06/23/2025 | 188 | TRIAL BRIEF by J.G.. (Bouchard, David) (Entered: 06/23/2025) |
| 06/26/2025 | 189 | AFFIDAVIT of Service for Subpoena to Appear & Testify at a Hearing or Trial , as to Henry M. Belle. (Richens, Dana) (Entered: 06/26/2025) |
| 06/26/2025 | 190 | AFFIDAVIT of Service for Subpoena to Appear & Testify at a Hearing or Trial , as to Na'eem Craft. (Richens, Dana) (Entered: 06/26/2025) |
| 06/26/2025 | 191 | AFFIDAVIT of Service for Subpoena to Appear & Testify at a Hearing or Trial , as to Willie McClelland. (Richens, Dana) (Entered: 06/26/2025) |
| 06/26/2025 | 192 | AFFIDAVIT of Service for Subpoena to Appear & Testify at a Hearing or Trial , as to Bradley O'Brien. (Richens, Dana) (Entered: 06/26/2025) |
| 06/26/2025 | 193 | AFFIDAVIT of Service for Subpoena to Appear & Testify at a Hearing or Trial , as to Royal Weber. (Richens, Dana) (Entered: 06/26/2025) |
| 06/26/2025 | 194 | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by J.G.. (Attachments: # 1 Text of Proposed Order Granting Motion to Allow Equipment in the Courtroom)(Bouchard, David) (Entered: 06/26/2025) |
| 06/27/2025 | 195 | ORDER GRANTING 194 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom on July 2, 2025 for Courtroom Technology testing and again at the start of trial on July 7, 2025 through the end of trial. Signed by Judge Sarah E. Geraghty on 6/27/2025. (ane) (Entered: 06/27/2025) |
| 06/27/2025 | 196 | Proposed Pretrial Order by J.G.. (Bouchard, David) (Entered: 06/27/2025) |
| 06/30/2025 | 197 | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion)(Smith, Audrey) (Entered: 06/30/2025) |
| 06/30/2025 | 198 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 06/30/2025) |
| 06/30/2025 | 199 | ORDER granting 197 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom. Signed by Judge Sarah E. Geraghty on 6/30/2025. (jbu) (Entered: 07/01/2025) |
| 07/01/2025 | 200 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 07/01/2025) |
| 07/02/2025 | 201 | |

| | | |
|---|---|---|
| | | RESPONSE in Opposition re <u>187</u> Trial Brief filed by J.G.. (Bouchard, David) (Entered: 07/02/2025) |
| 07/02/2025 | <u>202</u> | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by Northbrook Industries, Inc.. (Attachments: # <u>1</u> Text of Proposed Order Proposed Order Granting Motion)(Smith, Audrey) (Entered: 07/02/2025) |
| 07/02/2025 | <u>203</u> | NOTICE OF APPEAL as to <u>181</u> and <u>184</u> Orders by Northfield Insurance Company. Case Appealed to USCA – 11th Circuit. Filing fee $ 605, receipt number AGANDC–14421957. Transcript Order Form due on 7/16/2025 (Savrin, Philip) (Entered: 07/02/2025) |
| 07/02/2025 | <u>204</u> | ORDER: For the reasons stated in the order, Plaintiff's <u>161</u> Motions in Limine, Defendant's <u>160</u> Motions in Limine, and Defendant's <u>175</u> Rule 412 Motion are GRANTED IN PART and DENIED IN PART. Signed by Judge Sarah E. Geraghty on 7/2/2025. (sap) (Entered: 07/02/2025) |
| 07/02/2025 | <u>205</u> | ORDER GRANTING <u>202</u> Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom at the start of trial on July 7, 2025 through the end of trial. Signed by Judge Sarah E. Geraghty on 7/2/2025. (ane) (Entered: 07/02/2025) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.G.,

              Plaintiff,

      v.

NORTHBROOK INDUSTRIES,
INC., D/B/A UNITED INN AND
SUITES,

              Defendant.

CIVIL ACTION NO.

1:20-CV-05233-SEG

## **O R D E R**

The jury trial of this matter is set to begin on July 7, 2025.[1]  There are numerous pretrial motions before the Court.  This order addresses two of those motions (Doc. 147, 176) and sets a hearing to discuss a third (Doc. 175).

## I.    **Non-party Northfield Insurance Company's motion to intervene (Doc. 147)**

Non-party Northfield Insurance Company has moved to intervene in this action to submit special interrogatories at trial.  (Doc. 147).  It seeks "a seat at the table to formulate questions for the jury to answer[ ]" (Doc. 156 at 1-2) regarding Northfield's alleged duty to indemnify Defendant Northbrook

---

[1] This case was administratively closed while the parties engaged in mediation. (Doc. 145.)  The Court **LIFTS** the stay and **DIRECTS** the Clerk to reopen this case on the docket.

Industries, Inc., for any damages that might be awarded to Plaintiff.  Plaintiff opposes the motion. (Doc. 152.)   Having carefully considered the parties' positions and the applicable law, the Court will **DENY** Northfield's motion. The Court finds that the requirements for intervention of right have not been satisfied, Fed. R. Civ. P. 24(a)(2), and it declines to allow permissive intervention, Fed. R. Civ. P. 24(b).  The Court will provide its Rule 24 analysis in a separate memorandum opinion to follow.

## II.     Defendant's F.R.E. Rule 412 motion (Doc. 175)

Defendant has filed a motion pursuant to Rule 412 of the Federal Rules of Evidence, in which it seeks permission to offer at trial evidence of Plaintiff J.G. being trafficked for sex at properties other than United Inn.  (Doc. 175.)[2] The parties appear to disagree about whether and to what extent evidence that J.G. was trafficked at other locations may be admissible at trial, (Doc. 161 at 22-24, Doc. 173 at 8-10, Doc. 175 at 2), but the scope of their disagreement is difficult to discern from the briefing.   Plaintiff, moreover, has noted her

---

[2] Northbrook does not concede that Rule 412 governs the admissibility of the subject evidence.  (Doc. 175 at 1 n.1.)  It argues that the evidence it will seek to introduce is not being offered "to prove that a victim engaged in other sexual behavior" or "to prove a victim's sexual predisposition."  *Id.* (quoting Fed. R. Evid. 412(a)(1) and (2)).

potential willingness to stipulate to certain facts regarding her trafficking at a different motel.  (Doc. 161 at 22, n.6, Doc. 173 at 8.)

Under Rule 412 of the Federal Rules of Evidence, the following evidence is not admissible in a civil proceeding involving alleged sexual misconduct: "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." F.R.E. 412(a). There are, however, exceptions to this general rule.  "In a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party."  F.R.E. 412(b)(2).

"If a party intends to offer evidence under Rule 412(b), the party must: (A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered; (B) do so at least 14 days before trial unless the court, for good cause, sets a different time; (C) serve the motion on all parties; and (D) notify the victim . . ."  F.R.E. 412(c)(1).  Finally, before admitting evidence under this rule, the court must conduct an *in camera* hearing and give the victim and parties a right to attend and be heard.  *See* F.R.E. 412(c)(2).

The Court intends to resolve as many disputed evidentiary matters as possible before trial and finds it prudent to have in place clear parameters concerning the admissibility of any evidence of Plaintiff's alleged sexual

behavior.  To that end, the Court will conduct a hearing on the Rule 412 motion on June 30, 2025, at 4:00 PM in Courtroom 2307. At the hearing, Defendant should be prepared to identify and discuss any evidence it seeks to admit at trial concerning Plaintiff's alleged sexual behavior, outside of what allegedly occurred at the United Inn.  In the event the parties have reached a stipulated agreement regarding these matters, they may so inform the Court by filing a joint notice with the stipulation attached.

### III.   Plaintiff's motion for leave to file out-of-time response (Doc. 176)

Plaintiff has filed a motion to file an out-of-time response in opposition to Defendant's Rule 412 motion.  (Doc. 176.)  Plaintiff explains that she "did not respond in opposition to [Defendant's] April 8th Motion because Plaintiff previously briefed her position on the application of Rule 412 in her briefing on her Consolidated Motions in Limine." (*Id*. at 2.)  Defendant opposes the motion, pointing out, *inter alia*, that, under Local Rule 7.1(B), a party's failure to respond to a motion indicates there is no opposition to it.  (Doc. 177.)  Having considered the parties' positions and for good cause shown, the Court **GRANTS** Plaintiff's motion (Doc. 176) and will consider Plaintiff's response.

While Plaintiff should have filed a timely response to the Rule 412 motion, she made clear in her earlier-filed motion in limine her position that

4

she wanted to "limit the trial evidence regarding Plaintiff's sexual history to evidence of her sexual exploitation as a minor victim of sex trafficking at United Inn & Suites." (Doc. 161 at 22). Plaintiff's additional briefing further elucidates her position on the issues. (Doc. 173 at 8-10.) There is no risk of prejudice or unfair surprise to Defendant here, and the undersigned finds it prudent to decide the matter on the merits rather than based on Plaintiff's minor procedural misstep.

**SO ORDERED**, this 12th day of June, 2025.

SARAH E. GERAGHTY
United States District Judge

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.G.,

             Plaintiff,

        v.

NORTHBROOK INDUSTRIES,
INC., D/B/A UNITED INN AND
SUITES,

             Defendant.

CIVIL ACTION NO.

1:20-CV-05233-SEG

## MEMORANDUM OPINION

This case is before the Court on non-party Northfield Insurance Company's motion to intervene in this action to submit special interrogatories at trial. (Doc. 147). On June 12, 2025, the Court denied the motion to intervene. (Doc. 181.) This memorandum explains the Court's reasoning.

## I. Background

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).[1] Plaintiff, proceeding

---

[1] The TVPRA prohibits certain kinds of human trafficking, including sex trafficking. *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021). Under Section 1595 of the TVPRA, any "victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or

anonymously as J.G., alleges that in 2018 and 2019, she was trafficked for sex as a minor while residing at the United Inn, a hotel owned, operated, and managed by Defendant Northbrook Industries, Inc. ("Northbrook"). (Compl. ¶¶ 8-10, 20.) Plaintiff claims that Northbrook "knew or should have known" that she was trafficked on its premises and that Northbrook "participated in, facilitated, condoned, or ignored the sex trafficking of [J.G.]." (*Id.* ¶ 11.) She seeks to hold Northbrook liable for participating in and facilitating her trafficking, while receiving the profits of rooms rented by her traffickers.

The trial of this matter is set to begin on July 7, 2025. Non-party Northfield Insurance Company is providing a defense to Defendant Northbrook, its insured. (Doc. 147 at 1.) It is doing so under "a full and complete" reservation of all rights afforded to Northfield under the terms of commercial insurance Policy WS348486, with a policy period of July 13, 2028, to July 13, 2019 ("the Policy").[2]

---

should have known has engaged in an act in violation of this chapter)[.]" 18 U.S.C. § 1595(a).

[2] *See* Ltr. from Northfield to Northbrook Industries, April 1, 2021, *Northfield Insurance Company v. Northbrook Industries, Inc. and J.G.*, Civil Action No. 1:23-cv-3596-SEG (Doc. 7-2 at 12) (stating that Northfield's "agreement to defend Northbrook and to continue to investigate coverage for Plaintiff's claims is being made with a full and complete reservation of all the rights afforded to Northfield under the. . . Policies . . .").

2

Northfield disputes that it owes either a duty to defend or a duty to indemnify Northbrook as to the claims raised in this case. It thus filed a related, declaratory judgment action in this Court. *See Northfield Insurance Company v. Northbrook Industries, Inc. and J.G.*, Civil Action No. 1:23-cv-3596-SEG (Doc. 1). In the declaratory judgment action, Northfield seeks a declaration that it has no duty to defend or indemnify United Inn. *See id.* Northbrook and J.G. moved to dismiss the declaratory judgment action, and on September 16, 2024, the undersigned granted the motion in part, finding that Northfield owed a defense but staying the coverage lawsuit with respect to the duty to indemnify pending resolution of the jury trial in the instant case. *See id.,* Civil Action No. 1:23-cv-3596-SEG (Doc. 28). The Court's September 16, 2024, order in the declaratory judgment action is presently on appeal.

On December 9, 2024, Northfield moved to intervene in this case case for the purpose of submitting special interrogatories to the jury regarding its obligations, if any, to defend and indemnify Northbrook. (Doc. 147). Northfield argues it has a right to intervene, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, to protect adequately its interests in this case. (*Id.* at 5-7). Alternatively, Northfield argues that this Court should exercise its discretion to grant permissive intervention. (*Id.* at 7-8). Plaintiff opposes Northfield's motion, arguing, among other things, that Northfield's request to add

questions about coverage to the verdict form in this case would impermissibly expand Plaintiff's burden of proof at trial beyond the elements of the TVPRA claim that Plaintiff asserts. (Doc. 152 at 3-5.)  Defendant Northbrook has not responded to its insurer's motion.

## II.    Discussion

### A. Intervention as of Right

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention of right in a civil action.  Under Rule 24(a)(2), "anyone" who, "[o]n timely motion, . . . claims an interest relating to the property or transaction that is the subject of [an] action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," must be permitted to intervene in that action.  Fed. R. Civ. P. 24(a)(2).  An exception is made where "existing parties adequately represent that interest." *Id*.

The Eleventh Circuit has interpreted Rule 24(a)(2) to require a party seeking intervention as a right to demonstrate that:

> (1) [their] application to intervene is timely; (2) [they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit.

4

*Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 290 (11th Cir. 2020) (citing *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695-96 (11th Cir. 2017)).  A Rule 24(a) intervenor must have a "direct, substantial, legally protectable interest in the proceedings." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970) (internal quotations omitted).

### 1. Timeliness

The first issue this Court must address is timeliness.  Whether a motion to intervene is timely filed is a threshold factor that "is to be determined from all the circumstances."  *NAACP v. New York*, 413 U.S. 345, 365-66 (1973).  To determine whether a motion to intervene is timely, courts look to

> [1.] [t]he length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene[;] 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case[;] 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied[;] and 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Burke*, 833 F. App'x at 291 (quoting *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017)).

Turning first to the length of time during which Northfield knew of its interest in this case, the Court finds that Plaintiff initiated this action on

5

December 28, 2020, and that Northfield's motion to intervene was filed nearly four years later, on December 9, 2024.  Although the motion before the Court does not contain any definitive indication of when Northfield became aware of this action, Northfield issued a reservation of rights letter pertaining to this action to its insured on April 1, 2021.[3]  It filed its declaratory judgment action on August 14, 2023.  Thus, there was a lengthy period between the date when Northfield learned of J.G.'s case and its intervention motion.

Northfield, however, argues that the need to intervene in this case did not become apparent until this Court issued its September 16, 2024, order granting in part the motion to dismiss in the related, declaratory judgment action.  (Doc. 147 at 5, n.1.)  It further points out that, at the time it sought intervention, the trial date in this case was four months away, and the date to file proposed jury charges had not yet passed.  (*Id*.)

The Court finds Northfield's argument regarding timeliness to be unpersuasive.  It is undisputed that Northfield knew as early as April 1, 2021, the scope of the claims in this action, the terms of the Policy, and the potential exclusions and limitations at play.  It further knew that there was some

---

[3] *See* Ltr. from Northfield to Northbrook Industries, April 1, 2021 (Doc. 7-2), *Northfield Insurance Company v. Northbrook Industries, Inc. and J.G.*, Civil Action No. 1:23-cv-3596-SEG.

6

question about how the scope of coverage might apply.  Indeed, Northfield filed

a declaratory judgment action precisely because it sought clarity on its rights

and obligations under the Policy.  Northfield does not explain why it needed to

await a ruling on the motion to dismiss in the coverage lawsuit before it knew

that it had an interest in the instant case.  The J.G. complaint itself alerted

Northfield to the existence of thorny coverage issues that could turn on

evidence presented at trial.  The Court finds that Northfield knew or

reasonably should have known of its interest in this case approximately three-

and one-half years before it moved to intervene.  This factor weighs against

Northfield in the timeliness analysis.

The Court further finds that Plaintiff would experience prejudice if the

Court permitted intervention at this late stage.  Granted, Northfield seeks

intervention for the limited purpose of submitting interrogatories to the jury,

but the timing of Northfield's request has left Plaintiff unable meaningfully to

prepare for such intervention.  While Plaintiff had planned to put on a case

proving the elements of the TVPRA, Northfield now wants to have the jury

answer *different* questions that are *tangential* to the matters needed to show a

TVPRA violation.  At the time Northfield filed its motion, moreover, discovery

had closed, and this Court had already adjudicated summary judgment and set

a trial date.  If Northfield were permitted to intervene, Plaintiff would be left

unable to develop evidence she may need to make her case on the insurance questions Northfield wants to inject here.[4]  Additionally, Northfield has not attached its proposed special interrogatories to its motion, so Plaintiff and the Court are in the dark as to what precise questions it wants the jury to answer. For these reasons, the Court finds that Plaintiff would be prejudiced by Northfield's failure to apply for intervention earlier in the case.  The prejudice-to-parties factor weighs against Northfield in the timeliness analysis.

As for the extent of the prejudice that Northfield may suffer if its petition for leave to intervene is denied, this factor cuts both ways.  If intervention is denied, Northfield will not have the opportunity directly to query the jury in this case about coverage-related matters.  That said, Northbrook, Northfield's insured, has every incentive to zealously defend against Plaintiff's allegations in the upcoming trial, and, indeed, Northfield has engaged counsel for its insured for this purpose.  Further, Northfield has a pending declaratory

---

[4] To give an example, the question of whether Plaintiff experienced physical deterioration during her stay at United Inn is relevant to the coverage dispute, but not pertinent to the elements of a TVPRA claim.  Had she known earlier about Northfield's desire to intervene, Plaintiff might have developed evidence, including expert evidence, to show such physical deterioration.  (*See* Pl's Resp. Brief, Doc. 152 at 10 (stating that if Northfield were permitted to intervene, she would seek discovery, and that such discovery would delay these proceedings)).

judgment action in which it is pursuing its coverage positions.  On balance, the timeliness factors weigh against Northfield.  Its motion was not timely.

## 2. Intervenor's Interest

Even if Northfield's motion had been timely, however, the Court finds it is due to be denied for Northfield's failure to satisfy the second prong of the Rule 24(a)(2) analysis.

"Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is *direct*, substantial and legally protectable."  *Georgia v. United States Army Corps of Eng'rs,* 302 F.3d 1242, 1249 (11th Cir. 2002) (emphasis added).  The Eleventh Circuit "has held that a legally protectable interest 'is something more than an economic interest.'"  *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (quoting *United States v. South Fla. Water Mgmt. Dist.,* 922 F.2d 704, 710 (11th Cir.1991)).  "What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant." *Id.* (quotation marks and citation omitted) (emphasis in original).

Northfield argues that since Northbrook has sought coverage under Northfield-issued policies, Northfield has a direct financial interest—and therefore, a substantial legal interest—in this matter.  (Doc. 147 at 5-7).  It

9

further argues that that "the outcome of this case will inform the extent to which, if any, Northfield owes a duty to indemnify." (*Id.* at 5.)  Plaintiff responds that because Northbrook's liability has not yet been determined, Northfield's interest is only a contingent one.  (Doc. 152 at 6.)

Plaintiff has the better argument.  "The interest required to intervene as of right is a 'direct' interest. . . By definition, an interest is not direct when it is contingent on the outcome of a subsequent lawsuit." *Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006); *see also Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638-39 (1st Cir. 1989).[5]  Further, where, as here, an insurer defends under a full reservation of rights, its "interest in the liability lawsuit is contingent upon the outcome of the coverage lawsuit." *Ross*, 456 F.3d at 443;

---

[5] Northfield cites to *Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006), in support of its position, but its argument is unpersuasive.  In *Ross*, the Fifth Circuit found that an insurer had an interest sufficient to intervene in an appeal of an adverse liability judgment entered against its insured, where the insurer "defended [its insured] under a limited reservation of rights, accepting coverage for any negligent conduct while denying coverage for any intentional conduct." *Ross*, 456 F.3d at 444.  As the Fifth Circuit explained, once the insurer accepted coverage over liability on the part of its insured, it had a direct interest in the liability lawsuit.  *See id*.  The Fifth Circuit, however, expressly distinguished circumstances like those present in this case, in which the insurer defends pursuant to *a full and complete reservation of rights*.  *See id.* at 443.  Under those circumstances, the court found, the insurer's interest in the liability lawsuit is contingent upon the outcome of the coverage lawsuit. *See id.* "That interest, without more, is insufficient for intervention." *Id*.  Here, as noted above, the coverage lawsuit is ongoing.

*see also Dingwell*, 884 F.2d at 639; *Sanchez v. Clark*, No. CV 308-054, 2008 WL 11422525, at *2-3 (S.D. Ga. Nov. 18, 2008).

The Court thus finds that Northfield's interest in this litigation is "contingent and strictly economic," which is insufficient to satisfy the requirements of Rule 24(a)(2) intervention. *See, e.g., Sanchez*, 2008 WL 11422525, at *2-3; *see also Dorsett v. Negril Rest. ATL, LLC*, No. 1:23-CV-4255-MHC-JKL, 2024 WL 5700347, at *2 (N.D. Ga. Feb. 7, 2024), *report and recommendation adopted,* No. 1:23-CV-4255-MHC-JKL, 2024 WL 5699924 (N.D. Ga. Feb. 29, 2024) (finding that insurer's interest in minimizing its insured's liability was not sufficiently direct to permit intervention as of right when it was defending under reservations of rights); *S.R. v. Wyndham Hotels & Resorts, Inc.*, No. 2:23-CV-1731, 2024 WL 2795784, at *2 (S.D. Ohio May 31, 2024) (denying insurer's motion to intervene as of right in TVPRA litigation, and explaining that the insurer failed to allege a direct and substantial interest in the subject of the litigation); *Travelers Indem. Co. v. Burnette Constr. & Dev., Inc.*, No. 1:19-CV-96 (LAG), 2020 WL 13441634, at *2 (M.D. Ga. Jan. 29, 2020) (finding that an insurance company was not entitled to intervene as of right in a negligence action against the insurance company's insured because the insurer "d[id] not have a direct, significant, and legally protectable interest in the outcome of this matter"). Northfield has a contingent, economic interest in

11

the outcome of the trial in this case, but that interest does not support a right to intervene under Rule 24(a)(2).

### 3. Intervenor's Ability to Protect Its Interest

The Court further finds that Northfield has not established the possibility of impairment of its interests absent intervention. As noted, Northfield is separately litigating its coverage dispute through a declaratory judgment action. *See Burke*, 833 F. App'x at 292. And the Eleventh Circuit "has noted that the ability to separately litigate defeats the impairment element." *Id.* (citing *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 594 (11th Cir. 1991)). "Permitting this case to proceed without intervention does not impede or impair [Northfield's] ability to protect its interest through the more appropriate avenues." *Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-CV-1394-ORL-37DCI, 2019 WL 1976450, at *3 (M.D. Fla. Feb. 14, 2019) (rejecting insurer's argument that disallowing intervention would impede its ability to allocate the damages it may have a duty to indemnify, and reasoning that the insurer's "interest in the allocation of damages could be protected by way of a subsequent declaratory action.").

\*\*\*

12

Having found Northfield failed to satisfy the first three factors of the Rule 24(a) test, the Court need not analyze the remaining factor. *See In re Warrant*, No. 22-12791, 2023 WL 4995735, at *2 (11th Cir. Aug. 4, 2023); *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991). Northfield's request for intervention as of right under Rule 24(a)(2) is denied.

## B. Permissive Intervention

Rule 24(b) of the Federal Rules of Civil Procedure states that: "[o]n timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." The rule further requires that in exercising its discretion, a court must consider whether permitting intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). District courts enjoy substantial discretion to grant intervention under Rule 24(b). *See Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996). A court may deny intervention even if the requirements of Rule 24(b)(2) are met. *See, e.g., Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *Mathews v. Home Depot USA, Inc.*, No. 1:22-CV-02605-ELR, 2024 WL 4156416, at *10 (N.D. Ga. Sept. 5, 2024).

Courts considering whether to permit an insurance company to intervene in circumstances analogous to those present here have gone both

13

ways: some have permitted intervention, while others have declined to do so.[6] Having carefully considered Northfield's and Plaintiff's arguments, the Court declines to permit intervention here.

First, as stated above, the Court finds that Northfield's motion is untimely. Second, Northfield has not identified what the common questions of law or fact would be here. While its motion insists that "there are clearly common questions of fact in both this case and the pending Coverage Lawsuit[,]" (Doc. 147 at 8; *see also* Doc. 156 at 6), it does not say what those common questions are.

Moreover, as Plaintiff points out (Doc. 152 at 9), J.G.'s case will be about liability under the TVPRA, whereas the declaratory judgment action concerns Northbook's insurance contract with Northfield and whether there is coverage

---

[6] *Compare, e.g., Burnette Constr. & Dev., Inc.*, No. 1:19-CV-96 (LAG), 2020 WL 13441634, at *3 (M.D. Ga. Jan. 29, 2020) (permitting insurance company to intervene to serve special interrogatories at trial); *Sewell v. Barge, Waggoner, Sumner & Cannon, Inc.*, No. 5:07-CV-00447-HGD, 2009 WL 10688972, at *4 (N.D. Ala. May 14, 2009) (same) *with Restor-A-Dent Dental Lab'ys, Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871 (2d Cir. 1984) (finding that district court could have permitted insurance company to intervene to serve interrogatories, but that it did not abuse its broad discretion in declining to do so); *Dorsett*, 2024 WL 5700347, at *3 (N.D. Ga. Feb. 7, 2024) (declining to permit insurance company to intervene in Title VII case against its insured); *United States v. Hames*, No. 5:18-CV-1055-CLS, 2020 WL 4219885, at *3-4 (N.D. Ala. July 23, 2020) (denying motion for intervention made for the purpose of submitting a special verdict form or jury interrogatories).

under the Policy.  To prevail on her TVPRA beneficiary claim, Plaintiff must introduce evidence at trial that United Inn: (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA as to the Plaintiff, and (4) that the defendant had construction or actual knowledge that the undertaking or enterprise violated the TVPRA as to Plaintiff.  *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021).   In contrast, Northfield's interrogatories to the jury are likely to focus on matters tangential to the TVPRA case, like assault, battery, and whether Plaintiff experienced physical deterioration.  Those matters are relevant to the coverage dispute, but not to the TVPRA claim.  In sum, the special interrogatories requested by Northfield likely would "require[ ] a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action."  *S.R. v. Wyndham Hotels & Resorts, Inc.*, No. 2:23-CV-1731, 2024 WL 2795784, at *3 (S.D. Ohio May 31, 2024) (denying insurer's request for permissive intervention in TVPRA case).  Northfield has not shown that the two cases raise common questions of law or fact.

Even if there was some factual overlap between Plaintiff's case and Northfield's interrogatories, Plaintiff would suffer prejudice from Northfield's intervention at this stage in the litigation.  The Court agrees with Plaintiff that

15

she would be prejudiced by intervention because it would put her in the position of having to introduce evidence about insurance coverage issues (*e.g.* physical deterioration, abuse, molestation, assault, and battery) that are not elements of her TVPRA claim.  And, unless she sought to reopen litigation deadlines and delay trial, she would have to educate the jury on the facts relevant to coverage without the benefit of discovery or expert testimony developed on these issues.  Finally, the Court finds that Northfield has other adequate means of asserting its rights, namely, through its declaratory judgment action.  Thus, the Court declines to exercise its discretion to allow Northfield to intervene.

### III.    Conclusion

Northfield Insurance Company's motion to intervene in this action to submit special interrogatories at trial (Doc. 147) is **DENIED**.

**SO ORDERED** this 16th day of June, 2025.

_____
SARAH E. GERAGHTY
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| J.G., ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **CIVIL ACTION FILE** |
| ) | **No. 1:20-cv-05233-SEG** |
| **NORTH BROOK INDUSTRIES,** ) | |
| **INC. d/b/a UNITED INN AND** ) | |
| **SUITES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>NOTICE OF APPEAL</u>

Northfield Insurance Company ("Northfield") hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order denying its motion to intervene pursuant to Federal Rule of Civil Procedure 24(a) and (b). [Docs. 181 and 184.] *See Stone v. Union Corp.*, 371 F.3d 1305, 1308 (11th Cir. 2004) ("[T]his court has provisional jurisdiction to review the district court's denial of a motion to intervene based on right.") *See also id.* ("[P]laintiffs appeal the denial of their motion for intervention based on right and permission, and, thus, we have jurisdiction to hear both claims.")

This notice is timely filed within 30 days of the order denying intervention. FED R. APP. P. 4(a)(1)(A).

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorneys for Northfield Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties who have appeared in the action.

This 2nd day of July, 2025.

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorney for Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)