IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., | : |
| | : |
| **Plaintiff,** | : |
| | : CIVIL ACTION FILE |
| vs. | : |
| | : NO. 1:20-cv-05233-SEG |
| NORTHBROOK INDUSTRIES, | : |
| INC., D/B/A UNITED INN AND | : |
| SUITES, | : |
| | : |
| **Defendant.** | : |

<u>Plaintiff's Proposed Voir Dire Questions</u>
<u>Additional Qualifying Questions</u>

Plaintiff requests the following additional qualifying voir dire questions:

1. Is there anyone who is already leaning towards the Plaintiff or the Defense? Is there anyone's mind that is not completely impartial between the Plaintiff and the Defense?

Individual Questions

Plaintiff filed a lawsuit against United Inn & Suites, a hotel in DeKalb County, and alleges that she was sex trafficked there at the age of 16 for over 35 days. She alleges that the hotel violated a federal law called the Trafficking Victims Protection Reauthorization Act, and through her lawsuit she seeks accountability and monetary damages.

The purpose of these voir dire questions is to assist the lawyers with selecting jurors for this case. We thank you for participating and answering our questions directly. We will move through them efficiently.

(1) As I said, this case concerns the United Inn & Suites, located at 4649 Memorial Drive, Decatur, GA 30032.

   a. Is anyone here familiar with the United Inn & Suites?

   b. If anyone here has <u>never</u> stayed at a hotel, will you please raise your hand?

   c. Raise your hand if you expect a hotel to notify the police about criminal activities at the hotel, like guests who are selling drugs or girls for sex?

(2) Has anyone ever stayed at an extended stay hotel?

   a. In your mind, how is an extended stay different from a regular hotel where people might only stay for one or two nights and then leave?

    b. For those who answered yes, that they have stayed at an extended stay hotel, did you become familiar with hotel staff?

(3) This case is about sex trafficking.

    a. Raise your hand if you are familiar with the term sex trafficking. What do you understand it to mean?

    b. Raise your hand if you know of someone who is the victim of sex trafficking.

    c. Raise your hand if you think you know the difference between sex trafficking and prostitution. How would you describe the difference?

    d. Raise your hand if you have ever seen a person who you believed was engaged in prostitution. What made you think that?

    e. Raise your hand if you believe there is a difference between sex trafficking of a 16-year-old and sex trafficking of an adult. What's the difference?

    f. Raise your hand if you believe a minor can <u>consent</u> to sex trafficking. Why do you believe that?

    g. Raise your hand if you believe <u>force and coercion</u> play a role in distinguishing sex trafficking and prostitution. How so?

    h. Some people believe that trafficking only happens overseas or in movies. What have you heard or seen about sex trafficking in the United States?

    i. Would you expect hotel managers to be familiar with sex trafficking because of the industry they work in?

(4) The judge will instruct you that under federal law if a person who is under the age of 18 is caused to engage in a commercial sex act, then that person is a victim of sex trafficking.

    a. Raise your hand if you would refuse to apply the Court's instructions on the federal law regarding sex trafficking simply because you personally disagree with the federal law.

    b. Raise your hand if you would refuse to apply the Court's instructions on the federal law regarding sex trafficking if you thought the person looked older than 18.

    c. Raise your hand if you view 16-year-old as adults. How about as children?

(5) Is anyone here familiar with what a BOLO notice is?

    a. This case concerns a lawsuit against a hotel company. Raise your hand if you believe that a sex trafficking victim should not be able to sue a hotel where the victim was sex trafficked. How come?

4

(6) You will hear about people who worked at Defendant's hotel.

    a. What responsibility does a hotel have to supervise its employees? **(Defendant objects as it invades the province of the Court to instruct the jury on the applicable law)** (formerly 6d)

(7) Closing items.

    a. Raise your hand if you would be unwilling to award damages for pain and suffering, or mental anguish, regardless of the evidence and the law.

    b. The standard in this case is not, "beyond a reasonable doubt." In cases like this case—which is a civil case, not a criminal case—we have a different standard. It's called, "Preponderance of the Evidence." It's, in effect, a fancy way of saying, "more likely than not." Is there anyone here that would refuse to follow the standard for this case because you feel it should be different?

    c. Monetary compensation is the way that civil cases are resolved. Raise your hand if you believe that money is not a fair way to resolve disputes. Why or why not?

    d. Please raise your hand if you have an unfavorable opinion of people who file lawsuits against others seeking monetary damages

e. Raise your hand if you believe that jury verdicts are too high these days.

f. If you have an unfavorable view of seeking monetary damages in the civil justice system, please raise your hand.

g. If you have an unfavorable view of the civil justice system for any reason, please raise your hand.

h. Raise your hand if you have heard of the 2025 Georgia Tort Reform agenda. If you support tort reform, please tell us why.

i. At the end of trial, Plaintiff intends to ask for a significant verdict in the millions of dollars. Is there anyone here who would never be willing to award a significant verdict in the millions of dollars, even if it is justified by the evidence and the law?

Respectfully submitted, this 4th day of July, 2025.

FINCH McCRANIE, LLP

*/s/ David H. Bouchard*
David H. Bouchard
Georgia State Bar No. 712859
david@finchmccranie.com
Oto U. Ekpo
Georgia State Bar No. 327088
oto@finchmccranie.com
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 | Telephone
(404) 688-0649 | Facsimile

ANDERSEN, TATE & CARR, P.C.

*/s/ Patrick J. McDonough*
Patrick J. McDonough
Georgia State Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia State Bar No. 303999
jtonge@atclawfirm.com
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on this day, I filed the foregoing **PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS** using the Court's CM/ECF system, which will automatically email the document to all counsel of record.

This 4th day of July, 2025.

*/s/ David H. Bouchard*
David H. Bouchard