# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| **NORTHBROOK INDUSTRIES,** | : | |
| **INC., D/B/A UNITED INN AND** | : | |
| **SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

## PROPOSED TRIAL JURY INSTRUCTIONS

Pursuant to this Court's Instruction and Standing Order, Plaintiff J.G. and Defendant United Inn and Suites ("United Inn") submit these Proposed Trial Jury Instructions to the Court. The Parties anticipate that the evidence, and this Court's rulings at trial, may impact these instructions. Both parties reserve the right to amend, add to, or alter these proposed instructions prior to the jury charge.

PRE-TRIAL INSTRUCTIONS

**Proposed Jury Instruction ___**
**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

## **The jury's duty:**

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

## **What is evidence:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

### What is not evidence:

During the trial, you'll hear certain things that are not evidence, and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

### **Credibility of witnesses:**

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

## **Description of the case**:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

**PLAINTIFF'S POSITION:**

The Plaintiff, Jhordyn, contends that she was sex trafficked at the age of 16 for over 35 days at the United Inn, a hotel owned, operated, and managed by Defendant at all relevant times. Jhordyn intends to prove that United Inn violated a federal law called the Trafficking Victims Protection Reauthorization Act ("TVPRA") and that she is entitled to recover money damages from the hotel as a result.

**DEFENDANT'S POSITION:**

The Defendant, United Inn, denies Jhordyn's claim because it contends that she cannot prove the required elements of the TVPRA. Without proving those elements, Jhordyn would not be entitled under the law to money damages.

## **Burden of proof:**

Plaintiff has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring the Plaintiff and the evidence favoring the Defendant on opposite sides of balancing scales, Plaintiff needs to make the scales tip to her side. If Plaintiff fails to meet this burden, you must find in favor of Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

## **Conduct of the jury:**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence,

the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and X, formerly known as Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your

decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

### **Taking notes:**

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

### **Course of the trial:**

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present her witnesses and ask them questions. After Plaintiff questions the witness, Defendant may ask the witness questions—this is called "cross-examining" the witness. Then Defendant will present its witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**AUTHORITY**: 11th Cir. Civil Pattern Instruction 1.1.[1]

**THE PARTIES AGREE TO THIS INSTRUCTION.**

---

[1] Unless otherwise noted, citations to the "11th Cir. Pattern Instruction" refers to Eleventh Circuit Civil Pattern Jury Instruction (2024 revision).

**Proposed Jury Instruction \_\_\_**
**Anonymity**

**PLAINTIFF'S PROPOSED INSTRUCTION:**

In this proceeding, Plaintiff has been allowed to proceed using only her first name, Jhordyn, and her initials, J.G.. This has been done only for the purpose of protecting her privacy. The fact that Plaintiff is so identified is not evidence and should not be considered by you for any purpose in this trial.

There may be times, however, when you may hear or see Plaintiff's full name. You must not discuss Plaintiff's identity or last name with anyone, other than your fellow jurors during deliberations, even after this proceeding has ended.

**AUTHORITY**: Adapted from Cal. Jury Instr. Crim. 1.12, Anonymity of Alleged Victim.

**THE PARTIES AGREE TO THIS INSTRUCTION.**

TRIAL INSTRUCTIONS

**Proposed Jury Instruction ___**
**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**AUTHORITY**:  11th Cir. Civil Pattern Instruction 2.1.

**THE PARTIES AGREE TO THIS INSTRUCTION.**

**Proposed Jury Instruction \_\_\_\_**
**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of United Inn's corporate representative, Tahir Shareef, was videorecorded in February 2023, and portions of that videorecording will be presented to you at trial. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court. Because Tahir Shareef was testifying as United Inn's corporate representative, that means he was speaking on behalf of United Inn, and his answers bind United Inn.

**AUTHORITY**: Adapted from 11th Cir. Civil Pattern Instruction 2.2.

**THE PARTIES AGREE TO THIS INSTRUCTION**.

**Proposed Jury Instruction \_\_\_**
**Use of Interrogatories and Requests for Admissions**

You may hear answers that Plaintiff and Defendant gave in response to written questions the other side submitted. The questions are called "interrogatories" and "requests for admissions." Before trial, Plaintiff and Defendant gave the answers in writing under oath.

You must consider the Plaintiff's and Defendant's answers as though they gave the answers on the witness stand.

**AUTHORITY**:  11th Cir. Civil Pattern Instruction 2.6.

**THE PARTIES AGREE TO THIS INSTRUCTION**.

### Proposed Jury Instruction ___
### In-Trial Instructions on News Coverage

Reports about this trial may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**AUTHORITY**: 11th Cir. Civil Pattern Instruction 2.7.

**THE PARTIES AGREE TO THIS INSTRUCTION**.

**Proposed Jury Instruction ___**
**Basic Instructions Following the Close of the Evidence**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| **J.G.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| **NORTHBROOK INDUSTRIES,** | : | |
| **INC., D/B/A UNITED INN AND** | : | |
| **SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**AUTHORITY**:  11th Cir. Civil Pattern Instruction 3.1.

**THE PARTIES AGREE TO THIS INSTRUCTION**.

## <u>Plaintiff's</u> Proposed Jury Instruction \_\_\_\_
## Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**AUTHORITY**:  11th Cir. Civil Pattern Instruction 3.2.2.

**Defendant's Position: Defendant objects to inclusion of the last sentence of this instruction to the extent it may be inconsistent with other instructions to be given on this issue.**

**Plaintiff's Position: No objection to this pattern instruction.**

**Proposed Jury Instruction ___**
**Consideration of Evidence – Direct & Circumstantial; Argument of Counsel;**
**Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

**AUTHORITY**:11th Cir. Civil Pattern Instruction 3.3.

**THE PARTIES AGREE TO THIS INSTRUCTION**.

**Proposed Jury Instruction \_\_\_**
**Credibility of Witnesses**

When I say you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**AUTHORITY**: 11th Cir. Civil Pattern Instruction 3.4.

**THE PARTIES AGREE TO THIS INSTRUCTION**.

### Proposed Jury Instruction ____
### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**AUTHORITY**:  11th Cir. Civil Pattern Instruction 3.5.1.

**THE PARTIES AGREE TO THIS INSTRUCTION**.

**<u>Plaintiff's</u> Proposed Jury Instruction ___**
**Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## <u>ANNOTATIONS AND COMMENTS</u>

11th Cir. Civil Pattern Instruction 3.5.2.

**<u>Defendant's Position</u>: United Inn objects to inclusion of this instruction to the extent it references felony conviction, which is not supported by the evidence. The remainder of the instruction is duplicative of the previous instruction in this set.**

**<u>Plaintiff's Position</u>: The need for this instruction depends on the evidence introduced at trial. Because there may be evidence at trial to support this instruction, this instruction may be warranted.  It is too early to determine.  If the trial evidence does not support this instruction, then the prior instruction can be given instead.**

## <u>Plaintiff's</u> Proposed Jury Instruction ___
## Similar Acts Evidence

During the trial, you heard evidence of acts allegedly committed at other times by Defendant or by others on Defendant's property that may be similar to acts alleged in Plaintiff's Complaint. You must not consider this evidence to decide if the Defendant engaged in the activity alleged in the Complaint. But you may consider this evidence to decide whether:

- The Defendant had a motive to violate the TVPRA.

- There was opportunity for the acts alleged in the Complaint to be committed on Defendant's property.

- Plaintiff's alleged trafficking at Defendant's property was an accident or mistake.

**AUTHORITY**: Adapted from 11th Cir. Criminal Pattern Instructions, T.1 Cautionary Instruction, Similar Acts Evidence (Rule 404(b), Fed. R. Evid.).

<u>**Defendant's Position**</u>: **The first bullet point is inconsistent with the Court's Motion in Limine Order at p. 18.**

<u>**Plaintiff's Position**</u>: **This instruction is consistent with the Court's rulings in its order on the parties' motions *in limine*. (Doc. 204 at 24-25 ("J.G. does not seek to introduce evidence of other crimes at United Inn for the improper purpose of showing conformity with character, but rather to demonstrate Northbrook's 'knowledge,' and 'absence of mistake,' which are permitted uses of evidence of other wrongs under Rule 404(b)(2) . . . Here, a jury might properly rely on contextual evidence of other commercial sex crimes at United Inn to evaluate whether Northbrook participated in a venture which violated the TVPRA and had knowledge of J.G.'s sex trafficking.").**

The Court also noted that "[s]everal courts have permitted evidence of a defendant's 'modus operandi' to establish knowledge of a TVPRA violation." *Id.* (citing *Treminio v. Crowley Mar. Corp.*, No. 322CV00174CRKPDB, 2024 WL 382400, at *6 (M.D. Fla. Feb. 1, 2024); *Ardolf v. Weber*, 332 F.R.D. 467, 475 (S.D.N.Y. 2019) (holding that establishing the defendant's modus operandi was a permitted method to demonstrate knowledge under the TVPRA).

**Proposed Jury Instruction ___**
**Similar Acts Evidence - Knowledge**

During the trial, you heard evidence of acts allegedly carried out on Defendant's property that may be similar to acts alleged in Plaintiff's Complaint, but that were committed at other times. If you find that the Defendant knew of these allegedly similar acts, you may use this evidence to help you decide whether the similarity between those acts and the ones alleged in this case suggest that the Defendant should have known of the acts carried out in this case on its property.

The Defendant is currently on trial only for the claims raised by Plaintiff in the Complaint. You may not find for the Plaintiff simply because you believe that similar acts to those alleged in Plaintiff's Complaint may have been committed in the past at Defendant's property.

**AUTHORITY**:  Adapted from 11th Cir. Criminal Pattern Instructions S4.2 Similar Acts Evidence – Identity (2024 Edition); *Treminio v. Crowley Maritime Corp.*, 2024 WL 382400 * 7 (M.D. FL Feb. 2024) (denying defendant's motion *in limine* in TVPRA case, because evidence was sufficient to submit for jury determination of whether defendant had *modus operandi*); *Ardolf v. Weber*, 332 F.R.D. 467, 475 (S.D.N.Y. 2019) (ruling that establishing the defendant's *modus operandi* was a permitted method to demonstrate knowledge under the TVPRA).

**THE PARTIES AGREE TO THIS INSTRUCTION.**

<u>Plaintiff's</u> **Proposed Jury Instruction**
**Negligence Amplified; Employee**

Every person shall be liable for the wrongful conduct or torts committed by an employee by direction or in the prosecution and within the scope of the person's business, whether the same are committed by negligence or voluntarily.

**AUTHORITY**:  Ga. Civil Pattern Instruction 60.310.

**Defendant's Position: Northbrook objects to this instruction as a statement of Georgia law in a federal statute case.  Northbrook further requests additional charges on this issue, such as those proposed by Northbrook, to provide the jury a thorough understanding of the law on this issue.**

**Plaintiff's Position: Plaintiff incorporates here her response to Defendant's proposed "agency" instruction. As stated in Plaintiff's response to that instruction, federal courts routinely and correctly apply state law on vicarious liability in TVPRA cases. *Doe (K.B.) v. G6 Hosp., LLC*, No. 1:23-CV-2597-TWT, 2023 WL 8650785, at \*7 (N.D. Ga. Dec. 14, 2023) (collecting cases) ("many courts apply state law when determining vicarious liability in TVPRA claims").**

<u>Plaintiff's</u> **Proposed Jury Instruction**
**Negligence Amplified; Willful Torts**

An employer is liable for the willful torts or willful wrongful conduct of an employee committed in the course of the employment.

If an employee should do something in furtherance of a lawful direction given by the employer, the employer would be liable for any injury suffered by another, whether caused by the employee's negligence or by the wanton and reckless conduct of the employee in an attempt to accomplish the employer's business in an unlawful matter.

It makes no difference whether the employer authorized the acts, knew of the acts or misconduct, or even if the employer disapproved or forbade it; the employer is equally liable if its employee or agent performs the act in the course of the employer's business.

**AUTHORITY**: Adapted Ga. Civil Pattern Instruction 60.320; *Broadnax v. Daniel Custom Const., LLC*, 315 Ga. App. 291, 297 (2012); *see also Brown v. AMF Bowling Centers, Inc.*, 236 Ga. App. 277, 278 (1999) ("Whether a specific act was authorized has never been the test of liability. In fact, 'it makes no difference that the master did not authorize [a particular act], or even know of the servant's act or neglect, or even if he disapproved or forbade it, he is equally liable, if the act be done in the course of his servant's employment.") (internal quotations omitted).

<u>Defendant's Position</u>: **Northbrook objects to this instruction as a statement of Georgia law in a federal statute case. Further, this particular instruction is not supported by the evidence. Northbrook requests that the Court adopt its charges on this issue, as they provide the jury with a thorough and appropriate understanding of the applicable law on this issue.**

**<u>Plaintiff's Position</u>: Plaintiff incorporates here her response to Defendant's proposed "agency" instruction. As stated in Plaintiff's response to that instruction, federal courts routinely and correctly apply state law on vicarious liability in TVPRA cases. *Doe (K.B.) v. G6 Hosp., LLC*, No. 1:23-CV-2597-TWT, 2023 WL 8650785, at \*7 (N.D. Ga. Dec. 14, 2023) (collecting cases) ("many courts apply state law when determining vicarious liability in TVPRA claims").**

**<u>Defendant's</u> Proposed Jury Instruction ___**
**Agency**

An employer is liable for the acts of his employees committed while acting in the scope of their employment.

Conduct of an employee is not within the scope of employment if it is different in kind from that authorized, or too little motivated by a purposed to serve the employer.

The fact that an act is done in an outrageous or abnormal manner has value in indicating that the employee is not motivated by an intent to perform the employer's business. In such cases, the facts may indicate that the employee is merely using the opportunity afforded by the circumstances to take action.

**AUTHORITY:** Restatement (Second) of Agency § 228, 229, 235 cmt. (b); <u>J.G. v. Northbrook Indus., Inc.</u>, Summary Judgment Order [Dkt. #138] at 25-26 n.11 ("When applying agency principles to federal statutes, 'the Restatement (Second) of Agency . . . is a useful beginning point for a discussion of general agency principles.'") (quoting <u>Burlington Indus., Inc. v. Ellerth</u>, 524 U.S. 742, 755 (1998)).

**<u>PLAINTIFF'S RESPONSE:</u> Plaintiff objects to this instruction.**

**The instruction relies on the Court's summary judgment order, which explicitly does not decide whether federal common law or Georgia law on the issue of vicarious liability applies to this TVPRA case. Doc. 138 at 27 ("Whether the vicarious liability inquiry is governed by state or federal common law, the result for Defendant here is the same – questions of material fact preclude summary judgment on the TVPRA claim.")**

**Plaintiff's proposed jury instructions refer to Georgia state law on vicarious liability because "many courts apply state law when determining vicarious**

liability in TVPRA claims." *Doe (K.B.) v. G6 Hosp., LLC*, No. 1:23-CV-2597-TWT, 2023 WL 8650785, at *7 (N.D. Ga. Dec. 14, 2023) (collecting cases).

If the Court decides to give jury instructions based on federal law on vicarious liability, then the instruction must accurately state the law.  The proposed instruction does not.

As the Court noted, the Supreme Court has said that: "The Restatement defines conduct, including an intentional tort, to be within the scope of employment when 'actuated, at least in part, by a purpose to serve the [employer],' even if it is forbidden by the employer." Doc. 138 at 26-27 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 756 (1998) (quoting Restatement §§ 228(1)(c)), 230). "For example, when a salesperson lies to a customer to make a sale, the tortious conduct is within the scope of employment because it benefits the employer by increasing sales, even though it may violate the employer's policies." *Id. (*quoting *Burlington* (citing Prosser and Keeton on Torts § 70, at 505–06)).  The proposed instruction makes no mention of critical language directly relevant here, like "intentional torts" are "within the scope of employment when actuated at least in part by a purpose to serve the employer, even if it is forbidden by the employer."

Further, the Restatement (Second) of Agency provides that, "(1) A master is subject to liability for the torts of his servants committed while acting in the scope of their employment.  (2) A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless: (a) the master intended the conduct or the consequences, or (b) the master was negligent or reckless, or (c) the conduct violated a non-delegable duty of the master, or (d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation." § 219 (1958).

Again, Plaintiff requests vicarious liability instructions based on Georgia law, as indicated in her proposed jury instructions.  If the Court is inclined to give vicarious liability instructions based on federal law on vicarious liability, then the instruction needs to accurately state the law, and include all relevant provisions from the Restatement (or other appropriate source).  As explained, the foregoing instruction does not.

**Defendant's** Proposed Jury Instruction ___
**Imputed Knowledge**

Under some circumstances an employee's knowledge can be imputed to her

employer.  Under these circumstances an employer is deemed to know what its

employee knows.  However, an employer is <u>not</u> deemed to have knowledge

stemming from an employee's knowledge of her own unauthorized act.

**AUTHORITY:**  Restatement (Second) of Agency § 280; <u>J.G. v. Northbrook Indus.,</u>
<u>Inc.</u>, Summary Judgment Order [Dkt. #138] at 25-26 n.11 ("When applying agency
principles to federal statutes, 'the Restatement (Second) of Agency . . . is a useful
beginning point for a discussion of general agency principles.'") (quoting <u>Burlington</u>
<u>Indus., Inc. v. Ellerth</u>, 524 U.S. 742, 755 (1998)).

**PLAINTIFF'S RESPONSE:**  **Plaintiff objects to this instruction, and requests**
**that Georgia law on vicarious liability principles apply.**

**Further, as written, this instruction is not an accurate statement of law.**
**Employers have a duty to monitor and supervise employees. *See, e.g.*, *Charter***
***Peachford Behav. Health Sys. v. Kohout*, 233 Ga. App. 452, 461, 504 S.E.2d 514,**
**525 (1998) (discussing employer's "duty to supervise" employees and agents,**
**and distinguishing employees from independent contractors); *see also***
**Restatement (Second) of Agency § 213 (1958) ("A person conducting an activity**
**through servants or other agents is subject to liability for harm resulting from**
**his conduct if he is negligent or reckless: (a) in giving improper or ambiguous**
**orders of in failing to make proper regulations; or (b) in the employment of**
**improper persons or instrumentalities in work involving risk of harm to others:**
**(c) in the supervision of the activity; or (d) in permitting, or failing to prevent,**
**negligent or other tortious conduct by persons, whether or not his servants or**
**agents, upon premises or with instrumentalities under his control."ttm);**
**Restatement (Second) of Torts § 317 (1965) ("A master is under a duty to**
**exercise reasonable care so to control his servant while acting outside the scope**
**of his employment as to prevent him from intentionally harming others or from**
**so conducting himself as to create an unreasonable risk of bodily harm to them,**

if (a) the servant (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or (ii) is using a chattel of the master, and (b) the master (i) knows or has reason to know that he has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control.")  As such, the proposed instruction is incomplete and misleading. It is not accurate to say, without more, "However, an employer is not deemed to have knowledge stemming from an employee's knowledge of her own unauthorized act."

Also, the Restatement (Second) of Agency provides that, "(1) A master is subject to liability for the torts of his servants committed while acting in the scope of their employment.  (2) A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless: (a) the master intended the conduct or the consequences, or (b) the master was negligent or reckless, or (c) the conduct violated a non-delegable duty of the master, or (d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation." § 219 (1958).

In addition, the instruction is not complete and correct because Comment (a) of the Restatement (Second) of Agency says that "[a] principal is subject to liability to third persons for certain unauthorized acts of an agent; in other cases, although not otherwise liable, he may become liable by receiving the proceeds of the agent's wrongful conduct."

**Proposed Jury Instruction ___**
**Expert Witnesses**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**AUTHORITY**: 11th Cir. Civil Pattern Instruction 3.6.1.

**THE PARTIES AGREE TO THIS INSTRUCTION.**

<u>**Plaintiff's**</u> **Proposed Jury Instruction \_\_\_**
**Failure to Produce Evidence Under Party's Control**

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

**AUTHORITY**: 3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, *Federal Jury Practice and Instructions* § 104:26 (7th ed.).

<u>**Defendant's Position**</u>: **Northbrook objects to this instruction as not warranted by the evidence, and the subject matter was previously addressed in the Court's Motion in Limine Order. Moreover, adverse inference is typically given as a sanction and thus is not applicable here.**

<u>**Plaintiff's Position**</u>: **This instruction is appropriate given United Inn's failure to identify its staff, as required by Rules 26(a)(1) and (e). Plaintiff has further explained her position on the need for this instruction in briefing. (*See, e.g.,* Doc. 209). In relevant part, the Court's order on Plaintiff's motion *in limine* number 6 states that "it has granted Northbrook's tenth motion *in limine*, which precludes J.G. from asserting that Northbrook violated discovery rules or disclosing any resulting sanctions." (Doc. 204 at 16). Plaintiff understands the Court's order and will comply with it. The requested curative instruction *neither* discusses discovery rules (and any violation of them) *nor* sanctions.**

**Proposed Jury Instruction ___**
**Responsibility for Proof**

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claims are more likely true than not true.

If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

**AUTHORITY**:  Adapted 11th Cir. Civil Pattern Instruction 3.7.1.

**THE PARTIES AGREE TO THIS INSTRUCTION.**

**Proposed Jury Instruction ____**
**Elements of CIVIL-BENEFICIARY TVPRA Claim**

The Trafficking Victims Protection Reauthorization Act, which I'll call the TVPRA, gives sex trafficking victims the right to "bring a civil action" and to "recover damages" from any business that:

(1) knowingly benefited,

(2) from taking part in a common undertaking or enterprise involving risk and potential profit,

(3) which that business knew or should have known,

(4) engaged in an act in violation of the TVPRA as to the Plaintiff.

If you find that Plaintiff has proven these elements, then you should find for the Plaintiff.  If not, then you should find for the Defendant.

I will now explain these four elements to you.

**AUTHORITY**:18 U.S.C. § 1595(a); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 719 (11th Cir. 2021).

**THE PARTIES AGREE TO THIS INSTRUCTION.**

**Proposed Jury Instruction \_\_\_**
**"Knowingly Benefited," Defined**

Regarding the first element, "knowingly benefited," knowledge is an awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact. Under the TVPRA, a defendant may benefit financially or by receiving anything of value.

**AUTHORITY**: 18 U.S.C. § 1595(a); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021).

**THE PARTIES AGREE TO THIS INSTRUCTION.**

**Proposed Jury Instruction**
**"Participation in Venture"**

The second element is "taking part in a common undertaking or enterprise involving risk and potential profit."


**AUTHORITY**:*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724 (11th Cir. 2021) ("Accordingly, we conclude that the phrase 'participation in a venture' requires that the Does allege that the franchisors took part in a common undertaking or enterprise involving risk and potential profit.").


**THE PARTIES AGREE TO THIS INSTRUCTION.**

<u>**Defendant's** Proposed Jury Instruction ___</u>
<u>**"Participation in Venture"**</u>

For the second TVPRA element, Plaintiff need not show that Northbrook directly participated in sex trafficking, but neither will it suffice merely to show that sex trafficking occurred on the premises and Northbrook saw signs of it. Rather, Plaintiff must (i) show at least some connection between Northbrook's and the traffickers' actions (the *common* venture) and (ii) identify what actions the operator took to advance the object of the joint undertaking (*participation* in the common venture).

**AUTHORITY:** *J.G. v. Northbrook Indus., Inc.*, Summary Judgment Order [Dkt. #138] at 18-19.

**Plaintiff's Position**: **Plaintiff objects to this proposed jury instruction—which is one of five instructions on "participation in a venture" proposed by Defendant—on two grounds.**

*First*, **the proposed instruction departs from, and impermissibly adds to, the Eleventh Circuit's binding holding in** *Doe #1 v. Red Roof Inns, Inc.*, **21 F.4th 714 (11th Cir. 2021) on the meaning of "participation in a venture" in 18 U.S.C. § 1595(a).**

**In** *Red Roof*, **"[t]he only question" on appeal was "whether the Does have plausibly alleged that the franchisors are liable."** *Id.* **at 723. "At its core," the appeal was "about statutory interpretation"—*i.e.*, the meaning of the 2008 amendment to § 1595(a).** *Id.* **To interpret the statute, the Court, "as always," analyzed "the common and ordinary meaning of the words used[.]"** *Id.* **at 723.**

"**Most of the parties' dispute**" **concerned the** "**second element**"—*i.e.*, "**participation in a venture.**" **21 F.4th at 724. The Court surveyed dictionary definitions, and** "**conclude[d] that the phrase 'participation in a venture' requires that the Does allege that the franchisors** *took part in a common undertaking or enterprise involving risk and potential profit.*" *Red Roof*, **21 F.4th at 725 (emphasis added).**

*Red Roof*'**s explanation of the meaning of** "**participation in a venture**" **should govern here. No further explanation of the phrase is warranted or legally justified in these instructions. The Eleventh Circuit has already defined the phrase. Its binding definition should govern these instructions.**

*Second*, **Plaintiff objects to United Inn's proposed jury instruction because it impermissibly adds to** *Red Roof*'**s precedential interpretation of** "**participation in a venture**" **based at least in part on inapplicable reasoning from an unpublished,** *per curiam* **opinion,** *K. H. v. Riti, Inc.*, **No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024).** *Riti* **was wrongly decided,[2] and it is the subject of multiple pending appeals.[3]**

---

[2] It is well-established that unpublished, *per curiam* opinions should not be followed without analyzing whether the opinion is legally correct. *See, e.g.*, *McNamara v. Gov't Emps. Ins.*, 30 F.4th 1055, 1060–61 (11th Cir. 2022) ("[A] district court shouldn't simply cite to one of our unpublished opinions as the basis for its decision without separately determining that it is persuasive. . . . [Because the unpublished decision] didn't properly analyze Florida law, [] the district court shouldn't have followed it."); *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1302 (11th Cir. 2021) (rejecting conclusion of two unpublished opinions that relied on a "heightened standard for ascertainability" for class certification was inconsistent with circuit precedent and Rule 23's text); *United States v. Iguaran*, 821 F.3d 1335, 1336 & n.1 (11th Cir. 2016) (holding that criminal defendant's jurisdictional objection was reviewed for plain error based on two unpublished decisions was "wrong"); *Pellitteri v. Prine*, 776 F.3d 777, 781–82 (11th Cir. 2015) (holding that "conclusion" in unpublished decision "was mistaken on two fronts" and explaining why).

[3] *C.B. v. Naseeb Investments*, No. 24-13294 (11th Cir.); *Jane Doe v. G6 Hospitality, LLC,* No. 25-11345 (11th Cir.); *Hare Krishna Savannah Hotel, LLC v. Jane Doe*, No. 25-90009 (11th Cir.); *A.G. v. Northbrook Industries, Inc. d/b/a United Inn and Suites,* No. 25-10816 (11th Cir.); *G.W. v. Northbrook Industries, Inc. d/b/a United*

As it relates to this jury instruction, the *Riti* plaintiff only alleged that the subject venture was a "sex trafficking venture." *Riti,* 2024 WL 505063, at *3 ("K.H.'s allegations are much like the allegations ... in *Red Roof*. K.H. alleges that Riti participated in a common sex trafficking undertaking with Laye ....").

Here, by contrast, J.G. alleged the venture differently—as the operation of the hotel, and the rental of hotel rooms for a fee.  In this case, J.G. alleged that United Inn "took part in a common undertaking or enterprise involving risk and potential profit" by running the hotel and renting rooms to J.G.'s traffickers. *See, e.g.*, *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 554 (7th Cir. 2023) ("[n]early every court agrees," and even "the Eleventh Circuit has acknowledged," that "the alleged venture can be a 'commercial venture []' like running or expanding a business.")

For example, in paragraph 2 of her complaint, J.G. alleged that:

> Northbrook knowingly benefited from participation in a venture which it knew or should have known engaged in an act in violation of the TVPRA because it (i) rented the rooms at the United Inn in which Plaintiff was sex trafficked, (ii) collected fees for rental of those rooms, and (iii) did so notwithstanding that it knew or should have known that Plaintiff was a victim of sex trafficking. As such, Northbrook is liable to Plaintiff for her damages under the TVPRA.

Doc. 1 at 2-3, ¶2(a).

J.G. incorporated that allegation into her substantive TVPRA count (i.e., Count I). *See* ¶ 71 ("Plaintiff incorporates Paragraphs 1 through 70 as if fully restated herein verbatim.").  Elsewhere, J.G. alleged that United Inn violated the TVPRA by using the language of the civil-beneficiary provision. *See* ¶ 72 ("In violation of the TVPRA, 18 U.S.C. § 1595(a), Northbrook knowingly benefitted from participation in a venture that Northbrook knew or should have known engaged in acts in violation of the TVPRA."); ¶¶76, 77 ("Northbrook knew or should have known the venture engaged in acts in violation of the TVPRA

---

*Inn and Suites*, No. 25-10829 (11th Cir.).

because…").

In sum, J.G. objects to the proposed jury instruction because it departs from, and adds to, the holding in *Red Roof*, which is the only binding, precedential authority on the meaning of "participation in a venture" in this Circuit. *Red Roof* sufficiently defines that phrase for these jury instructions.  No further definition of the term is justified or needed beyond what *Red Roof* provides: "took part in a common undertaking or enterprise involving risk and potential profit."

<u>**Defendant's Position:**</u>  The jury can benefit greatly in its understanding of this complex statute from the Eleventh Circuit's and this Court's jurisprudence.

## Defendant's Proposed Jury Instruction
### "Participation in Venture"

Renting hotel rooms to a trafficker, standing alone, does not constitute participating in a venture for purposes of liability under the TVPRA.

**AUTHORITY:** *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726-27 (11th Cir. 2021); *K.H. v. Riti*, No. 23-11682, 2024 WL 505063, at *3-4 (11th Cir. Feb. 9, 2024).

**Plaintiff's Position**:

**Plaintiff objects to this proposed jury instruction for the reasons stated in response to the prior instruction on "participation in a venture." Further, it is not a correct statement of law. The *Red Roof* Court agreed with *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017) that "renting a room to the abuser" is one of the "kinds of allegations [that] would establish a hotel operator's participation in a venture with a sex trafficker." 21 F.4th at 725-26. As the *Red Roof* court explained in full:**

> **As for our sister circuits, only the First Circuit has addressed a Section 1595(a) beneficiary claim. *See Ricchio v. McLean*, 853 F.3d 553, 556-58 (1st Cir. 2017). And we think our reasoning is consistent with the disposition there. In *Ricchio*, the plaintiff sued the owner and live-in operators of a hotel where she was held hostage and sexually abused. *Id.* at 556. The First Circuit held that the plaintiff had plausibly alleged that the operators' association with the plaintiff's sex trafficker was a "venture" because her abuser "had prior commercial dealings with the [operators], which the parties wished to reinstate for profit." *Id.* at 555. Considering these dealings, the plaintiff also plausibly alleged that, *by renting a room to the abuser, the operators were "associating with him in an effort to force [the plaintiff] to serve their business objective." Id.* We agree that these kinds of allegations would establish a hotel operator's**

> *participation in a venture with a sex trafficker.*

*Id.* (emphasis added).

**Defendant's Position:**  The jury can benefit greatly in its understanding of this complex statute from the Eleventh Circuit's and this Court's jurisprudence.

**<u>Defendant's</u> Proposed Jury Instruction**
**TVPRA; "participation in a venture"**

A direct association, or a continuous business relationship, between Northbrook and Plaintiff's's traffickers, standing alone, does not constitute participating in a venture for purposes of liability under the TVPRA.

**AUTHORITY:** *K.H. v. Riti*, No. 23-11682, 2024 WL 505063, at *2 n.5 (11th Cir. Feb. 9, 2024).

**<u>Plaintiff's Position</u>**: **Plaintiff objects to this proposed instruction for the reasons stated in response to the prior two proposed instructions on "participation in a venture." Further, this instruction is not a correct statement of the law. The *Red Roof* Court relied on and approved of *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017), and noted that, the "First Circuit held that the plaintiff had plausibly alleged that the operators' association with the plaintiff's sex trafficker was a 'venture' because her abuser 'had prior commercial dealings with the [operators], which the parties wished to reinstate for profit.'" *Id.* at 555. Thus, the proposed instruction misstates the law. In support of this instruction, United Inn does not cite the Eleventh Circuit's binding precedent on civil-beneficiary claims (*Red Roof*). Instead, it cites a non-binding, *per curiam* opinion that was wrongly decided, and which is inapplicable here, for reasons addressed *supra*.**

**<u>Defendant's Position</u>:  The jury can benefit greatly in its understanding of this complex statute from the Eleventh Circuit's and this Court's jurisprudence.**

<u>**Defendant's**</u> **Proposed Jury Instruction**
**TVPRA; "participation in a venture**

In assessing whether Northbrook should be found liable in this action, you are instructed that observing something is not the same as participating in it.  Thus, you could find, for example, that Northbrook observed signs of sex trafficking and turned a blind eye toward it, but this would not equate to Northbrook participating in a venture as required for liability under the TVPRA.

**AUTHORITY:** *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 727 (11th Cir. 2021); *K.H. v. Riti*, No. 23-11682, 2024 WL 505063, at *3-4 (11th Cir. Feb. 9, 2024).

<u>**Plaintiff's Position:**</u> **Plaintiff objects to this proposed jury instruction for the reasons stated in response to the prior proposed instructions on "participation in a venture." In addition, Plaintiff notes that this instruction is not a correct statement of law.**

**In** *Red Roof*, **the civil-beneficiary plaintiffs only alleged that the defendant participated in a** *sex trafficking venture*. *Doe #1 v. Red Roof Inns, Inc.*, **21 F.4th 714, 726 (11th Cir. 2021) ("We begin with the venture the Does say that the franchisors participated in. Throughout their complaints, the Does alleged that the franchisors participated in 'sex trafficking ventures.'");** *see also id.* **at 727 ("Again, every time the complaints refer to ventures, they refer to 'sex trafficking ventures.' And those ventures were alleged to include the sex traffickers themselves as participants."). Same with the** *Riti* **plaintiff.** *Riti,* **2024 WL 505063, at *3 ("K.H.'s allegations are much like the allegations ... in** *Red Roof*. **K.H. alleges that Riti participated in a common sex trafficking undertaking with Laye ....").**

**When a civil-beneficiary plaintiff** *only* **alleges that a defendant participated in a "sex-trafficking venture," then proof that the same defendant** *observed* **sex trafficking doesn't necessarily prove that the defendant** *participated* **in the alleged "sex trafficking venture."  More is needed to** *participate* **in a "sex**

trafficking venture."  In that context, the *Red Roof* Court correctly noted that "[o]bserving something is not the same as participating in it"—*i.e.*, evidence that a franchisor *observed* sex trafficking did not prove that defendant *participated* in the alleged "sex trafficking venture." *Doe #1*, 21 F.4th at 727.

But when, as here, J.G. alleged that the venture is operating a hotel and renting rooms, she proves the second element of her civil-beneficiary TVPRA claim by showing that Defendant operated the hotel and rented rooms, because it shows that Defendant took part in an "undertaking or enterprise undertaking involving risk or profit," in accordance with *Red Roof*.  By operating the hotel and renting rooms to Plaintiff's traffickers, the hotel engaged in business transactions (providing rooms in exchange for cash) that carried risk (e.g., illicit activity being carried out in the rooms, damage being done to the rooms, etc.) and potential profit (e.g., the hotel making money from renting the rooms).

<u>Defendant's Position:</u>  The jury can benefit greatly in its understanding of this complex statute from the Eleventh Circuit's and this Court's jurisprudence.

**Proposed Jury Instruction ___**
**Knowledge of TVPRA Violation, Defined**

**PLAINTIFF'S PROPOSED INSTRUCTION:**

Regarding the third element—that Defendant knew or should have known that the common undertaking or enterprise engaged in an act in violation of the TVPRA as to the Plaintiff—I will explain the meaning of the terms knew or should have known.

"Knew" means an awareness or understanding of a fact or circumstance.

"Should have known" means that knowledge which one using reasonable care or diligence should have.

**AUTHORITY**: 18 U.S.C. § 1595(a); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021)).

**THE PARTIES AGREE TO THIS INSTRUCTION.**

### Proposed Jury Instruction ____
### Venture Engaged in Act in Violation of TVPRA

I will now discuss the fourth element, that the undertaking or enterprise involving risk and potential profit engaged in an act in violation of the TVPRA as to the plaintiff.

Under federal law, sex trafficking occurs if a person recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person under the age of 18, knowing or in reckless disregard of the fact:

> that the person is under the age of 18 and will be caused to engage in a commercial sex act. "Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

**AUTHORITY**: 18 U.S.C. § 1591(a); 18 U.S.C. § 1595(a); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021).

**THE PARTIES AGREE TO THIS INSTRUCTION.**

**<u>Plaintiff's</u> Proposed Jury Instruction \_\_\_\_**
**Cause-in-fact and Proximate Cause**

It is the Plaintiff's duty to prove that Defendant's conduct caused her harm. There are two elements of causation: cause-in-fact and "proximate." cause. Plaintiff must first show that Defendant's conduct was a cause-in-fact of the injury and harm claimed. To establish cause-in-fact, Plaintiff must show that except for the Defendant's conduct, such injury or harm would not have occurred.

Secondly, Plaintiff must show that Defendant's conduct was the proximate cause of the injuries and harm claimed. Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred.

In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.

When I use the expression "proximate cause," I mean a cause that in the natural or ordinary course of events, produced Plaintiffs' injury. It need not be the

only cause, nor the last or nearest cause. It is sufficient if it combines with another

cause resulting in the injury.


**AUTHORITY**: Adapted from Georgia Suggested Pattern Jury Instructions - Civil 60.200 Torts, Proximate Cause; Definition, and *Jackson v. Sauls*, 206 F.3d 1156, 1168 n.16 (11th Cir. 2000) (citing W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts,* §§ 41–42, at 263–80 (5th ed.1984)).


**<u>Defendant's Position:</u> Defendant objects to this proposed instruction as incomplete, and offers a competing instruction from the Eleventh Circuit.**

**Defendant's Proposed Jury Instruction ___**
**Causation**

Under traditional tort principles, causation has two required elements:  cause-in-fact and legal, or "proximate." cause.  A plaintiff must first show that defendant's conduct was a cause-in-fact of the injury and harm claimed.  To establish cause-in-fact, the plaintiff must show that except for the defendant's conduct, such injury or harm would not have occurred.  Thus, if you find that any injury or harm suffered by Jhordyn would have occurred even without Northbrook's conduct, then Jhordyn is not entitled to recover from Northbrook for such injury or harm.

Secondly, a plaintiff must show that the defendant's conduct was the legal or proximate cause of the injuries and harm claimed.  An act or omission is a legal or proximate cause of a plaintiff's injuries or harm if it appears from the evidence that the injury or harm was a reasonably foreseeable consequence of the act or omission.

**AUTHORITY:**    Jackson v. Sauls, 206 F.3d 1156, 1168 n.16 (11th Cir. 2000) (citing W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts,* §§ 41–42, at 263–80 (5th ed.1984).

**PLAINTIFF'S RESPONSE:  Plaintiff agrees to, and does not object, to an instruction on cause-in-fact and proximate cause. Plaintiff objects to this particular instruction, however, as a partial and misleading instruction.  For example, the statement, "Thus, if you find that any injury or harm suffered by Jhordyn would have occurred even without Northbrook's conduct, then Jhordyn is not entitled to recover from Northbrook for such injury or harm," is not consistent with law on proximate case.  This instruction does not explain that to find proximate cause, the cause "need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in**

the injury." Georgia Suggested Pattern Jury Instructions - Civil 60.200 Torts, Proximate Cause.

**Plaintiff proposes that the jury be instructed on proximate cause from Ga. Civil Pattern Instruction 60.200, which says:**

> **Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred.**

> **In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.**

> **When I use the expression "proximate cause," I mean a cause that in the natural or ordinary course of events, produced Plaintiffs' injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury**.

**Plaintiff also proposes that the jury be instructed on proximate cause from Ga. Civil Pattern Instruction 60.202, which says:**

> **A defendant may be held liable for an injury when that person commits a negligent act that puts other forces in motion or operation resulting in the injury when such other forces are the natural and probable result of the act that the defendant committed and that reasonably should have been foreseen by the defendant. When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original negligent act, then there can be no recovery. If the chain reaction that resulted from the Defendants' alleged negligence, if any, meets the above tests, then the Plaintiff may recover.**

**<u>Plaintiff's</u> Proposed Jury Instruction \_\_\_\_**
**Proximate Cause; Foreseeability; Natural and Probable Consequence;**
**Intervening Cause Rules (Chain Reaction Situation)**

Defendant United Inn may be held liable for an injury when that business commits an act that puts other forces in motion or operation resulting in the injury when such other forces are the natural and probable result of the act that the defendant committed and that reasonably should have been foreseen by the defendant. When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original act, then there can be no recovery. If the chain reaction that resulted from the Defendant's alleged negligence, if any, meets the above tests, then the Plaintiff may recover.

**AUTHORITY**: Georgia Suggested Pattern Jury Instructions - Civil 60.202 Torts; Proximate Cause; Foreseeability; Natural and Probable Consequence; Intervening Cause Rules (Chain Reaction Situation).

**<u>Defendant's Position:</u>  Defendant objects to this proposed instruction as inapplicable. This is not a negligence case.**

**<u>Defendant's</u> Proposed Jury Instruction \_\_\_**
**Minor's Duty to Exercise Ordinary Care**

It is the law in this state that a person over 14 years of age is presumptively

chargeable with diligence for her own safety against palpable and manifest peril.

**AUTHORITY:**    <u>Bourn v. Herring</u>, 225 Ga. 67, 69 (1969).

**<u>PLAINTIFF'S RESPONSE:</u> Plaintiff objects to the proposed instruction
because it is not supported here.  *Bourn* concerned a lawsuit arising from the
drowning of a 14-year-old boy on a church trip to a lake.  In a lawsuit against
the church following the drowning, the court ruled that "the danger of
drowning in water is a palpable and manifest peril, the knowledge of which is
chargeable to the decedent in this case."  *Bourn v. Herring*, 225 Ga. 67, 69, 166
S.E.2d 89, 93 (1969).  "In the absence of any evidence of want of ordinary
capacity in the particular boy, he should not be treated as a child of 'tender
years,' but as a young person who has passed that period and become
chargeable with such diligence as might fairly be expected of the class and
condition to which he belongs." *Id.***

**Here, by contrast, J.G. is a victim of child sex trafficking.  The evidence will be
that she was confined, drugged, threatened, beaten, tortured, hurt, controlled,
and forced to engage in commercial sex acts.  She was a victim of horrific
crimes, and her judgment was impaired through drug use. Under *Bourn*, there
is "evidence of want of ordinary capacity," so she cannot be fairly charged
"with such diligence as might fairly be expected of the class and condition to
which he belongs." On that basis alone, *Bourn* is distinguishable and
inapplicable.**

**Further, the instruction wrongly insinuates that J.G. chose (or could choose) to
engage in commercial sex acts like a teenager can choose to swim in a lake.  But
under federal law, a minor cannot consent to commercial sex.  Under 18 U.S.C.
1591(a), when a minor engages in commercial sex, it is sex trafficking, whether
the minor believes they are choosing it voluntarily or not.**

**By stating that a "person over the age of 14 years is presumptively chargeable
with diligence for her own safety against palpable and manifest peril," this
instruction would lead the jury to believe that J.G. bears responsibility for**

engaging in commercial sex at the age of 16, when under federal law that makes her a ***victim of a federal felony***.

For these reasons, ***Bourn*** is inapposite, and it does not apply here.  Even if it did, it only gives rise to a "presumption," and that presumption is overcome and defeated here for the reasons stated.

**<u>Defendant's</u> Proposed Jury Instruction \_\_\_**
**Torts; Care for Own Safety, Duty to Exercise**

Every person has a duty to use ordinary care for her own safety. If you should determine from the evidence that the plaintiff failed to use ordinary care and that this failure was the sole proximate cause of the plaintiff's injuries, then the plaintiff could not recover from the defendant.

**AUTHORITY:**  Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia (5th ed.), No. 60.110.

**<u>PLAINTIFF'S RESPONSE:</u> Plaintiff objects to the proposed instruction because it is not supported here.**

**J.G. is a victim of child sex trafficking. The evidence will be that she was confined, drugged, threatened, beaten, tortured, hurt, controlled, and forced to engage in commercial sex acts. She was a victim of horrific crimes, and her judgment was impaired through drug use. There is no basis for this instruction.**

**Further, the proposed instruction wrongly insinuates that J.G. chose (or could choose) to engage in commercial sex acts. But under federal law, a minor cannot consent to commercial sex. Under 18 U.S.C. 1591(a), when a minor engages in commercial sex, it is sex trafficking, whether the minor believes they are choosing it voluntarily or not.**

**<u>Defendant's</u> Proposed Jury Instruction \_\_\_**
**Damages; Introduction**

If you find that Defendant violated the TVPRA and that Plaintiff suffered injuries as a result, then you must determine an amount that will reasonably and fairly compensate Plaintiff for her damages.  You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation—no more and no less.

You may award damages for any pain, suffering or mental anguish that Plaintiff experienced or will experience in the future as a consequence of Defendant's violation of the TVPRA.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork.  On the other hand, the law does not require that Plaintiff prove the amount of her losses

with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**AUTHORITY**:  3B Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, *Federal Jury Practice and Instructions* § § 177:70 (6th ed.); 18 U.S.C. § 1595(a).

**<u>Plaintiff's Position</u>**: **Plaintiff objects to the sentence in the first paragraph ("You may award") because there is a separate instruction on cause-in-fact and proximate cause that Plaintiff has proposed, which is based on Prosser's treatise and Georgia's pattern instructions. Because this "Damages; Introduction" instruction comes from *Federal Jury Practice and Instructions*, it does not account for the Georgia pattern jury instruction on cause-in-fact and proximate cause. Otherwise, Plaintiff has no objection to this pattern instruction.**

**<u>Defendant's</u> Proposed Jury Instruction \_\_\_**
**Tort Damages; Generally; Nominal Damages**

Damages are given as compensation for an injury done, and generally the injury is the measure when the damages are of a character to be estimated in money. If the injury is small or mitigating circumstances are strong, only nominal damages are given. What would be a proper amount of nominal damages is a question for you to decide under all the facts and circumstances of the case.

AUTHORITY:  Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia (5th ed.), No. 66.010.

**<u>PLAINTIFF'S RESPONSE</u>:  The Court's pre-trial order asks the parties to prepare proposed instructions based on the Eleventh Circuit's pattern instructions and *Federal Jury Practice and Instructions* (previously authored by Devitt and Blackmar, now authored by O'Malley).  There is a pattern instruction in *Federal Jury Practice and Instructions* (§ 177:70) on tort damages. That instruction is appropriate.**

**Further, Plaintiff objects to Defendant's approach to the damages instructions, which is to include certain Georgia pattern damage instructions and then omit other Georgia pattern damage instructions.  If the Georgia pattern instructions are to be used, then all of the relevant pattern instructions must be used, including Ga. Civil Pattern Instruction 66.001, which is entitled, "Tort Damages; Preliminary Instructions."  It says:**

> **Damages are given as pay or compensation for injury done.**
>
> **When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.**
>
> **If you believe from a preponderance of the evidence that the Plaintiff is entitled to recover, you should award the Plaintiff such sums as you believe are reasonable and just in this case.**

Ga. Civil Pattern Instruction 66.501 would also need to be used. It is entitled, "Tort Damages; Pain and Suffering; Generally; Mental; Future." It says:

(a) Generally

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide.

(b) Mental

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

In evaluating a Plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which a Plaintiff must limit activities.

Ga. Civil Pattern Instruction 66.503 would also need to be used. It is entitled, "Pain and Suffering; Future." It says:

If you find that Plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe Plaintiff will endure. In making such an award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that Plaintiff is receiving a present cash award for damages not yet suffered.

Ga. Civil Pattern Instruction 66.600 would also need to be used. It is entitled, "General Tort Damages for Injury to Plaintiff's Peace, Happiness, and Feelings." It says:

In a tort action in which the entire injury pertains to the peace, happiness, or feelings of the plaintiff, no measure of damages may be prescribed, except the enlightened conscience of impartial jurors.

In determining the amount of such damage, you would consider all the facts and circumstances of the case, as disclosed by the evidence, and fix a sum as you think would be reasonable, fair, and just.

**<u>Defendant's</u> Proposed Jury Instruction \_\_\_**
**Tort Damages; Duty to Lessen**

If you believe that a party has suffered damages as alleged, under the law, that party is bound to reduce those damages, as much as is practicable, by the use of ordinary care. If you believe that by the use of such care, that party could have reduced the damages, you would determine to what extent and reduce such damages to that extent.

**AUTHORITY:** Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia (5th ed.), No. 66.015.

**<u>PLAINTIFF'S RESPONSE:</u> Plaintiff incorporates here her response to Defendant's proposed instruction on "nominal damages." According to the Court's pre-trial order, the parties are to prepare jury instructions based on the Eleventh Circuit's pattern instructions and *Federal Jury Practice and Instructions*. If Georgia's pattern instructions are to be used, then the relevant compensatory damages instructions from Georgia should be used, as indicated in Plaintiff's response to the proposed instruction on "nominal damages."**

**<u>Defendant's</u> Proposed Jury Instruction \_\_\_**
**Damages**

Tort law requires an aggrieved plaintiff to prove her damages with a reasonable degree of certainty. Damages may not be determined by mere speculation or guess.

**AUTHORITY:** <u>Guyana Tel. & Tel. Co. v. Melbourne Int'l Commc'ns, Ltd.</u>, 329 F.3d 1241, 1248 (11th Cir. 2003); <u>Maiz v. Virani</u>, 253 F.3d 641, 664 (11th Cir. 2001).

**<u>PLAINTIFF'S RESPONSE:</u> Plaintiff objects to this proposed instruction. In support, Plaintiff incorporates here her response to the proposed jury instruction on nominal damages. Further, this instruction is covered by 3B Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice and Instructions § § 177:70 (6th ed.), which the parties both agree to.**

## FINAL INSTRUCTIONS

### Proposed Jury Instruction
### Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**AUTHORITY**: 11th Cir. Civil Pattern Instruction 3.8.1.

**THE PARTIES AGREE TO THIS INSTRUCTION.**

**Proposed Jury Instruction**
**Election of Foreperson – Verdict Forms**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**AUTHORITY**:11th Cir. Civil Pattern Instruction 3.9.

**THE PARTIES AGREE TO THIS INSTRUCTION.**

## STATEMENT OF PLAINTIFF'S CONTENTIONS
### (*See* Pretrial Order, ¶ 22 and L.R. 51.1(B))

Plaintiff alleges that United Inn is liable for violation of the Trafficking Victims Protection Reauthorization Act, or "TVPRA," because it (1) knowingly benefited (2) from taking part in a common undertaking or enterprise involving risk or potential profit, (3) which it knew or should have known, (4) engaged in an act in violation of the TVPRA as to Plaintiff.

Plaintiff contends that she was caused to engage in commercial sex acts at Defendant's hotel when she was 16 years old in violation of Section 1591(a) by violent and dangerous traffickers operating at the United Inn.

Plaintiff alleges that United Inn allowed, aided and abetted, and facilitated her trafficking through its actions and inactions.

Plaintiff further contends that she has suffered and will suffer significant non-economic damages because of United Inn's violations of the TVPRA.

# STATEMENT OF DEFENDANT'S CONTENTIONS
## (See Pretrial Order, ¶ 22 and L.R. 51.1(B))

United Inn contends it is not liable to Plaintiff under the Trafficking Victims Protection Reauthorization Act, or "TVPRA," because Plaintiff cannot prove the four elements needed for liability under the TVPRA.  Specifically, Northbrook did not (1) knowingly benefit (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) which that business knew or should have known (4) engaged in an act in violation of the TVPRA as to the Plaintiff.

To the extent Plaintiff contends that one or more elements of the TVPRA are satisfied by the conduct of an employee who acted as a "lookout" for Plaintiff's trafficker, United Inn contends that any such alleged wrongful employee conduct, and the knowledge of any such rogue employee, is not imputable to United Inn.

United Inn further contends that its acts or omissions were not the cause of any injury or harm that Plaintiff has suffered.  Instead, Plaintiff's injury and harm were caused by her traffickers, and/or by being trafficked at multiple other hotels both before and after she was trafficked at United Inn.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this day, I filed the foregoing **PROPOSED TRIAL JURY INSTRUCTIONS** using the Court's CM/ECF system, which will automatically forward a copy to counsel of record in this matter.

This 5th day of July, 2025.

*/s/ David H. Bouchard*
David H. Bouchard
Georgia Bar No. 712859
david@finchmccranie.com

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile