IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| v. | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| NORTHBROOK INDUSTRIES, | : | |
| INC., d/b/a UNITED INN AND | : | |
| SUITES, | : | |
| | : | |
| **Defendant.** | : | |

## CONSOLIDATED PRETRIAL ORDER

Plaintiff J.G. and Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites, by and through their undersigned counsel, hereby submit this proposed consolidated pretrial order.   The parties reserve the right to submit supplemental pretrial orders up to the pre-trial conference as the parties continue trial preparations.

## 1.

**There are no motions or other matters pending for consideration by the court except as noted:**

The parties' opposed *Daubert* motions are pending for consideration by the Court.  The *Daubert* motions, and the experts to whom the motions relate, are on the docket at the below locations:

- Naeshia McDowell (ECF Nos. 99, 119, 125)

- Darrell Chaneyfield (ECF Nos. 100, 118, 124)

- Karim Vellani (ECF No. 109, 117, 129)

The parties' opposed motions *in limine* are pending for consideration by the Court at the below locations:

- Plaintiff's Motions *in Limine* (ECF Nos. 161, 165, 173)

- Defendant's Motions *in Limine* (ECF Nos. 160, 167, 172)

Defendant's opposed Rule 412 motion is pending for consideration by the Court at the below location:

- Defendant's Rule 412 Motion (ECF No. 175, 176, 178)

The parties' trial briefs are pending for consideration by the Court at the below locations:

- Plaintiff's Trial Brief (ECF No. 188)

- Defendant's Trial Brief (ECF No. 187)

Plaintiff intends to file a motion for protective order to permit Plaintiff to be referred to by her first name during trial. Defendant does not intend to oppose this motion.

## 2.

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

Pursuant to agreement, the parties will cooperate to schedule trial depositions, if any, subject to the limitation articulated in the preceding paragraph.

**3.**

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

The parties are correctly identified.

**4.**

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims arising under 18 U.S.C. § 1595(a).

**5.**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

David H. Bouchard
Georgia Bar No. 712859
david@finchmccranie.com
Finch McCranie, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, GA 30303

**Defendants:**

Dana M. Richens
Georgia Bar No. 604429
drichens@sgrlaw.com
Smith, Gambrell & Russell, LLP
1105 West Peachtree Street N.E.
Suite 1000
Atlanta, Georgia 30309

**Other parties:**

None

**6.**

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

None.

**7.**

**The captioned case shall be tried ( X ) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.**

**8.**

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

Plaintiff requests a bifurcated trial under Fed. R. Civ. P. 42(b) and Fed. R. Evid. 611, with the first phase concerning liability and compensatory damages, and the second phase concerning punitive damages.  The trial should be bifurcated for efficiency, economy, and the orderly presentation of evidence.

4

Defendant does not concede that Plaintiff is entitled to pursue a claim of punitive damages. If the Court determines that Plaintiff may pursue such a claim, then Defendant requests that the Court follow the procedure set forth in O.C.G.A. § 51-12-5.1(d)—that is, the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made, as indicated in an appropriate form of verdict. If it is found that punitive damages are to be awarded, then the trial shall immediately be recommenced in order to receive evidence on that issue.

**9.**

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

See Attachment "A" concerning proposed joint jury questionnaire.

**10.**

**Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination. The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

See Attachments "B-1" and "B-2."

### 11.

**State any objections to plaintiff's voir dire questions:**  See below.

**State any objections to defendant's voir dire questions:**  See below.

**State any objections to the voir dire questions of the other parties, if any:**

The parties have conferred and made a good-faith effort to resolve objections. Where the parties were unable to agree, the parties have indicated the same in Attachments "B-1" and "B-2" by incorporating objections in bold beneath the subject voir dire question.

### 12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise.  The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.  *See* Fed.R.Civ.P. 47(b).**

Given the potentially sensitive nature of the subject matter of the lawsuit, which may involve discussion of sex trafficking, including physical violence, sexual violence, and sexual trauma, the parties propose a larger panel of 30 potential jurors with each side being entitled to 4 peremptory strikes.

Furthermore, given the nature of the facts at issue, the parties also propose that the jurors complete a questionnaire in advance of voir dire. A questionnaire

permits jurors to disclose sensitive information in a more discreet manner than if

questions were posed in open court. The parties have conferred and prepared a joint

questionnaire—*see* Attachment "A."

**13.**

**State whether there is any pending related litigation.  Describe briefly, including style and civil action number.**

**Plaintiffs' position**:

1. The matter *Northfield Insurance Company v. Northbrook Industries, Inc., d/b/a United Inn and Suites, and J.G.* (Case No. 1:23-cv-03596-SEG) is now pending before the Court.  The case concerns Northfield Insurance Company's Complaint for Declaratory Judgment relating to an insurance policy in effect at United Inn and Suites at the time J.G. was sex trafficked at the hotel.

2. The matters *A.G. v. Northbrook Industries, Inc., d/b/a United Inn and Suites* (Case No. 1:20-cv-05231-JPB) and *G.W. v. Northbrook Industries, Inc., d/b/a United Inn and Suites* (Case No. 1:20-cv-05232-JPB).  The A.G. and G.W. cases involve legal claims arising from minor sex trafficking at United Inn & Suites in 2017, the year before J.G. was trafficked at United Inn & Suites.  Judge Boulee granted summary judgment, and his orders are the subject of pending appeals to the Eleventh Circuit.

7

**Defendants' position**:

Defendant notes that Judge Boulee granted summary judgment to Northbrook in the above-referenced A.G. and G.W. matters.   Further, Defendant does not concede that the facts relating to those matters are relevant here.

### 14.

**Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence.   All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.   In negligence cases, each and every act of negligence relied upon shall be separately listed.   For each item of damage claimed, plaintiff shall separately provide the following information:   (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.   Items of damage not identified in this manner shall not be recoverable.**

### 15.

**Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.   All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.   For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed:   (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.   Items of damage not identified in this manner shall not be recoverable.**

**16.**

**Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.**

See Attachment "E."

**17.**

**The legal issues to be tried are as follows:**

**By Plaintiffs:**

(1) Whether Defendant United Inn & Suites is liable to Plaintiff under the TVPRA, 18 U.S.C. § 1595(a).

(2) Whether Defendant United Inn & Suites's acts or omissions were the proximate cause of Plaintiff's injuries or damages.

(3) Whether Defendant United Inn & Suites is liable to Plaintiff for damages, and the amount of such damages, including general damages, compensatory damages, economic damages, non-economic damages, consequential damages, and punitive damages.

(4) Whether Defendant United Inn & Suites is liable to Plaintiff for costs, expenses, and reasonable attorneys' fees, including fees pursuant to the 18 U.S.C. § 1595(a), O.C.G.A. § 13-6-11, and/or O.C.G.A. §9-11-68(e), and any other fee-shifting statute.

(5) Whether the default federal common law rule of joint and several liability applies to Plaintiff's claims under 18 U.S.C. § 1595(a), a federal statute.

(6) Whether Plaintiff is entitled to punitive damages against Defendant under 18 U.S.C. § 1595(a).

(7) Any additional legal issues raised by any affirmative defenses or counterclaims Defendant may assert.

(8) Legal issues addressed in Plaintiff's trial brief and motions *in limine* briefing.

**By Defendants:**

(1) Whether Plaintiff is a victim of a violation of Chapter 77 of the United States Code Annotated.

(2) Whether Northbrook knowingly benefited, as such term is used in 18 U.S.C. § 1595(a).

(3) Whether Northbrook participated in a venture, as such term is used in 18 U.S.C. § 1595(a).

(4) Whether the alleged venture violated the TVPRA as to Plaintiff.

(5) Whether Northbrook knew or should have known that the alleged venture violated the TVPRA as to Plaintiff.

(6) Whether alleged knowledge, acts or omissions of Northbrook's employees are imputable to Northbrook.

(7) Whether Northbrook's acts or omissions were the cause in fact and proximate cause of Plaintiff's injuries or damages.

(8) Whether Plaintiff's injuries or damages were caused, in whole or in part, by pre-existing and subsequent conditions and events unrelated to the subject matter of this case.

(9) Whether the injury or damage to Plaintiff was caused by the conduct of persons other than Northbrook.

(10) Whether Plaintiff's own acts or omissions caused or contributed to her injury and damages.

(11) The amount of damages, if any, to which Plaintiff is entitled.

(12) Whether damages, if any, to which Plaintiff is entitled are subject to apportionment pursuant to federal law and/or O.C.G.A. § 51-12-33.

(13) Whether Plaintiff is entitled to an award of punitive damages, and, if so, the amount of such damages.

(14) Whether Plaintiff is entitled to an award of attorneys' fees and, if so, in what amount.

## 18.

**Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.**

*See* Attachments "F-1" and "F-2."

## 19.

**Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial.  Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.**

**Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.**

**Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits. Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity. Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.**

**Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.**

The parties have prepared and exchanged exhibit lists and objections. The parties are conferring in good faith to resolve as many objections as possible in advance of the pre-trial conference and to formalize stipulations as to evidentiary issues. Some of the objections may be resolved by this Court's rulings on motions *in limine*. The parties intend to submit exhibit lists to the Court prior to the pre-trial conference.

**20.**

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

Plaintiff has identified for Defendant the portions of United Inn's 30(b)(6) deposition testimony that Plaintiff may use at trial. Defendant is reviewing those portions for objections and counter-designations.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

**21.**

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

*See* Attachments "H-1" and "H-2."

**22.**

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions,

**covering both claims and defenses, which the court may use in its charge to the jury.**

**Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.**

The parties are working in good faith to prepare requests to charge and will submit them "no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial," as set forth above.

## 23.

**If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.**

The parties have attached hereto as Exhibits "I-1" and "I-2" their respective proposed verdict forms.

## 24.

**Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

The parties request that they be permitted up to 30 minutes for opening statements and up to 40 minutes for closing arguments.

**25.**

      If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

**26.**

      Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on March 14, 2023, and plan to meet again on May 13, 2024, to discuss in good faith the possibility of settlement of this case.  The court (__X___) has or (_____) has not discussed settlement of this case with counsel.  It appears at this time that there is: (_____) A good possibility of settlement. (_____) Some possibility of settlement. (__X__) Little possibility of settlement. (_____) No possibility of settlement.

**27.**

      Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**28.**

The plaintiff estimates that she will need approximately 3 days to present her evidence.  The defendant estimates that it will require approximately 2 days to present its evidence.  It is estimated that the total trial time is 5-6 days.

**29.**

**IT IS HEREBY ORDERED** that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (__X__) approved by the court after conference with the parties.

      **IT IS FURTHER ORDERED** that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless

specifically authorized in writing by the court. IT IS SO ORDERED this 6th day of July, 2025.

SARAH E. GERAGHTY
UNITED STATES DISTRICT JUDGE