UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.G.,

      Plaintiff,

     v.

NORTHBROOK INDUSTRIES,
INC., D/B/A UNITED INN AND
SUITES,

      Defendant.

CIVIL ACTION NO.

1:20-CV-05233-SEG

## S U P P L E M E N T A L   P R E T R I A L   O R D E R

1. There are no unresolved motions pending for consideration by the Court except as noted herein.

2. The names of the parties as shown in the caption to this order and the capacity in which they appear are correct and complete and there is no question by any party as to the misjoinder or non-joinder of any parties.

3. The following attorneys are designated as lead counsel for the parties:

    a.  Plaintiff: David H. Bouchard

    b.  Defendant: Dana M. Richens

4. While the parties may present trial depositions, no witnesses may testify remotely by videoconference.

5. As per Attachment E to the proposed pretrial order (Doc. 196 at 49), the parties have stipulated to the following facts:

    a. At all relevant times, Northbrook Industries, Inc. d/b/a United Inn & Suites solely owned, operated, and managed the hotel property located at 4649 Memorial Drive, Decatur, GA 30032.

    b. At all relevant times, United Inn & Suites had 172 guest rooms.

6. The legal issues to be tried are limited to those set forth by the parties in the proposed pretrial order. (Doc. 196 at 35-43; 44-48.)

7. The parties' respective witness lists have been filed on the docket. (Doc. 196 at 50-53.) No party may call a witness not appearing on the cited witness lists.

8. Plaintiff's exhibit list has been filed on the docket. (Doc. 213.) Plaintiff may not introduce evidence not appearing on the cited exhibit list unless the Court orders otherwise. As of 8:00 a.m. on July 7, 2025, Defendant does not appear to have filed its exhibit list. This matter will be addressed with the parties before the commencement of trial.

9. Opening statements are limited to 30 minutes per side. Closing statements are limited to 40 minutes per side.

10. At the end of each day of trial, counsel must inform each other and the Court of the identities of witnesses they plan to call on the following

day of trial.  Trial often moves more quickly than the parties anticipate.
Counsel shall ensure that they have a sufficient number of witnesses for
each day of trial.  Witnesses may need to be taken out of order depending
on scheduling and availability.

11. Plaintiff's revised voir dire questions (Doc. 211) are approved, except as
to Question 6(a).  The Court sustains the objection to Question 6(a).

12. The parties' motions in limine and Defendant's Rule 412 motion have
been resolved by written order.  (Doc. 204.)

13. For the reasons stated on the record on July 2, 2025, Defendant's motion
to exclude the testimony of Plaintiff's expert witness, Naeshia McDowell
(Doc. 99), was DENIED.

14. For the reasons stated on the record on July 3, 2025, Defendant's motion
to exclude the testimony of Plaintiff's expert witness, Darrell B.
Chaneyfield (Doc. 100), was GRANTED IN PART and DENIED IN
PART.  The ruling as to each opinion offered by Mr. Chaneyfield is briefly
summarized below.

   a. <u>Opinion 1:</u> Mr. Chaneyfield offers the opinion that "[w]idely
   available and free anti-trafficking materials and trainings educate
   hotel owners and staff about the observable signs and indicators of
   sex trafficking and empower them to respond appropriately to

potential trafficking situations." (Doc. 100-4 at 10.)  This opinion has a sufficiently reliable basis in Mr. Chaneyfield's experience. Specifically, Mr. Chaneyfield identified several anti-trafficking trainings that he believes were widely available during the relevant period.  (*Id.* at 10-13.)  Further, in his expert report, Mr. Chaneyfield outlined sex trafficking indicators discussed in such trainings that might assist hotel staff in identifying and responding to trafficking.  (*Id.*)  As such, the Court concluded that the opinion is based on a sufficiently reliable methodology and is likely to assist the jury in understanding the evidence.

b. <u>Opinion 2</u>: Mr. Chaneyfield seeks to offer the opinion that "United Inn fell far below the industry standard by failing to provide formal anti-trafficking training materials and training to its hotel staff members from 2017-2019."  (Doc. 100-4 at 13.)  The Court determined that this opinion, *as stated*, must be excluded under Rule 702 and *Daubert*.  While Mr. Chaneyfield contends that United Inn "fell far below *the industry standard*[,]" he has not provided a sufficiently reliable basis for determining the "industry standard" with respect to anti-trafficking training or materials. Mr. Chaneyfield's expert report does not establish whether and to

what extent other hotel industry participants provide anti-trafficking training or material to their staff. (*Id.* at 13-14, 22-24.)[1] Moreover, when asked in his deposition whether his own hotel group, IHG, disseminated anti-trafficking training, and to what extent the staff of other major hotel groups participated in anti-trafficking training, Mr. Chaneyfield was unable to provide an answer. (Doc. 101-2 at 11, 13-14 (pp. 324-25, 333-34).) Although experience alone may satisfy the reliability prong of the *Daubert*-inquiry, a proposed expert must establish "why that experience [i]s a sufficient basis for the opinion." *United States v. Frazier*, 387 F.3d 1244, 1265 (11th Cir. 2004). Because Mr. Chaneyfield has not done so here, he may not offer Opinion 2 as stated. Nothing in this order precludes this expert from giving his opinion of the importance of anti-trafficking training for hotel staff, based on his education, experience, and specialized knowledge of the industry.

---

[1] The expert report states that "standards of the industry" can be found in the Trafficking Victims Protection Reauthorization Act, the Department of Homeland Security Blue Campaign, the Tourism Child Protection Act Code of Conduct, and the materials of an organization called ECPAT. (Doc. 100-4 at 22.) However, the report does not reveal what, if any, hotel industry participants have adopted any standards promulgated or influenced by these authorities or entities.

c. <u>Opinion 3:</u> Mr. Chaneyfield intends to offer the opinion that "United Inn failed to follow hotel safety and security industry standards during the relevant period pertaining to guest security and safety. The United Inn also failed to follow industry standards on assessing risk of commercial sexual activities and responding accordingly." (Doc. 100-4 at 14.) As with Opinion 2, the Court determined that Mr. Chaneyfield has not provided a sufficiently reliable foundation for establishing "industry standards" with respect to hotel security or assessing the risk of commercial sex activities. However, Mr. Chaneyfield has provided several reasons why he believes that United Inn did not provide adequate security measures that are grounded in his extensive experience and a retrospective security review he conducted according to the International Association of Professional Security Consultants' ("IAPSC") Forensic Methodology. (*Id.* at 14-21, 23 n.11; *see also* Doc. 118-6.) Other courts have found the IAPSC methodology to be sufficiently reliable and Defendant's expert, Mr. Vellani, also uses the IAPSC methodology as the basis for some of his opinions. *See, e.g.*, *Childress v. Kentucky Oaks Mall Co.*, No. 5:06CV-54-R, 2007 WL 2772299, at *7 (W.D. Ky. Sept. 20, 2007). Accordingly,

while Mr. Chaneyfield is precluded from discussing unspecified "industry standards" regarding anti-trafficking measures, he may offer his opinion that the United Inn did not adequately protect its guests based on his experience and his IAPSC security assessment. In the Court's view, such testimony has a sufficiently reliable basis and will assist the trier of fact in understanding the evidence. To the extent that Defendant disagrees with Mr. Chaneyfield's reasoning or conclusions, it may vigorously cross-examine him at trial.

d. <u>Opinion 4:</u> Mr. Chaneyfield seeks to offer the opinion that "with adequate training and security measures in effect at the United Inn consistent with industry standards during the relevant time, it is more likely than not that the subject incidents described in the Complaints could have been prevented or avoided." (Doc. 100-4 at 21.) The Court finds that this opinion must be excluded under *Daubert* and Rule 702 for lacking a sufficiently reliable basis. Although Mr. Chaneyfield states that he reaches this conclusion based on hospitality security standards, IAPSC methodology, and his review of discovery materials, (*Id.* at 22), he provides no reasoning explaining *how* these sources lead him to the conclusion

7

reached, or *why* they provide a sufficient basis for his opinion.  *See Frazier*, 387 F.3d at 1265.  He does not, for instance, present empirical evidence demonstrating that certain security measures are effective in preventing sex trafficking.  In the absence of any explanation, Mr. Chaneyfield's opinion that J.G.'s sex trafficking likely would not have occurred with proper training and security measures appears to be purely speculative and is unlikely to assist the jury in grasping the issues in this case.  Plaintiff has not demonstrated to the Court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in Rule 702.  *See* Fed. R. Evid. 702 advisory committee note to 2023 amendment.  As such, Mr. Chaneyfield may not offer Opinion 4.[2]

---

[2] On July 3, following the Court's oral ruling as to Opinion 4, Plaintiff made an oral motion to exclude certain opinion testimony offered by Mr. Vellani regarding the efficacy of security measures to deter and prevent sex trafficking. Plaintiff argued, in part, that Mr. Vellani, like Mr. Cheneyfield, relied on IAPSC methodology in forming his opinions.  The Court denied Plaintiff's oral motion.  The Court did not exclude Mr. Chaneyfield's Opinion 4 because it found IAPSC methodology unreliable.  (It made no such finding, and, indeed, both experts are free to testify about their reliance on this methodology). Rather, the Court excluded Opinion 4 because Mr. Chaneyfield does not explain how IAPSC methodology (or any other methodology, research, or evidence) leads to the conclusion that "it is more likely than not" that J.G.'s sex trafficking could have been prevented if Defendant had adequate training and security measures.  Significantly, Mr. Vellani does not proffer the inverse of that proposition.  He does not, for example, argue that J.G.'s trafficking more

15. For the reasons stated on the record on July 3, 2025, Plaintiff's motion to exclude and preclude select opinions and testimony from Defendant's expert witness, Karim Vellani (Doc. 109), was GRANTED IN PART and DENIED IN PART.  The ruling as to each issue raised in the motion is briefly summarized below.

    a. <u>Issue 1</u>: Plaintiff moves to exclude Mr. Vellani's rebuttal opinions under Federal Rules 26 and 37 as untimely and otherwise improperly disclosed.  The Court denied the motion. While Defendant's untimely and insufficient disclosure was not substantially justified under Rule 37(c), it was harmless, for the reasons stated on the record.  Mr. Vellani may testify that he disagrees with Mr. Chaneyfield's opinion.  However, his rebuttal testimony will be limited to the opinions and methodology he disclosed in his report and deposition.  He may not offer new evidence or opinion as a basis for his disagreement with Mr. Chaneyfield's opinion.

---

likely than not would still have occurred had Defendant employed adequate training and security.

b. <u>Issue 2</u>: Plaintiff moves to exclude Mr. Vellani's opinion about sex trafficking indicators used in the healthcare setting.  The motion was granted.  While Mr. Vellani is qualified to testify on this matter, Defendant has not shown that testimony about the healthcare system is relevant in this case.  The proffered testimony will not help the jury to understand the evidence or to determine a fact in issue.

c. <u>Issue 3</u>: Plaintiff moves to preclude Mr. Vellani from referring to sex trafficking as a "clandestine" crime.  Plaintiff's motion was denied.  Defendant has shown that Mr. Vellani has experience in assessing security-related matters and crime prevention in a range of facilities, including hotels.  He further has practical experience in the mitigation of sex trafficking at hotels.  He is qualified to opine that, in his experience, sex trafficking is a "clandestine" crime.  (Doc. 109-2 at 8.)  This testimony is relevant to the issue of Defendant's employees' knowledge and may help the jury understand the evidence.  Plaintiff is free to offer evidence and argument to the contrary.

d. <u>Issue 4</u>: Plaintiff moves to preclude Mr. Vellani's testimony regarding the efficacy of sex trafficking indicators in general to

deter and prevent sex trafficking.  Plaintiff also moves to exclude Mr. Vellani's statement that he is "unaware" of evidence-based research to support the "indicia of sex trafficking" promulgated by the Department of Homeland Security (DHS) Blue Campaign. (Doc. 109-2 at 12.)  The Court denied the motion without prejudice to Plaintiff raising a trial objection.  While Mr. Vellani is not an academic or a researcher, Defendant has shown, through his expert report and deposition, that his education, training, and experience provide him with at least some specialized insight into these matters.  Testimony about the purported lack of empirical support for DHS sex trafficking indicators is relevant under Rule 401 and may assist the jury in understanding the evidence.  So long as there is a sufficient foundation laid for the opinion, Mr. Vellani may opine on the effectiveness of the indicators.  Further, the proffered opinion testimony does not run afoul of Rule 403.  The probative value of this testimony is relatively high because the Defendant's actual and constructive knowledge of Plaintiff's sex trafficking is a central issue in this case.  The risk of confusion or misleading the jury does not substantially outweigh the probative value under Rule 403.

16. Plaintiff's consent motion to modify the protective order (Doc. 208) is GRANTED.

17. Plaintiff's motion for a curative instruction (Doc. 209), filed on July 4, remains pending and will be discussed at or before the charge conference.

18. Defendant's objections to Plaintiff's deposition designations, provided to the Court on July 6, will be discussed before opening statements.

It is ORDERED that the above constitutes the supplemental pretrial order for the above-captioned case.  This supplemental pretrial order shall not be amended except by order of the Court to prevent manifest injustice.

**SO ORDERED** this 7th day of July, 2025.


SARAH E. GERAGHTY
United States District Judge