UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G.,<br><br>        Plaintiff,<br><br>   v.<br><br>NORTHBROOK INDUSTRIES, INC., D/B/A UNITED INN AND SUITES,<br><br>        Defendant. | CIVIL ACTION NO.<br><br>1:20-CV-5233-SEG |

## JURY INSTRUCTIONS – PHASE TWO

### Punitive Damages; Introduction

You have found Defendant liable to Plaintiff under the TVPRA and awarded Plaintiff compensatory damages. At this time, you will be asked to consider whether there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Punitive damages, when authorized, are imposed not as compensation to a Plaintiff but solely to punish, penalize, or deter a Defendant and others like it from similar conduct in the future.

Before you may impose punitive damages, you would need to find that the Plaintiff proved by a preponderance of the evidence that Defendant's conduct was outrageous, either because of the Defendant's evil motive or reckless indifference to the rights of others.

The awarding of punitive damages is within your discretion—you are not required to award them.

### Punitive Damages; Amount; Generally

If you decide to impose punitive damages, you must determine the appropriate amount of punitive damages. In doing so, you should consider all the evidence in the first phase of the trial, plus any evidence admitted in this phase of the trial. You should also bear in mind that the plaintiff's injury has been made whole by your award of compensatory damages. The sole purpose of punitive damages is to punish, penalize, or deter the Defendant, and the amount you impose, if any, should reflect that purpose only. Should you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice or sympathy toward any party.

### Punitive Damages; Measure

The measure of such damages is your enlightened conscience as an impartial jury.

## Punitive Damages; Amount; Guidelines

In considering the amount of punitive damages, you may consider the following factors:

(a) The nature and egregiousness of Defendant's conduct;

(b) The extent and duration of Defendant's wrongdoing and the likelihood of its recurrence;

(c) The intent of Defendant in committing the wrong;

(d) The profitability of Defendant's wrongdoing;

(e) The amount of actual damages awarded;

(f) The financial circumstances of Defendant.

## Reprehensibility; Amplified

In making your award, you should consider the degree of reprehensibility of Defendant's wrongdoing. You should consider all the evidence, both aggravating and mitigating to decide how much punishment the Defendant's conduct deserves. In assessing reprehensibility, you may consider whether

(a) The harm caused was physical, as opposed to economic;

(b) The conduct showed indifference to or a reckless disregard of the health or safety of others;

(c) The target of the conduct had financial vulnerability;

(d) The harm was the result of intentional malice, trickery, or deceit.

## Damages; Conclusion

Any award you make should be both reasonable and just in light of your previous award of damages, the conduct and circumstances of the Defendant, and the purpose of punitive damages.