UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.G.,

    Plaintiff,

  v.

NORTHBROOK INDUSTRIES,
INC., D/B/A UNITED INN AND
SUITES,

    Defendant.

CIVIL ACTION NO.

1:20-CV-5233-SEG

## JURY INSTRUCTIONS

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You should remember all of my previous instructions about the prohibition on consulting outside sources or individuals. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it is important that any definitions you hear come only from

me and not from any other source.  Only you jurors can decide a verdict in this case.  The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

### The Duty to Follow Instructions

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that a corporation (Northbrook Industries Inc. d/b/a United Inn and Suites) is involved as a party must not affect your decision in any way.  A corporate entity and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporate entity is involved, of course, it may act only through people as its employees; and, in general, a corporate entity is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses, and the exhibits admitted. However, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  The deposition of Mr. Tahir Shareef was presented to you by video.  You must judge the deposition in the same way as if the witness had testified in court.

## Expert Witnesses

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### Responsibility for Proof – Preponderance of the Evidence

The case before you is a TVPRA action brought by J.G. against United Inn. In this case, it is the responsibility of the Plaintiff to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff as to the claim. In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

### Elements of Civil-Beneficiary TVPRA Claim

The Trafficking Victims Protection Reauthorization Act, which I'll call the TVPRA, gives sex trafficking victims the right to "bring a civil action" and to "recover damages" from any business that:

(1) knowingly benefited,

(2) from taking part in a common undertaking or enterprise involving risk and potential profit,

(3) which that business knew or should have known,

(4) engaged in an act in violation of the TVPRA as to the Plaintiff.

If you find that Plaintiff has proven these elements, then you should find for the Plaintiff. If not, then you should find for the Defendant.

I will now explain these four elements to you.

## "Knowingly Benefited," Defined

Regarding the first element, "knowingly benefited," knowledge is an awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact. Under the TVPRA, a defendant may benefit financially or by receiving anything of value.

## "Participation in Venture," Defined

The second element is "participation in a venture" which means taking part in a common undertaking or enterprise involving risk and potential profit.

In assessing whether Plaintiff has satisfied the second element of her TVPRA claim, you are instructed that observing something is not the same as participating in it. Moreover, benefitting financially from renting hotel rooms to a trafficker, standing alone, does not constitute participation in a venture for purposes of liability under the TVPRA.

**Knowledge of TVPRA Violation, Defined**

Regarding the third and fourth elements—that Defendant knew or should have known that the common undertaking or enterprise engaged in an act in violation of the TVPRA as to the Plaintiff—I will explain the meaning of the terms knew or should have known.

"Knew" means an awareness or understanding of a fact or circumstance.

"Should have known" means that knowledge which one using reasonable care or diligence should have.

**Venture Engaged in Act in Violation of TVPRA**

I will now discuss the fourth element, that the undertaking or enterprise involving risk and potential profit engaged in an act in violation of the TVPRA as to the Plaintiff.

Under federal law, sex trafficking occurs if a person recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person under the age of 18, knowing or in reckless disregard of the fact:

> that the person is under the age of 18 and will be caused to engage in a commercial sex act. "Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

## Similar Acts Evidence

During the trial, you heard evidence of acts allegedly committed at other times by Defendant or by others on Defendant's property that may be similar to acts alleged in Plaintiff's Complaint. You must not consider this evidence to decide if the Defendant engaged in the activity alleged in the Complaint. But you may consider this evidence to decide whether:

- There was opportunity for the acts alleged in the Complaint to be committed on Defendant's property; or

- Plaintiff's alleged trafficking at Defendant's property was an accident or mistake.

## Similar Acts Evidence - Knowledge

During the trial, you heard evidence of acts allegedly carried out on Defendant's property that may be similar to acts alleged in Plaintiff's Complaint, but that were committed at other times. If you find that the Defendant knew of these allegedly similar acts, you may use this evidence to help you decide whether the similarity between those acts and the ones alleged in this case suggest that the Defendant should have known of the acts carried out in this case on its property.

The Defendant is currently on trial only for the claims raised by Plaintiff in the Complaint. You may not find for the Plaintiff simply because you believe that similar acts to those alleged in Plaintiff's Complaint may have been committed in the past at Defendant's property.

## Vicarious Liability

An employer is liable for the acts of his employees committed while acting in the scope of their employment.

## Scope of Employment

Conduct of an employee is within the scope of employment if, but only if:

(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits of the employment; and

(c) it is motivated, at least in part, by a purpose to serve the employer.

Conduct of an employee is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little motivated by a purpose to serve the employer.

However, an act forbidden by the employer, or even an intentional wrongful or criminal act, may be within the scope of employment if it is motivated, at least in part, by a purpose to serve the employer. The fact that an act is done in an outrageous or abnormal manner has value in indicating that the employee is not motivated by a purpose to serve the employer. In such cases, the facts may indicate that the employee is merely using the opportunity afforded by the circumstances to do the harm.

## Imputed Knowledge

For purposes of determining an employer's legal relations with an employee, notice of a fact that an employee knows or has reason to know is imputed to the employer if knowledge of the fact is material to the employee's duties to the employer, unless the employee acts adversely to the employer in a transaction or matter, intending to act solely for the employee's own purposes or those of another person.

Even when an employee acts adversely to an employer's interests, knowledge may still be imputed when the employer has ratified or knowingly retained a benefit from the employee's action.

## Cause-in-fact and Proximate Cause

It is the Plaintiff's duty to prove that Defendant's conduct caused her harm. There are two required elements of causation: cause-in-fact and "proximate" cause. Plaintiff must first show that Defendant's conduct was a cause-in-fact of the injury and harm claimed. To establish cause-in-fact, Plaintiff must show that except for the Defendant's conduct, such injury or harm would not have occurred.

Second, Plaintiff must show that Defendant's conduct was the proximate cause of the injuries and harm claimed. Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred.

In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of the Defendant could have been a proximate cause.

When I use the expression "proximate cause," I mean a cause that in the natural or ordinary course of events, produced Plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

## Damages; Introduction

If you find that Defendant violated the TVPRA and that Plaintiff suffered injuries as a result, then you must determine an amount that will reasonably and fairly compensate Plaintiff for her damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation—no more and no less.

You may award damages for any pain, suffering or mental anguish that Plaintiff experienced or will experience in the future as a consequence of Defendant's violation of the TVPRA. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## Tort Damages; Generally; Nominal Damages

Damages are given as compensation for an injury done, and generally the injury is the measure when the damages are of a character to be estimated in money. If the injury is small or mitigating circumstances are strong, only nominal damages are given. What would be a proper amount of nominal damages is a question for you to decide under all the facts and circumstances of the case.

## Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Election of Foreperson – Verdict Forms**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.