# Exhibit A-3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| vs. | : |
| | : NO. 1:20-cv-05233-SEG |
| NORTHBROOK INDUSTRIES, | : |
| INC., D/B/A UNITED INN AND | : |
| SUITES, | : |
| | : |
| Defendant. | : |

**AFFIDAVIT OF MELISSA MILLEN IN SUPPORT OF PLAINTIFF J.G.'S MOTION FOR ATTORNEYS' FEES UNDER 18 U.S.C. § 1595**

My name is Melissa Millen. I have personally appeared before an officer duly authorized to administer oaths, and after being duly sworn, testify as to the following:

**A.    Professional Background and Expert Qualifications**

1. I am over the age of eighteen, I am competent to provide the testimony in this affidavit, and I have personal knowledge of the matters contained in this affidavit.

2. In 2004, I graduated from Peace College with a Bachelor of Arts degree in Business Administration. In 2014, I received a paralegal certificate from Emory University. In 2015, I began working at the law firms of Finch McCranie, LLP and Kish & Lietz, P.C. as a Front Desk Administrator for both firms and as a Legal

1

Assistant for Kish & Lietz, P.C. In 2018, my role transitioned into a Paralegal with Finch McCranie, LLP and Kish Law LLC. I have participated in 3 trials as a paralegal.

**B.     The Time Reflected in the Finch McCranie Attorney's Fees Chart (Exhibit A-4) was Reconstructed Using a Reasonable and Conservative Approach**

3.      I have been the lead paralegal assigned to this case since the inception of the Firm's representation of Plaintiff—which was months before the lawsuit in this case was filed.

4.      I prepared the portion of the Attorney's Fees chart submitted by Finch McCranie at Exhibit A-4 that reflects my time. Indeed, the only paralegal time recorded in the Finch McCranie chart is my own.  The chart is a fair and accurate rendering of the time I devoted to this action. I used a reasonable and conservative methodology to prepare my time.

5.      I calculated my hours in the Attorney's Fees chart at Exhibit A-4 after reviewing expense records, emails, pleadings, discovery materials, case files, and calendar entries, among other materials. I relied on the foregoing materials to refresh my recollection and to prepare a reasonable and conservative estimate of my time in this matter.

6.      The hours listed in the Attorney's Fees chart submitted by Finch McCranie at Exhibit A-4 are reasonable, conservative, and underinclusive.  For

2

example, the fees chart only uses a .1 multiplier for emails, even though there is extensive email correspondence in the case for which .1 is dramatically underinclusive.

**C.    A $250/hour rate for Paralegal-Level Time is Conservative and Reasonable**

7. Based on my education, training, and experience, a $250 hourly rate for paralegal time is no more than usual Atlanta market rates for paralegals with my experience and training.

**D.    Finch McCranie, LLP has Advanced $43,648.62 in Expenses (*see* Exhibit A-5).**

8. As the lead paralegal assigned to this case, I have personal knowledge of or am familiar with the expenses the Firm has advanced on behalf of Plaintiff.

9. A true and correct copy of the Firm's expense report is attached to the Attorney's Fees and Expenses Chart. Plaintiff, pursuant to the attorney-client agreement, owes all these expenses.

10. I have reviewed and familiarized myself with this report. The report contains a true and accurate reflection of the expenses Finch McCranie advanced on behalf of Plaintiff during the pendency of this action.

11. As confirmed by Exhibit A-5, the amount of expenses advanced by my firm in this litigation is $43,648.62. The expenses shown include, but are not limited to, expenses relating to expert witnesses, copying, postage, delivery, medical

3

records, court reporters, mileage, travel, hotels, meals, professional attire purchases (for Plaintiff, a minor sex trafficking victim, to wear to Court), and eyewear (so Plaintiff could read evidence and see the trial proceedings clearly). The total amount of these expenses is reasonable for this type of complex action and for the relevant time period. Moreover, each individual expense itself is reasonable and was reasonably incurred to successfully represent the Plaintiff against Defendant.

*(SIGNATURES ON FOLLOWING PAGE)*

My testimony is true and correct and made under penalty of perjury, and I have executed this affidavit on September 15, 2025.

_____
Melissa Millen

This affidavit has been sworn to and subscribed before me on September 15, 2025.

Madison M Krogman
Notary Public
My Commission Expires:



5