# Exhibit B-1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| **NORTHBROOK INDUSTRIES,** | : | |
| **INC., D/B/A UNITED INN AND** | : | |
| **SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

## AFFIDAVIT OF PATRICK MCDONOUGH IN SUPPORT OF PLAINTIFF J.G.'S MOTION FOR ATTORNEYS' FEES UNDER 18 U.S.C. § 1595

My name is Patrick J. McDonough. I have personally appeared before an officer duly authorized to administer oaths, and after being duly sworn, testify as to the following:

### A. Professional Background and Expert Qualifications

1.     I am over the age of eighteen, I am competent to provide the testimony in this affidavit, and I have personal knowledge of the matters contained in this affidavit.

2.     I was hired by the client, J.G. and later brought co-counsel Finch McCranie into the case. I have specialized in representing sex trafficking survivors since 2019. Our dedicated website for sex trafficking cases can be found at www.inthelifelaw.com.

3.     I have been an equity partner at Andersen, Tate, & Carr, www.atclawfirm.com, for the past 21 years. Andersen, Tate and Carr has been in business for over 35 years. Prior to this, I was the District Attorney for the Cordele Judicial Circuit. Prior to being the District Attorney, I was an Assistant District Attorney for this circuit. I have been a trial lawyer for 31 years.

1

4.     In 1991, I graduated from Indiana University with a Bachelor of Arts degree in Speech Communications with a minor in Business.

5.     In 1994, I graduated from the University of Alabama School of Law

6.     In July 1994, I was sworn in as a member of the State Bar of Georgia. I have been practicing for 31 years as a trial attorney.

7.     I am licensed to practice law in Georgia. I am also admitted to practice before the United States District Court for the Northern District of Georgia, United States District Court for the Middle District of Georgia, United States District Court for the Southern District of Georgia, and the U.S. Court of Appeals for the Eleventh Circuit, among other courts.

8.     I have been recognized by my peers and colleagues in *Best Lawyers*, *Super Lawyers, and AVV0 5 star rating* for excellence in civil litigation and trial advocacy. I am a member of the Executive Board of Directors for Gwinnett County Chamber of Commerce. I have been the Chair of United Way Gwinnett.

9.     I have been the lead or solo trial attorney in over 100 jury and bench/revocation trials in my career.

10.    Beginning in 2016, myself and my partner Jonathan Tonge, created the practice of representing sex trafficking survivors in civil cases against beneficiaries. No other attorneys had ever filed such a case in Georgia history. We spent several years researching, analyzing, and developing this practice before we ever had a client. We considered several cases that were unworkable.

11.    In 2019, I filed the first civil sex trafficking cases in Georgia history. (*See, e.g.,* https://www.ajc.com/news/crime--law/breaking-atlanta-area-hotels-face-sex-trafficking-lawsuits/B9Wy8bMUOV60eWuqdjlWWN/?utm_source=chatgpt.com.) Since 2020, 100% of my

practice is devoted to representing survivors of sex trafficking. I have settled 82 cases and collected over $100 million for survivors. In these cases, I have been lead counsel from the inception of the case to its conclusion. I have participated in all aspects of this litigation including discovery, client depositions, 30(b)(6), expert depositions, motions practice including arguments for summary judgment, mock trials, focus groups and trial.

12.    No other law firm or attorneys in Georgia that I am aware of focus their entire practice on representing sex trafficking survivors. And no attorneys in the country have been as successful as our firm in recovering substantial sums for sex trafficking survivors.

13.    In 2021, I was co-lead counsel on the first Eleventh Circuit appellate decision regarding civil sex trafficking cases under the Trafficking Victims' Protection Reauthorization Act. *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021).

14.    In 2023, I was lead counsel on the first Georgia Court of Appeals decision establishing that negligence claims could be brought in the context of sex trafficking civil cases. *Suresh & Durga, Inc. v. Doe*, 369 Ga. App. 787, 894 S.E.2d 602 (2023)

15.    In 2024, I was co-lead on the first jury trial against a hotel brand in the country. The trial lasted three weeks and settled the day we closed the Plaintiffs' cases. That case lasted over four years and involved 11 plaintiffs.

16.    I taught Trial Advocacy at UGA CLE programs and been an speaker at local and national sex trafficking seminars.

### B. My Role in This Litigation

17.    I have personal knowledge of the work that I performed and that other attorneys and employees at my firm performed on this matter. I also have personal knowledge of the work performed by lawyers at Finch McCranie in this matter. Among many other things, I was involved

in the strategy for the litigation from inception through the verdict. I was advised based on my

experience for all of the depositions in this case. I was heavily involved in reviewing Defendants'

document production and pleadings. I reviewed every brief filed on behalf of Plaintiff in the case.

I was heavily involved in trial preparation and the trial itself. I argued and assisted in the pre-trial

motions, jury charges, and other matters; I assisted in juror selection at trial and I handled direct

examination of our sole expert and a critical witness at trial and the charge conference.

### C. It is Usual and Customary for Law Firms that Represent Plaintiffs on a Contingency Fee Basis not to Contemporaneously Record Time and to Reconstruct Time (if needed after a verdict)

18.    In the 82 cases I have brought and the many other cases I have reviewed or have in

intake, it is customary to take all sex trafficking cases on a contingency basis. In fact, I have never

met a sex trafficking client or potential client who would be able to afford to hire a lawyer on an

hourly basis. In other words, no sex trafficking survivor I have ever met would be able to seek

justice through the civil courts unless the attorneys took the case on a contingency basis.

19.    Based on my education, training and experience, in any case we have brought under

a fee-shifting statute like the TVPRA, if the plaintiff prevailed at trial, I would reconstruct my time

in the manner I have done so herein and as permitted under Eleventh Circuit caselaw.

20.    Based on my education, training and experience, it is quite rare and almost unheard

of for attorneys representing plaintiffs on a contingency basis to contemporaneously record their

time. There are a few reasons for this. First, as discussed above, the client is not paying the attorney

on an hourly basis. Second, the instance where such records would become relevant are extremely

rare, thus it is a waste of the attorney's time and resources that could be better spent in productive

work on behalf of the client. For example, having settled 82 cases on behalf of sex trafficking

victims, this is the first time (1/82, or 1.22% of my cases) where such a calculation has become

relevant through a jury verdict. To spend resources tracking time that is relevant in roughly 1% of cases is time that would be better spent on substantive legal work for the client.

### D. The Attorney's Fees Reflected in the Attorney's Fees Chart (Exhibit B-4) were Reconstructed Using a Reasonable and Conservative Approach

21.    The fees listed in Exhibit B-4 to this affidavit were calculated conservatively. Some contemporaneous hourly records were reviewed, as well as expense records, emails, pleadings, discovery materials, case files, and calendar entries, among other materials, to refresh my recollection and to prepare this reasonable and conservative estimate of ATC's time.

22.    The hours listed in Exhibit B-4 are underinclusive and conservative of the time actually spent on this case. The fee chart does not include any time entries for any associate-level work, nor any paralegal work, though associates and paralegals conducted significant work on this case at various times throughout the five years. Several other ATC attorneys were consulted at different stages of the litigation for various legal or strategy discussions, but none of that time is included in the fee chart. The fees chart also does not include any time spent researching and drafting the motion for attorney's fees or any activity related thereto. The fees chart only uses a .1 multiplier for emails, even though there is substantial email correspondence in this case for which .1 is dramatically underinclusive.

23.    Myself and Jonathan Tonge generally engage in different, though complimentary work. I am a seasoned trial lawyer, with decades of experience. Throughout this case, my work has related mostly to litigation and trial strategy, examination and investigation of witnesses, evidence and depositions, and trial and hearing work. Mr. Tonge's work consists largely of conducting the bulk of the legal research, writing and drafting of arguments and briefs. A large part of our firm's success in this area is due to this separation of responsibility of mine and Mr.

Tonge's complementary strengths. As a result of this division of labor, myself and Pat McDonough's time is not excessive or redundant.

24.     Myself, Jonathan Tonge, and Rory Weeks oversaw and prepared the Andersen, Tate & Carr fee chart and it is a fair and accurate, but conservative, representation of the time spent by our firm's attorneys on this case. It was prepared using a reasonable and conservative methodology and represents only fees that are compensable under Eleventh Circuit caselaw.

25.     Myself, Jonathan Tonge, and Rory weeks also conferred with David Bouchard at Andersen, Tate & Carr about the preparation of Finch McCranie's fee chart and it is a fair and accurate representation of the time spent by Finch McCranie attorneys and paralegals in this matter, representing only compensable fees under Eleventh Circuit caselaw.

26.     I calculated my hours in the ATC attorney fees chart at Exhibit B-4 after reviewing available contemporaneous hourly records, expense records, emails, pleadings, discovery materials, case files, and calendar entries, among other materials. I relied on these records to refresh my recollection to prepare a reasonable and conservative estimate of my time in this case.

27.     Jonathan Tonge (ATC partner) and Rory Weeks (ATC of counsel) calculated their time following the same process and the fees chart at Exhibit B-4 shows the aggregate total hours devoted to each of the phases of the case by Andersen, Tate & Carr attorneys Jonathan Tonge, Pat McDonough, and Rory Weeks.

28.     In compiling Andersen, Tate & Carr's time in this case, and as described above, I made a good-faith effort to ensure that the firm's recorded hours were not excessive, redundant, or unnecessary. I also made a good-faith effort to ensure that Finch McCranie's recorded hours were not excessive, redundant or otherwise unnecessary. As described in David Bouchard's affidavit, that time was also conservatively accounted for, leaving out large amounts of time from

various attorneys over the years.

29.    I have worked with Finch McCranie and David Bouchard since the pendency of this case, which was also the pendency of sex trafficking litigation in Georgia. Finch McCranie is one of the most experienced and successful law firms in litigating civil sex trafficking cases not only in Georgia, but in the country. David Bouchard is an extremely brilliant and accomplished attorney and through the years he has been responsible for successful and innovative legal developments in this burgeoning field. Andersen, Tate & Carr relied on Finch McCranie to lead this case from inception to trial, which they did with exceptional effort and results. The time reflected in Find McCranie's fee chart is indicative of the valuable and necessary work of leading and running Plaintiff's case and is not excessive, redundant, or otherwise unnecessary.

### E.  A $900/hour rate for Partner-Level Attorney Time, $400/hour rate for Associate-Level Attorney Time, and $250/hour rate for Paralegal-Level Time is Conservative and Reasonable

30.    Based on my education, training, and experience, a $900 hourly rate for the work performed by me, David Bouchard, Oto Ekpo, Rory Weeks and Jonathan Tonge, is conservative and, thus, reasonable. Furthermore, we used various associate level attorneys. Given the complexity of this action and the expertise and experience of myself and these lawyers, a $900 hourly rate for partner-level attorney time, $400 hourly rate for associate-level attorney time, and $250 for paralegal time is no more than usual Atlanta market rates.

### F.  The Verdict—as Compared to the Pre-Trial Settlement Demands and Offers— Underscores the Quality of the Work Performed in this Historic Case

31.    The result reached in this case by the jury, an award of $40,000,000, reflects the quality of the legal work performed in this case. This is the first jury verdict in a civil case against a hotel under the Trafficking Victim Protection Reauthorization Act in the country. It is also by far the largest sex trafficking result for any reported outcome—whether through settlement,

mediation, or trial—in the country.

32.    The final and largest pre-trial settlement offer in this case was $500,000. The result reached here shows the quality of the legal work of the Plaintiff's team as compared to the Defendant's estimation of the case's anticipated outcome.

### G. Andersen, Tate, & Carr has Advanced $9,882.53 in Expenses

33.    As a partner at Andersen, Tate, Carr as well as having a lead role in supervising and managing this action for my firm, I have personal knowledge of or am familiar with the expenses my firm has advanced on behalf of Plaintiff.

34.    A true and correct copy of my firm's expense reports are attached to the Attorney's Fees and Expenses Chart.  Plaintiff, pursuant to the attorney-client agreement, owes all these expenses.

35.    I have reviewed and familiarized myself with this report. The reports contain a true and accurate reflection of the expenses Andersen, Tate, Carr advanced on behalf of Plaintiff during the pendency of this action.

36.    As confirmed by Exhibit B-4, the amount of expenses advanced by my firm in this litigation is $9,882.53. The expenses shown include, but are not limited to, expenses relating to expert witnesses, copying, postage, delivery, medical records, court reporters, mileage, travel, hotels, and meals. The total amount of these expenses is reasonable for this type of complex action and for the relevant time period. Moreover, each individual expense itself is reasonable and was reasonably incurred to successfully represent the Plaintiff against Defendant.

*(SIGNATURES ON FOLLOWING PAGE)*

My testimony is true and correct and made under penalty of perjury, and I have executed this affidavit on September 15, 2025.

Patrick J. McDonough

This affidavit has been sworn to and subscribed before me on September 15, 2025.



Notary Public
My Commission Expires: March 23, 2027

9