Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| vs. | : | |
| | : | **NO. 1:20-cv-05233-SEG** |
| **NORTHBROOK INDUSTRIES,** | : | |
| **INC., D/B/A UNITED INN AND** | : | |
| **SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

## DECLARATION OF TIANA S. MYKKELTVEDT

State of GEORGIA )
                 )
County of Fulton)

1.

My name is Tiana S. Mykkeltvedt. I am over 18 years of age. I am suffering

under no disabilities and am legally competent to make this declaration.

2.

This declaration is based on my personal knowledge of the facts set forth

herein, in support of Plaintiffs' Supplemental Motion Pursuant to LR54.2, NDGA

For Attorney's Fees and Expenses in the above-styled action. More specifically,

this Declaration is given in support of the Affidavits of Patrick McDonough, David

Bouchard, Oto Ekpo, Rory Weeks and Jonathan Tonge, along with their exhibits,

which I have reviewed. My opinions are based on my experience as a Georgia
attorney; my knowledge of billing rates for attorneys practicing in the areas of
commercial litigation and representation of plaintiffs in civil sex trafficking
litigation in Georgia; my review of the documents cited herein; and my
communications with attorneys at the law firms of Finch McCranie and Anderson
Tate and Carr (collectively "Plaintiff's Counsel").

3.

I am a 2003 graduate of the University of Georgia School of Law and have
been a member in good standing with the State Bar of Georgia since 2003. I am
admitted to practice before the Georgia Court of Appeals, the Supreme Court of
Georgia, the United States District Courts for the Northern District of Georgia, the
United State District Courts for the Middle District of Georgia, the Eleventh
Circuit Court of Appeals and the United States Supreme Court.

4.

Following a clerkship for the Honorable Richard W. Story at the United
States District Court for the Northern District of Georgia, I joined the law firm of
Bondurant, Mixson & Elmore, LLP ("Bondurant") in 2005. Bondurant represents
both plaintiffs and defendants in high-stakes litigation. And during my career at
Bondurant, I have focused on complex commercial litigation including all aspects
of trial and appellate litigation. I've served as lead trial counsel and have led teams

of attorneys in complex, multi-year and multi-jurisdictional proceedings. I have represented both plaintiffs and defendants, and my clients have included large corporations, small family-owned businesses as well as individuals of all economic backgrounds. I have been a partner at Bondurant since 2017.

5.

I have been named to the Legal 500, Atlanta City Elite, repeatedly recognized as a Georgia Super Lawyer (by Atlanta Magazine), and recognized as a Southeastern Legal Awards "Distinguished Leader." I am a master in the Clark-Carley Inn of Court and serve on its Executive Committee. In addition, I serve on the Northern District of Georgia's Merit Selection Panel, on the Board of the Federal Defender Program, Inc. and am a former president of the National Conference of Vietnamese American Attorneys. A summary of my qualifications is found at my website bio at https://www.bmelaw.com/lawyers-Tiana_Mykkeltvedt.html.

6.

I have extensive experience litigating cases on behalf of sex trafficking survivors under Georgia law and the Trafficking Victims Protection and Reauthorization Act, 18 USC §1595 *et seq.* I was co-lead counsel in the matter of *W.K., et al. v. Red Roof Inns, Inc., et al.*, No. 1:20-cv-05263-MHC (N.D. Ga). In that matter, Bondurant and our co-counsel, Anderson Tate and Carr, represented

eleven sex trafficking survivors for trafficking that took place at two Red Roof Inns in the Atlanta, Georgia area. That matter spanned over three years and involved over forty depositions. That case went to trial in July 2024, in what was one of the first trials of a national hotel brand under the TVPRA. Ultimately, the parties reached a confidential settlement during the third week of trial.

Additional examples of my experience in civil sex trafficking cases include:

1. *C.A., et al. v. Extended Stay America, Inc.*, Civil Action No.: 1:21-cv-00957-SDG (N.D. Ga.);

2. *Jane Doe 1 v. Red Roof Inns, Inc. et al.*, Civil Action No.: 1:19-cv-03840-WMR;

3. *Jane Doe 2 v. Red Roof Inns, Inc. et al.*, Civil Action No.: 1:19-cv-03841-WMR;

4. *Jane Doe 3 v. Red Roof Inns, Inc. et al.*, Civil Action No.: 1:19-cv-03843-WMR;

5. *Jane Doe 4 v. Red Roof Inns, Inc. et al.*, Civil Action No.: 1:19-cv-03845-WMR;

6. *Jane Doe #1 v.* Wyndham Hotels & Resorts, Inc., et al., Appeal Numbers: 20-90004-Q, 20-90005-Q, 20-90006Q, 20-90007-Q (11th Cir.);

7. *Jane Does 1-4 v. Red Roof Inns, Inc., et al.*, Civil Action No.: 1:21-cv-

4278 (N.D. Ga.); and

8. *W.K., et al. v. Red Roof Inns, Inc., et al.*, No. 1:20-cv-05263-MHC (N.D. Ga).

## 7.

In the above sex trafficking civil actions, Bondurant was co-counsel with Anderson Tate and Carr. Anderson Tate and Carr has an outstanding reputation in the legal community and has become a leader in prosecuting civil sex trafficking lawsuits. Based on my personal experience working with Pat McDonough, Jonathan Tonge, Rory Weeks and Jennifer Webster, I became familiar with and can speak to the immense talent of the above-named individuals. And although I have not previously worked with the attorneys at Finch McCranie, I am aware of their stellar reputation in the legal community.

## 8.

In 2020 when this case was commenced, the civil litigation of sex trafficking actions against hotel defendants was still a developing area of law. As a result, both plaintiff and defense lawyers were still in the process of developing strategies for their prosecution and defense. The TVPRA presented new legal issues and both sides sought to develop favorable precedent on for their side. And because of the general absence of factually similar precedent and high level of potential liability on the hospitality industry, defendants sought every opportunity to litigate all

issues that arose—leading to vigorously litigated cases with multiple dispositive motions, discovery disputes and the like. That is to say, in my experience, defendants in civil sex trafficking actions tended to contest every issue.

9.

As of the date of this affidavit, the verdict in this case represents the largest civil sex trafficking verdict in the nation.

10.

Based on my experience litigating civil sex trafficking actions, and my decades of experience in complex commercial litigation, I am familiar with the amount of work reasonably required to litigate a sex trafficking civil action such as this one, to resolution. According to Plaintiff J.G.'s Fees Exhibits ("Fees Exhibits"), attached to the Declaration of David H. Bouchard and the Declaration of Patrick McDonough, Plaintiff's Counsel spent 2,740.9 hours. In a case such as this, 2,740.9 hours is a reasonable amount of time to spend on this matter. The work Plaintiffs' Counsel performed, which that is reflected on its Fees Exhibits, the docket and the case materials I reviewed, was reasonable, appropriate, and necessary to the prosecution of this action. The amount of time reflected that Plaintiff's Counsel expended on this work was also reasonable and commensurate with the complexity, timing, significance, and nature of the tasks required. In support of this opinion, I have considered my own personal experience in litigating

civil sex trafficking actions and the time expended therein, other cases handled by Bondurant with which I am familiar, and also fee applications and opinions on fee applications in similar types of matters.

11.

As a part of my duties as a partner in Bondurant, I have participated in setting the billing rates of the firm. This includes setting the rates for 17-20 partners, 12-15 associates and five paralegals, at all seniority levels.

12.

As a part of my duties as a partner in setting rates, I have reviewed billing rate information from several sources, including but not limited to industry resources, publications and private commissioned studies, and other sources. Although none are dispositive alone, these studies and sources have informed my opinions as to reasonable billing rates.

13.

I have also associated co-counsel in various cases and obtained their billing rates as a part of that process. Further, I have filed, responded to and reviewed fee applications in numerous cases. And I have served as an expert witness on the reasonableness of attorney's fees. All of this information informs my opinion as to the reasonableness of the billable rates set forth by Plaintiff's Counsel in this matter.

14.

Plaintiff's Counsel's hourly rates are $900 for Partners, $400 for associates and $250 for paralegals. Given the complexity of this action and the expertise and experience of these lawyers the rates charged are no more than usual Atlanta market rates and are substantially in accord with prevailing rates for civil sex trafficking litigation in the relevant legal market.

15.

The hourly rates reflected in the Fees Exhibits are reasonable given the Atlanta market conditions and the skills, qualifications, experience, and reputation of Plaintiff's Counsel.

16.

Finally, Plaintiff's Counsel's expenses of litigation reflected on its billing exhibit are also reasonable and include only well-established, uncontroversial expenditures in a case of this nature, such as court reporter fees for hearings and depositions, expert witness fees, e-filing fees, and document copying and delivery expenses.

17.

In this case, Plaintiff's Counsel's fees were based on a contingency fee agreement with their client. The use of a contingency fee contract is not just common in these types of cases, but in my experience almost exclusively how sex

trafficking plaintiffs engage attorneys to represent them. Due to the extreme

trauma they have experienced, and many other factors that led them to be

vulnerable to trafficking in the first place, the vast majority of sex trafficking

survivors would be unable to pay attorneys an hourly fee to represent them. As a

result, contingency fee arrangements are common in such cases.

And as is also common for many firms that represent their clients on a

contingency fee basis, contemporaneous time records are often not maintained.

Nevertheless, courts have acknowledged that it is permissible for attorneys to re-

create the time they spent on the matter in order to seek statutory attorneys' fees, as

here.

In reviewing the reasonableness of the attorneys' fees in this action, I have

taken into consideration that the fees submitted were not contemporaneous records.

While contemporaneous records are often viewed as the most accurate way to keep

billing records, in my experience, recreating time most often results in an under-

estimate of the actual time spent. And that type of under-estimation is often what I

saw in the Fee Exhibit in this case.

18.

For example, Plaintiff's Counsel declined to seek several categories of fees

for which they did actual work and for which attorneys may reasonably charge for

their time, including:  trial-prep work that was duplicated when the trial was

rescheduled from April 2025 to June 2025; teleconferences with opposing counsel; inter-office partner conversations relating to discovery strategy; associate time for a lawyer who is no longer with the law firm; and using only .1 (6 minutes) for every email, despite the existence of extensive email communications. Similarly, although this representation spanned 5 years, Plaintiff's Counsel did not increase its hourly rate during that time period—a practice that is reasonable and customary in the Atlanta market.

19.

In conclusion, it is my opinion that Plaintiff's Counsel's hourly rates are reasonable, based on prevailing rates for similar work in the market, and the hours expended are reasonable given the nature of the case and the tasks required to obtain a successful resolution.

* * *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Tiana S. Mykkeltvedt

Executed on September 15, 2025.