UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

Case No. 1:20-cv-05233-SEG

| | |
|---|---|
| J.G.,<br><br>          Plaintiff,<br><br>v.<br><br>NORTHBROOK INDUSTRIES,<br>INC., d/b/a UNITED INN AND<br>SUITES,<br><br>          Defendant. | |

**DEFENDANT NORTHBROOK INDUSTRIES, INC.'S
REPLY IN SUPPORT OF RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW UNDER FEDERAL RULE OF CIVIL
PROCEDURE 50 AS TO LIABILITY OR, ALTERNATIVELY, AS TO
<u>PUNITIVE DAMAGES</u>**

Defendant, Northbrook Industries, Inc., renewed its motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) [Doc. 247] as to liability under the TVPRA, 18 U.S.C. § 1595, or, alternatively, moved for judgment as a matter of law as to punitive damages. In its motion, Northbrook argues that J.G. failed to present legally sufficient evidence to support a claim under the TVPRA. Now, with the benefit of J.G.'s response in opposition [Doc. 262], it is clear that the jury verdict cannot stand. J.G. has failed to identify specific, admissible evidence to support the jury verdict in her favor. Rather, J.G. relies on legally deficient arguments, including unattributable employee misconduct and disguised negligence claims that were previously disposed of on summary judgment. As detailed below, judgment as a matter of law is warranted on liability or, at minimum, on punitive damages, which are neither authorized by the TVPRA against third-party beneficiaries nor constitutionally permissible in the amount of $30 million.

## ARGUMENT

### I. DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S TVPRA CLAIM

#### A. Plaintiff's New Theory of "Participation" Relies on an Employee's Unattributable Criminal Acts and a Disguised Negligence Claim

Merely renting rooms at a "hotspot" hotel is legally insufficient to impose liability under the TVPRA. *E.g.*, *Cobb v. Truong*, 2015 WL 1405438, at *17

1

(W.D. Pa. Mar. 26, 2015) ("[I]t has long been recognized that criminal liability cannot attach from being present at the scene of a crime or in the company of wrongdoers and such conduct in itself will not suffice to meet the burden of proof required for criminal prosecution and conviction."); *see also C.B. v. Naseeb Invs., Inc.*, 748 F. Supp. 3d 1338, 1348 (N.D. Ga. 2024). Thus, for the second element of a TVPRA claim, J.G. advances a "participation" theory based on: (1) the actions of a single employee acting outside the scope of her employment, and (2) Northbrook's failure to act on be on the lookout ("BOLO") notices. These theories are legally flawed, however, and insufficient to withstand Northbrook's motion for judgment as a matter of law.

### 1. An Employee's Alleged Conduct Cannot Be Imputed to Northbrook

J.G.'s primary focus remains on the employee. She contends that Northbrook "did much more than rent rooms to [her] traffickers" and that "she proved [Northbrook's] complicity in [her] trafficking through the actions of [Northbrook's employee]." [Doc. 262, at 13–14.] But her evidence of "participation" by Northbrook is her own testimony that this employee bought drugs from her trafficker and acted as a "lookout" for the trafficker. [Doc. 262, at 4, 14.]

This theory advanced by J.G. is fatally flawed. The only way to impose TVPRA liability on Northbrook due to the actions of this employee is through

2

vicarious liability. Yet, in its summary-judgment order, the Court wrote that "an employer is vicariously liable for its employee's conduct when the employee was '*acting in furtherance of and within the scope of [the employer's] business.*'" [Doc. 138, at 25–26 (emphasis added).] The Court further recognized that "an employer is not liable for unlawful acts committed for *purely personal reasons* disconnected from the [employer's] authorized business." [Doc. 138, at 26 (emphasis in original).]

Applying this standard, J.G.'s theory cannot stand because it relies on acts by this employee that are *outside* the scope of employment and not imputable to the employer. Even taking all factual positions by J.G. as true under the legal standard for a motion for judgment as a matter of law, *see MidlevelU, Inc. v. ACI Info. Grp.*, 989 F.3d 1205, 1214 (11th Cir. 2021) (judgment as a matter of law views the evidence in the light most favorable to the nonmoving party), *the most* J.G. was able to prove at trial was that this employee purchased illegal drugs and "acted as a 'lookout'" *for the trafficker*. But these are *personal* criminal acts that are not imputable to Northbrook. An employee purchasing drugs or acting as a "lookout" in connection with illegal conduct is not *connected* to Northbrook's authorized business and does not further Northbrook's authorized business interests. Isolated employee acts, without evidence of employer authorization or benefit, do not establish vicarious liability in TVPRA hotel cases. *See, e.g., J.C. v. I Shri Khodiyar, LLC*,

3

624 F. Supp. 3d 1307, 1315 (N.D. Ga. 2022) (denying dismissal but noting vicarious liability requires acts within scope of employment).

J.G.'s continued focus on the employee underscores her inability to present "testimony or evidence of a pattern exceeding something of a *routine* stay" at the United Inn. [Doc. 247, at 10 (emphasis in original).] As Northbrook argues in its renewed motion, J.G. did not present any evidence "showing kickbacks, profit-sharing, or active enabling by the United Inn ownership, management, or lower-level employees." [Doc. 247, at 7–8.]

In denying Northbrook's motion for summary judgment, the Court noted that J.G.'s allegations, if proven, could support a jury verdict in her favor. [Doc. 138.] But, after a full trial, Northbrook maintains that J.G. failed to carry this burden. Indeed, similar evidence led to summary judgment for defendants in cases like *C.B.*, 748 F. Supp. 3d at 1353–59.

### 2. J.G. Impermissibly Revises Her Dismissed Negligence Claim

J.G.'s second theory as to "participation" is that Northbrook's failure to act on BOLO notices constitutes evidence of complicity in the trafficking. [Doc. 262, at 17–18.] She contends that she "proved that [Northbrook] received multiple BOLOs identifying [J.G.] as a missing 16-year-old *suspected of being at [Northbrook's] hotel*—a known hotspot for commercial sex crimes and drug sales that did not have security recommended by the police." [Doc. 262, at 17

4

(emphasis in original).] This fails to support Northbrook's liability, however, because it is a negligence argument clothed in a TVPRA claim. The *failure to act* on a BOLO functionally asserts that Northbrook breached a duty to heed such a warning from authorities or to assist in locating victims of such BOLO notices. But the Court had already granted Northbrook summary judgment on J.G.'s negligence claim. [Doc. 138.] J.G. should not be permitted to revive the disposed-of claim by merely reframing *inaction* as *complicity* for purposes of the TVPRA because this is plainly a negligence claim in disguise.

In short, Plaintiff's effort to repackage negligence allegations—failure to heed BOLO notices, failure to hire additional security, and failure to detect "red flags"—into TVPRA "participation" runs contrary to *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021), and *K.H. v. Riti, Inc.*, 2024 WL 505063 (11th Cir. Feb. 9, 2024). As those cases make clear, *passive* inaction does not amount to "participation in a venture." Because Plaintiff's trial evidence rose no higher than *passive inaction* and isolated personal misconduct by a rogue employee, no reasonable jury could have found Northbrook liable under § 1595.

Finally, the Court should grant Northbrook judgment as a matter of law to align its decision with *G.W. v. Northbrook Industries, Inc.*, 739 F. Supp. 3d 1243 (N.D. Ga. 2024). The issue of the hotel's "hotspot" status for prostitution (based on police reports, online reviews, and so-called "red flags" like cash payments, discarded condoms, and frequent visitors) was central in both cases.

5

Yet Judge Boulee concluded, *based on identical facts*, that Northbrook did not `participate in a venture' within the meaning of § 1595. *G.W.*, 739 F. Supp. 3d at 1254. But while the district court in *G.W.* granted summary judgment in favor of Northbrook, this case proceeded to a jury trial, where the jury awarded $40 million. These inconsistent rulings are legally untenable.

## II.   DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO PUNITIVE DAMAGES

### A.   The TVPRA's Text and Structure Preclude Punitive Damages Against a Third-Party Beneficiary

J.G. argues that because the TVPRA sounds in tort, punitive damages are presumptively available. She cites to *Ditullio v. Boehm*, 662 F.3d 1091, 1096 (9th Cir. 2011), and the Restatement (Second) of Torts § 908. [Doc. 262, at 19.] Her continued reliance on *Ditullio* should not be persuasive. Again, *Ditullio* is not binding on this Court. Moreover, as explained in the renewed motion, when Congress intends to make punitive damages available, it does so expressly—as in the Wiretap Act, the Stored Communications Act, and the Child Protection and Obscenity Enforcement Act. [Doc. 247, at 10–19.]

Even accepting J.G.'s position that punitive damages are presumptively available because the TVPRA sounds in tort, this presumption is rebutted by the plain language of 18 U.S.C. § 1595. And as Northbrook explained in its motion, the Court's interpretation of the TVPRA is inconsistent with the plain language, the structure, and the context of the statute. *See Christian Coal. of*

6

*Fla., Inc. v. United States*, 662 F.3d 1182, 1192–93 (11th Cir. 2011) ("[T]he mention of one thing implies the exclusion of another."). The express *inclusion* of attorney's fees under the TVPRA demonstrates that Congress intended *only* those as nontraditional remedies.

Even if punitive damages are provided for by the TVPRA against *actual traffickers*, there is even less support from the statute that they are available against *third parties*. The TVPRA's beneficiary liability under § 1595(a) employs a "knew or should have known" standard, distinct from the actual knowledge required for perpetrators under § 1591, underscoring that punitives—intended for outrageous conduct—should not apply to third parties without direct involvement.

In addition to *Ditullio*,[1] J.G. points to several district courts across the country. *See Moore v. Rubin*, 724 F. Supp. 3d 93, 106-07 (E.D.N.Y. 2024); *Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1175 (D. Kan. 2018); *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 26 (D.D.C. 2013). She argues that Northbrook's position "misses the mark." [Doc. 262, at 21.] Northbrook has recognized these out-of-circuit opinions, even if not expressly by name; however, Northbrook correctly

---

[1] J.G. also continues to rely on *Francisco v. Susano*, 525 F. App'x 828 (10th Cir. 2013). Northbrook has explained why this out-of-circuit, unpublished opinion is entirely of no value. [Doc. 247, at 17 n.1.] Unpublished opinions "have no precedential value," Va. Props., Inc. v. Home Ins. Co., 74 F.3d 1131, 1132 n.2 (11th Cir. 1996), and "they bind no one," *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016).

asserted that there is no Eleventh Circuit opinion on point, and the Eleventh Circuit has explicitly recognized and drawn a line between the *criminal provisions* applying only to the criminal traffickers under § 1591, and the civil cause of action under § 1595. *See Red Roof Inns*, 21 F.4th at 724. Thus, the Ninth Circuit's *Ditullio* and the district courts that have followed *Ditullio* are inconsistent with the Eleventh Circuit's interpretation of the TVPRA.

To bring this Court's order in line with the Eleventh Circuit's holding, the Court should adopt the dissenting opinion in *Ditullio*. [Doc. 247, at 17–19.] Judge Callahan's dissent recognizes that the TVPRA's "damages" term is plain and unambiguous; it is limited to compensation by its plain meaning and structure. *Ditullio*, 662 F.3d at 1101 (Callahan, J., dissenting).

### B. The $30 Million Punitive Damages Award Is Unconstitutionally Excessive as a Matter of Law and Should Be Vacated

Finally, Northbrook argues that the $30 million punitive damages awarded by the jury is unconstitutionally excessive. [Doc. 247, at 19–24.] Northbrook relies on *BMW of North America v. Gore*, 517 U.S. 559 (1996), which established the required analysis to be undertaken to determine the constitutionality of the amount of punitive damages awarded to a plaintiff. The Supreme Court established three "guideposts" for determining whether an award exceeds "the upper limit" permitted by the Constitution and whether the defendant had such fair notice:

      (1) the degree of reprehensibility of the defendant's conduct;

      (2) the ratio of punitive damages to the actual harm inflicted on plaintiffs; and

      (3) the comparison between punitive damages and potential civil or criminal penalties for defendant's conduct.

*BMW*, 517 U.S. at 575.

### 1.  Degree of Reprehensibility

J.G.'s response and her defense of the award fails to properly apply the *BMW v. Gore* guideposts. First, J.G. improperly conflates the reprehensibility of the trafficking with the reprehensibility of Northbrook's conduct. To be clear: The harm J.G. suffered was caused by her traffickers, not Northbrook. There is no doubt that J.G. suffered unspeakable harm, and Northbrook does not try to trivialize this. As the District of Columbia District Court stated: "[T]he crime of forced labor and trafficking is particularly depraved." *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 27 (D.D.C. 2013).

However, Northbrook's conduct—a *failure* to *prevent* harm—should be considered far less reprehensible than the *affirmative, violent*, and *malicious* acts of the traffickers who directly caused the harm. While the jury found "reckless indifference," this is the minimum state of mind for punitive damages and does not justify an award 60 times higher than that assessed against an actual trafficker in *Carazani*. *See id.* at 27 (awarding $543,041.28 in punitive damages).

9

### 2. Ratio of Punitive Damages to Actual Harm

J.G. also argues the 3:1 ratio is within the Supreme Court's single-digit guideline. Fair, but the Supreme Court has warned that when compensatory damages are substantial, a much lower ratio may be the constitutional maximum for punitives. The $10 million compensatory award already serves a deterrent and retributive purpose, making a further $30 million punishment grossly excessive for a defendant who was not the direct perpetrator of the harm.

### 3. Sanctions for Comparable Misconduct

Finally, J.G. dismisses the comparison Northbrook makes to criminal fines by noting that there were hundreds of acts of trafficking. [Doc. 262, at 28.] This argument again improperly attributes the traffickers' crimes to Northbrook. Northbrook is not criminally liable for those hundreds of acts. The relevant legislative judgment is the fine for the underlying crime of trafficking—up to $500,000, *see* 18 U.S.C. § 3571(b), (c)—which demonstrates the magnitude by which the jury's $30 million award deviates from any comparable sanction for the relevant misconduct.

**WHEREFORE**, Defendant Northbrook Industries, Inc. respectfully requests that this Court grant Defendant's Renewed Motion for Judgment as a Matter of Law as to Plaintiff's TVPRA Claim, and vacate the Final Judgment, and enter judgment in favor of Defendant, or alternatively, Defendant's Motion

for Judgment as a Matter of Law as to Punitive Damages: (1) finding that Plaintiff J.G. is not entitled to punitive damages as a matter of law because the TVPRA does not provide for punitive damages, and vacating the jury award of $30 million in punitive damages; or (2) finding that the $30 million punitive damages award is unconstitutionally excessive and violative of Defendant's due-process rights.

Respectfully submitted,

/s/ Dana M. Richens
Dana M. Richens
Georgia Bar No. 604429
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 815-3659
Facsimile: (404) 685-6959
drichens@sgrlaw.com
*Attorney for Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites*

/s/ Jack R. Reiter
Jack R. Reiter
Florida Bar No. 0028304
GRAYROBINSON, P.A.
333 SE Second Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
jack.reiter@gray-robinson.com
*Admitted Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE WITH LR 7.1(D)

I hereby certify that the foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FEDERAL RULE OF CIVIL PROCEDURE 50 AS TO LIABILITY OR, ALTERNATIVELY, AS TO PUNITIVE DAMAGES** has been prepared with a typeface and point selection approved by the Court in LR 5.1, NDGA. Specifically, the above-mentioned pleading was prepared using Century Schoolbook typeface in 13-point font size.

/s/ Jack R. Reiter

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date filed the within and foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FEDERAL RULE OF CIVIL PROCEDURE 50 AS TO LIABILITY OR, ALTERNATIVELY, AS TO PUNITIVE DAMAGES** using the Court's CM/ECF electronic filing system, which will automatically provide notice of filing constituting service to all counsel of record.

This 3rd day of October 2025.

/s/ Jack R. Reiter