# **Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.G., <br><br> Plaintiff, <br><br> v. <br><br> NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES, <br><br> Defendant. | Civil Action File <br> No. 1:20-cv-05233-SEG |

## DECLARATION OF DANA M. RICHENS

Dana M. Richens declares and states as follows:

1. I am over 18 years of age and am competent to give this Declaration. I have personal knowledge of the information contained herein.

2. I am lead counsel for Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites ("Northbrook"), in this matter. I give this Declaration in support of Northbrook's response in opposition to "Plaintiff's Supplemental Motion Pursuant to LR54.2, NDGa for Attorney's Fees and Expenses" [Dkt. #255].

3. I am a member in good standing of the State Bar of Georgia and the Bar of this Court.

4. I am an alumna of Vanderbilt University, from which I graduated *summa cum laude* and Phi Beta Kappa in 1985. I earned my *juris doctor* from the University of Virginia School of Law in 1991.

5. Upon my graduation from law school, I joined the law firm of Smith, Gambrell & Russell, LLP, where I have practiced law for 34 years. I have a general commercial litigation practice.

6. I am currently ranked in the *USA Guide* published by Chambers and Partners, and have been for several years. I am also currently recognized by *Best Lawyers*.

7. I have previously served as the head of the firm's Atlanta Litigation Practice, where I was involved in setting billing rates for our litigation partners and associates. In addition, in the course of my practice, I am routinely exposed to the hourly rates charged by other law firms in Atlanta.

8. This case is the third matter in which I have represented a hotel defendant in a sex-trafficking action brought under the TVPRA in the Northern District of Georgia. As a result, I have experience in and an understanding of what representation of clients in such actions entails.

9. Plaintiff's counsel have indicated that this matter was the first hotel sex-trafficking case tried to a jury verdict in the United States. While I have no

2

reason to dispute that assertion, I do not agree with several of the characterizations made in the materials supporting Plaintiff's motion for fees.

10. First, I do not view the issues raised in our case as novel. Indeed, by the time they were litigated in our case, most, if not all, of the legal issues we encountered had been the subject of prior court rulings, in this district and others, that were available to all counsel as precedent and/or to otherwise serve as a resource. The one possible exception was the issue in this case of whether a hotel trafficking victim is an invitee of the subject hotel – an issue that the Court decided in favor of Northbrook.

11. I also dispute Plaintiff's assertions as to the elevated level of difficulty of the questions involved or skill required to provide the requisite legal services in matters asserting a TVPRA claim. In that regard, of the hundreds of hotel sex-trafficking lawsuits that have been filed in the United States, many of them, including in this district, are handled on the defense side by law firms that focus on insurance defense work and that accordingly bill at insurance defense rates (typically substantially lower than standard market rates).

12. Plaintiff touts that the jury verdict in the case "exceeded the last and best pre-trial offer ($500,000) by 80 times" as a factor justifying an elevated hourly attorney billing rate. While I commend Plaintiff's counsel on their successful trial outcome, the reality is that the claims in this case were the subject of an underlying

3

(and still ongoing) insurance coverage dispute, which significantly impacted settlement negotiations and any prospect of settlement.

13. I do not believe that the $900 hourly rate advanced by Plaintiff reflects a reasonable rate in this case. To the extent Ms. Mykkeltvedt advocates for such a rate, I respectfully disagree with her, including for the following reasons. First, Ms. Mykkeltvedt bases her opinion on her experience with setting fees at her law firm, Bondurant, which she herself describes as representing clients in "high-stakes" litigation. Bondurant charges premium rates for its services. Bondurant's premium rates are not "market" rates. Second, Ms. Mykkelyvedt's opinion is not an objective one. As someone who represents plaintiffs on a contingency-fee basis in TVPRA litigation, Ms. Mykkeltvedt has a vested interest in establishing $900 as a reasonable hourly rate in this case so that it can be held out as precedent for a compensable rate in other TVPRA cases.

14. Plaintiff's proposal that all partners be assigned the same billing rate is not a reasonable reflection of the market. Market rates are typically established based on level of experience, typically measured in terms of years of practice. The more years of practice, the higher the rate.

15. I believe that $650 is a reasonable hourly rate for the lead attorneys representing Plaintiff in this matter. That figure is what this Court used in awarding fees to Plaintiff on her motion for sanctions. Plaintiff's counsel proposed

that rate in conjunction with the motion for sanctions and held it out as reasonable. Northbrook did not object to it, and the Court awarded fees based on that rate. It is only logical that that rate be used again here.

16. While Plaintiff seeks fees for the insurance coverage litigation (including appeal), in my opinion those fees are not recoverable here. The issues raised and decided in the insurance coverage matter are separate and distinct from the issues raised in the instant litigation. Indeed, Northbrook and J.G. are on the same side in the declaratory judgment action – both advocating for a finding of coverage – with J.G. repeatedly adopting Northbrook's briefing.

17. I have reviewed Plaintiff's materials accompanying the Supplemental Motion, and nowhere do I see any indication that Plaintiff has accounted for (*i.e.*, omitted) any fees that would have been incurred in relation to her claim for negligence/premises liability, which was dismissed on summary judgment. Plaintiff's TVPRA claims and negligence claims did not overlap as a legal proposition. The issues at summary judgment as to the TVPRA focused on two of the four elements of a successful claim under the statute: whether Northbrook participated in a venture with Plaintiff's traffickers, and whether Northbrook knew or should have known that the venture violated the TVPRA as to Plaintiff. In contrast, the legal issues under the state-law negligence/premises liability claim focused on a) whether Plaintiff was an invitee as to Northbrook; b) whether it was

foreseeable that Plaintiff could suffer injury on the property; and c) whether Northbrook had superior knowledge of a dangerous condition on the property. The question of whether Plaintiff was an invitee on the property was an especially hard-fought issue and ultimately the issue on which the Court granted summary judgment to Northbrook as to the negligence claim. That one issue was even the subject of supplemental briefing in addition to the regular summary judgment briefing. Yet the question of Plaintiff's status as an invitee is entirely unrelated to whether Northbrook is liable to Plaintiff under the TVPRA.

18. While I do not separately address in this Declaration every issue raised in Northbrook's response to Plaintiff's Supplemental Motion, I researched and drafted Northbrook's response, and my own opinions align with and are reflected in the arguments made therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2025.

_____
Dana M. Richens