UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.G.,

      Plaintiff,

      v.

NORTHBROOK INDUSTRIES,
INC., d/b/a United Inn and Suites,

      Defendant.

CIVIL ACTION NO.

1:20-CV-5233-SEG

## O R D E R

This matter is before the Court on Defendant Northbrook Industries, Inc.'s ("Northbrook") renewed motion for judgment as a matter of law (Doc. 247), as well as Plaintiff's motion for attorney's fees and expenses (Doc. 240) and Plaintiff's supplemental motion for attorney's fees and expenses (Doc. 255.)

In its motion for judgment as a matter of law, Defendant contends, *inter alia*, that the jury's punitive damages award of $30 million is unconstitutionally excessive under the Due Process Clause and should be vacated and reduced. (Doc. 247 at 20-25.)  Plaintiff opposes any reduction of the jury's punitive damages award. (Doc. 262 at 25-30.)  The Court finds persuasive Defendant's arguments that the jury's punitive damages award is unconstitutionally excessive and it is seriously considering reducing the punitive damages award in this matter.

After the parties completed their briefing on Defendant's motion, the Eleventh Circuit issued a published opinion that extensively addresses the reduction of an unconstitutionally excessive punitive damages award. In *Edwards v. Grubbs*, the Eleventh Circuit considered a jury's verdict against a police officer for deploying his taser against a non-dangerous and unarmed plaintiff suspected of panhandling on a steep embankment, which led to the plaintiff hitting his head on a concrete platform and suffering severe injuries. *Edwards v. Grubbs*, --- F.4th ---, No. 24-12787, 2026 WL 706637, at *1 (11th Cir. Mar. 13, 2026). The jury awarded $20 million dollars in compensatory damages and $20 million in punitive damages in favor of the plaintiff and against the officer. *Id.* at *2. Despite the 1:1 ratio between compensatory and punitive damages, the district court found the punitive damages award excessive under the Due Process Clause and reduced the award to $1 million. *Id.*

The Eleventh Circuit acknowledged that it "kn[e]w of no courts that have reduced a punitive damages award below [a 1:1] ratio[,]" but nevertheless affirmed the district court's significant reduction of punitive damages. *Id.* at *10-15. In relevant part, the *Edwards* Court explained that "[t]he difficulty . . . [was] trying to figure out the maximum amount of punitive damages that a jury could have constitutionally awarded" on the record before it. *Id.* at *14.

The Court recognized that it was not "intuitively clear" that $1 million should be the constitutionally maximum award but concluded that it "need not try to figure out ourselves whether a punitive damages award of $2 million or higher would have been constitutionally permissible." *Id.* Specifically, the Eleventh Circuit found it significant that the plaintiff took "an all-or-nothing approach" by contending that "*no* reduction was appropriate" and failed to "suggest any alternative lower figure." *Id.* The *Edwards* Court emphasized the "principle of party presentation" and determined that "[i]n the absence of adversarial briefing," it would "decline to weigh the potential constitutionality of awards between $1 million and $20 million." *Id.* at \*15.

Given that *Edwards* appears to break new ground as the first Eleventh Circuit decision affirming the reduction of a punitive damages award below a 1:1 ratio, the Court considers it prudent to provide the parties with an opportunity to submit supplemental briefing addressing its applicability to the present case. Further, neither Plaintiff nor Defendant has presented any "alternative lower figure" of punitive damages that would constitute a constitutionally permissible award, should the Court find the jury's $30 million award to be excessive under the Due Process Clause. (*See* Doc. 247, 262, 267.)

Accordingly, the Court **DIRECTS** the parties to each file a supplemental brief addressing the Eleventh Circuit's analysis in *Edwards* and its

applicability to this matter. The parties' supplemental briefs are due by April 20, 2026, and each brief may not exceed 10 pages in length.

The Court hereby **STAYS** Defendant's renewed motion for judgment as a matter of law (Doc. 247) pending the parties' submission of supplemental briefing. Further, because it intends to consider Plaintiff's request for attorney's fees at the same time as Defendant's motion, the Court hereby **STAYS** Plaintiff's motion for attorney's fees and expenses (Doc. 240) and Plaintiff's supplemental motion for attorney's fees and expenses (Doc. 255) pending supplemental briefing.

**SO ORDERED**, this 30th day of March, 2026.

SARAH E. GERAGHTY
United States District Judge