# EXHIBIT 1

[Excerpts from

Trial Transcript Vol. 7, *Edwards v. Grubb*, No. 1:19-cv-2047 (N.D. Ga. Aug. 25, 2022), ECF No. 199]

THE COURT:  I think -- I'm kind of the mind to agree with Mr. Johnson, Ms. Miller.  That one paragraph is misleading in two ways:  First of all, there's nothing about Officer Grubbs' finances.  And that next sentence I think is misleading -- it's not misleading.  It's just that the three of us know you cannot assert punitive damages against a municipality.  They don't know that.  So if you read that sentence, they may think they can say, well, okay, the other defendant in this case is the City of Atlanta -- it's not there.

MS. MILLER:  Yes, Your Honor.  I would propose that we take the last sentence out, because we know that punitive damages cannot be assessed against the City.  And then we add language in that first sentence that says, "Evidence that you may hear regarding defendant Officer Grubbs' financial resources."

THE COURT:  They're not going to hear any evidence about his financial resources.  The evidence is closed.  What you and Mr. Johnson say in the closing arguments is not evidence.

MS. MILLER:  Yes, Your Honor.  I thought Mr. Johnson was saying that he would -- if punitive damages were awarded, then he would go into --

THE COURT:  No.  The way we're doing this, y'all have decided to proceed -- and I didn't argue with you -- not bifurcated; one.  Which means they're going to decide whether there's punitive damages, and they're also going to decide at the same time the amount.  If it is bifurcated, they would have first

of all decided whether punitive damages should be awarded at all, and then you would come back and present evidence on how much it should be. But since we've be proceeding this way, it's now coming back. So Mr. Johnson is not getting another chance to offer evidence.

MR. JOHNSON: So I didn't know that. So we're proceeding not only yes or no on punitive damages, but then I get to ask for an amount as well?

THE COURT: Exactly.

MR. JOHNSON: I did not know that.

THE COURT: The verdict form you-all gave me is that way. The charge you gave me is that way.

MR. JOHNSON: Okay.

THE COURT: So nobody gets to do more evidence here.

MR. JOHNSON: Understood.

THE COURT: That's why I'm saying, I think Mr. Johnson has a point, Ms. Miller, about -- there is no evidence on Officer Grubbs' financial resources. So what is your position on that sentence that says, "If you find that punitive damages should be assessed, you may consider the evidence regarding the defendant Officer Grubbs' financial resources and fix an amount of punitive to be awarded"?

MS. MILLER: Your Honor, I would just propose that we take out the portions that says, "The evidence regarding." "So if you find that punitive damages should be assessed, you may

consider defendant Officer Grubbs' financial resources in fixing the amount of punitive damages to be awarded."

MR. JOHNSON:  I object to that, Judge.

THE COURT:  There's financial resources, there is no financial information to put in there.

MR. JOHNSON:  Right.

THE COURT:  There is nothing to put in.  Mr. Johnson did not offer any evidence regarding Officer Grubbs' finances.  So to say you can take into consideration Officer Grubbs' financial resources, there is no evidence regarding his financial resources for him to determine.  They have to, basically, determine what -- how much they want to give punitive damages on their own enlightened conscious.

We need to move on, Ms. Miller.  What is your position?

MS. MILLER:  That is my position, that we take out that portion.  It is the pattern charge that we have here, and that's the position.

THE COURT:  Well, I'm going to disagree with you, because it is the pattern but the pattern charge don't say charge that's not in evidence.  And I think Mr. Johnson is right.  We have enough to definitely determine -- on page 17 it says, "If you find for the plaintiff and find the defendant Officer Grubbs acted with malice or reckless indifference to Jerry Blasingame's federally protected rights, the law allows you, in your discretion, to award plaintiff punitive damages as punishment for

So with that in mind, Jerry Blasingame being an American citizen, despite being homeless, despite being on the side of the road on 7/10, his suffering, his disability, his internment, his torture living in his own body every day is not worth one cent less from anybody else, a rich doctor from Buckhead or anybody else.  It's the same suffering that cannot be discounted.

As it relates to the four years and almost four months since this occurrence, I'm asking you to give Jerry Blasingame $10 million a year for the last four years.

And then you have his life expectancy, just like Dr. Thompson's table, through either '83 or the eight years from last year is what Dr. Miller said, you folks get to determine that. But give him money for each year.  And I'm asking you to give him $10 million for each of those years that he has to live in his vegetative-type state in the bed, in a diaper, with a trach tube and a feeding tube, having to have nurses change his diapers and roll him over.  You-all saw it.  You-all know.  I'm asking you to give him $10 million for each one of those years that you decide that he's going to live.

Then it comes time to answer the question on punitive damages.  Punitive damages are to punish.  The judge will tell you-all about that and what has to be proven.  And if there is one thing in reckless indifference to this particular case, I believe to be ill motive, reckless indifference, and at the very least the taser should have never been used -- Tiderington and Scott told

you over and over and over and over again and he did it anyway and then engaged in behavior after that.  And he got rid of the thing that would have been the best evidence of his use of excessive force, that camera, by pushing the button after the fact and deleting that buffering.

So to punish that bad behavior -- and part of punishment is to deter future bad behavior -- it needs to hurt.  I'm asking you for $50 million against Officer Grubbs.  Make sure he knows you can't get away with this ever again -- not just him, but anybody who claims to be a law enforcement officer whose job it was to protect and serve Jerry Blasingame.

You were also asked about compensatory damages for the City.  We believe the evidence has shown that the City engaged in the poor training and supervision, as well as the custom, practice, and habit.  And separate damages, folks.  They're separate.  So for the City, I'm asking you to award the same damages.

The judge will read you -- again, the judge will instruct you on the law.  He will tell you you have to treat the City the same as you would a person.  And it goes the other way.  You have to treat Grubbs the way you would treat the City.  Everyone under the law is the same.  So we're not going to give them a break and share it between the two of them.  That's not how it works.  They have independent damages.  So when it comes to the compensatory damages -- not punitive as to the City, you'll not