UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.G.,

     Plaintiff,

v.

NORTHBROOK INDUSTRIES, INC.
D/B/A UNITED INN AND SUITES,

     Defendant.

CIVIL ACTION FILE

NO. 1:20-cv-5233-SEG

## MOTION FOR HEARING

Plaintiff J.G. asks for a hearing on United Inn's renewed motion for judgment as a matter of law (Doc. 247). A hearing would have two principal upsides.

*One.* United Inn challenges the legal sufficiency of J.G.'s evidence of its TVPRA liability under 18 U.S.C. § 1595(a). *See* Doc. 247 at 3–10. The Court is familiar with United Inn's arguments and why they are unavailing (having denied both its motions for summary judgment and original motion for judgment as a matter of law). In March 2026, after United Inn filed its motion, the Eleventh Circuit decided another major TVPRA case: *A.G. v. Northbrook Industries, Inc.*, 171 F.4th 1257 (11th Cir. 2026). *Northbrook* makes clear that United Inn's view of the TVPRA civil-liability statute is wrong. (That appeal concerns TVPRA cases brought by two more children sex trafficked at United Inn). *Northbrook* also significantly clarifies the elements of TVPRA civil-beneficiary claims—an area of confusion that began

with dicta in *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021). A hearing will enable the parties to address *Northbrook*'s effect on United Inn's motion.

*Two.* United Inn also brings two challenges to the punitive-damages verdict. The first concerns the availability of punitive damages under § 1595. *See* Doc. 247 at 10–19. The Court already rejected that argument. Doc. 218. And after United Inn filed its motion, the Second Circuit joined the Ninth and Tenth Circuits in holding that punitive damages are available for TVPRA claims. *See Moore v. Rubin*, 160 F.4th 271, 299 (2d Cir. 2025) ("Every other circuit to consider the issue has agreed that the TVP[R]A authorizes punitive damages. . . . We hold that punitive damages are available under the TVP[R]A." (citation modified)). A hearing would enable the parties to clear up any questions unanswered by those cases.

The second challenge to the jury's punitive-damages verdict focuses on whether the amount is constitutionally excessive. Doc. 247 at 19–24. After the Eleventh Circuit's decision in *Edwards v. Grubbs*, 169 F.4th 1261 (11th Cir. 2026), the Court requested supplemental briefing on this issue. Doc. 277. And the parties have done so. Docs. 282 & 283. Given that the Court has said that it "finds persuasive Defendant's arguments that the jury's punitive damages award is unconstitutionally excessive and it is seriously considering reducing the punitive damages award in this matter," Doc. 277 at 1, a hearing would assist the Court in resolving United Inn's constitutional challenge. That is especially true because, three weeks after *Edwards*,

the Eleventh Circuit decided *Faulk v. Dimerco Express USA Corp.* In affirming a 7.69-to-1 ratio, the Circuit noted that it "has never held a single-digit ratio unconstitutionally excessive when a defendant's conduct involved a high degree of reprehensibility." --- F.4th ----, 2026 WL 936026, at *15 (11th Cir. 2026).

Whether United Inn's misconduct—knowingly benefiting financially with actual or constructive knowledge that J.G., then a child, would be sold for sex at its hotel—exhibits a high degree of reprehensibility is a fact-based question that the Court must decide in ruling on United Inn's constitutional challenge. *See Edwards*, 169 F.4th at 1282–83. A hearing would help the Court consider this and other important questions bearing on why the jury's $30 million punitive-damages verdict against United Inn is constitutional.

For these reasons, J.G. asks that the Court hold a hearing on United Inn's JMOL motion—even if limited to the constitutional-excessiveness challenge—at the Court's convenience.

*—signatures appear on the next page—*

3

Respectfully submitted on April 28, 2026.

ANDERSEN, TATE & CARR, P.C.


/s/ Rory A. Weeks
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, GA 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile


FINCH McCRANIE, LLP

DAVID H. BOUCHARD
david@finchmccranie.com
Georgia Bar No. 712859
OTO U. EKPO
oto@finchmccranie.com
Georgia Bar No. 327088

229 Peachtree Street, NE
Suite 2500
Atlanta, GA 30303
(404) 658-9070 | Telephone
(404) 688-0649 | Facsimile


*Attorneys for Plaintiff*

4

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, GA 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile