UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

Case No. 1:20-cv-05233-SEG

J.G.,

       Plaintiff,

v.

NORTHBROOK INDUSTRIES,
INC., d/b/a UNITED INN AND
SUITES,

       Defendant.

**DEFENDANT NORTHBROOK INDUSTRIES, INC.'S
<u>RESPONSE TO PLAINTIFF'S MOTION FOR HEARING</u>**

Defendant Northbrook Industries, Inc. responds to Plaintiff's Motion for

Hearing [Doc. 284], and states as follows:

Northbrook joins in Plaintiff's request to set Northbrook's Renewed

Motion for Judgment as a Matter of Law [Doc. 247] for oral argument. Layered

within Plaintiff's motion, however, is argument already established in both her

Response in Opposition to Defendant's Renewed Motion for Judgment as a

Matter of Law [Doc. 262] and her Supplemental Brief on Constitutionality of

Punitive Damages Imposed on United Inn [Doc. 283]. Granting oral argument

on this matter would afford Northbrook the opportunity to address in more

exacting detail the weaknesses of Plaintiff's positions.

This Court has noted that it "finds persuasive Defendant's arguments that the jury's punitive damages award is unconstitutionally excessive and it is seriously considering reducing the punitive damages award." [Doc. 277, at 1.] This is based on its reading of *Edwards v. Grubbs*, 169 F.4th 1261 (11th Cir. 2026). Northbrook anticipates that Plaintiff will rely extensively on *Faulk v. Dimerco Express USA Corp.*, 172 F.4th 844 (11th Cir. 2026), regarding the constitutionality of the punitive damages award because that decision focuses exclusively on the reprehensibility-assessment factors. At oral argument, Northbrook welcomes the opportunity to explain how *Edwards*—the case that guided supplemental briefing in this action—defeats the arguments advanced by Plaintiff—particularly when considering the compensatory damages in *Faulk* were $390,000 and the punitive damages were $3 million. The numbers pale in comparison to the $10 million and $30 million, respectively, in this case. Moreover, Northbrook will address through argument that Plaintiff continues to improperly conflate the heinous actions *by the traffickers* and the passive conduct *by the United Inn*. This distinction is critical to resolving the unconstitutionality of the egregious punitive damages award in this action.

For the foregoing reasons, Northbrook respectfully joins Plaintiff's request for oral argument on Northbrook's Renewed Motion for Judgment as a Matter of Law [Doc. 247].

Respectfully submitted,


/s/ *Jack R. Reiter*
Dana M. Richens
Georgia Bar No. 604429
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE,
Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 815-3659
Facsimile: (404) 685-6959
drichens@sgrlaw.com

Jack R. Reiter
Florida Bar No. 0028304
GRAYROBINSON, P.A.
333 SE Second Avenue,
Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
jack.reiter@gray-robinson.com
*ADMITTED PRO HAC VICE*

Attorneys for Defendant Northbrook
Industries, Inc., d/b/a United Inn and
Suites

## CERTIFICATE OF COMPLIANCE WITH LR 7.1(D)

I hereby certify that the foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR HEARING** has been prepared with a typeface and point selection approved by the Court in LR 5.1, NDGA.  Specifically, the above-mentioned pleading was prepared using Century Schoolbook typeface in 13-point font size.

/s/ Jack R. Reiter

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date filed the within and foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR HEARING** using the Court's CM/ECF electronic filing system, which will automatically provide notice of filing constituting service to all counsel of record.

This 11th day of May 2026.

/s/ Jack R. Reiter