**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

———————————————

No. 25-12276
Non-Argument Calendar

———————————————

J.G.,

*Plaintiff-Appellee,*

*versus*

NORTHBROOK INDUSTRIES, INC.,
   d.b.a. United Inn and Suites,

*Defendant,*

NORTHFIELD INSURANCE COMPANY,

*Interested Party-Appellant.*

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-05233-SEG

———————————————

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Northfield Insurance Company ("Northfield") appeals the district court's denial of its motion to intervene in a civil action (the "Liability Lawsuit") brought by Plaintiff J.G. against Northfield's insured, Northbrook Industries, Inc. d/b/a United Inn & Suites ("United Inn"). J.G.'s complaint alleged violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), but this appeal does not concern the merits of J.G.'s TVPRA claims. Instead, the only question before us is whether Northfield waited too long to seek to intervene in the lawsuit J.G. brought against United Inn. After careful review, we answer that question in the affirmative, and dismiss the appeal.

**I.**

In December 2020, Plaintiff J.G. filed the instant Liability Lawsuit against Defendant United Inn in the United States District Court for the Northern District of Georgia under the TVPRA.[1] She alleged that from 2018 to 2019 she was trafficked for sex as a minor in Decatur, Georgia, at a hotel owned and operated by United Inn. She further said that United Inn "knew or should have known" that she was trafficked on its premises and that it had "participated in, facilitated, condoned, or ignored the sex trafficking" in violation of

---

[1] The TVPRA allows "[a]n individual who is a victim of a violation of this chapter [to] bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." 18 U.S.C. § 1595(a).

the TVPRA. J.G. did not name Northfield as a defendant in the Liability Lawsuit.

At the time of the alleged TVPRA violations, United Inn was insured by a commercial insurance policy issued by Northfield (the "Policy"). On April 1, 2021, Northfield issued a letter to United Inn explaining that it would provide it a defense in the Liability Lawsuit under "a full and complete" reservation of rights, but the letter also included nearly ten pages detailing the potential coverage issues concerning J.G.'s claims. Northfield's letter explained its belief that some or all of J.G.'s claims may not be covered or might otherwise be excluded under the Policy. Nevertheless, consistent with its April 2021 letter, Northfield provided United Inn a defense in the Liability Lawsuit under a reservation of rights.

Over two years later, in August 2023, Northfield filed a separate action in the United States District Court for the Northern District of Georgia seeking a declaratory judgment as to its duties to defend or indemnify United Inn (the "Coverage Lawsuit"). Northfield argued it did not owe duties to defend or indemnify United Inn because J.G.'s claims did not fall within the Policy's terms, or alternatively, the claims fell within the Policy's exclusions. In September 2023, United Inn and J.G. jointly moved to dismiss Northfield's Coverage Lawsuit for failure to state a claim.

In September 2024, the district court granted in part United Inn and J.G.'s motion to dismiss Northfield's claims in the Coverage Lawsuit. The court concluded that Northfield owed United Inn a duty to defend because some of J.G.'s claims could be covered

under the Policy and did not otherwise fall into the Policy's exclusions. But because the Liability Lawsuit remained ongoing, the court concluded that the issue of whether Northfield had a duty to indemnify was not yet ripe for adjudication. Northfield appealed. Another panel of this Court held that the district court had not issued a final appealable decision on Northfield's duty to defend United Inn, and dismissed the appeal for want of jurisdiction. *Northfield Ins. Co. v. N. Brook Indus., Inc.*, --- F.4th ----, No. 24-13333, 2026 WL 1453206 (11th Cir. May 22, 2026).

In December 2024, Northfield moved for leave to intervene in the instant Liability Lawsuit for the limited purpose of submitting special interrogatories at trial, which was, at the time, scheduled to begin in April 2025.[2] Northfield argued that it had a right to intervene in the Liability Lawsuit under Federal Rule of Civil Procedure 24(a) because it had a legally-protectable interest in the outcome of the trial that was not being adequately protected by the existing parties.[3] Specifically, Northfield argued that a general verdict would not differentiate between covered and non-covered claims under the Policy, and that special interrogatories about its obligation to indemnify United Inn could help resolve the Coverage Dispute. Northfield, however, neither submitted the special

---

[2] The matter ultimately proceeded to trial by jury in July 2025.

[3] Northfield also moved to intervene under Federal Rule of Civil Procedure 24(b), which allows for permissive intervention at the discretion of the trial court. The district court declined to allow leave for permissive intervention. Northfield does not appeal that part of the district court's order.

interrogatories it sought to propose nor offered any further detail on their wording or substance.

J.G. opposed Northfield's motion to intervene, arguing, in relevant part, that the special interrogatories would impermissibly and unjustly expand her burden of proof at trial beyond the elements of the TVPRA claims she raised. United Inn did not respond to Northfield's motion.

The district court denied Northfield's motion to intervene. It first found that the motion was untimely. The court explained that Northfield knew of its interest in the case since at least April 1, 2021, when it first issued its reservation of rights letter to United Inn. Despite Northfield's knowledge that the outcome of the Liability Lawsuit could affect the pending coverage dispute, it did not move to intervene for over three and a half years. The court also held that, notwithstanding the motion's untimeliness, Northfield failed to establish a right to intervene under Rule 24(a)(2).

Northfield timely appealed the district court's denial of its motion to intervene. While this appeal was pending, J.G.'s TVPRA claims against United Inn proceeded to trial in the Liability Lawsuit, and, after a four-day trial, the jury returned a verdict in favor of J.G. United Inn has since moved the district court for judgment as a matter of law, and its motion remains pending.

## II.

Before proceeding to the merits of Northfield's appeal, we are required to consider whether we have appellate jurisdiction

over the matter.  *Aguirre v. Seminole Cnty.*, 158 F.4th 1276, 1291 (11th Cir. 2025) ("Without jurisdiction the court cannot proceed at all in any cause." (citation modified)).  J.G. argues that we do not have jurisdiction because Northfield moved to intervene solely to pose special interrogatories at trial -- a trial that has concluded -- so the case is moot and our Court can no longer grant meaningful relief to either party.  *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (citation modified)).

However, we are satisfied that Northfield's appeal is not moot because it remains possible for us to render a judgment that would affect the legal relationship between the parties.  Thus, for example, if we were to determine that the district court erred in denying Northfield's motion to intervene, Northfield could participate in post-trial proceedings.  *See, e.g.*, *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1511 n.3 (11th Cir. 1996) (appeal on denial of motion to intervene not moot where settlement was reached because the proposed intervenor could appeal the settlement agreement if granted leave to intervene); *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1303 (11th Cir. 2000) (appeal of denial of a motion to intervene was not moot even where the underlying workers' compensation claim had concluded because further review and modification of the order was possible).  Accordingly, we conclude that Northfield's appeal did not become moot when the Liability Lawsuit proceeded to trial.

25-12276               Opinion of the Court                    7

### III.

We review a district court's denial of a motion to intervene as of right de novo, except as to the court's decision on timeliness, which we review only for abuse of discretion. *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294–95 (11th Cir. 2017) (citation modified); *see also NAACP v. New York*, 413 U.S. 345, 366 (1973) (timeliness "is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review").

Under Rule 24(a), timeliness is a threshold matter and "[i]f [the motion] is untimely, intervention must be denied." *NAACP*, 413 U.S. at 365; FED. R. CIV. P. 24(a) (requiring that, "[o]n timely motion, the court must permit anyone to intervene" if the party also meets the requirements under subsections (a)(1) or (2)). But timeliness is "not a word of exactitude or of precisely measurable dimensions" and a timeliness analysis "must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989) (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).[4] Under the law of this Circuit, the timeliness of a motion to intervene is evaluated in light of the following factors:

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981. *Id.* at 1209.

(1) [T]he length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson Cnty.*, 720 F.2d 1511, 1516 (11th Cir. 1983).

Only after determining that the motion is timely is the district court required to assess whether the moving party has a right to intervene under Rule 24(a)(2). *Chiles*, 865 F.2d at 1213. In answering that question, the court considers the party's interest, the disposition of the lawsuit's effect on its ability to protect that interest, and whether the party's interest is adequately represented by existing parties to the action. *Id.* If we conclude the district court properly denied a motion to intervene, we must dismiss the appeal as moot because "the proper denial of leave to intervene is not a final decision." *Id.* at 1212 (citation modified).

Northfield advances three arguments on appeal: first, the district court abused its discretion by *sua sponte* addressing timeliness when no party raised the issue; second, its motion to intervene was timely; and, third, it satisfied the requirements for intervention as of right under Rule 24(a)(2). We disagree and find the district

court acted well within its discretion in denying Northfield's untimely motion to intervene.

For starters, the district court did not abuse its discretion in evaluating *sua sponte* the timeliness of Northfield's motion. The plain language of Rule 24(a) requires that a motion to intervene be timely and, moreover, a putative intervenor bears the burden of establishing each of the Rule 24(a) factors, including timeliness. *Chiles*, 865 F.2d at 1213. Because Northfield bore the burden of proving timeliness, it was incumbent upon Northfield to establish that factor, and the district court acted well within its discretion to examine whether the motion was timely under Rule 24's threshold requirement.[5]

Nor did the district court abuse its discretion in finding the motion was untimely. Indeed, the record reveals that Northfield waited an unreasonable length of time before seeking leave to intervene. J.G. first initiated the Liability Lawsuit in December 2020, and Northfield's motion to intervene was filed nearly four years later, in December 2024. Even if Northfield did not reasonably know of the action immediately after J.G.'s complaint was filed, there is no dispute that Northfield became aware of the Liability

---

[5] The authority Northfield cites does not suggest otherwise. *See Michaels v. Sasser's Glass Works, Inc.*, 662 F. Supp. 3d 1223, 1240 (S.D. Fla. 2023) (quoting *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc)). That decision addresses the distinct question of whether a party sufficiently develops an argument on appeal, and in no way limits a district court's ability to evaluate the elements governing a motion properly before it.

Lawsuit, at the latest, in April 2021, when it issued its reservation of rights letter to United Inn.  The district court acted well within its discretion in concluding that Northfield's delay of at least three and a half years weighed against the motion's timeliness.

We are similarly unpersuaded by Northfield's claim that it moved to intervene promptly after realizing that its interests required protection -- which, it says, did not occur until September 2024, when the district court ordered in the related Coverage Lawsuit that Northfield had a duty to defend United Inn.  However, Northfield's own reservation of rights letter, issued in 2021, extensively detailed the numerous coverage conflicts that could potentially arise out of J.G.'s allegations.  Northfield's subsequent filing of its Coverage Lawsuit in August 2023 further underscored its awareness that coverage questions could turn on facts developed in the Liability Lawsuit.  Moreover, Northfield offers no explanation why it needed to await a ruling in the Coverage Lawsuit before becoming aware of its interest in the Liability Lawsuit, and offers no caselaw where a delay as extensive as this was excused.  The court did not abuse its discretion in finding a substantial and unjustified delay for purposes of the timeliness factor.

As for the extent of prejudice to the existing parties as a result of the putative intervenor's delay, the district court reasonably determined that permitting intervention at that late stage of litigation would prejudice J.G.  By the time Northfield moved to intervene, discovery had closed, the court had resolved a summary judgment motion, and trial was set to begin in four months.  To

the extent Northfield characterized its request as limited, the proposed intervention had the potential to inject new, coverage-focused factual issues for which J.G. had no meaningful opportunity to prepare. The potential prejudice to J.G. was further compounded by Northfield's failure to submit proposed special interrogatories in support of its motion; a failure that also limited the trial court's ability to assess the scope of the requested intervention. The district court acted within its discretion in concluding that the prejudice-to-existing-parties factor weighed against timeliness.

In addition, Northfield was unlikely to be substantially prejudiced by a denial of intervention. While Northfield would be unable to pose coverage-related questions directly to the jury, United Inn remained fully incentivized to defend against liability, and Northfield itself had engaged counsel for United Inn for that very purpose. Even still today, Northfield continues to have the opportunity to litigate its position concerning the coverage disputes in the separate, and ongoing, Coverage Lawsuit. Balancing these considerations, the court acted within its discretion in concluding that any prejudice to Northfield did not outweigh the substantial delay and prejudice to J.G.

Finally, the district court identified no unusual circumstances militating in favor of a finding that Northfield's motion was timely. In fact, Northfield pointed to no special circumstances in its briefing in district court and does not point to any on appeal.

Considering the relevant factors -- all of which cut against Northfield -- the district court did not abuse its discretion in concluding that the motion to intervene was untimely.  And because an untimely motion to intervene must be denied, *NAACP*, 413 U.S. at 365, the district court did not abuse its discretion in denying Northfield's motion.  Accordingly, we find no occasion to review whether Northfield had a right to intervene under the additional factors outlined in Rule 24(a)(2) and must dismiss the appeal for want of jurisdiction. *Chiles*, 865 F.2d at 1213.

**DISMISSED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 11, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  25-12276-EE
Case Style:  J.G. v. Northfield Insurance Company
District Court Docket No:  1:20-cv-05233-SEG

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion